# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| ART VAN FURNITURE, LLC | ) | Case No. 20-10553 (___) |
| Debtor. | ) | |
| Tax I.D. No. 38-1749205 | ) | |
| In re: | ) | Chapter 11 |
| AVF HOLDING COMPANY, INC., | ) | Case No. 20-10554 (___) |
| Debtor. | ) | |
| Tax I.D. No. 81-4960291 | ) | |
| In re: | ) | Chapter 11 |
| AVCE, LLC, | ) | Case No. 20-10555 (___) |
| Debtor. | ) | |
| Tax I.D. No. 26-1292509 | ) | |
| In re: | ) | Chapter 11 |
| AVF HOLDINGS I, LLC, | ) | Case No. 20-10556 (___) |
| Debtor. | ) | |
| Tax I.D. No. 61-1812537 | ) | |
| In re: | ) | Chapter 11 |
| AVF HOLDINGS II, LLC, | ) | Case No. 20-10557 (___) |
| Debtor. | ) | |
| Tax I.D. No. 81-5107472 | ) | |

13165238 v2

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| AVF PARENT, LLC, | ) Case No. 20-10558 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 35-2583451 | ) |
| In re: | ) Chapter 11 |
| | ) |
| LEVIN PARENT, LLC, | ) Case No. 20-10559 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 82-3148052 | ) |
| In re: | ) Chapter 11 |
| | ) |
| ART VAN FURNITURE OF CANADA, LLC, | ) Case No. 20-10560 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 98-1339491 | ) |
| In re: | ) Chapter 11 |
| | ) |
| AV PURE SLEEP FRANCHISING, LLC, | ) Case No. 20-10561 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4868968 | ) |
| In re: | ) Chapter 11 |
| | ) |
| AVF FRANCHISING, LLC, | ) Case No. 20-10562 (___) |
| | ) |
| Debtor. | ) |
| | ) |
| Tax I.D. No. 45-4806325 | ) |

| | |
|---|---|
| In re: | ) Chapter 11 |
| LF TRUCKING, INC., | ) Case No. 20-10563 (___) |
| Debtor. | ) |
| Tax I.D. No. 20-8261484 | ) |
| In re: | ) Chapter 11 |
| SAM LEVIN, INC., | ) Case No. 20-10564 (___) |
| Debtor. | ) |
| Tax I.D. No. 25-1075198 | ) |
| In re: | ) Chapter 11 |
| COMFORT MATTRESS, LLC, | ) Case No. 20-10565 (___) |
| Debtor. | ) |
| Tax I.D. No. 38-2354463 | ) |

**DEBTORS' MOTION FOR ENTRY OF
AN ORDER (I) DIRECTING JOINT ADMINISTRATION OF
CHAPTER 11 CASES, AND (II) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1.  The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto: (a) directing procedural consolidation and joint administration of these chapter 11 cases, and (b) granting related relief. The Debtors request that one file and one docket be maintained for all of the jointly administered cases under the case of Art Van Furniture, LLC and that the cases be administered under a consolidated caption, as follows:

3

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) | Case No. 20-10553 (___) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

2.  The Debtors further request that this Court as defined herein order that the foregoing caption satisfies the requirements set forth in section 342(c)(1) of the Bankruptcy Code.

3.  The Debtors also request that a docket entry, substantially similar to the following, be entered on the docket of each of the Debtors other than Art Van Furniture, LLC to reflect the joint administration of these chapter 11 cases:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the District of Delaware directing joint administration for procedural purposes only of the chapter 11 cases of: Art Van Furniture, LLC, Case No. 20-10553(___); AVF Holding Company, Inc. , Case No. 20-10554 (___); AVCE, LLC, Case No. 20-10555 (___); AVF Holdings I, LLC, Case No. 20-10556 (___);AVF Holdings II, LLC, Case No. 20-10557 (___); AVF Parent, LLC, Case No. 20-10558 (___); Levin Parent, LLC, Case No. 20-10559 (___); Art Van Furniture of Canada, LLC, Case No. 20-10560 (___); AV Pure Sleep Franchising, LLC, Case No. 20-10561 (___); AVF Franchising, LLC, Case No. 20-10562 (___); LF Trucking, Inc. , Case No. 20-10563 (___); Sam Levin, Inc., Case No. 20-10564 (___) and Comfort Mattress LLC, Case No. 20-10565

(___); The docket in Case No. 20-10533 should be consulted for all matters affecting this case.

**Jurisdiction and Venue**

4. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012.  The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The bases for the relief requested herein are section 105(a) of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1015(b), 2002, 6004, 6006, and 6007, and Bankruptcy Local Rules 1015-1, 2002-1 and 9013-1.

