**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) ) | Case No. 20-10553 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER (A) AUTHORIZING THE
DEBTORS TO (I) FILE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING
A SEPARATE MAILING MATRIX FOR EACH DEBTOR,
(II) FILE A CONSOLIDATED LIST OF THE DEBTORS'
THIRTY LARGEST UNSECURED CREDITORS, AND (III) REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL
CREDITORS AND INTEREST HOLDERS AND (B) GRANTING RELATED RELIEF**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**: (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors, and (iii) redact certain personally identifiable information for individual creditors and interest holders; and (b) granting related relief.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

13165526 v1

**Jurisdiction and Venue**

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are sections 105(a), 107(c), 342(a), and 521 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rules 1007, 2002, and 9013-1, and Bankruptcy Local Rules 1001-1(c), 1007-2, 2002-1, and 9013-1(m).

**Background**

5.  The Debtors operate 169 locations, including 92 furniture and mattress showrooms and 77 freestanding mattress and specialty locations. The Debtors do business under brand names, including Art Van Furniture, Pure Sleep, Scott Shuptrine Interiors, Levin Furniture, Levin Mattress, and Wolf Furniture. The Debtors were founded in 1959 and was owned by its founder, Art Van Elslander, until it was sold to funds affiliated with Thomas H. Lee Partners, L.P. ("THL") in March 2017. Pennsylvania based Levin Furniture and Wolf Furniture were acquired by Art Van in November 2017. As of the Petition Date (as defined below), the Debtors operate stores

13165526 v1

throughout Michigan, Indiana, Ohio, Illinois, Pennsylvania, Maryland, Missouri, and Virginia. The Debtors are headquartered in Warren, Michigan and have approximately 4,500 employees as of the Petition Date (as defined below).

6. On March 8, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David Ladd, Executive Vice President and Chief Financial Offer of Art Van Furniture, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein. Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b). The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

## Basis for Relief Requested

I. **Cause Exists to Authorize the Debtors to Prepare a List of Creditors in Lieu of Submitting a Formatted Mailing Matrix.**

7. Section 521(a) of the Bankruptcy Code, Bankruptcy Rule 1007(a)(1) and Local Rule 1007-2(a) (collectively, the "Notice Rules") require a debtor in a voluntary chapter 11 case to file a list containing the name and complete address of each creditor. In addition, Bankruptcy Rule 1007(d) requires a debtor to file a list containing the name, address, and claim of the creditors holding the twenty largest unsecured claims against the debtor.

8. Local Rule 2002-1(f)(v) requires each debtor, or its duly retained agent, in jointly administered cases to maintain a separate creditor mailing matrix. Local Rule 1001-1(c) permits modification of the Local Rules by the Court "in the interests of justice." Permitting the Debtors to maintain a consolidated list of their creditors (the "Creditor Matrix") in electronic format only, in lieu of filing a creditor matrix, is warranted under the circumstances of these cases. Because the Debtors have many thousands of creditors and other parties in interest, converting the Debtors' computerized information to a format compatible with the matrix requirement would be a burdensome task and would greatly increase the risk of error with respect to information already on computer systems maintain by the Debtors or their agents. For this reason, the courts in this jurisdiction have granted relief similar to the relief requested herein. *See, e.g., In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing filing of consolidated list of creditors in lieu of separate mailing materials); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (same); *In re Blackhawk Mining, LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Aug. 9, 2019) (same); *In re PES Holdings, LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (same); *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr. D. Del. Apr. 9, 2019) (same).[2]

9. The Debtors, working together with Kurtzman Carson Consultants LLC as their claims and noticing agent in these chapter 11 cases (the "Proposed Claims and Noticing Agent"),[3]

---

[2] Because of the voluminous nature of the orders cited herein, such orders have not been attached to this motion. Copies of these orders are available upon request to the Debtors' proposed counsel.

[3] The request to retain the Proposed Claims and Noticing Agent is made pursuant to section 156(c) of title 28 of the United States Code, which empowers the Court to use outside facilities or services pertaining to the provision of notice of the administrative information to parties in interest so long as the costs of the services are paid for out of the assets of the estate. *See* 28 U.S.C. § 156(c); *see also Debtors' Application for Entry of an Order Appointing Kurtzman Carson Consultants LLC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date*.

have already proposed a single, consolidated list of the Debtors' creditors in electronic format (the "Creditor Matrix"). The Debtors will make the Creditor Matrix available in electronic form to any party in interest who so requests (or in non-electronic form at such requesting party's sole cost and expense) in lieu of submitting a mailing matrix to the clerk of the Court.

II. **Cause Exists to Authorize the Debtors to File a Single Consolidated List of the Debtors' Thirty Largest Unsecured Creditors.**

10. Bankruptcy Rule 1007(d) provides that a debtor shall file "a list containing the name, address, and claim of the creditors that hold the 20 largest unsecured claims, excluding insiders." Because the Debtors operate as a single business enterprise and certain of the Debtors share many creditors, the Debtors request authority to file a single, consolidated list of their thirty largest unsecured creditors.

11. Compiling separate top twenty creditor lists for each individual Debtor would consume a substantial amount of the Debtors' time and resources. Further, the Debtors believe a single, consolidated list of the Debtors' thirty largest unsecured, non-insider creditors will aid the United States Trustee for the District of Delaware (the "U.S. Trustee") in its efforts to communicate with these creditors. Accordingly, the Debtors submit that filing a single consolidated list of the thirty largest unsecured creditors in these chapter 11 cases is appropriate.

