**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: ) | Chapter 11 |
| ART VAN FURNITURE, LLC, *et al.*,[1] ) | Case No. 20-10553 (___) |
| Debtors. ) | (Joint Administration Requested) |

**ORDER (A) AUTHORIZING THE
DEBTORS TO (I) FILE A CONSOLIDATED
LIST OF CREDITORS IN LIEU OF SUBMITTING
A SEPARATE MAILING MATRIX FOR EACH DEBTOR,
(II) FILE A CONSOLIDATED LIST OF THE DEBTORS'
THIRTY LARGEST UNSECURED CREDITORS, AND (III) REDACT
CERTAIN PERSONALLY IDENTIFIABLE INFORMATION FOR INDIVIDUAL
CREDITORS AND INTEREST HOLDERS AND (B) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") (a) authorizing the Debtors to (i) file a consolidated list of creditors in lieu of submitting a separate mailing matrix for each Debtor, (ii) file a consolidated list of the Debtors' thirty largest unsecured creditors, and (iii) redact certain personally identifiable information for the Debtors' individual creditors and interest holders and (b) granting related relief; all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

1

District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interest of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted as set forth in this Order.

2. As soon as practicable after entry of an order authorizing the engagement of the Proposed Claims and Noticing Agent in these chapter 11 cases, the Debtors shall furnish to the Proposed Claims and Noticing Agent a consolidated creditor list.

3. In lieu of submitting a formatted mailing matrix, the Debtors, with the assistance of the Proposed Claims and Noticing Agent (upon the Court's approval of the Debtors' retention of the Proposed Claims and Noticing Agent), shall make available a single, consolidated list of all of the Debtors' creditors in electronic form to any entity who so requests and in non-electronic form at such requesting entity's sole cost and expense.

13166361 v1

4. The Debtors are authorized to file a consolidated list of the thirty largest unsecured creditors in these chapter 11 cases in lieu of each Debtor filing a list of its twenty largest unsecured creditors.

5. The Debtors are authorized to redact personally identifiable information, including home address information, in respect of the Debtors' individual creditors and interest holders listed on the Creditor Matrix or similar document filed with the Court. The Debtors shall provide an unredacted version of the Creditor Matrix and any other applicable filed document to the Court, the U.S. Trustee, counsel to any official committee appointed in these chapter 11 cases, and any party in interest upon reasonable request.

6. The requirements of Bankruptcy Local Rules 1007-2(a) and 2002-1(f)(v) that separate mailing matrices be submitted for each Debtor are permanently waived, and the Debtors are authorized to submit a consolidated list of creditors; *provided* that if any of these chapter 11 cases converts to a case under chapter 7 of the Bankruptcy Code, the applicable Debtor shall file its own creditor mailing matrix.

7. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

8. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: _____, 2020  
Wilmington, Delaware          _____  
                              UNITED STATES BANKRUPTCY JUDGE