**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) ) ) | Case No. 20-10553 (___) |
| Debtors. | ) ) ) | (Joint Administration Requested) |

**INTERIM ORDER (I) DETERMINING
ADEQUATE ASSURANCE OF PAYMENT FOR
FUTURE UTILITY SERVICES, (II) PROHIBITING
UTILITY PROVIDERS FROM ALTERING, REFUSING,
OR DISCONTINUING UTILITY SERVICES, (III) ESTABLISHING
PROCEDURES FOR DETERMINING ADEQUATE ASSURANCE OF
PAYMENT, (IV) REQUIRING UTILITY PROVIDERS TO RETURN DEPOSITS FOR
UTILITY SERVICES NO LONGER IN USE, AND (V) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) determining adequate assurance of payment for future utility services, (b) prohibiting utility providers from altering, refusing, or discontinuing utility services, (c) establishing procedures for determining adequate assurance of payment, (d) requiring utility providers to return deposits for utility services no longer in use, (e) scheduling a final hearing to consider approval of the Motion on a final basis, and (f) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484);  Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).  The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

13165033 v3

District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. Subject to the Adequate Assurance Procedures for resolving Additional Assurance Requests, the Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on _____, 2020, at __:__ _.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on _____, 2020, and shall be served on: (a) the Debtors, Art Van Furniture, LLC, 6500 East 14 Mile Road, Warren Michigan 48092, Attn: John Budzinski; (b) proposed counsel to the Debtors, Benesch, Friedlander, Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19801, Attn: Gregory Werkheiser, Michael J. Barrie, Jennifer R. Hoover, Kevin M. Capuzzi, and John C. Gentile; (c) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Richenderfer; (d) counsel to the

administrative agent under the Debtors' ABL loan facilities (i) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn: Marjorie S. Crider, (ii) Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178, Attn: Jennifer Feldsher, and (iii) Burr & Forman LLP, 1201 N. Market Street, Wilmington, Delaware 19801, Attn: J. Cory Falgowski; and (e) counsel to any statutory committee appointed in these chapter 11 cases (collectively, the "Notice Parties").  In the event no objections to entry of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Adequate Assurance Deposit, together with the Debtors' ability to pay for future Utility Services in the ordinary course of business subject to the Adequate Assurance Procedures, shall constitute adequate assurance of future payment as required by section 366 of the Bankruptcy Code.

4. Each Utility Provider shall be entitled to the funds in the Adequate Assurance Account in the amount set forth for such Utility Provider in the column labeled "Proposed Adequate Assurance" on the Utility Providers List.

5. If an amount relating to Utility Services provided postpetition by a Utility Provider is unpaid, and remains unpaid beyond any applicable grace period, such Utility Provider may request a disbursement from the Adequate Assurance Account by giving notice to the Notice Parties.  The Debtors shall honor such request within five business days after the date the request is received by the Debtors, subject to the ability of the Debtors and any such requesting Utility Provider to resolve any dispute regarding such request without further order of the Court.  To the extent a Utility Provider receives a disbursement from the Adequate Assurance Account, the Debtors shall replenish the Adequate Assurance Account in the amount disbursed.

6.       The portion of the Adequate Assurance Deposit attributable to each Utility Provider shall be returned to the Debtors on the earlier of the reconciliation and payment by the Debtors of the Utility Provider's final invoice in accordance with applicable nonbankruptcy law following the Debtors' termination of Utility Services from such Utility Provider or the effective date of any chapter 11 plan confirmed in these chapter 11 cases.

7.       All Utility Providers are prohibited from altering, refusing, or discontinuing services on account of any unpaid prepetition charges, the commencement of these chapter 11 cases, or any perceived inadequacy of the Proposed Adequate Assurance.

8.       The following Adequate Assurance Procedures are hereby approved:

   a.   The Debtors will serve a copy of this motion and each order granting the relief requested herein to each Utility Provider within two business days after entry of such order by the Court.

   b.   Subject to paragraphs (e)–(i) herein, the Debtors will deposit the Adequate Assurance Deposit, in the aggregate amount of $581,000, in the Adequate Assurance Account as soon as reasonably practicable after entry of the Interim Order.

   c.   The amount of the Adequate Assurance Deposit allocated to each Utility Provider shall be set forth on the Utility Providers List in the column labeled "Proposed Adequate Assurance."

   d.   Any Utility Provider desiring additional assurances of payment in the form of deposits, prepayments, or otherwise must serve a request for additional assurance (an "Additional Assurance Request") on the Notice Parties.

   e.   Any Additional Assurance Request must: (i) be in writing, (ii) identify the location for which the Utility Services are provided and the related account number(s), (iii) include the alleged outstanding balance for the affected account(s), (iv) certify the amount that is equal to one-half the monthly cost of the Utility Services the Utility Provider supplies to the Debtors, calculated as a historical average over the preceding twelve-month period, (v) certify that the Utility Provider does not already hold a deposit equal to or greater than one-half the monthly cost of Utility Services, (vi) provide evidence that the Debtors have a direct obligation to the Utility Provider, and (vii) explain why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of future payment.

