**Proposed Final Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (\_\_\_) |
| | ) |
| | ) (Joint Administration Requested) |
| Debtors. | ) |
| | ) |

## FINAL ORDER (I) APPROVING
## NOTIFICATION AND HEARING PROCEDURES FOR
## CERTAIN TRANSFERS OF AND DECLARATIONS OF WORTHLESSNESS
## WITH RESPECT TO COMMON STOCK AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) approving the Procedures related to transfers of, or declarations of worthlessness with respect to, Common Stock, (b) directing that any purchase, sale, other transfer of, or declaration of worthlessness with respect to Common Stock in violation of the Procedures shall be null and void *ab initio*, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and that this Court may enter a final order consistent with

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "<u>Hearing</u>"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Procedures, as set forth in **<u>Exhibit 1</u>** attached to the Interim Order are approved.

3.      Any transfer of or declaration of worthlessness with respect to Common Stock in violation of the Procedures, including but not limited to the notice requirements, shall be null and void *ab initio*.

4.      In the case of any such transfer of Common Stock in violation of the Procedures, including but not limited to the notice requirements, the person or entity making such transfer shall be required to take remedial actions specified by the Debtors, which may include the actions specified in Private Letter Ruling 201010009 (Dec. 4, 2009), to appropriately reflect that such transfer is null and void *ab initio*.

5.      In the case of any such declaration of worthlessness with respect to Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.      The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

8.      The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

9.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

10.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13166375 v2

5.      In the case of any such declaration of worthlessness with respect to Common Stock in violation of the Procedures, including the notice requirements, the person or entity making such declaration shall be required to file an amended tax return revoking such declaration and any related deduction to appropriately reflect that such declaration is void *ab initio*.

6.      The Debtors may retroactively or prospectively waive any and all restrictions, stays, and notification procedures set forth in the Procedures.

7.      To the extent that this Final Order is inconsistent with any prior order or pleading with respect to the Motion in these chapter 11 cases, the terms of this Final Order shall govern.

8.      The requirements set forth in this Final Order are in addition to the requirements of applicable law and do not excuse compliance therewith.

9.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with the relief granted herein.

10.      The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

11.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

12.      Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

13.      The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

13166375 v2

14.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2020
Wilmington, Delaware                        _____
                                             UNITED STATES BANKRUPTCY JUDGE

13166375 v2