## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (___) |
| | ) |
| Debtors. | ) (Joint Administration Requested) |
| | ) |
| | ) |

### FINAL ORDER
### (I) AUTHORIZING DEBTORS TO
### PAY CERTAIN PREPETITION SPECIFIED
### LIENHOLDER CLAIMS AND (II) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of a final order (this "Final Order") (a) authorizing the Debtors to pay undisputed prepetition Specified Lienholder Claims, (b) authorizing financial institutions to receive, process, honor, and pay all related checks and electronic payment requests for payment of certain prepetition Specified Lienholder Claims, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and that this Court may enter a final order consistent with Article III of the United States Constitution; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the

---

1   The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).  The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

2   Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

relief requested in the Motion is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1.      The Motion is granted on a final basis as set forth herein.

2.      The Debtors are authorized in their business judgment to pay or honor all or part of undisputed prepetition Specified Lienholder Claims on a case-by-case basis in an aggregate amount not to exceed $3,462,000.

3.      If any party accepts payment hereunder and (a) does not continue supplying goods or services to the Debtors in accordance with Customary Trade Terms, (b) refuses to waive and release, to the extent its Specified Lienholder Claims are satisfied, a lien against any property of the Debtors, or (c) fails to release and deliver any property held by or in control of the Specified Lienholder Claimants to its destination as directed by the Debtors consistent with their customary practices in the ordinary course of business then: (i) any payment on account of a prepetition claim received by such party will be treated as an improper postpetition transfer and, therefore, immediately recoverable by the Debtors in cash upon written request by the Debtors; (ii) upon recovery by the Debtors, any prepetition claim of such party shall be reinstated as if the payment had not been made; and (iii) if there exists an outstanding postpetition balance due from the

Debtors to such party, the Debtors may elect to recharacterize and apply any payment made pursuant to the relief requested by the Motion to such outstanding postpetition balance and such Specified Lienholder Claimant will be required to repay to the Debtors such paid amounts that exceed the postpetition obligations then outstanding without the right of any setoffs, claims, provisions for payment of any claims, or otherwise.

4.    Any Specified Lienholder Claimant that accepts payment from the Debtors on account of all or a portion of a Specified Lienholder Claim pursuant to this Final Order shall be deemed to (a) agree to the terms and provisions of this Final Order and (b) have satisfied, to the extent so paid, Specified Lienholder Claims of any type, kind, or priority (including any reclamation claim), against the Debtors, their assets, and properties.

5.    Nothing herein shall impair or prejudice the Debtors' ability to contest, in their sole discretion, the extent, perfection, priority, validity, or amounts of any claims held by any Specified Lienholder Claimant.  The Debtors do not concede that any claims satisfied pursuant to this Final Order are valid, and the Debtors expressly reserve all rights to contest the extent, validity, or perfection or to seek the avoidance of all such liens or the priority of such claims.

6.    Notwithstanding the relief granted herein and any actions taken pursuant to such relief, nothing contained in the Motion or this Final Order shall constitute, nor is it intended to constitute:  (a) an admission as to the validity, priority, or amount of any particular claim against a Debtor entity; (b) a waiver of the Debtors' right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Final Order or the Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Debtors' rights under the Bankruptcy Code or

3

any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Final Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.  Any payment made pursuant to this Final Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

7.      The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Final Order without any duty of further inquiry and without liability for following the Debtors' instructions.

8.      The Debtors are authorized to issue postpetition checks, or to effect postpetition fund transfer requests, in replacement of any checks or fund transfer requests that are dishonored as a consequence of these chapter 11 cases with respect to prepetition amounts owed in connection with any prepetition Specified Lienholder Claims.

9.      Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

10.     Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Final Order are immediately effective and enforceable upon its entry.

11.     The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Final Order in accordance with the Motion.

12.     This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Final Order.

Dated: _____, 2020
Wilmington, Delaware                                    _____
                                                                          UNITED STATES BANKRUPTCY JUDGE