**Exhibit B**

**Levin-Wolf LOI**

March 4, 2020

David Ladd, Chief Financial Officer
Michael Zambricki, Vice President and General Counsel
Sam Levin, Inc.
LF Trucking, Inc.
6500 E 14 Mile Rd
Warren, MI 48092

   Re:  **Purchase of Substantially All of the Assets of Sam Levin, Inc. and LF Trucking, Inc. Assets by a Newly-Formed Entity Owned and Controlled by Robert Levin**

This non-binding letter of intent (this "Letter Agreement" is intended to confirm certain understandings between Company representatives, Sam Levin, Inc., LF Trucking, Inc. and Buyer (defined below) with respect to the potential purchase by Buyer of substantially all of the assets free and clear of all liens, claims and encumbrances except for such liabilities explicitly assumed by Buyer pursuant to an order of the Bankruptcy Court (defined below). If this letter of intent accurately summarizes the understanding of Company representatives, Sam Levin, Inc. and LF Trucking, Inc. with respect to the potential transaction, please date and execute this letter of intent and return the same to me.

| | |
|---|---|
| **Buyer:** | Levin Furniture, LLC and Levin Trucking, LLC, newly formed entities controlled by Robert Levin, ("Buyer") (Buyer, Sam Levin and LF Trucking, Inc. are each a "Party", herein collectively referred to as the "Parties"). |
| **Seller:** | Sam Levin and LF Trucking, Inc. |
| **Purchased Assets:** | Substantially all of the assets of Sam Levin, Inc. and LF Trucking, Inc. (the "Assets"), excluding the inventory located at the eight Maryland and Virginia Wolfe locations. |
| **Purchase Price:** | The Inventory Valuation (defined below), *less* any amounts of customer deposits and employee obligations existing as of the date of closing *plus* the amount of section 503(b)(9) claims allowed pursuant to an order of the Bankruptcy Court (defined below) and any cure costs associated with any leases and/or executory contract designated for assumption by the Buyer and approved for such assumption and assignment by an order of the Bankruptcy Court (defined below) (the customer deposits, employee obligations, section 503(b)(9) claims and cure costs will be referred to herein as "Additional Consideration") *plus* $3,650,000 related to FF&E and other related assets. |
| | The term "Inventory Valuation" means 82.25% of the estimated value of the Seller's actual cost of goods plus freight based upon actual record receipts provided by Seller (which valuation excludes the value of the inventory located at the eight Maryland and Virginia Wolfe locations we estimate to be over $4,500,000). |

| | |
|---|---|
| **Security Deposit:** | Buyer will deposit $2,000,000 in cash (the "Deposit") promptly following execution of this Letter Agreement in an interest bearing escrow account held by a mutually agreeable escrow agent pursuant to a commercially reasonable escrow agreement. The Deposit is refundable in the following instances: 1) the Seller terminates the transaction or otherwise materially breaches any of its obligations under the definitive documentation required to implement the transactions contemplated hereby; 2) the Bankruptcy Court does not approve the transaction; 3) the Bankruptcy Court approves an alternative transaction for the sale of the Assets; or 4) the transaction does not close on or before 30 days from the Petition Date (defined below). The Deposit is non-refundable in the event the Buyer terminates the transaction unilaterally or otherwise materially breaches any of its obligations under the definitive documentation required to implement the transactions contemplated hereby.. |
| **Fiduciary Duty:** | Notwithstanding anything to the contrary in this Letter Agreement or the Definitive Agreements (defines below), nothing in such agreements shall require a Debtor party or the board of directors, board of managers, or similar governing body of a Debtor party, after consulting with outside counsel, to take any action or to refrain from taking any action with respect to the restructuring transactions contemplated by this letter of intent to the extent taking or failing to take such action would be inconsistent with applicable law or its fiduciary obligations under applicable law, and any such action or inaction shall not be deemed to constitute a breach of those agreements. |
| **Bankruptcy Filing:** | No later than March 8, 2020, or such other date as may be agreed to by the Parties (the "Petition Date") Sam Levin, Inc. and LF Trucking, Inc. (the "Debtors") shall file voluntary petitions for protection under chapter 11 of title 11 of the United States Code in the United States Bankruptcy Court for the District of Delaware ("Bankruptcy Court"). |
| **Sale Process:** | No later than 5 days following the Petition Date, or such other date as may be agreed to by the Parties, the Debtors shall file a motion to approve private sale of the Assets to Buyer ("Sale Motion"). The Sale Motion must explicitly request approval of the sale of the Assets to Buyer without futher marketing, competitive bidding or an alterntive transaction. |
| | No later than 10 days following the Petition Date, or such other date as may be agreed to by the Parties, Buyer and Seller shall enter into an asset purchase agreement for the sale of the Assets in a form reasonably acceptable to Buyer, subject only to Bankuptcy Court approval ("Asset Purchase Agreement"). |
| | No later than 21 days following the Petition Date, or such other date as may be agreed to by the Parties, the Bankruptcy Court shall enter an order approving the Asset Purchase Agreement and the closing of the sale of the Assets to Buyer free and clear of all liens, claims and excumbrances, other than such claims explicitly assumed by Buyer in the Asset Purchase Agreement with a finding that the Buyer is a "good faith purchaser" for sufficient value for the Assets and approval of the assumption and assignment of unexpired leases and executory contracts designated by the Buyer for such assumption and assignment ("Sale Order"). |

