# **EXHIBIT 1**

## SECRETARIAL CERTIFICATE

The undersigned, being the secretary for each of the entities listed in my signature block below (the "Companies"), hereby certifies as follows:

1. I am the duly qualified and elected or appointed secretary of each of the Companies and, as such, am familiar with the facts herein certified, and I am duly authorized to certify the same on behalf of each of the Companies.

2. Attached hereto is a true and complete copy of the omnibus written consent (the "Omnibus Consent") of the boards of directors, sole members and sole shareholders for each of the Companies (each, a "Governing Body"), as duly and unanimously adopted by each Governing Body on March 8, 2020, in accordance with each Company's bylaws, limited liability company agreement, or similar document (in each case as amended or amended and restated to date) and the laws of each Company's respective state of formation, organization, or incorporation, as the case may be.

3. The Omnibus Consent, including the actions and resolutions set forth therein, has not been amended, altered, annulled, rescinded, or revoked, and are in full force and effect as of the date hereof. There exist no other subsequent resolutions of any Governing Body relating to the matters set forth in the Omnibus Consent attached hereto.

IN WITNESS WHEREOF, the undersigned has executed this certificate as of the 9th day of March, 2020.

_____
Michael T. Zambricki
Secretary for:
    Art Van Furniture, LLC
    Art Van Furniture of Canada, LLC
    AV Pure Sleep Franchising, LLC
    AVCE, LLC
    AVF Franchising, LLC
    AVF Holding Company, Inc.
    AVF Holdings I, LLC
    AVF Holdings II, LLC
    AVF Parent, LLC
    Comfort Mattress LLC
    Levin Parent, LLC
    LF Trucking, Inc.
    Sam Levin, Inc.

13168539 v1

**OMNIBUS WRITTEN CONSENTS**

of

Boards of Directors for
**AVF HOLDING COMPANY, INC.**
**SAM LEVIN, INC.**
**LF TRUCKING, INC.**

and

**THE SOLE MEMBER AND/OR SOLE SHAREHOLDER**

of

**ART VAN FURNITURE, LLC**
**AVF FRANCHISING LLC**
**AV PURE SLEEP FRANCHISING, LLC**
**AVCE, LLC**
**AVF HOLDINGS I, LLC**
**AVF HOLDINGS II, LLC**
**AVF PARENT, LLC**
**LEVIN PARENT, LLC**
**LF TRUCKING, INC.**
**ART VAN FURNITURE OF CANADA LLC**
**SAM LEVIN, INC.**
**COMFORT MATTRESS, LLC**

March 8, 2020

___

The undersigned, being all of the members of the Board of Directors (the **"Board"**) of AVF Holding Company, Inc., a Delaware corporation ("**TopCo**"), and the sole member or all of members of the boards of directors or boards of managers (together with the Board, collectively, the "**Governing Bodies**" and each a "**Governing Body**"), as applicable, of (i) Art Van Furniture, LLC, a Delaware limited liability company ("**Art Van Furniture**"), (ii) AVF Franchising LLC, a Michigan limited liability company ("**AVF Franchising**"), (iii) AVCE, LLC, a Michigan limited liability company ("**AVCE**"), (iv) AV Pure Sleep Franchising, LLC, a Michigan limited liability company ("**AV Pure**"), (v) AVF Holdings I, LLC, a Delaware limited liability company ("**Holdings I**"), (vi) AVF Holdings II, LLC, a Delaware limited liability company ("**Holdings II**"), (vii) AVF Parent, LLC, a Delaware limited liability company ("**AVF Parent**"), (viii) Levin Parent, LLC, a Delaware limited liability company ("**Levin Parent**"), (ix) LF Trucking, Inc., a Pennsylvania corporation ("**Trucking**"), Art Van Furniture of Canada LLC, a Michigan limited liability company ("**Canada**"), (xi) Sam Levin, Inc., a Pennsylvania corporation ("**Sam Levin**"), and (xii) Comfort Mattress, LLC, a Delaware limited liability company (**"Comfort**," and together with TopCo, Art Van Furniture, AVF Franchising, AVCE, AV Pure, Holdings I, Holdings II, AVF Parent, Levin Parent, Trucking, Canada, and Sam Levin, collectively, the "**Companies**" each being a "**Company**"), hereby take

13145320 v6

the following actions and adopt the following resolutions pursuant to (as applicable) the bylaws, limited liability company agreement, or similar document (in each case as amended or amended and restated to date) of each Company and the laws of their respective states of formation, organization, or incorporation, as the case may be:

**Chapter 11 Filing and Prosecution**

WHEREAS, each Governing Body has reviewed and considered each Company's financial and operational condition and the businesses of the Companies on the date hereof, including the historical performance of the Companies, the assets of the Companies, the current and long-term liabilities of the Companies, the market for the Companies' assets, and the credit market conditions;

