**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC., *et al.,*[1]<br><br>                       Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>                       Plaintiff,<br>v.<br><br>ART VAN FURNITURE, LLC, et al.,<br><br>                       Defendants. | Adv. Pro. No. 20-50548 (CSS) |

**PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR CLASS**
**CERTIFICATION AND RELATED RELIEF**

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

**TABLE OF CONTENTS**

STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS ................................................. 1

BACKGROUND FACTS ....................................................................................................................... 2

THE PRESENT ACTION ....................................................................................................................... 3

SUMMARY OF ARGUMENT .............................................................................................................. 5

    I.    WARN Claims are Especially Appropriate for Class Certification ....................................... 6

    II.    Class Certification is Appropriate in the Bankruptcy Context ............................................. 7

    III.    Merits Based Inquiries are Limited at This Stage .............................................................. 7

    IV.    The Proposed Class Satisfies the Requirements of Rule 23 ................................................ 9

        A.    The Proposed Class Meets the Requirements of Fed. R. Civ. P. 23(a) ............................. 9

        B.    The Proposed Class Meets the Requirements of Rule 23(b)(3) ....................................... 15

    V.    The Court Should Appoint the Undersigned Class Counsel ................................................ 17

    VI.    The Court Should Appoint Plaintiffs as Class Representatives ........................................ 17

    VII.    The Form and Manner of Service of Notice are Proper .................................................... 18

CONCLUSION ..................................................................................................................................... 19

## TABLE OF AUTHORITIES

Page(s)

Cases

*Alberts v. Nash Finch Company*,
    245 F.R.D. 399 (D. Minn. 2007) ............................................................................................. 8

*Amchem Prods., Inc. v. Windsor*,
    521 U.S. 591 (1997) ...................................................................................................... 9, 16

*Amgen v. Connecticut Retirement Plans and Trust Funds,*
    133 S.Ct. 1184 (2013) ......................................................................................................... 7

*Applegate v. Formed Fiber Technologies, LLC*,
    No. 10–CV–00473–GZS, 2012 WL 3065542 (D. Me. July 27, 2012) .......................................... 6

*Assif v. Titleserv, Inc.*,
    288 F.R.D. 18 (E.D.N.Y. 2012) ............................................................................................. 6

*Baby Neal for & by Kanter v. Casey*,
    43 F.3d 48 (3d Cir. 1994) .............................................................................................. 12, 13

*Beck v. Maximus, Inc.*,
    457 F.3d 291 (3d Cir. 2006) ........................................................................................... 13, 14

*Behrend v. Comcast Corp.*,
    245 F.R.D. 195 (E.D. Pa. 2007) ........................................................................................ 9, 11

*Califano v. Yamasaki*,
    442 U.S. 682 (1979) .......................................................................................................... 12

*Cannon v. Cherry Hill Toyota Inc.*,
    184 F.R.D. 540 (D.N.J. 1999) ............................................................................................. 14

*Cashman v. Dolce International/Hartford*,
    225 F.R.D. 73 (D. Conn. 2004) ........................................................................................... 10

*Conn v. Dewey & LeBoeuf LLP*,
    487 B.R. at 179 n. 8 (Bankr. S.D.N.Y. 2013) .......................................................................... 6

*Eisen v. Carlisle & Jacquelin*,
    391 F.2d 555 (2d Cir. 1968) ................................................................................................ 15

*Feret v. Corestates Fin. Corp.*, No. CIV. A.,
    97-6759, 1998 WL 512933 (E.D. Pa. Aug. 18, 1998) ................................................................ 10

*Finnan v. L.F. Rothschild & Co.*,
  726 F. Supp. 460 (S.D.N.Y. 1989) ..................................................................................... 6, 10

*Gates v. Rohm & Haas Co.,*
  248 F.R.D. 434 (E.D. Pa. 2008) ...................................................................................... 10, 14

*General Tel. Co. v. Falcon*,
  457 U.S. 147 (1982) .............................................................................................................. 12

*Goldman v. Radioshack Corp.,*
  Civ.A. 03-0032, 2005 WL 1124172 (E.D. Pa. May 9, 2005) ....................................................... 15

*Gomez v. American Garment Finishers Corp.*,
  200 F.R.D. 579 (W.D. Tex. 2000) ........................................................................................... 12

*Grimmer v. Lord, Day & Lord*,
  94 CIV. 8795 (MGC), 1996 WL 139649 (S.D.N.Y. Mar. 8, 1996) ........................................... 6, 11

*In re Brokerage Antitrust Litigation*,
  282 F.R.D. 92 (D.N.J. 2012) .................................................................................................. 18

*In re Charter Co.,*
  876 F.2d 866 (11th Cir.1989) ................................................................................................. 11

*In re Connaught Grp., Ltd.*,
  491 B.R. 88 (Bankr. S.D.N.Y. 2013) .................................................................................. 6, 7, 9

*In re First Interregional Equity Corp.*,
  227 B.R. 358 (Bankr. D.N.J. 1998) ......................................................................................... 15

*In re Kaiser Group Int'l*,
  278 B.R. 58 (Bankr. D. Del. 2002) ......................................................................................... 10

*In re MF Global Inc.*,
  512 B.R. 757 (Bankr. S.D.N.Y. 2014) ...................................................................................... 9

*In re Partsearch Technologies, Inc.*,
  453 B.R. 84 (Bankr. S.D.N.Y. 2011) ....................................................................................... 11

*In re Spring Ford Indus., Inc.*,
  No. 02-15015 DWS, 2004 WL 231010 (Bankr. E.D. Pa. Jan. 20, 2004) .............................. passim

*In re Taylor Bean & Whitaker Mortgage Corp*,
  ., No. 3:09-BK-07047-JAF, 2010 WL 4025873 (Bankr. M.D. Fla. Sept. 27, 2010) .................... 11

*In re TSC Glob., LLC*,
  No. 12-10505 (KG), 2013 WL 6502168 (Bankr. D. Del. June 26, 2013) .................................... 7

*In re TWL, Corp.*,
  712 F.3d 886 (5th Cir. 2013) ....................................................................................... 7

