# EXHIBIT A

# UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC., *et al.,*[1]<br><br>　　　　　　　　　Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>ART VAN FURNITURE, LLC, et al.,<br><br>　　　　　　　　　Defendants. | Adv. Pro. No. 20-50548 (CSS) |

## DECLARATION OF JENNIFER SAWLE IN SUPPORT OF
## PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

I, Jennifer Sawle, hereby declare the following under penalty of perjury:

1.　　　I am a former employee of Defendants in the above-captioned class action suit against Defendants to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq.* (the "WARN Act").

2.　　　I make this declaration in support of Plaintiffs' Motion for Class Certification and Related Relief. My representations are based on my personal knowledge.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463)..

3.      I worked in sales at Defendants' facility at 8749 W. Saginaw Highway, Lansing, Michigan.

4.      On or about March 20, 2020, I was terminated without cause from my employment with Defendant.

5.      At the time of my termination, I was earning approximately $55,000 per year as an employee of Art Van, not including benefits.

6.      I did not receive 60 days' advance written notice of my termination.

7.      I believe that beginning on March 19, 2020, Defendants terminated at least 100 other employees from the facility where I worked. Although I am not sure of the exact number of employees who were terminated, I believe that more accurate information is contained in Defendants' business records.

8.      I did not receive 60 days' written notice as required under the WARN Act nor, to the best of my knowledge, did any of the other similarly situated former employees.  I believe that my WARN rights, as well as the WARN rights of the other terminated employees were violated.

9.      I contend that Defendants are legally responsible for my termination and the termination of similarly situated former employees.

10.     I have not received nor, to the best of my knowledge, have any of the other former employees of Defendants received any payments under the WARN Act.

11.     Following my termination, I retained the law firm of Raisner Roupinian LLP to bring a WARN claim on my behalf, as well as on behalf of the other terminated employees as a class.

12. Because the circumstances of my termination are the same as those of the other terminated employees, the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for the damages amounts) are the same.

13. I am eager and willing to continue to assist in prosecuting this action on behalf of the other terminated employees. I have no conflict of interest with other class members.

14. My claim against Defendants under the WARN Act for 60 days' backpay is approximately $8,500, not including benefits. The small size of my claim, my financial situation, and the cost of attorneys' fees leave me unable to pursue this claim as a sole litigant. I believe that the other terminated employees are similarly situated and would be unable to pursue their rights under the WARN Act were it not for this class action.

15. To my knowledge, there is no other action seeking to vindicate the WARN rights of the former employees against the Defendants.

16. The attorneys at Raisner Roupinian LLP have been vigorously prosecuting this action. I believe that the firm is well-qualified to serve as class counsel.

17. In view of the foregoing, I request that Plaintiffs' Motion for Class Certification and Related Relief be granted.

18. I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on November 14, 2021

DocuSigned by:

8C623EDF1B24497...

Jennifer Sawle

3

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC., *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>ART VAN FURNITURE, LLC, et al.,<br><br>Defendants. | Adv. Pro. No. 20-50548 (CSS) |

### DECLARATION OF TODD STEWART IN SUPPORT OF
### PLAINTIFFS' MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

I, Todd G. Stewart, hereby declare the following under penalty of perjury:

1.    I am a former employee of Defendants in the above-captioned class action suit against Defendants to recover 60 days' pay and benefits under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. (the "WARN Act").

2.    I make this declaration in support of Plaintiffs' Motion for Class Certification and Related Relief.  My representations are based on my personal knowledge.

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463)..

3.      I worked as a store manager at Defendants' facility at 14055 Hall Rd., Shelby Township, Michigan 48315.

4.      On or about March 22, 2020, I was terminated without cause from my employment with Defendant.

5.      At the time of my termination, I was earning approximately $85,000 per year as a full-time employee, not including benefits.

6.      I did not receive 60 days' advance written notice of my termination.

7.      I believe that beginning on March 19, 2020, Defendants terminated at least 75 other employees from the facility where I worked. Although I am not sure of the exact number of employees who were terminated, I believe that more accurate information is contained in Defendants' business records.

8.      I did not receive 60 days' written notice as required under the WARN Act nor, to the best of my knowledge, did any of the other similarly situated former employees.  I believe that my WARN rights, as well as the WARN rights of the other terminated employees were violated.

9.      I contend that Defendants are legally responsible for my termination and the termination of similarly situated former employees.

10.     I have not received nor, to the best of my knowledge, have any of the other former employees of Defendants received any payments under the WARN Act.

11.     Following my termination, I retained the law firm of Raisner Roupinian LLP to bring a WARN claim on my behalf, as well as on behalf of the other terminated employees as a class.

12.     Because the circumstances of my termination are the same as those of the other terminated employees, the factual and legal issues bearing on my WARN claim and the WARN claims of the other class members (except for the damages amounts) are the same.

13.     I am eager and willing to continue to assist in prosecuting this action on behalf of the other terminated employees.  I have no conflict of interest with other class members.

14.     My claim against Defendants under the WARN Act for 60 days' backpay is approximately $15,000, not including benefits. The small size of my claim, my financial situation, and the cost of attorneys' fees leave me unable to pursue this claim as a sole litigant.  I believe that the other terminated employees are similarly situated and would be unable to pursue their rights under the WARN Act were it not for this class action.

15.     To my knowledge, there is no other action seeking to vindicate the WARN rights of the former employees against the Defendants.

16.     The attorneys at Raisner Roupinian LLP have been vigorously prosecuting this action.  I believe that the firm is well-qualified to serve as class counsel.

17.     In view of the foregoing, I request that Plaintiffs' Motion for Class Certification and Related Relief be granted.

18.     I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed on _____11/14/2021_____

DocuSigned by:

82F48D949A4846F...

Todd Stewart

3