# EXHIBIT C

## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC., *et al.,*[1]<br><br>                   Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>                   Plaintiff,<br>v.<br><br>ART VAN FURNITURE, LLC, et al.,<br><br>                   Defendants. | Adv. Pro. No. 20-50548 (CSS) |

## <u>NOTICE OF CLASS ACTION</u>

### *YOU ARE NOT BEING SUED. PLEASE READ THIS NOTICE CAREFULLY AS IT MAY AFFECT YOUR RIGHTS.*

**TO:** Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020.

**SUBJECT:** The claims of former employees of Defendants alleging that their rights and the rights of Class Members were violated under the Federal Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 *et seq*. ("WARN Act") and seeking to recover wages and ERISA benefits for each Class Member.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

**DATE:** _____, 2022

## THE CLASS CLAIM

On March 9, 2020, Defendants filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Bankruptcy Code in the United States Bankruptcy Court, District of Delaware (Case No. 20-10553 (CSS)). On March 10, 2020, the Debtors' cases were consolidated for joint administration. (Bankr. Bankr. No. 20-10553, D.I. 71).  On April 7, 2020, the bankruptcy case was converted to Chapter 7 and the Chapter 7 Trustee was appointed to administer the bankruptcy estate. (Bankr. No. 20-10553, D.I. 263, 264).

The Plaintiffs filed their lawsuit against Art Van Furniture LLC and its related companies (together, the "Defendants") on March 25, 2020. The Plaintiffs and other employees worked at facilities operated by Defendants (the "Facilities") until, beginning on March 19, 2020, they were terminated without cause due to alleged mass layoffs or plant closings carried out by Defendants. The Plaintiffs claim that under the WARN Act, they and the other employees were entitled to receive written notice at least 60 days in advance of their terminations and that they did not receive such advanced notice.The  Plaintiffs claim that as a result of Defendants' failure to give the required notice, they and the other former employees terminated in this period are entitled to an award of 60 days'  wages and benefits.  The Plaintiffs claim that Defendants operated their business as a single employer and are, therefore, liable to the Plaintiffs and Class Members for violating the WARN Act.

On December 10, 2020, Defendants filed an Answer to the Complaint. In the Answer, Defendants generally deny the allegations in the Complaint, assert, among other defenses, that the failure to give 60 days' notice of the terminations was caused by unforeseeable business circumstances and that they acted in good faith. Additionally, Defendants assert that they were not required to give 60 days' notice of the terminations because of unforeseeable business circumstances, that the terminations were caused by a natural disaster and that they acted in good faith.

On October 29, 2021, the Trustee filed a First Amended Answer to the Complaint (ECF 40). In its First Amended Answer, the Trustee denies that Defendants were an "employer" under 29 U.S.C. § 2101(a)(1) and 20 C.F.R. §  639(a), and asserts additional defenses, namely that  Plaintiffs are required to arbitrate their WARN claims, that at the time notice was required that Art Van was no longer operating as a going concern but was a liquidating fiduciary, that WARN notice was not required because the COVID pandemic qualifies as a "natural disaster"  under the WARN Act, and that Defendants acted in good faith in carrying out the terminations.

## THE CLASS DEFINITION

The Court has recently certified this case as a Class Action and defined the Class as: Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the

mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020, and (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5) and, (iv) who have not filed a timely request to opt-out of the class.

## WHAT TO DO

**If you wish to be a member of the class, you do not need to do anything,** and you will receive whatever benefits you may be entitled to if you are determined to be eligible as a Class Member. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case. Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel if you are a Class Member.

**If you do NOT wish to participate in this Action and wish to be EXCLUDED and thereby reserve your rights under the WARN Act and NOT share in any recovery in the Action, sign the form below** and mail it by First Class Mail to Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801, New York, New York 10016, (212) 221-1747, Attn: René S. Roupinian. The form must be received by Ms. Roupinian no later than _____, **2022.**  All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

## CLASS COUNSEL AND CLASS REPRESENTATIVES

The Court has appointed Raisner Roupinian LLP, 270 Madison Avenue, Suite 1801, New York, New York 10016, (212) 221-1747 as Class Counsel.  The Court has also recently appointed Plaintiffs Todd Stewart and Jennifer Sawle as the Class Representatives.

## THE COURT HAS NO POSITION ON THE MERITS

The Court has taken no position regarding the merits of the Plaintiffs' claims or Defendants' defenses. The Court has ordered that certification of a class does not operate as a ruling by the Court or a waiver of the rights to assert legal argument or present evidence regarding any claim or defense asserted by Plaintiffs or Defendants, or the Chapter 7 Trustee in this matter.

## ADDITIONAL INFORMATION

If you wish information or assistance, please contact Jenny Hoxha of Raisner Roupinian LLP  at (212) 221-1747. *Please do not call or contact the Court or Defendants' Counsel for information.*

## <u>EXCLUSION FORM</u>

*Stewart, et al. v. Art Van Furniture, LLC., et al.*
United States Bankruptcy Court for the District of Delaware
Adversary Proceeding No. 20-50548 (CSS)

I, the undersigned, have read the foregoing Notice and understand its contents. I, the undersigned, **<u>do not</u>** want to be part of the Class Action or receive any benefits from the Class Action and do not wish to be bound by the outcome of the Class Action.

| | |
|---|---|
| Signature | Address |
| Name (printed or type) | Telephone |
| Date | |

If you do NOT wish to be included, send this completed form to:
Raisner Roupinian LLP
270 Madison Avenue, Suite 1801
New York, New York 10016
Attn: René S. Roupinian

4