# EXHIBIT C

## IN THE UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TEXAS
## SHERMAN DIVISION

| |
|---|
| In re:<br><br>TWL CORPORATION, et al.<br><br>     Debtor.<br>_____<br><br>FRANK TETA on behalf of himself and all others similarly situated,<br><br>     Plaintiff.<br>v.<br><br>TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,<br>     Defendants. |

Case No. 08-42773-BTR
(Jointly Administered)
Chapter 7

Adv. Pro. No. 08-04184 (BTR)

### ORDER DENYING MOTION TO DISMISS PLAINTIFF'S COMPLAINT AND GRANTING PLAINTIFF'S MOTION FOR CLASS CERTIFICATION AND RELATED RELIEF

AND NOW, upon consideration of the Motion to Dismiss Plaintiff's First Amended Class Action Adversary Complaint (the "Motion to Dismiss") and Plaintiff's opposition thereto, and Plaintiff's Motion for Class Certification (the "Motion"), the Trustee's opposition thereto, the evidentiary hearing held on July 25, 2013, and for the reasons stated on the record on August 7, 2013, it is hereby ORDERED that:

1. The Motion to Dismiss Plaintiff's First Amended Complaint is denied;

2. Plaintiff's Motion for Class Certification and Related Relief is granted;

3. A class is certified comprising the Plaintiff and the other former employees of Defendants, (i) who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of that date, or in anticipation of or as the foreseeable consequence of the mass layoff or plant closing ordered by Defendants on or

about September 9, 2008, and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5), and (ii) who have not filed a timely request to opt-out of the class;

4.     The Class described above meets the requirements of Fed. R. Civ. P. 23 (b)(3) and Fed. R. Bankr.P. 7023 (b)(3); and

5.     Outten & Golden, LLP is hereby appointed Class Counsel; and

6.     Plaintiff Frank Teta is hereby appointed Class Representative; and

7.     The proposed form of Notice to the Class submitted to the Court is approved; and

8.     Within ten (10) days after the entry of this Order, the Trustee shall provide Class Counsel with the names and addresses of the class members as noted in Defendants' records; and

9.     On or before ten (10) days after receipt from the Trustee of the names and addresses of the Class members, Class Counsel shall provide notice of the pendency of the class action lawsuit by mailing the Notice, First Class postage prepaid, to each employee of Defendants who falls within the definition of the class, to their last known address as noted in the records of the Defendants; and

10.     After such mailing, Class Counsel shall serve and file a sworn statement affirming compliance with this Order concerning the mailing of the Notice; and

11.     Class Counsel shall serve and file a sworn statement listing the names of any persons who have opted out of the Class; and

12.     Notice in compliance with this order is hereby found to be the best notice practicable under the circumstances and constitutes due and sufficient notice to all class members in full compliance with the notice requirements of Fed. R. Civ. P. 23.

Signed on 8/23/2013

*Brenda T. Rhoades*     SR

HONORABLE BRENDA T. RHOADES,
UNITED STATES BANKRUPTCY JUDGE

2

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

|  |  |
|---|---|
| In re:<br><br>TWL CORPORATION, et al.<br><br>        Debtor.<br><br>———————————————————<br><br>FRANK TETA on behalf of himself and all others similarly situated,<br><br>        Plaintiff.<br>v.<br><br>TWL CORPORATION, f/k/a TRINITY LEARNING CORPORATION and TWL KNOWLEDGE GROUP, INC., f/k/a TRINITY WORKPLACE LEARNING CORPORATION,<br>        Defendants. | Case No. 08-42773-BTR<br>(Jointly Administered)<br>Chapter 7<br><br>Adv. Pro. No. 08-04184 (BTR) |

## NOTICE OF CLASS ACTION

TO:    Former employees of TWL Corporation and TWL Knowledge Group, Inc. ("Defendants") who were terminated from their employment at Defendants' facilities on or about September 9, 2008 as part of the cessation of operations at Defendants' facilities.

