IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| ART VAN FURNITURE, LLC ., *et al.*,[1] | ) ) ) | Case No. 20-10553 (CSS) |
| Debtors. | ) ) ) ) | (Joint Administration Requested)  Re: Docket No. 4 |

**INTERIM ORDER (I) AUTHORIZING
THE DEBTORS TO (A) CONTINUE TO OPERATE
THEIR CASH MANAGEMENT SYSTEM, (B) HONOR CERTAIN
PREPETITION OBLIGATIONS RELATED THERETO, AND (C) MAINTAIN
EXISTING BUSINESS FORMS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") (a) authorizing the Debtors to (i) continue to operate their Cash Management System, (ii) honor certain prepetition obligations related thereto, and (iii) maintain existing Business Forms in the ordinary course of business, (b) scheduling a final hearing to consider approval of the Motion on a final basis, and (c) granting related relief, all as more fully set forth in the Motion; and upon the First Day Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the Amended Standing Order; and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court

---

[1]  The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484);  Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).  The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

[2]  Capitalized terms used but not otherwise defined herein have the meanings given to them in the Motion.

13165368 v1

having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted on an interim basis as set forth herein.

2. The final hearing (the "Final Hearing") on the Motion shall be held on April 6, 2020, at 1:00 p.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on March 30, 2020, and shall be served on: (a) the Debtors, Art Van Furniture, LLC, 6500 East 14 Mile Road, Warren Michigan 48092, Attn: John Budzinski; (b) proposed counsel to the Debtors, Benesch, Friedlander, Coplan & Aronoff LLP, 222 Delaware Avenue, Suite 801, Wilmington, Delaware 19801, Attn: Gregory Werkheiser, Michael J. Barrie, Jennifer R. Hoover, Kevin M. Capuzzi, and John C. Gentile; (c) the Office of The United States Trustee, 844 King Street, Suite 2207, Lockbox 35, Wilmington, Delaware 19801, Attn: Linda Richenderfer; (d) counsel to the administrative agent under the Debtors' ABL loan facilities (i) Morgan, Lewis & Bockius LLP, One Federal Street, Boston, Massachusetts 02110, Attn: Marjorie S. Crider, (ii) Morgan, Lewis & Bockius LLP, 101 Park Avenue, New York, New York 10178, Attn: Jennifer Feldsher, and (iii) Burr & Forman LLP, 1201 N. Market Street, Wilmington, Delaware 19801, Attn: J. Cory Falgowski; and (e) counsel to any statutory committee appointed in these chapter 11 cases. In the event no objections to entry

of the Final Order on the Motion are timely received, this Court may enter such Final Order without need for the Final Hearing.

3. The Debtors are authorized continue operating the Cash Management System, as summarized in **Exhibit 1** attached hereto, honor their prepetition obligations related thereto, and maintain existing Business Forms as set forth herein.

4. The Debtors are further authorized to: (a) continue to use, with the same account numbers, the Bank Accounts, as summarized in **Exhibit 2** attached hereto, in existence as of the Petition Date; (b) use, in their present form, all preprinted checks, correspondence and Business Forms (including letterhead) without reference to the Debtors' status as debtors in possession; *provided* that once the Debtors' existing checks and Business Forms have been used, the Debtors shall, when reordering such documentation, require the designation "Debtor in Possession" and the corresponding bankruptcy case number on all documentation; *provided*, *further*, that, with respect to such documentation which the Debtors or their agents print themselves, the Debtors shall begin printing the "Debtor in Possession" legend on such items within ten (10) days of the date of entry of this Interim Order; (c) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (d) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including checks, wire transfers, and other debits; and (e) pay the Processor Fees and Bank Fees, including any prepetition amounts and any ordinary course Bank Fees incurred in connection with the Bank Accounts, and to otherwise perform their obligations under the documents governing the Bank Accounts.

5. The Cash Management Banks are authorized to continue to maintain, service, and administer the Bank Accounts as accounts of the Debtors as debtors in possession, without interruption and in the ordinary course, and to receive, process, honor, and pay, to the extent of

13165368 v1

available funds, any and all checks, drafts, wires, credit card payments, and ACH transfers issued and drawn on the Bank Accounts after the Petition Date by the holders or makers thereof, as the case may be.

6. Subject to applicable bankruptcy or other law, (i) those certain existing deposit agreements between the Debtors and the Cash Management Banks shall continue to govern the postpetition cash management relationship between the Debtors and the Cash Management Banks, and all of the provisions of such agreements, including, without limitation, the termination and fee provisions, shall remain in full force and effect, and (ii) either the Debtors or the Cash Management Banks, may, without further order of this Court, implement changes to the Cash Management Systems and procedures in the ordinary course of business pursuant to the terms of those certain existing deposit agreements, including without limitation, the opening and closing of Bank Accounts.

