ACO-101									May 23, 2025
### UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

C.A. Nos. 23-1075 & 23-1076

In re: START MAN FURNITURE LLC, (f/k/a ART VAN FURNITURE, LLC), et al.,
		Debtors

TODD STEWART and JENNIFER SAWLE, on behalf of themselves and all other similarly situated

		v.

START MAN FURNITURE LLC, (f/k/a ART VAN FURNITURE, LLC)

ALFRED T. GIULIANO, Chapter 7 Trustee for Debtors,
		Appellant

(D. Del. Nos. 1:22-cv-00450 & 1:22-cv-00489)

Present:	HARDIMAN, BIBAS and FREEMAN, *Circuit Judges*

1. Clerk's listing for possible dismissal due to jurisdictional defect;

2. Response by Appellant to Clerk's listing order;

3. Response by Appellee to Clerk's listing order.

					Respectfully,

					Clerk

_____ORDER_____

Appellant, the Chapter 7 Trustee for the Debtors, seeks review of the District Court's December 13, 2022, decision. The District Court's decision affirmed the Bankruptcy Court's summary judgment in part, reversed it in part, and remanded the case back to the Bankruptcy Court for further proceedings. Generally, in bankruptcy cases, this Court has "jurisdiction of appeals from all final decisions, judgments, orders, and decrees" of a district court acting in its appellate capacity. 28 U.S.C. § 158(d). "The finality issue must be resolved with respect to the decisions of both the bankruptcy judge and the district court." *In re White Beauty View, Inc.*, 841 F.2d 524, 526 (3d Cir. 1988); *see also In re Truong*, 513 F.3d 91, 93 (3d Cir. 2008).

In this case, the Bankruptcy Court order granting summary judgment to the Trustee was undoubtedly final because it concluded the adversary proceeding. The District Court order, however, remanded for further proceedings regarding one of the Trustee's defenses, to include discovery. The order is not final pursuant to 28 U.S.C. § 158(d) because it did not fully resolve the adversary proceeding, *see Truong*, 513 F.3d at 94, and because it could not otherwise qualify as final, *see Off. Comm. of Unsecured Creditors of Life Serv. Sys., Inc. v. Westmoreland Cnty. MH/MR*, 183 F.3d 273, 276–79 (3d Cir. 1999) (discussing flexible, factor-balancing test used "where the district court does not merely affirm or reverse and instead remands the case to the bankruptcy court").

Therefore, the appeals are dismissed for lack of appellate jurisdiction.

By the Court,

s/Stephanos Bibas
Circuit Judge

Dated: May 30, 2025
Sb/cc: All Counsel of Record

A True Copy:

Patricia S. Dodszuweit, Clerk
Certified Order Issued in Lieu of Mandate

OFFICE OF THE CLERK

**PATRICIA S. DODSZUWEIT**

**CLERK**



UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
21400 UNITED STATES COURTHOUSE
601 MARKET STREET
PHILADELPHIA, PA 19106-1790

Website: www.ca3.uscourts.gov

TELEPHONE
215-597-2995

May 30, 2025

Jeffrey M. Dine, Esq.
Pachulski Stang Ziehl & Jones
1700 Broadway
36th Floor
New York, NY 10019

Michael J. Joyce, Esq.
1225 King Street
Suite 800
Wilmington, DE 19801

Peter J. Keane, Esq.
Pachulski Stang Ziehl & Jones
919 N Market Street
P.O. Box 8705, 17th Floor
Wilmington, DE 19801

Beth E. Levine, Esq.
Pachulski Stang Ziehl & Jones
1700 Broadway
36th Floor
New York, NY 10019

Isaac Raisner, Esq.
Raisner Roupinian
270 Madison Avenue
Suite 1801
New York, NY 10016

Jack A. Raisner, Esq.
Raisner Roupinian
270 Madison Avenue
Suite 1801
New York, NY 10016

Colin R. Robinson, Esq.

Pachulski Stang Ziehl & Jones
919 N Market Street
P.O. Box 8705, 17th Floor
Wilmington, DE 19801

Rene S. Roupinian, Esq.
Raisner Roupinian
270 Madison Avenue
Suite 1801
New York, NY 10016

Bradford J. Sandler, Esq.
Pachulski Stang Ziehl & Jones
919 N Market Street
P.O. Box 8705, 17th Floor
Wilmington, DE 19801

RE: In re: Start Man Furniture, LLC
Case Number: 23-1075
District Court Case Number: 20-ap-50548
District Court Case Number: 1:22-cv-00450

ENTRY OF JUDGMENT

Today, **May 30, 2025,** the Court issued a case dispositive order in the above-captioned matter which serves as this Court's judgment. Fed. R. App. P. 36.

If you wish to seek review of the Court's decision, you may file a petition for rehearing. The procedures for filing a petition for rehearing are set forth in Fed. R. App. P. 35 and 40, 3rd Cir. LAR 35 and 40, and summarized below.

Time for Filing:
14 days after entry of judgment.
45 days after entry of judgment in a civil case if the United States is a party.

Form Limits:
3900 words if produced by a computer, with a certificate of compliance pursuant to Fed. R. App. P. 32(g).
15 pages if hand or type written.

Attachments:
A copy of the panel's opinion and judgment only.
Certificate of service.

Certificate of compliance if petition is produced by a computer.
No other attachments are permitted without first obtaining leave from the Court.

Unless the petition specifies that the petition seeks only panel rehearing, the petition will be construed as requesting both panel and en banc rehearing. A party seeking both forms of rehearing must file the petitions as a single document. Fed. R. App. P. 40(a).

Please consult the Rules of the Supreme Court of the United States regarding the timing and requirements for filing a petition for writ of certiorari.

Very truly yours,

Patricia S. Dodszuweit, Clerk


 By: Stephanie
Case Manager
Direct Dial 267-299-4926

cc: Randall C. Lohan