IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | ) Chapter 11 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (CSS) |
| Debtors. | ) (Jointly Administered) |
|  | ) **Objection Deadline: March 30, 2020 at 4:00 p.m. (ET)** |
|  | ) **Hearing Date: April 6, 2020 at 1:00 p.m. (ET)** |

**DEBTORS' MOTION FOR ENTRY
OF AN ORDER AUTHORIZING THE
REJECTION OF CERTAIN EXECUTORY
CONTRACTS *NUNC PRO TUNC* TO THE PETITION DATE**

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully state as follows in support of this motion (this "Motion"):

**Relief Requested**

1. The Debtors seek entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A** authorizing the rejection of certain executory contracts listed on *Exhibit 1* to the Order (the "Agreements") *nunc pro tunc* to the Petition Date. Specifically, the Debtors are seeking the rejection of forty-seven employment contracts and/or separation agreements. **Parties receiving notice of this Motion should locate their names and contracts on *Exhibit 1*.**[2]

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

[2] Consistent with the relief sought by the *Debtors' Motion for Entry of an Order (A) Authorizing the Debtors to (I) File a Consolidated List of Creditors in Lieu of Submitting a Separate Mailing Matrix for Each Debtor, (II) File a Consolidated List of the Debtors' Thirty Largest Unsecured Creditors, and (III) Redact Certain Personally Identifiable Information for Individual Creditors and Interest Holders and (B) Granting Related Relief*, the

13166468

**Jurisdiction and Venue**

2.  The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. The Debtors confirm their consent, pursuant to rule 7008 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Local Rules"), to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The bases for the relief requested herein are sections 105(a) and 365 of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code").

**Background**

5.  The Debtors operate 169 locations, including 94 furniture and mattress showrooms and 75 freestanding mattress and specialty locations. The Debtors do business under brand names, including Art Van Furniture, Pure Sleep, Scott Shuptrine Interiors, Levin Furniture, Levin Mattress, and Wolf Furniture. The Debtors were founded in 1959 and was owned by its founder, Art Van Elslander, until it was sold to funds affiliated with Thomas H. Lee Partners, L.P. ("THL") in March 2017. Pennsylvania based Levin Furniture and Wolf Furniture were acquired by Art Van

---

addresses and other personally identifiable information of the Agreement counterparties is excluded from *Exhibit 1* to protect such counterparties.

in November 2017.  As of the Petition Date (as defined below), the Debtors operate stores throughout Michigan, Indiana, Ohio, Illinois, Pennsylvania, Maryland, Missouri, and Virginia.  The Debtors are headquartered in Warren, Michigan and have approximately 4,500 employees as of the Petition Date (as defined below).

6. On March 8, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  A detailed description surrounding the facts and circumstances of these chapter 11 cases is set forth in the *Declaration of David Ladd, Executive Vice President and Chief Financial Offer of Art Van Furniture, LLC, in Support of Chapter 11 Petitions and First Day Motions* (the "First Day Declaration"), filed contemporaneously with this Motion and incorporated by reference herein.  Concurrently with the filing of this Motion, the Debtors filed a motion requesting procedural consolidation and joint administration of these chapter 11 cases pursuant to Bankruptcy Rule 1015(b).  The Debtors are operating their business and managing their properties as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.  No request for the appointment of a trustee or examiner has been made in these chapter 11 cases and no official committees have been appointed or designated.

7. The forty-seven Agreements sought to be rejected by the Debtors each fall within one of three categories: (i) sixteen (16) employment agreements that are active and ongoing (the "Employment Agreements"); (ii) eleven (11) separation agreements under which the counterparties are still receiving payment from one or more of the Debtors (the "Separation Agreements"); and (iii) twenty (20) separation agreements from one or more of the Debtors (the "Historic Separation Agreements" and, collectively with the Employment Agreements and the Separation Agreements, the "Agreements" (as previously defined herein)).

3

8.  The counterparties to certain of the Agreements are and may continue to be obligated to the Debtors pursuant to non-compete provisions in the respective Agreements.

9.  It is possible that some of the Agreements are no longer executory. However, the Debtors do not intend to bind the counterparties thereto to the respective non-compete provisions and are, therefore, seeking to reject the Agreements to the extent still executory.

