**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ART VAN FURNITURE, LLC, et al.[1],** | **Case No. 20-10553 (LSS)** |
| Debtors. | **(Joint Administration Requested)** |

**DECLARATION OF SARAH K. BAKER IN SUPPORT OF DEBTORS' EMERGENCY MOTION FOR ENTRY OF INTERIM AND FINAL ORDERS (I) APPROVING PROCEDURES FOR STORE CLOSING SALES, (II) AUTHORIZING CUSTOMARY BONUSES TO EMPLOYEES OF CLOSING STORES, (III) AUTHORIZING ASSUMPTION OF THE CONSULTING AGREEMENT UNDER §§ 363 AND 365 OF THE BANKRUPTCY CODE, (IV) AUTHORIZING THE DEBTORS TO RETAIN CERTAIN CONSULTANT ENTITIES AS SPECIAL ASSET DISPOSITION ADVISORS TO THE DEBTORS PURSUANT TO §327(A) OF THE BANKRUPTCY CODE AND (V) GRANTING RELATED RELIEF**

I, Sarah K. Baker, make this declaration pursuant to 28 U.S.C. § 1746:

1. I am the Vice President, Assistant General Counsel of Hilco Trading, LLC ("Hilco").

2. I am over the age of 18, and am authorized to make this Declaration (the "Declaration") on behalf Hilco, Hilco Merchant Resources, LLC, and the Hilco Consulting Entities (each as defined below). Unless otherwise indicated, the facts set forth in this Declaration are based upon my personal knowledge, information and belief, my opinion based upon my experience, or client matter records kept in the ordinary course of business that were reviewed by me or other employees of Hilco and/or of various Hilco affiliates under my supervision and

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

direction. If called upon to testify, I could and would testify competently to the facts set forth in this Declaration.

3. I submit this declaration (this "Declaration") in support of the *Debtors' Emergency Motion for Entry of Interim and Final Orders (I) Approving Procedures for Store Closing Sales, (II) Authorizing Customary Bonuses to Employees of Closing Stores, (III) Authorizing Assumption of the Consulting Agreement Under §§ 363 and 365 of the Bankruptcy Code, (IV) authorizing the Debtors to Retain Certain Consultant Entities as Special Asset Disposition Advisors to the Debtors Pursuant to §327(a) of the Bankruptcy Code, and (V) Granting Related Relief*, filed on March 9, 2020 [ECF No. 52](the "Store Closing Motion"). Notwithstanding that established precedent in this District holds that the initial disclosures provided herein are customarily not required for purposes of entry of an interim order on the Store Closing Motion or for purposes of approval of those more limited aspects of the Consulting Agreement arising under Section 363 of the Bankruptcy Code[2], I submit this Declaration to disclose Hilco's and its affiliates' immediately known connections to the Debtors and certain parties-in-interest, and to disclose pertinent background information related to the Consulting Agreement. In connection therewith, I have reviewed and am familiar with the Store Closing Motion and the relief sought therein.

4. Hilco is the parent company of the following entities:

    a) Hilco Merchant Resources, LLC ("HMR"), Hilco IP Services, LLC d/b/a Hilco Streambank ("Hilco Streambank"), Hilco Receivables, LLC ("HRV"), and Hilco Real Estate, LLC ("HRE" and collectively, the "Hilco Consulting Entities"), which together with certain affiliates of Gordon Brothers Group, LLC ("Gordon Brothers", and such affiliates, the "GB

---

[2] Capitalized terms used but not defined herein are used as defined in the Store Closing Motion.

                Consulting Entities"; [3] and together with the GB Consulting Entities, the "Consultant"), have been engaged by the above-captioned debtors and debtors in possession (collectively, the "Debtors") pursuant to that certain Consulting and Marketing Services Agreement dated March 5, 2020 (the "Consulting Agreement") to act as their exclusive consultant to assist with ongoing "store closing" or similar themed sales at certain of the Debtors' retail locations that have been designated by Debtors' management for closing (the "Closing Stores" and "Store Closing Sales", respectively), and to sell certain other assets including, fixed assets and equipment, real estate, and intellectual property (collectively, the "Other Assets").

      b)      HGB AVF Lending, LLC ("HGB" or "Term Lender") is the successor pre-petition term loan lender to the Debtors. Hilco is a holder of 50% of the existing membership interests in the Term Lender.[4]

      c)      Hilco Valuation Services, LLC, which provides various appraisal services in the ordinary course of business to many lenders, investors, and other market participants, some of whom may be parties-in-interest in these Chapter 11 cases, was engaged by the Debtors to provide an inventory appraisal to the Debtors pursuant to an engagement agreement dated August 28, 2019. Hilco Valuation Services, LLC was paid in full for preparing the inventory appraisal report.

      5.      Prior to the Petition Date, the Debtors conducted a competitive process to engage an exclusive consultant to provide a wide range of asset disposition consulting and related services to assist in and facilitate the Debtors' planned wind-down efforts. At the conclusion of that proposal solicitation process, HMR and GBRP were selected by the Debtors to provide the desired merchandise and fixed asset and equipment disposition services.

