# EXHIBIT A

**Proposed Order**

72735129.4

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 11 |
| Art Van Furniture, LLC, *et al.*[1], | ) ) | Case No. 20-10553 (CSS) |
| Debtors. | ) ) ) ) | (Jointly Administered) |

## ORDER AUTHORIZING THE RETENTION AND EMPLOYMENT OF JONES LANG LASALLE AMERICAS, INC. AS SPECIAL REAL ESTATE CONSULTANT TO THE DEBTORS, *NUNC PRO TUNC* TO THE PETITION DATE

Upon consideration of the application (the "Application")[2] of the Debtors, requesting entry of an order authorizing the retention and employment of JLL as special real estate consultant to the Debtors, *nunc pro tunc* to the Petition Date; and upon consideration of the Mullaney Declaration; and due and proper notice of the Application having been given; and it appearing that no other or further notice of the Application is required; and this Court having jurisdiction to consider the Application and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated as of February 29, 2012; and it appearing that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and it appearing that venue of this proceeding and the Application is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court finding that JLL does not hold or represent interests adverse to the Debtors and is a "disinterested person," as

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax information number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

[2] Capitalized terms used, but not defined herein, shall have the same meaning ascribed to them in the Application.

72735129.4

defined in section 101(14) of the Bankruptcy Code; and this Court having determined that the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and the relief requested in the Application being in the best interests of the Debtors and their estates and creditors; and after due deliberation and sufficient cause appearing therefor, **IT IS HEREBY ORDERED THAT**:

1. The Application is GRANTED, as set forth herein.

2. Except to the extent set forth herein, the retention and employment of JLL as real estate consultant to the Debtors, pursuant to section 327(a) and section 328(a) of the Bankruptcy Code, on the terms set forth in the Application, the Mullaney Declaration, and the Engagement Agreement is hereby approved, *nunc pro tunc* to the Petition Date.

3. JLL shall be compensated pursuant to the terms of the Engagement Agreement.

4. JLL shall be entitled to allowance of compensation (including for the Lease Sale Fees) and reimbursement of expenses only upon filing and approval of interim and final fee applications with the Court pursuant to the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, the U.S. Trustee Guidelines, and such orders as this Court may direct; provided, however, that JLL shall only be required to file applications that set forth: (i) the compensation requested; (ii) a summary of the bases for each fee earned for the particular application period; (iii) a daily summary of the services rendered on behalf of the Debtors each day of the engagement, and (iv) a detailed description of the amounts advanced by JLL for which it requests reimbursement.

5. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Application.

6. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

72735129.4

3

7. During the pendency of the Debtors' chapter 11 cases, notwithstanding anything to the contrary in the Application, the Engagement Agreement, or this Order, this Court shall retain jurisdiction with respect to all matters, claims, rights, and disputes arising from or related to the Engagement Agreement or the implementation of this Order.

Dated: _____, 2020
Wilmington, Delaware

_____
CHIEF JUDGE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE