# EXHIBIT B

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| Art Van Furniture, LLC, *et al.*[1], | ) | Case No. 20-10553 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | |

**ORDER AUTHORIZING AND APPROVING THE RETENTION AND EMPLOYMENT OF ALVAREZ & MARSAL NORTH AMERICA, LLC AS FINANCIAL ADVISORS TO THE DEBTORS *NUNC PRO TUNC* TO THE PETITION DATE**

Upon the application (the "Application") of the debtors in possession in the above-captioned case (collectively, the "Debtors" or the "Company") for an order pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Debtors to employ and retain Alvarez & Marsal North America, LLC, together with employees of its affiliates (all of which are wholly-owned by its parent company and employees), its wholly owned subsidiaries, and independent contractors (collectively, "A&M") as financial advisors, *nunc pro tunc* to the date of March 8, 2020 (the "Petition Date") on the terms set forth in the engagement letter (the "Engagement Letter") annexed to the Application as Exhibit A; and upon the Declaration of Dennis Stogsdill in support of the Application annexed thereto as Exhibit B; and due and adequate notice of the Application having been given; and the Court being satisfied that A&M is a "disinterested person" as such term is defined under section 101(14) of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax information number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

Bankruptcy Code; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by this Application is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor, it is hereby

ORDERED, ADJUDGED AND DECREED that:

1. The Application is granted to the extent set forth herein.

2. Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Application.

3. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the Debtors are hereby authorized to retain A&M as financial advisors to the Debtors, *nunc pro tunc* to the Petition Date on the terms set forth in the Engagement Letter as modified by the Application and this Order.

4. The terms of the Engagement Letter, including without limitation, the compensation provisions and the indemnification provisions, as modified by the Application and this Order, are reasonable terms and conditions of employment and are hereby approved.

5. In the event that, during the pendency of the Chapter 11 Cases, A&M requests reimbursement for any attorneys' fees and/or expenses, the invoices and supporting time records from such attorneys shall be included in A&M's fee applications, and such invoices and time records shall be in compliance with Local Bankruptcy Rule 2016-2(f) and the U.S. Trustee Guidelines and subject to approval of the Court under the standards of section 330 and 331 of the Bankruptcy Code, without regard to whether such attorney has been retained under section 1103 of the Bankruptcy Code and without regard to whether such attorney's services satisfy section 330(a)(3)(C) of the Bankruptcy Code. Notwithstanding the foregoing, A&M shall only be reimbursed for any legal fees incurred in connection with the Chapter 11 Cases to the extent permitted under applicable law and the decisions of this Court.

6.	The indemnification provision in paragraph 10 of the Engagement Letter are hereby modified by paragraph 19 of the Application.

7.	For services rendered during these Chapter 11 Cases, the following language found at paragraph D of the indemnification and limitation on liability agreement attached to the Engagement Letter is of no further force and effect: "; and further provided that in no event will the Indemnified Parties' aggregate contribution for all losses, claims, damages, liabilities, and expenses with respect to which contribution is available hereunder exceed the amount of fees actually received by the Indemnification Parties pursuant to the Agreement.

8.	The late fees provision in paragraph 4(b) of the Engagement Letter do not apply during these Chapter 11 Cases.

9.	~~5.~~ To the extent there is inconsistency between the terms of the Engagement Letter, the Application, and this Order, the terms of this Order shall govern.

10.	~~6.~~ This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation or interpretation of this Order.

~~Dated: _____, 2020~~
~~Wilmington, Delaware~~            ~~CHIEF JUDGE CHRISTOPHER S. SONTCHI~~
                                   ~~UNITED STATES BANKRUPTCY JUDGE~~

~~2~~