# Exhibit A

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Re: D.I. _____** |
| | ) |

**ORDER (I) CONVERTING THEIR CHAPTER 11 CASES TO CASES UNDER
CHAPTER 7, (II) ESTABLISHING A DEADLINE FOR FILING FINAL CHAPTER 11
FEE APPLICATIONS AND SETTING A HEARING THEREON, AND (III)
GRANTING RELATED RELIEF**

Upon consideration of the corrected motion (the "Motion")[2] of the above-captioned debtors

and debtors in possession (collectively, the "Debtors") for the entry of an order, pursuant to section

1112(a) of the Bankruptcy Code, (i) converting the Debtors' chapter 11 cases to cases under

chapter 7 of the Bankruptcy Code, (ii) establishing a deadline for filing final chapter 11 fee

applications, and (iii) granting related relief; and it appearing that this Court has jurisdiction to

consider the Motion pursuant to 28 U.S.C. §§ 1334 and 157, and the *Amended Standing Order of*

*Reference* from the United States District Court for the District of Delaware dated February 29,

2012; and it appearing that this is a core matter pursuant to 28 U.S.C. § 157(b)(2) and that this

---

[1]    The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include:  Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).  The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

[2]    Capitalized terms used but not otherwise defined in this Order have the meanings ascribed to such terms in the Motion.

Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue of these chapter 11 cases and of the Motion is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the Motion has been given under the circumstances, and that no other or further notice need be given; and this Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT**:

1.        The Motion is GRANTED, as set forth herein.

2.        Effective as of 12:00 a.m. (prevailing Delaware time), on April 7, 2020 (the "Conversion Date"), the Chapter 11 Cases shall be converted to cases under chapter 7 of the Bankruptcy Code.

3.        The following Conversion Procedures are hereby approved:

    a.    **Professional Fees.** To the extent professionals currently or hereafter retained in the Chapter 11 case have not already submitted final fee applications to the Court (the "Final Fee Applications"), all professionals shall submit Final Fee Applications in accordance with the Bankruptcy Code, Bankruptcy Rules, Local Rules, and orders of this Court by no later than thirty (30) days after the Conversion Date (the "Final Fee Application Deadline"). Objections, if any, to the Final Fee Applications shall be filed and served by no later than twenty-one (21) days after the Final Fee Application Deadline. The Court will schedule a hearing, if necessary, at the Court's convenience and subject to the Court's availability, on such Final Fee Applications within fourteen (14) days thereafter or such later date as the Court determines. To the extent no objections are filed to a given professional's final fee application, such professional may file a Certificate of No Objection, and the Court may, in its sole discretion, enter an order approving such fees. To the extent the Court approves a Final Fee Application after the Conversion Date, all approved amounts owed for professional fees and expenses shall be paid (x) first, from each professional's retainer to the extent such retainers exist; (y) next, from the Carve Out Reserves (as defined in the Interim CC Order) in accordance with its terms; and (z) thereafter, from the Debtors' chapter 7 estates in accordance with the priorities set forth in the Bankruptcy Code.

b. **Books and Records.** As soon as reasonably practicable, but in no event more than fourteen (14) days after the appointment of the interim chapter 7 trustee, the Debtors shall turn over or provide access to the chapter 7 trustee the books and records of the Debtors in the Debtors' possession and control, as required by Bankruptcy Rule 1019(4). For purposes hereof, the Debtors may provide copies (including electronic copies) of such books and records to the chapter 7 trustee, or instructions for locating and accessing such books and records, and may retain copies of such books and records to the extent necessary to complete the reports required herein.

c. **Schedules and SOFA.** To the extent not already filed with the Court, the statements and schedules required by Bankruptcy Rules 1019(1)(A) and 1007(b) shall be filed within forty-two (42) days after the Conversion Date.

d. **Schedule of Unpaid Debts.** Within fourteen (14) days of the Conversion Date, the Debtors shall file a schedule of unpaid debts incurred after commencement of the Debtors' Chapter 11 Cases, including the name and address of each creditor, as required by Bankruptcy Rule 1019(5).

e. **Final Report.** Within thirty (30) days after the Conversion Date, the Debtors shall file and transmit to the chapter 7 trustee a final report and account in accordance with Bankruptcy Rule 1019(5)(A).

f. **Claims.** Within fourteen (14) days of the Conversion Date, KCC shall (i) forward to the Clerk of this Court an electronic version of all imaged claims; (ii) upload the creditor mailing list into CM/ECF; (iii) docket a final claims register in the Debtors' Chapter 11 Cases; and (iv) box and transport all original claims to the Philadelphia Federal Records Center, 14470 Townsend Road, Philadelphia, PA 19154 and docket a completed SF-135 Form indicating the accession and location numbers of the archived claims.

4.      Subject to its compliance with Del. Bankr. L.R. 2002-1(f)(x)-(xi), on the Conversion Date, KCC shall be relieved of its responsibilities as the Debtors' claims and noticing agent in the Debtors' Chapter 11 Cases and will have no further obligations to the Court, the Debtors, the chapter 7 trustee (once appointed), or any party in interest with respect to the Debtors' Chapter 11 Cases or the chapter 7 cases.

5.      Notwithstanding anything to the contrary in the *Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting*

3

*Related Relief* [D.I. 93] (the "Interim CC Order"), KCC shall be treated as a Professional Person (as such term is defined in the Interim CC Order) solely for the purpose of KCC's eligibility to have its fees and expenses paid from the Carve Out Reserves or otherwise as part of the Carve Out (each as defined in the Interim CC Order). To the extent that KCC is entitled, or hereafter becomes entitled, to payment of its fees and expenses in accordance with the *Order Appointing KCC as Claims and Noticing Agent Nunc Pro Tunc to the Petition Date* [D.I. 77] (the "Claims Agent Order") and the Agreement (as defined in the Claims Agent Order), such fees and expenses shall be Allowed Professional Fees (as defined in the Interim CC Order) for purposes of the Carve Out.

6.        Except as expressly provided in Paragraph 5 above, nothing in this Order or the conversion of these Chapter 11 Cases to cases under chapter 7 of the Bankruptcy Code shall affect or modify the terms of the Interim CC Order, prejudice any person or entity's rights thereunder or relieve any person or entity of obligations thereunder. All rights, claims, remedies, defenses and obligations under and in connection with the Interim CC Order shall be reserved and preserved in their entirety. For the avoidance of doubt and without in any way limiting the foregoing, all rights and obligations in respect of the Carve Out and the Carve Out Reserves (each as defined in the Interim CC Order) shall survive any termination of the Specified Period (as defined in the Interim CC Order).

7.        For the avoidance of doubt, with respect to cash and cash equivalents in the possession, custody or control of any Debtor as of the date of entry of this Order, neither the entry of this Order, nor any relief granted hereunder, nor the occurrence of the Conversion Date for any Debtor's Chapter 11 Case shall have any effect on whether such cash or cash equivalents (i) are or are not funds collected on account of "trust fund taxes" and held in trust for the benefit taxing authorities or other governmental units (as defined in section 101(27) of the Bankruptcy Code) or

4

(ii) are or are not property of any Debtor's bankruptcy estate pursuant section 541 of the Bankruptcy Code.

8.      Nothing herein shall affect the Order Granting the Motion of Jofran Sales, Inc. for Injunctive Relief entered on March 27, 2020, in Adversary Proceeding 20-50546.

9.      This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, interpretation and/or enforcement of this Order.

13308536 v1