## IN UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| **ART VAN FURNITURE, LLC, *et al*.,** | Case No. 20-10553 (CSS) |
| Debtors. | (Jointly Administered) |
| | Hearing Date: TBD<br>Objection Deadline: TBD |

### EMERGENCY MOTION OF KUEHNE + NAGEL INC. FOR ENTRY OF AN ORDER, PURSUANT TO § 362(D)(1) OF THE BANKRUPTCY CODE, MODIFYING THE AUTOMATIC STAY TO PERMIT LIQUIDATION AND ABANDONMENT OF COLLATERAL

Kuehne + Nagel Inc. ("K+N"), by and through its undersigned counsel, hereby moves for entry of an order, pursuant to §§ 362(d)(1) of Title 11 of the United States Code, as amended (the "Bankruptcy Code") modifying the automatic stay, for cause, to permit liquidation and abandonment of K+N's collateral for its benefit and the benefit of the bankruptcy estates. For the reasons set forth below, and in support thereof, K+N respectfully represents as follows.

### The Bankruptcy Cases

1.      On March 8, 2020 (the "Petition Date"), Art Van Furniture, LLC ("Art Van") and certain of its affiliates including Sam Levin, Inc. ("Sam Levin", and collectively referred to as the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code.

2.      On March 18, 2020 the Office of the United States Trustee formed an Official Committee of Unsecured Creditors.

3.      On April 7, 2020, the Debtors' cases were converted to ones under Chapter 7 of the Bankruptcy Code, and Alfred T. Giuliano was appointed as Chapter 7 Trustee (the "Trustee").

## Jurisdiction

4.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §1334. Venue lies properly with this Court pursuant to 28 U.S.C. §§1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §157(b)(2).

## Summary of Relief Requested

5.      The facts of this matter are straightforward.  K+N had a longstanding pre-petition relationship with the Debtors to provide freight services, specifically to Debtors Art Van and Sam Levin.  K+N has attempted to obtain direction from the Debtors and, subsequently, from the Trustee, regarding the substantial amount of Debtor goods in K+N's possession for which the Debtors have not yet arranged to accept delivery.[1]  Specifically at issue are 39 containers of debtor furniture on behalf of Art Van and 20 containers on behalf of Sam Levin (collectively the "Goods", a schedule of which is annexed hereto as **Exhibit A**).  Fees for each Debtor are, respectively, $706,242 and $465,083 as calculated through the end of April 2020, for a total of $1,171,325.

6.      K+N is mindful of the current economic environment and irregular circumstances all businesses are facing at present.  K+N brings this Motion because time is of the essence in this matter due to the alarming amount of expenses that accrue daily with respect to every container required to be kept in *de facto* storage pending the bankruptcy estates' decision. **The Trustee and bankruptcy estates can expect accruals of storage fees and expenses with**

---

[1] K+N continues to be in contact with the Trustee and is hopeful the parties may reach resolution of this Motion on consent.  The Trustee has been advised that K+N would be filing this Motion in order to assist the parties in achieving a timely resolution for the benefit of all.

respect to the Goods of approximately **$24,050 per diem, which equates to more than $720,000 per month** (the "Future Costs").

7.     K+N is secured in the assets in its possession, both under Article 7 of the Uniform Commercial Code, as well as under relevant warehouseman's and possessory lien statutes and the relevant bills of lading issued for the subject goods.  K+N has no assurance that release or liquidation of the Goods will satisfy the Future Costs.  Thus, with every passing day, K+N becomes less and less secured and, concomitantly, any value to the bankruptcy estates (whether in equity or in claims reduction) is rapidly eroding.  K+N has attempted to secure direction from the Debtors and Trustee regarding payment and release of the Goods, or, alternatively, liquidation of the Goods, but has not received definitive instruction.  Accordingly, in an attempt to mitigate harm on all sides, K+N seeks modification to the automatic stay to allow it to liquidate the Goods in satisfaction of as much of the accrued debt as possible or, if commercially reasonable, to effectuate abandonment.  K+N notes that, alternatively, K+N is more than amenable for the Trustee to take delivery of the Goods in exchange for payment of the arrears; however, absent express direction that K+N has been unable to attain, the relief requested in this Motion is K+N's only remedy.

