## IN UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re: | Chapter 7 |
| **ART VAN FURNITURE, LLC,** *et al.*, | Case No. 20-10553 (CSS) |
| Debtors. | (Jointly Administered) |

### MOTION TO SHORTEN NOTICE WITH RESPECT TO EMERGENCY MOTION OF KUEHNE+NAGEL INC. FOR ENTRY OF AN ORDER, PURSUANT TO § 362(D)(1) OF THE BANKRUPTCY CODE MODIFYING THE AUTOMATIC STAY TO PERMIT LIQUIDATION AND ABADNMENT OF COLLATERAL

Kuehne + Nagel Inc. ("K+N"), by and through its undersigned counsel, hereby moves ("Motion to Shorten Notice") this Court for the entry of an order, pursuant to Rule 9006 of the Federal Rules of Bankruptcy Procedure and Rule 9006-1(e) of the Delaware Bankruptcy Local Rules, shortening the notice period for the *Emergency Motion of Kuehne+Nagel, Inc. for Entry of an Order, Pursuant to 362(d)(1) of the Bankruptcy Code Modifying the Automatic Stay to Permit Liquidation and Abandonment of Collateral* (the "Motion for Relief").  In support of this Motion to Shorten Notice, K+N respectfully represents as follows:

### Jurisdiction and Venue

1.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  This matter is a core proceeding pursuant to 28 U.S.C. § 157(b), and the Debtor confirm its consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local

Rules") to the entry of a final order by the Court in connection with this Motion to Shorten

Notice to the extent that it is later determined that the Court, absent consent of the parties, cannot

enter final orders or judgments in connection herewith consistent with Article III of the United

States Constitution. The statutory predicates for the relief requested herein are sections 105(a) of

title 11 of the United States Code, 11 U.S.C. §§ 101 *et seq.* (the "Bankruptcy Code") and Rules

2002 and 9006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and

Local Rule 9006-1(e).

**Background**

2.       On March 8, 2020 (the "Petition Date"), Art Van Furniture, LLC ("Art Van") and

certain of its affiliates including Sam Levin, Inc. ("Sam Levin", and collectively referred to as

the "Debtors") filed voluntary petitions for relief under Chapter 11 of the Bankruptcy Code

3.       On March 18, 2020 the Office of the United States Trustee formed an Official

Committee of Unsecured Creditors.

4.       On April 7, 2020, the Debtors' cases were converted to ones under Chapter 7 of

the Bankruptcy Code and Alfred T. Giuliano was appointed as Chapter 7 Trustee (the "Trustee").

5.       K+N had a longstanding pre-petition relationship with the Debtors to provide

freight services, specifically to Debtors Art Van and Sam Levin. K+N has attempted to obtain

direction from the Debtors and, subsequently, from the Trustee, regarding the substantial amount

of Debtor goods in K+N's possession for which the Debtors have not yet arranged to accept

delivery. Specifically at issue are 39 containers of debtor furniture on behalf of Art Van and 20

containers on behalf of Sam Levin (collectively the "Goods" a schedule of which is annexed to

the Motion for Relief as Exhibit A). Fees for each Debtor are, respectively, $706,242 and

$465,083 as calculated through the end of April 2020, for a total of $1,171,325.

6.        K+N is mindful of the current economic environment and irregular circumstances all businesses are facing at present.  K+N brings this Motion because time is of the essence in this matter due to the alarming amount of expenses that accrue daily with respect to every container required to be kept in *de facto* storage pending the bankruptcy estates' decision.  **The Trustee and estates can expect accruals of storage fees and expenses with respect to the Goods of approximately $24,050 per diem, which equates to more than $720,000 per month** (the "Future Costs").

