IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered<br><br>**Objection Deadline: May 12, 2020 at 4:00 p.m. (ET)**<br>**Hearing Date: May 27, 2020 at 11:00 a.m. (ET)** |

**APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE, PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A),
BANKRUPTCY RULES 2014(A) AND 2016, AND LOCAL RULE 2014-1 FOR
AUTHORITY TO EMPLOY AND RETAIN GIULIANO, MILLER & COMPANY, LLC
AS ACCOUNTANTS AND FINANCIAL ADVISORS TO CHAPTER 7 TRUSTEE,
EFFECTIVE AS OF APRIL 7, 2020**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estate of the above-captioned debtor (the "Debtor"), submits this application (the "Application"), for authority to employ and retain Giuliano, Miller & Company, LLC ("GMCO") as accountants and financial advisors to the Trustee, effective as of April 7, 2020, pursuant to sections 327 and 328 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"). In support of the relief sought in the Application, the Trustee submits the declaration of Donna M. Miller (the "Miller Declaration"), attached hereto as Exhibit A and incorporated herein by reference. In support of this Application, the Trustee respectfully submits as follows:

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

## Jurisdiction and Venue

1. This Court has jurisdiction over this Application pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Application to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Application is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory bases for the relief requested herein are sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1.

## Background

4. On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

6. The Trustee has determined, subject to this Court's approval, to retain GMCO as accountants and financial advisors in connection with the administration of these cases.

## Relief Requested

7. By this Application, pursuant to sections 327(a) and 328(a) of the Bankruptcy Code, the Trustee seeks entry of an order authorizing him to retain and employ GMCO, effective as of April 7, 2020, as accountants and financial advisors to assist the Trustee.

## Basis for Relief Requested

8. Section 327(a) of the Bankruptcy Code provides that a chapter 7 trustee may employ accountants and other professional persons to represent or assist the chapter 7 trustee in carrying out the Trustee's duties only if such accountants and professional persons are disinterested as defined in section 101(14) of the Bankruptcy Code and do not hold or represent an interest adverse to the estate.

9. Section 328(a) of the Bankruptcy Code empowers a chapter 7 trustee appointed under section 701 of the Bankruptcy Code to employ, subject to court approval, professional persons to perform services for a chapter 7 trustee under any reasonable terms and conditions of employment, including on a retainer, on an hourly basis, or on a contingent fee basis.

10. GMCO has advised the Trustee that neither GMCO neither (i) holds an adverse interest in connection with the Debtors' cases; or (ii) represents any other entity having an adverse interest in connection with the Debtors' cases.

11. The Trustee has selected GMCO because of its experience and knowledge and believes that GMCO has no disqualifying conflicts of interest. GMCO has advised the Trustee that it may have previously represented, may currently represent, and may in the future represent, in matters unrelated to the Debtors' pending cases, entities that are claimants of the Debtor or other parties-in-interest in these cases. GMCO has not and will not represent any such

party, or any of their affiliates or subsidiaries, in relation to the Trustee, the Debtors, or the cases. The Trustee believes GMCO is qualified to represent the Trustee in the cases.

12. The services GMCO may be required to render for the Trustee include, without limitation, the following, none of which are considered Trustee duties:

a. Providing operational financial advisory assistance as needed to assist the Trustee while operating the Debtors' business pursuant to section 721 of the Bankruptcy Code;

b. Advising and providing due diligence regarding potential asset sales including the population of data rooms;

c. Coordinating the transition of records to GMCO;

d. Inventorying the Debtors' financial records;

e. Meeting with and advising the Trustee and/or counsel on matters concerning case administration, as necessary, and potentially preparing and filing the necessary petitions and schedules;

f. Performing any review, preparation, or audit of the Debtors' filed tax returns and prepare, if necessary, any additional filings with either the Internal Revenue Service or the relevant state authorities;

g. Performing preference analyses and any other analyses as required by the Trustee;

h. Researching, pursuing, and collecting any funds owed to the Debtors;

i. Assisting the Trustee and his retained professionals in analyzing and challenging, as necessary, the claims filed against the Debtors' estates;

j. Performing any accounting services and/or management services as may be required for the Trustee to administer the cases;

k. Performing any auditing and/or "forensic accounting" services as required for the Trustee to administer the cases;

l. If appropriate, assist the Trustee in continuing to perform obligations required of administrator (as defined in Section 3 of the Employee Retirement Income Security Act of 1974) of any

|   |   |
|---|---|
| | employee benefit plans of the debtor to the extent necessary under 11 U.S.C. § 704(a)(11) or otherwise; |
| m. | Analyze the financial operations of the Debtors' pre and post-petition, as necessary; |
| n. | Conduct any requested financial analysis including verifying the material assets and liabilities of the Debtors, as necessary, and their values; |
| o. | Analyze transactions with insiders, related and/or affiliated companies; |
| p. | Analyze transactions with the Debtors' financing institutions; |
| q. | Assist counsel in preparing for any depositions and testimony, as well as prepare for and provide expert testimony at depositions and court hearings, as requested; |
| r. | Rendering such other assistance as the Trustee and/or his counsel may deem appropriate, including, but not limited to with respect to financial, business and economic issues that may arise. |

13. The Trustee requests that GMCO be compensated on an hourly basis, plus reimbursement of the actual and necessary expenses that GMCO incurs, in accordance with the ordinary and customary rates that are in effect on the date the services are rendered.

14. GMCO has advised the Trustee that GMCO's current hourly rates are as follows:

| | | |
|---|---|---|
| a. | Senior Member | $675.00 |
| b. | Managers | $520.00 |
| c. | Senior Staff | $425.00 - $450.00 |
| d. | Staff | $295.00 - $350.00 |
| d. | Paraprofessionals | $175.00 - $225.00 |

The Trustee submits that GMCO's customary hourly rates are reasonable.

15. No previous application for relief sought herein has been made to this or any other Court.

### Notice

16. The Trustee has provided notice of this Application to: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) counsel to the Debtors' prepetition lenders; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

WHEREFORE, the Trustee respectfully requests that this Court enter an order, substantially in the form of the order annexed hereto, authorizing the retention of Giuliano, Miller & Company, LLC as accountants and financial advisors to the Trustee, effective as of April 7, 2020 in connection with these cases and grant such other and further relief as is just or proper.

Dated:  April 28, 2020

/s/ *Alfred T. Giuliano*
Alfred T. Giuliano
Chapter 7 Trustee for the Estates of
Art Van Furniture, LLC, et al.