## UNITED STATES BANKRUPTCY COURT
## DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |

**Objection Deadline: May 20, 2020 at 4:00 p.m. (Eastern time)**
**Hearing Date: May 27, 2020 at 11:00 a.m. (Eastern time)**

## MOTION OF ALFRED T. GIULIANO,
## CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER (I) ESTABLISHING
## TEMPORARY PROCEDURES AND (II) GRANTING RELATED RELIEF

Alfred T. Giuliano, chapter 7 trustee (the "Trustee"), to the estates of the above-

captioned debtors (the "Debtors"), moves this Court for entry of an order pursuant to sections

102(1), 105(a) and 105(d) of title 11 of the United States Code (the "Bankruptcy Code") and

Rules 1015(c), 2002(m), 9007, 9014 and 9036 of the Federal Rules of Bankruptcy Procedure (the

"Bankruptcy Rules"): (i) authorizing certain temporary procedures (the "Temporary

Procedures") for the filing of pleadings and hearings to be held in these Chapter 7 Cases;  (ii)

ordering that to the extent any of the Temporary Procedures conflict with the provisions of the

Bankruptcy Code, the Bankruptcy Rules, or the Local Rules of the United States Bankruptcy

Court for the District of Delaware (the "Local Rules"), the Temporary Procedures shall govern

and supersede such provisions and rules; and (iii) granting related relief.  A proposed form of

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

order is attached hereto as **Exhibit A** (the "Proposed Order"). In support of the Motion, the Trustee represents as follows:

## Preliminary Statement

1.      When the Debtors filed their chapter 11 cases on March 8, 2020 (the "Petition Date"), they intended to close a majority of their stores, liquidate their inventory through store closing sales (the "GOB Sales"), sell certain of their Levin and Wolf stores as going concerns (the "Going Concern Sale"), pay down their secured debt and wind up their operations. Within a few days after the bankruptcy was filed, COVID-19 became a pandemic, and President Trump declared a national emergency in response to the COVID-19 outbreak and the Debtors closed all of their locations.  As a result, the Debtors were unable to continue in a Chapter 11 reorganization and their cases converted to liquidation cases under Chapter 7 of the Bankruptcy Code on April 7, 2020.  Alfred T. Giuliano was subsequently appointed the Chapter 7 Trustee.

2.      While it is still early in the process, and the COVID-19 pandemic has required that the stores stop operating, the Trustee anticipates that once restrictions are lifted on non-essential businesses, he will continue to liquidate the Debtors' inventory through GOB Sales.  Accordingly, in consultation with his proposed professionals and the Debtors' secured lender, Wells Fargo Bank, National Association (the "ABL Lender"), the Trustee intends to suspend the Debtors' operations through May 31, 2020 ("Phase 1"), and then resume going out of business sales ("Phase 2"), which are expected to last through August 31, 2020.  The timing of the GOB Sales (and in fact Phase 1 and Phase 2) will depend on, among other things, when the

COVID restriction orders are lifted in the cities, states and counties in which the stores are located, the ability of the Trustee to staff the GOB Sales given that the Debtors terminated all of their employees permanently on or about March 20-23, the location and accessibility of the inventory and simply the uncertainties surrounding the conducting of business in post-Covid-19 America.

3.      In the interim, the Trustee proposes the following Temporary Procedures with respect to the handling of (i) Rejection Procedures, (ii) Stipulations and (iii) Hearings (each as defined below) in order to streamline the process and minimize professional fees in this critical period.

**<u>Jurisdiction And Venue</u>**

4.      The Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012 (the "<u>Amended Standing Order</u>"). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).  Venue of the Chapter 11 Cases and this Motion is proper in this District under 28 U.S.C. §§ 1408 and 1409.

5.      Pursuant to Bankruptcy Rule 7008 and Local Rule 9013-1(f), the Trustee consents to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection therewith consistent with Article III of the United States Constitution.

