**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| **In re:** : | **Chapter 7** |
| : | |
| **ART VAN FURNITURE, LLC,** *et al.* : | **Bankruptcy No. 20-10553 (CSS)** |
| : | **(Jointly Administered)** |
| **Debtors**[1] : | |
| : | **Related to Docket #: 327, 328, 374** |
| : | **Hearing Date: May 5, 2020** |
| : | **at 10:00 a.m. EST** |

**LIMITED OBJECTION OF THE COMMONWEALTH OF PENNSYLVANIA
TO THE EMERGENCY MOTION OF KUEHNE + NAGEL FOR ENTRY OF AN
ORDER PURSUANT TO SECTION 362(D)(1) OF THE BANKRUPTCY CODE
MODIFYING THE AUTOMATIC STAY TO PERMIT LIQUIDATION AND
ABANDONMENT OF COLLATERAL**

The Commonwealth of Pennsylvania, Office of Attorney General, by Attorney General Josh Shapiro ("Commonwealth"), by and through the undersigned counsel, hereby files this limited objection to the Emergency Motion of Kuehne + Nagel ("K + N") for Entry of an Order Pursuant to Section 362(D)(1) of the Bankruptcy Code Modifying the Automatic Stay to Permit Liquidation and Abandonment of Collateral ("Motion"), and in support of its limited objection, the Commonwealth submits as follows:

1. K + N requests this Court to lift the automatic stay in this matter in order to allow K + N to liquidate and/or abandon the Goods (as identified in K + N's Motion) due to its claimed secured position in the assets in its possession claiming under both the UCC and warehouseman's and possessory liens.

---

[1] The Debtors are the following entities: Art Van Furniture, LLC (20-10553-CSS); AVF Holding Company, Inc. (20-10554-CSS); AVCE, LLC (20-10555-CSS); AVF Holdings I, LLC (20-10556-CSS); AVF Holdings II, LLC (20-10557-CSS); AVF Parent, LLC (20-10558-CSS); Levin Parent, LLC (20-10559-CSS); Art Van Furniture of Canada, LLC (20-10560-CSS); AV Pure Sleep Franchising, LLC (20-10561-CSS); AVF Franchising, LLC (20-10562-CSS); LF Trucking, Inc. (20-10563-CSS); Sam Levin, Inc. (20-10564-CSS); and Comfort Mattress, LLC (20-10565-CSS)

1

2. The Commonwealth objects to the requested liquidation and/or abandonment of the Goods limited to the extent that such Goods include merchandise and/or inventory in which Pennsylvania consumers may have a legal interest through the payment of deposits or having paid for in full. Therefore, such liquidation and/or abandonment by K + N would violate the provisions of the Pennsylvania <u>Unfair Trade Practices and Consumer Protection Law</u>, 73 P.S. § 201-1, *et seq*.

3. Prior to the closing of Debtors' stores and filing of their petitions and in some cases after that point in time, consumers paid in full for merchandise or paid deposits for merchandise that was to be picked up and/or delivered. As a result of the closing of the Debtors' stores, these consumers were not able to receive the merchandise for which they paid.

4. Prior to the closing of these stores and the filing of the bankruptcy petitions, consumers made partial payments on merchandise. As a result of the closing of the debtors' stores, these consumers were not able to pay the remaining balance and receive the merchandise for which they paid, nor were they able to receive a refund of their deposit.

5. The merchandise for which consumers paid and made deposits may be included in the Goods which K + N is now requesting permission to liquidate and/or abandon. K + N has not provided sufficient information to determine whether such Goods include merchandise for which consumer paid or placed a deposit.

6. Section 9320(a) of the Pennsylvania Commercial Code ("PCC") provides that a buyer in the ordinary course of business takes free of security interest created by his seller even though the security interest is perfected, except as otherwise provided in Section 9320(e) relating to a security interest in goods in the possession of the secured party under section 9313 (relating

to when possession by or delivery to secured party perfects security interest without filing).  13 Pa.C.S. § 9320(a).

7.  Consumer creditors are buyers in the ordinary course of business.

8.  K + N states that "[s]pecifically at issue are 39 containers of debtor furniture on behalf of Art Van and 20 containers on behalf of Sam Levin (collectively the "Goods" a schedule of which is annexed hereto as **Exhibit A**)."  Therefore, such furniture was being shipped to specific stores, and therefore, more information is required to determine if and to what extent such furniture has been identified to specific consumers who paid in full or paid a deposit, and whether such consumers acquired a legal interest in such furniture.

9.  The Commonwealth has not been provided a copy of the warehouse receipt or storage agreement which supports K + N's claimed warehouse lien.

10.  K + N states that its "status as a secured creditor is further evidenced by the standard 'first day' motion, whereby a debtor acknowledges possessory liens and seeks to satisfy such claims in the ordinary course of business, whether pre-petition or post-petition, lest the supply chain of goods be disrupted."  Article 9 was designed to facilitate the flow of commerce, and thus, if a loss arises due to the failure of a retail inventory seller, Article 9, and specifically § 9320, allocates the risk of such loss to the party best able to foresee and protect against or absorb the loss.

