## IN UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| **ART VAN FURNITURE, LLC,** *et al.*, | ) | Case No. 20-10553 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: May 5, 2020 at 10:00 am** |
| | ) | **Objection Deadline: May 4, 2020 at 12:00 Noon** |

**REPLY TO LIMITED OBJECTION OF COMMONWEALTH OF PENNSYLVANIA TO MOTION OF KUEHNE + NAGEL INC. FOR ENTRY OF AN ORDER, PURSUANT TO § 362(D)(1) OF THE BANKRUPTCY CODE, MODIFYING THE AUTOMATIC STAY PERMIT LIQUIDATION AND ABANDONMENT OF COLLATERAL**

Kuehne + Nagel Inc. ("K+N"), by and through its undersigned counsel, hereby replies (the "Reply") to the Limited Objection of the Commonwealth of Pennsylvania (the "Objection") to the Emergency Motion for entry of an order, pursuant to §§ 362(d)(1) of Title 11 of the United States Code, as amended (the "Bankruptcy Code") modifying the automatic stay, for cause, to permit liquidation and abandonment of K+N's collateral for its benefit and the benefit of the bankruptcy estates (the "Motion")[1] as follows.

### Status of the Motion

1.    As detailed in the Motion, K+N is accruing approximately $24,000 per diem for storage and other fees associated with 39 containers of debtor furniture on behalf of Art Van and 20 containers on behalf of Sam Levin referred to in the Motion as the "Goods."  Subsequent to filing the Motion, all parties known to have had an interest in the Goods reached an agreement on the terms pursuant to which K+N may liquidated and/or abandon the Goods so as to minimize the substantial harm to all parties.  The terms are reflected in the proposed form of Order annexed

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.

hereto as **Exhibit A**, that has been agreed to by the Trustee, K+N, the ABL Lender and Jofran

Sales, Inc., as plaintiff in the Adversary Proceeding alleging infringement (Adv.Pro.No. 20-

50546).

## Reply to the Objection

1.　　　　Despite K+N's contractual,[2] statutory and undisputed common law lien

rights in the Goods, the extraordinary waste of value that continues to mount with the passage of

every day, and the clear priorities afforded to consumers for consumer deposits under the federal

Bankruptcy Code, the Commonwealth of Pennsylvania incorrectly asserts that Pennsylvania

consumers somehow maintain superior rights in the Goods than the Debtors or their secured

creditors.　In asserting this position, the Commonwealth relies on state law, most specifically

Section 9320(a) of the Pennsylvania Commercial Code ("PCC").

2.　　　　**State Law – Application of the Commercial Code**.　Section 9-320(a) of

the Uniform Commercial Code (the "UCC"), as universally adopted, including in Pennsylvania, is

inapplicable to the relief requested.　Section 9-320(a) provides that "a buyer of goods from a

person who used or bought the goods for use primarily for personal, family, or household purposes

takes free of a security interest" of the buyer's seller in certain circumstances.　However, this

provision is wholly inapplicable because *K+N is not the buyer's seller*.　K+N is a shipper whose

liens arise not only contractually, but also by possessory rights.　In fact, Section 9-320(e) expressly

recognizes that possessory liens are senior to the rights buyers gain under Section 9-320(a).

Section 9-320(e), titled "Possessory security interest not affected" states "Subsections (a) and (b)

do not affect a security interest in goods in the possession of the secured party under Section 9-

313."　Section 9-320(e) is definitive.　K+N's possessory rights are senior to the hypothetical rights

---

[2] Annexed hereto as **Exhibit B** are the relevant invoice and bill of lading for the Goods at issue, each of which
reflects K+N's lien rights.　See Invoice at ¶14 and Bill of Lading at ¶ 18.

of unidentified Pennsylvania consumers under a correct application of the Uniform Commercial Code.[3]

3.    **Federal Law – Application of the Bankruptcy Code**.  As detailed in the Motion, warehouseman's liens are widely accepted in the Federal Bankruptcy context and such liens are often recognized by first day orders, including in these cases.  More specifically, the Bankruptcy Code acknowledges and provides for the same issue that the Commonwealth seeks to preserve by its laws, i.e. the need to offer some form of special protection to consumer creditors who have placed deposits for goods and services not received for any reason, including an insolvency.

4.    Section 507(a)(7) of the Bankruptcy Code specifically provides seventh priority for claims of individual customers that have placed deposits on merchandise.  Section 507(a)(7) states, in relevant part, that there shall be a seventh priority for "allowed unsecured claims of individuals, to the extent of $3,025 for each such individual, arising from the deposit, before the commencement of the case, of money in connection with the purchase, lease, or rental of property…for the personal, family, or household use of such individuals, that were not delivered." *See In re City Sports, Inc.*, 554 B.R. 329 (Bankr. D. Del. 2016) (outlining the scope of what constitutes a "deposit" for purposes of the seventh priority).  Though K+N asserts that the state laws cited by the Commonwealth are inapplicable to the relief requested, even were they to be relevant, the remedy for such consumers is proscribed in the Bankruptcy Code itself and cannot be overridden by state law.  *Perez v. Campbell*, 402 U.S. 637 (1971) (Arizona statute was in direct conflict with the Bankruptcy Act and thus violated the Supremacy Clause of the United States

---

[3] The Commonwealth also cites to a Pennsylvania lien law that states that the rights of a warehouseman may not be senior to the rights of a person that had a prior legal interest, pursuant to 13 Pa.C.S.A. § 7209.  As the contracts are not governed by Pennsylvania law and the Goods are not within the jurisdiction, the Commonwealth has not offered any basis for why such law would apply in this instance.  K+N posits that no such basis exists.

Constitution); *In re Resorts Intl.*, 145 BR 412, 474 (Bankr. D. N.J. 1990) ("federal bankruptcy law is controlling under the supremacy clause of the United States Constitution, Article VI, Clause 2, where a conflict between state law and federal law is found").

## **Conclusion**

5.      In conclusion, though perhaps not relevant to the legal analysis, K+N advises that it is not aware of any Goods in its possession that are subject to the deposits of Pennsylvania consumers, nor have the Debtors, to date, identified any such Goods.  Though K+N is sympathetic to all who may suffer when a company files for bankruptcy protection, including the consumers in the Commonwealth of Pennsylvania, the issue raised by the Commonwealth is purely hypothetical on the one hand, where, on the other hand, K+N is losing $24,000 per day in storage fees that the estates have confirmed they have no ability or desire to pay.  As the Objection is both legally and factually deficient and K+N respectfully requests that the relief requested be granted and an order substantially in the form annexed hereto as **Exhibit A** be entered, along with such other and further relief as the Court deems just and proper.

Dated:  May 4, 2020
        Wilmington, DE

**BIELLI & KLAUDER, LLC**

*/s/ David M. Klauder*
David M. Klauder, Esq. (Del. Bar No. 5769)
1204 N. King Street
Wilmington, DE 19801
Phone (302) 803-4600
Fax (302) 397-2557
Email: dklauder@bk-legal.com

-and-

HALPERIN BATTAGLIA BENZIJA, LLP

Walter Benzija, Esq. (admitted *pro hac vice*)
Julie Dyas Goldberg, Esq. (admitted *pro hac vice*)
40 Wall Street, 37th Floor
New York, NY 10005
Telephone (212) 765-9100
wbenzija@halperinlaw.net
jgoldberg@halperinlaw.net

*Co-counsel for Kuehne + Nagel Inc.*