# IN UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| **ART VAN FURNITURE, LLC, *et al*.**, | ) Case No. 20-10553 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket Nos. <u>327, 433, 435</u>** |

## ORDER MODIFYING THE AUTOMATIC STAY TO PERMIT LIQUIDATION OR ABANDONMENT BY KUEHNE + NAGEL INC. OF COLLATERAL

Upon the motion (the "<u>Motion</u>") filed by Kuehne + Nagel Inc. ("<u>K+N</u>") for modification of the automatic stay, for cause, to permit the liquidation or abandonment of collateral; and this Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware dated February 29, 2012*; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided to the parties listed therein, and it appearing that no other or further notice need be provided; and this Court having reviewed the Motion; and the Court having considered the *Limited Objection of the Commonwealth of Pennsylvania* to the Motion [D.I. 433] (the "<u>Limited Objection</u>"); and the Court having overruled the Limited Objection for the reasons stated at the hearing on May 5, 2020; and the Trustee, the ABL Lender, and K+N having agreed on terms for the consensual resolution of the Motion; and it appearing that settlement of the issues raised in the Motion on the terms set forth herein is in the best interests of the estates, creditors, and all parties in interests; and upon all of the

proceedings had before this Court and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is granted as set forth herein.

2. The automatic stay is hereby modified with the consent of the Trustee, in consultation with the ABL Lender, to allow K+N to liquidate, or, when commercially reasonable, to abandon, the Goods[1].

3. The liquidation or abandonment of the Goods shall not be construed as a waiver by K+N with respect to any and all claims they have against the estates, all of which are expressly preserved in full, along with objections and responses of all parties in interest thereto.

4. K+N shall provide an accounting of all dispositions and recoveries with respect to the Goods to the Trustee and the ABL Lender on a bi-weekly basis, beginning on June 1, 2020 and continuing every two weeks thereafter until the Goods are fully disposed.

5. K+N shall not liquidate any Goods that are the subject of Jofran Sales, Inc.'s litigation at Adv Pro.No. 20-50546, but rather shall cause such Goods to be segregated and disposed or destroyed such that they are removed from the stream of commerce and are not resold, transferred for sale, or otherwise continue in the stream of commerce, other than as agreed between Jofran Sales, Inc. and K+N.

6. The Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation or implementation of this Order.

Dated: May 5th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE

---

[1] Capitalized terms used but not defined herein have the meanings ascribed to them in the Motion.