# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: To be Scheduled Only If Necessary** |
| | ) **Objection Deadline: May 28, 2020 at 4:00 p.m. (ET)** |

## SUMMARY COVER SHEET TO FIRST AND FINAL APPLICATION OF MONTGOMERY MCCRACKEN WALKER & RHOADS LLP, AS SPECIAL ASSET DISPOSITION COUNSEL TO THE DEBTORS FOR COMPENSATION FOR SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE PERIOD FROM THE PETITION DATE THROUGH APRIL 6, 2020

| | |
|---|---|
| Name of Applicant: | Montgomery McCracken Walker & Rhoads LLP |
| Name of Client | Debtors |
| Time period covered by this application | Start: March 8, 2020<br>End: April 6, 2020 |
| Total compensation sought this period | $49,172.40 |
| Total expenses sought this period | $1,642.67 |
| Petition date | March 8, 2020 |
| Retention date | March 8, 2020 |
| Date of order approving employment | April 24, 2020 |
| Total compensation approved by interim order to date | $0.00 |

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

| | |
|---|---|
| Total expenses approved by interim order to date | $0.00 |
| Total allowed compensation paid to date | $0.00 |
| Total allowed expenses paid to date | $0.00 |
| Blended rate in this application for all attorneys | $691.73 |
| Blended rate in this application for all timekeepers | $683.90 |
| Compensation sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |
| Expenses sought in this application already paid pursuant to a monthly compensation order but not yet allowed | $0.00 |
| Number of professionals included in this application | 2 |
| If applicable, number of professionals in this application not included in staffing plan approved by client | N/A |
| If applicable, difference between fees budgeted and compensation sought for this period | N/A |
| Number of professionals billing fewer than 15 hours to the case during this period | 1 |
| Are any rates higher than those approved or disclosed at retention?  If yes, calculate and disclose the total compensation sought in this application using the rates originally disclosed in the retention application | No |
| | |

This is a(n):  ___ monthly  X  interim  X  final       application.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 11 |
| | ) |
| ART VAN FURNITURE, LLC, *et al.*,[2] | ) Case No. 20-10553 (CSS) |
| | ) |
| Debtors. | ) (Jointly Administered) |
| | ) |
| | ) **Hearing Date: To be Scheduled Only If Necessary** |
| | ) **Objection Deadline: May 28, 2020 at 4:00 p.m. (ET)** |

**FIRST AND FINAL APPLICATION OF**
**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP, AS SPECIAL ASSET**
**DISPOSITION COUNSEL TO THE DEBTORS FOR COMPENSATION FOR**
**SERVICES RENDERED AND REIMBURSEMENT OF EXPENSES FOR THE**
**PERIOD FROM THE PETITION DATE THROUGH APRIL 6, 2020**

Pursuant to Bankruptcy Code section 327(e) and 330, Montgomery McCracken Walker & Rhoads LLP ("MMW&R"), special counsel to Art Van Furniture, LLC and its affiliated debtors and debtors-in-possession (collectively, the (Debtors"), hereby submits this *First and Final Application of Montgomery McCracken Walker & Rhoads LLP as Special Asset Disposition Counsel to the Debtors for Compensation for Services Rendered and Reimbursement of Expenses for the Period the Petition Date through April 6, 2020* (the "Final Fee Application"). In support of the Final Fee Application, MMW&R respectfully represents as follows:

---

[2] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

3

1.      MMW&R submits this Final Fee Application for allowance of fees and expenses in the aggregate amount of $50,815.17, which amount is comprised of (i) $49,172.50 in fees for its actual services provided to the Debtors from the Petition Date through April 6, 2020 (the "Application Period"),[3] plus (ii) $1,642.67 for reimbursement of out-of-pocket expenses incurred and processed during the Application Period, in accordance with the Order (i) converting the Debtors' Chapter 11 Cases to cases under Chapter 7, (ii) establishing a deadline for filing final Chapter 11 Fee Applications and Setting A Hearing Thereon, and (iii) granting relating relief, that was entered by the Court on April 6, 2020 (D.I. #263) (the "Conversion Order").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).

