# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 11 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) Hearing Date: To be Scheduled Only If Necessary |
| | ) Objection Deadline: May 28, 2020 at 4:00 p.m. (ET) |

## DECLARATION OF MAURA I. RUSSELL

I, Maura I. Russell, in compliance with Local Rule 2016-1, hereby certify, under penalty of perjury, that:

1. I am a member of the law firm of Montgomery McCracken Walker & Rhoads LLP ("MMW&R"), special asset disposition counsel to the above caption Debtors, and hereby submit this *First and Final Application of Montgomery McCracken Walker & Rhoads LLP as Special Asset Disposition Counsel to the Debtors for Compensation for Services Rendered and Reimbursement of Expenses for the Period the Petition Date through April 6, 2020* (the "Final Fee Application").

2. The Order approving MMW&R's retention *nunc pro tunc* to the Petition Date was entered on April 24, 2020 ( D.I. #324) (the "MMW&R Retention Order").

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

3. The source of payment for requested compensation and reimbursement of expenses is funds from the Debtors' estates and/or the Carve Out Reserve (as defined in and establishing under) the *Interim Order (i) Authorizing the Debtors to Use Cash Collateral, (ii) Granting Adequate Protection to the Pre-Petition Secured Parties, (iii) Modifying The Automatic Stay,(iv) Scheduling A Final Hearing, and (v) Granting Related Relief* (D.I. #93) (the "Interim Cash Collateral Order") for the benefit of the retained professionals in these cases and the Retainer currently held by MMW&R.

4. None of the amounts within the total request has been previously received from any source, including guarantors, with or without Court authorization.

5. As of this date, upon information and belief, sufficient funds are reserved in the Carve Out Reserve to cover the actual fees and expenses requested in the Final Fee Application.

6. The narrative summary of the services provided, results obtained, and benefit to the estate is included in the Final Fee Application.

7. A summary of MMW&R customary and comparable compensation disclosures in attached to the Final Fee Application as **Exhibit A**.

8. A summary of time by timekeeper is attached to the Final Fee Application as **Exhibit B**.

9. A summary of the hourly rates of each MMW&R timekeeper included in the Final Fee Application is attached to the Final Fee Application as **Exhibit C**.

10. A summary of compensation requested by project category is attached as **Exhibit D-1**.

11. A statement of expenses by category, along with expense detail, is attached to the Final Fee Application as **Exhibit D-2**.

12. Itemized time records are attached to the Final Fee Application as **Exhibit E**.

13. I have personally performed substantially all of the services rendered on behalf of MMW&R to the Debtors, and I am personally familiar with the work performed on behalf of the Debtors by the paraprofessionals at MMW&R.

14. I affirm that MMW&R operated within the budgets set forth in the court approved financing order, and amendments thereto.

15. I have personally reviewed the Final Fee Application and the facts set forth therein are true and correct to the best of my knowledge, information, and belief.

16. In accordance with 18 U.S.C. § 155 and the rules of this Court, neither I nor any partner or associate of my firm has entered into any agreement, written or oral, express or implied, the chapter 7 trustee, any creditor, or any other party in interest, or any attorney of such person, for the purpose of fixing the amount of any of the fees or other compensation to be allowed out of or paid from the assets of the Debtors' estates.

17. In accordance with Section 504 of the Bankruptcy Code, no agreement or understanding exists between me, my firm or any partner or associate thereof, on the one hand, and any other person, on the other hand, for the division of such compensation as my firm may receive from the Court herein, nor will any division of fees prohibited by Section 504 of the Bankruptcy Code be made by me, or any partner or associate of my firm.

18. I certify that all expenses for which reimbursement is sought were incurred on behalf of the Debtors and no other person and that the reimbursement, if allowed in full, will not exceed the amount that MMW&R paid for the items.

19. I certify that the hourly rates charged by the professionals herein do not support meal expenses as an overhead expense within the applicant's office.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on May 7, 2020

>                                    */s/ Maura I. Russell*
>                                    Maura I. Russell