# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (CSS) |
| Debtors. | ) (Jointly Administered) |

Objection Deadline: May 20, 2020 at 4:00 p.m. (ET)
Hearing Date: May 27, 2020 at 11:00 a.m. (ET)

## MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER EXTENDING DEADLINE TO ASSUME OR REJECT EXECUTORY CONTRACTS AND UNEXPIRED LEASES PURSUANT TO SECTION 365(d)(1) OF BANKRUPTCY CODE

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") hereby files this motion (the "Motion") to request the entry of an order, substantially in the form attached hereto as **Exhibit A**, pursuant to section 365(d)(1) of title 11 of the United States Code (the "Bankruptcy Code"), extending the time period for the Trustee to assume or reject any executory contracts (the "Executory Contracts") or unexpired leases of residential real property or personal property under which any of the Debtors are the lessee (the "Unexpired Leases"), from June 6, 2020 through and including August 31, 2020. In support of this Motion, the Trustee respectfully represents as follows:

### Jurisdiction

1. This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court*

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

*for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The grounds for the relief sought herein are section 365 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 6006 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

## Background

4. On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

## Relief Requested

6. The Trustee seeks an order extending the time for the Trustee to assume, assume and assign, or reject the Executory Contracts and Unexpired Leases through and including August 31, 2020. Absent a further order from the Court, the Trustee would be required to assume, assume and assign, or reject the Executory Contracts and Unexpired Leases by no later than June 6, 2020, which is the deadline established under section 365(d)(1) of the Bankruptcy Code – 60 days following the Conversion Date.

2

7.  The Trustee needs additional time to evaluate any Executory Contracts and Unexpired Leases. As explained in the Trustee's motion to operate filed on April 25, 2020 [Docket No. 350], given the unprecedented economic disruption caused by the COVID-19 pandemic, which led to state and local government-issued shutdown and "stay at home" orders around the country, the Trustee intends to "mothball" the Debtors' operations through May 31, 2020 ("Phase 1"), and then commence a going out of business sale ("Phase 2"), which is expected to last through August 31, 2020. However, the length of each of Phase 1 and Phase 2 is subject to change depending upon factors affecting consumer spending, including, without limitation, various governmental "shelter in place" orders and the speed at which governments begin easing restrictions on economic activity. Through the Motion to Operate, the Trustee intends to operate the Debtors' business for a limited time to liquidate all the remaining assets of the estates. Accordingly, the Trustee submits that the requested extension is appropriate.

## Basis for Relief

8.  Section 365(d)(1) of the Bankruptcy Code provides that

> In a case under chapter 7 of this title, if the trustee does not assume or reject an executory contract or unexpired lease of residential real property or of personal property of the debtor within 60 days after the order for relief, or within such additional time as the court, for cause, within such 60-day period, fixes, then such contract or lease is deemed rejected.

11 U.S.C. § 365(d)(1).

9.  Section 348(c) of the Bankruptcy Code provides that section 365(d) applies in "a case that has been converted under section [1112 of the Bankruptcy Code], as *if the conversion order [was] the order for relief.*" 11 U.S.C. § 348(c) (emphasis added).

DOCS_DE:228389.2 05233/003

10. Accordingly, absent the relief requested in this Motion, the Trustee is required to assume or reject any executory contracts or unexpired leases of residential real property or of personal property as of June 6, 2020 (60 days from the Conversion Date).

11. Cause exists here to extend the deadline to assume or reject. The Trustee is currently still evaluating whether to assume, assume and assign, or reject any Executory Contracts or Unexpired Leases, in an effort to maximize potential value for the Debtors' estates, and he needs the additional time to conduct the liquidation and sale or sales of the Debtors' assets, which may yield offers for certain assets of the Debtors' estates that seek to maximize value from the potential assumption and assignment of Executory Contracts or Unexpired Leases.

12. Since the Conversion Date, the Trustee has been focused on numerous matters, including, but not limited to: (a) getting up to speed on the Debtors' cases, gathering necessary information, and evaluating the scope of the Debtors' assets and liabilities; (b) responding to requests for information from creditors; (c) obtaining access to the Debtors' books and records from Debtors' counsel or estate professionals; (d) negotiating a further second interim cash collateral order with the Debtors' lenders and seeking expedited approval from the Court; (e) preparing and filing the Motion to Operate; (f) responding to various inquiries from the Debtors' landlords and responding to certain landlords' motion to compel; and (g) filing a motion to extend the time to perform obligations of the Debtors' nonresidential real property leases pursuant to section 365(d)(3).

13. Accordingly, the Trustee contends that the most appropriate course of action is to extend the deadline for making determinations regarding the Executory Contracts or Unexpired Leases through and including August 31, 2020. Therefore, an extension of time is

4

necessary to allow the Trustee to consider the options with respect to the Executory Contracts or Unexpired Leases and to seek approval of and close a sale or sales that may include the assumption and assignment of certain Executory Contracts or Unexpired Leases.

## Notice

14. The Trustee has provided notice of this Motion to the following parties, or their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to the Debtors' secured lenders; (c) counterparties to potentially assumed and assigned Executory Contracts and Unexpired Leases; and (d) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

## No Prior Request

15. No prior request for the particular relief sought in this Motion has been made to this or any other court.

WHEREFORE, the Trustee respectfully requests that the Court enter an order: (i) granting the Trustee an extension of time pursuant to 365(d)(1) of the Bankruptcy Code to assume, assume and assign, or reject any Executory Contracts and Unexpired Leases through and including August 31, 2020, subject to and without prejudice to the rights of the Trustee to seek further extensions of time; and (ii) granting such other and further relief as the Court may deem proper.

Dated:  May 12, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:       bsandler@pszjlaw.com
             crobinson@pszjlaw.com
             pkeane@pszjlaw.com

*Proposed Counsel to Alfred T. Giuliano,
Chapter 7 Trustee*