IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>(Jointly Administered)<br><br>**Related Docket Nos. 471 and 490** |

**OMNIBUS OBJECTION OF
CHAPTER 7 TRUSTEE TO MOTIONS OF CERTAIN
LANDLORDS FOR STAY RELIEF OR TO COMPEL
IMMEDIATE REJECTION OF LEASES**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), files this omnibus objection to the: (1) *Samalex Trust's Motion to Compel Immediate Rejection of Unexpired Lease of Non-Residential Real Property and Surrender of Possession of the Premises and for the Allowance of Payment of Administrative Claims* [Docket No. 471] (the "Samalex Motion"); and (2) *Motion of JS Westflo, LLC for Relief From the Automatic Stay* [Docket No. 490] (the "Westflo Motion" and, together with the Samalex Motion, the "Motions"). In support of this objection, the Trustee respectfully states as follows:

**PRELIMINARY STATEMENT**

1. On April 24, 2020, the Trustee filed a motion [Docket No. 342] (the "Rent Extension Motion") seeking to extend the time to perform any obligations of the Debtors under

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

any nonresidential real property leases until June 6, 2020. The stated purpose of the Rent Extension Motion was to "avoid being inundated with motions to . . . compel the rejection of leases." *Rent Extension Motion* at ¶ 5. On April 27, 2020, the Court entered an order [Docket No. 373] granting the Rent Extension Motion. However, the Movants appear to have elected to ignore the point of the relief granted thereby.

2. In particular, JS Westflo, LLC ("Westflo") previously filed a motion for stay relief [Docket No. 230] and is a party to an agreed order [Docket No. 389] entered on April 29, 2020, entered less than two weeks prior to filing the Westflo Motion, which provides Westflo with stay relief to show the subject premises to potential tenants. Although the agreed order was entered without prejudice to Westflo's right to renew its request for stay relief, it is disingenuous of Westflo to renew its request at this time – when the Trustee is focused on the sale process and has another three weeks before rent is due.

3. The movants appear to have filed the Motions in another aggressive attempt to compel the Trustee to vacate the premises for their own financial gain, without regard to either the Court's previously entered orders or the current state of the orderly liquidation process the Trustee is executing. The Motions are unwarranted at this juncture and should accordingly be denied.

**RELEVANT BACKGROUND**

4. On March 9, 2020 (the "Petition Date"), the Debtors each commenced a voluntary petition for relief under chapter 11 of Title 11 of the United States Code.

5. On April 6, 2020, the Court granted the Debtors' request to convert the cases to chapter 7 pursuant to section 1112(a) of the Bankruptcy Code, effective April 7, 2020 (the "Conversion Date"), and entered its *Order (I) Converting Their Chapter 11 Cases to Cases*

*Under Chapter 7, (II) Establishing a Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 263] (the "Conversion Order").

6. On April 27, 2020, the Court entered its *Order Granting Motion of the Chapter 7 Trustee for Entry of an Order Extending the Time for Performance of any Obligations of the Debtors Under any Unexpired Leases of Nonresidential Real Property Pursuant to Section 365(d)(3) of the Bankruptcy Code* [Docket No. 373] (the "Rent Extension Order"). Pursuant to the Rent Extension Order, the Trustee has until June 6, 2020 to begin performing any obligations of the Debtors under any unexpired leases of nonresidential real property.

7. On May 8, 2020, Samalex Trust ("Samalex" and, together with Westflo, the "Landlords") filed the Samalex Motion seeking to compel the Trustee to immediately reject the lease (the "Monroeville Lease") of nonresidential real property located in Monroeville, Pennsylvania (the "Monroeville Location").

8. On May 18, 2020, the Trustee filed the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, for Entry of an Order Authorizing (I) Sale of Purchased Assets to Levin Furniture, LLC and Levin Trucking, LLC Free and Clear of Liens, Claims, and Encumbrances; (II) Rejection of Certain Unexpired Leases of Nonresidential Real Property; (III) Assumption of Certain Assumed Contracts; and (IV) Granting Related Relief* [Docket No. 511] (the "Sale Motion"). Pursuant to the Sale Motion, the Trustee seeks, among other things, to sell the Debtors' inventory located at the Monroeville Location to Levin Furniture, LLC and subsequently reject the lease with Samalex once the inventory is removed. A hearing on the Sale Motion is scheduled for May 27, 2020 at 11:00 a.m. – the same time as the hearing on the Motions.

3

9. On May 12, 2020, Westflo filed the Westflo Motion seeking relief from the automatic stay to evict the Debtors and dispose of any property at 925 Northwest Plaza, Bridgeton, Missouri 63074 (the "Bridgeton Location").

10. The monthly rent for the Bridgeton Location is approximately $32,000. The aggregate cost value of the Debtors' inventory located at the Bridgeton Location is approximately $360,000 (not including fixtures and equipment).

## OBJECTION

### A. The Trustee Has Performed the Debtors' Obligations in Accordance With Section 365(d)(3)

11. The Landlords highlight that the Debtors failed to pay postpetition rent and the Trustee has yet to pay post-conversion rent. However, this argument should be given no weight. The Trustee is not obligated to pay pre-conversion rent at this time and has, pursuant to the express relief granted in the Rent Extension Order, until June 6, 2020, to begin performing any obligations under any unexpired leases of nonresidential real property.

