IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.,*<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>(Jointly Administered)<br><br>**Ref. Docket No. 489** |

**OBJECTION OF LCN AVF WARREN (MI) LLC AND LCN CAPITAL PARTNERS, LLC TO TRUSTEE'S MOTION FOR ENTRY OF AN ORDER EXTENDING THE DEADLINE TO ASSUME OR REJECT UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY**

LCN AVF Warren (MI) LLC ("LCN AVF") and LCN Capital Partners, LLC ("LCN Capital" and, together with LCN AVF, collectively, the "Landlords"), by and through their counsel, hereby file the following objection (this "Objection") to the Chapter 7 Trustee's motion (the "Extension Motion") pursuant to section 365(d)(1) of title 11 of the United States Code, seeking an order extending the deadline to assume or reject unexpired leases of nonresidential real property and respectfully represent as follows:

**BACKGROUND**

1. On March 8, 2020 (the "Petition Date"), the above-referenced debtors (the "Debtors") filed voluntary petitions under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") with this Court.

2. On April 7, 2020 (the "Conversion Date"), this court converted the Debtors' chapter

11 case to a chapter 7 case, and appointed Alfred T. Giuliano as the Chapter 7 trustee (the "Trustee").

3. Upon information and belief, the Trustee continued to operate the Debtors' businesses.

4. On April 24, 2020, the Trustee moved to extend section 365(d)(3)'s deadline to perform post-petition obligations under the Leases. On April 27, 2020, the Court extended to June 6, 2020 the Trustee's deadline to perform post-petition obligations under the Leases.

### The Leases

5. The Landlords and Debtor Art Van Furniture, LLC (the "Tenant") are parties to two leases: (i) a Master Lease Agreement dated March 2, 2017 between LCN AVF and the Tenant (the "Master Lease") and (ii) a Lease Agreement dated March 2, 2017 between LCN Capital and the Tenant (the "Lease Agreement" and, together with the Master Lease, the "Leases").[1]

6. Pursuant to the Leases, the Tenant leases multiple properties from the Landlords, consisting of the Debtors' headquarters and primary distribution center in Warren, Michigan and five stores located in Kentwood, Comstock Park, Bloomfield Hills, Roseville, and Dearborn, Michigan (collectively the "Premises").

7. The Leases require the Tenant to pay quarterly rent to the Landlords as outlined on schedules attached to the Leases (the "Rent Schedules"). Under the Rent Schedules, the Tenant was obligated to pay the Landlords $2,178,951.86 on April 1, 2020, which payment the Tenant failed to make.

### Objection

---

[1] The Leases are not attached hereto because they are voluminous, contain commercially sensitive information, and, on information and belief, are in the Debtors' possession.

8.     By the Extension Motion, the Trustee is seeking additional time (until August 31, 2020) to assume or reject unexpired leases of non-residential real property, including the Leases.

9.     As set forth above, the Landlords are currently owed not less than $2,178,951.86 for the missed April payment during the Tenant's chapter 11 proceeding. As such, the Debtors and all stakeholders benefited from the Tenant's rent-free occupation of the Premises during the chapter 11 proceeding. Now, post-conversion, the Trustee and all stakeholders continue to benefit from the rent-free occupation of the Premises. The Trustee should not be allowed to continue, and benefit from, the rent-free occupation of the Premises. The Leases obligate the Tenant to pay the Landlords an additional amount of not less than $2,178,951.86 on July 1, 2020. Any further occupation of the Premises should be accompanied by adequate assurances that the Trustee will perform its post-conversion obligations under the Leases, including payment of rent as required by section 365(d)(3).

10.    Therefore, the Landlords object to the Extension Motion because it does not condition the Trustee's continued use of the Premises on the Trustee's: 1) timely payment of all amounts that come due under the Leases after the Conversion Date; and 2) compliance with the covenant terms of the Leases. Granting the Extension Motion would extend the Trustee's time period to reject the Leases *now* (and extend that time period through August 31, 2020), before it is known whether or not the Trustee will be able to make the July 1 payment that he is required to make under the Leases and Section 365(d)(3) of the Bankruptcy Code.  It is inequitable to subject the Landlord to a further extension of the rejection period when it is unclear whether the Trustee will be able to do what the Bankruptcy Code requires, particularly where, as here, the Landlord has new tenants lined up for its properties.

11. The Landlords reserve the right to supplement this Objection and make such other and further objections as may be necessary or appropriate.

**WHEREFORE**, the Landlords respectfully request that the Court enter an order denying the Extension Motion or, conditioning any extension of the Trustee's deadline to assume or reject the Leases upon: 1) timely payment of all amounts that come due after the Conversion Date; and 2) compliance with the covenant terms of the Lease.

Dated: May 20, 2020

**DORSEY & WHITNEY (DELAWARE) LLP**

/s/ Eric Lopez Schnabel
Eric Lopez Schnabel
300 Delaware Avenue Suite 1010
Wilmington, DE  19801
Telephone:  (302) 425-7171
Facsimile:  (302) 425-7177
Email:  schnabel.eric@dorsey.com

**DORSEY & WHITNEY LLP**

Samuel S. Kohn
(*Pro hac vice* pending)
51 West 52nd Street
New York, NY 10019-6119
Telephone:  (212) 415-9200
Facsimile:  (212) 953-7201
Email:  kohn.sam@dorsey.com

*Attorneys for LCN AVF Warren (MI) LLC and LCN Capital Partners, LLC*