**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC., *et al.*,[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 350** |

**ORDER GRANTING MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER PURSUANT TO 11 U.S.C. § § 105, 363, 503(b), AND 721 AUTHORIZING THE TRUSTEE (A) TO OPERATE THE DEBTORS' BUSINESS FOR A LIMITED PERIOD, EFFECTIVE AS OF APRIL 7, 2020; (B) TO EMPLOY CERTAIN OF THE DEBTORS' FORMER EMPLOYEES AND OTHER NON-PROFESSIONALS AND TO PAY FOR SERVICES; AND (C) FOR RELATED RELIEF**

Upon the motion (the "Motion") of Alfred T. Giuliano, chapter 7 trustee (the "Trustee"), to the estate of the above-captioned debtors (the "Debtors"), seeking entry of an order (this "Order") authorizing the Trustee to: (a) to operate the Debtors' business for a limited period effective as of the Conversion Date; (b) to employ certain of the Debtors' former employees and certain other non-professionals and to pay for their services to assist in the liquidation of the Debtors' assets and administration of these chapter 7 cases; and (c) for related relief; and the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and the Court having the power to enter a final order consistent with Article III of the United States Constitution; (b) this is a core

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' former headquarters was: 6500 East 14 Mile Road, Warren Michigan 48092.

proceeding pursuant to 28 U.S.C. §157(b)(2); (c) notice of the Motion and the hearing was sufficient and proper; and (d) the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and it appearing to the Court that the Motion should be approved, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Trustee is hereby authorized to operate the Debtors' business, and to take all steps that the Trustee believes are necessary and appropriate in his sole and absolute discretion and in the exercise of his business judgment to operate the Debtors' business, effective as of the April 7, 2020 Conversion Date and continuing through and including September 30, 2020, in accordance with the Second Interim Cash Collateral Order and the approved budget thereunder.

3. The Trustee's right to request additional time to operate the Debtors' business pursuant to 11 U.S.C. § 721 is preserved.

4. The Trustee is hereby authorized to employ such former employees of the Debtors and non-professionals as he, in the exercise of his reasonable business judgment, believes is necessary and appropriate to assist him in the performance of his duties. The Trustee is hereby authorized, in his sole and absolute discretion, to pay any former employees of the Debtors and non-professionals retained by the Trustee for their postpetition services as requested in the Motion, without further order of the Court, but consistent with the Second Interim Cash Collateral Order and the approved budget, with such payments being entitled to administrative expense status pursuant to 11 U.S.C. § 503(b)(1)(A).

5. Notwithstanding anything to the contrary in the Motion, nothing in this Order shall be deemed to: (a) authorize the payment of any amounts in satisfaction of bonus or

severance obligations, or which are subject to section 503(c) of the Bankruptcy Code; (b) authorize the Trustee to cash out unpaid vacation/leave time upon termination of any employee, unless applicable state law requires such payment; or (c) authorize payment of any pre-petition or Pre-Conversion Date amount owed to any former employees or other person to be employed by the Trustee.

6. Notwithstanding anything to the contrary in the Motion, nothing in this Order shall be deemed to authorize the former employees of the Debtors or non-professionals retained by the Trustee under this Order to: (a) prepare any portion of the Debtors' federal or state income tax returns; (b) provide any accounting services; or (c) provide any other professional services of the kind that would require the filing of a retention applicable under section 327 of the Bankruptcy Code.

7. The Trustee shall submit an Operating Report for each month or part of a month that the Trustee operates the Debtors' business for the limited purpose set forth in the Motion under section 721 of the Bankruptcy Code, which operating report shall include, but not be limited to, a statement of receipts and disbursements during the applicable period.

8. The stay imposed by Federal Rule of Bankruptcy Procedure 6004(h) is hereby waived.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. The Trustee is authorized to take such additional steps as may be reasonably necessary to implement the terms of this Order.

11. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: June 30th, 2020**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**