**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) | Case No. 20-10553 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Ref. Docket No. 696** |
| | ) | |

**OBJECTION OF VEREIT REAL ESTATE, L.P.
TO NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES OF
NONRESIDENTIAL REAL PROPERTY BY ALFRED T. GIULIANO, CHAPTER 7**

COMES NOW, VEREIT Real Estate, L.P. ("Landlord"), by and through its undersigned counsel, and hereby files this Objection (the "Objection") to the *Notice of Rejection of Certain Unexpired Leases of Nonresidential Real Property by Alfred T. Giuliano, Chapter 7 Trustee* [Docket No. 696] (the "Notice"). As more fully set forth in this Objection, Landlord objects to (i) any failure to treat the Master Lease (as defined below) as a single, unitary and indivisible master lease as to all properties thereunder, (ii) any rejection of the Master Lease, to the extent Art Van Furniture, LLC ("Debtor"), through Alfred T. Giuliano, as the duly appointed chapter 7 trustee (the "Trustee") has not vacated all sites subject to the Master Lease on or before the applicable effective date of the rejection of the Master Lease; and (iii) any purported termination of the Master Lease pursuant to the Notice. All capitalized terms used but not defined herein shall have the same meaning ascribed thereto in the Notice. In support of this Objection, each Landlord respectfully states the following:

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren, Michigan 48092.

4817-7431-5457.1

**BACKGROUND**

**I.     Procedural History.**

1.     On or about March 8, 2020, Debtor and 12 of its affiliates, including AVF Parent, LLC ("Guarantor"), each filed their respective voluntary petitions for relief under chapter 11 of 11 U.S.C. § 101 *et seq*. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

2.     On April 6, 2020, the Court entered its *Order (I) Converting Their Chapter 11 Cases Under Chapter 7, (II) Establishing a Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 263], which converted these cases to chapter 7 proceedings effective April 7, 2020.

3.     On April 7, 2020, the Trustee was appointed by the United States Trustee for Regions 3 and 9 as the chapter 7 trustee in these cases pursuant to that certain *Notice to Interim Trustee/Trustee of Selection in an Asset Case* [Docket No. 264].

**II.    The Master Lease and the Properties.**

4.     Landlord is the owner of the following nonresidential real property, including the buildings and improvements thereon, each of which is located at (a) 1801 Nagel Road, Avon, Ohio 44011 (the "Avon Property"); (ii) 16960 Sprague Road, Middleburg Heights, Ohio 44130 (the "Middleburg Heights Property"); (iii) 6229 Promler Avenue, North Canton, Ohio 44720 (the "North Canton Property"); (iv) 7799 Mentor Avenue, Mentor, Ohio 44060 (the "Mentor Property"); (v) 1130 Scalp Avenue, Johnstown, Pennsylvania 15904 (the "Johnstown Property"); (vi) 371 Eisenhower Drive, Hanover, Pennsylvania 17331 (the "Hanover Property"); and (vii) 2040 Bennett Avenue, Lancaster, Pennsylvania 17601 (the "Lancaster Property"; the Avon Property, the Middleburg Heights Property, the North Canton Property, the Mentor Property, the

Johnstown Property, the Hanover Property, and the Lancaster Property are, each, a "Property" and, collectively, the "Properties").

5.  Landlord leases the Properties to Debtor pursuant to that certain Master Lease Agreement dated November 22, 2017 (collectively with all amendments, addenda, attachments and exhibits thereto, the "Master Lease") by and between Landlord, as lessor, and Debtor, as lessee. The Mater Lease is currently effective, has not been terminated, assigned or otherwise rendered unenforceable or ineffective.

6.  Guarantor unconditionally, absolutely and irrevocably guaranteed Debtor's obligations under the Master Lease pursuant to that certain Unconditional Guaranty of Payment and Performance dated November 22, 2017 by Guarantor, as guarantor, for the benefit of Landlord, as lessor.

7.  Pursuant to the Notice, the Trustee purports to, among other actions, reject certain nonresidential real property leases and deem such leases terminated effective as of the Rejection Effective Date, including leases the Trustee purports cover the Avon Property, the Middleburg Heights Property, the North Canton Property, and the Mentor Property. *See* Notice, Schedule 1, Entries 27, 28, 29, and 30. Schedule 1 to the Notice, which lists the "Rejected Leases," separately lists the Avon Property, the Middleburg Heights Property, the North Canton Property, and the Mentor Property as if such Properties are covered by separate leases. *Id*. The Trustee further purports to effectuate such lease rejection and termination pursuant to the Sale Order and the definition of "Rejected Leases" thereunder. *See* Notice, ¶¶ 2, 4 and 5.

