**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |

**GLOBAL NOTES AND DISCLAIMERS OF CHAPTER 7 TRUSTEE REGARDING DEBTORS' SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS**

Alfred T. Giuliano (the "Trustee"), the chapter 7 trustee for the jointly administered estates of Art Van Furniture, LLC, *et al.* (the "Debtors"), submits this disclaimer in connection with the Debtors' bankruptcy schedules (the "Schedules") and statements of financial affairs (the "SOFAs"). The Debtors' Schedules and SOFAs were prepared from financial data derived from the Debtors' books and records that were available at the time of preparation of the Schedules and SOFAs. While the Trustee and his professionals have made every reasonable effort to ensure that the Schedules and SOFAs are accurate and complete based on the information that was available and reasonably accessible at the time of preparation, inadvertent errors or omissions may exist and the subsequent receipt, discovery or review of any additional information not used in the creation of the Schedules and SOFAs may result in material changes to the financial data and other information contained therein. Furthermore, the information contained in the Schedules and SOFAs has not been audited, and is subject to further review and potential adjustment. There can be no assurance that the Schedules and SOFAs are complete or accurate. The Trustee reserves all rights to amend the Schedules and SOFAs in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and SOFAs as to amount, liability or classification, or to otherwise subsequently designate any claim as disputed, contingent or unliquidated.

These Global Notes and Disclaimers Regarding the Debtors' Schedules and SoFAs (collectively, the "Global Notes") pertain to, are incorporated by reference in, and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' former headquarters was: 6500 East 14 Mile Road, Warren Michigan 48092.

comprise an integral part of the Schedules and SoFAs. These Global Notes should be referred to, and reviewed in connection with, any review of the Schedules and SoFAs.[2]

**Description of the Cases and "As Is" Information Date.** On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b). On April 6, 2020, the Court entered an order (the "Conversion Order") converting the chapter 11 cases to chapter 7 [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264]. The Conversion Order required the Trustee to file these Schedules and SOFAs.

Information in the Schedules and SOFAs reflects the Trustee's best estimate of asset values and claims owed as of the Conversion Date, pursuant to Federal Rule of Bankruptcy Procedure 1019(1)(A), unless otherwise indicated. Certain amounts listed on the Schedules and SOFAs may reflect or otherwise take into account certain postpetition administrative expense claims that are noted on the Debtors' books and records. The Trustee reserves all rights to object to any postpetition administrative expense claims.

**Basis of Presentation.** The Schedules and SoFAs do not purport to represent financial statements prepared in accordance with Generally Accepted Accounting Principles ("GAAP"), nor are they intended to fully reconcile to any financial statements otherwise prepared and/or distributed by the Debtors.

Although these Schedules and SoFAs may, at times, incorporate information prepared in accordance with GAAP, the Schedules and SoFAs neither purport to represent nor reconcile to financial statements prepared and/or distributed by the Debtors in accordance with GAAP or otherwise. Moreover, given, among other things, the valuation and nature of certain liabilities, to the extent that the Debtors' books and records show more assets than liabilities, this is not a conclusion that the Debtors were solvent at the Petition Date. Likewise, to the extent that the Debtors show more liabilities than assets, this is not a conclusion that the Debtors were insolvent at the Petition Date or any time prior to the Petition Date. In addition, no independent valuation of assets has been obtained.

**Confidentiality.** There may be instances within the Schedules and SoFAs where names, addresses, or amounts have been left blank. Due to the nature of an agreement between the Debtors and the third party, concerns of confidentiality, or concerns for the privacy of an individual, the Trustee may have deemed it appropriate and necessary to avoid listing such names, addresses, and amounts.

**Intercompany Claims.** Any receivables and payables between the Debtors and affiliated entities in these cases (each an "Intercompany Receivable" or "Intercompany Payable" and, collectively, the "Intercompany Claims") are reported as assets on Schedule B or liabilities on Schedule E and Schedule F. These Intercompany Claims may include the following components, among others: (1) loans to affiliates, (2) accounts payable and payroll

---

[2] These Global Notes are in addition to any specific notes contained in the Debtors' Schedules or SoFAs. The fact that the Debtors have prepared a "general note" with respect to any of the Schedules and SoFAs and not to others should not be interpreted as a decision by the Trustee to exclude the applicability of such general note to any of the Debtors' remaining Schedules and SoFAs, as appropriate.

