**UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 7 |
| | ) |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (CSS) |
| Debtors. | ) |
| | ) (Jointly Administered) |
| | ) |
| | ) **HEARING: JULY 24, 2020 AT 1:00 P.M.** |
| | ) **OBJECTIONS DUE: JULY 17, 2020 AT 4:00** |
| | ) **P.M.** |

**MOTION OF CBL & ASSOCIATES MANAGEMENT, INC. FOR ALLOWANCE AND**
**PAYMENT OF ADMINISTRATIVE CLAIM PURSUANT TO**
**11 U.S.C. §§ 365(d)(3), 503(B)(1)(A), AND 507(A)**

CBL & Associates Management, Inc. ("CBL"), managing agent for a CBL/Westmoreland, L.P. ("Landlord"), landlord from which the Debtors leased real property, by and through its undersigned counsel, hereby requests the entry of an order granting CBL an allowed administrative expense claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A) of title 11 of the United States Code (the "Bankruptcy Code"), and requiring immediate payment thereof. In support of this request, CBL relies upon the Declaration of Gary Roddy (the "Declaration"), a copy of which is attached hereto as **Exhibit B**, and states as follows:

**Jurisdiction**

1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.  The statutory bases for the relief requested herein are Bankruptcy Code sections 364(a), 503(b)(1)(A) and 507(a)(2).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, are: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).  The location of Debtors' principal place of business is 6500 East 14 Mile Road, Warren, Michigan 48092.

HB: 4848-1611-4113.2

**Background**

2.      On March 8, 2020 (the "Petition Date"), the above-captioned debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

3.      On April 6, 2020, the United States Bankruptcy Court for the District of Delaware (the "Court") entered its *Order (I) Converting Their Chapter 11 Cases Under Chapter 7, (ii) Establishing a Deadline for Filing Final Chapter 11 Fee Applications and Setting a Hearing Thereon, and (III) Granting Related Relief* [Docket No. 263], which converted these cases to chapter 7 proceedings effective April 7, 2020.

4.      Art Van Furniture, LLC and its affiliated debtors and debtors-in-possession (the "Debtors") continued to operate their business and manage their properties as debtors-in-possession pursuant to §§ 1107(a) and 1108 of the Bankruptcy Code until the case conversion, at which time Alfred T. Giuliano (the "Chapter 7 Trustee") continued to operate and wind down the Debtors' business operations.

5.      The Debtors leased real property from Landlord pursuant to a lease (the "Lease") as shown below in *Table 1[2]*:

TABLE 1:

| Property Name | Property Location | CBL Landlord | Debtor Tenant | Lease End Date | Rejection Date |
|---|---|---|---|---|---|
| Westmoreland Crossing | Greensburg, PA | CBL/Westmoreland, L.P. | Sam Levin, Inc. | 10/31/2021 | 6/26/2020 |

6.      The Lease was rejected on June 26, 2020. *See* Docket No. 696.

---

[2] *See* Declaration of Gary Roddy (the "Roddy Decl.") ¶ 4.

2

HB: 4848-1611-4113.2

7.      CBL's administrative expense claims consist of post-petition use and occupancy charges due from Debtors that arose under the Lease on and after the Petition Date. *See* 11 U.S.C. §§ 503(a), 503(b)(1)(A), and 365(d)(3).

8.      Under the terms of the Lease, Debtors are required to make certain payments arising out of their use and occupancy of the Premises.[3] These payments include such items as rent and related charges, common area maintenance obligations, real property taxes, and all other charges imposed by the Lease, including year-end adjustments and reconciliations for charges that are paid on an estimated basis.  Debtors have not paid all obligations that have arisen or accrued during the post-petition period, and certain amounts remain due and owing for the period from the Petition Date through and including the date of rejection (the "Administrative Claim Period").

9.      CBL is entitled to administrative expense claims for such obligations in the total amount of $107,013.52 (the "Claim"), as set forth in greater detail on the attached **Exhibit A** (the "AR Report") as well as the Declaration filed contemporaneously herewith, plus indemnity obligations, amounts subject to setoff and/or recoupment and attorneys' fees.

10.      As demonstrated by the supporting AR Report, in the ordinary course of its business with CBL, Debtor was billed certain charges during the Administrative Claim Period in the amounts shown below in *Table 2*:

TABLE 2[4]:

| Lease | Property Location | Post-Petition Charges (March 8-June 2020) |
|---|---|---|
| Westmoreland Crossing | Greensburg, PA | $107,013.52 |

---

[3] *See* Roddy Decl. ¶ 5.
[4] *See* Roddy Decl. ¶ 7-8.

