# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**Art Van Furniture, LLC,** et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553-CSS<br><br>(Jointly Administered)<br><br>**Hearing Date: August 13, 2020 at 11:00 a.m. EDT**<br>**Objection Deadline: August 6, 2020 at 4:00 p.m. EDT** |

## MOTION OF BURT J. CARATELLI FOR RELIEF FROM THE AUTOMATIC STAY

Burt J. Caratelli ("Mr. Caratelli"), by his attorneys, John R. Foley, P.C., submits this Motion for entry of an order granting Mr. Caratelli relief from the automatic stay pursuant to 11 U.S.C. § 362(d) to order Debtor to immediately turn over Mr. Caratelli's furniture to him. In support of this Motion, Mr. Caratelli hereby states as follows:

### PRELIMINARY STATEMENT

1. Mr. Caratelli is an individual who made two purchases from Debtor for furniture which included, in part, custom pieces, between November 9, 2019 and March 6, 2020.

2. Mr. Caratelli paid off all the goods in full on March 6, 2020 and, to date, has not received the furniture from Debtor.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include as follows: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these Chapter 7 cases is: 6500 East 14 Mile Road, Warren, Michigan 48092.

3. This Motion is supported by the Declaration of Burt J. Caratelli ("the Caratelli Dec."), attached hereto as **Exhibit A**.

## JURISDICTION

4. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §157 and 28 U.S.C. §1334.

5. This matter is a core proceeding pursuant to 28 USC § 157(b)(2).

6. Pursuant to Local Rule 9013-1(f), Mr. Caratelli consents to the entry of a final order by this Court regarding this Motion only, if it is later determined that this Court, absent consent of all parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7. Venue is proper in this Court pursuant to 28 U.S.C. §1408 and 28 U.S.C. §1409.

8. Mr. Caratelli requests that this Court grant the relief requested herein pursuant to 11 U.S.C. §101, 11 U.S.C. §362, 5A Del. C. 1953, §2-716, and Federal Rules of Bankruptcy Procedure 4001.

## FACTS

9. On November 9, 2019, Mr. Caratelli entered into an agreement with Debtor to purchase goods, including custom made furniture. The purchase price was $3,515.55 and Mr. Caratelli paid a $500.00 deposit towards the furniture on November 9, 2019[2]. See Caratelli Decl., **Exhibit 1**, Invoice 1711118.

---

[2] The original purchase price for Invoice 1711118 was $3,825.19, which was later changed to $3,515.55.

10. On November 15, 2019, Mr. Caratelli entered into a second agreement with Debtor to purchase goods, which also included custom made furniture. The total price for this second purchase was $3,515.55. Mr. Caratelli made a deposit of $1,300.00 towards this order. See Caratelli Decl. **Exhibit 2**, Invoice 1711668.

11. From November of 2019 to March of 2020, Mr. Caratelli paid off Invoice 1711118 and Invoice 1711668 (collectively, "Furniture Invoices") in several installments.

12. Mr. Caratelli made the following payments towards Invoice 1711118:

(1) December 28, 2019 - $1,800.00;

(2) February 16, 2020 - $750.00;

(3) March 6, 2020 - $465.55. See Caratelli Decl. **Exhibit 1**, Invoice 1711118.

13. Mr. Caratelli made the following payments towards Invoice 1711668:

(1) December 28, 2019 - $1,300.00;

(2) February 16, 2020 - $750.00;

(3) March 6, 2020 - $1,150.00. See Caratelli Decl. **Exhibit 2**, Invoice 1711668.

14. Upon making the final payments, Mr. Caratelli's sister, Mrs. Paula Foley, was shown furniture wrapped in plastic with Mr. Caratelli's name on it. Mrs. Foley was informed by an employee of Debtor that the furniture would be delivered to Mr. Caratelli.

15. Debtor filed for bankruptcy on March 8, 2020. Mr. Caratelli was not provided notice of the bankruptcy.

16. To date, Mr. Caratelli has not received any of the furniture he purchased from Debtor.

17. As explained below, Mr. Caratelli has a special property interest in the furniture and is entitled to recover the furniture under 5A Del. C. 1953, §2-502, or as specific performance under 5A Del. C. 1953, §2-716 (which may be converted to a claim for payment under 11 U.S.C. §502(c)(2).

## LAW AND ANALYSIS RE: MR. CARATELLI'S SECURED CLAIM

18. The Bankruptcy Code relies on state law to define numerous rights, including property rights. *Butner v. United States*, 440 U.S. 48, 54-55 (1979).

19. There is no contract specifying whether Delaware or Michigan law governs the Furniture Invoices. Accordingly, a choice-of-law analysis must be made to determine whether Delaware or Michigan law applies.

20. Delaware Bankruptcy courts apply Delaware choice-of-law rules. See generally, *Teleglobe USA Inc. v. BSE Inc. (In re Teleglobe Commc'ns Corp.)*, 493 F.3d 345, 35 (3d Cir. 2007) ("As a federal court exercising jurisdiction over state-law claims, we apply the choice-of-law rules of Delaware, the forum state.") (citation omitted). See also, *In re PMTS Liquidating Corp.*, 452 B.R. 498, 507 (D.Del. 2011).

21. If there is no actual conflict between the laws, Delaware law will apply. *Pennsylvania Employee, Benefit Trust Fund v. Zeneca, Inc.*, 710 F. Supp. 2d 458, 466 (D.Del. 2010).

22. Here, there is no conflict between the law of Michigan and Delaware regarding the transaction at issue; both states have adopted the Uniform Commercial Code. Accordingly, Delaware law will govern the Furniture Invoices.

