# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In Re: ) | Chapter 7 |
| ) | |
| ART VAN FURNITURE, LLC, *et al.*,[1] ) | Case No. 20-10553 (CSS) |
| ) | |
| Debtors. ) | (Jointly Administered) |
| ) | |
| ) | **Objection Deadline: July 17, 2020 at** |
| ) | **4:00pm** |
| ) | **Hearing Date: July 24, 2020 at 1:00pm** |

## MOTION OF LCN AVF WARREN (MI) LLC AND LCN CAPITAL PARTNERS, LLC FOR AN ORDER TO ALLOW AND PAY ADMINISTRATIVE CLAIM FOR UNPAID RENT AND RELATED CHARGES, AND ACTUAL AND NECESSARY COSTS AND EXPENSES TO PRESERVE THE ESTATE

Lessor-creditors, LCN AVF Warren (MI) LLC ("LCN AVF") and LCN Capital Partners, LLC ("LCN Capital" and, together with LCN AVF, collectively, "LCN"), by and through their undersigned counsel, hereby respectfully request an Order allowing and directing payment of LCN's administrative expense claim pursuant to sections 365(d)(3) and 503(b)(1) of Title 11 of the United States Code (the "Bankruptcy Code") for unpaid rent and related charges due and owing under certain commercial lease agreements and which represents the actual and necessary costs associated with preserving and enhancing the value of the above-captioned bankruptcy estates, and respectfully sets forth and represents as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

**PRELIMINARY STATEMENT**

1.  By this motion, LCN respectfully requests that this Court recognize the substantial value LCN has provided to the estates and to compel the Trustee (as defined below) to compensate LCN for the value provided. LCN is not a typical landlord. The use of LCN's properties, particularly the Main Distribution Center (as defined below), both before and after commencement of this bankruptcy case has been essential to the operation of the above-captioned debtors' (collectively, the "Debtors") business – whether that business has taken the form of normal operations, liquidation, or otherwise.

2.  Such use and occupancy ensured that the Debtors' merchandise was properly secured, managed, and preserved, thereby maximizing and protecting the value of such merchandise for the benefit of these estates. This is especially true when many claims of these chapter 7 cases are essentially on equal footing since – unlike in other retail cases – there is no waiver of surcharge claims. Thus, claims that were actually necessary to preserve and protect the Debtors' inventory – like LCN's claims – should and must be paid in full. Despite this, LCN has not been compensated for the use and occupancy of its properties for the post-petition period of April 1, 2020 through June 30, 2020, the value of which totals $2,927,609.36. This motion seeks to remedy that problem.

**JURISDICTION AND VENUE**

3.  This matter is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. § 1334. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

4.  The statutory predicates for the relief sought herein include Bankruptcy Code §§ 365(d)(3) and 503(b)(1).

## BACKGROUND

**A.     The Leases**

5.     On March 2, 2017, LCN and Debtor Art Van Furniture, LLC ("AVF") entered into two lease agreements (the "Leases") pursuant to which AVF leased multiple properties from LCN, including five (5) retail store locations (the "Retail Locations") and a distribution center located in Warren, Michigan (the "Main Distribution Center" and, together with the Retail Locations, the "Leased Premises").

6.     The Main Distribution Center forms the backbone of the Debtors' inventory and management storage system for the Debtors' business.

7.     The Leases require AVF to pay LCN quarterly rent plus other charges in the amount of approximately $2,927,609.36 on January 1, April 1, July 1, and October 1 each year for the term of the Leases.

**B.     The Bankruptcy**

8.     On March 8, 2020 (the "Petition Date"), the Debtors filed voluntary Chapter 11 petitions in the Bankruptcy Court for the District of Delaware (the "Court").

9.     The Debtors filed these cases in order to effectuate a going-concern sale of a portion of their retail stores and distribution centers and to otherwise wind down operations at its remaining stores through a going-out-of-business sales process. *See* Declaration of David Ladd, Executive Vice President and Chief Financial Officer of Art Van Furniture, LLC, in Support of Chapter 11 Petitions and First Day Motions at ¶ 6. [Dkt. 12]

10.     AVF failed to pay LCN the rent due on April 1, 2020 in the amount of $2,927,609.36 for use and occupancy of the Leased Premises for the period of April 1, 2020 through June 30, 2020.

