**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

---------------------------------------------------------------x
| | |
|---|---|
| In re: | : Chapter 7 |
| | : |
| ART VAN FURNITURE, LLC, *et al.*,[1] | : Case No. 20-10553 (CSS) |
| | : Jointly Administered |
| Debtors     . | : |
| | : **Hearing Date: July 24, 2020 at 1:00 PM ET** |
| | : **Objection Deadline: July 17, 2020 at 4:00 PM ET** |

---------------------------------------------------------------x

**MOTION OF BRIXMOR HERITAGE SQUARE LLC FOR ENTRY OF AN ORDER (I) COMPELLING IMMEDIATE PAYMENT OF POST-PETITION RENTAL OBLIGATIONS IN ACCORDANCE WITH THE TERMS OF A NONRESIDENTIAL REAL PROPERTY LEASE AND 11 U.S.C. § 365(d)(3); AND (II) ALLOWING AND DIRECTING THE IMMEDIATE PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS PURSUANT TO 11 U.S.C. § 503(b)(1)**

Brixmor Heritage Square LLC (the "Landlord"), by and through its undersigned counsel, hereby moves for entry of an order (i) compelling the above-captioned debtors to immediately pay all outstanding post-petition rental obligations in accordance with the terms of an unexpired nonresidential real property lease and pursuant to 11 U.S.C. § 365(d)(3), and (ii) allowing and directing the immediate payment of the Landlord's administrative expense claims pursuant to 11 U.S.C. § 503(b)(1) (the "Motion"). In support of the Motion, Landlord respectfully states as follows:

**JURISDICTION**

1. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409. The statutory predicates for relief requested herein are 11 U.S.C. §§ 105(a), 365(d)(3) and 503(b)(1).

## BACKGROUND

2. On March 8, 2020 (the "Petition Date"), the above-captioned debtors (the "Debtors") each filed a voluntary petition for relief pursuant to chapter 11 of Bankruptcy Code.

3. As of the Petition Date, the Debtors leased retail space from the Landlord pursuant to an unexpired lease of nonresidential real property (the "Lease") for the premises located in the shopping center commonly known as Heritage Square, Naperville, Illinois (the "Premises"). A true and correct copy of the Lease is available upon request.

4. The Premises is for a retail store in a shopping center, as that term is used in 11 U.S.C. § 365(b)(3). *See In Re: Joshua Slocum, Ltd.*, 922 F.2d 1081 (3d Cir. 1990).

5. On April 6, 2020, the Court entered an order converting the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code [D.I. 263], effective as of 12:00 a.m. (prevailing Eastern Time) on April 7, 2020 (the "Conversion Date"), and on April 7, 2020, Alfred T. Giuliano was appointed as interim trustee ("Trustee") of the Debtors' chapter 7 cases [D.I. 264].

6. On April 24, 2020, soon after being appointed, the Chapter 7 Trustee filed a Motion of the Chapter 7 Trustee for Entry of an Order Extending the Time for Performance of Any Obligations of the Debtors Under any Unexpired Lease of Nonresidential Real Property Pursuant to Section 365(d)(3) of the Bankruptcy Code [D.I. 342] seeking an extension of the estate's obligation to timely perform under the Lease for 60-days from the Conversion Date (the "Rent Extension Motion").

7. On April 27, 2020, this Court entered an Order Granting Motion of the Chapter 7 Trustee for Entry of an Order Extending the Time for Performance of Any Obligations of the Debtors Under any Unexpired Lease of Nonresidential Real Property Pursuant to Section 365(d)(3) of the Bankruptcy Code [D.I. 373], which granted the Trustee's Rent Extension Motion and extended the time for the Trustee to timely perform under the Lease, including with respect to the obligation to pay rent, through and including June 6, 2020.

8. The Trustee continues to operate the Debtors' business, and is in possession of the Debtors' property, including the Lease.

9. The Debtors' and subsequently, the Trustee have continued use and occupy the Premises since the Petition Date, which use and occupancy is actual and necessary to the continued operation of the business for the liquidation of the lender's collateral and other estate assets and has provided a direct and substantial benefit to the Debtors' bankruptcy estates.

10. Pursuant to the Lease, the Debtors (and now the Trustee) are obligated to pay to the Landlord rent and other related charges due under the Lease, including, but not limited to, charges for common area maintenance ("CAM"), insurance, real estate taxes, and utilities (collectively, the "Rent").

