**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.,*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered<br><br>**Re: Docket No. 719** |

**ORDER AUTHORIZING ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE (A) TO REJECT CERTAIN UNEXPIRED NON-RESIDENTIAL REAL PROPERTY LEASES PURSUANT TO 11 U.S.C. § 365, EFFECTIVE *NUNC PRO TUNC* TO THE REJECTION DATE, (B) ABANDON ANY REMAINING PERSONAL PROPERTY LOCATED AT THE LEASED PREMISES, AND
(C) FIXING A BAR DATE FOR CLAIMS OF LANDLORDS**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") of the above-captioned debtors and debtors-in-possession (the "Debtors") for entry of an order, pursuant to section 365 of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Trustee to reject those unexpired leases set forth in Exhibit A hereto (the "Rejected Leases"), to abandon any remaining Merchandise, FF&E and other assets located at the Leased Premises, and fixing a bar date for filing of claims of the Landlords to the Rejected Leases; and it appearing that this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334; and it appearing that this proceeding is a core proceeding pursuant to 28 U.S.C. §§ 1408 and 1409; and adequate notice of the Motion having been given; and it appearing that no other notice need be given; and after due deliberation and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

[2] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the Motion.

sufficient cause appearing therefore, IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED.

2. The Rejected Leases listed on <u>Exhibit A</u> attached hereto are deemed rejected effective as of the Rejection Date.

3. The Trustee is authorized to abandon any FF&E, Merchandise or other assets remaining at each Leased Premises pursuant to 11 U.S.C. § 554(a) without Consignee or the applicable Landlord incurring liability to any person or entity, and upon such abandonment at the time of the rejection of the applicable lease for the Lease Premises, except for the Merchandise and FF&E located at a Consenting Store, the Landlord shall be permitted to use or dispose of such abandoned FF&E, Merchandise or other assets remaining at such Leased Premises without notice or liability to the Debtors, the Trustee or any third person or entity.

4. Within three (3) business days after entry of this Order, the Trustee will serve this Order on the Landlord to each Rejected Lease.

5. The Landlord for each Rejected Lease must file a claim under section 502 of the Bankruptcy Code or other claims in connection with such Rejected Lease or the rejection, breach or termination of such Rejected Lease within thirty (30) days after entry of this Order, failing which such claim or claims by the Landlord shall be forever barred.

6. The Trustee reserves all rights to contest any such claim and to contest the characterization of each Rejected Lease, as executory or not.

7. The Trustee does not waive any claims that the Debtors may have against the Landlord to any Rejected Lease, whether or not such claims are related to such Rejected Lease.

8. Notwithstanding the possible applicability of Rules 6004(g), 7062, or

9014 of the Federal Rules of Bankruptcy Procedure, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9. The Trustee is authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court shall retain jurisdiction with respect to all matters arising from or relating to the interpretation, implementation, or enforcement of this Order.

**Dated: July 24th, 2020**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**