IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> ART VAN FURNITURE, LLC, *et al.*, <br><br> Debtors. | Chapter 7 <br><br> Case No. 20-10553 (CSS) <br> Jointly Administered <br><br> **Hearing Date: 8/13/20 at 11:00 a.m. (EST)** <br> **Objection Deadline: 8/6/20 by 4:00 p.m. (EST)** |

**MOTION OF 3503 RP GURNEE L.L.C. FOR AN ORDER THAT (A) ALLOWS
ITS ADMINISTRATIVE EXPENSE CLAIMS AND (B) COMPELS THE CHAPTER
7 TRUSTEE TO IMMEDIATELY (I) PAY LANDLORD THOSE CLAIMS,
OR (II) FILE THE SURCHARGE MOTION, OR (III) ASSIGN THE
<u>ABILITY TO FILE THE SURCHARGE MOTION TO LANDLORDS</u>**

3503 RP Gurnee L.L.C. ("Landlord"), by and through its undersigned counsel, hereby moves (the "Motion") this Court for entry of an order that (a) allows Landlord's post-petition administrative expense rent claims that are due and owing under the Lease (as hereinafter defined), and (b) compels the Trustee (as hereinafter defined) to immediately (i) pay Landlord those claims, or (ii) file a Surcharge Motion (the "Surcharge Motion") pursuant to section 506(c) of the Bankruptcy Code to surcharge the collateral of the Lender (as hereinafter defined) so that landlords can get paid the administrative rent that is due to them, or (iii) assign the ability to file the Surcharge Motion to the above-captioned debtors' (the "Debtors") landlords.  In support hereof, Landlord respectfully represents as follows:

## **BACKGROUND**

1. On March 8, 2020 (the "Petition Date"), the Debtors each filed a voluntary petition for relief pursuant to chapter 11 of title 11 of the United States Code ("Bankruptcy Code").

2. On April 6, 2020 (the "Conversion Date"), the Court entered an order that converted the Debtors' chapter 11 cases to cases under chapter 7 of the Bankruptcy Code (D.I.

263), and on April 7, 2020, Alfred T. Giuliano was appointed as interim chapter 7 trustee (the "Trustee") of the Debtors' chapter 7 estates (D.I. 264).

3. Landlord was a party to a lease ("Lease") of nonresidential real property with the Debtors for premises located at Gurnee Town Center, 6911 Grand Avenue, Gurnee, Illinois ("Premises"). The Trustee finally rejected the Lease effective as of June 30, 2020 (the "Rejection Date").

4. Subsequent to the Petition Date, the Debtors never paid Landlord the charges due under the Lease related to the period from the Petition Date until the Conversion Date, which total $60,317.84 (the "Chapter 11 Allowed Administrative Claim"). In addition, the Trustee never paid Landlord the charges due under the Lease from the Conversion Date to the Rejection Date, which total $179,301.58 (the "Chapter 7 Allowed Administrative Claim").[1]

5. Upon information and belief, the Trustee is holding enough cash from the sale of Debtors' assets to pay Debtors' landlords the administrative rent that is due to them, but the Trustee asserts that he cannot do so due to the security interest held by the Debtors' secured lender ("Lender") in the cash that is held by the Trustee, and the Lender's refusal to consent to such payment. Upon information and belief, the majority of the cash that the Trustee currently holds was derived from the Trustee's sale of inventory that was stored post-petition at the landlords' premises, including the Premises, and then was sold out of the landlords' premises, including the Premises, once the Debtors' stores were allowed to re-open under applicable state law.

---

[1] Both the Chapter 11 Allowed Administrative Claim and the Chapter 7 Allowed Administrative Claim are based on the monthly amounts due under the Lease of $64,036.28 per month.

6. Lastly, upon information and belief, the Debtors' store at the Premises was closed pursuant to state law and government mandates on or around March 20, 2020, and the store re-opened at the Premises on or around June 1, 2020.

### RELIEF REQUESTED

7. Landlord respectfully requests that the Court enter an order that (a) allows the Chapter 11 Allowed Administrative Claim and the Chapter 7 Allowed Administrative Claim, and (b) compels the Trustee to immediately (i) pay Landlord the Chapter 11 Allowed Administrative Claim and the Chapter 7 Allowed Administrative Claim, or (ii) file the Surcharge Motion, or (iii) assign the estates' ability to file the Surcharge Motion to the Debtors' landlords.

