**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | | |
|---|---|---|
| In re: | ) ) | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al*.[1] | ) ) | Case No. 20-10553 (CSS) |
| Debtor. | ) ) ) | (Jointly Administered) |

**MOTION OF GOWE LEASING LIMITED FOR PAYMENT OF**
**ADMINISTRATIVE CLAIM FOR UNPAID RENT**

Now comes Gowe Leasing Limited ("Gowe"), the lessor under that certain Lease (defined below) by and between Gowe and Debtor Sam Levin ("Debtor SL"), by and through its undersigned counsel, and requests entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), allowing and directing payment of Gowe's administrative expense claim pursuant to 11 U.S.C. §§ 365(d)(3) and 503(b)(1)(A) for unpaid rent and related charges totaling Thirty Thousand One Hundred Eighty-Seven and 50/100 Dollars ($30,187.50) due and owing under the Lease. In support thereof, Gowe states as follows:

**JURISDICTION AND VENUE**

1. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B), and jurisdiction is proper before this Court pursuant to 28 U.S.C. § 1334.

2. Venue is proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

{01593502;v1 }

**BACKGROUND**

    **A.  The Bankruptcy Cases**

3.  On March 8, 2020 (the "Petition Date"), Art Van Furniture, LLC and certain of its affiliates, including Debtor SL (collectively, the "Debtors") filed voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Code").

4.  On April 3, 2020, the Debtors moved this Court to convert the Chapter 11 cases to cases under Chapter 7 [Dkt. No. 247], with this Court entering its Order on April 6, 2020, granting same and converting the cases to Chapter 7 effective April 7, 2020 (the "Conversion Date") [Dkt. No. 263].

5.  On the Conversion Date, Alfred T. Giuliano was appointed the Chapter 7 Trustee (the "Trustee") [Dkt. No. 264].

    **B.  The Lease**

6.  On July 11, 2016, Gowe and Debtor SL entered into that certain nonresidential real property lease for space located at 3823 Pearl Road, Medina, Ohio (Unit A), encompassing approximately 4,500 square feet (the "Lease").  A copy of the Lease is attached hereto as **Exhibit B**.

7.  The term of the Lease was sixty (60) months, commencing October 1, 2016.

8.  Pursuant to the terms of the Lease, Debtor SL was obligated to remit rent to Gowe in the amount of Five Thousand Six Hundred Twenty-Five and 00/100 Dollars ($5,625.00) per month, in advance, on the first day of each calendar month, commencing October 1, 2016. Furthermore, Debtor SL is obligated to remit additional rent to cover its pro-rata share of common area maintenance ("CAM"), with such pro-rate share not to exceed 13.42%.  The rent and additional rent are hereinafter referred to, collectively, as the "Rent."

9. Although, postpetition, the premises contemplated by the Lease were utilized and occupied by Debtor SL and, subsequent to the Conversion Date, the Trustee, Gowe did not receive Rent for the months of March[2], April, May and June, 2020.[3]

## NATURE OF ADMINISTRATIVE CLAIM

10. Debtor SL occupied the premises contemplated under the Lease from the Petition Date through the Conversion Date. As such, Debtor SL, pursuant to § 365(d)(3) of the Code, was obligated to perform when due all of its postpetition obligations under the Lease until same was rejected. Between the Petition Date and the Conversion Date, Debtor SL failed to discharge as and when due all of its postpetition obligations under the Lease and, in particular, failed to pay the postpetition Rent for the stub periods from March 8 through March 31, 2020 and April 1 through April 6, 2020, in the amount of Six Thousand One Hundred Forty-Seven and 00/100 Dollars ($6,147.00) (the "Chapter 11 Rent").

11. Subsequent to the Conversion Date, the Trustee occupied the premises contemplated under the Lease from the Conversion Date through and including the Rejection Date. As such, the Trustee, pursuant to § 365(d)(3) of the Code, was obligated to perform when due all of its postpetition obligations under the Lease until same was rejected. The Trustee failed to pay the postpetition Rent for the stub period between April 7 through April 30, 2020. Additionally, the Trustee failed to pay the postpetition Rent for the month of May, 2020. Lastly, the Trustee failed to pay the postpetition Rent for the stub period between June 1 through June 26, 2020. In

---

[2] For the month of March, 2020, Gowe is requesting administrative claim priority for Debtor SL's use and occupancy of the premises contemplated by the Lease from the Petition Date through March 31, 2020.

[3] Subsequent to the Petition Date, the Debtors rejected the Lease effective as of July 26, 2020 (the "Rejection Date") pursuant to an Order of the Bankruptcy Court entered on May 27, 2020 [Dkt. No. 573] and a subsequent Notice of Rejection filed by the Debtors on June 25, 2020 [Dkt. No. 696].

the aggregate, the Trustee failed to pay postpetition Rent of Sixteen Thousand Four Hundred Eighty-Eight and 97/100 Dollars ($16,488.97) (the "Chapter 7 Rent").

12. Gowe's itemization of the Chapter 11 Rent and Chapter 7 Rent, collectively the "Administrative Expense Claim" is attached hereto as **Exhibit C**.

## LEGAL AUTHORITY

13. Section 365(d)(3) of the Code imposes on a debtor in possession the obligation to perform when due all of its obligations under a lease of nonresidential real property until the lease is rejected. 11 U.S.C. § 365(d)(3); *see also, e.g.*, *In re Montgomery Ward Holding Corp.*, 268 F.3d 205, 209 (3d Cir. 2001).

14. In addition, when a debtor in possession fails to perform its obligations under Section 365(d)(3), a landlord is entitled under Section 503(b)(1)(A) of the Code to recover as an administrative expense the actual, necessary costs and expenses of preserving the estate, including all payments due under a lease during the time the debtor occupies and uses the leased premises. *See, e.g.*, *Zagata Fabricators v. Superior Air Products*, 893 F.2d 624, 627 (3d Cir. 1990); *see also* 4 COLLIER ON BANKRUPTCY ¶ 503.06 (15th ed.).

15. Here, Debtor SL failed to pay the Chapter 11 Rent; specifically, postpetition Rent for the stub periods from March 8 through March 31, 2020 and April 1 through April 6, 2020. Furthermore, the Trustee failed to pay the Chapter 7 Rent; specifically, postpetition Rent for the stub period between April 7 through April 30, 2020, the postpetition Rent for the month of May, 2020, and the postpetition Rent for the stub period between June 1 through June 26, 2020.

WHEREFORE, Gowe requests that the Court enter the Proposed Order granting Gowe an allowed administrative expense claim in the amount of Twenty-Two Thousand Six Hundred Thirty-Five and 97/100 Dollars ($22,635.97), directing that the Administrative Expense Claim be

paid by the Trustee within ten (10) days of the entry of the Court's order granting this Motion, and granting such other relief that the Court deems proper and just.

Dated: August 5, 2020

        **ASHBY & GEDDES, P.A.**

        */s/ Katharina Earle*_____
        Ricardo Palacio (DE No. 3765)
        Katharina Earle (DE No. 6348)
        500 Delaware Avenue, 8th Floor
        Wilmington, Delaware 19899
        Telephone: (302) 654-1888
        Email: rpalacio@ashbygeddes.com
        Email: kearle@ashbygeddes.com

        *-and-*

        John A. Polinki
        **WICKENS HERZER PANZA**
        35765 Chester Road
        Avon, OH  44011
        Telephone: (440) 695-8041
        Email:  jpolinko@wiskenslaw.com

        *Attorneys for Gowe Leasing Limited*