# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 911** |

## ORDER APPROVING STIPULATION RESOLVING REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

Upon consideration of the stipulation by and among the Alfred T. Giuliano, Chapter 7 Trustee (the "Trustee") of the debtors in the above-captioned chapter 7 cases (collectively, the "Debtors") and Rothman-O'Fallon, LLC (together "Rothman" or "Claimant", collectively with the Trustee, the "Parties"), regarding the resolution of the Parties' dispute over Rothman's asserted administrative expenses, a copy of which stipulation is attached hereto as **Exhibit 1** (the "Stipulation"); and it appearing that the Court has jurisdiction regarding this matter pursuant to 28 U.S.C. §§ 1334 & 157 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and it appearing that this matter is core pursuant to 28 U.S.C. § 157(b)(2) and that the Court may enter a final order consistent with Article III of the United States Constitution; and it appearing that venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and it appearing that due and adequate notice of the

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

Stipulation and the relief provided for herein has been given under the circumstances, and that no other or further notice need be given; and after due deliberation and good and sufficient cause appearing therefor; it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Stipulation is APPROVED as set forth therein.

2. The Trustee is authorized and empowered to take all actions necessary or appropriate to implement the relief granted in this Order and to effectuate the Stipulation.

3. Notwithstanding anything to the contrary in the Federal Rules of Bankruptcy Procedure, this Order shall be effective immediately and enforceable upon its entry, and shall not be subject to any stay in its implementation.

4. The Court shall retain jurisdiction and power with respect to all matters arising from or related to the implementation of this Order and the Stipulation.

Dated: 9/8/2020

# **EXHIBIT 1**

Stipulation

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | ) Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (CSS) |
| Debtors. | ) (Jointly Administered) |

## STIPULATION RESOLVING REQUEST FOR ALLOWANCE AND PAYMENT OF ADMINISTRATIVE EXPENSE CLAIMS

This Stipulation (the "Stipulation") is entered into by and among Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors and debtors in possession (the "Debtors"), and Rothman-O'Fallon, LLC ("Claimant," and together with the Trustee, the "Parties"), by and through their respective undersigned counsel, based on the following facts:

### RECITALS

A. On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

B. On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263], effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

C. The Trustee continued to operate the Debtors' businesses.

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The

D.  The Debtors and the Claimant are parties to a lease of non-residential real property located at 1776 W. Highway 50, O'Fallon, Illinois (the "Lease").

E.  The Lease was rejected effective as of June 30, 2020.

F.  On July 28, 2020, Claimant filed a proof of claim (Claim No. 2882, the "Proof of Claim") with the Bankruptcy Court, asserting, among other things, a general unsecured claim in the amount of $423,970.56.

G.  On August 13, 2020, Claimant filed its *Motion for Allowance and Payment of Administrative Expense Pursuant to Section 503(b)(1)(A) of the Bankruptcy Code* [Docket No. 911] (the "Administrative Claim Motion") with the Bankruptcy Court, seeking, among other things, the allowance and payment of: (a) a chapter 11 administrative expense claim in the amount of $33,636.51 (the "Chapter 11 Claim") and (b) chapter 7 administrative expense claim in the amount of $97,429.89 (the "Chapter 7 Claim").

H.  On August 13, 2020, the Bankruptcy Court entered its *Final Order (I) Authorizing the Trustee to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, and (IV) Granting Related Relief* (the "Final Cash Collateral Order"). Pursuant to the Final Cash Collateral Order, the Trustee is authorized to enter into this Stipulation and make the payments to the Claimant contemplated herein, subject to the Budget (as defined in the Final Cash Collateral Order) and approval of the Bankruptcy Court.

I.  The Parties have engaged in settlement discussions and negotiations, and now seek to settle, compromise, and resolve their disputes relating to the Chapter 11 Claim, the Chapter 7 Claim, and the Administrative Claim Motion.

---

location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

## STIPULATION

NOW, THEREFORE, the Parties, intending to be legally bound upon the joint execution and Bankruptcy Court approval of this Stipulation, agree as follows:

1. <u>Effective Date</u>. The "<u>Effective Date</u>" of the Stipulation shall be the date the Bankruptcy Court enters an order approving this Stipulation.

2. <u>Allowance of Chapter 11 Claim</u>. Upon the Effective Date, the Chapter 11 Claim shall be compromised and allowed in the amount of $23,086.36 (the "<u>Allowed Chapter 11 Claim</u>").

3. <u>Allowance of Chapter 7 Claim</u>. Upon the Effective Date, the Chapter 7 Claim shall be compromised and allowed in the amount of $66,870.85 (the "<u>Allowed Chapter 7 Claim</u>" and, together with the Allowed Chapter 11 Claim, the "<u>Allowed Administrative Claims</u>").

4. <u>Payment of Allowed Administrative Claims</u>. The Allowed Chapter 11 Claim and Allowed Chapter 7 Claim shall be via wire transfer pursuant to wire instructions provided by the Claimant or in any other instance, by check, as follows: (i) fifty percent (50%) of the Allowed Chapter 11 Claim and fifty percent (50%) of the Allowed Chapter 7 Claim shall be paid on or before September 30, 2020; and (ii) the remaining fifty percent (50%) of the Allowed Chapter 11 Claim and the remaining fifty percent (50%) of the Allowed Chapter 7 Claim shall be paid on or before October 31, 2020. The date that the Allowed Chapter 11 Claim and Allowed Chapter 7 Claim are both paid in full shall be referred to herein as the "<u>Final Payment Date</u>."

