## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) | Case No. 20-10553 (CSS) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | **Hearing Date:  October 16, 2020 at 1:00 p.m. (ET)** |
| | ) | **Objection Deadline:  October 1, 2020 at 4:00 p.m. (ET)** |

## MOTION TO MODIFY AUTOMATIC STAY TO
## ASSERT AND ENFORCE STORAGE LIEN

Pirrello Digital Imaging, Inc. (hereinafter "PDI"), by and through its counsel, hereby submits its Motion for an order pursuant to 11 U.S.C. §362(d)(1) to Modify the Automatic Stay to Assert and Enforce a Storage Lien, and in support thereof states as follows:

### JURISDICTION AND VENUE

1.     This matter is a core proceeding and this Court has jurisdiction pursuant to 28 U.S.C. § 1334.  Venue is proper pursuant to 28 U.S.C. §§1408 and 1409.

2.     Section 554(b) of Title 11 of the United States Code, 11 U.S.C. §§101, *et seq.* (hereinafter the "Bankruptcy Code"), and Rule 6007 of the Federal Rules of Bankruptcy Procedure govern the relief requested in this Motion.

### BACKGROUND

3.     On March 8, 2020 (hereinafter the "Petition Date"), Art Van Furniture, LLC, and numerous related entities (hereinafter collectively the "Debtors") filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include:  Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress, LLC (4463).  The location of the Debtors' service address in these chapter 11 cases is:  6500 East 14 Mile Road, Warren, Michigan  48092.

4.      On April 6, 2020, this Court entered an order converting these cases to cases under chapter 7 of the Bankruptcy Code, effective April 7, 2020 (hereinafter the "Conversion Date").

5.      For approximately a decade prior to the Petition Date, PDI produced photographs of the furniture and other goods sold by the Debtors for use on the Debtors' websites and in their print catalogues and advertisements.

6.      Typically, the furniture would be shipped directly to PDI to photograph.  The Debtors would provide a shot list and art directions to PDI, and PDI would subsequently use its skills and creativity to produce photographs.

7.      After being photographed, the furniture would either be shipped back to the Debtors if the furniture were not expected to appear in future catalogues or advertisements, such as seasonal items, or stored at PDI's facility if the Debtors had an expectation that the furniture would again need to be photographed.  This Motion concerns furniture that the Debtors, and now the Bankruptcy Trustee (hereinafter the "Trustee"), have stored at PDI's facility during the pendency of this case.  The Debtors and the Trustee have benefited from PDI's continual storage of the furniture and have been spared the cost of moving the furniture and storing the furniture elsewhere.

8.      As a result, PDI has been forced to store a large amount of the furniture belonging to the Debtors and has directly provided a benefit to the bankruptcy estate.

9.      Specifically, PDI is currently storing approximately 1,800 furniture items belonging to the Debtors and occupying 5,500 square feet of PDI's facility, thereby depriving PDI of the ability to devote said storage space to a different use.

10.     PDI charges its clients storage fees on a monthly basis for storing photograph

samples, props, and other property at PDI's facilities and is entitled to be compensated for storing the Debtors' furniture.

11.     For the use of 5,500 square feet, PDI charges $3,474.17 per calendar month.

12.     Unpaid monthly fees for storage of the Debtors' property from the Petition Date through the date of the filing of this Motion in the amount of $23,870.91 are due.  (*See* the invoices attached hereto as Exhibits A, B, C, D, E, F, and G.)

13.     The Debtors have also failed to pay PDI for the outstanding fees pertaining to photography services.  Specifically, the Debtors owe PDI an additional amount of $129,883.80 for the following unpaid invoices:  (1) $64,345.33 for photography fees as of January 14, 2020; and (2) $65,538.47 for spring catalogue photography fees due on February 24, 2020.  (*See* the invoices attached hereto as Exhibits H and I.)

14.     The Debtors did not arrange for the return of the furniture photographed as part of such projects resulting in the storage of more pieces of furniture than PDI's typical client. Consequently, PDI incurred additional charges of $27,800.00 in an effort to prepare the furniture items for return shipping.  (*See* the invoice attached hereto as Exhibit J.)

15.     In total, the Debtors owe PDI an outstanding amount of $181,554.71 for unpaid storage fees, photography fees, and preparation for return shipping fees.  (*See* the summary invoice attached hereto as Exhibit K.)

## RELIEF FROM THE AUTOMATIC STAY

16.     Pursuant to 11 U.S.C. §362(d)(1), the Trustee is obligated to timely perform on all post-petition obligations.  The Trustee's continual use of PDI's facility to store the furniture and failure to remit payments for storage fees and photography fees are contrary to the Trustee's obligations under 11 U.S.C. §362(d)(1).  Accordingly, PDI previously filed a Motion for

Allowance and Payment of Administrative Claim.  (D.I. 659).  The Trustee neither objected nor

remitted any payment to PDI for the accruing storage costs.

17.    The Trustee's continual use of PDI's facility to store the Debtors' property and

failure to remit payments for storage fees and photography fees are causing economic harm to

PDI.  Pursuant to Illinois law, PDI is entitled to assert a storage lien.  More specifically, the

Illinois Labor and Storage Lien Act provides that:

> "[e]very person, firm or corporation who has expended labor, skill
> or materials upon any chattel, or has furnished storage for said
> chattel, at the request of its owner, reputed owner or authorized
> agent of the owner, or lawful possessor thereof, shall have a lien
> upon such chattel beginning on the date of the commencement of
> such expenditure of labor, skill and materials or of such storage for
> the contract price for all such expenditure of labor, skill or
> materials, or for all such storage, or in the absence of such contract
> price, for the reasonable worth of such expenditure of labor, skill
> and materials, or of such storage, for a period of one year from and
> after the completion of such expenditure of labor, skill or
> materials, or of such storage, notwithstanding the fact that the
> possession of such chattel has been surrendered to the owner, or
> lawful possessor thereof."

