**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.,*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered<br><br>**Re: Docket No. 1087** |

**SECOND ORDER (A) FURTHER ENLARGING THE PERIOD WITHIN WHICH THE
TRUSTEE MAY REMOVE ACTIONS AND (B) GRANTING RELATED RELIEF,
THROUGH AND INCLUDING JUNE 1, 2021**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order: (a) further enlarging the removal period for filing notices of removal of Actions by one hundred eighty (180) days, through and including June 1, 2021, without prejudice to the Trustee's right to seek further extensions; and (b) granting related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and the Court having the power to enter a final order consistent with Article III of the United States Constitution; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

is in the best interests of the Debtors' estates, their creditors, and other parties in interest; and this Court having found that notice of and opportunity for a hearing on the Motion were appropriate; and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The time period provided by Bankruptcy Rule 9027 within which the Trustee may file notices of removal of related proceedings under Bankruptcy Rule 9027(a)(2) is enlarged and extended through and including June 1, 2021 (the "Pre-Petition Removal Deadline").

3. The Pre-Petition Removal Deadline applies to all matters specified in Bankruptcy Rule 9027(a)(2)(A), (B), (C).

4. The time period provided by Bankruptcy Rule 9027 within which the Trustee may file notices of removal of related proceedings under Bankruptcy Rule 9027(a)(3) is enlarged and extended to the later of (i) June 1, 2021, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (i.e. the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post-Petition Removal Deadline").

5. The Post-Petition Removal Deadline applies to all matters specified in Bankruptcy Rule 9027(a)(3).

6. This Order shall be without prejudice to (a) any position the Trustee may take regarding whether section 362 of the Bankruptcy Code applies to any litigation pending against the Debtors, including, but not limited to, any of the Actions, or (b) the Trustee's right to seek

further extensions of the time within which to file notices of removal of the Actions, or any other actions and related proceedings, upon motion filed with the Court.

7. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

8. The Trustee is authorized to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

9. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

Dated: December 8th, 2020
Wilmington, Delaware

CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE