IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

In Re:

    ART VAN FURNITURE, LLC,

                  Debtor.

Case No. 20-10553-CSS
Chapter 7
Hearing: February 16, 2021 at 10:00 a.m.
Objections by: February 8, 2021 @ 4:00 p.m.

**MOTION FOR RELIEF FROM AUTOMATIC STAY
PURSUANT TO 11 U.S.C. SECTION 362(d)(1)
AS TO THE 2018 CADILLAC CT6 VIN 1G6KB5RS7JU157249**

ACAR Leasing LTD dba GM Financial Leasing, a creditor in the above-captioned bankruptcy case, by its counsel, SCHNADER HARRISON SEGAL & LEWIS LLP, as and for a Motion for Relief from Automatic Stay pursuant to 11 U.S.C. §362(d)(1), or, in the alternative, for adequate protection, states the following as grounds therefore:

1.    On March 8, 2020, the debtor, above-named, filed a Voluntary Petition in Bankruptcy under Title 11, Chapter 11, U.S.C., in the United States Bankruptcy Court for the District of Delaware. The case subsequently converted to a Chapter 7 proceeding on April 7, 2020.

2.    The Court has jurisdiction to entertain this motion under 28 U.S.C. §157.

3.    ACAR Leasing LTD dba GM Financial Leasing (hereinafter "ACAR") is the record owner of one (1) 2018 Cadillac CT6 VIN 1G6KB5RS7JU157249 (hereinafter "Vehicle"). Pursuant to 11 U.S.C. §362, upon the commencement of the instant bankruptcy case, ACAR is stayed from taking any action against the debtor to obtain possession of and sell the Vehicle.

4.    On November 5, 2018, Les Stanford Chevrolet Cadillac, as lessor, and the Debtor, Art Van Furniture, LLC, as lessee, entered into a Motor Vehicle Lease Agreement pursuant to which the debtor leased the property from the dealer with a single payment of $15,791.28. The Lease was assigned to ACAR. A copy of the Lease is annexed hereto and made a part hereof as Exhibit "A".

5. The lease matured on November 5, 2020. Upon information and belief, the debtor has failed to return the property and has not exercised the Purchase Option.

6. As of November 23, 2020, the balance due to ACAR was $37,278.13

7. ACAR has ascertained that the clean loan value of its security is TWENTY-FOUR THOUSAND EIGHT HUNDRED DOLLARS AND NO CENTS ($24,800.00) and the Clean Retail value is THIRTY THOUSAND SEVEN HUNDRED DOLLARS AND NO CENTS ($30,750.00) based on NADA Used Car Guide's estimated value of the Vehicle in average condition. A copy of the relevant NADA Guide page for the month of November, 2020 is annexed hereto and referred to as Exhibit "B" and made a part hereof. There is no equity in the leased Vehicle.

8. 11 U.S.C. §362(d) provides for circumstances under which the Court may terminate, annul, modify, or condition the automatic stay. Specifically, 11 U.S.C. §362(d)(1) and (2), provide:

> "(d) On request of a party in interest and after a notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –
> (1) for cause, including the lack of adequate protection of an interest in property of such party in interest; or
> (2) with respect to a stay of an act against property under subsection (a) of this section, if –
> (A) the debtor does not have an equity in such property; and
> (B) such property is not necessary to an effective reorganization."

9. Debtor's failure to return the Vehicle is a default under the Lease constituting cause for termination of the stay to allow the creditor to protect its interests in the property, which is depreciating.

10. It is respectfully asserted that ACAR's ownership interest in the Vehicle will not be adequately protected if the automatic stay is allowed to remain in effect.

11. Sufficient cause exists to grant ACAR relief from the automatic stay which includes the following:

      a. The debtor is in default under the terms and conditions of the Lease.

      b. The interest of ACAR with respect to the Vehicle is not adequately protected as envisioned under 11 U.S.C. §361.

12. No prior application for the relief requested herein has been made.

13. Notice of this Motion is being served on the following: (a) Office of the United States Trustee; (b) counsel for the Debtors; (c) counsel for the Official Committee of Unsecured Creditors; and (d) all parties who have requested notice pursuant to Fed. R. Bankr. P. 2002. In light of the nature of the relief requested herein, ACAR respectfully submits that no other or further notice is required, and requests that said notice be deemed sufficient.

WHEREFORE, ACAR Leasing LTD dba GM Financial Leasing respectfully requests that pursuant to 11 U.S.C. §362 the Court issue an Order granting ACAR relief from automatic stay in order to obtain possession and dispose of its Vehicle, and for such other and further relief as to the Court may seem just and proper.

DATED:    January 4, 2021

ACAR Leasing LTD dba GM Financial Leasing
By Its Counsel

__/s/ Kristi J. Doughty_____
Kristi J. Doughty
Schnader Harrison Segal & Lewis LLP
824 N. Market St., Suite 800
Wilmington, DE 19801-4939
(302)482-4038
Email: KDoughty@Schnader.com