IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: ) | Chapter 7 |
| ) | |
| ART VAN FURNITURE, et al.[1], ) | C.A. No.: 20-10553 (CSS) |
| ) | |
| ) | Jointly Administered |
| Debtors. ) | |
| ) | |

## U.S. BANK'S MOTION FOR RELIEF FROM AUTOMATIC STAY

NOW COMES U.S. Bank Equipment Finance, a division of U.S. Bank National Association ("U.S. Bank"), by and through its counsel, and for its Motion for Relief from Automatic Stay pursuant to 11 U.S.C. §362 to allow U.S. Bank to repossess certain equipment from Sam Levin, Inc. (the "Debtors"), and states as follows:

### JURISDICTION AND VENUE

1. On March 8, 2020 (the "Petition Date"), the Debtors filed petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The Debtors' cases are being jointly administered.

2. The Debtors' bankruptcy cases were converted to cases under Chapter 7 pursuant to court order dated April 6, 2020 and effective on April 7, 2020.

3. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§157 and 1334. This is a core proceeding within the meaning of 28 U.S.C. §157(b)(2)(A) and (G).

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AFF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these Chapter 11 cases is 6500 East 14 Mile Road, Warren, Michigan 48092.

4. Venue in this Court is proper pursuant to 28 U.S.C. §§1408 and 1409.

5. The basis for the relief requested herein are §§ 105 and 362 of the Bankruptcy Code.

## BACKGROUND

6. On or about April 6, 2016, U.S. Bank and the Debtor Wolf Furniture Enterprises, Inc. entered into an equipment lease agreement pursuant to which the Debtor leased an auger compactor and related components, for a total of $122,745.00, to be financed by U.S. Bank.

7. The Agreement No. ▇2586 (the "Lease") was later assumed by Wolf Parent, LLC on or about November 22, 2017, and by Debtor Sam Levin, Inc. on or about April 10, 2019. True and correct copies of the lease and related assumption agreements are attached hereto as Exhibit "A".

8. As set forth in the Lease, in the event of default, U.S. Bank, as one of its remedies may require a return of the Equipment. The Lease is a true lease.

9. The Debtors' amount financed through to U.S. Bank under the Leases and related agreements was $ 122,745.00.

10. No payments have been made by the Debtors post-petition while Debtors in possession.

11. No payments have been made under the Lease by Alfred T. Guiliano, the duly appointed Chapter 7 Trustee, after the cases were converted to Chapter 7 cases.

## ARGUMENT

### A. Relief from Stay

12. Section 362(d) of the Bankruptcy Code provides that:

      (d)    On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay –

          (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;

          (2) with respect to a stay of an act against property under subsection (a) of this section, if –

              (A) the debtor does not have an equity in such property; and

              (B) such property is not necessary for an effective reorganization.

See 11 U.S.C. §362(d) (West 2020).

13.    Cause exists to modify the automatic stay because the Debtors have no equity in the Equipment. The Equipment is subject to true leases.

14.    The Equipment is not necessary for an effective reorganization as these cases have been converted under Chapter 7 of the Bankruptcy Code.

15.    The Equipment continues to depreciate, thereby diminishing U.S. Bank's interest in the Equipment.

16.    U.S. Bank will suffer irreparable damage if the relief requested is not granted immediately, as the interest of U.S. Bank is not adequately protected.

17.    U.S. Bank requests that the automatic stay must be terminated or modified to allow U.S. Bank to liquidate the Equipment to afford U.S. Bank the opportunity to minimize its losses and claims against the Debtor.

WHEREFORE, Creditor U.S. Bank Equipment Finance, a division of U.S. Bank National Association respectfully requests that this Court enter an Order:

      a.    that the automatic stay, to the extent it arose pursuant to §362 of the Bankruptcy Code, be modified or terminated, to permit U.S. Bank to enforce its rights under the Lease, including requesting and disposing of the Equipment;

b. that the provisions of Bankruptcy Rule 4001(a)(3) not apply to the Order modifying this stay;

c. that compels the Trustee to identify the location of the Equipment and to surrender possession of the Equipment to U.S. Bank; and

d. granting such other and further relief as this Court deems just and proper.

SEITZ, VAN OGTROP & GREEN, P.A.

/s/ R. Karl Hill
R. Karl Hill (2747)
222 Delaware Avenue, Suite 1500
Wilmington, DE 19801
302-888-7604

Attorneys for U.S. Bank Equipment Finance, a division of U.S. Bank National Association

Date: January 21, 2021