## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>ART VAN FURNITURE, LLC, *et al.,*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>(Jointly Administered)<br><br>Re Docket No. 1214 |

**ORDER GRANTING MICHAEL LEE HUBBARD, II AND
CYNTHIA HUBBARD'S MOTION FOR RELIEF FROM THE
AUTOMATIC STAY TO CONTINUE NON-BANKRUPTCY LITIGATION**

UPON CONSIDERATION of the Motion for Relief From The Automatic Stay (the "Motion") filed by Michael Lee Hubbard, II and Cynthia Hubbard ("Movants"), and any response thereto; the Court having determined that (A) the Court has jurisdiction over the Motion pursuant to 28 U.S.C. §§ 1334 and 157; (B) this is a core proceeding pursuant to 28 U.S.C. § 157; (C) venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and (D) service to the limited parties stated on the Certificate of Service is adequate under the circumstances; and the Court having further determined that cause exists to grant the relief requested in the Motion; it is hereby ORDERED as follows:

---

[1] The Debtors in these chapter 11 cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

1.     The Motion is GRANTED, as set forth herein. All capitalized terms not otherwise defined herein shall have the respective meanings set forth in the Motion.

2.     The automatic stay set forth in 11 U.S.C. § 362(a) is hereby lifted and modified pursuant to the terms of this Order for the limited purpose of permitting Movants to:

    a.  Serve the Summons and Complaint upon the Chapter 7 Trustee, thereby effecting the service of process requirements of the Michigan Courts;

    b.  Pursue and liquidate their claim(s) in the State Court Action, solely against the Debtors' applicable insurance coverage, other third parties, and such other third parties' applicable insurance coverage in accordance with the terms set forth herein. Except as otherwise set forth herein, the automatic stay pursuant to section 362 of the Bankruptcy Code shall otherwise remain in full effect.

3.     Neither the Debtors' estates nor the Chapter 7 Trustee shall have any obligation to participate in, or defend against, the State Court Action.

4.     In the event the Movants obtain a judgment, award or settlement pursuant to the State Court Action, (i) the Movants are authorized to collect such judgment, award or settlement solely from the Debtors' applicable insurance

policies, any proceeds thereof, any third-party non-debtors, and their respective insurance coverage, and (ii) such judgment, award or settlement shall be payable out of the Debtors' applicable insurance proceeds only to the extent any such proceeds are available.

5.     The Movants agree that any claims filed or scheduled against the Debtors' estates in connection any matters relating to the State Court Action are deemed disallowed and may be reflected as such on the official claims register, and the Movants shall not file any claims against the Debtors' estates.  The Movants waive all rights to receive a distribution from the Chapter 7 Trustee and the Debtors' estates.

6.     The Movants and the Chapter 7 Trustee are authorized to enter into and to take all actions necessary to effectuate the relief granted in this Order.

7.     Movants represent and warrant that they have not sold, assigned, pledged, or otherwise transferred any claims that they might have against the Debtors and their estates.

8.     No stay of this Order shall be in effect, including but not limited to any stay contemplated under Fed.R.Bankr.P. 4001(a)(3).

9.      The Court retains jurisdiction to interpret and enforce the terms of this

order.

Date: _____          _____

    Wilmington, Delaware          HON. CHRISTOPHER S. SONTCHI
                                      CHIEF BANKRUPTCY JUDGE

**Dated: May 3rd, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**