# Exhibit 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |

**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND KENNETH DEBLOCK
REGARDING RELIEF FROM AUTOMATIC STAY
TO PURSUE INSURANCE PROCEEDS**

This Stipulation (the "Stipulation") by and between Alfred T. Giuliano, in his capacity as chapter 7 trustee (the "Trustee") of the above-captioned debtors (collectively, the "Debtors") and Kenneth Deblock ("Plaintiff") to modify the automatic stay and permit Plaintiff to pursue recovery of insurance proceeds only.

IT IS HEREBY STIPULATED by all parties to the above-captioned matter as follows:

WHEREAS, on March 8, 2020 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") commenced a case under chapter 11 of the Bankruptcy Code. On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263], effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano (the "Trustee") was appointed as the chapter 7 trustee [Docket No. 264] to the estates of the Debtors.

WHEREAS, on July 31, 2020, Plaintiff filed in the Circuit Court for the County of Macomb, Michigan, Case No. 20-2719-NI (the "Lawsuit") for alleged personal injuries suffered

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

2

by Plaintiff on February 17, 2019. The Lawsuit is captioned *Kenneth Deblock v. Art Van Flooring and Art Van Furniture*, Case No. 20-2719-NI (State of Michigan, Circuit Court for County of Macomb).

NOW, THEREFORE, the parties agree, subject to approval of the Court, as follows**:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The automatic stay under 11 U.S.C. § 362 is modified to permit Plaintiff to continue the Lawsuit solely for the purpose of pursuing, litigating and collecting from applicable insurance policies, if any, and not against the Trustee, the Debtors, or their estates.

3. Plaintiff agrees and acknowledges that (1) any recovery arising from the Lawsuit with respect to the Debtors or their estates is limited to funds made available from applicable insurance policies, if any, and not from the Debtors or their estates, (2), to the extent that an applicable insurance policies, if any, do not satisfy any judgment or settlement from the Lawsuit, for any reason, neither the Trustee, the Debtors, their estates, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 7 cases, and Plaintiff shall not seek to collect on any such unsatisfied portion from the Trustee, the Debtors, their estates, or any of their successors, and (3) Plaintiff agrees to hold the Trustee, the Debtors, and their estates harmless with respect to any claim that may be asserted by any insurance carrier on account of any deductible or self-insured retention that must be satisfied prior to the payment to Plaintiff of any judgment or settlement by setting off any recovery by the amount of any such deductible or self-insured retention.

4. Plaintiff agrees that any proof of claim filed by Plaintiff or scheduled in favor of Plaintiff in connection with Lawsuit against the Debtors, their estates, or their successors in these chapter 7 cases, if any, are, by entry of this Stipulation, deemed disallowed and reflected as such on the Bankruptcy Court's official claims register.

5. Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable insurance policy; (iii); creates or permits a direct right of action by Plaintiff against any insurers; or (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy.

6. The Parties shall cooperate with one another to seek Bankruptcy Court approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an order approving this Stipulation.

7. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the Lawsuit, except as otherwise provided in this Stipulation.

8. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

9. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

10. This Stipulation may be executed in multiple counter parts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instruments.

11. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

12. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

ACCEPTED AND AGREED TO:

Dated:  April 30, 2021                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:      bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

4

5

Dated: April 30, 2021							Serafini, Michalowski, Derkacz & Associates, P.C.

*/s/ Phillip S. Serafini*
Phillip S. Serafini
Edward J. Shankin
44444 Mound Rd #100
Sterling Heights, MI 48314
Email:
phils@smdalaw.com
edwards@smdalaw.com

*Counsel for Plaintiff*