# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
|  | ) |  |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) | Case No. 20-10553 (CSS) |
|  | ) |  |
| Debtors. | ) | (Jointly Administered) |
|  | ) |  |

**Objection Deadline: June 3, 2021 at 4:00 p.m. (ET)**
**Hearing Date: June 21, 2021, at 10:00 a.m. (ET)**

## MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ENTRY OF AN ORDER APPROVING (I) SALE OF REAL PROPERTY LOCATED AT 1620 N. TUCKAHOE STREET, BELLWOOD, PENNSYLVANIA 16617 FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; AND (II) GRANTING RELATED RELIEF

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors" and each, a "Seller"), hereby files this motion (the "Motion") pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (the "Order"), substantially in the form attached hereto as **Exhibit A**, authorizing and approving: (i) the sale (the "Sale") of certain real property owned by Debtor Art Van Furniture, LLC located at 1620 N. Tuckahoe Street, Bellwood, Pennsylvania 16617 (the "Property") to BHN Associates (or its designee) (the "Buyer") free and clear of all liens, claims, and encumbrances; and (ii) granting related relief. In support of the Motion, the Trustee respectfully states as follows:[2]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Purchase and Sale Agreement (the "PSA"), which is attached as Exhibit 1 to the proposed Order.

## PRELIMINARY STATEMENT

1.      The Trustee seeks the Court's approval of a $2,000,000 (the "<u>Purchase Price</u>") sale of the Property. Although the sale is a private sale, the Trustee believes that it is the best value maximizing transaction for the estates and the sale will still be subject to higher and better offers that may be received on or before the objection deadline for this Motion.

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).  The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4.      The statutory bases for the relief requested in this Motion are sections 105 and 363 of the Bankruptcy Code, Bankruptcy Rules 2002 and 6004, and Local Rule of Bankruptcy Practice and Procedure 6004-1 (the "<u>Local Rules</u>").

## BACKGROUND

5.      On March 8, 2020 (the "<u>Petition Date</u>"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

6.      On April 6, 2020, the Court entered an order converting the chapter 11

cases to chapter 7 [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred

T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

## RELIEF REQUESTED

7.     The Trustee seeks the entry of the Order, pursuant to sections 105 and 363

of the Bankruptcy Code, Bankruptcy Rules 2002, 6004, and Local Rule 6004-1, authorizing and

approving: (i) the sale of the Property to the Buyer free and clear of all liens, claims, and

encumbrances; and (ii) granting related relief.

## THE SALE

8.     The Trustee believes the Sale is in the best interest of the Debtors' estates,

their creditors, their customers, and all parties in interest to complete the Sale under the terms of

the PSA.  The key terms of the PSA are summarized below.[3]

| Provision | Summary Description |
|---|---|
| *Buyer* | BHN Associates or its designee ("BHN" or "Buyer"). |
| *Seller* | Alfred T. Giuliano, chapter 7 trustee (the "Trustee" or "Seller") to the estate of Art Van Furniture, LLC. |
| *Purchase Price* | $2,000,000 |
| *Purchased Assets* | The Property located at 1620 N. Tuckahoe Street, Bellwood, Pennsylvania 16617.  PSA, Recital A. |

---

[3] The descriptions below only summarize certain provisions of the PSA, and the terms of the PSA control in the event of any inconsistency.

| Provision | Summary Description |
|---|---|
| *Deposit* | Buyer shall deposit with the Title Company (as hereinafter defined): (a) within two (2) business days of the mutual execution and delivery of this Agreement (the date of such mutual execution and delivery is sometimes referred to herein as the **"Execution Date"**), the sum of Two Hundred Thousand Dollars ($200,000) in immediately available, good funds (the **"Deposit,"** which funds delivered in this manner are referred to herein as **"Good Funds"**), which shall be held by the Title Company in a segregated account and retained or disbursed solely in accordance with the terms and provisions of this Agreement and Buyer's timely delivery of which shall be an express condition precedent to Seller's obligations under this Agreement.. PSA at ¶2.1.2 |
| *Breakup Fee* | There is no break-up fee or expense reimbursement. |
| *Outside Closing Date* | The Closing shall be held on or before the date which is the later of (i) forty-five (45) days following the Diligence Date and (ii) ten (10) business days after the Approval Order has been issued and entered by the Bankruptcy Court. PSA ¶3.2 |
| *Representations and Warranties* | Sale is an "as is" transaction. PSA at ¶7. |
| *Successor Liability* | N/A |

9.      The Sale is intended to be a private sale, however, the Trustee reserves all rights to accept higher and better offers for the Property up until the objection deadline on the Motion.

