# EXHIBIT A

**Proposed Order**

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.*,[1]<br><br>                    Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered<br><br>**Re: Docket No. \_\_\_\_** |

**ORDER AUTHORIZING CHAPTER 7 TRUSTEE TO PAY
PREPETITION TRUST FUND TAXES**

Upon consideration of the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), seeking entry of an order (this "Order") pursuant to sections 105(a) and 541(d) of the Bankruptcy Code, authorizing, but not directing, the Trustee to pay certain prepetition Trust Fund Taxes, in his sole discretion, and as he deems necessary, and granting certain related relief, all as more fully set forth in the Motion; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2), and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms used but not otherwise defined herein have the meanings ascribed to them in the Motion.

2

this Court having reviewed the Motion and this Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor, it is HEREBY ORDERED THAT:

1. The Motion is granted, as set forth herein.

2. The Trustee is authorized, but not directed, in his sole discretion and in the exercise of his business judgment, to pay any of the Prepetition Trust Fund Tax Obligations in an amount not to exceed $2,950,693.77 in the aggregate as payment in full, without further court order.

3. Upon payment of the Trust Fund Taxes owed to any of the applicable Taxing Authorities, neither the Trustee nor any of the Debtors' former directors, officers, employees, or responsible persons under applicable state law shall have any personal liability with respect to any applicable Trust Fund Taxes.

4. Upon payment in full of the Trust Fund Taxes, the proofs of claim (or portions of any such proofs of claim) filed by the Taxing Authorities that constitute Trust Fund Taxes may be treated by the Trustee as satisfied and paid in full, and the Trustee may make such disclosure on the claims register as is appropriate for claims reconciliation purposes.

5. The Trustee reserves all rights on behalf of the Debtors' estates with respect to any claims by the Taxing Authorities, filed or not filed, scheduled or not scheduled, asserting any tax obligations against the Debtors' estates that are not satisfied by payment of the Prepetition Trust Fund Tax Obligations, and the Taxing Authorities' rights, claims and defenses are preserved with respect to any unsatisfied portion of such claims.

6. Notwithstanding the relief granted in this Order and any actions taken pursuant to such relief, nothing in this Order shall be deemed: (a) an admission as to the validity

of any prepetition claim against a Debtor entity; (b) a waiver of the Trustee's or any other party in interest's rights to dispute any prepetition claim on any grounds; (c) a promise or requirement to pay a prepetition claim; (d) an implication or admission that any particular claim is of a type specified or defined in the Motion or any order granting the relief requested by this Motion; or (e) a waiver of the Trustee's or any other party in interest's rights under the Bankruptcy Code or any other applicable law.

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Order are immediately effective and enforceable upon its entry.

9. This Court shall retain jurisdiction over any and all matters arising from the interpretation or implementation of this Order.