**Exhibit A**

**Revised Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | ) Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | ) Case No. 20-10553 (CSS) |
| Debtors. | ) (Jointly Administered) |
| | ) **Re: Docket No. 1238** |

**ORDER APPROVING (I) SALE OF REAL PROPERTY LOCATED AT 1620 N. TUCKAHOE STREET, BELLWOOD, PENNSYLVANIA 16617, FREE AND CLEAR OF LIENS, CLAIMS, AND ENCUMBRANCES; AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (collectively, the "Debtors"), pursuant to sections 105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 2002 and 6004 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Order") authorizing and approving: (i) the sale (the "Sale") of certain real property owned by Debtor Art Van Furniture, LLC located at 1620 N. Tuckahoe Street, Bellwood, Pennsylvania 16617 (the "Property") to BHN Associates (or its designee) (the "Buyer") free and clear of all liens, claims, and encumbrances; and (ii) granting related relief, all as more fully described in the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' former headquarters was: 6500 East 14 Mile Road, Warren Michigan 48092.

[2] A capitalized term used but not defined herein shall have the meaning ascribed to it in the Motion or PSA, as applicable.

*Reference from the United States District Court for the District of Delaware*, dated February 29, 2012; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and the Court finding that it may enter a final order consistent with Article III of the United States Constitution; and venue being proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion and the sale hearing (the "Sale Hearing") have been provided; and the relief requested in the Motion being in the best interests of the Debtors, their estates, and their creditors; and the Court having reviewed the Motion and the declaration of the Trustee in support of the Motion [Docket No. 1265]; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. All objections and responses to the Motion, including all reservations of rights included therein that have not been overruled, withdrawn, waived, settled, continued, or resolved, are hereby overruled and denied

3. The Purchase and Sale Agreement ("PSA"), in the form attached hereto as **Exhibit 1**, and all of the terms and conditions thereof, are approved.

4. The Bid Procedures for the Sale are approved.

5. The form and manner of notice of the Motion and the proposed sale under the PSA is hereby approved as providing good and sufficient notice to all creditors and parties in interest pursuant to the Bankruptcy Rules and the Local Rules.

6. The relief requested in the Motion is in the best interests of the Debtors,

2

their estates, creditors, and other parties in interest. Upon the record made at the Sale Hearing, the Trustee has demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Motion. The Trustee's decision to enter into the PSA and perform thereunder is a reasonable exercise of his business judgment.

7. The failure specifically to include any particular provision of the PSA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that the PSA be authorized and approved in its entirety.

8. Pursuant to section 363(b) of the Bankruptcy Code, the Trustee, on behalf of the Debtors, is authorized to perform its obligations under and comply with the terms of the PSA and consummate the Sale, pursuant to and in accordance with the terms and conditions of the PSA.

9. The Trustee, on behalf of the Debtors, is authorized to execute and deliver, and empowered to perform under, consummate, and implement, the PSA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the PSA, and to take all further actions as may be reasonably required for the purpose of assigning, transferring, granting, conveying, and conferring the Property to the Buyer, or as may be necessary or appropriate to the performance of the obligations as contemplated by the PSA.

10. Upon the closing of the Sale, the Sale of the Property to the Buyer shall vest the Buyer with all right, title, and interest in the Property, and, pursuant to section 363(f) of the Bankruptcy Code, the Sale shall be free and clear of any and all liens, claims, and encumbrances against the Property, with such liens, claims (as defined in section 101(5) of the Bankruptcy Code), interests, and encumbrances attaching to the proceeds of the Sale with the same validity, extent and priority as such liens, claims, and encumbrances had on the Property immediately prior to the

Sale, subject to any rights, claims and defenses of the Debtors and other parties in interest.

11. The transactions contemplated by the PSA are undertaken by the Buyer in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale of the Property to the Buyer. The Buyer, its affiliates, and their respective principals and advisors have proceeded in good faith and without collusion in all respects and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

12. The consideration provided by the Buyer for the Property under the PSA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

13. No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the Sale and the transactions contemplated by the PSA.

14. The Buyer shall not have any liability for any obligation of the Debtors arising under or related to any of the Property prior to the date of closing. Without limiting the generality of the foregoing, the Buyer shall not be liable for any claims against the Debtors or any of their predecessors or affiliates solely by virtue of its acquisition of the Property. By virtue of the Sale, the Buyer and its affiliates, successors and assigns shall not be deemed or considered to, (a) be a legal successor, or otherwise be deemed a successor to any of the Debtors, (b) have, *de facto* or otherwise, merged with or into any or all Debtors, or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses or operations, or any enterprise of the Debtors, in each case by any law or equity, and the Buyer has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates. The Buyer shall have no successor or vicarious

liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor or transferee liability, labor law, *de facto* merger or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors arising prior to the Closing Date.

15. All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

16. If any person or entity that has filed statements (including UCC-1 financing statements) or other documents or agreements evidencing all liens, claims, and encumbrances on, or interests in, all or any portion of the Property shall not have delivered to the Trustee, in proper form for filing and executed by the appropriate parties, termination statements, instruments of satisfaction, releases of all liens, claims, and encumbrances or any other documents necessary for the purpose of documenting the release of all liens, claims, and encumbrances or interests which the person or entity has or may assert, the Trustee is hereby authorized, and the Buyer is hereby authorized on behalf of the Debtors' estates and the Trustee, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Property.

17. This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal, state and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register or otherwise record or release any documents or instruments, or who may be required to report or insure any title to or interest in any of the Property.

18. The failure to specifically include any particular provision of the PSA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that that PSA be authorized and approved in its entirety; *provided*, *however*, that this Order shall govern if there is any inconsistency between the PSA and this Order.

19. The Buyer is a party in interest and shall have standing to appear and be heard on all issues related to or otherwise connected with this Order, the Sale or the PSA.

20. Notwithstanding any applicability of Bankruptcy Rules 6004, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

21. The PSA and any related agreements, documents or other instruments may be modified, amended or supplemented by the parties thereto and in accordance with the terms thereof, without further order of the Court, provided that any such modification, amendment or supplement does not have a material adverse effect on the Debtors' estates.

22. The Court shall retain jurisdiction to hear and determine all matters arising from or related to the PSA, the Sale, implementation, interpretation and/or enforcement of this Order.

## Exhibit 1

**PSA**