# Exhibit 1

## Stipulation

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |

**STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND DEPARTMENT OF LABOR
REGARDING COBRA PREMIUMS
AND PROOF OF CLAIM**

This Stipulation (the "Stipulation") by and between Alfred T. Giuliano, in his capacity as chapter 7 trustee (the "Trustee") of the above-captioned debtors (collectively, the "Debtors") and United States Department of Labor ("DOL," and together with the Trustee, the "Parties") to address certain issues as set forth herein.

IT IS HEREBY STIPULATED by all parties to the above-captioned matter as follows:

WHEREAS, on March 8, 2020 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") commenced a case under chapter 11 of the Bankruptcy Code.  On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263], effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano (the "Trustee") was appointed as the chapter 7 trustee [Docket No. 264] to the estates of the Debtors.

WHEREAS, prepetition, the Debtors maintained employee benefit plans (the "Plans"). The Plans included a healthcare plan administered by Blue Cross Blue Shield of Michigan

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

("Blue Cross"), a dental plan administered by Delta Dental of Michigan ("Delta Dental"), and a vision plan administered by Blue Cross and Vision Services Plan ("VSP", together with Blue Cross and Delta Dental, the "Claim Adjudicators"). *See, e.g.*, Docket No. 9 (first day wages motion).

WHEREAS, after the Conversion Date, the Debtors terminated their Plans. Following termination of the Plans, certain employees submitted claims to the Plans for services obtained through medical providers but payment of the claims was denied by one or more of the Claim Adjudicators because the Plans were terminated.

WHEREAS, the Claim Adjudicators paid approximately $73,000 in claims to medical providers, including medical, dental, and vision benefits, for employees that received services and such amount was not reimbursed by the Debtors.

WHEREAS, Discovery Benefits (now known as Wex, Inc.) ("Discovery Benefits") provided certain administrator services to the Debtors and currently holds approximately $13,655.44 in COBRA premiums (the "COBRA Premiums").

WHEREAS, on June 15, 2020, the United States Department of Labor ("DOL") filed proof of claim number 3139 ("Claim 3139" or the "DOL Claim") against Debtor Art Van Furniture, LLC in the amount of $16,949.56 for amounts for employee contributions withheld from the Debtors' payroll and not remitted to the employee benefit plan.

WHEREAS, DOL has reached out to the Trustee to discuss a resolution of certain issues and to discuss remittances of the $13,655.44 in COBRA Premiums being held by Discovery Benefits.

WHEREAS, the Trustee and DOL (together, the "Parties") have agreed to address payment of the COBRA Premiums and to permit an amendment to the DOL Claim following payment of the COBRA Premiums to the Claim Adjudicators.

NOW, THEREFORE, the parties agree, subject to approval of the Court, as follows**:**

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. Discovery Benefits will turn over the COBRA Premiums funds to the Trustee within fourteen (14) days from entry of an order approving this Stipulation. The funds may be submitted by wire using the information below:

**Wiring instructions:**

| | |
|---|---|
| Receiving Bank: | TriState Capital Bank |
| | Attention: Deposit Operations |
| | 301 Grant Street, STE 2700 |
| | Pittsburgh, PA 15219 |
| ABA Number (for domestic wires): | 043019003 |
| SWIFT (for foreign wires): | TRTTUS33 |
| Trustee: | Alfred T. Giuliano, Chapter 7 Trustee |
| Account No. to Receive Funds: | 8100010712 |
| Case Name: | Art Van Furniture, LLC |
| Case Number: | 20-10553 |

3. Upon receipt of the COBRA Premiums, the Trustee will promptly remit the COBRA Premiums pro rata (in accordance with how much of the premium was associated with each coverage type) to the Claim Adjudicators as follows:

- o  Medical (BCBSM)          $12,694.58
- o  Vision (BCBSM)            $153.60
- o  Dental (Delta Dental)     $807.26
-     Total                   $13,655.44

4. DOL may amend the DOL Claim within thirty (30) days from entry of an order approving this Stipulation. The Parties reserve all rights regarding Claim 3139, as amended, and the Trustee reserves the right to object to Claim 3139, as amended, on any grounds.

5. The Parties shall cooperate with one another to seek Bankruptcy Court approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an order approving this Stipulation.

6. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an admission on behalf of any party regarding any claim or right that such party may have against the other party.

7. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

8. This Stipulation may be executed in multiple counter parts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instruments.

9. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

10. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

ACCEPTED AND AGREED TO:

Dated: October 29, 2021

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:  bsandler@pszjlaw.com
    crobinson@pszjlaw.com
    pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

Dated: October 29, 2021

**SEEMA NANDA**

Solicitor of Labor

**CHRISTINE Z. HERI**
Regional Solicitor

*/s/ Ruben R. Chapa*
**RUBEN R. CHAPA**
ERISA Counsel
Attorneys for MARTIN J. WALSH,
Secretary of Labor, United States
Department of Labor

5