## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| | **Re: Docket No. 1312** |

## ORDER GRANTING MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT WITH HUTSON ENTERPRISES INC.

Upon consideration of the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreement with Hutson Enterprises Inc.* (the "Motion") of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving a Settlement Agreement and Release (the "Settlement Agreement")[2] between the Trustee and Hutson Enterprises Inc. ("Hutson," and together with the Trustee, the "Parties"), a copy of which Settlement Agreement is attached to this Order as Exhibit 1; the Court having reviewed the Motion and the Settlement Agreement and having considered the record with respect to the Motion; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with

---

[1]  The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2]  Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

Article III of the United States Constitution**,** (b) this is a core proceeding pursuant to 28 U.S.C.

§ 157(b), (c) notice of the Motion was sufficient under the circumstances and in full compliance

with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement Agreement (i) is

the product of good faith, arms' length negotiations among the Parties, without collusion, (ii) is

fair, reasonable, appropriate and in the best interests of the Debtors' estates and (iii) represents a

sound exercise of the Trustee's business judgment and (e) each of the Parties to the Settlement

Agreement provided sufficient consideration for the transactions contemplated by the Settlement

Agreement; and the Court having determined that the legal and factual bases set forth in the

Motion and at the Hearing establish just cause for the relief granted herein; IT IS HEREBY

ORDERED THAT:

1.      The Motion is granted as set forth herein.

2.      The terms of the Settlement Agreement attached hereto as <u>Exhibit 1</u> is

APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and

Bankruptcy Rule 9019.

3.      The Parties are hereby authorized to take such additional actions or

execute such additional documents as are necessary or appropriate to implement the terms of the

Settlement Agreement.

4.      Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of

the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and

enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5.     The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement or this Order.

**Dated: December 19th, 2021**
**Wilmington, Delaware**

**CHRISTOPHER S. SONTCHI**
**UNITED STATES BANKRUPTCY JUDGE**

DOCS_DE:237343.2 05233/003