**EXHIBIT 1**

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of Art Van Furniture, LLC, *et al.* (the "Debtors"),[1] and not in any individual capacity, on the one hand, and Hutson Enterprises Inc. ("Hutson"), on the other hand. Hutson and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party."

### Background

WHEREAS, on March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

WHEREAS, on April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264]; and

WHEREAS, Hutson was a franchisee of Debtors AVF Franchising, LLC and Art Van Furniture, LLC pursuant to a Franchise Agreement dated September 7, 2017 (the "Franchise Agreement"); and

WHEREAS, the Trustee has pursued recovery of certain chapter 5 causes of action against certain franchisees of the Debtors, including Hutson; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

WHEREAS, on September 14, 2017, Art Van Furniture, LLC and AVF Franchising, LLC filed a UCC financing statement with the Missouri Secretary of State evidencing a secured lien under the Franchise Agreement against all assets of Hutson (the "UCC Lien"); and

WHEREAS, the Trustee and Hutson have discussed the resolution of issues and have engaged in good faith, arms' length negotiations; and

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1. **Recitals.** The recitals set forth above are incorporated herein by reference.

2. **Settlement Amount.** Within five (5) days of an order approving this Settlement Agreement, Hutson shall pay to the Trustee the sum of $50,000 (the "Settlement Payment"). The Settlement Payment shall be wired in accordance with instructions provided by the Trustee.

3. **UCC Lien Release.** Within five (5) days of receipt of the Settlement Payment, the Trustee shall cause the UCC Lien to be released with the appropriate UCC-3 form.

4. **Court Approval.** Promptly after the execution of this Settlement Agreement, the Trustee shall file a motion seeking approval of the Settlement Agreement.

5. **Claims Waiver.** Upon Court approval of the Settlement Agreement, Hutson shall be deemed to have waived any and all claims that it filed or could have filed in the cases of the Debtors, including but not limited to any filed proof of claim or scheduled claim (the "Waived Claims"). All such Waived Claims shall also be deemed withdrawn from the claims register.

6. **Trustee's Release.** Upon Court approval of the Settlement Agreement and payment of the Settlement Payment, and except as otherwise provided in this Settlement Agreement, the Trustee, solely in his capacity as chapter 7 trustee of the Debtors, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Hutson, its directors, employees, officers and the successors and assigns of any of them (collectively, the "Defendant Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the Defendant Releasees relating to the Franchise Agreement or any chapter 5 causes of action.

7. **Hutson's Release.** Upon Court approval of the Settlement Agreement, the Defendant Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee, the Debtors and their bankruptcy estates, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Defendant

Releasees has, had, may have, or may claim to have against any of the Trustee Releasees relating to the Franchise Agreement and chapter 5 causes of action.

8. **No Admissions.** This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Franchise Agreement or chapter 5 causes of action.

9. **Expenses.** The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with this Settlement Agreement. In the event of any dispute in connection with the enforcement of this Settlement Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Court.

10. **Severability.** The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

11. **Miscellaneous.**

(a) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

4

(b) Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c) No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(d) Time is of the essence, and failure to pay the Settlement Payment as and when required herein shall return the parties to their respective position *status quo ante*.

(e) This Settlement Agreement shall be governed by and construed in accordance with the law of the State of Delaware without regard to any choice of law provisions.

(f) This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(g) The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(h) Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

5

(i) In executing the Settlement Agreement, each of the Parties represents and warrants, for himself or itself, that: (a) he or it does so with full knowledge of his or its available rights, (b) he or it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) he or it has had available to him or it such information as him or it or his or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) he or it has conducted such investigation as him or it or his or its counsel deemed appropriate regarding the settlement and his or its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(j) The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(k) This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Court.

(l) This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(m) The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE

By: _____[signature]_____         Dated: __12/14/21__, 2021
Alfred T. Giuliano, solely in his capacity
as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*


HUTSON ENTERPRISES INC.                     Dated: _____, 2021

By: _____
Name:
Title:

7

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE

Dated: _____, 2021

By:_____
Alfred T. Giuliano, solely in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, *et al.*

HUTSON ENTERPRISES INC.

Dated: 12/13, 2021

By: *[signature]*
Name: CHRISTOPHER L. HUTSON
Title: SECRETARY

7