**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.,*[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |
| | **Objection Deadline: Feb. 11, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: Feb. 22, 2022 at 10:00 a.m. (ET)** |

**SECOND OMNIBUS MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreements (the "Settlement Agreements")[2] between the Trustee and the following parties:

    (a)    Murrows Transfer, Inc. ("Murrows");

    (b)    Trinity Logistics, Inc. ("Trinity");

    (c)    Fusion Furniture Inc. ("Fusion");

    (d)    Homestretch Inc. ("Homestretch");

    (e)    Air Temp Mechanical, Inc. ("ATM");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the respective Settlement Agreements.

(f) Daniel's Amish Collection, LLC ("Daniel's Amish"); and

(g) Affordable Furniture Mfg. Co., Inc. ("Affordable") (the above collectively referred to herein as the "Defendants").

A copy of the Settlement Agreements are attached to the proposed form of order as Exhibits 1 through 7, respectively. In support of this Motion, the Trustee respectfully states as follows:

## Jurisdiction

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

**Background**

4. On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

6. Following the Conversion Date, after conducting a review and analysis of the Debtors' records, the Trustee determined that the Debtors' records reflect that each of the Defendants received payments from the Debtors on account of outstanding indebtedness within the 90 days prior to the Petition Date (the "90 Day Transfers"), which the Trustee believes he can avoid and recover for the benefit of the Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 547 and 550, and which the Defendants dispute.

7. Thereafter, the Trustee sent a letter to each of the Defendants Company requesting payment of the 90 Day Transfers, and the Parties engaged in good faith, arms' length negotiations to resolve the matters.

**Summary of Settlement Agreements[3]**

**A.  Murrows**

8. As set forth in the Murrows Settlement Agreement, the primary terms are as follows:

---

[3] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Settlement Agreements, the actual terms of the Settlement Agreements shall control.

3

       a.    Murrows shall pay to the Trustee the total sum of $19,000.00 on or before October 30, 2021 (the "<u>Settlement Payment</u>"), in two separate payments of $9,500 each. The Settlement Payment shall be wired in accordance with instructions to be provided by the Trustee.

       b.    Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

       c.    Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

       d.    Murrows waives any section 502(h) claim.

**B.     Trinity**

9. As set forth in the Trinity Settlement Agreement, the primary terms are as follows:

       a.    Upon execution of the Trinity Settlement Agreement, Trinity shall pay to the Trustee the total sum of $4,000.00 (the "<u>Settlement Payment</u>"). The Settlement Payment shall be paid in accordance with instructions to be provided by the Trustee.

       b.    Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

       c.    Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

       d.    Trinity waives any section 502(h) claim but not proof of claim filed by or on behalf of Trinity will be affected by the Trinity Settlement Agreement.

**C.     Fusion**

10. As set forth in the Fusion Settlement Agreement, the primary terms are as follows:

       a.    Fusion shall pay to the Trustee the total sum of $75,000.00 on or before December 31, 2021, or within three business days of the

4

        Bankruptcy Court's entry of an order approving the Settlement Agreement (the "Settlement Payment").  The Settlement Payment shall be wired in accordance with instructions to be provided by the Trustee or will be by check.

    b. Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

    c. Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

    d. Fusion waives any section 502(h) claim.

**D. Homestretch**

  11. As set forth in the Homestretch Settlement Agreement, the primary terms are as follows:

    a. Within five business days from Homestretch's receipt of the Trustee's execution of the Settlement Agreement, Homestretch shall pay to the Trustee the total sum of $70,000.00 (the "Settlement Payment") in accordance with wire instructions to be provided by the Trustee.

    b. Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

    c. Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

    d. Homestrech waives any section 502(h) claim.

