## EXHIBIT 7

Affordable Furniture Mfg. Co., Inc.

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Art Van Furniture, LLC, et al. (the "Debtors"),[1] and not in any individual capacity, on the one hand, and AFFORDABLE FURNITURE MFG. CO., INC. (the "Company"), on the other hand. Company and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party."

### Background

WHEREAS, on or about March 8, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) under Case No. 20-10553 in the United States Bankruptcy Court for the District of Delaware; and

WHEREAS, on or about April 26, 2020 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264]; and

WHEREAS, the Debtors and Company had various business relationships prior to the Petition Date; and

WHEREAS, the Debtors' records reflect that Company received payments from the Debtors on account of outstanding indebtedness within the 90 days prior to the Petition Date (the "90 Day Transfers"), which the Trustee believes he can avoid and recover for the benefit of

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463). The location of the Debtors' service address in these chapter 11 cases is: 6500 East 14 Mile Road, Warren Michigan 48092.

the Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 547 and 550, and the Company disputes; and

WHEREAS, the Company denies that it is liable for any 90 Day Transfers under Bankruptcy Code §§ 547 and 550; and

WHEREAS, the Trustee sent a letter to Company concerning the 90 Day Transfers, and the Parties have engaged in good faith, arms' length negotiations to resolve the matter; and

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1. **Recitals.** The recitals set forth above are incorporated herein by reference.

2. **Settlement Amount.** Upon execution of this Settlement Agreement, Company shall pay to the Trustee the sum of $21,500.00 (the "Settlement Payment") in accordance with following wire instructions:

| | |
|---|---|
| Bank: | TriState Capital Bank<br>301 Grant Street, Suite 2700<br>Pittsburgh, PA 15219 |
| ABA #: | 043019003 |
| Swift #: | TRTTUS33 |
| Acct #: | 8100010308 |
| Acct Name: | Sam Levin, Inc. |

If by check, make payment to "A. Giuliano, Chapter 7 Trustee, Sam Levin, Inc.", as addressed to Pachulski Stang Ziehl & Jones LLP, Attn. Jeffrey P. Nolan, 10100 Santa Monica Blvd, Suite 1300, Los Angeles, CA 90067.

3. **Settlement Effective Date.** The effective date of this Settlement Agreement and all of its terms shall be the later of (i) execution by all Parties, (ii) payment of the

2

Settlement Payment, and (iii) entry of an order of the Bankruptcy Court approving the Settlement Agreement (the "Settlement Effective Date").

4. **Trustee's Limited Release.** Effective on the Settlement Effective Date, the Trustee, solely in his capacity as chapter 7 trustee of the Debtors, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Company, its directors, employees, officers and the successors and assigns of any of them (collectively, the "Defendant Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the Defendant Releasees in connection with the 90 Day Transfers.

5. **Company's Limited Release.** Effective on the Settlement Effective Date, the Defendant Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee, the Debtors and their bankruptcy estates, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Defendant

DOCS_LA:341070.3 05233/003

Releasees has, had, may have, or may claim to have against any of the Trustee Releasees solely in connection with the 90 Day Transfers subject to the Company's rights in paragraph 6 below.

6. **Claim Waiver.** Defendant hereby retains the right to file a claim for the Settlement Payment pursuant to any 502(h) claim of the Bankruptcy Code, which the Trustee does not object to said claim.

7. **No Admissions.** This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the 90 Day Transfers.

8. **Expenses.** The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the 90 Day Transfers, and this Settlement Agreement. In the event of any dispute in connection with the enforcement of this Settlement Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceeding, as determined by the Court.

9. **Severability.** The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

10. **Miscellaneous.**

    (a) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding

extend the time for filing any claim that is now time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date this Settlement Agreement is executed as set forth below, subject to the Defendant's right to assert a claim for the settlement payment as described in paragraph 6.

(h) Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(i) In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(j) The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(k) This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Court.

(l) This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(m) The Parties each agree to indemnify the other for any and all costs incurred as a result of any breach of any representation, warranty, or covenant set forth in this Settlement Agreement, including, without limitation, court costs and reasonable attorneys' fees and expenses.

(n) The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

11. **Bankruptcy Court Approval.** Promptly following the Parties' execution of this Agreement, the Trustee shall move for approval of this Agreement by the Bankruptcy Court pursuant to Federal Rules of Bankruptcy Procedure 9019. Until and unless the Bankruptcy Court enters an order of approval, this Agreement shall have no binding effect.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

Dated: __2/12__, ~~2021~~ 2022

Alfred T. Giuliano, solely in his capacity as Chapter 7 Trustee of Art Van Furniture, LLC, et al, which includes Wolf Furniture, a division of Levin Furniture

By: _____
Alfred T. Giuliano, Trustee

Dated: __1/11__, ~~2021~~ 2022

AFFORDABLE FURNITURE MFG. CO., INC.

By: _____
Name: Charles Boxx
Title: VP Administration + Finance

7