# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>ART VAN FURNITURE, LLC, *et al.,*[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CSS)<br><br>Jointly Administered<br><br>**Objection Deadline: March 25, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: April 18, 2022 at 1:00 p.m. (ET)** |

### THIRD OMNIBUS MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the settlement agreements (the "Settlement Agreements")[2] between the Trustee and the following parties:

(a) J. B. Hunt ("Hunt");

(b) Lightning Transportation, Inc. ("Lightning");

(c) Golden Brothers d/b/a Ultracomfort ("Ultracomfort");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the respective Settlement Agreements.

A copy of the Settlement Agreements are attached to the proposed form of order as <u>Exhibits 1 through 3</u>, respectively. In support of this Motion, the Trustee respectfully states as follows:

### **Jurisdiction**

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2. Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

### **Background**

4. On March 8, 2020 (the "<u>Petition Date</u>"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5. On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "<u>Conversion Order</u>") [Docket No. 263] effective April 7, 2020 (the

"Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

6. Following the Conversion Date, after conducting a review and analysis of the Debtors' records, the Trustee determined that the Debtors' records reflect that each of the Defendants received payments from the Debtors on account of outstanding indebtedness within the 90 days prior to the Petition Date (the "90 Day Transfers"), which the Trustee believes he can avoid and recover for the benefit of the Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 547 and 550, and which the Defendants dispute.

7. Thereafter, the Trustee sent a letter to each of the Defendants Company requesting payment of the 90 Day Transfers, and the Parties engaged in good faith, arms' length negotiations to resolve the matters.

## Summary of Settlement Agreements[3]

**A.    Hunt**

8. As set forth in the Hunt Settlement Agreement, the primary terms are as follows:

  a. Upon execution of this Settlement Agreement, Company shall pay to the Trustee the sum of Three Hundred Dollars ($300,000.00 US) (the "Settlement Payment"), on or before the later of March 15, 2022, or (ii) within three business days of the Bankruptcy Court's entry of an order approving the Settlement Agreement. The Settlement Payment shall be made in two separate payments of $150,000.00 each by check in accordance with instructions provided by the Trustee.

  b. Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

---

[3] The summary set forth in the Motion is only a summary. To the extent the summary conflicts with the actual terms of the Settlement Agreements, the actual terms of the Settlement Agreements shall control.

3

        c.        Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

        d.        Hunt waives any section 502(h) claim.

**B.    Lightning**

9.    As set forth in the Lightning Settlement Agreement, the primary terms are as follows:

        a.        Following execution of this Settlement Agreement, Company shall pay to the Trustee the sum of One Hundred and Thirty Thousand Dollars ($130,000.00 US) (the "Settlement Pavment") on or before the later of March 15, 2022, or (ii) within three business days of the Bankruptcy Court's entry of an order approving the Settlement Agreement. Company may pay the Settlement Payment in accordance with instructions provided by the Trustee.

        b.        Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

        c.        Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

        d.        Lightning waives any section 502(h) claim. Notwithstanding the aforementioned, the Company retains any filed or scheduled claims in the bankruptcy cases.

**C.    Ultracomfort**

10.    As set forth in the Fusion Settlement Agreement, the primary terms are as follows:

        a.        Upon execution of this Settlement Agreement, Company shall pay to the Trustee the sum of Thirty Nine Thousand Seven Hundred Forty Nine Dollars $39,749.00 (the "Settlement Payment) on or before the later of March 15, 2022, or (ii) within three business days of the Bankruptcy Court's entry of an order approving the Settlement Agreement, in accordance with instructions provided by the Trustee.

      b.      Effective on the Settlement Effective Date, the Trustee will release the Defendant Releasees solely in connection with the 90 Day Transfers.

      c.      Effective on the Settlement Effective Date, the Defendant Releasees will release the Trustee Releasees solely in connection with the 90 Day Transfers.

      d.      Ultracomfort waives any section 502(h) claim. Notwithstanding the aforementioned, the Company retains any filed claims made in the bankruptcy cases.

### Relief Requested

11.    By this Motion, the Trustee seeks entry of an order approving the Settlement Agreements, which, as stated above, are attached as <u>Exhibits 1 through 3</u> to the proposed form of order.

### Basis for Relief Requested

**A.    Approval Pursuant to Bankruptcy Rule 9019**

12.    Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc). Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

13. Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998). The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

14. In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

15. When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise

is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

16. The Trustee believes the Settlement Agreements are fair and reasonable and is in the best interests of the Debtors' estates and creditors, and should be approved pursuant to Bankruptcy Rule 9019. It is the product of good-faith discussions and arms' length bargaining among the Parties. For the reasons outlined below, the Trustee believes that the Settlement Agreements are in the best interests of the Debtors' estates.

17. First, the Settlement Agreements resolve potential costly litigation over recovery of the 90 Day Transfers. The Settlement Agreements are favorable because the estates receive significant cash recoveries from each of the Defendants, as follows:

| Defendant: | Amount Asserted by Trustee in 90 Day Transfers: | Net of Estimated Defenses | Settlement Total: |
|---|---|---|---|
| Hunt | $3,344,844.71 | $637,000.00 | $300,000.00 |
| Lightning | $633,264.31 | $251,000.00 | $130,000.00 |
| Ultracomfort | $136,464.50 | $70,306.00 | $39,749.00 |

18. The settlements also avoid any collection difficulties or delays if the Trustee were to file a complaint and litigate the 90 Day Transfers against each of the Defendants, the outcome of which is uncertain and could be delayed by any appeal even assuming a favorable result to the Trustee. In addition, the Settlement Agreements are in the best interests of the

estates because the estates receive immediate cash and avoid administrative costs in pursuing litigation against each of the Defendants.

19. Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

20. Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required. The Settlement Agreements provide for, among other terms, a resolution and waiver of potential claims by the Trustee against each of the Defendants. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval). For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreements are fair, reasonable, and appropriate and should be approved by this Court.

**Notice**

21.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of Delaware; (b) each of the Defendants; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreements, enter the proposed order, and grant such other relief as is just and proper.

Dated: March 11, 2022 PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P O Box 8705
Wilmington, DE  19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:     bsandler@pszjlaw.com
                crobinson@pszjlaw.com
                pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano Chapter 7 Trustee