**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | Case No. 20-10553 (CSS) (Jointly Administered) |
| Debtors. | **Re: Docket No. 1398** |

**ORDER APPROVING SUPPLEMENTAL APPLICATION OF THE CHAPTER 7 TRUSTEE FOR AN ORDER AUTHORIZING RETENTION OF ARCHER & GREINER, P.C. AS SPECIAL COUNSEL TO THE CHAPTER 7 TRUSTEE *NUNC PRO TUNC* TO DECEMBER 1, 2020**

Upon the supplemental application (the "Supplemental Application")[2] of Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), pursuant to sections 327(a) and 328 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 2014(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") for entry of a supplemental order expanding and clarifying the Trustee's retention of Archer & Greiner, P.C. ("Archer"), and upon the Supplemental Declaration of David W. Carickhoff annexed thereto (the "Supplemental Carickhoff Declaration"); and this Court having found that it has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334(b); and this Court having found that venue of this case and the Application in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that this matter is a core proceeding pursuant to 28 U.S.C. § 157(b); and this Court having found that due and sufficient

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Supplemental Application.

notice of the Supplemental Application has been given under the particular circumstances and that no other or further notice of the Supplemental Application need be given; and this Court having determined that it may enter a final order consistent with Article III of the United States Constitution; and this Court having found that the legal and factual bases set forth in the Supplemental Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

    IT IS HEREBY ORDERED THAT:

1. The Supplemental Application is GRANTED as set forth herein.

2. Pursuant to sections 327(a) and 328 of the Bankruptcy Code, the scope of the Trustee's employment of Archer as counsel is hereby expanded to include the Litigation Services, with such expanded scope effective as of March 1, 2022.

3. All of Archer's compensation for the Litigation Services, as set forth in the Supplemental Application, including without limitation, the Contingency Fee, hereby is approved pursuant to section 328(a) of the Bankruptcy Code.

4. In connection with the Litigation Services, Archer shall file interim fee applications and a final fee application for compensation and reimbursement of costs and expenses, which shall be analyzed under section 328(a) of the Bankruptcy Code and the Trustee may pay such fees and expenses consistent with an order of this Court approving such applications. Such fee applications shall identify the amounts collected by the estates from the Estate Causes of Action and Archer's relevant contingency fee and detail of the expenses incurred for which reimbursement is sought. In the fee applications, Archer shall not be required to submit the type of detailed time records generally required from professionals seeking compensation under section 330 of the Bankruptcy Code and Del. Bankr. L. R. 2016-2(d).

5.      For the avoidance of doubt, Archer will continue to be compensated for the Investigative Services on an hourly basis through February 28, 2022, and solely in accordance with the terms of the Original Application and the Original Employment Order.  Archer will file interim and final fee applications for Investigative Services in accordance with the terms of the Original Application and the Original Employment Order.

6.      The Trustee and Archer each are authorized and empowered to take all actions necessary or appropriate to implement the relief granted herein.

7.      In the event of an inconsistency between the Supplemental Application and this Order, this Order shall govern.

8.      The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.      This Court shall retain jurisdiction with respect to all matters arising from or related to the Supplemental Application or the implementation of this Order.

**Dated: April 5th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**