IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| ART VAN FURNITURE, LLC, *et al.*,[1] | Case No. 20-10553 (CTG) |
| Debtors. | Jointly Administered |
| | Re: Docket No. 1405 |

**ORDER (A) AUTHORIZING RETENTION OF SARNOFF & BACCASH AS SPECIAL TAX COUNSEL TO THE CHAPTER 7 TRUSTEE, EFFECTIVE AS OF FEBRUARY 26, 2022; (B) APPROVING TAX ASSESSMENT SETTLEMENTS; AND (C) APPROVING FINAL COMPENSATION AND WAIVER UNDER LOCAL RULE 2016-2(h)**

Upon the application (the "Application")[2] of Alfred T. Giuliano, as chapter 7 trustee (the "Trustee") of the estates of the above-captioned debtors (the "Debtors"), pursuant to sections 327(e), 328, and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rules 2014(a), 2016, and 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rules of Bankruptcy Practice and Procedure 2014-1 and 2016 (the "Local Rules"), for entry of an order: (a) authorizing the Trustee to retain Sarnoff & Baccash ("SB"), as special tax counsel to the Trustee effective as of February 26, 2022, for the settlement of real estate tax assessment appeals; (b) approving tax assessment settlement refunds negotiated by SB (the "Settlements"); and (c) approving final compensation of SB for its services to the Trustee in the amount of 25% of each of the Settlements; and upon the Declaration of Peter H. Schnore annexed thereto (the "Declaration") and the supplement to the Application [Docket No. 1416]

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

(the "Supplement"); the Court finding that: (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and reference from the District Court pursuant to 28 U.S.C. § 157; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) based on the Declaration, SB neither has nor represents any interest adverse to the interests of the Debtors' estates, any other parties in interest, or in connection with the Debtors' cases, with respect to the matters for which SB is to be employed by the Trustee; and (d) the Court having determined that the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein; and it appearing to the Court that the said Application should be approved,

IT IS HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to retain and employ SB as his special counsel pursuant to sections 327(e) and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, effective as of February 26, 2022.

3. The Trustee is authorized to pay SB 25% of the Settlements recovery as final compensation for its services, without the need to file a final fee application in these cases. SB is granted a waiver of the timekeeping requirements under Local Rule 2016-2(h).

4. The Settlements in the Tax Appeals are approved pursuant to section 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

5. The Trustee may, in the future, utilize SB for resolution of other pending tax appeals for the Properties or any other properties not disclosed in the Application or the Supplement. Upon resolution of any such tax appeals, the Trustee will file a motion for approval

---

[2] Capitalized terms used herein but not otherwise defined shall have the meanings ascribed to them in the Application.

DOCS_DE:237707.7 05233/003

under Bankruptcy Rule 9019 with a copy of the underlying settlement agreement or order and disclosing the proposed compensation (not to exceed 25%) for SB.

6. The parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlements.

7. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

8. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

**Dated: April 14th, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**