**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),[1]<br><br>               Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.*,<br><br>               Plaintiff,<br><br>vs.<br><br>J. A. LONG, INC.<br><br>               Defendant. | Adv. Proc. No. 22-_____ (CTG) |

**COMPLAINT FOR: (I) BREACH OF CONTRACT, (II) TURNOVER OF AMOUNTS DUE
UNDER FRANCHISE AGREEMENT, (III) ACCOUNT STATED;
(IV) GOODS SOLD AND DELIVERED; (V) OBJECTION TO PROOF OF CLAIM;
(VI) DECLARATORY JUDGMENT; (VII) RECOVERY OF
ATTORNEYS' FEES AND COSTS; AND (VIII) FORECLOSURE OF
<u>SECURED ASSETS OF DEFENDANT</u>**

Plaintiff, Alfred T. Giuliano in his capacity as chapter 7 trustee of Start Man

Furniture, LLC, *et al*. (the "<u>Plaintiff</u>"), for the estates of the above-captioned debtors (the

"<u>Debtors</u>") in the above-captioned cases pending under chapter 7 of title 11 of the United States

Code (the "<u>Bankruptcy Code</u>"), by and through his undersigned counsel, as and for his *Complaint*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

*For: (I) Breach of Contract, (II) Turnover of Amounts Due Under Franchise Agreement, (III) Account Stated; (IV) Goods Sold and Delivered, and (V) Objection to Proof of Claim, (VI) Declaratory Judgment; (VII) Recovery of Attorneys' Fees and Costs; and (VIII) Foreclosure of Secured Assets of Defendant* (the "Complaint") against the above-captioned defendant (the "Defendant"), alleges as follows:

## THE PARTIES

1.       On March 8, 2020, each of the Debtors filed a voluntary petition with this Court under chapter 11 of the Bankruptcy Code.  The Debtors' cases are jointly administered for administrative purposes only.

2.       On April 6, 2020, the Court entered an order [D.I. 263] converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code. On April 7, 2020, Alfred T. Giuliano was appointed as the chapter 7 trustee of the Debtors [D.I. 264].  The Bankruptcy Code authorizes the Trustee to perform the duties exercise the powers, and assert the rights of a trustee under sections 704 and 1106 of the Bankruptcy Code, including without limitation, commencing, prosecuting or settling causes of action, enforcing contracts or asserting claims and defenses on behalf of the Debtors' estates.

3.       Defendant J. A. Long, Inc. is a corporation formed under the laws of the State of Indiana with its principal office address at 2634 East Third Street, Bloomington, Indiana 47401.

## JURISDICTION AND VENUE

4.       The United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court") has jurisdiction over this adversary proceeding under the Bankruptcy Code

pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated February 29, 2012.

5.      This proceeding is a core proceeding within the meaning of 28 U.S.C. § 157(b) and the Bankruptcy Court may enter final orders for the matters contained herein.

6.      Pursuant to Local Bankruptcy Rule 7008-1, the Plaintiff affirms his consent to the entry of final orders or judgments by the Bankruptcy Court if it is determined that the Bankruptcy Court, absent consent of the parties, cannot enter final orders or judgments consistent with Article III of the United States Constitution.

7.      Venue in this District is proper pursuant to 28 U.S.C. §§ 1408 and 1409(a).

## BASIS FOR RELIEF REQUESTED

8.      This adversary proceeding is initiated pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and sections 105(a) and 542 of the Bankruptcy Code.

## FACTS

9.      Prior to the Conversion Date, the Debtors offered customers a wide array of home furnishings under several well-known brands, including Art Van Furniture, Pure Sleep, Scott Shuptrine Interiors, Levin Furniture, Levin Mattress, and Wolf Furniture.

10.      Prior to the Petition Date, Debtor AVF was a franchisor of a nationally recognized chain of furniture stores, and the "Art Van" brand and image were key to the overall value and success of the Debtors' franchise system.  The Debtors' brand and image were based principally on the use of certain trademarks (the "Marks") that the Debtors owned and licensed to authorized franchisees.

11.     The Debtors spent substantial sums for advertising and promotion of the

Marks.  The Marks were distinctive, widely recognized, and engendered a substantial amount of

goodwill and consumer association.

12.     Prior to the Petition Date, Debtor AVF Franchising, LLC ("AVF") and

Defendant were parties to a Franchise Agreement dated June 6, 2016 (the "Franchise

Agreement").  A copy of the Franchise Agreement is attached to this Complaint as **Exhibit A**.

