**EXHIBIT C**

**Fill in this information to identify the case:**

Debtor 1   Art Van Furniture, LLC
Debtor 2
(Spouse, if filing)
United States Bankruptcy Court   **District of Delaware**
Case number:  **20–10553**

FILED
**U.S. Bankruptcy Court
District of Delaware**
6/16/2020
**Una O'Boyle, Clerk**

# Official Form 410
## Proof of Claim

04/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

**Filers must leave out or redact** information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. **Do not send original documents;** they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

**Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy** (Form 309) **that you received.**

### Part 1: Identify the Claim

**1. Who is the current creditor?**

Lynns Furniture, LLC and AV215, LLC

Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor

**2. Has this claim been acquired from someone else?**

☑ No
☐ Yes. From whom?

**3. Where should notices and payments to the creditor be sent?**

Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

**Where should notices to the creditor be sent?**

Lynns Furniture, LLC and AV215, LLC
Name

Michael Busenkell
1201 North Orange Street, Suite 300
Wilmington, DE 19801

Contact phone   302–416–3344

Contact email   mbusenkell@gsbblaw.com

**Where should payments to the creditor be sent?** (if different)

Craig Scott Lynn
Name

1250 Meadowbrook Drive

Crown Point, IN 46307

Contact phone

Contact email   slynn@artvanportage.com

Uniform claim identifier for electronic payments in chapter 13 (if you use one):

**4. Does this claim amend one already filed?**

☑ No
☐ Yes. Claim number on court claims registry (if known)         Filed on _____
                                                                  MM / DD / YYYY

**5. Do you know if anyone else has filed a proof of claim for this claim?**

☑ No
☐ Yes. Who made the earlier filing?

Official Form 410                           Proof of Claim                                page 1

**Part 2: Give Information About the Claim as of the Date the Case Was Filed**

| | | |
|---|---|---|
| 6. Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ | |
| 7. How much is the claim? | $ 245400.00 | **Does this amount include interest or other charges?**<br>☑ No<br>☐ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card. Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br>Limit disclosing information that is entitled to privacy, such as healthcare information.<br><br>Rejection of Franchise Agreement | |
| 9. Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br>**Nature of property:**<br>☐ Real estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410–A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☑ Other. Describe: secured to the extent of setoff<br><br>**Basis for perfection:** see other<br><br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>**Value of property:** $ _____<br>**Amount of the claim that is secured:** $ 245400.00<br>**Amount of the claim that is unsecured:** $ 0.00   (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>**Amount necessary to cure any default as of the date of the petition:** $ _____<br><br>**Annual Interest Rate** (when case was filed)   0.00 %<br>☑ Fixed<br>☐ Variable | |
| 10. Is this claim based on a lease? | ☑ No<br>☐ Yes. **Amount necessary to cure any default as of the date of the petition.** $ _____ | |
| 11. Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ | |

Official Form 410            Proof of Claim            page 2

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | ☒ No<br>☐ Yes. *Check all that apply*: | **Amount entitled to priority** |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(_) that applies | $ |
| | * Amounts are subject to adjustment on 4/1/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

**The person completing this proof of claim must sign and date it. FRBP 9011(b).**

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

**A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157 and 3571.**

Check the appropriate box:

☒ I am the creditor.
☐ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this Proof of Claim serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date   6/16/2020
                    MM / DD / YYYY

/s/  Craig Scott Lynn
Signature

Print the name of the person who is completing and signing this claim:

Name       Craig Scott Lynn
           First name    Middle name    Last name

Title

Company    Lynn's Furniture, LLC & AV215, LLC
           Identify the corporate servicer as the company if the authorized agent is a servicer

Address    1250 Meadowbrook Drive
           Number   Street
           Crown Point, IN 46307
           City   State   ZIP Code

Contact phone                        Email   slynn@artvanportage.com

# ADDENDUM TO PROOF OF CLAIM

## I. NOTICE RESPECTING THIS CLAIM

In addition to the name and address provided on the attached Proof of Claim form, all notices with respect to any claim of Lynn's Furniture, LLC and AV215, LLC ("Claimants") must be served upon the following:

| | |
|---|---|
| Gellert Scali Busenkell & Brown, LLC | Lynn's Furniture, LLC & AV215, LLC |
| Attn: Michael Busenkell, Esq. | Attn: Craig Scott Lynn |
| 1201 N. Orange St., Ste. 300 | 1250 Meadowbrook Drive |
| Wilmington, DE 19801 | Crown Point, IN 46307 |

## II. NATURE OF CLAIM

Claimants assert a claim ("Claim") against the Debtors, Art Van Furniture, LLC, *et al.* (the "Debtors"), in an amount not less than $245,400 based on rejection of that certain franchise agreement (the "Franchise Agreement"). In rejecting the Franchise Agreement, Claimants have incurred damages in the amount of $245,400 based on losses outlined in **Exhibit A**.