**Background**

7. The Debtors operate 169 locations, including 92 furniture and mattress showrooms and 77 freestanding mattress and specialty locations.  The Debtors do business under brand names, including Art Van Furniture, Pure Sleep, Scott Shuptrine Interiors, Levin Furniture, Levin Mattress, and Wolf Furniture.  The Debtors were founded in 1959 and was owned by its founder, Art Van Elslander, until it was sold to funds affiliated with Thomas H. Lee Partners, L.P. ("THL") in March 2017.  Pennsylvania based Levin Furniture and Wolf Furniture

were acquired by Art Van in November 2017. As of the Petition Date (as defined below), the Debtors operate stores throughout Michigan, Indiana, Ohio, Illinois, Pennsylvania, Maryland, Missouri, and Virginia. The Debtors are headquartered in Warren, Michigan and have approximately 4,500 employees as of the Petition Date (as defined below).

8. On March 8, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David Ladd, Executive Vice President and Chief Financial Offer of Art Van Furniture, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein. The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## Basis for Relief

9. Bankruptcy Rule 1015(b) provides, in pertinent part, that "[i]f . . . two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015. The twelve Debtor entities that commenced chapter 11 cases are "affiliates" as that term is defined in section 101(2) of the Bankruptcy Code. Accordingly, the Bankruptcy Code and Bankruptcy Rules authorize the Court to grant the relief requested herein.

13165238 v2

10. Further, Local Rule 1015-1 provides additional authority for the Court to order joint administration of these chapter 11 cases:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration, or verification, which establishes that the joint administration of two or more cases pending in the Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes only and shall not cause a "substantive" consolidation of the respective debtors' estates.

Del. Bankr. L.R. 1015-1.

11. Joint administration is generally non-controversial, and courts in this jurisdiction routinely order joint administration in cases with multiple related debtors. *See*, *e.g.*, *In re Clover Techs. Grp., LLC*, No. 19-12680 (KBO) (Bankr. D. Del. Dec. 18, 2019) (directing joint administration of chapter 11 cases); *In re Anna Holdings, Inc.*, No. 19-12551 (CSS) (Bankr. D. Del. Dec. 3, 2019) (same); *In re Destination Maternity Corporation*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (same); *In re Forever 21, Inc*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (same); *In re Blackhawk Mining LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Jul. 22, 2019) (same).[2]

12. Given the integrated nature of the Debtors' operations, and that each of the Debtors are liable for the Debtors' funded debt, joint administration of these chapter 11 cases will provide significant administrative convenience without harming the substantive rights of any party in interest. Many of the motions, hearings, and orders in these chapter 11 cases will affect

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

each Debtor entity.  The entry of an order directing joint administration of these chapter 11 cases will reduce fees and costs by avoiding duplicative filings and objections.  Joint administration will also allow the United States Trustee for the District of Delaware and all parties in interest to monitor these chapter 11 cases with greater ease and efficiency.

13. Moreover, joint administration will not adversely affect the Debtors' respective constituencies because this motion seeks only administrative, not substantive, consolidation of the Debtors' estates.  Parties in interest will not be harmed by the relief requested; instead, parties in interest will benefit from the cost reductions associated with the joint administration of these chapter 11 cases.  Accordingly, the Debtors submit that the joint administration of these chapter 11 cases is in the best interests of their estates, their creditors, and all other parties in interest.

## Notice

14. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances.  Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the United States Securities and Exchange Commission; (g) the state attorneys general for states in which the Debtors conduct business; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002.  The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

13165238 v2

**<u>No Prior Request</u>**

15. No prior request for the relief sought in this motion has been made to this or any other court.

[*Remainder of page intentionally left blank*]

13165238 v2

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, granting the relief requested in this Motion and granting such other and further relief as is appropriate under the circumstances.

| | |
|---|---|
| Dated: March 8, 2020<br>Wilmington, Delaware | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**<br><br>  */s/ Gregory W. Werkheiser*  <br>Gregory W. Werkheiser (DE No. 3553)<br>Michael J. Barrie (DE No. 4684)<br>Jennifer Hoover (DE No. 5111)<br>Kevin Capuzzi (DE No. 5462)<br>John C. Gentile (DE No. 6159)<br>222 Delaware Avenue, Suite 801<br>Wilmington, DE 19801<br>Telephone: (302) 442-7010<br>Facsimile: (302) 442-7012<br>E-mail: gwerkheiser@beneschlaw.com<br>          mbarrie@beneschlaw.com<br>          jhoover@beneschlaw.com<br>          kcapuzzi@beneschlaw.com<br>          jgentile@beneschlaw.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |

13165238 v2