12. Courts in this jurisdiction have approved relief similar to the relief requested herein with respect to filing a single consolidated list of the largest unsecured creditors of a debtor and its debtor affiliates. *See, e.g., In re Destination Maternity Corp.*, No. 19-12256 (BLS) (Bankr. D. Del. Oct. 22, 2019) (authorizing a consolidated top fifty general unsecured creditors list); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (authorizing a consolidated top thirty general unsecured creditors list); *In re Blackhawk Mining, LLC*, No. 19-11595 (LSS) (Bankr. D. Del. Aug. 9, 2019) (permitting a consolidated list of creditors); *In re PES Holdings,*

5

13165526 v1

*LLC*, No. 19-11626 (KG) (Bankr. D. Del. July 23, 2019) (same); *In re Z Gallerie, LLC*, No. 19-10488 (LSS) (Bankr. D. Del. Apr. 9, 2019) (same).

### III. Cause Exists to Redact Certain Personally Identifiable Information for Individual Creditors or Interest Holders.

13. Section 107(c) of the Bankruptcy Code provides that the Court "for cause, may protect an individual, with respect to the following types of information to the extent the court finds that disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual[:]…[a]ny means of identification…contained in a paper filed, or to be filed in a case under" the Bankruptcy Code. 11 U.S.C. § 107(c)(1)(A).

14. The Debtors respectfully submit that it is appropriate to authorize the Debtors to redact from any paper filed or to be filed with this Court in these chapter 11 cases the home addresses of the Debtors' individual creditors and interest holders because such information could be used, among other things, to perpetrate identity theft or locate survivors of domestic violence or stalking who have otherwise taken steps to conceal their whereabouts. The risk is not merely speculative. In at least one recent chapter 11 case, the abusive former partner of a debtor's employee exploited the publicly accessible creditor and employee information filed in the chapter 11 case to track the employee to her new address, which had not been publicly available until then, forcing the employee to change her address again for her safety.[4] The Debtors propose to provide an unredacted version of the Creditor Matrix and any other applicable filings to the Court, the U.S. Trustee, counsel to an official committee of unsecured creditors appointed in these chapter 11 cases (if any), and other parties in interest upon reasonable request.

---

[4] The incident, which took place during the first *Charming Charlie* chapter 11 proceedings in 2017, is described in the "creditor matrix motion" filed in *In re Charming Charlie Holdings Inc.*, Case No. 19-11534 (CSS) (Bankr. D. Del. July 11, 2019) [D.I. 4].

13165526 v1

15. Courts in this jurisdiction and others have granted the relief requested herein in comparable chapter 11 case. *See, e.g., In re Loot Crate, Inc.*, No. 19-11791 (BLS) (Bankr. D. Del. Oct. 1, 2019) (authorizing the debtors to file lists of customer creditors under seal); *In re THG Holdings, LLC*, No. 19-11689 (JTD) (Bankr. D. Del. Aug. 22, 2019) (authorizing the debtors to redact personal identification information of their employees and former employees on the creditor matrix); *In re Achaogen, Inc.*, No. 19-10844 (BLS) (Bankr. D. Del. May 20, 2019) (authorizing debtor to list on creditor matrix the debtors corporate mailing address instead of home addresses for current employees); *In re Model Reorg Acquisition, LLC*, No. .17-11794 (CSS) (Bankr. D. Del. Aug. 29, 2017) (providing that the debtors were "not required to include the home addresses of their employees in their Creditor Matrix").

16. Indeed, in *Dex Media*, the U.S. Trustee objected to the debtors' request to redact employees' addresses, arguing that there was no basis for treating employees differently from other creditors absent specific identifiable harm. Judge Gross rejected this argument, recognizing the importance of protecting individuals from unnecessary security risk:

> I think, that in the present day, with the abuse of private information, that these addresses ought to be redacted, and so, you know, I just think that individuals only position is to have been former employees, for example, ought not to have their home addresses listed publicly. I think that that is -- creates a possibility of abuse and so, I am going to grant the order [to seal].

Hr'g Tr. As 21:13-21, *In re Dex Media, Inc.*, No. 16-11200 (KG) (Bankr. D. Del. May 18, 2016).

17. For these reasons, the Debtors respectfully submit that cause exists to authorize the Debtors to redact, pursuant to 11 U.S.C. § 107(c)(1), personally identifiable information - including home addresses - in respect of the Debtors' individual creditors and interest holders who are listed on the Creditor Matrix or any other document filed with the Court. Absent such relief, the Debtors would unnecessarily render individuals more susceptible to identity theft and could

jeopardize the safety of individuals who, unbeknownst to the Debtors, are survivors of domestic violence or stalking by publishing their home addresses without any advance notice or opportunity to opt out or take protective measures.

## Notice

18. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Debtors' Banks; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

19. No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

13165526 v1

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

Dated: March 8, 2020  
Wilmington, Delaware

**BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**

   */s/ Gregory W. Werkheiser*
Gregory W. Werkheiser (DE No. 3553)
Michael J. Barrie (DE No. 4684)
Jennifer Hoover (DE No. 5111)
Kevin Capuzzi (DE No. 5462)
John C. Gentile (DE No. 6159)
222 Delaware Avenue, Suite 801
Wilmington, DE 19801
Telephone: (302) 442-7010
Facsimile: (302) 442-7012
E-mail: gwerkheiser@beneschlaw.com
       mbarrie@beneschlaw.com
       jhoover@beneschlaw.com
       kcapuzzi@beneschlaw.com
       jgentile@beneschlaw.com

*Proposed Counsel to the Debtors and Debtors in Possession*

13165526 v1