  f. Any Additional Assurance Request may be made at any time. If a Utility Provider fails to file and serve an Additional Assurance Request, the Utility Provider shall be forbidden from discontinuing, altering, or refusing Utility Services to, or discriminating against, the Debtors on account of any unpaid prepetition charges, or requiring additional assurance of payment other than the Proposed Adequate Assurance.

  g. Upon the Debtors' receipt of an Additional Assurance Request, the Debtors shall promptly negotiate with the Utility Provider to resolve the Utility Provider's Additional Assurance Request.

  h. Without further order of the Court, the Debtors may enter into agreements granting additional adequate assurance to a Utility Provider serving an Additional Assurance Request if the Debtors determine that the Additional Assurance Request is reasonable.

  i. If the Debtors determine that the Additional Assurance Request is not reasonable and the Debtors are unable to reach an alternative resolution with the Utility Provider, within 14 days, the Debtors will request a hearing (a "<u>Determination Hearing</u>") before the Court to determine the adequacy of assurance of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

  j. Pending resolution of such dispute at a Determination Hearing, the relevant Utility Provider shall be prohibited from altering, refusing, or discontinuing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; or (iii) any objections to the Proposed Adequate Assurance.

  k. The Adequate Assurance Deposit deposited into the Adequate Assurance Account on behalf of any Utility Provider (including any additional amount deposited upon request of any applicable Utility Provider), or any portion thereof, shall be returned to the Debtors by no later than five business days following the earlier of the date upon which (i) a chapter 11 plan becomes effective after being confirmed in these chapter 11 cases, (ii) the Debtors conclude a store closing for the applicable location receiving services provided by such Utility Provider, or (iii) the Debtors provide notice to a Utility Provider that services provided to the Debtors by such Utility Provider will no longer be needed or will be reduced.

9. The Utility Providers are prohibited from requiring additional adequate assurance of payment other than pursuant to the Adequate Assurance Procedures.

10. Unless a Utility Provider files an objection or serves an Additional Assurance Request, such Utility Provider shall be forbidden to discontinue, alter, or refuse services to, or

5

13165033 v3

discriminate against, the Debtors on account of any unpaid prepetition charges, or require additional assurance of payment other than the Proposed Adequate Assurance.

11. The Debtors are authorized, following the giving of two weeks' notice to the affected Utility Provider, where the Debtors have received no objection from any such Utility Provider, to add or remove any Utility Provider from the Utility Providers List, and the Debtors shall add to or subtract from the Adequate Assurance Deposit an amount equal to one half of the Debtors' approximate average monthly cost for each Utility Provider subsequently added or removed, respectively. If an objection is received, the Debtors shall request a hearing before this Court at the next omnibus hearing date, or such other date that the Debtors and the Utility Provider may agree. The Debtors shall not deduct from the Adequate Assurance Deposit the amount set aside for any Utility Provider that the Debtors seek to terminate or delete from the Utility Providers List unless and until the two week notice period has passed and the Debtors have not received any objection to termination or deletion from such Utility Provider, or until any such objection has been resolved consensually or by order of the Court. For Utility Providers that are added to the Utility Providers List, the Debtors will cause a copy of this Interim Order, including the Adequate Assurance Procedures, to be served on such subsequently added Utility Provider. Any Utility Provider subsequently added to the Utility Providers List shall be bound by the Adequate Assurance Procedures.

12. The relief granted herein is for all Utility Provider providing Utility Services to the Debtors and is not limited to those parties or entities listed on the Utility Providers List.

13. The Debtors' service of the Motion upon the Utility Providers List shall not constitute an admission or concession that any such entity is a "utility" within the meaning of

13165033 v3

section 366 of the Bankruptcy Code, and the Debtors reserve all rights and defenses with respect thereto.

14.     Upon the closure of one of the Debtors' locations and the discontinuance of the Utility Services associated therewith, or the termination of the Utility Service independent thereof, the Debtors may, in their discretion and without further order of this Court, reduce the Adequate Assurance Deposit by an amount no exceeding, for each of the Utility Services being discontinued, the lesser of (i) the estimated one half of the Debtors' average monthly cost utility expense for such Utility Services and (ii) the amount of the Adequate Assurance Deposition then attributable to the applicable Utility Provider; provide that for any Utility Provider for which the Adequate Assurance Deposit is reduced, the Debtors shall have (i) provided such Utility Provider with two weeks' notice of such reduction and (ii) paid such Utility Provider in full for any outstanding postpetition Utility Services before reducing the Adequate Assurance Deposit.

15.     Any deposit provided to a Utility Provider by the Debtors prior to the Petition Date must be returned to the Debtors within 21 calendar days of receiving a notice that the services provided to the Debtors by such Utility Provider will no longer be needed.

16.     Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Interim Order shall constitute, nor is it intended to constitute:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Interim Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' or any

other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.  Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

17. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order without any duty of further inquiry and without liability for following the Debtors' instructions.

18. The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any payment to the Utility Providers.

19. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

20. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

13165033 v3

21. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

22. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

23. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: _____, 2020  
Wilmington, Delaware

                                       UNITED STATES BANKRUPTCY JUDGE