|  |  |
|---|---|
|  | Until the entry of the Sale Order, the Buyer has the right to designate which unexpired leases and executory contracts shall by assumed and assigned pursuant to the Sale Order. Seller shall cooperate with Buyer to permit Buyer access to the Seller's landlords for the purpose of negotiating amendments to such leases. |
|  | The Sale Order shall include an explicit provision waiving any stay of the Sale Order (i.e. Federal Rule of Bankruptcy Procedure 6004(f)) to permit the Buyer and Seller to close promptly upon entry of the Sale Order. |
| **Expenses:** | Each of the Parties would pay their own legal fees and other incidental expenses incurred in connection with the transactions contemplated hereby. |
| **Due Diligence:** | Buyer waives any due diligence, other than verification of the Inventory Valuation and any items that comprise the Additional Consideration. |
| **Closing Date:** | The Buyer and Seller shall close on the transaction within two (2) business days from the entry of the Sale Order. |
| **Closing Conditions:** | Closing shall occur, and the Definitve Agreements (defined below) shall become effective, only upon timely entry of the Sale Order in a form and manner acceptable to Buyer in accordance with the timeframes set forth herein. |
| **Documentation:** | The Parties intend to prepare and negotiate (i) the Asset Purchase Agreement, and (ii) any other agreements reasonably necessary to consummate the transactions contemplated hereby. |
| **Miscellaneous:** | This letter of intent sets forth the intent of the Parties with respect to the transactions contemplated hereby but does not create any legal or binding obligation, except for the provisions set forth under the title "Miscellaneous" of this letter of intent (the "Binding Provisions"), which provisions shall be binding on each Party. Except for the Binding Provisions, no other obligation will arise unless and until mutually satisfactory definitive documentation, including the Asset Purchase Agreement (the "Definitive Agreements"), has or have been executed and delivered by the Parties hereto. This letter of intent will be governed by the laws of the Commonwealth of Pennsylvania and may not be amended, and no provision hereof may be waived or modified, except by an instrument in writing signed by the party to be bound. This letter of intent may be executed in any number of counterparts, each of which shall be deemed to be an original. This letter of intent shall not become effective until executed by all Parties. |

Sincerely,

Levin Furniture, LLC

By: _[signature] Robert Levin_
Print Name: _Robert Levin_
Title: _President_
Date: _3/4/20_

Levin Trucking, LLC

By: *Robert Levin* (signature)
Print Name: ROBERT LEVIN
Title: President
Date: 3/4/20

*Duly Executed and Agreed to by Seller:*

Sam Levin, Inc. / LF Trucking, Inc.

By: *[signature]*
Print Name: Michael Zambricki
Title: Secretary
Date: Sam Levin, Inc.
March 4, 2020

By: *[signature]*
Print Name: Michael Zambricki
Title: Secretary, LF Trucking, Inc.
Date: March 4, 2020