WHEREAS, after due consideration taking into account the information available to each Governing Body at this time, and after consultation with each Company's management and legal, financial, and other advisors, and in the exercise of each Governing Body's reasonable business judgment, each Governing Body has determined that it is in the best interests of the Companies, the Companies' stakeholders, and the Companies' creditors to file voluntary petitions (the "**Petitions**") for relief under Chapter 11 of Title 11 of the United States Code §§ 101, *et seq.* (the "**Bankruptcy Code**"), thereby commencing bankruptcy cases (each, a **"Chapter 11 Case,"** and collectively, the "**Chapter 11 Cases**") in the United States Bankruptcy Court for the District of Delaware (the **"Delaware Bankruptcy Court"**); and

WHEREAS, after due consideration taking into account the information available at this time and after consultation with management and legal, financial, and other advisors, and in the exercise of their business judgment, the Governing Bodies have consented to and approved each Company's filing of a Petition for relief under Chapter 11 of the Bankruptcy Code.

NOW, THEREFORE, BE IT:

RESOLVED, that the Companies are each authorized to file the Petitions and commence the Chapter 11 Case before the Delaware Bankruptcy Court, and to execute all documents as may be necessary in connection therewith; and

FURTHER RESOLVED, that (a) David Ladd and Michael Zambricki shall be, and hereby are, without the joinder of each other or of the other officers or representatives of the Companies and without any attestation required, the authorized representative of each such Company (the "**General Authorized Persons**") with the authority to execute, deliver and, as applicable, file in each Company's name and on its behalf any and all bankruptcy related documents (including all petitions, schedules, lists, and other motions, papers or documents) which are, in his opinion, necessary or desirable to take in connection with the foregoing resolution and/or preparation and/or commencement and/or administration of the Chapter 11 Case or any other Chapter 11 proceeding of the Companies, and (b) in addition to Messrs. Ladd and Zambricki, Gus Gyltpis, shall be, and hereby is, without the joinder of each other or of the other officers or representatives of Sam Levin, and Trucking (the **"Levin Entities"**), and without any attestation required, the authorized representative of each Levin Entity (the **"Levin Authorized Persons,"** and together with the General Authorized Persons, the **"Authorized Persons"**) with the authority to execute and deliver in each Levin Entity's name and on its behalf any and all bankruptcy related documents which are, in his opinion, necessary or desirable to take in connection with the foregoing resolution and/or preparation and/or commencement and/or administration of the Chapter 11 Case or any other Chapter 11 proceeding of the Levin Entities; *provided, however*, that nothing herein shall undermine the authority of the Companies' Governing Bodies to manage each Company, as applicable, as a debtor-in-possession; and

2

**Retention of Professionals**

RESOLVED, that that each of the Authorized Persons be, and they hereby are, authorized and directed to employ the following professionals on behalf of each Company: (a) the law firm of Benesch, Friedlander, Coplan & Aronoff LLP, as general bankruptcy counsel; (b) Montgomery McCracken Walker & Rhoads LLP, as special counsel to the Company; (c) Alvarez & Marsal North America, LLC, as financial advisors to the Company; (d) Evercore Group L.L.C., as investment banker to the Company; (e) the contractual joint venture comprised of Hilco Merchant Resources, LLC, Hilco IP Services, LLC d/b/a Hilco Streambank, Hilco Real Estate, LLC, Hilco Receivables, LLC, Gordon Brothers Retail Partners, LLC, DJM Realty Services, LLC d/b/a Gordon Brothers Real Estate, Gordon Brothers Commercial & Industrial, LLC, and Gordon Brothers Brands, LLC, to provide certain consulting, marketing, and related asset disposition services; and (f) any other legal counsels, accountants, financial advisors, restructuring advisors or other professionals the Authorized Persons deem necessary, appropriate or advisable; each to represent and assist each Company in carrying out its duties and responsibilities and exercising its rights under the Bankruptcy Code and applicable law (including, but not limited to, the law firms filing any pleadings and responses); and in connection therewith, each of the Authorized Persons be, and hereby is authorized, empowered and directed, in accordance with the terms and conditions hereof, to execute appropriate retention agreements, pay appropriate retainers, and to cause to be filed appropriate applications for authority to reach such services.