*In re Whirlpool*,
  722 F.3d 838 (6th Cir. 2013) ....................................................................................... 8

*In re: A-P-A Transport Corp. Consol. Litig.*,
  No. 02–3480, 2005 WL 3077916 (D.N.J. Nov. 16, 2005) ..................................... passim

*Johnston v. HBO Film Management, Inc.*,
  265 F.3d 178 (3d Cir. 2001) ................................................................................. 11, 14

*Kleen Prod. LLC*,
  831 F.3d 919 (7th Cir. 2016) ....................................................................................... 8

*May v. Blackhawk Mining, LLC*,
  319 F.R.D 233 (E.D.Ky. 2017). ................................................................................... 8

*Miller v. Columbus Steel Castings Co., et al.*, Adv.,
  Proc. No. 16-50997 (CSS) (Bankr. Del) ..................................................................... 7

*Moskovitz v. Loop*,
  128 F.R.D. 624 (E.D. Pa. 1989) .................................................................................. 9

*Nolan v. Reliant Equity Investors, LLC*,
  3:08–CV–62, 2009 WL 2461008 (N.D. W.Va. Aug. 10, 2009) ............................. 15, 16

*Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*,
  259 F.3d 154 (3d Cir. 2001) ....................................................................................... 9

*Powers v. Lycoming Engines*,
  245 F.R.D. 226 (E.D. Pa. 2007) ............................................................................... 13

*Ramcharan v. A.F.L. Quality, Inc.*,
  No. 1:12-CV-07551, 2014 WL 4388579 (D.N.J. Sept. 5, 2014) ....................... 7, 13, 16

*Rosenau v. Unifund Corp.*,
  646 F.Supp.2d 743 (E.D. Pa. 2009) .......................................................................... 18

*Smith v. Dominion Bridge Corp.*, No. CIV. A.,
  96-7580, 1998 WL 98998 (E.D. Pa. March 6, 1998) ................................................. 16

*Stewart v. Abraham*,
  275 F.3d 220 (3d Cir. 2001) ..................................................................................... 10

*Thomay v. Klausner Lumber One, LLC*, Adv.,
  Proc. No. 20-50602-KBO (Bank.D.Del.)....................................................................... 7

*Tyson Foods, Inc. v. Bouaphakeo,*
  136 S. Ct. 1036, 194 L. Ed. 2d 124 (2016) ................................................................. 8

*Varacallo v. Massachusetts Mut. Life Ins. Co.,*
  226 F.R.D. 207 (D.N.J. 2005) ..................................................................... 15, 18

*Wal-Mart Stores, Inc. v. Dukes,*
  564 U.S. 338 (2011) ................................................................................ 8

*Wetzel v. Liberty Mutual Ins. Co.,*
  508 F.2d 239 (3d Cir. 1975) ......................................................................... 9

*In re Taylor Bean & Whitaker Mortgage Corp.,*
  No. 3:09-BK-07047-JAF, 2010 WL 4025873 (Bankr. M.D. Fla. Sept. 27, 2010) ........................ 11

*Young v. Fortis Plastics, LLC,*
  294 F.R.D. 128 (N.D. Ind. 2013) ..................................................................... 6

Statutes

11 U.S.C. § 503 ...................................................................................... 5
11 U.S.C. § 503(b)(1)(A) ........................................................................... 3, 5
11 U.S.C. § 507 ...................................................................................... 5
11 U.S.C. § 507(a)(4) and (5) ...................................................................... 3
11 U.S.C. § 726 ...................................................................................... 5
29 U.S.C. § 2101(a)(2) .............................................................................. 2
29 U.S.C. § 2101(a)(1) ........................................................................... 5, 10
29 U.S.C. § 2102(a) .................................................................................. 5
29 U.S.C. § 2104 .................................................................................... 6
29 U.S.C. § 2104(a)(5) .............................................................................. 6
29 U.S.C. § 2101 ............................................................................ 1, 3, 4, 5

Rules

Fed. R. Civ. P. 23 ........................................................................... 7, 8, 9, 12
Fed. R. Civ. P. 23(a) ......................................................................... 9, 14, 15
Fed. R. Civ. P. 23(c)(2)(B) .................................................................... 18, 19
Fed. R. Bankr. P. 7023 ............................................................................ 1, 7
Fed. R. Civ. P. 23(a)(2) ........................................................................... 11
Fed. R. Civ. P. 23(a)(4) ........................................................................ 14, 15
Fed. R. Civ. P. 23(a)(1) ........................................................................ 10, 11
Fed. R. Civ. P. 23(a)(3) ........................................................................... 13
Fed. R. Civ. P. 23(b) ............................................................................... 9
Fed. R. Civ. P. 23(b)(3) ....................................................................... passim
Fed. R. Civ. P. 23(c)(3) ........................................................................... 18

Regulations

20 C.F.R. §  639(a)................................................................................................................... 5

Other Authorities

Class Certification in the Age of Aggregate Proof,
    84 N.Y.U. L. Rev. 97 (2009)............................................................................................ 8

## STATEMENT OF THE NATURE AND STAGE OF THE PROCEEDINGS

Todd Stewart and Jennifer Sawle, on behalf of themselves and all others similarly situated (the "Plaintiffs"), commenced this putative class action on March 23, 2020, against Defendants Art Van Furniture, LLC and its affiliates (the "Defendants" or "Debtors"). In the complaint, Plaintiffs alleges that beginning on March 19, 2020, they and similarly situated employees were terminated from their employment by Defendants in connection with mass layoffs or plant closings ordered by Defendants. Plaintiffs allege that they and the putative class were terminated without receiving 60 days' written notice as required by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §§ 2101 *et seq.* ("WARN Act") (D.I. 1). Plaintiffs allege that because of Defendants' failure to give adequate notice, Defendants are liable under the WARN Act for 60 days' wages and benefits to each affected employee. (*Id.*)

Plaintiffs now move for an order, in furtherance of their claims under the Worker Adjustment Retraining and Notification ("WARN") Act, 29 U.S.C. § 2101 *et seq.* (a) certifying a class, pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure, made applicable by Federal Rule of Bankruptcy Procedure 7023, defined as: Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020, and (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and (iv) who have not filed a timely request to opt-out of the class, (b) appointing Raisner Roupinian LLP as Class Counsel, (c) appointing Plaintiffs as the Class Representatives, (d) approving the form and manner of Notice, and (e) and such further relief as this Court may deem proper.