SUBJECT: The right to participate in a lawsuit to recover 60 days' wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as well as 401(k) contributions and ERISA benefits other than health insurance, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan, for each class member under the Worker Adjustment and Retraining Notification Act, 29 U.S.C. §2101 *et seq.*

DATE: _____, 2013

### The Nature of the Action

Frank Teta (the "Plaintiff"), a former employee of Defendants, filed a lawsuit under the WARN Act in the United States Bankruptcy Court for the Eastern District of Texas, against Defendants for the recovery of 60 days' wages, salary, commissions, bonuses, accrued holiday pay and accrued vacation for 60 days following their respective terminations, as

well as 401(k) contributions and ERISA benefits other than health insurance, including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.  The name and case number of the lawsuit is *Frank Teta, on behalf of himself and all others similarly situated, Plaintiff vs. TWL Corporation, f/k/a Trinity Learning Corporation and TWL Knowledge Group, Inc., f/k/a/ Trinity Workplace Learning Corporation, Defendants*, U.S. Bankr. Ct. E.D.TX, Adversary Proceeding No. 08-04184 (BTR) (the "Action").

The Plaintiff claims that under the federal plant closing/mass layoff law ("WARN Act"), he and the other similarly situated employees were terminated on or about September 9, 2008, from Defendants' establishments and/or facilities as those terms are defined by the WARN Act (the "Facilities"). The Plaintiff claims that Defendants were subject to the WARN Act, that Defendants carried out plant closings, mass layoffs or termination of operations at its Facility, and that the members of the class were entitled to receive from Defendants 60 days' advance written notice of their terminations, and, having not received such notice, are entitled to an administrative priority claim, or in the alternative, a wage priority claim 60 days' wages and benefits under the Employee Retirement Income Security Act, 29 U.S.C. §1001 *et seq.* ("ERISA"), including the cost of medical expenses incurred during the employment loss which would have been covered under an employee benefit plan.

### The Issues and Defenses

The Trustee sought to dismiss the Plaintiff's Complaint.  That request was recently denied. The Trustee has stated on the record that she does not deny WARN liability.

### The Definition of the Class

The Court has recently certified this case as a class action. The class is defined as those persons who worked at or reported to one of Defendants' Facilities and were terminated without cause on or about September 9, 2008, within 30 days of September 9, 2008, or in anticipation of or as the reasonably foreseeable consequence of the mass layoff, plant closing or termination of operations ordered on or about September 9, 2008 and who are affected employees, within the meaning of 29 U.S.C. § 2101(a)(5).

### Class Counsel and Class Representative

The Plaintiff is represented by Jack A. Raisner and René S. Roupinian of Outten & Golden, LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, (212) 245-1000.

The Court has also recently appointed Plaintiff as Class Representative.

## What to Do

If you WISH to be a member of the class, YOU DO NOT NEED TO DO ANYTHING AND YOU WILL RECEIVE WHATEVER BENEFITS YOU, as a Class Member, may be entitled to receive. If you do nothing, you will automatically be a Class Member and be bound by any judgment (whether favorable or unfavorable) or court-approved settlement in the case.  Before court approval, you, as a Class Member, will receive notice of any proposed settlement and will be afforded an opportunity to object to the settlement. You may appear by your own counsel, if you are a Class Member.

If you DO NOT WISH to participate in this Action, and wish to be EXCLUDED and, thereby, reserve your rights under the WARN Act and NOT SHARE IN ANY RECOVERY in the Action, CHECK THE BOX IN THE FORM BELOW, AND SIGN AND MAIL that form by certified mail, return receipt requested, to Outten & Golden LLP, 3 Park Avenue, 29th Floor, New York, New York 10016, Attn: René S. Roupinian. The form must be received by Ms. Roupinian by no later than _____, 2013. All requests for exclusion received after that date will not be effective, and any person who sends a late request will be a member of the class in the Action and will be bound in the same way and to the same extent as all other Class Members.

The Court has taken no position regarding the merits of Plaintiff's claims. Please do not call or contact the Court for information.

If you wish information or assistance, please contact Jenny Hoxha of Outten & Golden, LLP at (212) 245-1000.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

### TETA, ET AL. v. TWL CORPORATION, ET AL. OPT-OUT FORM

**If you DO NOT WISH to be part of this Action**

I, the undersigned, have read the foregoing Notice of Class Action and understand its contents.

☐    I do **not** want to be part of the above Class Action.  I do **not** wish to be bound by its outcome.  I do **not** wish to receive any money or benefits from this Class Action.

_____          _____
Signature                                                          Address

_____          _____
Name (print or type)                                       Telephone/Email Address

_____
Date

3