7. The Debtors are authorized, subject to the consent of the ABL Agent, to open any new Bank Accounts or close any existing Bank Accounts; *provided* that the opening or closing of a Bank Account occurs pursuant to terms of this Interim Order; *provided*, *further*, that the Debtors give notice within fifteen (15) days to the U.S. Trustee and any statutory committees appointed in these chapter 11 cases of the opening or closing of a Bank Account; *provided, further*, that the Debtors shall open any new Bank Account at a bank that has executed a Uniform Depository Agreement with the Office of the United States Trustee for the District of Delaware or is willing to immediately execute such an agreement.

8. All banks maintaining any of the Bank Accounts that are provided with notice of this Interim Order shall not honor or pay any bank payments drawn on the listed Bank Accounts or otherwise issued before the Petition Date for which the Debtors specifically issue stop payment

4

orders in accordance with the documents governing such Bank Accounts.

9. Each bank, including the Cash Management Banks, is authorized to debit the Debtor's accounts in the ordinary course of business without the need for further order of this Court for: (a) all checks drawn on the Debtor's accounts which are cashed at such Bank's counters or exchanged for cashier's checks by the payees thereof prior to the Petition Date; (b) all checks or other items deposited in one of Debtor's accounts with such Bank prior to the Petition Date which have been dishonored or returned unpaid for any reason, together with any fees and costs in connection therewith, to the same extent the Debtor was responsible for such items prior to the Petition Date; and (c) all undisputed prepetition amounts outstanding as of the date hereof, if any, owed to any Bank as service charges for the maintenance of the Cash Management System.

10. The Cash Management Banks are authorized, without further order of this Court, to deduct all applicable fees from the applicable Bank Accounts consistent with historical practice.

11. Subject to the terms set forth herein, any bank, including the Cash Management Banks, may rely upon the representations of the Debtors with respect to whether any check, draft, wire, or other transfer drawn or issued by the Debtors prior to the Petition Date should be honored pursuant to any order of this Court, and no bank that honors a prepetition check or other item drawn on any account that is the subject of this Interim Order (a) at the direction of the Debtors or (b) in a good-faith belief that this Court has authorized such prepetition check or item to be honored shall be deemed to be nor shall be liable to the Debtors or their estates, or any party on account of such prepetition check or other item being honored postpetition, or otherwise deemed to be in violation of this Interim Order, *provided* that, at checks issued by the Debtors prior to the Petition Date on account of payroll due to employees should be honored pursuant to this paragraph 12 of this Interim Order.

12. The Debtors may keep open one or more of the bank accounts at First Commonwealth, *provided*, that if the balance in such accounts aggregates to more than $250,000, the Debtors shall sweep all funds in excess of that amount into one or more of the Debtors' accounts at a bank that is signatory to a Uniform Depository Agreement in a form prescribed by the U.S. Trustee; *provided, further*, that the Debtors shall provide copies of the bank statements for such bank accounts to the Office of the U.S. Trustee upon request.

13. The Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of who pays those disbursements.

14. For banks at which the Debtors hold bank accounts that are party to a Uniform Depository agreement with U.S. Trustee, within fifteen days of the date of entry of this Interim Order, the Debtors shall (a) contact each bank, (b) provide the bank with each of the Debtors' employer identification numbers and (c) identify each of their bank accounts held at such banks as being held by a debtor in possession in a bankruptcy case and provide the case numbers.

15. Notwithstanding anything to the contrary set forth herein, the Debtors are authorized to continue engaging in in connection with the Cash Management System in the ordinary course of business; *provided* that there shall be no intercompany loans from the Debtors to any non-Debtors, absent further order of the Court. The Debtors shall maintain accurate, current, and detailed records with respect to all transfers, including but not limited to, all Intercompany Transactions may be readily ascertained, traced, and properly recorded on intercompany accounts; *provided* that such records shall distinguish between prepetition and postpetition transactions.

16. Nothing contained in the Motion or this Interim Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of a Debtor that did not

13165368 v1

exist as of the Petition Date or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

17. For the avoidance of doubt, the Debtors are authorized to continue using the credit cards used by the Debtors' employees in the ordinary course of business and consistent with prepetition practices.

18. Notwithstanding the relief granted in this Interim Order and any actions taken pursuant to such relief, nothing in this Interim Order shall be deemed: (a) an admission as to the validity of any prepetition claim against a Debtor entity; (b) a waiver of the Debtors' or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by the Motion; (e) a request or authorization to assume any prepetition agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; or (f) a waiver or limitation of the Debtors' or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Debtors or any other party-in-interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Interim Order are valid and the Debtors and all other parties-in-interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens. Any payment made pursuant to this Interim Order should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Debtors' or any other party-in-interest's rights to subsequently dispute such claim.

19. The banks and financial institutions on which checks were drawn or electronic payment requests made in payment of the prepetition obligations approved herein are authorized to receive, process, honor, and pay all such checks and electronic payment requests when presented

for payment, and all such banks and financial institutions are authorized to rely on the Debtors' designation of any particular check or electronic payment request as approved by this Interim Order.

20. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

21. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Bankruptcy Local Rules are satisfied by such notice.

22. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

23. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

24. This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

Dated: March 10, 2020
Wilmington, Delaware

CHIEF JUDGE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

Dated: March 10th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

8

13165368 v1