**Basis for Relief Requested**

**I.   Rejection of the Agreements Reflects the Debtors' Sound Business Judgment.**

10.  Section 365(a) of the Bankruptcy Code provides that a debtor in possession, "subject to the court's approval, may assume or reject any executory contract or unexpired lease." 11 U.S.C. § 365(a). A debtor's decision to reject an executory contract under section 365 is governed by the business judgment standard. *See, e.g. In re Rupari Holding Corp.*, 2017 Bankr. LEXIS 4095, *12 (Bankr. D. Del. Nov. 28, 2017); *In re HQ Global Holdings, Inc.*, 290 B.R. 507, 511 (Bankr. D. Del. 2003) (*citing Group of Instit. Investors v. Chi., Milwaukee, St. Paul & Pac. R.R. Co.*, 318 U.S. 523, 550 (1943); *Computer Sales Int'l, Inc. v. Fed. Mogual (In re Fed. Mogul Global, Inc.)*, 293 B.R. 124, 126 (D. Del. 2003).

11.  "Under the business judgment standard, the sole issue is whether the rejection benefits the estate." *In re Rupari Holding Corp.*, 2017 Bankr. LEXIS at *12 *citing In re HQ Global Holdings, Inc.*, 290 B.R. at 511. *See also NLRB v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 29 (3d Cir. 1982) (stating that the "usual test for rejection of an executory contract is simply whether rejection would benefit the estate"); *Univ. Med. Ctr. v. Sullivan (In re Univ. Med. Ctr.)*, 973 F.2d 1065, 1075 (3d Cir. 1992) (explaining that section 365 is "designed to 'allow[] the trustee or debtor in possession a reasonable time within which to determine whether adoption or rejection of the executory contract would be beneficial to an effective reorganization'") (*citing*

*Data-Link Sys. Inc. v. Whitcomb & Keller Mortgage Co. (In re Whitcomb & Keller Mortgage Co., Inc.)*, 715 F.2d 375, 379 (7th Cir. 1983)).

12. Additionally, a "debtor's determination to reject an executory contract can only be overturned if the decision was the product of bad faith, whim or caprice." *In re HQ Global Holdings, Inc.*, 290 B.R. at 511 (*citing In re Trans World Airlines, Inc.*, 261 B.R. 103, 121 (Bankr. D. Del. 2001)).

13. The Debtors seek to reject the Agreements because they are no longer of any benefit to the Debtors and, in fact, the Debtors' continued performance thereunder would solely be a drain on the Debtors' resources. If the Debtors must continue to be bound by the Agreements, it will only result in a diminution of estate assets without any benefit to the Debtors, their estates or their creditors.

**II.     The Agreements are Executory Contracts.**

14. Contracts such as the Agreements are executory. *See In re Rupari Holding Corp.*, 2017 Bankr. LEXIS at *11-12 (where "the parties to the [s]eparation [a]greement each had material unperformed obligations upon the [p]etition [d]ate," such contracts were executory). Here, payments may still be owed by one or more of the Debtors under the Agreements, and the counterparties thereto may be obligated to the Debtors under their respective agreements as well.

**III.    The Court Should Authorize the Rejection of the Agreements *Nunc Pro Tunc* to the Petition Date.**

15. The Debtors seek an effective rejection date for the Agreements *nunc pro tunc* to the Petition Date. While section 365 of the Bankruptcy Code does not specifically address whether courts may order rejection to be effective retroactively, courts in this district an others have held that bankruptcy courts may exercise their equitable powers in granting such a retroactive order when doing so promotes the purposes of section 365(a). *See, e.g. In re Rupari Holding Corp.*,

5

2017 Bankr. LEXIS 4095 at * 13-15 (rejecting separation agreements *nunc pro tunc* to the closing date of the debtors' sale transaction); *Thinking Machines Corp. v. Mellon Fin. Servs. Corp. (In re Thinking Machines Corp.)*, 67 F.3d 1021, 1028-29 (1st Cir. 1995) (holding that "rejection under section 365(a) does not take effect until judicial approval is secured, but the approving court has the equitable power, in suitable cases, to order a rejection to operate retroactively" to the motion filing date); *Pacific Shor Dev., LLC v. At Home Corp. (In re At Home Corp.)*, 392 F.3d 1064, 1067 (9th Cir. 2004) (same); *In re Chi-Chi's, Inc.*, 305 B.R. 396, 399 (Bankr. D. Del. 2004) (same); *In re Fleming Cos., Inc.*, 304 B.R. 85, 96 (Bankr. D. Del. 2003) (same); *In re Visteon Corp.*, Case No. 09-11786 (CSS) (Bankr. D. Del. June 23, 2009) (granting debtors' motion for rejection of certain leases retroactive to the petition date); *TW, Inc. v. Angelastro (In re TW, Inc.)*, Case No. 03-10785 (D. Del. Jan. 14, 2004) (holding that bankruptcy courts may approve rejection of a nonresidential lease retroactive to the motion filing date "when principles of equity so dictate").