      6.      During the course of that same proposal solicitation process, Hilco and Gordon Brothers were engaged in parallel discussions with the Debtors' prepetition term loan lenders, FS KKR Capital Corp. and FS KKR Capital Corp. II (collectively, "KKR") concerning the status of

---

[3]     The GB Consulting Entities are, individually and collectively: Gordon Brothers Retail Partners, LLC ("GBRP"), Gordon Brothers Commercial & Industrial, LLC ("GBCI"), DJM Realty Services, LLC d/b/a Gordon Brothers Real Estate ("DJM"), and Gordon Brothers Brands, LLC.

[4]     GB Loan Holding Company, LLC is the holder of the remaining 50% of the existing membership interests in the Term Lender.

the prepetition term loan debt (the "Term Loans"), and the prospects for development of a creative consulting structure such that the Debtors' estates and their various stakeholders could be spared the burden of having to pay the types of consulting fees that are customary for the types of asset disposition services required by the Debtors.[5]

7. These parallel discussions ultimately yielded a series of agreements under which (a) the Consultant was engaged by the Debtors to provide the full range of asset disposition consulting services required by the Debtors in respect of merchandise, fixed assets and equipment, real estate, receivables (subject to a Debtor option), and intellectual property, (b) HGB entered into an agreement with KKR under which HGB acquired KKR's interests in the Term Loans (and as part of such transaction Hilco agreed to share a portion of any recovery, if any, it may later receive on account of the Term Loans with KKR), and (c) the Consultant simultaneously agreed with the Debtors that the Consultant would <u>not</u> earn or be paid any consulting or other fee or compensation from the Debtors or their estates, other than reimbursement of certain out-of-pocket expenses incurred in connection with the conduct of the Store Closing Sales, any such reimbursement being strictly in accordance with one or more budgets agreed to by the Debtors and the Debtors' senior secured lender, Wells Fargo Bank, National Association (the "Wells").

8. Through this creative approach - whereby the Consultant's only opportunity to realize any compensation on account of the consulting services being provided under the Consulting Agreement is through a recovery realized by its affiliates on account of the Term Loans (a portion of which recovery, if any, will be shared with KKR) – I believe the Debtors, in consultation with their professionals and key stakeholders determined that the above-described

---

[5] The terms of the proposed arrangement between the Consultant and KKR were fully disclosed to the Debtors during the bidding process, and more formally, in a letter dated March 6, 2020 which accompanied the execution of the assignment of the Term Loans that same day, as discussed further below.

arrangement provided the best framework for accomplishing the Debtors' paramount goal of an orderly and efficient liquidation of all assets. At the same time, this arrangement fully aligned the estates' interests with those of its creditors and other stakeholders and the Consultant in achieving maximum realizable value for Debtors' assets during the wind-down process. As a result of this arrangement, it is my view that the Hilco Consulting Entities do not hold or represent any interest adverse to the Debtors or their estates; rather, the estates' interests and the Consultant's interests are fully aligned in respect of the matters on account of which the Consultant is sought to be engaged.

9. Except as set forth above, to the best of my knowledge and belief, after conducting reasonable inquiry outlined above, during the last two (2) years, Hilco and its affiliates have no connection with the Debtors, in matters related to the Debtors, except as disclosed or otherwise described in this Declaration.

10. Except as set forth above, to the best of my knowledge and belief, after reasonable inquiry, neither I, Hilco, its affiliates, nor any principal, consultant or employee thereof:

    a) are creditors, equity security holders, or insiders of the Debtors; and/or

    b) are (or within two (2) years before the Petition Date were) a director or officer of the Debtors.

11. In the ordinary course of its business, Hilco maintains a database for purposes of performing "conflicts checks." The database contains information regarding the present and past representations and transactions of Hilco and all other companies presently controlled by Hilco (including the Hilco Consulting Entities). Once the Debtors provide a list of each of the Debtors, certain of the Debtors' creditors, and other parties in interest (collectively, the "<u>Parties-In-Interest</u>"), I will search in the aforementioned database for purposes of determining any additional connection(s) which Hilco and other companies presently controlled by Hilco (including the Hilco

Consulting Entities) have with such entities, and as noted above, this Declaration will be supplemented to the extent necessary to make any further disclosures.

9. Except with respect to the above-disclosed arrangements with KKR, and its interests in HGB, as indicated above neither I, Hilco or the Hilco Consulting Entities, nor any principal, consultant or employee thereof has agreed to share or will share any portion of the compensation to be received from the Debtors under the Consulting Agreement with any other person other than the principals and regular employees thereof.

10. To the best of my knowledge, neither I, the Hilco Consulting Entities, nor any principal, consultant or employee thereof, insofar as I have been able to ascertain, holds or represents any interest adverse to the Debtors or their estates with respect to the matter(s) upon which the Hilco Consulting Entities are engaged.

11. This Declaration will be supplemented (i) in accordance with Hilco's customary practice of filing declarations of connections prior to the final hearing on the Store Closing Motion, and (ii) as may be required in connection with any application by the Debtors to retain one or more of the Consulting Entities under section 327 of the Bankruptcy Code.

12. The disclosures identified above are based upon my knowledge and belief after reasonable inquiry. Hilco and the Hilco Consulting Entities will continue to review their relationships. Accordingly, this Declaration will be supplemented as appropriate.

[Remainder of Page Intentionally Left Blank]

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing statements are true and correct.

Dated: Northbrook, IL
      March 11, 2020

Hilco Trading, LLC

By: _____
Sarah K. Baker
Vice President, Assistant General Counsel