## Relief Requested

8.     It is undisputed that K+N is a secured creditor by virtue of its possession of the Goods in transit due to its contractual relationship with the Debtors and applicable state law, including but not limited to, sections 7-209, 7-210, and 9-333 of the Uniform Commercial Code, and the common law on possession of freight forwarders and warehousemen.  K+N's status as secured creditor is further evidenced by the standard "first day" motion (including the one made in these cases [D.I. 11]), whereby a debtor acknowledges possessory liens and seeks to satisfy such claims in the ordinary course of business, whether prepetition or post-petition, lest the supply chain

of goods be disrupted. *See, e.g., In re Pac. Sunwear of Cal., Inc*, No. 16-10882 (LSS) (Bankr. D. Del. Apr. 8, 2016) (approving payment of charges incurred in connection with the transportation of merchandise); *In re Sports Auth. Holdings, Inc.*, No. 16-10527 (MFW) (Bankr. D. Del. Mar. 29, 2016) (approving payment of customs duties, detention and demurrage fees, tariffs and excise and related taxes to third party vendor); *In re Destination Maternity Corporation* No. 19-12256 (BLS) (authorizing payment of prepetition import claims); *In re Forever 21, Inc.*, No. 19-12122 (KG) (Bankr. D. Del. Oct. 1, 2019) (same); *In re Things Remembered, Inc.*, No. 19-10234 (KG) (Bankr. D. Del. Feb. 26, 2019) (same). Having established its status as secured creditor, K+N is mindful of the automatic stay and seeks relief from this Court for cause, for the benefit of both K+N and the bankruptcy estates, given the rapid, daily, erosion of value.

9.      Section 362(d)(1) of the Bankruptcy Code provides that:

(d)      On request of a party in interest after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay -

(1)      for cause, including the lack of adequate protection of an interest in property of such party interest;

11 U.S.C. § 362(d).

10.      The automatic stay should be lifted for cause so that K+N can mitigate the damages to both it and the bankruptcy estates by liquidating (or, if commercially reasonable abandon) the Goods in reduction or satisfaction of the Costs. Section 362(d) of the Bankruptcy Code permits relief from the automatic stay "for cause." 11 U.S.C. § 362(d)(1). The phrase "for cause" is not defined in the Bankruptcy Code, "leaving courts to consider what constitutes cause based on the totality of the circumstances in each particular case". *Baldino v. Wilson (In re Wilson)*, 116 F. 3d 87, 90 (3d Cir. 1997). When analyzing whether to lift the automatic stay, courts may balance the harm to the debtor against the harm to the creditor, "viewed in the light of arriving

at an equitable result". *See, e.g., Energy L.P. v. Lehigh Coal & Navigation Co. (In re Lehigh Coal & Navigation Co.)*, 2009 Bankr. LEXIS 1412, *7 (Bankr. M.D.Pa. 2009), *see also In re 360 Networks (USA), Inc.*, 282 B.R. 756, 764 (Bankr. S.D.N.Y. 2001).

11.     Unless K+N can be assured that the Debtors and/or the Trustee have the means to honor their payment obligations with respect to the Goods, which obligations already exceed $1 million and are estimated to accrue Future Costs in excess of $24,000 per day until released, K+N should not be required to continue to accrue such obligations.  There is no assurance that the Goods can be liquidated for an amount sufficient to satisfy the arrears now, much less with additional accruals.  As a secured creditor, K+N is not receiving the adequate protection that it is due.  Without a decision as to the Goods, both K+N and the Debtors are being harmed due to the passage of time.  K+N seeks this relief to mitigate exposure on all sides, both with respect to the $1,171,325 for which the Debtors are already indebted, as well as the Future Costs that will continue to accrue. K+N should not be forced to risk approximately $720,000 per month without assurance of payment, nor is continued inaction in the best interests of the estates.  Accordingly, "cause" exists under § 362(d)(1) of the Bankruptcy Code to modify the automatic stay to allow K+N to liquidate and/or abandon the Goods in order to maximize value for all.

## Notice

12.     Notice of this motion has been served upon the Trustee, the Debtors, Wells Fargo, and those parties who filed requests for notice in these cases.  K+N submits that such notice is sufficient and good under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

**No Prior Request**

13.     No prior request for the relief sought herein has been made to this or any other court.

**Conclusion**

WHEREFORE, K+N respectfully requests that this Court enter an order, substantially in the form annexed hereto as **Exhibit B**, modifying the automatic stay to allow K+N to liquidate or, if commercially reasonable, abandon the Goods in order to reduce K+N's claims and the claims against the estates, and granting to K+N such other and further relief as may be just and proper.

Dated:  April 24, 2020
       Wilmington, DE

**BIELLI & KLAUDER, LLC**

_____

David M. Klauder, Esq. (Del. Bar No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone (302) 803-4600
Fax (302) 397-2557
Email: dklauder@bk-legal.com

-and-

HALPERIN BATTAGLIA BENZIJA, LLP

Walter Benzija, Esq.
Julie Dyas Goldberg, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone (212) 765-9100
wbenzija@halperinlaw.net
jgoldberg@halperinlaw.net

*Co-counsel for Kuehne + Nagel Inc.*