7.        K+N is secured in the assets in its possession, both under Article 7 of the Uniform Commercial Code, as well as under relevant warehouseman's and possessory lien statutes and the relevant bills of lading issued for the subject goods.  K+N has no assurance that release or liquidation of the Goods will satisfy the Future Costs.  Thus, with every passing day, K+N becomes less and less secured and, concomitantly, any value to the estates (whether in equity or in claims reduction) is rapidly eroding.  K+N has attempted to secure direction from the Debtors and Trustee regarding payment and release of the Goods, or, alternatively, liquidation of the Goods, to no avail.  Accordingly, in an attempt to mitigate harm on all sides, K+N seeks modification to the automatic stay to allow it to liquidate the Goods in satisfaction of as much of the accrued debt as possible or, if commercially reasonable, to effectuate abandonment.  K+N notes that, alternatively, K+N is more than amenable for the Trustee to take delivery of the Goods in exchange for payment of the arrears; however, absent express direction that K+N has been unable to attain, the relief requested in this Motion is K+N's only remedy.

### Relief Requested

8.        K+N requests that the Court (a) schedule a hearing on the Motion for Relief as soon as possible, and preferably within the next seven (7) days and (b) shorten the period for

notice of the hearing on the Motion for Relief with objections, if any, to be filed prior to the hearing on the Motion for Relief as the Court deems appropriate.

**Basis for Relief Requested**

9.      Local Rule 9006-1(c) requires at least l4 days' notice prior to a hearing date where time for notice and hearing is not otherwise specified in the Local Rules or the Bankruptcy Rules. See Del. Bankr. L.R. 9006-1(c).  Pursuant to Local Rule 9006-1(e), however, such periods may be shortened by order of the Court upon written motion specifying the exigencies supporting shortened notice.  As set forth in the Motion for Relief, sufficient cause exists to justify shortening the notice period for, and scheduling an expedited hearing on, the relief requested in the Motion for Relief.

10.      K+N files the Motion for Relief in order to mitigate damages to both it and the estates by liquidating, or if commercially reasonable abandoning, the Goods in reduction or satisfaction of the storage costs that have been incurred.

11.      Prior to the filing of this Motion to Shorten, undersigned counsel for K+N contacted the Counsel to the Chapter 7 Trustee who indicated that they are working to try to resolve the issues in the Motion for Relief and that they did not necessarily object to shortened notice for the Motion for Relief.  K+N has pledged to work with the Trustee, and any other relevant party to resolve the issues in the Motion for Relief without the need for a hearing, however because of the substantial costs being incurred here, an expedited hearing is necessary in case the Motion for Relief cannot be resolved.

12.      For these reasons, K+N requests that the Court schedule a hearing on the Motion for Relief as soon as possible, and preferably within the next seven (7) days, with objections to be filed prior to the hearing as the Court deems appropriate.

**<u>Notice</u>**

13.     Notice of this Motion to Shorten, and the Motion for Relief will be provided, either by electronic mail, facsimile, or overnight mail to upon the United States Trustee, the Trustee, the Debtors, Wells Fargo, and those parties who filed requests for notice in these cases. K+N submits that such notice is sufficient and good under the Bankruptcy Code, the Federal Rules of Bankruptcy Procedure and the Local Rules of this Court.

14.     If the Court grants this Motion to Shorten and enters an order fixing a hearing date and shortening the time to object or respond to the Motion for Relief, K+N will serve a copy of such Order, and a notice of hearing on the notice parties by electronic mail where available, and otherwise by overnight mail.

WHEREFORE, K+N respectfully requests that the Court enter the order, substantially in the form attached hereto, granting the relief requested in this Motion to Shorten Notice, and for such other and further relief that this Court deems appropriate.

Respectfully submitted,

**BIELLI & KLAUDER, LLC**

Dated: April 24, 2020
      Wilmington, Delaware

*/s/ David M. Klauder*
David M. Klauder, Esquire (No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone: (302) 803-4600
Fax: (302) 397-2557
Email: dklauder@bk-legal.com

-and-

**HALPERIN BATTAGLIA BENZIJA, LLP**

Walter Benzija, Esq.
Julie Dyas Goldberg, Esq.
40 Wall Street, 37th Floor
New York, NY 10005
Telephone (212) 765-9100
wbenzija@halperinlaw.net
jgoldberg@halperinlaw.net

*Co-counsel for Kuehne + Nagel Inc.*