**Background**

6.      On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

7.      On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

**Relief Requested**

**A.      General**

8.      The Trustee seeks entry of an order authorizing the Temporary Procedures outlined below;  (ii) ordering that to the extent any of the Temporary Procedures conflict with the provisions of the Bankruptcy Code, the Bankruptcy Rules, or the Local Rules, the Temporary Procedures shall govern and supersede such provisions and rules; and (iii) granting related relief.

9.      The Trustee believes that establishing Temporary Procedures for an initial interim period through May 31, 2020, subject to further extensions will greatly assist him and the estates by cutting professional expenses, and will also reduce litigation that puts stress on a court system facing the unenviable challenge of trying to continue to serve its vital functions while keeping its court personnel and the public safe.  The Temporary Procedures set forth herein will be less burdensome and costly than those typically followed under normal circumstances, which, in turn, will maximize the efficiency and orderly administration of these Chapter 7 Cases, while at the same time ensuring that appropriate notice and due process is provided.

4

**B.**  **Proposed Temporary Procedures**

10.     The Trustee submits that the following Temporary Procedures should

govern these Chapter 7 Cases through May 31, 2020 (the "Initial Period"):

Rejection Procedures: The Trustee proposes the following procedures (the "Rejection Procedures") with respect to the rejection of executory contracts and unexpired leases (each a "Contract or Lease"):

(i)     ***Rejection Notice***: The Trustee shall file a notice substantially in the form attached hereto as **Exhibit 1** (the "Rejection Notice") to reject one or more Contracts or Leases pursuant to section 365 of the Bankruptcy Code, which Rejection Notice shall set forth, among other things: (a) the Contract(s) or Lease(s) to be rejected; (b) the Debtor or Debtors party to such Contract or Lease; (c) the names and addresses of the counterparties to such Contracts or Leases (each a "Rejection Counterparty"); (d) the proposed effective date of rejection for such Contracts or Leases (the "Rejection Date"); (e) if any such Contract or Lease is a nonresidential real property lease (a "Rejected Lease"), the personal property to be abandoned, if any (the "Abandoned Property"); and (f) the deadlines and procedures for filing objections to the Rejection Notice (as set forth below). The Rejection Notice may list multiple Contracts or Leases, provided that the number of counterparties to Contracts or Leases listed on each Rejection Notice shall be limited to no more than 100.

(ii)     ***Service of the Rejection Notice***. The Trustee will cause the Rejection Notice to be served on the following parties by email (if known) and if email is not available then by overnight delivery upon: (a) the Rejection Counterparties affected by the Rejection Notice at the notice address provided in the applicable Contract or Lease (and upon such Rejection Counterparty's counsel, if known); and (b) the Office of the United States Trustee for the District of Delaware (the "U.S. Trustee"); (c) counsel for the ABL Lender; (d) the United States Attorney for the District of Delaware; (e) the Internal Revenue Service; (f) in the case of a Rejected Lease, the state attorney general applicable to the location of such Rejected Lease; (g) any party that may have an interest in the Abandoned Property; and (h) any party that has requested notice pursuant to Bankruptcy Rule 2002 (collectively, the "Master Notice Parties").

(iii)     ***Objection Procedures.*** Parties objecting to a proposed rejection must file and serve a written objection by email so that such objection is filed with this Court on the docket of the  Chapter 7 Cases and is ***actually received*** by the following parties (collectively, the "Objection Service Parties") no later than seven (7) calendar days after the date the Trustee files and

serves the relevant Rejection Notice (the "Rejection Objection Deadline"): (a) proposed counsel to the Trustee: Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, DE 19801, Attn:  Bradford J. Sandler, Esq. (bsandler@pszjlaw.com), Jason Rosell, Esq. (jrosell@pszjlaw.com) and Colin R. Robinson, Esq. (crobinson@pszjlaw.com); (b) the U.S. Trustee, 844 King Street, Suite 2207, Lock Box 35, Wilmington, DE 19801, Attn:  Benjamin Hackman, Esq. (Benjamin.A.Hackman@usdoj.gov); and; (c) counsel for the ABL Lender, Morgan Lewis & Bockius LLP, 101 Park Avenue, New York 10178, Attn: Jennifer Feldsher, Esq (jennifer.feldsher@morganlewis.com), and One Federal Street, Boston, MA 02110, Attn: Christopher L. Carter, Esq. (christopher.carter@morganlewis.com).

(iv)    ***No Objection Timely Filed***.  If no objection to the rejection of any Contract or Lease is timely filed by the Rejection Objection Deadline, each Contract or Lease listed in the applicable Rejection Notice shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice or such other date as the Trustee and the applicable Rejection Counterparty agree; *provided that* the Rejection Date for the Rejected Lease shall not occur until the later of (a) the Rejection Date set forth in the Rejection Notice, or (b) the date the Trustee relinquishes control of the premises by notifying the affected landlord in writing of the Trustee's surrender of the premises and (1) turning over keys, key codes, and security codes, if any, to the affected landlord or (2) notifying the affected landlord in writing that the keys, key codes, and security codes, if any, are not available, but the landlord may rekey the leased premises; *provided further* that the Rejection Date of a Rejected Lease shall not occur earlier than the date the Trustee filed and served the applicable Rejection Notice.

(v)    ***Unresolved Timely Objection***.  If an objection to a Rejection Notice is timely filed and properly served as specified above and not withdrawn or resolved, the Trustee requests that the Court schedule a hearing on such objection and shall provide at least seven (7) calendar days' notice of such hearing to the applicable Rejection Counterparty, the objecting party and the other Objection Service Parties.  The Trustee shall provide notice of such hearing to the objecting party by email (if available) and if email is not available then by overnight delivery.  If such objection is overruled or withdrawn, such Contract or Lease shall be rejected as of the applicable Rejection Date set forth in the Rejection Notice, or such other date to which the Trustee, the objecting party and the applicable Rejection Counterparty have agreed, or as ordered by the Court.

(vi)    ***Proofs of Claim.***  Claims arising out of the rejection of Contracts of Leases, if any, must be filed with the clerk of the Bankruptcy Court on or before the later of (a) the deadline for filing proofs of claim established in the Chapter 7 Cases (June 16, 2020 (the "Claims Bar Date"), and (b) 30

days after the latest of (1) the Rejection Objection Deadline, if no objection is filed or (2) the date that all such filed objections have either been overruled or withdrawn.  If no proof of claim is timely filed, such claimant shall be forever barred from asserting a claim for damages arising from the rejection and from participating in any distributions on such a claim that may be made in connection with these Chapter 7 Cases.

(viii)  ***Treatment of Deposits***.  If the Debtors have deposited funds with a Rejection Counterparty as a security deposit or other arrangement, such Rejection Counterparty may not setoff or otherwise use such deposit without the prior authority of this Court or agreement of the Trustee; *provided* that the Trustee, in consultation with the ABL Lender, and the Rejection Counterparty may agree to setoff or otherwise use such deposit pursuant to a Stipulation (as defined below) approved by the Court in accordance with the procedures governing Stipulations below.

Stipulations: The following procedures with respect to the Trustee's entry into Stipulations (as defined below) and the Court's approval thereof:

(i)  Parties are encouraged to contact counsel for the Trustee in order to resolve any objections that they may have or relief they may seek and to try to reach a consensual resolution, which resolution may be submitted to the Court with the consent of the ABL Lender in accordance with sub-part (iii) below.

(ii)  Subject to the notice and consent of the ABL Lender, requests of the Trustee for approval of stipulations regarding (1) turnover of estate property in accordance with sections 542 and 543 of the Bankruptcy Code, (2) rejection of Contracts or Leases outside of the Rejection Procedures, (3) settlement and compromise of prepetition and post-petition claims, cross-claims, litigation, and causes of action, including prepetition claims threatened or actions brought by various parties against one or more of the Debtors or their estates in judicial, administrative or other actions or proceedings, or (4) any such other and further agreements as may be reached between the parties may be granted by stipulation filed under certification of counsel of the Trustee (each a "Stipulation") in lieu of proceeding by motion.

(iii)  The Trustee may enter into Stipulations with any parties provided that (1) the Trustee determines, in the exercise of his reasonable business judgment, that such Stipulation and the actions to be taken and/or resolutions set forth therein are in the best interests of the estates and (2) the Trustee obtains the consent of the ABL Lender. Each Stipulation shall provide a statement of the action proposed to be taken, including any Claim Settlement with respect thereto and a concise statement of the terms and conditions of, and the reasons for, the proposed action.

(iv)     To obtain Court approval of a Stipulation, the Trustee shall file a certification of counsel (each a "Certification of Counsel") that (1) certifies the Trustee has obtained the consent of the ABL Lender to enter into the Stipulation; (2) attaches a proposed form of order approving the Stipulation and the proposed actions set forth therein (each, a "Proposed Stipulation Approval Order"), and (3) serves the Certification of Counsel by e-mail upon (a) any party(ies) directly affected by the Stipulation (if any); and (b) all parties that have requested notice pursuant to Bankruptcy Rule 2002. If after the Trustee submits the Certification of Counsel, no objections are received within three business (3) day thereof, the Court may enter the Proposed Stipulation Approval Order without the need for a hearing. To the extent that an objection is filed on the docket, the Court may, among other things, schedule a hearing on the objection and the Trustee's and any other parties' deadline to submit a response or reply thereto.

(v)      Nothing in this section pertaining to Stipulations shall limit, impair or otherwise restrict the Trustee's ability to enter into settlements in accordance with Federal Rules of Bankruptcy Procedure, the Local Rules of this Court or any other Order of this Court.

Stay Relief and Other Application and Motion Filing Procedures: The following procedures (the "Stay Relief and Other Procedures") shall apply with respect to any motion filed seeking relief under section 362 of the Bankruptcy Code (a "Stay Relief Motion") or any motion or application filed seeking payment of an administrative claim, compelling rejection, assumption or assumption and assignment of Contracts or Leases, or enforcing or pursuing any other rights pursuant to section 365(d)(3) or (d)(5) of the Bankruptcy Code (the "Other Motions and Applications"):

(i)      Any party wishing to obtain relief from the automatic stay or seeking the payment of an administrative expense claim or to have the Trustee reject, assume, or assume and assign Contracts or Leases or enforcing or pursing any other rights pursuant to section 365(d)(3) or (d)(5) of the Bankruptcy Code is encouraged, but not required, to contact the Trustee in an effort to reach an agreement so that relief can be achieved by entering into a Stipulation in accordance with the procedures outlined above.

(ii)     Absent a finding by the Court that a matter is time sensitive, consistent with the Court's Second Amended General Order, dated April 20, 2020 (the "Second Amended General Order"), a copy of which is attached hereto as **Exhibit 2** to the Proposed Order, and is incorporated herein by reference, no Stay Relief Motion or Other Motions and Applications will be set for a hearing prior to May 18, 2020, or such later date as determined by the Court in light of prevailing circumstances. Notwithstanding the foregoing, any party who files a Stay Relief Motion or Other Motion or Application can seek to resolve such motion using the procedures set forth for Stipulations above. Furthermore, any party wishing to have a status

conference on any such Stay Relief Motion or Other Motion or Application may contact Chambers to set up a status conference, at which conference the Court may decide to continue the Stay Relief and Other Procedures as to the Stay Relief Motion or Other Motion or Application, as the case may be, or to modify such procedures, as is appropriate under the circumstances.

<u>All Hearings to be Held Telephonically</u>: The following procedures shall govern all hearings, status conferences, trials and any other matters scheduled to be held in open Court ("<u>Hearings</u>") in these Chapter 7 Cases:

(i)     The Court's Second Amended General Order, and any and all subsequent orders or guidelines that may be issued related to Covid-19 procedures.

(ii)    There shall be no periodic omnibus Hearings scheduled in these Chapter 7 Cases until further order of the Court.

(iii)   All Hearings held in these Chapter 7 Cases shall be by telephonic appearance only, unless the Court instructs otherwise (e.g., by video conference). Parties are instructed to arrange for their participation in such telephonic hearings through CourtCall by phone at (888) 882-6878 or by email at info@courtcall.com. Any party may use a live- or listen-only line through CourtCall without seeking permission from the Trustee or the Court.

(iv)    Any party that files a Pleading shall obtain from the Court a hearing date in advance of the filing of such Pleading, and file substantially contemporaneously with such Pleading a notice of hearing (the "<u>Hearing Notice</u>"). Each Hearing Notice shall include instructions for how parties may arrange for their participation with CourtCall and the procedures for doing so.

<u>General Provisions</u>: The Trustee requests that any Order approving this Motion contain the following additional provisions:

(i)     The Trustee may seek additional extensions of these Temporary Procedures beyond the Initial Period with the consent of the U.S. Trustee and counsel for the ABL Lender by filing a statement on the docket.

(ii)    Nothing in the Motion shall prejudice the Trustee's rights for relief under the Bankruptcy Code, the Bankruptcy Rules or any other law or rule of procedure, and any opposition to such relief by any creditor or party in interest in these Chapter 7 Cases and all such rights are reserved.

(iii)   Notwithstanding the relief that may be granted pursuant to this Motion and any actions taken pursuant to such relief, nothing in it shall be deemed: (a)

an admission as to the validity, priority, or amount of any particular claim against any of the Debtors or their estates; (b) a waiver of the Trustee's or any other party in interest's right to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Proposed Order or the Motion; (e) a request or authorization to assume or assume and assign any agreement, contract, or lease pursuant to section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Trustee's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Trustee or any other party in interest that any liens (contractual, common law, statutory, or otherwise) are valid and the Trustee and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection or to seek avoidance of all such liens.  Any payment made pursuant to any Order approving this Motion should not be construed as an admission as to the validity, priority, or amount of any particular claim or a waiver of the Trustee's or any other party in interest's rights to subsequently dispute such claim.

(iv)     All rights and defenses of the Trustee and the Debtors' estates and all other parties' are preserved, including without limitation all rights and defenses of the Trustee and/or Debtors' estates and all other parties with respect to a claim for damages arising as a result of a Contract or Lease rejection, including any right to assert an offset, recoupment, counterclaim, or deduction. In addition, nothing in the Proposed Order or the Motion shall limit the Trustee's and all other parties' ability to subsequently assert that any particular Contract or Lease is terminated and is no longer an executory contract or unexpired lease.

(v)      As soon as practicable after the entry of the Order approving this Motion, a copy of such Order shall be served by the Trustee on each of the Master Notice Parties.

(vi)     Notice of the Motion and the Proposed Order as provided herein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

(vii)    The Trustee shall be authorized and empowered to take all actions necessary to effectuate the relief granted in any Order approving the Motion.

(viii)   The Bankruptcy Court shall retain exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of any Order approving the Motion.

**Basis For Relief**

11.     The Bankruptcy Code, the Bankruptcy Rules and the Local Rules provide the Court with authority to approve notice, case management and administrative procedures.  In particular, Bankruptcy Rule 2002(m) provides that the "court may from time to time enter orders designating the matters in respect to which, the entity to whom, and the form and manner in which notices shall be sent except as otherwise provided by these rules." Fed R. Bankr. P. 2002(m); *see also* Fed. R. Bankr. P. 9007 ("When notice is to be given under these rules, the court shall designate, if not otherwise specified herein, the time within which, the entities to whom, and the form and manner in which the notice shall be given.").  In addition, Bankruptcy Rule 9036 authorizes parties-in-interest to request that "all or part of the information required to be contained in the notice be sent by a specified type of electronic transmission[.]"  Fed. R. Bankr. P. 9036.

12.     Section 102(1) of the Bankruptcy Code provides that, where the Bankruptcy Code provides for an action to occur "after notice and a hearing," such action may occur "after such notice as is appropriate in the particular circumstances, and such opportunity for a hearing is appropriate in the particular circumstances." 11 U.S.C. § 102(1)(A).

13.     Therefore, the Trustee submits that the Temporary Procedures described above be required to alleviate the burden on the Trustee, the Court, the Clerk of the Court and other parties-in-interest.  The relief requested is supported by Bankruptcy Rule 1015(c), which provides that when two or more cases are being jointly administered, as is here in these Chapter

11

7 Cases, the Court may enter orders "as may tend to avoid unnecessary costs and delay." Fed. R. Bankr. P. 1015(c).

14.     Furthermore, pursuant to the General Order of the U.S. Bankruptcy Court for the District of Delaware, dated March 31, 2020 (the "Amended General Order"), the Court issued an order requiring that all hearings prior to May 1, 2020 be held telephonically and/or by video conference unless otherwise ordered by the presiding judge.  The Temporary Procedures are consistent with the guidance set forth in the Second Amended General Order as they continue the requirement for having telephonic and/or video conference hearings and status conferences rather than doing them in person.

15.     In addition, the Second Amended General Order requires that all hearings that are not "time sensitive" be continued until a date after May 18, 2020. The Temporary Procedures, are of course, subject to the Court's determination as to whether any matter for which a party may request a hearing is "time sensitive."

16.     Section 105(a) of the Bankruptcy Code provides in relevant part that, "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  The Trustee submits that implementation of the Temporary Procedures is appropriate and necessary to carry out the provisions of Bankruptcy Code and well within the equitable powers of the Court under section 105(a), given the extraordinary nature of the current circumstances brought about by the COVID-19 outbreak.

17.     Finally, emergency temporary procedures in response to the Covid-19 crisis have been approved in bankruptcy cases by other courts in *In re Craftworks Parent LLC*,

Case No. 20-10475 (Bankr. D. Del. March 30, 2020) [Doc. No 217]; *In re Modell's Sporting Goods, Inc*., Case No. 20-14179 (Bankr. D. NJ March 27, 2020) [Doc. No. 166]; *In re Pier 1 Imports, Inc.,* Case No. 20-30805 (Bankr. D. Va. April 6, 2020) (Doc. No. 493]. Copies of the applicable orders are attached hereto as **Exhibit B**, **Exhibit C** and **Exhibit D** respectively.

18.     The Trustee submits that establishing the foregoing Temporary Procedures will significantly aid the efficient administration of these Chapter 7 Cases and lower the costs of case administration during this period of extraordinary crisis.  Accordingly, the relief requested is in the best interests of the estates and creditors and parties-in-interest.

## Notice

19.     The Trustee has provided notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors; (c) the agents under the Debtors' prepetition secured facilities and counsel thereto; (d) the Debtors' landlords; and (e) those persons who have requested notice pursuant to Bankruptcy Rule 2002 (the "Notice Parties").  The Trustee submits that no other or further notice is necessary or required.

20.     The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## No Prior Request

21.     No prior request for the relief sought herein has been made to this or any other court.

**Conclusion**

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion

and enter the order, substantially in the form attached hereto as Exhibit A, granting the relief

requested, and grant such other and further relief as is just and proper.

Dated:  April 30, 2020                PACHULSKI STANG ZIEHL & JONES LLP

                                      */s/ Bradford J. Sandler*
                                      Bradford J. Sandler (DE Bar No. 4142)
                                      Colin R. Robinson (DE Bar No. 5524)
                                      Peter J. Keane (DE Bar No. 5503)
                                      919 N. Market Street, 17th Floor
                                      P.O. Box 8705
                                      Wilmington, DE 19899 (Courier 19801)
                                      Telephone:  (302) 652-4100
                                      Facsimile:   (302) 652-4400
                                      Email:      bsandler@pszjlaw.com
                                                  crobinson@pszjlaw.com
                                                  pkeane@pszjlaw.com

                                      *Proposed Counsel to Alfred T. Giuliano, Chapter 7*
                                      *Trustee*