11.  Upon information and belief, at this point in time, additional information is required to determine whether such claimed Goods include merchandise and/or inventory which consumers, including Pennsylvania consumers, have paid deposits or paid in full.  Additional information must include how such claimed Goods are identified and potentially identified to

specific consumers. Additional information is required in order to determine whether certain consumers had a legal interest in the Goods claimed by K + N and when that interest arose.

12.     Upon information and belief as discussed herein, consumers' merchandise may have been sufficiently identified to allow consumers to take free of these alleged perfected security interests under § 9320(a) of the PCC. 13 Pa.C.S. § 9320; see In re Doughty's Appliance, Inc., 236 B.R. 407 (D. Or. 1999).

13.     At the time of purchase, these consumers were provided with receipts for their merchandise.

14.     It is the position of the Commonwealth that this merchandise for which consumers made full or partial payments belongs to the consumers. Consumers should be entitled to pay the remaining balance owed for the merchandise. Such merchandise may be included in the Goods referenced in K + N's Motion.

15.     The merchandise need not be delivered for consumer creditors to take free of a creditor's perfected security interest under § 9320 of the PCC. Id; see also Big Knob Volunteer Fire Co. v. Lowe & Moyer Garage, Inc., 487 A.2d 953 (Pa. Super. 1985).

16.     Title need not pass for consumer creditors to take free of a creditor's perfected security interest under § 9320 of the PCC. Id; see also Big Knob, 487 A.2d at 956.

17.     Sections 2501(a)(1) and (2) of the PCC relates to a buyer obtaining a special property and an insurable interest in goods by identification of existing goods as goods to which the contract refers and provides that where the agreement between the parties fails to state the manner in which goods will be identified, the buyer obtains a special property interest in the goods being sold at the time the contact is made if it is for goods already existing and identified

or the seller has shipped, marked or otherwise designated the goods as to those to which the contract refers.  13 Pa.C.S. § 2501(a)(1) and (2).

    18.     13 Pa.C.S.A. § 7209, Lien of warehouse, states in part,

**(c) Effectiveness against entrustors.—**

    (1) Except as set forth in paragraph (2), a warehouse's lien for charges and expenses under subsection (a) or a security interest under subsection (b) is also effective against any person that so entrusted the bailor with possession of the goods that a pledge of them by the bailor to a good-faith purchaser for value would have been valid.

    (2) **The lien or security interest is not effective against a person that before issuance of a document of title had a legal interest** or a perfected security interest **in the goods and that did not**:

    (i) deliver or entrust the goods or any document covering the goods to the bailor or the bailor's nominee with:
        (A) actual or apparent authority to ship, store or sell;
        (B) power to obtain delivery under section 7403 (relating to obligation of bailee to deliver; excuse); or
        (C) power of disposition under section 2403 (relating to power to transfer; good faith purchase of goods; "entrusting"), 2A304(a)(2) (relating to subsequent lease of goods by lessor), 2A305(a)(2) (relating to sale or sublease of goods by lessee), 9320 (relating to buyer of goods) or 9321(c) (relating to licensee of general intangible and lessee of goods in ordinary course of business) or other statute or rule of law; or

    (ii) acquiesce in the procurement by the bailor or its nominee of any document.

(Emphasis added). 13 Pa.C.S.A. § 7209(c).

    19.     Movant K + N has failed to provide sufficient evidence to demonstrate whether the Goods it claims includes merchandise for which consumers paid or placed a deposit and has failed to provide sufficient evidence to demonstrate that it has a valid warehouseman's lien with regards to the Goods to the extent that such Goods include merchandise for which consumers paid or placed a deposit.

    20.     It is the position of the Commonwealth that consumers who had paid for or placed a deposit on any merchandise included in the Goods subject to the K + N Motion had a legal

interest in such merchandise, and Movant K + N has not demonstrated that its claimed lien is effective with regards to such consumers. Consumers were not a party to any agreement between Debtors and K + N.

**WHEREFORE,** K + N's Motion should be denied, or in the alternative, dismissed without prejudice to K + N re-filing the Motion when it submits sufficient evidence demonstrating that the Goods it claims do not contain merchandise for which consumers paid or placed a deposit and/or demonstrating that merchandise for which consumers paid or placed a deposit is subject to the claimed lien of K + N.

          Respectfully Submitted,

          COMMONWEALTH OF PENNSYLVANIA

          JOSH SHAPIRO
          *Attorney General*

Date: 5-4-20          /s/ Saverio P. Mirarchi
          SAVERIO P. MIRARCHI
          *Senior Deputy Attorney General*
          Commonwealth of Pennsylvania
          Office of Attorney General
          PA Attorney I.D. #: 88616
          1600 Arch Street, Suite 300
          Philadelphia, Pennsylvania 19107
          Telephone: (215) 560-2445
          Fax: (215) 560-2494
          E-mail: smirarchi@attorneygeneral.gov

          **MOTION FOR ADMISSION PRO HAC VICE HAS BEEN FILED AND IS PENDING WITH THIS COURT**