## BACKGROUND

3.      On March 8, 2020 (the "Petition Date"), each of the Debtors filed voluntary petitions with this Court, thereby commencing cases under chapter 11 of the Bankruptcy Code (the "Cases").

4.      Following the Petition Date through April 6, 2020, the Debtors continued to operate their business and manage their business as debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. On April 6, 2020, the Bankruptcy Court entered the Conversion

---

[3]     Included in the fees sought by MMW&R for services rendered during the Application Period are fees aggregating $2,432.50, representing 3.5 hours of time spent after the Application Period preparing the within Final Fee Application. In addition, included in the expense reimbursement request of $1,642.67 is an estimated out of pocket expense in connection with the copying and service of the within Final Fee Application (the "Fee Application Service Costs"). To the extent that the actual Fee Application Service Costs are less than $800.00, MMW&R shall make the appropriate adjustment to the requested amount prior to approval of the within application.

Order, converting the Debtors' Chapter 11 cases to Chapter 7, effective as of 12:01 am (ET) on April 7, 2020 (the "Conversion Date"). On April 7, 2020, Anthony T. Giuliano was appointed Chapter 7 Trustee in these Cases (D.I. #264) (the "Chapter 7 Trustee").

5. On April 24, 2020, the Court entered its *Order Authorizing Employment and Retention of Montgomery McCracken Walker & Rhoads LLP as Special Counsel to the Debtors, nunc pro tunc to the Petition Date* (D.I. #324) (the "MMW&R Retention Order"). The MMW&R Retention Order authorizes MMW&R to be compensated only pursuant to orders of the Court granting interim and final fee applications for allowance of compensation and expenses in accordance with, *inter alia*, Bankruptcy Code sections 328, 330 and 331 and all applicable fee guidelines.

### SUMMARY OF PROFESSIONAL COMPENSATION AND REIMBURSEMENT OF EXPENSES REQUESTED

6. By this Application, MMW&R requests approval of $50,815.17, which amount is comprised of (i) $49,172.50 as actual compensation for professional services rendered on behalf of the Debtors during the Application Period, plus (ii) $1,642.67 as reimbursement for actual and necessary expenses incurred by MMW&R on behalf of the Debtor during the Application Period MMW&R has made reasonable efforts to comply with the U.S. Trustee's requests for information and additional disclosures as set forth in the Guidelines For Reviewing Applications for Compensation and Reimbursement of Expenses Filed Under 11 U. S. C. § 330 By Attorneys In Larger Chapter 11 Cases Effective as of November l, 2013 (the "Appendix B Guidelines" or "UST Guidelines").

7. MMW&R has received no payment and no promise of payment from any source for services rendered or to be rendered in any capacity whatsoever in connection with these Cases.[4] There is no agreement or understanding between MMW&R and any other person, other than partners, of counsel, associates, and contract attorneys associated with MMW&R for the sharing of compensation to be received for services rendered by MMW&R in these Cases.

8. The fees charged by MMW&R in these Cases are billed in accordance with its existing billing rates and procedures in effect during the Application Period. Such fees are reasonable and based on the customary compensation charged by comparably skilled practitioners in comparable bankruptcy and non-bankruptcy cases in competitive national legal markets.

9. MMW&R maintains computerized records of the time spent by all MMW&R attorneys in connection with its representation of the Debtors.

10. A summary of the customary and comparable compensation disclosures is attached hereto as **Exhibit A.**

11. A summary of time by timekeeper included in this Application is attached hereto as **Exhibit B**.

12. Although estimated post-petition fees were reported to the Debtors and the Secured Lenders, there was no formal budget or staffing plan implemented in these cases prior to the Conversion Date. Attached hereto, as **Exhibit C**, is a summary the hourly rates charged by each of the MMW&R timekeepers during the Application Period.

13. Attached hereto, as **Exhibit D-1**, is a summary of fees requested by MMW&R by each project category during the Application Period. Given the limited scope of the services for

---

[4] As of the Petition Date, MMW&R was holding a retainer in the amount of $9,015 from the Debtor (the "Retainer"), which Retainer continues to be held by MMW&R order of the Court directing the application and/or remittance of such amounts.

6

which MMW&R was engaged, MMW&R provided services in only two (2) categories during the Application Period.

14. Attached hereto, as **Exhibit D-2**, is a summary of the expense reimbursement requested by MMW&R for out of pocket expenses incurred in connection with these cases during the Application Period.

15. Attached hereto, as **Exhibit E**, is a copy of MMW&R's invoices with itemized time records for attorneys and paraprofessionals who performed services for the Debtors during the Application Period. All entries itemized in MMW&R time records comply with the requirements set forth in Local Rule 2016-1 and UST Guidelines.

## SUMMARY OF MMW&R'S SERVICES DURING THE APPLICATION PERIOD

16. During the Application period, MMW&R expended 71.9 hours in connection with its services on behalf of the Debtors. MMW&R submits that the services it has rendered to the Debtors were necessary and in the best interests of creditors and the Debtor's estate and have furthered the goals of all parties in interest.

Applicant's services were concentrated in two area, namely:

**(a)     Sale Process**

17. During the Application Period, MMW&R expended 62.8 hours with respect to the Debtors' Sale Process and the total compensation for the Sale Process services rendered by MMW&R during the Application Period is $43,564.00. The services rendered included (i) the review and revision of Debtors' motion for entry of interim and final orders: (a) authorizing and approving, on an interim and final basis, store closing or similar themed sales ("Store Closings") in accordance with the terms of the store closing sale procedures, with such sales to be free and clear of all liens, claims, and encumbrances; (b) authorizing the Debtors to pay customary bonuses

7

to employees of the stores; (c) in accordance with sections 363 and 365 of the Bankruptcy Code, authorizing the Debtors to assume that certain Consulting and Marketing Services Agreement, dated as of March 5, 2020 (the "Consulting Agreement"), by and between Debtor AVF Holding Company, Inc. and the following entities: Hilco Merchant Resources, LLC ("HMR"), Hilco IP Services, LLC, d/b/a Hilco Streambank, Hilco Real Estate, LLC, Hilco Receivables, LLC (such entities collectively, the "Hilco Consulting Entities"), Gordon Brothers Retail Partners, LLC ("GBRP"), DJM Realty Services, LLC, d/b/a Gordon Brothers Real Estate, Gordon Brothers Commercial & Industrial, LLC, Gordon Brothers Brands, LLC (such entities collectively the "GB Consulting Entities", and together with the Hilco Consulting Entities the "Consultant"); (d) authorizing the Debtors to retain certain of the entities comprising the Consultant that will be providing receivables collection (at the Debtors' option), and real estate and intellectual property disposition services as special asset disposition advisors and consultants to the Debtors, pursuant to Section 327(a) of the Bankruptcy Code; and (e) granting related relief (the "GOB Motion"); (ii) reviewing and revising drafts of the proposed interim and final orders granting the relief requested in the GOB Motion; (iii) preparing draft declaration of Dennis Stogsdill of Alvarez & Marsal LLC ("Stogsdill"); (iv) attending hearing of the Debtors' first day motions, including preliminary discussions in connection with the GOB Motion; (v) preparing proffer of Stogsdill testimony for continued hearing on GOB Motion; (vi) receive, consolidated comments to the revised proposed interim order in connection with the GOB Motion and revised proposed interim order to reflect same; (vii) attended and argued at continued hearing on GOB Motion; (viii) reviewed and resolved all objections to GOB Motions (other than that of the Office of the United States Trustee with respect to the portion of relief requested in the GOB Motion as it pertained to the retention of the Consultation and the assumption of the Consulting Agreement), and revised proposed interim

order to reflect same; (ix) further revised and finalized the Interim Order (allowing the Debtors to conduct Closing Sale, pending further hearing on the GOB Motion, and (x) the negotiation of side letters with several of the Debtors' landlords with regard to the Store Closing Procedures being implemented by the Debtors in connection with the sale.

**(b)** **Retention and Fee Statements/Applications**

18. MMW&R expended 9.1 hours with respect to services under this category, for which total compensation amounts to $5,608.50, in connection with (i) the preparation and filing of MMW&R's retention application; and (ii) the preparation of the within Application

## MMW&R'S REQUESTED FEES FOR THE APPLICATION PERIOD SHOULD BE ALLOWED

19. The foregoing discussion provides general highlights the specific services performed by MMW&R during the Application Period. The time devoted by the professionals and paraprofessionals employed by MMW&R in its capacity as special asset disposition counsel to the Debtors for the Application Period is detailed in the invoices with detailed time records annexed hereto as **Exhibit E**. The invoices indicate the dates of and description of the services for which MMW&R seeks compensation and the hours spent in performance of such services.

20. The total amount of fees and expenses outstanding and sought by MMW&R in its capacity as general bankruptcy counsel to the Debtors is summarized as follows:

| | |
|---|---|
| Amount of compensation sought as actual, reasonable, and necessary: | $ 49,172.50 actual fees incurred from the Petition Date through and including April 6, 2020 |
| Amount of expense reimbursement sought as actual, reasonable, and necessary: | $ 1,642.67 of expenses incurred and processed incurred from the Petition Date through and including April 6, 2020, inclusive of an estimated $800.00 out of pocket expenses to be incurred in connection with the copying and service of the within Final Fee Application. |

| | |
|---|---|
| Total Compensation and Expenses sought as actual, reasonable, and necessary: | **$50,815.17** |

21. During the Application Period, MMW&R committed a total of 71.9 hours of professional and paraprofessional time for a total of $49,172.50. The blended billing rate for time billed was $683.90 on actual billings. The blended billing rate for attorney time was $691.73.

22. During the Application Period, MMW&R advanced $1,642.67 for expenses. The disbursements made by MMW&R were actually incurred, and MMW&R believes them to be reasonable in amount. All itemized expenses comply with the requirements set forth in Local Rule 2016-1 and UST Guidelines. MMW&R charges $0.07 page for copies. Pacer charges are $0.10/page.

23. MMW&R has attempted merely to summarize its efforts rendered during the Application Period and the duration of the case by confining such summary to major efforts and highlights. Necessarily, an amount of telephonic communications and drafting memoranda not specifically identified herein were required in the proper and professional handling of this case during the Application Period. The professional services rendered by MMW&R have required the expenditure of substantial time and effort. MMW&R respectfully submits that the record of this proceeding and the amount being requested herein attest to the application of such skill and expertise. Moreover, MMW&R believes that relative to the circumstances of this case, its services have contributed substantial benefits to the Debtors, the Debtors and their estates. This includes, during the period to which this Application relates, to coordinating with the Debtors' other retain professionals to solicit and negotiate various documents and liquidation options available to the Debtors through the various national liquidation firms, on a parallel path, as a fall back position, in the event that the negotiations with the potential going concern buyers were unsuccessful.

24. MMW&R provides distinguished services as professionals in the bankruptcy and reorganization area and was well equipped to provide the Debtors with the services and expertise necessary to adequately represent and protect the Debtors and the estate's interests as special counsel to the Debtors in these matters.

25. MMW&R's attorneys have acted in a professional capacity in numerous proceedings under the various chapters of the Bankruptcy Code, as attorneys for debtors and debtors-in-possession, as attorneys for creditors, or as attorneys for trustees in bankruptcy. MMW&R and its members enjoy a reputation as experts in this field and in the handling of bankruptcy and insolvency related matters.

26. In light of the services rendered and the complexities of this case, Applicant submits that the fees being sought are reasonable and will in no way result in a windfall to Applicant.

27. Applicant seeks to have its awarded fees and expenses paid from the funds currently in the Debtors estate and/or Carve Out Reserve established under the *Interim Order (i) Authorizing the Debtors to Use Cash Collateral, (ii) Granting Adequate Protection to the Pre-Petition Secured Parties, (iii) Modifying the Automatic Stay,(iv) Scheduling A Final Hearing, and (v) Granting Related Relief* (D.I. #93) (the "Interim Cash Collateral Order") for the benefit of the retained professionals in these cases and the Retainer that MMW&R is holding.  MMW&R is presently holding the Retainer in the amount of $9,015 from the Debtors.  As the within Application is the Final Application of MMW&R in these cases, MMW&R would propose to apply such Retainer balance against the fees awarded by the Court in connection with this Application.

28. Finally, in compliance with Bankruptcy Rule 2016(a), Applicant states that no payments have been made or promised to Applicant for services rendered or to be rendered in any capacity in connection with this case, other than as stated in this Application.  No agreement or

understanding exists between Applicant and any other person for the sharing of compensation to be received for services rendered in connection with this case.

29. Under all of the criteria normally examined in Chapter 11 cases, MMW&R's total requested compensation is reasonable in light of the work performed by MMW&R. The hourly rate for each attorney and paraprofessional who performed the foregoing services on behalf of the Debtors is set forth in detail in the Summary Cover Sheet, annexed hereto as Exhibit E.

30. Based on the foregoing, MMW&R requests allowance and payment of this Final Fee Application for compensation for the Application Period in the total amount of $50,815.17, broken down as (i) $49,172.50 for its actual services provided to the Debtors from the Petition Date through April 6, 2020 and (ii) out-of-pocket expenses incurred and processed from the Petition Date through April 6, 2020 plus an estimated $800.00 in out of pocket fees and expenses to be incurred in connection with the copying and service of the within Final Fee Application, for an aggregate expense reimbursement request of $1,642.67.

## MMW&R'S REQUESTED DISBURSEMENTS FOR THE APPLICATION PERIOD SHOULD BE ALLOWED

31. The annexed Exhibit D-2 itemizes MMW&R's out-of-pocket expenses incurred and processed in connection with its services during the Application Period. Pursuant to Local Rule 2016-2(e), MMW&R's expenses are summarized in the prefixed Cover Sheet. In providing a reimbursable service, MMW&R does not make a profit on that service and does not include in the amount for which reimbursement is sought the amortization of the cost of any investment, equipment, or capital outlay. MMW&R believes these expenses are reasonable and were necessarily made. MMW&R respectfully requests allowance and reimbursement of its expenses in the amount of $1,642.67.

## COMPLIANCE WITH UST GUIDELINES

32. In compliance with the UST Guidelines, this Application is supported by the following Exhibits:

- Exhibit A – Customary and Comparable Compensation Disclosures
- Exhibit B – Summary of Time by Timekeepers
- Exhibit C – Summary of Timekeepers Hourly Rates
- Exhibit D-1 – Compensation Requested by Project Category
- Exhibit D-2 – Summary of Expenses by Category
- Exhibit E – Invoices with Detailed Time Records

### Statement Pursuant to C.5 of the UST Guidelines

33. The following are MMW&R's responses to the questions set forth in C.5 of the UST Guidelines:

| Question | Answer |
| --- | --- |
| Did you agree to any variations from, or alternatives to, your standard or customary billing rates, fees or terms for services pertaining to this engagement that were provided during the Application Period? If so, please explain. | No. |
| If the fees sought in this fee application as compared to the fees budgeted for the time period covered by this fee application are higher by 10% or more, did you discuss the reasons for the variation with the client? | Not applicable. Given the short time period between the Petition Date and the Conversion Date, no formal time budgeted procedures had been implemented. However, MMW&R did provide the Debtors with estimates on fees incurred prior to the Conversion Date. |
| Have any of the professionals included in this fee application varied their hourly rate based on the geographic location of the bankruptcy case? | No. |

| Question | Answer |
|---|---|
| Does the fee application include time or fees related to reviewing or revising time records or preparing, reviewing, or revising invoices? (This is limited to work involved in preparing and editing billing records that would not be compensable outside of bankruptcy and does not include reasonable fees for preparing a fee application). If so, please quantify by hours and fees. | No. |
| Does this fee application include time for reviewing time records to redact any privileged or other confidential information? If so, please quantify by hours and fees. | No. |
| If the fee Application includes any rate increases since retention:<br><br>i. Did your client review and approve those rate increases in advance?<br><br>ii. Did your client agree when retaining the law firm to accept all future rate increases? If not, did you inform your client that they need not agree to modified rates or terms in order to have you continue the representation, consistent with ABA Formal Ethics Opinion 11-458? | Although MMW&R customarily implements hourly rate increases effective March 1st of each calendar year, MMW&R did not implement such hourly rate increase effective March 1, 2020 for the services rendered to the Debtors in these cases. |

## NO PRIOR REQUEST

34. No previous request for the relief sought herein has been made to this or any other court.

## LEGAL STANDARD

35. Section 331 of the Bankruptcy Code provides for interim compensation of professionals and incorporates the substantive standards of section 330 that govern the Court's award of such compensation. 11 U.S.C. § 331. Section 330 of the Bankruptcy Code provides that a court may award a professional employed under section 327 of the Bankruptcy Code "reasonable

compensation for actual necessary services rendered . . . and reimbursement for actual, necessary expenses." 11 U.S.C. § 330(a)(1). Section 330 of the Bankruptcy Code also sets forth the criteria for the award of such compensation and reimbursement:

> (a)(3) In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including–
> (A) the time spent on such services;
> (B) the rates charged for such services;
> (C) whether the services were necessary to the administration of, or beneficial at the time at which the service was rendered toward the completion of, a case under this title;
> (D) whether the services were performed within a reasonable amount of time commensurate with the complexity, importance, and nature of the problem, issue, or task addressed;
> (E) with respect to a professional person, whether the person is board certified or otherwise has demonstrated skill and experience in the bankruptcy field; and
> (F) whether the compensation is reasonable based on the customary compensation charged by comparably skilled practitioners in cases other than cases under this title.

11 U.S.C. § 330(a)(3).

36. MMW&R respectfully submits that the services for which it seeks compensation in this Application were, at the time rendered, believed to be necessary for and beneficial to the Debtors and their estates and were rendered to protect and preserve the Debtors' estates during the pendency of these chapter 11 cases. MMW&R's services were performed in an economic, effective, and efficient manner commensurate with the complexity and importance of the issues involved. Accordingly, the compensation requested herein is reasonable in light of the nature, extent, and value of such services to the Debtors, their estates, and all parties in interest.

37. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, MMW&R respectfully submits that the amount requested here is fair and reasonable given (a) the

complexity of this case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under this title.

## NOTICE

38. No trustee has been appointed in these chapter 11 Cases. Notice of this Application has been provided to (i) the Debtors; (ii) the U.S. Trustee; (iii) counsel to the Debtors; and (iv) parties entitled to receive notice in these chapter 11 Cases pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure. In light of the nature of the relief requested, the Debtors submit that no other or further notice need be provided.

## CONCLUSION

**WHEREFORE**, MMW&R respectfully requests (i) allowance of compensation for professional services rendered to the Debtors during the Application Period in the amount of $50,815.17, broken down as (a) $49,172.50 for its actual services provided to the Debtors from the Petition Date through April 6, 2020, plus and out-of-pocket expenses incurred and processed from the Petition Date through April 6, 2020 in the amount of $1,642.67 (the "Final Fee Award"); (ii) that the Court authorizes MMW&R to apply the $9,015 Retainer currently being held by MMW&R against the Final Fee Award; (iii) authorize and direct the Chapter 7 Trustee or the Debtors (as applicable) to pay MMW&R the unpaid balance of the Final Fee Award after application of the Retainer; and (iv) that the Court grant MMW&R such other and further relief as is just.

Dated: May 7, 2020  
      New York, New York

**MONTGOMERY MCCRACKEN WALKER & RHOADS LLP**

*/s/ Gilbert R. Saydah.*  
Gilbert R. Saydah, Jr. (No. 4304)  
Maura I. Russell (*Admitted Pro Hac Vice*)

437 Madison Avenue, 24th Floor
New York, New York  10022
Telephone: (212) 867-9500
Facsimile: (212) 599-5085
Email:   mrussell@mmwr.com
             gsaydah@mmwr.com

*Special Asset Disposition Counsel to the Debtors*