12. Pursuant to section 365(d)(3) of the Bankruptcy Code, the Trustee is required to perform all the obligations of the Debtors, "arising from and after the order for relief under any unexpired lease of nonresidential real property." Pursuant to section 348(c) of the Bankruptcy Code, section 365(d) of the Bankruptcy Code applies in a case that has been converted under section 1112 of the Bankruptcy Code, "as if the conversion order were the order for relief." Because these cases were converted pursuant to section 1112(a) of the Bankruptcy Code, the operable date for the "order for relief" is the Conversion Date. In other words, the Trustee is only required to meet obligations under 365(d)(3) arising during the 60 days *after* the Conversion Date.

13. Pursuant to the Rent Extension Order, the time to commence post-conversion rent payments was extended for 60 days until June 6, 2020 pursuant to section 365(d)(3) of the Bankruptcy Code.

14. In light of the fact that the Trustee has not failed to perform any obligations required by section 365(d)(3) of the Bankruptcy Code, no cause exists to grant stay relief or compel the Trustee to assume or reject the subject leases. Moreover, it would be highly prejudicial to these estates to compel the Trustee to reject the Monroeville Lease at this time when the Trustee is in the process of selling the inventory located at the Monroeville Location.

**B.    The Bridgeton Lease Has Not Been Terminated or Rejected**

15. Westflo alleges that the Debtors vacated the Bridgeton Location and breached the underlying lease (the "Bridgeton Lease") by failing to pay March and April rent. However, there is no evidence that the Bridgeton Lease has been rejected pursuant to section 365 of the Bankruptcy Code or that the Debtors abandoned the Bridgeton Location or their property located at the Bridgeton Location. To the contrary, the aggregate cost value of the Debtors' inventory located at the Bridgeton Location is approximately $360,000 (not including fixtures and equipment). Also, there is no evidence that Westflo took any actions prior to the Petition Date to terminate the Bridgeton Lease.

**C.    Westflo Is Not Entitled to Relief From the Automatic Stay**

16. Westflo seeks relief from the automatic stay pursuant to section 362(d)(2), which provides relief from the stay with respect to an act against property when (a) there is no equity in the property and (b) the property is not necessary for an effective reorganization. Both factors must be met. *See Pegasus Agency, Inc. v. Grammatikakis (In re Pegasus Agency, Inc.)*, 101 F.3d 882, 886 (2d Cir. 1996). As a matter of law, chapter 7 of the Bankruptcy Code does not provide a debtor or trustee with an opportunity to conduct a reorganization. As such, the only issue is

5

whether the estates have equity in the property. *See*, *e.g.*, *B.N. Realty Assocs. v. Lichtenstein*, 238 B.R. 249, 258 (S.D.N.Y. 1999) ("Since a Chapter 7 petition does not contemplate reorganization, the only issue in a Chapter 7 case under 362(d)(2) would be whether a tenant's lease gave him equity in the property."). As acknowledged by Westflo in the Westflo Motion, Westflo has the burden of proof as to the estates' equity in the property. Motion at ¶ 11. Westflo has failed to offer any evidence with respect to the value of the estates' interest in the property and has failed to meet its burden of proof.

17. Westflo asserts, without any supporting case law, that these estates have no equity in the Bridgeton Lease because the Bridgeton Location is leased rather than owned by the Debtors. This argument misunderstands the estates' valuable property interests. The "property" at issue in the Motion is the estates' *leasehold interests* and the inventory, furniture, fixtures, and equipment at the Bridgeton Location (collectively, the "Property"). Unless Westflo can establish that the value of the Property is less than the allowed amount of Westflo's secured claims, Westflo has not carried its burden of proof and the Motion must be denied. Moreover, as discussed above, the value of the inventory at the Bridgeton Location far exceeds the monthly rent obligations.

**D.    The Request for an Administrative Claim Should be Denied**

18. Finally, Samalex also requests that the Court grant it an allowed administrative expense claim for all actual, necessary costs and expenses of preserving the Debtors' estates. Although Samalex may be entitled to an administrative expense claim (chapter 11 or chapter 7), such requests are premature. Samalex may submit an administrative expense claim, but the Trustee should not be required to expend resources at this time to object or otherwise liquidate such claim (*e.g.*, reconciling CAM charges). Moreover, Samalex may have additional claims

6

that arise over the course of these chapter 7 cases and it would be inefficient and a waste of resources to require the Trustee to reconcile such claims repeatedly.

19.   For the foregoing reasons, the Trustee respectfully submits that the Motions should be denied in their entirety.

Dated:  May 20, 2020

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*

Bradford J. Sandler (DE Bar No. 4142)
Jeffrey W. Dulberg (CA Bar No. 181200)
Colin R. Robinson (DE Bar No. 5524)
Jason H. Rosell (CA Bar No. 269126)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:    (302) 652-4100
Facsimile:    (302) 652-4400
Email:        bsandler@pszjlaw.com
              jdulberg@pszjlaw.com
              crobinson@pszjlaw.com
              jrosell@pszjlaw.com

*Proposed Counsel to
Alfred T. Giuliano, Chapter 7 Trustee*