8.  There is no mention or identification of the Johnstown Property, the Hanover Property, or the Lancaster Property in the Notice or Schedule 1 thereto.

9.  Notwithstanding the Trustee's assertion regarding his ability to reject the leases the Trustee purports cover the Avon Property, the Middleburg Heights Property, the North Canton

3

Property, and the Mentor Property (and deem such leases terminated), the Sale Order *expressly excludes*, among other leases, the Master Lease covering the Avon Property, the Middleburg Heights Property, the North Canton Property, and the Mentor Property under the definition of "Rejected Leases". *See* Sale Order [Docket No. 573], ¶ 20. The Sale Order further provides that the relief granted under the Sale Order with respect to "Rejected Leases" does not affect the Master Lease. *Id.*

## OBJECTION

10. As noted above, the Trustee (a) lists each of the Avon Property, the Middleburg Heights Property, the North Canton Property, and the Mentor Property separately in Schedule 1 to the Notice, but does not note that such Properties are subject to the Master Lease, and (b) does not list or otherwise mention the Johnstown Property, the Hanover Property, or the Lancaster Property. The separate listing of the foregoing Properties, the failure to note the nature of the Master Lease covering such Properties, and the omission of the Johnstown Property, the Hanover Property, and the Lancaster Property appears to suggest that the Trustee may believe that each of the Properties may be separately rejected.

11. The Trustee also purports to have the ability to effectuate the proposed lease rejection and termination as it relates to the Avon Property, the Middleburg Heights Property, the North Canton Property, and the Mentor Property under the Sale Order, despite the specific language in the Sale Order that is contrary to such position.

**I. The Master Lease Must Be Treated As A Single, Unitary, Indivisible Lease That Cannot Be Severed Or Be Deemed Rejected Until All Properties Thereunder Have Been Surrendered to the Landlord**.

12. Pursuant to the Master Lease, Debtor and Landlord agreed that the Master Lease constitutes an unseverable, unitary and single lease of all—but not less than all—of the Properties. Master Lease, § 17.04(a). Plainly, the Master Lease must be treated as a single, unitary and

indivisible lease and must rejected in whole, including all Properties thereunder. *See In re Buffets Holdings, Inc.*, 387 B.R. 115 (Bankr. D. Del. 2008) (holding that because master leases were integrated agreements, they were not severable into individual leases and debtors had to assume or reject master leases as a whole). Because the Master Lease must be treated as a single, unitary and indivisible lease, there can be only one rejection date for all of the Properties under the Master Lease. Any attempt to set separate lease rejection dates for the individual Properties subject to the Master Lease, or to reject only certain of the Properties thereunder in connection with the Sale (or otherwise), is improper and must not be permitted.

13. Accordingly, notwithstanding the purported lease rejection pursuant to the Notice, the lease rejection date for the Master Lease cannot be effective until—at a minimum—the date upon which (a) all of the Properties under the Master Lease have been irrevocably surrendered to Landlord by the Trustee pursuant to the filing of a written notice with the Court that all of the Properties under the Master Lease have been so surrendered, and (b) the Trustee's return of all keys, key codes and/or alarm codes with respect to all of the Properties, as applicable, to Landlord.

## II. Rejection of the Master Lease Is Not a Termination of the Master Lease.

14. The Notice provides that the "Rejected Leases" identified on Schedule 1 thereto are deemed rejected and terminated as of the Rejection Effective Date, June 26, 2020. *See* Notice, ¶¶ 4 and 5.

15. Contrary to the foregoing, 11 U.S.C. § 365(g)(1) specifically provides that

> . . . the rejection of an executory contract or unexpired lease of the debtor constitutes a *breach* of such contract or lease if such contract or lease has not been assumed under this section or under a plan confirmed under chapter 9, 11, 12, or 13 of this title, immediately before the date of the filing of the petition.

11 U.S.C. § 365(g)(1) (emphasis added).

4817-7431-5457.1

16. Under the terms of the Master Lease, Debtor does not have the right to terminate the Master Lease. Further, the Trustee has not cited to any authority as a basis to deem the Master Lease to be terminated on the Rejection Effective Date and the Sale Order expressly excluded the Master Lease covering, among other properties, the Avon Property, the Middleburg Heights Property, the North Canton Property, and the Mentor Property from any deemed termination in connection with the rejection procedures approved thereunder. *See* Sale Order, ¶ 20.

17. Any proper rejection of the Master Lease is simply a breach that is deemed to have occurred prepetition. *See* 11 U.S.C. § 365(g)(1). A breach of the Master Lease—resulting from the rejection of the Master Lease—by Debtor (through the Trustee) does not give rise to a termination of the Master Lease by Debtor (through the Trustee) under the Bankruptcy Code or the Master Lease.

18. Accordingly, despite the Trustee's assertions in the Notice and attempt to, among other actions, deem the Master Lease covering the Avon Property, the Middleburg Heights Property, the North Canton Property, and the Mentor Property, terminated effective as of the Rejection Effective Date, such termination is impermissible, absent Landlord agreeing to such termination.

## **RESERVATION OF RIGHTS**

19. Landlord reserves all rights with respect to payment and performance of all postpetition amounts and obligations due under the Master Lease (inclusive of post-conversion period), including without limitation, all amounts and obligations accruing or due through and including any effective date of the rejection of the Master Lease (and all Properties thereunder) and nothing herein shall be deemed to waive, prejudice, release or adversely affect such rights or any claims Landlord may have with respect to the foregoing obligations.

20. Landlord further reserves its right to amend, supplement and modify this Objection at any time and in any manner.

## CONCLUSION

**WHEREFORE**, Landlord (a) objects to any failure to treat the Master Lease as a single, unitary and indivisible lease as to all of the Properties thereunder (or any attempt to treat the Master Lease as anything other than a single, unitary and indivisible lease as to all of the Properties thereunder); (b) objects to any rejection, or attempted rejection, of the Master Lease that does not include the irrevocable surrender of all of the Properties thereunder to Landlord, including the attempt pursuant to the notice; (c) objects to any effective date of the rejection of the Master Lease being any earlier than the date upon which all of the Properties thereunder have been irrevocably surrendered to Landlord; (d) objects to any rejection of the Master Lease being deemed a termination of the Master Lease; and (e) requests such other and further relief as may be just and required under all of the circumstances.

Dated: July 1, 2020
Wilmington, Delaware

Respectfully submitted,

KUTAK ROCK LLP

/s/ *Lisa M. Peters*
Lisa M. Peters (admitted *pro hac vice*)
1650 Farnam Street
Omaha, NE 68102
Telephone:    (402) 346-6000
Facsimile:    (402) 346-1148
Email:    lisa.peters@kutakrock.com

*Counsel for VEREIT Real Estate, L.P.*

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al*.,[1] | ) ) ) | Case No. 20-10553 (CSS) |
| Debtors. | ) ) ) ) ) | (Jointly Administered) **Ref. Docket No. 696** |

**CERTIFICATE OF SERVICE**

I, Lisa M. Peters, hereby certify that on July 1, 2020, I did cause to be served true and correct copies of the foregoing **OBJECTION OF VEREIT REAL ESTATE, L.P. TO NOTICE OF REJECTION OF CERTAIN UNEXPIRED LEASES OF NONRESIDENTIAL REAL PROPERTY BY ALFRED T. GIULIANO, CHAPTER 7** to the parties listed on the attached service listed as indicated thereon.

Dated:  July 1, 2020

*/s/ Lisa M. Peters*
Lisa M. Peters, Esq. (admitted *pro hac vice*)
KUTAK ROCK LLP
1650 Farnam Street
Omaha, Nebraska  68102
Telephone:     (402) 346-6000
Facsimile:       (402) 346-1148
Email:             lisa.peters@kutakrock.com

---

[1] The Debtors in these chapter 7 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren, Michigan 48092.

4817-7431-5457.1

9

**SERVICE LIST**

**VIA ELECTRONIC MAIL**

| | |
|---|---|
| Pachulski Stang Ziehl & Jones LLP<br>919 North Market Street, 17th Floor<br>Wilmington, Delaware 19801<br>Attn: Bradford J. Sandler, Esq.<br>     Colin R. Robinson, Esq.<br>Email: bsandler@pszjlaw.com<br>     crobinson@pszjlaw.com | Office of the United States Trustee<br>844 King Street, Room 2207<br>Lockbox 35<br>Wilmington, Delaware 19801<br>Attn: Benjamin A. Hackman, Esq.<br>Email: benjamin.a.hackman@usdoj.gov |
| Burr & Forman LLP<br>1201 Market Street, Suite 1407<br>Wilmington, Delaware 19801<br>Attn: J. Cory Falgowski, Esq.<br>Email: jfalgowski@burr.com | Morgan, Lewis & Bockius LLP<br>101 Park Avenue<br>New York, New York 10178<br>Attn: Jennifer Feldsher, Esq.<br>Email: jfeldsher@morganlewis.com |
| Morgan, Lewis & Bockius LLP<br>One Federal Street<br>Boston, Massachusetts 02110<br>Attn: Marjorie S. Crider, Esq.<br>     Christopher L. Carter, Esq.<br>Email: marjorie.crider@morganlewis.com<br>     christopher.carter@morganlewis.com | |

9

4817-7431-5457.1