2

DOCS_DE:229331.2 05233/003

disbursements made out of an affiliate's bank accounts on behalf of the Debtors, (3) centrally billed expenses, (4) corporate expense allocations, and (5) accounting for trade and other intercompany transactions.  These Intercompany Claims may or may not result in allowed or enforceable claims by or against the Debtors, and by listing these claims the Trustee is not indicating a conclusion that the Intercompany Claims are enforceable.  Intercompany Claims may also be subject to set off, recoupment, and netting not reflected in the Schedules.  In situations where there is not an enforceable claim, the assets and/or liabilities of the Debtors may be greater or lesser than the amounts stated herein.  All rights to amend intercompany Claims in the Schedules and SoFAs are reserved.

The Trustee has listed the intercompany payables as unsecured claims on Schedule F.  The Trustee reserve his rights to later change the characterization, classification, categorization, or designation of such items.

**Classification and Claim Descriptions**. Any failure to designate a claim on the Schedules as "disputed," "contingent" or "unliquidated" does not constitute an admission by the Trustee that such amount is not "disputed," "contingent" or "unliquidated." The Trustee reserves the right to dispute, or to assert offsets or defenses to, any claim reflected on the Debtors' Schedules as to amount, liability or classification or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."

Listing a claim (i) in Schedule D as "secured," (ii) in Schedule E as "priority" or (iii) in Schedule F as "unsecured nonpriority," or listing a contract in Schedule G as "executory" or "unexpired," does not constitute an admission by the Trustee of the legal rights of the claimant or a waiver of the Trustee's right to recharacterize or reclassify such claim or contract.

Moreover, the Trustee reserves all rights to amend the Schedules and SoFAs, in all respects, as may be necessary or appropriate, including, but not limited to, the right to dispute or to assert offsets or defenses to any claim reflected on the Schedules and SoFAs as to amount, liability or classification of the claim, or to otherwise subsequently designate any claim as "disputed," "contingent" or "unliquidated."  Furthermore, nothing contained in the Schedules and SoFAs shall constitute a waiver of rights by the Trustee involving any present or future causes of action, contested matters or other issues under the provisions of the Bankruptcy Code or other relevant non-bankruptcy laws.

**Specific Notes.**  These general notes are in addition to the specific notes set forth in the related Schedules and SoFAs hereinafter.

3

| Fill in this information to identify the case: | |
|---|---|
| Debtor name | **AVF Holdings II, LLC** |
| United States Bankruptcy Court for the: | DISTRICT OF DELAWARE |
| Case number (if known) | **20-10557** |

☐ Check if this is an amended filing

Official Form 207

# Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy  04/19

The debtor must answer every question. If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and case number (if known).

### Part 1:  Income

1. **Gross revenue from business**

    ■ None.

   | Identify the beginning and ending dates of the debtor's fiscal year, which may be a calendar year | Sources of revenue<br>Check all that apply | Gross revenue<br>(before deductions and exclusions) |
   |---|---|---|

2. **Non-business revenue**
   Include revenue regardless of whether that revenue is taxable. *Non-business income* may include interest, dividends, money collected from lawsuits, and royalties. List each source and the gross revenue for each separately. Do not include revenue listed in line 1.

    ■ None.

   | | Description of sources of revenue | Gross revenue from each source<br>(before deductions and exclusions) |
   |---|---|---|

### Part 2:  List Certain Transfers Made Before Filing for Bankruptcy

3. **Certain payments or transfers to creditors within 90 days before filing this case**
   List payments or transfers--including expense reimbursements--to any creditor, other than regular employee compensation, within 90 days before filing this case unless the aggregate value of all property transferred to that creditor is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.)

    ■ None.

   | Creditor's Name and Address | Dates | Total amount of value | Reasons for payment or transfer<br>*Check all that apply* |
   |---|---|---|---|

4. **Payments or other transfers of property made within 1 year before filing this case that benefited any insider**
   List payments or transfers, including expense reimbursements, made within 1 year before filing this case on debts owed to an insider or guaranteed or cosigned by an insider unless the aggregate value of all property transferred to or for the benefit of the insider is less than $6,825. (This amount may be adjusted on 4/01/22 and every 3 years after that with respect to cases filed on or after the date of adjustment.) Do not include any payments listed in line 3. *Insiders* include officers, directors, and anyone in control of a corporate debtor and their relatives; general partners of a partnership debtor and their relatives; affiliates of the debtor and insiders of such affiliates; and any managing agent of the debtor. 11 U.S.C. § 101(31).

    ■ None.

   | Insider's name and address<br>Relationship to debtor | Dates | Total amount of value | Reasons for payment or transfer |
   |---|---|---|---|

5. **Repossessions, foreclosures, and returns**
   List all property of the debtor that was obtained by a creditor within 1 year before filing this case, including property repossessed by a creditor, sold at a foreclosure sale, transferred by a deed in lieu of foreclosure, or returned to the seller. Do not include property listed in line 6.

| Debtor | AVF Holdings II, LLC | Case number (if known) | 20-10557 |
|---|---|---|---|

■ None

| Creditor's name and address | Describe of the Property | Date | Value of property |
|---|---|---|---|

6. **Setoffs**
   List any creditor, including a bank or financial institution, that within 90 days before filing this case set off or otherwise took anything from an account of the debtor without permission or refused to make a payment at the debtor's direction from an account of the debtor because the debtor owed a debt.

   ■ None

| Creditor's name and address | Description of the action creditor took | Date action was taken | Amount |
|---|---|---|---|

**Part 3:** **Legal Actions or Assignments**

7. **Legal actions, administrative proceedings, court actions, executions, attachments, or governmental audits**
   List the legal actions, proceedings, investigations, arbitrations, mediations, and audits by federal or state agencies in which the debtor was involved in any capacity—within 1 year before filing this case.

   ■ None.

| Case title Case number | Nature of case | Court or agency's name and address | Status of case |
|---|---|---|---|

8. **Assignments and receivership**
   List any property in the hands of an assignee for the benefit of creditors during the 120 days before filing this case and any property in the hands of a receiver, custodian, or other court-appointed officer within 1 year before filing this case.

   ■ None

**Part 4:** **Certain Gifts and Charitable Contributions**

9. **List all gifts or charitable contributions the debtor gave to a recipient within 2 years before filing this case unless the aggregate value of the gifts to that recipient is less than $1,000**

   ■ None

| Recipient's name and address | Description of the gifts or contributions | Dates given | Value |
|---|---|---|---|

**Part 5:** **Certain Losses**

10. **All losses from fire, theft, or other casualty within 1 year before filing this case.**

    ■ None

| Description of the property lost and how the loss occurred | Amount of payments received for the loss | Dates of loss | Value of property lost |
|---|---|---|---|
|  | If you have received payments to cover the loss, for example, from insurance, government compensation, or tort liability, list the total received. List unpaid claims on Official Form 106A/B (Schedule A/B: Assets – Real and Personal Property). | | |

**Part 6:** **Certain Payments or Transfers**

11. **Payments related to bankruptcy**
    List any payments of money or other transfers of property made by the debtor or person acting on behalf of the debtor within 1 year before the filing of this case to another person or entity, including attorneys, that the debtor consulted about debt consolidation or restructuring, seeking bankruptcy relief, or filing a bankruptcy case.

    ■ None.

| Debtor | AVF Holdings II, LLC | Case number *(if known)* | 20-10557 |
|---|---|---|---|

| Who was paid or who received the transfer? Address | If not money, describe any property transferred | Dates | Total amount or value |
|---|---|---|---|

12. **Self-settled trusts of which the debtor is a beneficiary**
    List any payments or transfers of property made by the debtor or a person acting on behalf of the debtor within 10 years before the filing of this case to a self-settled trust or similar device.
    Do not include transfers already listed on this statement.

    ■ None.

| Name of trust or device | Describe any property transferred | Dates transfers were made | Total amount or value |
|---|---|---|---|

13. **Transfers not already listed on this statement**
    List any transfers of money or other property by sale, trade, or any other means made by the debtor or a person acting on behalf of the debtor within 2 years before the filing of this case to another person, other than property transferred in the ordinary course of business or financial affairs. Include both outright transfers and transfers made as security. Do not include gifts or transfers previously listed on this statement.

    ■ None.

| Who received transfer? Address | Description of property transferred or payments received or debts paid in exchange | Date transfer was made | Total amount or value |
|---|---|---|---|

**Part 7:    Previous Locations**

14. **Previous addresses**
    List all previous addresses used by the debtor within 3 years before filing this case and the dates the addresses were used.

    ■ Does not apply

| Address | Dates of occupancy From-To |
|---|---|

**Part 8:    Health Care Bankruptcies**

15. **Health Care bankruptcies**
    Is the debtor primarily engaged in offering services and facilities for:
    - diagnosing or treating injury, deformity, or disease, or
    - providing any surgical, psychiatric, drug treatment, or obstetric care?

    ■ No. Go to Part 9.
    ☐ Yes. Fill in the information below.

| Facility name and address | Nature of the business operation, including type of services the debtor provides | If debtor provides meals and housing, number of patients in debtor's care |
|---|---|---|

**Part 9:    Personally Identifiable Information**

16. **Does the debtor collect and retain personally identifiable information of customers?**

    ■ No.
    ☐ Yes. State the nature of the information collected and retained.

17. **Within 6 years before filing this case, have any employees of the debtor been participants in any ERISA, 401(k), 403(b), or other pension or profit-sharing plan made available by the debtor as an employee benefit?**

    ■ No. Go to Part 10.
    ☐ Yes. Does the debtor serve as plan administrator?

**Part 10:    Certain Financial Accounts, Safe Deposit Boxes, and Storage Units**

18. **Closed financial accounts**
    Within 1 year before filing this case, were any financial accounts or instruments held in the debtor's name, or for the debtor's benefit, closed, sold,

Official Form 207    **Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy**    page **3**

| Debtor | AVF Holdings II, LLC | Case number *(if known)* | 20-10557 |
|---|---|---|---|

moved, or transferred?
Include checking, savings, money market, or other financial accounts; certificates of deposit; and shares in banks, credit unions, brokerage houses, cooperatives, associations, and other financial institutions.

■ None

| Financial Institution name and Address | Last 4 digits of account number | Type of account or instrument | Date account was closed, sold, moved, or transferred | Last balance before closing or transfer |
|---|---|---|---|---|

19. **Safe deposit boxes**
List any safe deposit box or other depository for securities, cash, or other valuables the debtor now has or did have within 1 year before filing this case.

■ None

| Depository institution name and address | Names of anyone with access to it Address | Description of the contents | Do you still have it? |
|---|---|---|---|

20. **Off-premises storage**
List any property kept in storage units or warehouses within 1 year before filing this case. Do not include facilities that are in a part of a building in which the debtor does business.

■ None

| Facility name and address | Names of anyone with access to it | Description of the contents | Do you still have it? |
|---|---|---|---|

## Part 11: Property the Debtor Holds or Controls That the Debtor Does Not Own

21. **Property held for another**
List any property that the debtor holds or controls that another entity owns. Include any property borrowed from, being stored for, or held in trust. Do not list leased or rented property.

■ None

## Part 12: Details About Environment Information

For the purpose of Part 12, the following definitions apply:
*Environmental law* means any statute or governmental regulation that concerns pollution, contamination, or hazardous material, regardless of the medium affected (air, land, water, or any other medium).

*Site* means any location, facility, or property, including disposal sites, that the debtor now owns, operates, or utilizes or that the debtor formerly owned, operated, or utilized.

*Hazardous material* means anything that an environmental law defines as hazardous or toxic, or describes as a pollutant, contaminant, or a similarly harmful substance.

**Report all notices, releases, and proceedings known, regardless of when they occurred.**

22. **Has the debtor been a party in any judicial or administrative proceeding under any environmental law? Include settlements and orders.**

    ■ No.
    ☐ Yes. Provide details below.

| Case title Case number | Court or agency name and address | Nature of the case | Status of case |
|---|---|---|---|

23. **Has any governmental unit otherwise notified the debtor that the debtor may be liable or potentially liable under or in violation of an environmental law?**

    ■ No.
    ☐ Yes. Provide details below.

| Debtor | AVF Holdings II, LLC | Case number (if known) | 20-10557 |
|---|---|---|---|

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**24. Has the debtor notified any governmental unit of any release of hazardous material?**

■ No.
☐ Yes. Provide details below.

| Site name and address | Governmental unit name and address | Environmental law, if known | Date of notice |
|---|---|---|---|

**Part 13:   Details About the Debtor's Business or Connections to Any Business**

**25. Other businesses in which the debtor has or has had an interest**
List any business for which the debtor was an owner, partner, member, or otherwise a person in control within 6 years before filing this case. Include this information even if already listed in the Schedules.

☐ None

| Business name address | Describe the nature of the business | Employer Identification number<br>Do not include Social Security number or ITIN.<br><br>Dates business existed |
|---|---|---|
| 25.1.   AVF Parent, LLC<br>6500 East 14 Mile Road<br>Warren, MI 48092 | Holding company | EIN:       35-2583451<br><br>From-To   January 2017 to April 6, 2020 |

**26. Books, records, and financial statements**
26a. List all accountants and bookkeepers who maintained the debtor's books and records within 2 years before filing this case.
☐ None

| Name and address | Date of service From-To |
|---|---|
| 26a.1.   David Ladd<br>433 S. Banbury Heights<br>Arlington Heights, IL 60005 | At least 2 years prior to the Petition Date |
| 26a.2.   John Budzinski<br>4991 Highland Court<br>Clarkston, MI 48348 | At least 2 years prior to the Petition Date |
| 26a.3.   Joe Frontera<br>39151 Lea Court<br>Sterling Heights, MI 48313 | At least 2 years prior to the Petition Date |

26b. List all firms or individuals who have audited, compiled, or reviewed debtor's books of account and records or prepared a financial statement within 2 years before filing this case.

☐ None

| Name and address | Date of service From-To |
|---|---|
| 26b.1.   PricewaterhouseCoopers LLP<br>500 Woodward Avenue<br>Detroit, MI 48226 | At least 2 years prior to the Petition Date |

26c. List all firms or individuals who were in possession of the debtor's books of account and records when this case is filed.

☐ None

| Name and address | If any books of account and records are unavailable, explain why |
|---|---|

Debtor **AVF Holdings II, LLC**  Case number *(if known)* **20-10557**

| Name and address | | If any books of account and records are unavailable, explain why |
|---|---|---|
| 26c.1. | **David Ladd**<br>**433 S. Banbury Heights**<br>**Arlington Heights, IL 60005** | |
| 26c.2. | **John Budzinski**<br>**4991 Highland Court**<br>**Clarkston, MI 48348** | |
| 26c.3. | **Joe Frontera**<br>**39151 Lea Court**<br>**Sterling Heights, MI 48313** | |

26d. List all financial institutions, creditors, and other parties, including mercantile and trade agencies, to whom the debtor issued a financial statement within 2 years before filing this case.

■ None

**Name and address**

27. **Inventories**
Have any inventories of the debtor's property been taken within 2 years before filing this case?

■ No
☐ Yes. Give the details about the two most recent inventories.

| Name of the person who supervised the taking of the inventory | Date of inventory | The dollar amount and basis (cost, market, or other basis) of each inventory |
|---|---|---|

28. **List the debtor's officers, directors, managing members, general partners, members in control, controlling shareholders, or other people in control of the debtor at the time of the filing of this case.**

| Name | Address | Position and nature of any interest | % of interest, if any |
|---|---|---|---|
| **AVF Holdigs I, LLC** | **6500 East 14 Mile Road**<br>**Warren, MI 48092** | **Sole Member** | **100% Membership interest** |
| **Name** | **Address** | **Position and nature of any interest** | **% of interest, if any** |
| **David Ladd** | **433 S. Banbury Heights**<br>**Arlington Heights, IL 60005** | **Chief Financial Officer, Treasurer** | |
| **Name** | **Address** | **Position and nature of any interest** | **% of interest, if any** |
| **Jeff Swenson** | **100 Federal Street, 35th Flr.**<br>**Boston, MA 02116** | **Director** | |
| **Name** | **Address** | **Position and nature of any interest** | **% of interest, if any** |
| **Douglas Haber** | **100 Federal Street, 35th Flr.**<br>**Boston, MA 02116** | **Director** | |
| **Name** | **Address** | **Position and nature of any interest** | **% of interest, if any** |
| **Cliff Longley** | **100 Federal Street, 35th Flr.**<br>**Boston, MA 02116** | **Director** | |

29. **Within 1 year before the filing of this case, did the debtor have officers, directors, managing members, general partners, members in control of the debtor, or shareholders in control of the debtor who no longer hold these positions?**

| Debtor | AVF Holdings II, LLC | Case number *(if known)* | 20-10557 |
|---|---|---|---|

- ☐ No
- ■ Yes. Identify below.

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Michael Zambricki | 1770 Hillwood Drive<br>Bloomfield Hills, MI 48304 | Secretary | 03/01/17 - 04/03/20 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Gary Fazio | 136 South Shore Drive<br>Hilton Head Island, SC 29928 | President | 09/11/19 - 03/30/20 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Ron Boire | 7 Blanchard Drive<br>Warwick, NY 10990 | President | 04/30/18 - 09/11/19 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Alex Smith | 35 Watergate Drive, #1204<br>Sarasota, FL 34236 | Director | __ to 02/29/20 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| David Alexander | 3243 Duke Circle<br>Germantown, TN 38139 | Director | __ to 03/01/20 |

| Name | Address | Position and nature of any interest | Period during which position or interest was held |
|---|---|---|---|
| Gary Van Elslander | 740 Whittier Rd.<br>Grosse Pointe, MI 48230 | Director | __ to 03/01/20 |

30. **Payments, distributions, or withdrawals credited or given to insiders**
    Within 1 year before filing this case, did the debtor provide an insider with value in any form, including salary, other compensation, draws, bonuses, loans, credits on loans, stock redemptions, and options exercised?

- ■ No
- ☐ Yes. Identify below.

| Name and address of recipient | Amount of money or description and value of property | Dates | Reason for providing the value |
|---|---|---|---|

31. **Within 6 years before filing this case, has the debtor been a member of any consolidated group for tax purposes?**

- ☐ No
- ■ Yes. Identify below.

| Name of the parent corporation | Employer Identification number of the parent corporation |
|---|---|
| AVF Holding Company, Inc. | EIN: 81-4960291 |

32. **Within 6 years before filing this case, has the debtor as an employer been responsible for contributing to a pension fund?**

- ■ No
- ☐ Yes. Identify below.

| Debtor | AVF Holdings II, LLC | Case number *(if known)* | 20-10557 |
|---|---|---|---|

| Name of the pension fund | Employer Identification number of the parent corporation |
|---|---|

Debtor **AVF Holdings II, LLC**                                                    Case number *(if known)* **20-10557**

## Part 14: Signature and Declaration

**WARNING** -- Bankruptcy fraud is a serious crime. Making a false statement, concealing property, or obtaining money or property by fraud in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

I have examined the information in this *Statement of Financial Affairs* and any attachments and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on      **July  6, 2020**

**/s/ Alfred T. Giuliano**                                        **Alfred T. Giuliano**
Signature of individual signing on behalf of the debtor           Printed name

Position or relationship to debtor      **Chapter 7 Trustee**

**Are additional pages to** *Statement of Financial Affairs for Non-Individuals Filing for Bankruptcy* **(Official Form 207) attached?**
■ No
☐ Yes