HB: 4848-1611-4113.2

**Requested Relief**

11.    By this Motion, CBL respectfully requests the entry of an Order granting CBL an administrative expense claim in the amount of $107,013.52 pursuant to Bankruptcy Code Sections 365(d)(3), 503(b)(1)(A) and 507(a).

**Basis for Relief Requested**

12.    Section 507(a)(2) provides that "administrative expenses allowed under section 503(b) of this title" shall have second priority status under the Bankruptcy Code.  Moreover, Bankruptcy Code section 503(b)(1)(A) provides that "[a]fter notice and a hearing, there shall be allowed administrative expenses, . . . including . . . the actual, necessary costs and expenses of preserving the estate[.]" *See* 11 U.S.C. § 503(b)(1)(A).

13.    In determining whether administrative priority under Section 503(b)(1)(A) is proper, bankruptcy courts generally apply a two-pronged test.  First, there must be a post-petition transaction between the creditor and the debtor.  Second, the estate must benefit from the transaction.  *E.g., In re Garden Ridge Corp.*, 321 B.R. 669, 676 (Bankr. D. Del. 2005) (citing *In re Waste Systems Int'l, Inc.*, 280 B.R. 824, 826 (Bankr. D. Del. 2002)).

14.    In the present case, as indicated above, CBL provided the leased premises to the Debtors following the Petition Date.  Accordingly, the first prong of the *Garden Ridge* test is satisfied.

15.    Second, Debtors' occupancy of the leased premises clearly benefited the Debtors' estates as such occupancy was relied upon by the Debtors during the Debtors' post-petition operations.  *See TransAm. Nat. Gas Corp.,* 978 F.2d 1409, 1420 (5th Cir. 1992) ("Although the estate receives a benefit that often can be measured by the actual cost of necessary goods or services supplied, the estate also receives other less readily calculable benefits, such as the ability

HB: 4848-1611-4113.2

to continue in business as usual."). Accordingly, the Claim also meets the second prong of the *Garden Ridge* test.

16.     Based on the foregoing, because the Claim satisfies both prongs of the test for administrative expense status, the Claim should be allowed as an administrative expense claim in pursuant to section 503(b)(1)(A) of the Bankruptcy Code for all time periods, including, but not limited to March 8-31, 2020.

17.     Section 365(d)(3) of the United States Bankruptcy Code and applicable case law require a trustee to pay timely and as an administrative expense claim all post-petition rent and related charges until an unexpired lease is rejected. *See* 11 U.S.C. § 365(d)(3) ("[t]he trustee shall timely perform all the obligations of the debtor . . . arising from and after the order for relief under any unexpired lease of non-residential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(l) of this title"); 11 U.S.C. § 503(a).

18.     Further, the clear language of § 365(d)(3) requires the Trustee to perform an obligation when the legally enforceable duty to perform arises under that lease. *See In re Montgomery Ward Holding Corp.,* 268 F.3d 205, 209 (3d Cir. 2001). Accordingly, when the lease requires the debtor to reimburse the landlord for certain obligations, the debtor's obligation to make timely payment arises after the petition, but before rejection of rent as it comes due. *See In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 610-14 (Bankr. D. Del. 2008)*; Towers v. Chickering & Gregory (In re Chickering & Gregory)*, 27 F.3d 401, 403 (9th Cir. 1994) ("section 365(d)(3) created an immediate obligation to pay the full amount of the rent specified by the lease. . .").

19.     As such, CBL is entitled to a priority claim under Section 365(d)(3) for April 2020, May 2020, and June 2020 rent and charges.

WHEREFORE, pursuant to Bankruptcy Code Sections 365(d)(3) and 503(b)(1)(A), CBL requests the entry of an Order (i) granting and allowing the Claim against the Debtors as an administrative expense claim in the amount of $107,013.52; and (ii) granting such other and further relief as is just and proper.

Dated: July 8, 2020

Respectfully submitted by:
HOGAN♦McDANIEL

/s/Garvan F. McDaniel
Garvan F. McDaniel (DE Bar No. 4167)
1311 Delaware Avenue
Wilmington, Delaware 19806
Telephone: 302.656.7540
Facsimile: 302.656.7599
Email: gfmcdaniel@dkhogan.com

*ATTORNEYS FOR CBL & ASSOCIATES MANAGEMENT, INC.*

HB: 4848-1611-4113.2