23. The UCC, as adopted by Delaware and Michigan, has specific rules regarding "special interests" in property.

24. Specifically, MCL 440.2501 and 5A Del. C. 1953, §2-501 state, in pertinent part:

> (1) The buyer obtains a special property and an insurable interest in goods by identification of existing goods as goods to which the contract refers. . . .Such identification can be made at any time and in any manner explicitly agreed to by the parties. In the absence of explicit agreement identification occurs
>    a. When the contract is made if it is for the sale of goods already existing and identified;
>    b. If the contract is for the sale of future goods other than those described in paragraph (c), when goods are shipped, marked or otherwise designated by the seller as goods to which the contract refers…

25. Likewise, both Michigan and Delaware have identical statutes which state that a buyer of special property may recover such goods from the seller. MCL 440.2502 and 5A Del. C. 1953, §2-502 provide as follows:

> (1) Subject to subsections (2) and (3) and even though the goods have not been shipped, a buyer who has paid a part or all of the price of goods in which he or she has a special property . . .may on making and keeping good a tender of any unpaid portion of their price recover them from the seller if:
>    (a) In the case of goods bought for personal, family, or household purposes, the seller repudiates or fails to deliver as required by the contract.

26. A party who does not receive special property is entitled to specific performance, as follows:

> (1) Specific performance may be decreed where the goods are unique or in other proper circumstances.
> (2) The decree for specific performance may include such terms and conditions as to payment of the price, damages, or other relief as the court may deem just.
> (3) The buyer has a right of replevin for goods identified to the contract if after reasonable effort he or she is unable to effect cover for such goods or the circumstances reasonably indicate that such effort will be unavailing or if the goods have been shipped under reservation and satisfaction of the security interest in them has been made or tendered. *In the case of goods bought for personal,*

> *family, or household purposes, the buyer's right of replevin vests upon acquisition of a special property, even if the seller had not then repudiated or failed to deliver.* 5A Del. C. 1953, §2-716. (italics added).

27.   While there are very few cases regarding the treatment of special property under the UCC, the Court may consider opinions by other Courts regarding special property as persuasive authority. See, e.g., *Reish v. Phx. Heliparts, Inc. Liquidation Tr. (In re Phx. Heliparts Inc.),* BAP No. AZ-17-1162-BLKu (B.A.P. 9th Cir. May 7, 2018) (citing cases and concluding that good need not be complete to be identifiable).

28.   Here, there can be no question that the furniture in question qualifies as "goods" under the UCC. *See* 5A Del. C. 1953 §2-105(1).

29.   Further, the goods are "special property" as defined in 5A Del. C. 1953, §2501; the furniture was identified both when the original down payments were made on both invoices in November of 2019. The furniture was again identified by an Art Van employee and Mr. Caratelli's sister when the final payments were made in satisfaction of the Furniture Invoices on March 6, 2020.

30.   Mr. Caratelli has paid both furniture invoices in full; he has paid "all of the price of goods in which he . . .has a special property." 5A De;. C. 1953 §2-502.

31.   Mr. Caratelli has requested that Debtor provide him with the furniture that he paid for in full and Debtor has failed to honor this request.

32.   Mr. Caratelli, therefore, is entitled to recover the furniture from Debtor because Debtor "fail[ed] to deliver as required by the contract." *Id.* §2-502(a).

### LAW AND ANALYSIS RE: AUTOMATIC STAY

33.   The Court shall grant relief from the automatic stay in certain instances, including the following:

(1) "for cause, including lack of adequate protection of an interest in property of a party in interest" or,
(2) "with respect to a stay of an act against property under subsection (a) of this section if—
   (A) the debtor does not have an equity in such property; and
   (B) such property is not necessary to an effective reorganization[.]"

11 U.S.C. §362(d)(1)-(2).

34. The property at issue here meets both prongs of 11 U.S.C. § 362(d)(2).

35. *First*, Debtor does not have any equity in the furniture. Mr. Caratelli finished paying both Furniture Invoices in full on March 6, 2020. Therefore, no equity in the furniture remains for Debtor to hold.

36. *Second,* the furniture is of *de minimis* value relative to the Debtor's estate and claims, and holds no other special role that would make it necessary to an effective reorganization.

37. Per Debtor's Petition filed on March 8, 2020, Debtor has between 50,001-100,000 creditors and liabilities estimated between $100M to $500M. See *Chapter 11 Voluntary Petition* [Doc. 1].

38. The Furniture Invoices have a combined value of $8,127.89, which is a vanishingly small value in comparison with the total liabilities.

39. The furniture at issue has no properties that would affect Debtor's reorganization (or liquidation) in any way.

40. Given that value of Mr. Caratelli's furniture is, therefore, *de minimis* relative to the value of Debtor's estate, and allowing Mr. Caratelli to obtain his furniture would have minimal impact on effective reorganization, the situation merits relief from the automatic stay so that the property can be turned over to Mr. Caratelli.

**CONCLUSION**

**WHEREFORE**, Mr. Caratelli respectfully requests that this Court enter an Order, substantially in the form attached hereto, (a) granting Mr. Caratelli relief from the automatic stay; (b) ordering Debtor to immediately turn over Mr. Caratelli's furniture; and (c) granting such further Relief deemed appropriate.

Dated: July 9, 2020

LAW OFFICE OF VIVIAN A. HOUGHTON

/s/ Vivian A. Houghton
Vivian A. Houghton, Esq. (DE Bar No. 2010)
800 N. West Street, 1st Floor
Wilmington, Delaware 19801
302-658-0518
vivianhoughton@comcast.net

-and-

JOHN R. FOLEY, P.C.

/s/ Patrick A. Foley
Patrick A. Foley, Esq. (MI Bar No. P74323)
John R. Foley, P.C.
18572 W. Outer Drive
Dearborn, MI 48128
Phone: 313-274-7377
pafoley@jrfpc.net

*Counsel for Burt J. Caratelli*