11. On April 3, 2020, the Debtors filed a motion to convert their cases to Chapter 7, citing the emergence of the COVID-19 pandemic which forced the Debtors to alter their plans and shift entirely to liquidation (the "Motion to Convert"). [Dkt. 252]

12. On April 6, 2020, the Court granted the Motion to Convert and entered an order converting the Debtors' cases from Chapter 11 to Chapter 7, effective as of April 7, 2020 (the "Conversion Date"). [Dkt. 263]

13. On April 7, 2020, Alfred T. Giuliano (the "Trustee") was appointed the Chapter 7 trustee of the Debtors' estates, effective as of the Conversion Date. [Dkt. 264]

14. On June 5, 2020, the Trustee filed a motion seeking, among other things, approval of his agreement with American Signature, Inc. ("ASI") authorizing the sale of merchandise from the Main Distribution Center, certain other smaller distribution centers, and certain retail stores, including the Retail Locations (the "ASI Sale Motion"). [Dkt. 609]

15. On June 15, 2020, the Court entered an order granting the ASI Sale Motion (the "ASI Sale Order"). [Dkt. 652]

16. The ASI Sale Order provides, in pertinent part, that LCN shall be paid the sum of $2,927,609.36 on or prior to June 30, 2020 for use and occupancy of the Leased Premises for the period of July 1, 2020 through and including September 30, 2020. ASI Sale Order at ¶ 48. Such payment was timely made. The ASI Sale Order expressly provides that nothing in such order "shall affect LCN's rights to assert a claim (a 'Reserved Claim') against the Debtors or their estates for any amounts due under the LCN Leases, whether such amounts arose or arise prior to or after the Petition Date[.]" Id.

17. To date, LCN has not been compensated for the Debtors' use and occupancy of the Leased Premises for the period of April 1, 2020 through June 30, 2020, despite the fact that the

Leased Premises, and the Main Distribution Center in particular, have been vital to the preservation of the estates. Indeed, the Debtors' (and now the Trustee's) use of the Main Distribution Center has ensured that the merchandise being sold by ASI in accordance with the ASI Sale Order has been properly stored, protected, and managed, thereby ensuring an orderly and effective sale process which, in turn, benefits the estates and all creditors.

## RELIEF REQUESTED

18. LCN respectfully requests that this Court allow LCN an administrative expense claim in the amount of $2,927,609.36 and direct the Trustee to immediately pay LCN that sum from any available cash, including the estates' share of the proceeds of the sale being conducted by ASI. Such relief is warranted in these circumstances where the Leased Premises, and the Main Distribution Center in particular, have been vital to preservation of the estates and their assets.

## BASIS FOR RELIEF

19. The estates' obligation to pay LCN for the use and occupancy of the Leased Premises arises from both section 365(d)(3) and 503(b)(1).

20. Under Bankruptcy Code § 365(d)(3), a trustee or debtor-in-possession is required to timely perform all obligations arising after entry of an order for relief under any unexpired lease of nonresidential property until such lease is assumed or rejected. 11 U.S.C. § 365(d)(3). The Third Circuit applies the "billing date" approach for purposes of section 365(d)(3) such that "an obligation arises under a lease for the purposes of § 365(d)(3) when the legally enforceable duty to perform arises under that lease." *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 211 (3d Cir. 2001).

21. As such, Bankruptcy Code § 365(d)(3) required AVF to pay LCN the rent due on April 1, 2020, that is, the sum of $2,927,609.36 (the "Section 365(d)(3) Claim"). The Section

365(d)(3) Claim should be allowed and paid in due course with other similarly situated Chapter 11 claims.

22. Section 365(d)(3) is not the only protection afforded landlords under the Bankruptcy Code. Rather, landlords may also turn to Bankruptcy Code § 503(b)(1) which grants administrative priority to actual and necessary expenses of the estate. 11 U.S.C. § 503(b)(1)(A) (granting administrative expense status to "the actual, necessary costs and expenses of preserving the estate"); *see In re Goody's Family Clothing Inc.*, 610 F.3d 812, 818 (3d Cir. 2010). "For a commercial lessor's claim to get administrative expense treatment under § 503(b)(1), the debtor's occupancy of the leased premises must confer an actual and necessary benefit to the debtor in the operation of its business." *Id.* (citations omitted).

23. It is thus well settled that Bankruptcy Code § 503(b)(1) entitles landlords to an administrative expense claim equal to the reasonable value of the use and occupancy of their property. *Id.* at 819 (citation omitted); *see In re DVI, Inc.*, 308 B.R. 703, 707–08 (Bankr. D. Del. 2004) ("A landlord is entitled to an administrative claim in the amount of the fair market value of the premises when a debtor occupies and uses them post-petition."). "[T]he amount of an administrative expense claim for rent is typically the fair market rental value of the Premises." *In re DVI*, 308 B.R. at 708. And, "[t]he contract rate is presumed to be the fair market value unless the presumption is rebutted." *Id.*

24. Here, the Debtors have used and occupied the Leased Premises since the Petition Date and the Trustee continues to do so. The Debtors' and Trustee's use and occupancy of the Leased Premises has conferred (and continues to confer) an actual and necessary benefit to the estates. The Debtors came into this bankruptcy case intending to conduct a going-concern sale of certain of its retail stores and to wind down operations of the remaining stores. That process

required the use and occupancy of the Leased Premises, particularly the Main Distribution Center which has been utilized to store, manage, and secure a substantial amount of the Debtors' merchandise.

25. Subsequent to the Conversion Date, the use and occupancy of the Leased Premises have continued to benefit the estates by ensuring that the merchandise being liquidated pursuant to the ASI Sale Order is preserved, secured, and managed effectively. The use and occupancy of the Leased Premises has thus served to maximize the value of the Debtors' estates.

26. Accordingly, LCN is entitled to an administrative expense claim under section 503(b)(1) for the use and occupancy of the Leased Premises for the period of April 1, 2020 through June 30, 2020 equal to the fair market value of such use and occupancy. The Court is entitled to presume that the rent required under the Leases represents the fair market value of the Debtors' and Trustee's use and occupancy of the Leased Premises. As such, LCN is entitled to an administrative expense claim in the amount of $2,927,609.36.

27. LCN's section 503(b) administrative expense claim can be bifurcated into pre- and post-conversion components. The pre-conversion Chapter 11 component covers the period of April 1, 2020 through April 6, 2020 and is equal to approximately $193,029.19 (the "Chapter 11 Administrative Claim"). Like the Section 365(d)(3) Claim, the Chapter 11 Administrative Claim should be allowed and paid in due course with other similarly situated Chapter 11 claims.

28. The post-conversion Chapter 7 component of the claim covers the period of April 7, 2020 through June 30, 2020 and is equal to approximately $2,734,580.17 (the "Chapter 7 Administrative Claim"). This claim should be allowed and the Trustee should be required to immediately pay such claim as it represents a necessary and actual expense of preserving these Chapter 7 estates. Because LCN's claims were actually necessary to preserve and protect the

Debtors' inventory and without a surcharge waiver in these cases, such claims should and must be immediately paid in full.

WHEREFORE, LCN respectfully requests an Order, substantially in the form attached hereto as <u>Exhibit A</u>, granting the following relief:

a. Allowing the Section 365(d)(3) Claim as an administrative expense of the Chapter 11 estates in the amount of $2,927,609.36 pursuant to Bankruptcy Code § 365(d)(3);

b. Allowing the Chapter 11 Administrative Claim as an administrative expense of the Chapter 11 estates in the amount of $193,029.19 pursuant to Bankruptcy Code § 503(b)(1);

c. Allowing the Chapter 7 Administrative Expense Claim as an administrative expense of the Chapter 7 estates in the amount of $2,734,580.17 pursuant to Bankruptcy Code § 503(b)(1);

d. Directing the Trustee to make immediate payment of the Chapter 7 Administrative Expense Claim; and

e. Granting such other and further relief as this Court deems just and proper.

Dated: July 9, 2020

Respectfully submitted,

DORSEY & WHITNEY (DELAWARE) LLP
*/s/ Eric Lopez Schnabel*
Eric Lopez Schnabel
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
Telephone: (302) 425-7171
Fax: (302) 425)-7177
Email: schnabel.eric@dorsey.com

*Counsel for the LCN AVF Warren (MI) LLC and LCN Capital Partners, LLC*