11. As of the filing of this Motion, neither Debtors nor Trustee have paid Landlord any Rent under the Lease since the Petition Date. Though the Court extended the Chapter 7 Trustee's obligation to pay rent through June 6, 2020, the extended deadline has passed and the Chapter 7 Trustee has still not paid any Rent to Landlord.

12. Specifically, the Debtors failed to remit Rent due under the Lease, post-petition, on April 1, 2020, following the commencement of their chapter 11 cases, which amount is entitled to administrative priority pursuant to Section 365(d)(3) of the Bankruptcy Code (the

3

"Chapter 11 Section 365 Rent"). Further, the Chapter 7 Trustee also failed to remit the Rent due under the Lease post-Conversion Date that has accrued each month since May 1, 2020, June 1, and July 1, 2020, pursuant to 11 U.S.C. § 365(d)(3) (the "Post-Conversion Section 365 Rent"), which again is entitled to administrative priority. In addition, Landlords are entitled to administrative expense claims, pursuant to 11 U.S.C. § 503(b), consisting of that portion of the Rent due for the Debtors' use and occupancy of the Premises from the Petition Date through March 31, 2020 (the "Chapter 11 Stub Rent"), and for the Trustee's use and occupancy of the Premises from the Conversion Date through April 30, 2020 (the "Chapter 7 Stub Rent" and together with the Chapter 11 Stub Rent, the "Stub Rent"). A true and correct copy of Landlord's itemization of the Rent due under the Lease since the Petition Date is attached hereto as **Exhibit "A"**.

13. Between the Petition Date and the Conversion Date, for the Debtors' use and occupancy of the Premises, Landlord asserts that it is entitled to the allowance and payment of a chapter 11 administrative expense claim in the total amount due of **$63,369.99**, consisting of the Chapter 11 Stub Rent and the Chapter 11 Section 365 Rent (collectively, the "Chapter 11 Administrative Expense Claim"):

14. From the Conversion Date through the date of this Motion, for the Trustee's use and occupancy of the Premises, Landlord asserts that is entitled to the allowance and payment of a chapter 7 administrative expense claim in the total amount due of **$1,269,708.33**, consisting of the Chapter 7 Stub Rent and Post-Conversion Section 365 Rent (collectively, the "Chapter 7 Administrative Expense Claim" and together with the Chapter 11 Administrative Expense Claim, the "Administrative Expense Claims").[2]

---

[2] This amount includes the mechanic's lien filed on or about February 20, 2020 by Signal, USA, LLC in the amount
(continued...)

**RELIEF REQUESTED**

15. By this Motion, Landlord respectfully requests that the Court enter an order (i) compelling the Debtors to immediately pay all outstanding Post-Conversion Section 365 Rent in accordance with the terms of a nonresidential real property lease and pursuant to 11 U.S.C. § 365(d)(3), and (ii) allowing the Stub Rent as administrative expense claims pursuant to 11 U.S.C. § 503(b)(1) and directing the Debtors to immediately pay such Stub Rent to Landlord.

**BASIS FOR THE RELIEF REQUESTED**

A. **Landlord Is Entitled To Immediate Payment Of The Post-Conversion Section 365 Rent Pursuant To 11 U.S.C. § 365(d)(3).**

16. Section 365(d)(3) of the Bankruptcy Code provides, in pertinent part, that

> The trustee shall timely perform all the obligations of the debtor, except those specified in section 365(b)(2), arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected, notwithstanding section 503(b)(1) of this title.

11 U.S.C. §365(d)(3). *See also In re Montgomery Ward Holding Corp.*, 268 F.3d 204 (3d Cir. 2001); *In re Pac-West TeleComm, Inc.*, 377 B.R. 119, 123 (Bankr. D. Del. 2007). The Trustee (as well as the Debtors have) has failed to satisfy those Lease charges related to Rent which have accrued and become due and owing following the Conversion Date, as more fully set forth above and in the attached **Exhibit A**.

---

(...continued)
of $946,050.01, and the mechanic's liens filed on or about April 17, 2020 by Carroll Seating Company, Inc. in the amounts of 44,150.75 and $49,055.00, respectively (the "Liens"). A true and correct copy of the Liens are attached hereto as **Exhibit "B"**. Pursuant to 11 U.S.C. § 365(d)(3) and the terms of the Lease, the Liens in the aggregate amount of $1,039,255.76 give rise to an indemnification obligation and related obligation to discharge the Liens under the Lease within 60-days of the filing of such Liens that arose post-petition and prior to rejection of the Lease; therefore, the Trustee is obligated under Section 365(d)(3) to indemnify Landlord and take steps to promptly discharge or bond off the Liens. This obligation fits squarely with the holding of *Montgomery Ward Holding Corp.*, 268 F.3d 205, 211 (3d Cir. 2001) and is consistent with Judge Shannon's rent ruling in *WM Inland Adjacent LLC v. Mervyn's LLC (In re Mervyn's Holdings, LLC)*, Nos. 08-11586 (KG), 09-50920 (KG), 2013 Bankr. LEXIS 67, at *3 (Bankr. D. Del. Jan. 8, 2013). A true and correct copy of the *Mervyn's* decision is attached hereto as **Exhibit "C"**.

17. Compliance with 11 U.S.C. § 365(d)(3) is mandatory, thereby requiring the Trustee's timely perform all obligations under the Lease during the postpetition period, pre-rejection period. *In re New Almacs, Inc.*, 196 B.R. 244, 248 (Bankr. N.D.N.Y. 1996); *Towers v. Chickering & Gregory (In re Pac.-Atl. Trading Co.)*, 27 F.3d 401 (9th Cir. 1994). While the Trustee's time for performance and payment of the Post-Conversion Section 365 Rent was initially extended by the Court, that time has since expired and, the Post-Conversion Section 365 Rent is now due and must be paid.

18. The primary goal of 11 U.S.C. § 365(d)(3) is to prevent a landlord from becoming an involuntary creditor of the Debtor's bankruptcy estate. *See In re Handy Andy Home Imp. Centers, Inc.*, 196 B.R. 87, 95 (Bankr. N.D. Ill. 1996). As a result, Landlord should not be required to provide the Premises and post-petition services absent current payment for such services as required by § 365(d)(3). *See In re Trak Auto Corp.,* 277 B.R. 655, 662 (Bankr. E.D. Va. 2002). The majority of courts that have considered the operation of § 365(d)(3) have arrived at the same conclusion: Costs and expenses incurred for post-petition, pre-rejection performance under an unexpired nonresidential real estate lease must be allowed as an administrative expense regardless of § 503(b)(1)(A) limitations. *In re Liberty Outdoors, Inc.*, 205 B.R. 414, 417 (Bankr. E.D. Mo. 1997) (lessor entitled to recover unpaid expenses pursuant to section 365(d)(3) of the Bankruptcy Code regardless of whether such "expenses benefited or preserved the estate"); *In re Worths Stores Corp.*, 135 B.R. 112, 115 (Bankr. E.D. Mo. 1991) (same); *In re Matter of South Lincoln Med. Group*, P.C., 2008 WL 506086, at *2 (Bankr. D. Neb. Feb. 21, 2008) (citing *In re Brewer*, 233 B.R. 825, 829 (Bankr. E.D. Ark. 1999).

19. The plain language of Section 365(d)(3) and the relevant case law requires the Trustee's immediate payment of all Post-Conversion Section 365 Rent that came due and

was payable under the Lease after the Conversion Date and prior to any rejection of the Lease as an administrative expense of these estates.

      **B.    Landlord Is Entitled To An Allowed Administrative Expense Claim For The Stub Rent and Chapter 11 Section 365 Rent Under 11 U.S.C. § 503(b)(1).**

      20.    In addition to the failure to pay the Post-Conversion Section 365 Rent, both the Debtors and the Trustee have failed to satisfy those Lease charges attributable to their post-petition use and occupancy of the Premises during the applicable Stub Rent period following the Petition Date through March 31, 2020, and, once the case was converted to a Chapter 7 case, through the end of April, 2020, as well as the Chapter 11 Section 365 Rent. The total Chapter 11 Stub Rent and Chapter 11 Section 365 Rent is $63,369.99, and the total Chapter 7 Stub Rent is $52,038.94, which together constitute allowable administrative expense claims pursuant to 11 U.S.C. § 503(b).

      21.    11 U.S.C. § 503(b) provides, in relevant part:

> After notice and a hearing, there shall be allowed administrative expenses . . . including --
>
> (1)(A)  the actual, necessary costs and expenses of preserving the estate . . . .

11 U.S.C. § 503(b)(1)(A). *See also In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 609 (Bankr. D. Del. 2008).

      22.    Accordingly, 11 U.S.C. § 503(b)(1)(A) provides for the allowance of administrative expenses, including in particular, actual, necessary costs and expenses of preserving the bankruptcy estate. *See* 11 U.S.C. § 503(b)(1). "When third parties are induced to supply goods or services to the debtor-in-possession…the purposes of [§ 503] plainly require that their claims be afforded priority." *In re Jartran, Inc.*, 732 F.2d 584, 586 (7th Cir. 1984); *In re Goody's Family Clothing, Inc.*, 392 B.R. 604, 609 (Bankr. D. Del. 2008).

23. A landlord's administrative claim under Section 503(b)(1) is equal to the lease contract rate. *See In Re: ZB Company, Inc.*, 302 B.R. 316, 319 (Bankr. D. Del. 2003) (contract rate is presumed to be the fair rental value."). Section 507(a) of the Bankruptcy Code further provides that administrative expense claims that are allowed under section 503(b) of the Bankruptcy Code have first priority. *See* 11 U.S.C. §507(a)(2). The Debtors and subsequently the Trustee benefited from continued post-petition use and occupancy of the Premises, including being able to store inventory for future sale for the direct benefit of themselves and their lenders, and, therefore, the Stub Rent and Chapter 11 Section 365 Rent was actual and necessary to the ability to liquidate and monetize estate's assets and the lender's collateral, providing a direct and substantial benefit to the Debtors' bankruptcy estates and their lenders.

24. "The amount of the claim is the fair market value of the premises, and that value is presumed to be the rent due under the lease unless evidence is presented to the contrary." *Goody's*, 392 B.R. at 607. *See also In re Garden Ridge Corp.*, 321 B.R. 669, 676-77 (Bankr. D. Del. 2005); *In re DVI, Inc.*, 308 B.R. 703, 708 (Bankr. D. Del. 2004); *In re ZB Co., Inc.*, 302 B.R. 316, 319 (Bankr. D. Del. 2002); *In re HQ Global Holdings, Inc.*, 282 B.R. 169, 173 (Bankr. D. Del. 2002).

25. On the basis of the foregoing, in addition to the allowance of its Post-Conversion Section 365 Rent under Section 365(d)(3) of the Bankruptcy Code, Landlord respectfully requests that the Court enter an order allowing its Chapter 11 Administrative Expense Claim in an amount not less than $63,369.99, and its Chapter 7 Stub Claim in an amount not less than $52,038.94 (together the "Section 503 Administrative Expense Claims").

### B. Landlord Is Entitled To Immediate Payment Of Its Administrative Expense Claims

26. Landlord also respectfully requests that its Administrative Expense Claims be paid immediately. It is well-settled that the decision whether to order immediate payment of Section 503(b)(1) administrative claims is within the sound discretion of the Court. *See, e.g., In re HQ Global Holdings*, 282 B.R. at 173 (internal citations omitted). As Judge Walrath explained in determining the timing of the payment of an administrative expense claim in *Global Holdings*, "one of the chief factors courts consider is bankruptcy's goal of an orderly and equal distribution among creditors and the need to prevent a race to the debtor's assets." *Id.*; *see also In re Garden Ridge Corp.*, 321 B.R. at 677 ("In determining the time of [an administrative expense] payment, courts consider prejudice to the debtor, hardship to the claimant, and potential detriment to other creditors.").

27. Here, the delay in the payment of the Administrative Expense Claims, which constitute the Stub Rent for the periods in which the Debtors and the Trustee were conducting a liquidation of the Debtors' assets, through store closing sales or otherwise, as well the Chapter 11 Section 365 Rent, will substantially prejudice the Landlord. Unlike those cases where this Court has deferred payment of administrative claims because the risk of administrative insolvency was minimal due to the Debtor's intention to reorganize and attendant assurance of payment of administrative claims, *see, e.g., Goody's,* 392 B.R. at 616-17; *Global Holdings*, 282 B.R. 175; in the instant case, there will be no plan of reorganization and is a chapter 7 liquidation, being conducted directly for the benefit of the secured creditors. Thus, the probability that Stub Rent or the Chapter 11 Section 365 Rent will be paid otherwise is zero and will only be eroded with the passage of time. The liquidation of assets for the benefit of a few, while the estate dodges the bill, is exactly the type of inequitable circumstance the administrative

priority scheme was designed to prevent, and the best way to avoid such a result is to order the immediate payment of the Stub Rent and Chapter 11 Section 365 Rent owed to the Landlord.

28. Landlord files this Request without prejudice to each and all of its remaining claims against the Debtors, including but not limited to any unsecured claim for prepetition rent owed under the Lease any and damages arising from the rejection of the Lease in these cases.

### C. Landlord Is Entitled To Attorneys' Fees And Costs For Filing The Motion.

29. The Lease contains provisions regarding the Debtors' liability for attorney fees and costs in the event of a lease default by the Debtor or if Landlord is required to take legal action to protect their interests. As part of the contracted obligations contained in the Lease, 11 U.S.C. § 365 entitles Landlords to payment of these expenses during the estate's use of the Premises under the Lease. This is especially true where Landlord must incur additional expenses to compel the payment of post-petition lease obligations.

30. Similarly, attorney fees and costs are a component of lease obligations that a debtor must pay under § 365 pending their decision to assume or reject. There is no logical distinction for purposes of § 365 between attorney fees incurred in connection with pre-petition defaults and fees incurred with post-petition defaults. The fact that a lessor uses bankruptcy procedures to enforce a lease should not preclude recovery of attorney fees and costs for such enforcement activity, particularly where the Bankruptcy Court is the exclusive forum where the lessor can obtain any relief, being foreclosed from state court relief by the automatic stay. *In re Entertainment, Inc.*, 223 B.R. 141, 154 (Bankr. N.D. Ill. 1998). Notably, a debtor has been held to pay a landlord's fees and costs as required by the lease, even though the lease had not yet been assumed or rejected. *Urban Retail Properties v. Loews Cineplex Entertainment Corporation, et*

*al.*, Case No. 01 Civ. 8946 (RWS), slip op. at 20 (S.D.N.Y. Apr. 8, 2002) (where lease "provides for recovery of attorneys' fees and interest, their receipt deserves the same priority under Section 365(d)(3) as any of the Debtors' other obligations that arise post-petition. . . ."). The Lease provides for recovery of all costs, including attorneys' fees, incurred in the enforcement of the Lease.  *See* Lease, ¶¶ 11, 17.  *See Travelers Cas. & Sur. Co. of Am. v. Pacific Gas and Elec. Co.*, 127 S. Ct. 1199, 1203 (2007) (holding that a party is entitled to be reimbursed for its attorneys' fees when there exists an "enforceable contract allocating attorneys' fees").

31. Landlord's fees and costs in this case have all arisen from such efforts to protect its rights under the Lease and to secure the payments of post-petition lease charges as required thereunder and under § 365(d)(3).  Landlord preserves the right to seek payment of the amounts incurred as a result of the necessity to file this Motion, any reply, and to appear at the hearing on the Motion.

## NO PRIOR REQUEST

32. Landlord submits that no prior motion for the relief requested herein has been made to this or any other Court.

## NOTICE

33. Notice of this Motion will be provided to: (a) counsel to the Chapter 7 Trustee; (b) the Office of the United States Trustee for the District of Delaware; (c) counsel to Wells Fargo Bank, NA as Administrative Agent and Collateral Agent for itself and the other ABL Lenders, and (d) electronically via CM/ECF on all parties that have filed a request for service of notices in this case.  In light of the relief requested, Landlords submit that no other or further notice is required.

34. WHEREFORE, Landlords respectfully request that the Court enter an order that (1) allowing and compelling the immediate payment of the Post-Conversion Section 365 Rent in the amount of $1,217,669.39, plus late charges, interest and reasonable attorneys' fees as administrative chapter 7 priority claims under Section 365(d)(3) of the Bankruptcy Code, (ii) allowing and compelling the immediate payment of Landlord's Chapter 11 Administrative Expense Claim in the amount of $63,369.99 and its Chapter 7 Stub Rent Claim in the amount of $52,038.94, plus late charges, interest and reasonable attorneys' fees; and (iii) granting such other and further relief as the Court deems just and proper under the circumstances.

Dated: July 10, 2020
Wilmington, Delaware

Respectfully submitted,

*/s/ Leslie C. Heilman*
Leslie C. Heilman (DE No. 4716)
Laurel D. Roglen (DE No. 5759)
**BALLARD SPAHR LLP**
919 N. Market Street, 11th Floor
Wilmington, Delaware 19801
Telephone: (302) 252-4465
Facsimile: (302) 252-4466
E-mail: heilmanl@ballardspahr.com
　　　　roglenl@ballardspahr.com

*Counsel for Brixmor Heritage Square LLC*