8. Section 365(d)(3) of the Bankruptcy Code requires a debtor or trustee to "timely perform all the obligations . . . arising from and after the order for relief under any unexpired lease of nonresidential real property, until such lease is assumed or rejected . . . ." 11 U.S.C. § 365(d)(3). Section 365 of the Bankruptcy Code is unequivocal: it says that a debtor or trustee "shall" timely perform these obligations. 11 U.S.C. § 365(d)(3). Courts have continually held that a landlord is entitled to immediate payment of post-petition, pre-rejection rental payments, pursuant to 11 U.S.C. § 365(d)(3). *See, e.g., In re Valley Media, Inc.*, 290 B.R. 73, 77 (Bankr. D. Del. 2003). When obligations arise including, but not limited to, payments that become due, under a non-residential real property lease during the post-petition period, the debtor is required to timely and fully comply with those obligations when they become due. *See In re Pudgie's Dev. of NY, Inc.*, 239 B.R. 688, 693 (S.D.N.Y. 1999) ("The plain meaning of § 365(d)(3) requires that the landlord obtain payment as lease obligations come due.").

9. Although the Trustee did obtain an extension to comply with section 365(d)(3) obligations through June 6, 2020, since June 6, 2020, the Trustee has failed to remit to Landlord

any post-petition amounts due under the Lease once the extension expired, despite Landlord's repeated requests for payment of same. Throughout the extension period, Trustee's counsel repeatedly informed Landlord's counsel that there existed plenty of money in these estates to pay Landlord the administrative rent that was due to it. Based on the foregoing representations, Landlord repeatedly held off pressing its motion to compel rejection and additional relief to which it was entitled, so that the Trustee could continue his efforts to sell Debtors' inventory at the Premises. The Trustee requested additional time so that sales could be maximized, and the most money possible could come into the estates, and be used to pay landlords the post-petition rent that they are owed. At the time, these representations made by the Trustee seemed to be well-founded, since without use of the various store premises, the Trustee would not have been able to store or sell the Debtors' inventory, thereby negating any chance of the estates to receive the cash that the Trustee now holds for the estates.

10. Recently, the Trustee has represented to the Court that he cannot pay the landlords the administrative rent to which they are entitled, despite the Trustee' prior representations, and despite the clear mandate of section 365(d)(3) of the Bankruptcy Code. In addition, Lender has represented to the Court that it does not consent to the Trustee using what it asserts is its cash collateral, in order to pay landlords the costs the estates incurred in liquidating Lender's collateral. A stalemate has resulted, and currently, there is no indication from the Trustee that he will commit to filing the Surcharge Motion by any specific date.

11. Section 105 of the Bankruptcy Code provides that this Court may issue any order that is necessary or appropriate to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105. Section 506(c) of the Bankruptcy Code provides that a trustee may recover from property securing an allowed secured claim, the reasonable and necessary costs and expenses of

preserving or disposing of such property, to the extent of any benefit to the holder of such claim. 11 U.S.C. § 506(c). Unfortunately, creditors such as landlords, do not appear to have automatic standing under the Bankruptcy Code to file a motion under section 506(c) of the Bankruptcy Code, and the Trustee alone has standing to bring the Surcharge Motion.

12. The Trustee and the Lender cannot force landlords to wait forever to receive payment of the administrative rent that is due under their leases, as they currently seem intent on doing. It is uncontroverted that the cash that the Trustee is currently holding would not exist if the stores were not used by the estates to store and then sell the Debtors' inventory located at those stores. The administrative rent due to landlords is clearly a reasonable and necessary cost that was incurred by the estates so that the inventory could be stored and sold, and the cash could be received by the estates.

13. As stated previously, Landlord is entitled to immediate payment of the Chapter 11 Allowed Administrative Claim and the Chapter 7 Allowed Administrative Claim. If the Trustee will not immediately pay Landlord the full amounts of those claims, the Trustee should be compelled to immediately file the Surcharge Motion so that a process can be set up so that landlords can be paid the portion of the cash to which they are entitled. If the Trustee will not immediately file the Surcharge Motion, then equity mandates that the Trustee should be compelled to assign standing to the landlords so that they can file the Surcharge Motion. Given the clear and unequivocal mandates contained in the Bankruptcy Code, it is completely unfair to force landlords to wait indefinitely for payments to which they are clearly entitled, and such a result should be avoided at all costs.

WHEREFORE, Landlord respectfully requests that this Court enter an order in the form attached hereto that (a) allows the Chapter 11 Allowed Administrative Claim and the Chapter 7

Allowed Administrative Claim, (b) compels the Trustee to immediately (i) pay Landlord the Chapter 11 Allowed Administrative Claim and the Chapter 7 Allowed Administrative Claim, or (ii) file the Surcharge Motion, or (iii) assign the estates' ability to file the Surcharge Motion to the Debtors' landlords, and (c) grants such other further relief as this Court deems just and proper.

Dated: July 29, 2020

CONNOLLY GALLAGHER LLP

*/s/ Kelly M. Conlan*
Karen C. Bifferato (#3279)
Kelly M. Conlan (#4786)
1201 N. Market Street, 20th Floor
Wilmington, DE  19801
Telephone: (302) 888-6221
Facsimile:  (302) 757-7280
Email: kbifferato@connollygallagher.com
Email:  kconlan@connollygallagher.com

*Attorneys for 3503 RP Gurnee L.L.C.*