5. <u>Security Deposit</u>. Upon the Final Payment Date, the automatic stay shall be lifted pursuant to section 362(d) of the Bankruptcy Code solely to allow the Claimant to immediately setoff and apply any security deposit against its claim resulting from rejection of the Lease in full and final satisfaction of any such claims.

6. <u>Withdrawal of Administrative Claim Motion</u>.  Upon the Effective Date, the Administrative Claim Motion shall be deemed withdrawn.

7. <u>Withdrawal of Proof of Claim</u>. Upon the Final Payment Date, the Proof of Claim shall be deemed withdrawn with prejudice.

8. <u>Release of Claims by Claimant</u>. Upon the Final Payment Date, the Claimant irrevocably waives, releases, and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of action, and liabilities against the Trustee, the Debtors, the Debtors' bankruptcy estates, the Debtors' affiliates and subsidiaries, and their respective present and former employees, agents, attorneys, consultants, financial advisors, and insurers (each in their capacity as such) (collectively, the "<u>Debtor Released Parties</u>") that Claimant has, may have, or is entitled to assert, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, in law, equity, or otherwise, against the Debtor Released Parties based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date in connection with the Debtors, the Trustee, and/or the above-captioned chapter 7 cases, including, but not limited to, in connection with the Lease, including common area maintenance, property taxes, insurance, and utilities, or any rejection damages that the Claimant may have pursuant to 11 U.S.C. § 365; <u>provided</u>, <u>however</u>, that nothing herein shall affect the Claimant's right under paragraph 4 of this Stipulation; <u>provided further</u>, that nothing herein shall be deemed to be a release of any claims or obligations of any Party arising under or in connection with this Stipulation.

9. <u>Release of Claims by Trustee</u>. Upon the Final Payment Date, the Trustee, in his capacity as chapter 7 trustee of the Debtors, irrevocably waives, releases, and discharges all claims, obligations, suits, judgments, remedies, damages, demands, debts, rights, causes of

4

action, and liabilities against Claimants that the Debtors or Trustee, individually or collectively, have, may have or are entitled to assert, whether known or unknown, liquidated or unliquidated, fixed or contingent, foreseen or unforeseen, matured or unmatured, in law, equity, or otherwise, against the Claimant based in whole or in part upon any act or omission, transaction, or occurrence taking place on or prior to the Effective Date; provided, however, nothing herein shall be deemed to be a release of any claims or obligations of any Party arising under or in connection with this Stipulation.

10. Notwithstanding the foregoing, or any other provision of this Stipulation, the mutual releases granted by the Parties under paragraphs 8 and 9 of this Stipulation shall be effective only upon approval by the Bankruptcy Court and final payment of the Allowed Administrative Claims.

11. The person who executes this Stipulation by or on behalf of each respective Party represents that he/she has been duly authorized and empowered to execute and deliver this Stipulation on behalf of such Party.

12. In executing the Stipulation, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Stipulation, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Stipulation, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Stipulation.

5

13. The Claimant represents and warrants that it has not assigned any claims giving rise to the Allowed Administrative Claims.

14. Each of the Parties shall each bear their own costs and expenses with respect to this Stipulation.

15. This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations, and understandings with respect to the subject matter hereof are canceled and superseded by the Stipulation.

16. This Stipulation may not be varied in its terms by an oral agreement or representation and may be varied in its terms only by an instrument in writing of subsequent date hereof executed by all of the Parties.

17. This Stipulation shall be governed by the internal laws of the State of Delaware and shall be construed and interpreted in accordance with its laws, notwithstanding its conflict of laws, principles or any other rule, regulation or principle that would result in the application of any other state's law.

18. Should any provision of this Stipulation be held by any court of competent jurisdiction to be illegal, invalid, or unenforceable for any reason, then the remaining portions of this Stipulation will nonetheless remain in full force and effect, unless such portion of the Stipulation is so material that its deletion would violate the obvious purpose and intent of the Parties.

19. The Parties agree that no breach of any provision of this Stipulation can be waived except in writing. The waiver of a breach of any provision of this Stipulation shall not be deemed a waiver of any other breach of any provision hereof.

20. This Stipulation may be executed in multiple counterparts, any of which may be transmitted by electronic mail, and each of which shall be deemed an original, but all of which together shall constitute one and the same Stipulation.

Dated: September 4, 2020          PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Colin R. Robinson*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:   bsandler@pszjlaw.com
         crobinson@pszjlaw.com
         pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano,*
*Chapter 7 Trustee*


GREENSFELDER, HEMKER & GALE, P.C.


By: */s/ Randall F. Scherck*
    Randall F. Scherck (admitted *pro hac vice*)
    rscherck@greensfelder.com
    10 South Broadway, Suite 2000
    St. Louis, Missouri 63102
    (314) 241-9090
    Facsimile: (314) 345-5488

*Attorney for Claimant O'Fallon-Missouri Properties, LLC*