770 ILCS 45/1.  Additionally, the Illinois courts have held that the statutory lien on chattels for

labor arises when labor is expended on such chattel.  *Minuti v.* Johnson, No. 02 C 4551, 2003

WL 260705 (N.D. Ill. Feb. 5, 2003).  Furthermore, Illinois law recognizes the common law

possessory lien which grants a party the right to possession of chattel until the charges are paid.

*Nat'l Bank of Joliet v. Bergeron Cadillac, Inc*., 38 Ill.App.3d 598, 599 (4th Dist. 1976).  Such

common law possessory lien extends to parties that "impart added value to the property."

*Navistar Fin. Corp. v. Allen's Corner Garage & Towing Serv., Inc.*, 153 Ill.App.3d 574, 576

(2nd Dist. 1987).

18.    In this action, PDI expended labor on Art Van's products by taking photographs

of its products and displaying the photographs on Art Van's website.  PDI's photography and

display of the products added value by arguably enhancing the products' marketability. Additionally, PDI has been forced to store the furniture belonging to the Debtors without any costs to the bankruptcy estate, thereby depriving PDI of the opportunity to devote such storage space to another use, including to paying customers. Consequently, PDI can assert a storage lien on Art Van's products until its fees for storage and photography are paid. Accordingly, PDI filed this Motion to Modify the Automatic Stay to Assert and Enforce a Storage Lien pursuant to Illinois common law concerning possessory liens.

19. Furthermore, 11 U.S.C. §§362(d)(1) and (d)(2) specifically provide as follows:

> "(d) On request of a party in interest and after notice and a hearing, the `court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning the stay-
>   (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
>   (2) with respect to a stay of an act against property under subsection (a) of this section if-
>     (A) the debtor does not have an equity in such property; and
>     (B) such property is not necessary to an effective reorganization…."

20. The Trustee cannot provide PDI with adequate protection of its interests and rights to file and prosecute liens, and thus, pursuant to the aforementioned statute, this Court can modify the automatic stay to allow PDI to exercise such non-bankruptcy rights. PDI continues to suffer a decrease in the value of its interests and rights to file and prosecute liens by being restrained through the automatic stay from exercising such rights. Therefore, PDI can obtain some level of recovery by filing and prosecuting these liens.

21. The Trustee has not offered to remit cash payments to PDI in order to decrease the harm to PDI from being stayed from filing and prosecuting a lien pursuant to 770 ILCS 45/1 so as to satisfy 11 U.S.C. §361(1).

22.      Similarly, the Trustee has not offered to provide to PDI an additional or replacement lien to compensate for the harm to PDI from being stayed from filing and prosecuting a lien pursuant to 770 ILCS 45/1 so as to satisfy 11 U.S.C. §361(2).

23.      Similarly, the Trustee has not offered to provide PDI with the indubitable equivalent of its interests and rights to file and prosecute a lien pursuant to 770 ILCS 45/1 so as to satisfy 11 U.S.C. §361(3).    To that end, while this Court awarded PDI a chapter 11 administrative claim and chapter 7 administrative claim through its Order Granting Pirrello Digital Imaging, Inc.'s Motion for Allowance and Payment of Administrative Claim (Dkt. #892), the Trustee cannot guarantee when payment will be remitted on those claims or whether full payment on those claims is even possible.

## RELIEF REQUESTED

24.      PDI seeks an order granting relief from the automatic stay in order to permit PDI to assert, prosecute, and pursue other actions as allowed pursuant to 11 U.S.C. §362(d)(1) and the Illinois Labor and Storage Lien Act, 770 ILCS 45/1, with respect to the furniture.

## NOTICE

25.      PDI provided notice of this Motion to the United States Trustee and other registrants in this case through the Court's CM/ECF system.    Thus, PDI provided due notice of this Motion to Modify Automatic Stay to Assert and Enforce Storage Lien.

WHEREFORE, Pirrello Digital Imaging, Inc. prays that this Court enter an order granting relief from the automatic stay to permit PDI to assert, prosecute, and pursue other actions allowed pursuant to 11 U.S.C. §362(d)(1) and the Illinois Labor and Storage Lien Act with respect to the furniture, and grant such other further relief as the Court deems equitable and just.

Dated:  September 16, 2020                    ELLIOTT GREENLEAF P.C.

                                              */s/ Eric M. Sutty*
                                              Rafael X. Zahralddin-Aravena (No. 4166)
                                              Eric M. Sutty (No. 4007)
                                              1105 North Market Street, Suite 1700
                                              Wilmington, DE 19801
                                              Telephone:  (302) 384-9400
                                              Email:  rxza@elliottgreenleaf.com
                                              ems@elliottgreenleaf.com

                                              and

                                              Bruce de'Medici, Esq.
                                              de'Medici Law Office
                                              834 Forest Avenue
                                              Oak Park, IL 60302
                                              Telephone:  (312) 731-6778
                                              Email:  bdemedici@bdemlaw.com

                                              and

                                              Thomas G. Gardiner, Esq.
                                              Catherine M. Keenan, Esq.
                                              GARDINER KOCH WEISBERG & WRONA
                                              53 West Jackson Boulevard, Suite 950
                                              Chicago, IL 60604
                                              Telephone:  (312) 362-0000
                                              Email:  tgardiner@gkwwlaw.com
                                              ckeenan@gkwwlaw.com

                                              *Counsel to Pirrello Digital Imaging, Inc.*