**BASIS FOR RELIEF**

**A.      Approval of Sale**

10.      Section 363(b)(1) of the Bankruptcy Code provides that a debtor, "after notice and a hearing, may use, sell or lease, other than in the ordinary course of business, property of the estate." 11 U.S.C. § 363(b)(1). Section 105(a) provides in relevant part that "[t]he Court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).

11.      The sale of a debtor's property should be authorized pursuant to section

DOCS_DE:232971.1 05233/003

363 of the Bankruptcy Code if a sound business purpose exists for doing so. *See, e.g., Meyers v. Martin (In re Martin)*, 91 F.3d 389, 395 (3d Cir. 1996), *citing Fulton State Bank v. Schipper (In re Schipper)*, 933 F.2d 513, 515 (7th Cir. 1991)); *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986); *Stephens Indus., Inc. v. McClung*, 789 F.2d 386, 390 (6th Cir. 1986); *In re Lionel Corp.*, 722 F.2d 1063 (2d Cir. 1983); *In re Titusville Country Club*, 128 B.R. 396 (W.D. Pa. 1991); *In re Delaware & Hudson Railway Co.*, 124 B.R. 169, 176 (D. Del. 1991). The *Delaware & Hudson Railway* court held that once a court is satisfied that there is a sound business reason, "the court must also determine that the trustee has provided the interested parties with adequate and reasonable notice, that the sale price is fair and reasonable and that the purchaser is proceeding in good faith." *Id*.

12.     The Trustee proposes to sell the Property to the Buyer and has concluded that the Sale, as set forth in the PSA, is supported by a number of sound business reasons. The purchase price represents what the Trustee believes is fair market value for the Property, and the Property has been marked for sale through the Trustee's retained real estate broker, Newmark, an experienced commercial real estate company.  In addition, the Sale is still conditioned on the Trustee's ability to accept any higher or better offers up until the objection deadline on the Motion, which deadline may be extended by the Trustee in his sole discretion.

13.     For the reasons noted above, the immediate sale of the Property and closing under the PSA is supported by sound business reasons and is in the best interests of the Debtors' estates.  Accordingly, the Trustee requests approval of the Sale under section 363(b) of the Bankruptcy Code.

**B.      The Sale of the Property is**
**          Free and Clear of All Liens, Claims, and Encumbrances**

14.     The Buyer is only willing to purchase the Property if those are sold free

DOCS_DE:232971.1 05233/003

and clear of all liens, claims, and encumbrances.    Accordingly, the Trustee is seeking authorization to sell the Property free and clear of all liens, claims, and encumbrances to maximize value.

15.    Section 363(f) of the Bankruptcy Code provides:

> The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if –
>
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
>
> (2) such entity consents;
>
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>
> (4) such interest is in a bona fide dispute; or
>
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. § 363(f).

16.    Section 363(f) of the Bankruptcy Code provides for the sale of property "free and clear of any interests." The term "any interest," as used in section 363(f), is not defined anywhere in the Bankruptcy Code.  *Folger Adam Security v. DeMatteis/MacGregor, JV*, 209 F.3d 252, 259 (3d Cir. 2000). In *Folger Adam*, the Third Circuit specifically addressed the scope of the term "any interest." 209 F.3d at 258.  The Third Circuit observed that while some courts have "narrowly interpreted that phrase to mean only *in rem* interests in property," the trend in modern cases is towards "a broader interpretation which includes other obligations that may flow from ownership of the property."  *Id.* at 258 (*citing* 3 Collier on Bankruptcy 363.06[1]). As determined by the Fourth Circuit in *In re Leckie Smokeless Coal Co.*, 99 F.3d 573, 581-582 (4th Cir. 1996), a case cited approvingly and extensively by the Third Circuit in *Folger Adam*, the

6

scope of 11 U.S.C. § 363(f) is not limited to *in rem* interests. Thus, the Third Circuit in *Folger Adam* stated that *Leckie* held that the debtors "could sell their assets under §363(f) free and clear of successor liability that otherwise would have arisen under federal statute." *Folger Adam*, 209 F.3d at 258.

17.    Section 363(f) is drafted in the disjunctive. Thus, satisfaction of any of the requirements enumerated therein will suffice to warrant the sale of the Property free and clear of all liens, claims, and encumbrances. *See Citicorp Homeowners Servs., Inc. v. Elliot (In re Elliot)*, 94 B.R. 343, 345 (E.D. Pa. 1988) (noting that because section 363(f) is written in the disjunctive, a court may approve a sale free and clear if any one subsection is met); *see also Mich. Emp't Sec. Comm'n v. Wolverine Radio Co. (In re Wolverine Radio Co.)*, 930 F.2d 1132, 1147 n.24 (6th Cir. 1991) (same); *In re Bygaph, Inc.*, 56 B.R. 596, 606 n.8 (Bankr. S.D.N.Y. 1986) (same).  Furthermore, a trustee or debtor possesses broad authority to sell assets free and clear of liens.  *See In re Trans World Airlines, Inc.*, 322 F.3d 283, 289 (3d Cir. 2003).

18.    The Trustee submits that it is appropriate to sell the Property on a final "as is", "where is" and "how is" basis, free and clear of any and all liens, claims, and encumbrances in accordance with section 363(f) of the Bankruptcy Code because one or more of the tests of section 363(f) are satisfied with respect to such Sale.  In particular, known lienholders will receive notice and will be given sufficient opportunity to object to the relief requested.  Such lienholders that do not object to a Sale should be deemed to have consented.  *See FutureSource LLC v. Reuters Ltd.*, 312 F.3d 281, 285-86 (7th Cir. 2002) ("[L]ack of objection (provided of course there is notice) counts as consent.   It could not be otherwise; transaction costs would be prohibitive if everyone who might have an interest in the bankrupt's assets had to execute a formal consent before they could be sold.") (internal citations omitted); *Hargrave v. Twp. Of*

*Pemberton (In re Tabone, Inc.)*, 175 B.R. 855, 858 (Bankr. D.N.J. 1994) (holding that creditor's failure to object to sale free and clear of liens, claims and encumbrances satisfies section 363(f)(2)); *In re Elliot*, 94 B.R. at 345 (same).

19.    Furthermore, the Trustee proposes that any liens, claims, and encumbrances asserted against the Property will be transferred to and attach to the proceeds of such Sale in the same order of priority and with the same validity, force and effect that such creditor had prior to the Sale, subject to any claims and defenses the Trustee and the Debtors' estates may have with respect thereto. *See Folger Adam*, 209 F.3d at 259; *In re Elliot*, 94 B.R. at 345; *In re Circus Time, Inc.*, 5 B.R. 1, 7 (Bankr. D. Me. 1979). Therefore, the Trustee may sell the Property free and clear of all liens, claims, and encumbrances on the terms set forth in the PSA.

**C.    Good Faith of Buyer Under Section 363(m) of the Bankruptcy Code**

20.    Section 363(m) of the Bankruptcy Code provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m). While the Bankruptcy Code does not define "good faith", the Third Circuit in *In re Abbotts Dairies of Pennsylvania, Inc.*, 788 F.2d 143 (3d Cir. 1986) has held that:

> [t]he requirement that a purchaser act in good faith . . . speaks to the integrity of his conduct in the course of the sale proceedings. Typically, the misconduct that would destroy a purchaser's good faith status at a judicial sale involves fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.

DOCS_DE:232971.1 05233/003

788 F.2d at 147 (citations omitted); *see Kabro Assocs. of W. Islip, LLC v. Colony Hill Assocs.*, 111 F.3d 269, 276 (2d Cir. 1997) ("Typically, the misconduct that would destroy a [buyer]'s good faith status at a judicial sale involves fraud, collusion between the [buyer] and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders."); *In re Bakalis*, 220 B.R. 525, 537 (Bankr. E.D.N.Y. 1998); *see also Cinicola v. Scharffenberger*, 248 F.3d 110, 121 (3d Cir. 2001) ("To promote certainty and finality in bankruptcy sales, § 363(m) prohibits the reversal of a sale to a good faith purchaser of bankruptcy estate Real Property if a party failed to obtain a stay of the sale."); *In re Stein & Day, Inc.*, 113 B.R. 157, 162 (Bankr. S.D.N.Y. 1990) ("[P]ursuant to 11 U.S.C. § 363(m), good faith purchasers are protected from the reversal of a sale on appeal unless there is a stay pending appeal.").

21.    The PSA was a negotiated, arm's-length transaction over a period of months, in which the Buyer acted in good faith and in compliance with the *Abbotts Dairies* standards.  The Buyer is not a current "insider" or "affiliate" as defined in section 101 of the Bankruptcy Code.  The Trustee thus requests that the Court find that the Buyer is acquiring the Property in good faith within the meaning of section 363(m) of the Bankruptcy Code.

**D.    A Private Sale is Appropriate**

22.    Bankruptcy Rule 6004(f) and Local Rule 6004-11(b)(iv)(D) permit a debtor to conduct a private sale pursuant to section 363.  Specifically, Bankruptcy Rule 6004(f) provides that "[a]ll sales not in the ordinary course of business may be by private sale or by public auction."  Fed. R. Bankr. P. 6004(f)(1) (emphasis added); *see Berg v. Scanlon (In re Alisa P'ship)*, 15 B.R. 802, 802 (Bankr. D. Del. 1981) ("[T]he manner of [a] sale is within the discretion of the trustee . . .").

23.    Accordingly, in light of Bankruptcy Rule 6004(f) and case law regarding

section 363 sales, a trustee may conduct a private sale if a good business reason exists. *See, e.g.*, *In re MF Global, Inc.*, 535 B.R. 596, 605 (Bankr. S.D.N.Y. 2015 ("The business judgment of a trustee is entitled to great deference"); *In re Pritam Realty, Inc.*, 233 B.R. 619 (D.P.R. 1999) (upholding the bankruptcy court's approval of a private sale conducted by a chapter 11 debtor); *In re Condere Corp.*, 228 B.R. 615, 629 (Bankr. S.D. Miss. 1998) (authorizing private sale of debtors' tire company where "[d]ebtor has shown a sufficient business justification for the sale of the assets to the [p]urchaser"); *In re Embrace Sys. Corp.*, 178 B.R. 112, 123 (Bankr. W.D. Mich. 1995) ("A large measure of discretion is available to a bankruptcy court in determining whether a private sale should be approved. The court should exercise its discretion based upon the facts and circumstances of the proposed sale."); *In re Wieboldt Stores, Inc.*, 92 B.R. 309 (N.D. Ill. 1988) (affirming right of chapter 11 debtor to transfer assets by private sale).

24.     Indeed, courts in this and other districts have approved private sales of estate property pursuant to section 363(b)(1) when there has been a valid business reason for not conducting an auction. *See, e.g.*, *In re Aquion Energy, Inc.*, Case No. 17-10500 (KJC) (Bankr. D. Del. May 30, 2017) (approving private sale of machinery and equipment for over $400,000); *In re Evergreen Int'l Aviation, Inc.*, Case No. 13-13364 (MFW) (Bankr. D. Del. Feb. 26, 2014) (approving private sale of helicopters for $350,000); *In re Buffets Holdings, Inc.*, Case No. 08−10141 (MFW) (Bankr. D. Del. Feb. 3, 2009) (approving private sale of real property for approximately $2.4 million); *In re W.R. Grace & Co.*, Case No. 01−01139 (JKF) (Bankr. D. Del. Dec. 18, 2008) (approving the private sale of real property for approximately $3.8 million); *In re Wellman, Inc.*, Case No. 08−10595 (SMB) (Bankr. S.D.N.Y. Oct. 6, 2008) (approving private sale of industrial complex capable of converting recycled carpet into nylon engineered resins for $17.9 million).

25.     The Trustee submits that the proposed private sale to the Buyer in accordance with the PSA is appropriate in light of the facts and circumstances of these chapter 7 cases.  Specifically, a long and complicated sale process with bid procedures and an auction is unlikely to net the estates a significant appreciable benefit through a substantially increased sale price in light of the costs and expenses for running a competitive bid and sale process, and the Trustee has already marketed the Property through his retained real estate broker, Newmark, and the $2 million purchase price represents the highest and best offer at this time.

26.     As a result, the transaction with the Buyer allows the Trustee to maximize the value of the Property and provides a significant benefit to the Debtors' estates.  Because a private sale is specifically authorized under Bankruptcy Rule 6004 and the Trustee believes that the Buyer's offer is the highest and best offer for the Property at this time, the Trustee requests that the Court approve the proposed private sale to the Buyer in accordance with the PSA.

**E.     Approval of Bid Procedures**

27.     If the Trustee receives a competing bid for the Property on or before the objection deadline on the Motion, the Trustee proposes to utilize the following bid procedures (the "Bid Procedures"):

a.     The Trustee will notify each potential bidder via email of its selection as an interested bidder for the Property and will notify the bidders of the current highest and best bid for the Property;

b.     The Trustee will notify each potential bidder via email of the deadline to submit a final highest and best sealed bid for the Property;

c.     For the final bid for each interested bidder, it must submit, via email a single, sealed bid to the Trustee which shall be deemed such interested bidder's final bid (each, a "Final Bid"), along with a 10% deposit to the Trustee within twenty-four (24) hours of submitting the Final Bid;

d.     Any Final Bid for the Property must be at least $2,100,000.00;

11

e.    The Trustee may, in his sole discretion, establish a separate auction process of his choosing and associated procedure for such auction process, which may include, but is not limited to, a sealed bid auction, live or video auction, or on-line auction;

f.    In the event a party other than BHN Associates is deemed the winning bidder with respect to the Property, such party shall be required to purchase the Property under the same terms and conditions as set forth in the PSA.

28.    The Trustee believes that the Bidding Procedures are in the best interests of the Debtors' estates and will assist in maximizing value if another interested bidder decides it wishes to purchase the Property.  Accordingly, the Court should approve the Bidding Procedures.

## RESERVATION OF RIGHTS FOR HIGHER AND BETTER OFFERS

29.    Notwithstanding the requested relief for approval of the Sale as a private sale, the Trustee reserves all rights, in the exercise of his business judgment, to accept any higher or better offers for an alternative value maximizing transaction for the Property, up until the objection deadline for this Motion, that the Trustee determines, in the exercise of his business judgment, will provide a greater value for the estates.

## WAIVER OF BANKRUPTCY RULE 6004(h)

30.    The Buyer is ready, willing, and able to close the Sale. Because the liens, claims, and encumbrances will attach to the sale proceeds, the Trustee submits there is no prejudice to creditors by having an order approving the Motion become effective immediately upon its entry.  In addition, there is a risk of deterioration of the value of the net amount of sale proceeds from the sale of the Property if the PSA is not consummated quickly.  Accordingly, the Trustee is requesting a waiver of the fourteen-day stay requirement under Bankruptcy Rule 6004(h).

DOCS_DE:232971.1 05233/003

## NOTICE

31.     Notice of this Motion shall be provided to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the U.S. Trustee for the District of Delaware; (b) the Debtors' secured lenders; (c) parties asserting liens on the Debtors' assets and the Property; (e) the Buyer; (f) any parties who have expressed an interest in purchasing the Property; and (g) any party that has requested service pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## NO PRIOR REQUEST

32.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

## <u>CONCLUSION</u>

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion and enter the Order approving the Sale.

Dated:  May 20, 2021              PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:       bsandler@pszjlaw.com
                 crobinson@pszjlaw.com
                 pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*