**E. ATM**

  12. As set forth in the ATM Settlement Agreement, the primary terms are as follows:

    a. Upon execution of the Settlement Agreement, ATM shall pay to the Trustee the total sum of $6,000.00 (the "Settlement Payment"), with $3,000 paid within 30 days of execution of the Settlement Agreement and $3,000 within 30 days of the initial payment or not

     later than seven days after court approval of a Rule 9019 motion, whichever is later. Payment will be provided by wire in accordance with instructions to be provided by the Trustee.

   b. Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

   c. Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

   d. ATM waives any section 502(h) claim.

**F. Daniel's Amish**

13. As set forth in the Daniel's Amish Settlement Agreement, the primary terms are as follows:

   a. Upon execution of the Settlement Agreement, Daniel's Amish shall pay to the Trustee the total sum of $90,000.00 (the "Settlement Payment"), with $15,000 paid on or before February 10, 2022, $15,000 on or before March 10, 2022, $15,000 on or before April 10, 2022, $15,000 on or before May 10, 2022, $15,000 on or before June 10, 2022, and $15,000 on or before July 10, 2022. Payment will be provided by wire in accordance with instructions to be provided by the Trustee.

   b. Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

   c. Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

   d. Daniel's Amish waives any section 502(h) claim.

**G. Affordable**

14. As set forth in the Affordable Settlement Agreement, the primary terms are as follows:

   a. Upon execution of the Settlement Agreement, Affordable shall pay to the Trustee the total sum of $21,500.00 (the "Settlement

      Payment"). Payment will be provided by wire in accordance with instructions to be provided by the Trustee.

    b.  Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

    c.  Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

    d.  Affordable retains the right to file any section 502(h) claim, and the Trustee does not object to such claim

## Relief Requested

15. By this Motion, the Trustee seeks entry of an order approving the Settlement Agreements, which, as stated above, are attached as Exhibits 1 through 7 to the proposed form of order.

## Basis for Relief Requested

**A. Approval Pursuant to Bankruptcy Rule 9019**

16. Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture

7

>   trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

17. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998). The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

18. In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

19. When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations

8

omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

20. The Trustee believes the Settlement Agreements are fair and reasonable and is in the best interests of the Debtors' estates and creditors, and should be approved pursuant to Bankruptcy Rule 9019. It is the product of good-faith discussions and arms' length bargaining among the Parties. For the reasons outlined below, the Trustee believes that the Settlement Agreements are in the best interests of the Debtors' estates.

21. First, the Settlement Agreements resolve potential costly litigation over recovery of the 90 Day Transfers. The Settlement Agreements are favorable because the estates receive significant cash recoveries from each of the Defendants, as follows:

| Defendant: | Amount Asserted by Trustee in 90 Day Transfers: | Settlement Total: |
| --- | --- | --- |
| Murrows | $83,714.59 | $19,000 |
| Trinity | $31,736.24 | $4,000 |
| Fusion | $1,358,683.50 | $75,000 |
| Homestretch | $465,001.67 | $70,000 |
| ATM | $33,234.93 | $6,000 |
| Daniel's Amish | $529,937.06 | $90,000 |
| Affordable | $251,330.11 | $21,500 |

DOCS_DE:237745.2 05233/003

22. The settlements also avoid any collection difficulties or delays if the Trustee were to file a complaint and litigate the 90 Day Transfers against each of the Defendants, the outcome of which is uncertain and could be delayed by any appeal even assuming a favorable result to the Trustee. In addition, the Settlement Agreements are in the best interests of the estates because the estates receive immediate cash and avoid administrative costs in pursuing litigation against each of the Defendants.

23. Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

24. Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required. The Settlement Agreements provide for, among other terms, a resolution and waiver of potential claims by the Trustee against each of the Defendants. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval). For all the reasons set forth above, the

Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreements are fair, reasonable, and appropriate and should be approved by this Court.

## **Notice**

25. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Defendants; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreements, enter the proposed order, and grant such other relief as is just and proper.

Dated: January 28, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:     bsandler@pszjlaw.com
           crobinson@pszjlaw.com
           pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano Chapter 7 Trustee