Under the Franchise Agreement, the Defendant operated a furniture store using the Art Van name

selling Art Van products using Art Van's Marks and franchise system.  The Defendant's store

was located at 2634 E. 3rd Street, Bloomington, Indiana 47401 (the "Store").

13.     The Franchise Agreement required the Defendant to, among other things,

pay certain royalties and other fees to AVF as consideration for the use of the Marks.  A failure to

pay such fees and royalties was expressly considered a material breach under the Franchise

Agreement.  *See* Franchise Agreement § 14.

14.     Under the Franchise Agreement, Defendant was obligated to pay various

franchise fees and royalties to AVF.  *See* Franchise Agreement §4.  In particular, Defendant was

required to pay to AVF weekly royalties of 5% on gross sales.  Franchise Agreement § 4.2

Defendant also periodically purchased merchandise from AVF for sale in Defendant's Store.

15.     Attached to this Complaint as **Exhibit B** is a list of amounts due from

Defendant and owed to AVF under the Franchise Agreement (the "Franchisee Payable").  The

aggregate amount due from Defendant to AVF is not less than $111,614.57.

16.     On or about November 12, 2021, the Plaintiff sent a demand letter to

Defendant informing Defendant that it was in default of the Franchise Agreement and that the

Franchisee Payable was due at owing immediately with interest accruing at three percent (3%) per

month and fees due on the amount owed.[2]

### FIRST CLAIM FOR RELIEF
**(Breach of Contact)**

17.    Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

18.    Prior to the Petition Date, as stated above, Debtor AVF and the Defendant

entered into the Franchise Agreement, pursuant to which the Defendant agreed to pay certain

royalties and other fees to AVF as consideration for the use of the Marks, and to pay the Debtors

for any goods sold and delivered to Defendant.

19.    The Franchise Agreement is a valid and an enforceable contract in which the

Defendant was obligated to perform.

20.    The Debtors performed their obligations under the Franchise Agreement

with respect to the use of the Marks by the Defendant and the goods sold to Defendant.

21.    The Defendant's failure to compensate the Debtors under the Franchise

Agreement in an amount not less than the $111,614.57 Franchisee Payable, constitutes a material

breach of the Defendant's obligations under the Franchise Agreement.

22.    As a direct and proximate result of the Defendant's breaches, the Debtors'

estates incurred damages in an amount not less than $111,614.57.

23.    Accordingly, the Plaintiff is entitled to a judgment against the Defendant in

an amount not less than $111,614.57.

---

[2] The demand letter asserted that the Franchisee Payable was $111,962.00. After further reconciliation, the revised Franchise Payable is $111,614.57.

## SECOND CLAIM FOR RELIEF
### (Turnover of Property -- 11 U.S.C. §§ 105(a) and 542)

24.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

25.     The Defendant is in possession, custody or control of the Franchisee Payable as of the date of this Complaint.

26.     The Franchisee Payable that is in the possession, custody or control of the Defendant constitutes property of the Debtors' bankruptcy estates pursuant to section 541(a) of the Bankruptcy Code.

27.     The Plaintiff, on behalf of the Debtors' estates, has the power and authority to take possession, custody or control of Franchisee Payable.

28.     The Plaintiff has made demand for turnover of the Franchise Payable pursuant to section 542 of the Bankruptcy Code.  As of the date of this Complaint, Defendant has not turned over the Franchisee Payable to the Plaintiff.

29.     Pursuant to sections 105(a) and 542(a) of the Bankruptcy Code, the Defendant must deliver the Franchisee Payable to the Plaintiff.

## THIRD CLAIM FOR RELIEF
### (Account Stated)

30.     Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

31.     Debtor AVF sent invoices to Defendant that set forth the amounts due and owing for Defendant's purchase of goods from the Debtors.

32.     Defendant has never objected to the invoices described in **Exhibit B**.

33.     The Plaintiff has demanded that Defendant pay for the goods that it

purchased and received from the Debtors.  Defendant has failed and refused to do so.

34.     There is an account stated, due and owing to Debtors in the amount of

$111,614.57 for the Franchisee Payable, and Plaintiff is entitled to a judgment on that amount.

### FOURTH CLAIM FOR RELIEF
**(Goods Sold and Delivered)**

35.     Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

36.     Within the year prior to the Petition Date, Defendant became indebted to

Debtors for goods sold and delivered to Defendant and for which Defendant promised to pay.

37.     Defendant has failed to pay for the goods, despite the Plaintiff's demand

therefor.  Plaintiff is therefore entitled to a judgment in the amount of the goods.

### FIFTH CLAIM FOR RELIEF
**(Objection to Claim # 3193; Disallowance Under 11 U.S.C. § 502(d))**

38.     Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

39.     Claim No. 3193 asserts a right to payment allegedly owed by one or more of

the Debtors.  A copy of Claim 3193 is attached to this Complaint as **Exhibit C**.

40.     As alleged above, the amount of the Franchisee Payable must be turned over

to the Trustee pursuant to Bankruptcy Code section 542.

41.     Accordingly, pursuant to Bankruptcy Code section 502(d), Claim No. 3193

must be disallowed unless and until Defendant pays to the Trustee an amount equal to the

Franchisee Payable including pre- and post-judgment interest on the amount.

## SIXTH CLAIM FOR RELIEF
### (Declaratory Judgment – 28 U.S.C. §§ 2201, 2202)

42.    Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

43.    The Franchise Agreement provides:

**4.9  No Setoff; Application of Payments**.  Franchisee's obligations for the full
and timely payment of the fees described in this Agreement are absolute and
unconditional.  Franchisee must not delay or withhold the payment of all or part
of those fees based on the alleged nonperformance by FRANCHISOR or for any
other reason or put the fees in escrow or setoff against any claims Franchisee may
allege against FRANCHISOR.  FRANCHISOR may apply any payments received
first to any accrued late charges or interest and then to any delinquent fees or
other amounts outstanding before crediting the payment in the manner specified
by Franchisee or to the current amount due.

Franchise Agreement § 4.9.

44.    To the extent Defendant asserts setoff for lost profits or otherwise seeks

recoupment or any other similar remedy, it may not do so and is prohibited by the express terms

of the Franchise Agreement.

45.    An actual, substantial, and justiciable controversy exists between Plaintiff

and Defendant regarding amounts due and owing under the Franchise Agreement.

46.    In addition, section 16.8 of the Franchise Agreement provides:

**16.8  Jury Waiver; Time Period for Bringing Claims; Limitation of Damages**.
FRANCHISOR AND FRANCHISEE IRREVOCABLY WAIVE TRIAL BY
JURY IN ANY ACTION, PROCEEDING OR COUNTERCLAIM, WHETHER
AT LAW OR IN EQUITY, BROUGHT BY EITHER OF THEM AGAINST THE
OTHER, WHETHER OR NOT THERE ARE OTHER PARTIES IN SUCH
ACTION OR PROCEEDING. ALL CLAIMS ARISING UNDER THIS
AGREEMENT OR FROM THE RELATIONSHIP BETWEEN THE PARTIES
ARE BARRED UNLESS AN ACTION IS FILED AND TIMELY SERVED ON
THE OPPOSING PARTY WITHIN ONE YEAR FROM THE DATE THE
PARTY KNEW OR SHOULD HAVE KNOWN OF THE FACTS CREATING
THE CLAIM, EXCEPT TO THE EXTENT ANY APPLICABLE LAW OR
STATUTE PROVIDES FOR A SHORTER PERIOD OF TIME TO BRING A
CLAIM OR AS OTHERWISE REQUIRED BYLAW.

FRANCHISEE WAIVES IN ANY JUDICIAL ACTION, TO THE FULLEST
EXTENT PERMITTED BY LAW, ANY RIGHT TO OR CLAIM OF ANY
SPECIAL, PUNITIVE OR EXEMPLARY DAMAGES AGAINST
FRANCHISOR AND AGREES THAT IN THE EVENT OF A DISPUTE
BETFRANCHISOREN [sic] THEM, FRANCHISEE WILL BE LIMITED
TO THE RECOVERY OF ANY ACTUAL DAMAGES SUSTAINED BY
FRANCHISEE.

Franchise Agreement § 16.8.

47.     Pursuant to section 16.8 of the Franchise Agreement, Defendant has waived

any right to assert setoff damages or recoupment against the franchisor and is limited to recovering

actual damages.

48.     Accordingly, the Plaintiff seeks a declaratory judgment and order from this

Court under 28 U.S.C. §§ 2201 and 2202 that Defendant may not assert lost profits or any other

damages as setoff or recoupment against amounts it owes the Debtors' estates.

## SEVENTH CLAIM FOR RELIEF
### (Claim for Attorney's Fees and Costs)

49.     Plaintiff repeats and realleges the allegations contained in each preceding

paragraph of the Complaint as though set forth fully herein.

50.     In the event that Plaintiff prevails in this action, Plaintiff also seeks an

award of reasonable attorneys' fees and costs pursuant to Section 16 of the Agreement.

51.     Section 16.7 of the Agreement provides:

If any arbitration or legal action or other proceeding is begun for the enforcement
of this Agreement, or for an alleged dispute, breach, default or misrepresentation
under any term of this Agreement, then FRANCHISOR, if FRANCHISOR is the
prevailing party, is entitled to recover reasonable pre-institution and post-
institution attorneys fees, court costs, and all expenses even if not taxable as court
costs (including all fees and expenses incident to appellate, bankruptcy and post-
judgment proceedings), incurred in the action or proceeding in addition to all
other relief to which FRANCHISOR is entitled. Attorneys fees includes paralegal
fees, administrative costs, investigative costs, costs of expert witnesses, court
reporter fees, sales and use taxes, if any, and all other charges billed by the
attorney to the prevailing party. If FRANCHISOR engages legal counsel because
of Franchisee's failure to pay when due any monies under this Agreement or

submit when due any reports, information or supporting records, or for any failure to otherwise comply with this Agreement, Franchisee must reimburse FRANCHISOR on demand for all of the above listed expenses FRANCHISOR incurs.

52.    Plaintiff has incurred, and will continue to incur, attorneys' fees, costs, and expenses in prosecuting his claims set forth herein, all resulting from Defendant's breach of the Franchise Agreement, which will be supported by evidence at the appropriate time.

## EIGHTH CLAIM FOR RELIEF
### (Foreclosure of Security Interests Under UCC)

53.    Plaintiff repeats and realleges the allegations contained in each preceding paragraph of the Complaint as though set forth fully herein.

54.    Section 4.15 of the Franchise Agreement provides:

**4.15  Initial Investment and Inventory Financing; Security Agreement**. If in FRANCHISOR'S sole opinion Franchisee is financially creditworthy, FRANCHISOR may, at its discretion, offer two (2) types of financing to Franchisee: (a) financing of up to 50% (but not more than $200,000) of the initial investment costs excluding operating costs ("Initial Investment Financing"), and (b) stock inventory financing ("Inventory Financing"). If financing is offered, Franchisee must execute standard promissory notes (Appendix D-2 and D-3) and a standard security agreement in the form of Appendix E with respect to either or both types of financing, as applicable.  Terms of payment with respect to Initial Investment Financing shall be monthly over a period of thirty six (36) months plus interest at the federal prime rate plus 2%.  With respect to Inventory Financing, FRANCHISOR shall have the sole right to determine the maximum amount it will finance.  Interest at the federal prime rate plus 2% will also be charged on any unpaid principal.  Franchisee also must execute the Security Agreement in the form of Exhibit E granting FRANCHISOR or its affiliates a security interest in all unpaid product delivered to Franchisee.

55.    On June 6, 2016, Defendant executed a Security Agreement.  A copy of the Security Agreement is attached to this Complaint as **Exhibit D**.  Pursuant to the Security Agreement, Defendant granted to AVF a continuing security interest in all assets of Defendant including all of the Defendant's Collateral (as defined in the Security Agreement).

56.    On October 5, 2016, Art Van Furniture, Inc. filed a UCC-1 Financing Statement with the Indiana Secretary of State listing Art Van Furniture, Inc. as the secured party

and Defendant as the debtor party.  A copy of the UCC-1 Financing Statement is attached to this

Complaint as **Exhibit E**.[3]

57.    Attached as Exhibit A to the UCC-1 Financing Statement was a collateral

description providing that Art Van Furniture, Inc. was secured in all personal property of

Defendant, including, without limitation:

> All Assets of the [Defendant], and all of the other following described property in
> which [Defendant] now or hereafter acquires an interest in whatever form, and in
> any and all proceeds thereof, the Franchise Agreement between [Defendant] and
> Secured Party dated June 6, 2016, as amended or supplemented, and all rights
> related thereto, inventory, equipment, fixtures, accounts, deposit accounts, goods,
> documents, letter-of-credit rights, chattel paper, and general
> intangibles used in connection with [Defendant's] Art Van Furniture, Inc.
> franchise business located at 2634 E. 3rd Street, Bloomington, Indiana (the
> "Collateral").

58.    UCC § 9-601 provides:

> (a) [Rights of secured party after default.]  After default, a secured party has the
> rights provided in this part and, except as otherwise provided in Section 9-602,
> those provided by agreement of the parties. A secured party:  (1) may reduce a
> claim to judgment, foreclose, or otherwise enforce the claim, security interest, or
> agricultural lien by any available judicial procedure; and (2) if the collateral is
> documents, may proceed either as to the documents or as to the goods they cover.

59.    UCC § 9-609 provides:

> (a) [Possession; rendering equipment unusable; disposition on debtor's premises.]
> After default, a secured party: (1) may take possession of the collateral; and (2)
> without removal, may render equipment unusable and dispose of collateral on a
> debtor's premises under Section 9-610.

> (b) [Judicial and nonjudicial process.] A secured party may proceed under
> subsection (a): (1) pursuant to judicial process; or (2) without judicial process, if it
> proceeds without breach of the peace.

60.    UCC § 9-610 provides:

---

[3] On October 17, 2016, a UCC Financing Statement Amendment was filed to change the name of the secured party
from Art Van Furniture, Inc. to AVF Franchising, LLC, a copy of which amendment is included as **Exhibit D**.

(a) [Disposition after default.]  After default, a secured party may sell, lease, license, or otherwise dispose of any or all of the collateral in its present condition or following any commercially reasonable preparation or processing.

(b) [Commercially reasonable disposition.]  Every aspect of a disposition of collateral, including the method, manner, time, place, and other terms, must be commercially reasonable. If commercially reasonable, a secured party may dispose of collateral by public or private proceedings, by one or more contracts, as a unit or in parcels, and at any time and place and on any terms.

61.     Defendant is in default under the Security Agreement for failure to fulfill its obligations under the Franchise Agreement.

62.     Plaintiff seeks a determination and judgment of foreclosure under the Security Agreement and UCC-1 Financing Statement against Defendant on all "Assets" of the Defendant, as described in Exhibit A to the UCC-1 Financing Statement.

**WHEREFORE**, Plaintiff prays for judgment as follows:

a.     On the first claim for relief, for a determination and judgment that Plaintiff is entitled to recover from Defendant all damages caused by Defendant's breach of the Franchise Agreement in the amount of $111,614.57, plus prejudgment interest thereon;

b.     On the second claim for relief, for a determination and judgment compelling Defendant to turn over the Franchisee Payable amount to Plaintiff;

c.     On the third claim for relief, for a determination and judgment that Plaintiff is entitled to recover from Defendant the amount of goods sold and delivered to Defendant;

d.     On the fourth claim for relief, for a determination and judgment that Plaintiff is entitled to recover from Defendant the amount of goods sold and delivered to Defendant;

e.       On the fifth claim for relief, for disallowance of Claim No. 3193 in accordance with Bankruptcy Code section 502(d) pending payment by Defendant to the Trustee of Franchisee Payable;

f.       On the sixth claim for relief, for a declaratory judgment that Defendant may not assert lost profits or any other damages as setoff or recoupment against amounts it owes the Debtors' estates;

g.       On the seventh claim for relief, for a determination and judgment awarding attorneys' fees and costs to Plaintiff under the Franchise Agreement;

h.       On the eighth claim for relief, for a determination and judgment of foreclosure under the Security Agreement and UCC-1 Financing Statement against Defendant on all "Assets" of the Defendant, as described in Exhibit A to the UCC-1 Financing Statement

i.       For costs of suit incurred herein; and

j.       For such other and further relief as the Court may deem just and proper.

Dated:  May 9, 2022

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*

Bradford J. Sandler (DE Bar No. 4142)
Jason S. Pomerantz, Esq. (CA Bar No. 157216)
Peter J. Keane (DE Bar No. 5503)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, Delaware 19899-8705 (Courier 19801)
Telephone: (302) 652-4100
Facsimile:  (302) 652-4400
Email:    bsandler@pszjlaw.com
              jspomerantz@pszjlaw.com
              pkeane@pszjlaw.com

*Counsel to Plaintiff, Alfred T. Giuliano, Chapter 7 Trustee for the Estates of Start Man Furniture, LLC, et al.*