By filing this Proof of Claim, Claimants reserve all rights against the Debtors. Among other things, Claimants preserve any and all rights they have to taxes, fees, expenses, costs, damages and/or other charges owed. Nothing in this Addendum or the accompanying Proof of Claim limits Claimants' rights.

## III. CLASSIFICATION OF CLAIMS

Claimants' Claim is a general unsecured claim for the damages resulting from breach of contract by virtue of the rejection of the Franchise Agreement; however, it is secured to the extent of setoff.

## IV. SUPPORTING DOCUMENTS

The documents upon which the Claim is based include, among other things, the itemized list of amounts due attached as **Exhibit A**.

## V. NO SETOFF

To the best of Claimants' knowledge, the claim set forth in this Proof of Claim is not subject to any valid setoff or counterclaim by the Debtors; *provided, however,* that any setoff or recoupment rights that the Claimants may possess are expressly reserved and are not waived.

## VI. ADMINISTRATIVE EXPENSE CLAIMS

This Proof of Claim is without prejudice to other claims, if any, that the Claimants have or may have for payment of any administrative expense allowable under Section 503(b) of the Bankruptcy Code or otherwise with respect to any transaction, whether or not such amounts are included in this Proof of Claim, and the right to file such claim or any similar claim at an appropriate time is expressly reserved.

## VII. ADDITIONAL PROOFS OF CLAIM

This Proof of Claim is filed without prejudice to the filing by, or on behalf of, the Claimants of additional proofs of claim with respect to any other liability or indebtedness of the Debtors. All procedural and substantive defenses and rights with respect to any claim that may be asserted against the Claimants by the Debtors or any other party in interest in these bankruptcy cases or otherwise, or by any other person or entity whatsoever, are specifically preserved.

## VIII. NO WAIVER

Filing of this Proof of Claim is not and should not be construed to be: (a) a waiver or release of the Claimants' rights against any other entity or person liable for all or part of any claim described herein; (b) a waiver of the right to seek to have the reference withdraw with respect to (i) the subject matter of these claims, (ii) any objection or other proceedings commenced with respect thereto, or (iii) any other proceedings commenced in these cases against or otherwise involving the Claimants; (c) a waiver of any right to the subordination, in favor of the Claimants, of indebtedness or liens held by creditors of the Debtors; or (d) an election of remedy which waives or otherwise affects any other remedy of the Claimants.

## IX. RESERVATION OF RIGHTS

This Proof of Claim is filed with full reservation of rights, including the right to assert additional, supplementary and/or amended proofs of claim and requests for administrative expense reimbursements based on events, information and/or documents obtained from the Debtors or others through discovery or otherwise. Without in any way limiting the foregoing, the Claimants' rights to assert any claim they may have against the Debtors, or against any other party or property other than the Debtors and their estates, are expressly reserved. This Proof of Claim is conditional only and is not intended, nor should it be construed as the Claimants' consent to jurisdiction in the District of Delaware, or as a waiver of the Claimants' right to a trial by jury in any action or proceeding.

# **Exhibit A**

## Lynn's Furniture and AV215 LLC's Damages

| Damages Incurred | Loss Valuation Explanation | Value of Loss |
|---|---|---|
| Lost Profits | Art Van cut off supply of goods when Claimants had an entire truckload sold. Lost Sales were $60,000. Gross profit of $26,400 was lost. | $26,400.00 |
| | As a result of the rejection of the Franchise Agreement, AV215LLC must liquidate the Art Van exclusive inventory at a discount. The retail value for the exclusive AVF inventory is $275,000; the discounted value is $175,000, for a loss of $100,000. | $100,000.00 |
| Losses based in Detrimental Reliance on Franchise Agreement | Claimants are unable to enjoy the use of Exterior Signage purchased based on detrimental reliance for $40,000 to last the full 10-year term of the Franchise Agreement. As a result of the rejection of the Franchise Agreement by the AV215LLC lost approximately $24,000. | $24,000.00 |
| | Unable to enjoy the use of Art Van Exclusive Point of Sale System for the full 10-year term agreement AV215LLC paid $20,000 for 10-year term of agreement. As a result of the rejection of the Franchise Agreement by Art Van, Claimants were only able to use it for 4 years. Loss value of 6 years for a loss of $12,000. | $12,000.00 |
| Advertising paid to Debtors in the National Marketing Fund but not spent on Advertising | 1% of written sales collected from Jan 2016 – March 2020 for the National Marketing Fund and remitted to the Debtor for advertising but that was not spent on such advertising. | $83,000.00 |
| | **Total:** | **$245,400** |