**Access to Cash Collateral**

WHEREAS, each Company is party to that certain amended and restated senior secured revolving credit facility (the "**Prepetition ABL Credit Agreement**"), dated as of March 1, 2017, providing access to a credit facility with the lenders party thereto and Wells Fargo, or any successor thereto as administrative agent (the "**Prepetition ABL Agent**"), pursuant to which the lenders party thereto have made certain loans and financial accommodations available to the Companies (as may be amended from time to time, the "**Prepetition ABL Facility**");

WHEREAS, each Company is party to that certain term loan credit agreement (the "**Prepetition Term Loan Agreement**"), providing access to a credit facility with the lenders party thereto, and Virtus Group, LP or any successor thereto, as administrative agent (the "**Prepetition Term Loan Agent**"), pursuant to which the lenders party thereto have made certain loans and financial accommodations available to the Companies (as may be amended from time to time, the "**Prepetition Term Loan Facility**");

WHEREAS, each Company will obtain benefits from the use of collateral, including cash collateral, as that term is defined in section 363(a) of the Bankruptcy Code (the "**Cash Collateral**"), which is security for certain prepetition secured lenders (collectively, the "**Prepetition Secured Lenders**") under the Prepetition ABL Facility and Prepetition Term Loan Facility.

NOW, THEREFORE, BE IT FURTHER RESOLVED that in order to use and obtain the benefits of the Cash Collateral, and in accordance with section 363 of the Bankruptcy Code, the Companies will provide certain adequate protection to the Prepetition Secured Lenders (the "**Adequate Protection Obligations**"), as documented in the proposed interim and final orders (the "**Cash Collateral Orders**") and submitted for approval to the Delaware Bankruptcy Court;

FURTHER RESOLVED, that the Companies, as debtors and debtors in possession under the Bankruptcy Code be, and hereby are, authorized to incur the Adequate Protection Obligations and to undertake any and all related transactions on substantially the same terms as contemplated under the Cash Collateral Orders;

RESOLVED, that each of the Authorized Persons be, and hereby is, authorized, directed, and empowered in the name of, and on behalf of, each Company to seek approval of the use of cash collateral pursuant to the Cash Collateral Orders, and, to the extent applicable to each Company, any Authorized Person be, and hereby is, authorized, empowered, and directed to negotiate, execute, and deliver any and all agreements, instruments, or documents, by or on behalf of each Company, as necessary or advisable to implement the Cash Collateral Orders, including providing for adequate protection to the Prepetition Secured Lenders in accordance with section 363 of the Bankruptcy Code, as well as any additional or further agreements for the use of cash collateral in connection with the Company's Chapter 11 Cases, which agreement(s) may require the Companies to grant adequate protection and security interests to the Prepetition Secured Lenders and each other agreement, instrument, or document to be executed and delivered in connection therewith, by or on behalf of each Company pursuant thereto or in connection therewith, all with such changes therein and additions thereto as any Authorized Person, in his absolute discretion approves, such approval to be conclusively evidenced by the taking of such action or by the execution and delivery thereof; and

FURTHER RESOLVED, that each of the Authorized Persons be, and hereby are, authorized, directed, and empowered in the name of, and on behalf of, each Company to execute, deliver, and file any amendments, supplements, modifications, renewals, replacements, consolidations, substitutions, and extensions of the Cash Collateral Orders or to take any other action which shall in his/her or their absolute discretion be necessary, desirable, proper, or advisable to give effect to the foregoing resolutions, which determination shall be conclusively evidenced by his/her, or their execution thereof.

**General**

RESOLVED, that in addition to the specific authorizations heretofore conferred upon the Authorized Persons, each of the Authorized Persons (and their designees and delegates) be, and they hereby are, authorized and empowered, in the name of and on behalf of each Company, to take or cause to be taken any and all such other and further action, and to execute, acknowledge, deliver and file any and all such agreements, certificates, instruments and other documents and to pay all expenses, including but not limited to filing fees, in each case as in such director's judgment, shall be necessary, advisable or desirable in order to fully carry out the intent and accomplish the purposes of the resolutions adopted herein; and

FURTHER RESOLVED, that each Governing Body of each Company has received sufficient notice of the actions and transactions relating to the matters contemplated by the foregoing resolutions, as may be required by the organizational documents of each Company, or hereby waive any right to have received such notice; and

FURTHER RESOLVED, that all acts, actions and transactions relating to the matters contemplated by the foregoing resolutions done in the name of and on behalf of each Company, which acts would have been approved by the foregoing resolutions except that such acts were taken before the adoption of these resolutions, are hereby in all respects approved and ratified as the true acts and deeds of each Company with the same force and effect as if each such act, transaction, agreement or certificate has been specifically authorized in advance by resolution of each Governing Body; and

5

FURTHER RESOLVED, that each of the Authorized Persons (and their designees and delegates) be, and hereby is, authorized and empowered to take all actions or to not take any action in the name of each Company with respect to the transactions contemplated by these resolutions hereunder, as such Authorized Person shall deem necessary or desirable in such Authorized Person's reasonable business judgment as may be necessary or convenient to effectuate the purposes of the transactions contemplated herein.