In support of this motion, Plaintiffs submit this memorandum of law along with their

supporting declarations and that of René S. Roupinian ("Roupinian Dec."), as well as a proposed notice to the class and proposed order which are attached hereto as Exhibits A-D, respectively.

## BACKGROUND FACTS

Until petitions for Chapter 11 bankruptcy were filed by Debtors on March 9, 2020, Defendant Art Van Furniture, LLC and its affiliates (also referred to herein as "Debtors," the "Defendants" or "Art Van") operated a retail business with 169 locations, including 92 furniture and mattress showrooms and 77 freestanding mattress and specialty locations. Debtors do business under several brand names, including Art Van Furniture, Pure Sleep, Scott Shuptrine Interiors, Levin Furniture, Levin Mattress, and Wolf Furniture. Plaintiffs and the other similarly situated former employees were terminated as part of, or as a result of mass layoffs and/or plant closing, as defined by the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101(a)(2) (the "WARN Act") at stores in Illinois, Michigan, and Pennsylvania, with approximately 2,000 employees working at those locations. Plaintiffs worked at two of the stores in Michigan.

On March 4, 2020, Plaintiffs received a letter notifying them that terminations at the Facilities where they worked would commence on May 5, 2020, or within 14 days thereafter.  Plaintiffs were not terminated on May 5, 2020.  Instead, on the evening of March 19, 2020, Defendants abruptly notified its employees, including Plaintiffs, that terminations would occur immediately for non-leader personnel and on March 22, 2020 for lead personnel. Along with Plaintiffs, hundreds  of other employees of Defendants who worked at, reported to, or received assignments from Defendants' Facilities were terminated on or about March 19,2020 without advanced written notice as required by the WARN Act. Neither Plaintiffs nor any of the other former employees who worked at Debtors' Facilities received 60 days' pay and benefits in lieu of notice.

2

**THE PRESENT ACTION**

On March 8, 2020, the Debtors each filed a Voluntary Petition for Relief under Chapter 11 of the Bankruptcy Code. (Bankr. No. 20-10553, D.I. 2). On March 10, 2020, the Debtors' cases were consolidated for joint administration. (Bankr. Bankr. No. 20-10553, D.I. 71). On April 7, 2020, the bankruptcy case was converted to Chapter 7 and the Chapter 7 Trustee was appointed. (Bankr. No. 20-10553, D.I. 263, 264).

On March 23, 2020, Plaintiffs commenced an adversary proceeding against the above-captioned debtor-defendants ("Defendants"), in this Court (Adv. Proc. No. 20-01584-VFP (CSS) (the "Adversary Proceeding") (D.I. 1). The Adversary Proceeding seeks damages as first priority post-petition administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A) or, alternatively wage priority status pursuant to 11 U.S.C. § 507(a)(4) and (5) up to $13,650, and the remainder as a general unsecured claim (D.I. 1, Prayer for Relief).

The Complaint alleges that the Defendants violated the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101, *et seq.* (the "WARN Act") and seeks relief on behalf of a putative class of present or former employees of the Defendants.

The Complaint alleges a Rule 23(b)(3) class claim arising from Defendants' violation of the WARN Act. The Complaint alleges that Defendants employed more than 100 employees who worked at least 4,000 hours per week; and that Defendants effected "mass layoffs" or "plant closings" that resulted in the loss of employment for at least 50 employees and at least 33% of the workforce, excluding part-time employees, as defined by the WARN Act. (D.I. 1, ¶¶ 40, 44-48).

The Complaint alleges that Plaintiffs and the putative class were not provided 60 days advance written notice of their terminations by Defendants, as required by the Worker Adjustment and Retraining Notification Act ("WARN Act"), 29 U.S.C. § 2101 *et seq.* (D.I. 1, ¶ 1).

The Complaint further alleges that Plaintiffs and the other similarly situated former

employees were terminated beginning on or about March 19, 2020, and were discharged without cause; that all of these former employees, as well as other employees who suffered a loss of employment as the reasonably foreseeable consequence of the mass layoffs or plant closings are "affected employees," as defined by 29 U.S.C. §2101(a)(5), that these former employees did not receive from Defendants 60 days' advance written notice as required by the WARN Act; and that Defendants failed to pay them wages and fringe benefits, as required by the WARN Act. (D.I. 1, ¶¶ 47-54).

The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23(a) in so far as there are common questions of law and fact that are applicable to all members of the Class; that the Class is so numerous as to render joinder of all members impracticable; that Plaintiffs' claims are typical of the claims of the other Class Members; that Plaintiffs will fairly and adequately protect and represent the interests of the Class; that Plaintiffs have the time and the resources to prosecute this action; and that they have retained counsel who have extensive experience in matters involving employment class actions and the WARN Act. (D.I. 1, ¶¶ 32, 36-38).

The Complaint further alleges that the proposed class meets the requirements of Fed. R. Civ. P. 23(b)(3) in so far as there are questions of law and fact common to the class members that predominate over any questions affecting only individual members; that a class action is superior to other available methods for the fair and efficient adjudication of the controversy; particularly in the context of WARN Act litigation, where an individual plaintiff and class members may lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate Defendants. (D.I. 1, ¶¶ 40-41).

On December 10, 2020, the Defendants filed an Answer to the Complaint wherein they generally deny the allegations and assert several affirmative defenses, including that the terminations were caused by unforeseeable business circumstances, that notice was not required because of the

4

terminations were caused by a natural disaster, that Defendants acted in good faith, and that the Plaintiffs' claims are not entitled to first priority post-petition administrative expense pursuant to 11 U.S.C. § 503(b)(1)(A). (D.I. 1, 25).

On April 28, 2021, Plaintiffs served their first set of interrogatories and request for production of documents on Defendants. The parties informally exchanged information regarding the composition of the putative class, covered sites and damages, discussed the substantive issues of the case and agreed to stay formal discovery pending mediation.

On July 27, 2021, the parties participated in a mediation with the Hon. Kevin Gross but did not settle the Action. (D.I. 39). Thereafter, the parties resumed written discovery pursuant to the pretrial scheduling order entered on June 10, 2021. (D.I. 31).

On October 29, 2021, the Trustee filed a First Amended Answer to the Complaint (ECF 40). In its First Amended Answer, the Trustee denies that Defendants were an "employer" under 29 U.S.C. § 2101(a)(1) and 20 C.F.R. §  639(a), and asserts additional defenses, namely that  Plaintiffs are required to arbitrate their WARN claims, claims that at the time notice was required that Art Van was no longer operating as a going concern but was a liquidating fiduciary, that WARN notice was not required because the COVID pandemic qualifies as a "natural disaster"  under the WARN Act, and that Defendants acted in good faith in carrying out the terminations. The Trustee also denies Plaintiffs' WARN claims are entitled to priority under  11 U.S.C. § 503, 11 U.S.C. § 507 and 11 U.S.C. § 726.

## **<u>SUMMARY OF ARGUMENT</u>**

The federal WARN Act provides a rather simple mandate: before instituting a "plant closing" or "mass layoff," an employer must provide sixty days' written notice to employees and to relevant local government entities. 29 U.S.C. § 2102(a). A covered employer is one that employs at least 100 full-time employees. 29 U.S.C. § 2101(a)(1).

The WARN Act provides a cause of action for any employee who suffers a covered employment loss without having received the statutorily required notice. 29 U.S.C. § 2104. Notably, the Act itself expressly emphasizes the appropriateness of class-based proceedings to enforce the law and to obtain the statutory relief: "A person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court of the United States…" 29 U.S.C. § 2104(a)(5). The Plaintiffs' effort to obtain relief not only for themselves, but for others similarly situated, is expressly recognized as appropriate by the statute.

## I.      WARN Claims are Especially Appropriate for Class Certification

Congress gave WARN Act plaintiffs the right to bring representative actions to enforce their rights when they have been terminated without the required notice: "A person seeking to enforce such liability … may sue either for such person or for other persons similarly situated, or both, in any district court of the United States…."  29 U.S.C. § 2104(a)(5); *Young v. Fortis Plastics, LLC*, 294 F.R.D. 128, 134 (N.D. Ind. 2013) ("The WARN Act indicates that class treatment may be appropriate in this type of litigation, providing that a person may sue 'for other persons similarly situated.'"); *Applegate v. Formed Fiber Technologies, LLC*, No. 10–CV–00473–GZS, 2012 WL 3065542, at *3 (D. Me. July 27, 2012) (indicating same). Thus, WARN class claims have been recognized and certified by District and Bankruptcy Courts in New York as being "particularly amenable to class litigation." *Finnan v. L.F. Rothschild & Co.*, 726 F. Supp. 460, 465 (S.D.N.Y. 1989); *Ien v. Transcare Corp.* 16-01033-SMB (Bankr.S.D.N.Y.)(D.I. 46)(WARN class certified); *Assif v. Titleserv, Inc.*, 288 F.R.D. 18 (E.D.N.Y. 2012)(same); *In re Connaught Grp., Ltd.*, 491 B.R. at 93-94 (same); *Conn v. Dewey & LeBoeuf LLP,* 487 B.R. at 179 n. 8 (Bankr. S.D.N.Y. 2013) (collecting cases); *Grimmer v. Lord, Day & Lord*, 94 CIV. 8795 (MGC), 1996 WL 139649, at *2 (S.D.N.Y. Mar. 8, 1996) ("[T]he WARN Act provisions lend themselves to class action because they provide for limited recovery.").

Recognizing that a WARN Act layoff or closing requires a group of at least 50 persons, courts

6

in the Third Circuit have found that class actions are specifically contemplated by the Act and have granted certification frequently. *Ramcharan v. A.F.L. Quality, Inc.,* No. 1:12-CV-07551, 2014 WL 4388579, at *3 (D.N.J. Sept. 5, 2014), *on reconsideration in part,* No. CIV. 12-7551 RMB/AMD, 2015 WL 4275534 (D.N.J. Apr. 14, 2015); *In re: A-P-A Transport Corp. Consol. Litig.,* No. 02–3480, 2005 WL 3077916 (D.N.J. Nov. 16, 2005). (See also, Decl. of R. Roupinian, listing cases). Numerous courts have found that WARN Act claims are particularly amenable to class certification. *Id.*, at *5 (citing *In re Spring Ford Indus., Inc.,* No. 02–15015, 2004 WL 231010, at *6 (Bankr. E.D. Pa. Jan.20, 2004) ("I would agree, at least with respect to the numerosity requirement, that '[t]he WARN Act seems *particularly amenable* to class litigation'") (citations omitted; emphasis added)). *See also*, *Miller v. Columbus Steel Castings Co., et al.*, Adv. Proc. No. 16-50997 (CSS)(ECF No. 31)(Bankr. Del) (WARN class certified); *Thomay v. Klausner Lumber One, LLC*, Adv. Proc. No. 20: 50602-KBO (Bank.D.Del.) (WARN class certified and final settlement granted on May 20, 2021)(D.I. 73).

II.     **Class Certification is Appropriate in the Bankruptcy Context**

Federal Rule of Bankruptcy Procedure 7023 unequivocally provides that class action rules shall apply in adversary proceedings: "Fed. R. Civ. P. 23 applies in adversary proceedings." *See*, *In re TWL, Corp.,* 712 F.3d 886, 893 (5th Cir. 2013) ("In an adversary proceeding, Rule 23 is automatically applicable: 'there is no need to seek its application as is required in the claims allowance process.'") (citation omitted). Adversary proceedings are appropriate for adjudicating WARN class action claims. *In re TSC Glob., LLC*, No. 12-10505 (KG), 2013 WL 6502168, at *4 (Bankr. D. Del. June 26, 2013) (collecting cases); *Schuman v. The Connaught Group, Ltd.*, 491 B.R. 88, 93-94 (Bankr. S.D.N.Y. 2013) (collecting cases).

III.    **Merits Based Inquiries are Limited at This Stage**

Merits-based inquiries are very limited at the class certification stage. *See Amgen v.*

*Connecticut Retirement Plans and Trust Funds,* 133 S.Ct. 1184, 1194-1195 (2013) (indicating that "[m]erits questions may be considered to the extent—but only to the extent—that they are relevant to determining whether the Rule 23 prerequisites for class certification are satisfied" and citing *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 352 n.6 (2011) for the proposition that "a district court has no 'authority to conduct a preliminary inquiry into the merits of a suit' at class certification unless it is necessary 'to determine the propriety of certification.'")).

A defendant's contention that plaintiffs and the class cannot prove a common element of their case does not mean that class certification cannot be granted.  Rather, when "'the concern about the proposed class is not that it exhibits some fatal dissimilarity but, rather, a fatal similarity— [an alleged] failure of proof as to an element of the Plaintiffs' cause of action—courts should engage that question as a matter of summary judgment, not class certification.'" *Tyson Foods, Inc. v. Bouaphakeo*, 136 S. Ct. 1036, 1047, 194 L. Ed. 2d 124 (2016) (quoting Nagareda, Class Certification in the Age of Aggregate Proof, 84 N.Y.U. L. Rev. 97, 107 (2009);  *May v. Blackhawk Mining, LLC*, 319 F.R.D. 233, 238 (E.D. Ky. 2017) (holding in WARN Act case that class certification does not require, under Rule 23(b)(3), that the plaintiff "must first establish that it will win the fray...." This court seeks only "to select the 'metho[d]' best suited to adjudication of the controversy 'fairly and efficiently.'"), (citing *In re Whirlpool*, 722 F.3d 838,  858–59 (6th Cir. 2013)). Indeed, because a class can be certified based on similarities that may ultimately prove fatal to the claims, debtors "should *favor* certification of a plaintiff class, as [Defendants'] 'win' [on the merits] would then bind all class members, instead of only the individual plaintiffs." *Alberts v. Nash Finch Company*, 245 F.R.D. 399, 408 n.4 (D. Minn. 2007).  *See also Kleen Prod. LLC*, 831 F.3d 919, 929 (7th Cir. 2016)("If in the end the Debtors win on the merits, this entire matter will be over in 'one fell swoop.'").

A denial of class certification, on the other hand, invites a "multiplicity of activity" that "Rule 23 was designed to avoid" and jeopardizes the efficient and orderly administration of the estate by

8

*inter alia*, opening up the possibility that a new bar date will be needed for WARN claimants. *In re MF Global Inc.*, 512 B.R. 757, 764-65 (Bankr. S.D.N.Y. 2014) ("The principal consideration must be the effect of the class certification on the administration of the estate.") (quoting *The Connaught Grp., Ltd. (In re The Connaught Grp., Ltd.),* 491 B.R. 88, 98 (Bankr. S.D.N.Y. 2013)).

As is customary in WARN cases, Defendant's actions were strictly class-wide, which readily streamlines the Rule 23 analysis in favor of certification.

### IV.    The Proposed Class Satisfies the Requirements of Rule 23

Class certification requires a two-step inquiry. First, Plaintiffs must satisfy the four prerequisites of Fed. R. Civ. P. 23(a), then at least one of the subsections of Rule 23(b).  *See, e.g.*, *Wetzel v. Liberty Mutual Ins. Co.,* 508 F.2d 239, 248 (3d Cir. 1975).  Here, as explained below, the class satisfies Rule 23's subsections (a) and (b)(3).

### A.    The Proposed Class Meets the Requirements of Fed. R. Civ. P. 23(a)

Fed. R. Civ. P. 23(a) provides that one or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interest of the class. *Amchem Prods., Inc. v. Windsor*, 521 U.S. 591, 614 (1997). *In re A-P-A Transport Corp.*, 2005 WL 3077916, at *2.

### 1.  Numerosity Requirement is Satisfied

Numerosity requires a finding that the putative class is "so numerous that joinder of all members is impracticable." *Newton v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 259 F.3d 154, 182 (3d Cir. 2001). "No single magic number exists satisfying the numerosity requirement." *Behrend v. Comcast Corp.*, 245 F.R.D. 195, 202 (E.D. Pa. 2007) (citing *Moskovitz v. Loop*, 128 F.R.D. 624, 628 (E.D. Pa. 1989).  However, the Third Circuit "typically has approved classes numbering 40 or

more." *Gates v. Rohm & Haas Co.,* 248 F.R.D. 434, 440 (E.D. Pa. 2008) (citing *Stewart v. Abraham*, 275 F.3d 220, 226-27 (3d Cir. 2001)("No minimum number of plaintiffs is required to maintain a suit as a class action, but generally if the named plaintiff demonstrates that the potential number of plaintiffs exceeds 40, the first prong of Rule 23 has been met."); *In re. A-P-A Transport Corp.*, 2005 WL 3077916, at *3 (same). Here, Plaintiffs estimate that approximately two thousand individuals would qualify as class members under the proposed definition, with the exact number ascertainable in Defendants' books and records.

A WARN class is likely to satisfy Rule 23(a)(1), given the nature of the Act. *Cashman v. Dolce International/Hartford*, 225 F.R.D. 73, 91 (D. Conn. 2004) (citing *Finnan v. L.F. Rothschild & Co.*, 726. F. Supp. 460, 465 (S.D.N.Y. 1989) ("By its terms, WARN is applicable only in the context of employer action which affects a large number of employees.")). *See also, e.g., In re Kaiser Group Int'l*, 278 B.R. 58, 64 (Bankr. D. Del. 2002) (discussing the law of "numerosity" and finding that a class of approximately 47 members was sufficiently numerous to justify certification). *See Finnan v. L.F. Rothschild & Co., Inc.,* 726 F. Supp. 460, 465 (S.D.N.Y. 1989) (citing 29 U.S.C. § 2101(a)(1) and finding numerosity met where class size of 127 employees was alleged). Here, the alleged class size of approximately two thousand putative class members clearly meet the greater-than-forty requirement of this circuit. *In re Spring Ford Ind.,* 2004 WL 231010 at *6 (Bankr. E.D. Pa. Jan. 20, 2004). Joinder of that number of litigants is entirely impracticable.

Where, as here, the members of the proposed class have limited financial resources and the size of their individual claims make individual suits financially unfeasible, those factors cut in favor of a determination that the numerosity requirement has been satisfied. *See, e.g., Feret v. Corestates Fin. Corp.*, No. CIV. A. 97-6759, 1998 WL 512933, at *5 (E.D. Pa. Aug. 18, 1998) (factors considered in numerosity include "the size of individual claims" and "the financial resources of class members"). Individually, the class members' claims are negative value claims because the cost of

litigating each one separately exceeds the potential recovery. *Grimmer v. Lord, Day & Lord*, 94 CIV. 8795 (MGC), 1996 WL 139649, at \*2 (S.D.N.Y. Mar. 8, 1996)("I do not know how many $10,000 plaintiffs there are here, but for those plaintiffs to bring a lawsuit is simply too expensive. It is economically impractical, and that is the kind of practicality that the class action was aimed at."). *In re Partsearch Technologies, Inc.*, 453 B.R. 84, 97 (Bankr. S.D.N.Y. 2011) (same) (quoting *In re Taylor Bean & Whitaker Mortg. Corp.*, 2010 WL 4025873, at \*6). As the Court in *Taylor Bean & Whitaker* explained:

> The Court also believes that an adversary proceeding is necessary to protect the employees' rights, given the relatively small nature of their individual claims and the concern as expressed by the Eleventh Circuit in *In re Charter Co.,* 876 F.2d at 877, that persons holding small claims may not prosecute their claims absent class procedures. Finally, the Court notes that the putative class members are spread out in several states and would likely suffer geographical hardship if required to defend their claims individually.

2010 WL 4025873, at \*4.

Here, Plaintiffs have claims estimated on average to be less than $15,000. (Exh. A). Because of the small size of their claims, their current financial situation, and the cost of attorneys' fees, they are unable to pursue their claims as sole litigants. *Id.* They also believe that the other former employees of Defendants who were terminated on or about March 19, 2020 are similarly situated and unable to pursue their rights under the WARN Act except through a class action. *Id.* Accordingly, Plaintiffs satisfy the numerosity requirement of Fed. R. Civ. P. 23(a)(1).

**2. Questions of Law and Fact Are Common to All Members of the Proposed Class**

The commonality requirement requires existence of at least one question of law or fact common to the Class. Federal Rule of Civ. P. 23(a)(2); *Johnston v. HBO Film Management, Inc.*, 265 F.3d 178, 184 (3d Cir. 2001). The commonality threshold is low and does not require "an identity of claims or facts among class members." *Behrend v. Comcast Corp.*, 245 F.R.D. 195, 202 (E.D. Pa. 2007). Further, the existence of individual facts and circumstances will not defeat commonality so

11

long as the class members allege harm under the same legal theory. *Baby Neal for & by Kanter v. Casey*, 43 F.3d 48, 56 (3d Cir. 1994) (the commonality requirement will be satisfied if the named plaintiffs share at least one question of fact or law with the grievances of the prospective class). For, in such cases, "'the class-action device saves the resources of both the courts and the parties by permitting an issue potentially affecting every [class member] to be litigated in an economical fashion under Rule 23.'" *General Tel. Co. v. Falcon*, 457 U.S. 147, 155 (1982) (quoting *Califano v. Yamasaki*, 442 U.S. 682, 700-701 (1979)) (alteration in original).

These fundamental principles were recognized in *In re A-P-A Transp. Corp. Consol. Litig.*, No. Civ. 02-3480 WGB, 2005 WL 3077916 (D.N.J. Nov. 16, 2005), where the Court granted class certification finding that the class of employees allegedly laid off without the 60-day advance notice required by the WARN Act satisfied the commonality requirement of the class action rule since the named plaintiff and proposed class were united by the common legal question of whether the employer complied with the statutory notice requirements of WARN. *Id.* at *4 (citing *Gomez v. American Garment Finishers Corp.*, 200 F.R.D. 579 (W.D. Tex. 2000) ("the threshold of commonality is not high and … is met when there is 'at least one issue, the resolution of which will affect all or a significant number of the putative class members'") (citation omitted).

Here, the Plaintiffs claim that they and the other Class Members were terminated as part of a common plan stemming from Defendants' decision to terminate them and others similarly situated. Additionally, the factual and legal questions stem from a common core of facts regarding Defendants' actions and a common core of legal issues regarding every class member's rights, as follows: (a) whether Defendants employed more than 100 employees; (b) whether all the class members are protected by the WARN Act; (c) whether the class members were employees of Defendants; (d) whether Defendants discharged the class members within 30 days of in connection with mass layoffs or plant closings or as the reasonably foreseeable result thereof; (e) whether the class members were

12

"affected employees"; (f) whether Defendants terminated the employment of the class members without cause; (g) whether Defendants terminated the employment of the class members without giving them at least 60 days' prior written notice as required by the WARN Act; and (h) whether Defendants owe the class members each 60 days' wages and benefits. These common questions far exceed the requirement of a single common question of law or fact. *See, e.g., Ramcharan*, 2014 WL 4388579, at *6; *In re Spring Ford Indus., Inc.*, 2004 WL 231010, at *7. Thus, the proposed Class satisfies commonality.

### 3. The Claims of the Representatives are Typical of the Claims of the Class

Rule 23(a)(3) requires that "the claims or defenses of the representative parties [be] typical of the claims or defenses of the class." Typicality requires that the "'named Plaintiffs' claims are typical, in common-sense terms, of the class, thus suggesting that the incentives of the plaintiffs are aligned with those of the class.'" *Beck v. Maximus, Inc.*, 457 F.3d 291, 295-296 (3d Cir. 2006) (quoting *Baby Neal*, 43 F.3d at 55); Fed. R. Civ. P. 23(a)(3). "Typicality requires a strong similarity of legal theories to ensure that the class representative's pursuit of their own goals will work to benefit the entire class." *Powers v. Lycoming Engines*, 245 F.R.D. 226, 236 (E.D. Pa. 2007). "Factual differences will not render a claim atypical if the claim arises from the same event or practice or course of conduct that gives rise to the claims of the class members, and if it is based on the same legal theory." *Beck*, at 295-296 (quoting *Baby Neal*, 43 F.3d at 55).

Typicality under Rule 23(a)(3) should be determined with reference to the company's actions and is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the Defendants' liability, not with respect to particularized defenses it might have against certain class members. *In* re *A-P-A Transp. Corp. Consol. Litig.*, 2005 WL 3077916, at *4 (typicality requirement was met where representatives' claims under the WARN Act were based on the same set of operative facts as the putative class

members, namely, termination without the proper 60 day written notice). Here, the terminations of Plaintiffs and the putative class members resulted from the same course of events that led to their terminations on or about March 19, 2020. Hence, they all suffered the same type of injury. Plaintiffs' "legal theory is the same at the named class, namely that [their] firing violates the provisions of the WARN Act." *In re Spring Ford Indus., Inc.*, 2004 WL 231010, at *7. Because Defendants' alleged failure to comply with the requirements of the WARN Act, represents a single course of conduct resulting in injury to all class members, including Plaintiff. Thus, Plaintiffs satisfy the typicality requirement of Rule 23(a).

**4.  Plaintiffs Will Fairly and Adequately Protect the Interests of the Class**

Federal Rule of Civil Procedure 23(a)(4) provides that a class action is maintainable only if "the representative parties will fairly and adequately protect the interests of the class." FED. R. CIV. P. 23(a)(4); *Gates v. Rohm & Haas Co.*, 248 F.R.D. at 441. The adequacy inquiry "assures that the named Plaintiffs' claims are not antagonistic to the class and that the attorneys for the class representative are experienced and qualified to prosecute the claims on behalf of the entire class." *Beck*, 457 F.3d at 296. Thus, the court must determine "whether the representative's interests conflict with those of the class and whether the class attorney is capable of representing the class." *Johnston*, 265 F.3d at 185; *Cannon v. Cherry Hill Toyota Inc.,* 184 F.R.D. 540, 545 (D.N.J. 1999).

The first element of Rule 23(a)(4) is met in this case because, as set forth above, no divergence exists between the interests of the proposed Class Representatives and the interests of the Class as a whole. As described in Plaintiffs' declarations, the circumstances of their employment and terminations render their interests the same as those of putative class members. (*See* Exh. A). All must prove that they were entitled to, and not given adequate WARN notice. All must show that the Defendants are subject to the WARN Act's notice requirements and are not protected by WARN's statutory exceptions.

14

The second element of Rule 23(a)(4) is met because Plaintiffs' counsel is "qualified, experienced and generally able to conduct the proposed litigation." *Eisen v. Carlisle & Jacquelin*, 391 F.2d 555, 562 (2d Cir. 1968), *cert. denied*, 417 U.S. 156 (1974). *See also, Varacallo v. Massachusetts Mut. Life Ins. Co.*, 226 F.R.D. 207, 233 (D.N.J. 2005) ("A party challenging the Class' representation has the burden to prove that the representation is not adequate."). As set forth in the Roupinian Declaration, proposed class counsel is particularly qualified to represent the putative class in this WARN action and has diligently prosecuted Plaintiffs' claims. (See Exh. B). Prior to commencing that action, proposed class counsel spent time investigating the facts which gave rise to the WARN claim. After filing suit, proposed class counsel has continued to investigate the case and has actively litigated the case, including serving discovery, reviewing payroll and headcount data produced by Debtors, preparing and attending mediation, serving initial disclosures, and filing the instant motion. Accordingly, proposed class counsel is well versed in the relevant facts and has ample experience with the applicable law and are well positioned to conduct the proposed litigation. For all the foregoing reasons, all four prerequisites of Rule 23(a) for class certification are met by the proposed class.

**B.    The Proposed Class Meets the Requirements of Rule 23(b)(3)**

Here, the class meets the two requirements of Rule 23(b)(3) – predominance and superiority. *See Goldman v. Radioshack Corp.,* Civ.A. 03-0032, 2005 WL 1124172 (E.D. Pa. May 9, 2005); *In re First Interregional Equity Corp.*, 227 B.R. 358 (Bankr. D.N.J. 1998). Predominance, under Rule 23(b)(3), requires that "the questions of law or fact common to the members of the class predominate over any questions affecting only individual members."

Predominance is satisfied '[i]f the liability issue is common to the class, common questions are held to predominate over individual ones." *Nolan v. Reliant Equity Investors, LLC*, 3:08–CV–62, 2009 WL 2461008, at *5 (N.D. W.Va. Aug. 10, 2009) (in WARN case, common issues predominate

15

because of three questions: "First, whether AB & C Group was subject to the requirements of the WARN Act. Second, whether the appropriate WARN notice was given. Third, whether the defendants are legally liable for the alleged violation."). Predominance tests whether the proposed class is sufficiently cohesive to warrant adjudication by representation. *Amchem*, 521 U.S. at 623-24; *Nolan*, 2009 WL 2461008, at *5. Moreover, "[i]n the context of alleged WARN Act violations, common issues will almost always predominate. After all, liability depends upon a single employer terminating large groups of employees." *In re Spring Ford Indus., Inc.*, 2004 WL 231010, at *9. Here, the essence of the case is the Plaintiffs' and Class Members' common claim that they were terminated by Defendants without advance written notice in violation of the WARN Act. Predominance is therefore satisfied.

While Defendants may point out that there will be a need to calculate individualized damages, that does not defeat predominance. The calculations can be done from the books and records of Defendants, are straightforward, and rest on a finding of liability which can be made commonly. *See In re Spring Ford Indus., Inc.*, 2004 WL 231010, at *9 ("the information necessary to" liquidate the claim "is clearly in the Debtor's records. . . . it will be a simple matter of identifying the terminated employees and making a straightforward calculation") (citation omitted); *Nolan*, 2009 WL 2461008, at *4 (predominance satisfied because "the computation of damages following a ruling in favor of the class is largely a mechanical task") (citation omitted).

Superiority requires that a class action be "superior to other available methods for the fair and efficient adjudication of the controversy." *Smith v. Dominion Bridge Corp.*, No. CIV. A. 96-7580, *1998 WL 98998, at *5-6* (E.D. Pa. March 6, 1998) (Superiority satisfied where forcing the plaintiffs to litigate their claims individually would impose unnecessary burdens on the courts and the litigants in pursuing duplicative claims); *Ramcharan v. A.F.L. Quality, Inc*., No. 1:12-CV-07551, 2014 WL 4388579, at *8 ("the interests of the class members are best served through a class action lawsuit

16

because many of the claims are small, making individual lawsuits impracticable"). Here, as in other WARN Act cases and adversary proceedings certified by Courts in the Third Circuit, concentrating the WARN Act claims in a single class action will avoid the wasteful duplication that would result from multiple suits. Accordingly, both prongs of Rule 23(b)(3)– predominance and superiority – are satisfied here, and the class should be certified.

### V.    The Court Should Appoint the Undersigned Class Counsel

As shown in the Roupinian Declaration and described above, Plaintiffs' counsel has been actively and diligently prosecuting this action, expending attorney and paralegal time in furtherance of the litigation. Moreover, Plaintiffs are being represented by attorneys who are highly experienced in class action litigation and experienced in prosecuting WARN Act claims, having been appointed Class Counsel in over 100 WARN actions. This weighs in favor of appointing the undersigned Class Counsel. (*See* Exhibit B).

### VI.    The Court Should Appoint Plaintiffs as Class Representatives

Plaintiffs have been diligent in pursuing the class claim and have worked with counsel in initiating and prosecuting the action; they have no conflict of interest with other Class Members and have and will fairly and adequately represent the interests of the Class. The proposed Class Representatives have spent hours of their time speaking with Class Counsel, preparing for an attending the mediation, and assisting in responding to informal requests for information from Defendants regarding their claims. Plaintiffs have been actively involved in prosecuting this case and will continue to do so. For these reasons, Plaintiffs' counsel asks that Todd G. Stewart and Jennifer Sawle be appointed the Class Representatives.

17

**VII.    The Form and Manner of Service of Notice are Proper**

Plaintiffs further submit that service of the proposed Notice of Class Action by First Class Mail, postage prepaid, to each member of the Class at the member's last known address as shown in the Debtors' records is the best notice practicable under all the circumstances.  (Exh. C.)

Fed. R. Civ. P. 23(c)(2)(B) mandates that for any class certified under Rule 23(b)(3), the Court must determine the best notice practicable under the circumstances, including individual notice to potential class members, and that the notice must concisely and clearly state in plain, easily understood language:

- the nature of the action,
- the definition of the class certified,
- the class claims, issues or defenses,
- that a class member may enter an appearance through counsel if the member so desired,
- that the court will exclude from the class any member who requests exclusion, stating when and how members may elect to be excluded, and
- the binding effect of a class judgment on class members under Rule 23(c)(3).

Rule 23(c)(2)(B).  *In re Brokerage Antitrust Litigation*, 282 F.R.D. 92, 110 (D.N.J. 2012).

Although no rigid standards govern the contents of notice to class members, "notice by mail is sufficient if it is reasonably calculated to apprise the interested parties of the pendency of the action and affords them an opportunity to object. *Id.*  Individual mailings to each class member's last known address is appropriate. *Varacallo*, 226 F.R.D. at 225; *Rosenau v. Unifund Corp.*, 646 F.Supp.2d 743, 754-755 (E.D. Pa. 2009); *In re Brokerage Antitrust Litig.,* 282 at 110.

Here, the contents of the proposed Notice are sufficient.  The Notice summarizes in plain language the nature of the pending WARN Act litigation and apprises the proposed Class, among other things, of the Class definition, of the claims, issues and defenses, that complete information regarding the action is available upon request from Class Counsel, that any Class Member may opt-out of the Class, that if they do not opt-out, they will be bound by any judgment or settlement in the

18

litigation, and that if they do not opt-out, they may appear by their own counsel.  In short, the proposed Notice satisfies all the requirements of Rule 23(c)(2)(B).

The names and addresses of all the putative Class Members are contained in Debtors' business records.  Once Plaintiffs have been provided with a class list and the addresses of the Class Members, Plaintiffs' counsel will mail the Notice of Class Action by First Class Mail, postage prepaid, to the last known address of each of the Class Members so that they will have at least 30 days from the date of the mailing to object to Class certification and to opt-out of the Class.  Plainly, this is the best practicable notice under the circumstances.

## CONCLUSION

For all the foregoing reasons, Plaintiffs respectfully request that this Court enter the Proposed Order (Exh. D) granting their Motion for Class Certification and Related Relief.

Dated: November 14, 2021                    Respectfully Submitted,

*/s/ Michael J. Joyce*
Michael J. Joyce (No. 4563)
**THE LAW OFFICES OF JOYCE, LLC**
1225 King Street, Suite 800
Wilmington, DE 19801
Telephone: (302)-388-1944
Email: mjoyce@mjlawoffices.com

OF COUNSEL :

René S. Roupinian (*admitted pro hac vice*)
Jack A. Raisner (*admitted pro hac vice*)
**RAISNER ROUPINIAN LLP**
270 Madison Avenue, Suite 1801
New York, New York 10016
Telephone: (212) 221-1747
Facsimile: (212) 221-1747
Email: rsr@raisnerroupinian.com
Email: jar@raisnerroupinian.com
*Attorneys for Plaintiffs and the putative class*

19