16. Courts have further held that the retroactive rejection of executory contracts and unexpired leases may be approved "after balancing the equities" of a case and concluding that such equities weigh in favor of the debtor. *See In re Chi-Chi's, Inc.*, 305 B.R. at 399. In balancing these equities, courts typically examine a number of factors, including the costs that a delayed rejection would impose on a debtor. *See, e.g., Constant Ltd. P'ship v. Jamesway Corp. (In re Jamesway Corp.)*, 179 B.R. 33, 33-39 (S.D.N.Y. 1995).

17. In the present case, the balance of equities clearly favors the retroactive rejection of the Agreements as *nunc pro tunc* rejection benefits both the Debtors and the counterparties to the Agreements. First, as indicated above, the Debtors will no longer have a need for the services of the employees who are counterparties to the Employment Agreements after liquidation of the Debtors' inventory and do not wish to bind them to an agreement but would rather allow such

6

counterparties the ability to immediately seek employment elsewhere. Holding any of the Agreement counterparties to non-compete provisions and preventing them from seeking and obtaining alternative employment would be inequitable. Second, the Debtors do not have the funds to continue to make payments and/or provide benefits under the Agreements and remittance of such payments and/or provision of such benefits would not benefit the Debtors, their estates or their creditors in light of the circumstances of these cases. Third, the Agreements at issue contain payment, severance, bonus, and other provisions that create a further burden on the Debtors' estates. Consequently, neither the Debtors nor the counterparties to the Agreements will suffer any prejudice as a result of the retroactive rejection of the Agreements.

18.    Courts in this district have routinely authorized relief similar to that requested herein regarding the retroactive timing of rejection. *See, e.g., In re Rupari Holding Corp.*, 2017 Bankr. LEXIS 4095 (approving retroactive rejection of separation agreements *nunc pro tunc* to the debtors' sale transaction closing date); *In re The Wet Seal, Inc.*, Case No. 15-10081 (CSS) (Bankr. D. Del. Feb. 5, 2015) (approving rejection of contracts *nunc pro tunc* to the petition date); *In re Restora Healthcare Holdings, LLC*, Case No. 14-10367 (PJW) (Bankr. D. Del. Aug. 21, 2014) (approving rejection of certain unexpired leases effective *nunc pro tunc* to the date of motion filing); *In re Hospitality Liquidation I, LLC (f/k/a HSS Holding, LLC)*, Case No. 13-12740 (BLS)(Bankr. D. Del. Feb. 24, 2014) (same).

### Reservation of Rights

19.    The inclusion of an Agreement on *Exhibit 1* to the Order is not an admission by the Debtors that such contract is, in fact, executory. The Debtors hereby reserve their rights with respect to any existing defaults of the non-debtor counterparties to the Agreements, and all defenses and counterclaims to any rejection damages are preserved, including without limitation,

defenses or counterclaims relating to an Agreement's expiration or a non-debtor party's material default.

## Notice

20. Notice of the hearing on the relief requested in this Motion will be provided by the Debtors in accordance and compliance with Bankruptcy Rules 4001 and 9014, as well as the Bankruptcy Local Rules, and is sufficient under the circumstances. Without limiting the foregoing, due notice will be afforded, whether by facsimile, electronic mail, overnight courier or hand delivery, to parties-in-interest, including: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the holders of the 30 largest unsecured claims against the Debtors (on a consolidated basis); (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the United States Attorney's Office for the District of Delaware; (e) the Internal Revenue Service; (f) the state attorneys general for states in which the Debtors conduct business; (g) the Debtors' Banks; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Debtors submit that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21. No prior motion for the relief requested herein has been made to this or any other court.

[*Remainder of page intentionally left blank.*]

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

| | |
|---|---|
| Dated: March 11, 2020<br>Wilmington, Delaware | **BENESCH, FRIEDLANDER, COPLAN & ARONOFF LLP**<br><br>   /s/ *Gregory W. Werkheiser*<br>Gregory W. Werkheiser (DE No. 3553)<br>Michael J. Barrie (DE No. 4684)<br>Jennifer Hoover (DE No. 5111)<br>Kevin Capuzzi (DE No. 5462)<br>Kate Harmon (DE No. 5343)<br>222 Delaware Avenue, Suite 801<br>Wilmington, DE 19801<br>Telephone: (302) 442-7010<br>Facsimile: (302) 442-7012<br>E-mail: gwerkheiser@beneschlaw.com<br>       mbarrie@beneschlaw.com<br>       jhoover@beneschlaw.com<br>       kcapuzzi@beneschlaw.com<br>       kharmon@beneschlaw.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |