## **EXHIBIT E**

**SECOND AMENDED AND RESTATED**
**PROMISSORY NOTE**
(Term Loan)

ART VAN:

Art Van Furniture, LLC
6500 E. 14 Mile Road
Warren, MI  48092

$376,432.83                                                                                            July 13, 2017

**Promise To Pay.** FOR VALUE RECEIVED, on or before February 28, 2019 (the "**Maturity Date**"), SIMPSON FURNITURE COMPANY, an Iowa Company, (the "**Borrower**"), promises to pay to the order of ART VAN FURNITURE, LLC, a Delaware limited liability company (successor by conversion to Art Van Furniture, Inc., a Michigan corporation) ("**Art Van**"), the principal amount of Three Hundred Seventy-Six Thousand Four Hundred Thirty-Two and 83/100 Dollars ($376,432.83) (the "**Borrowing**"), plus interest as provided herein, less such amounts as shall have been repaid in accordance with this Second Amended and Restated Promissory Note (this "**Note**"). Interest shall be calculated based on a 360-day year and charged for the actual number of days elapsed.

This Note amends and restates in its entirety that certain Amended and Restated Promissory Note (Term Loan) dated February 28, 2017, made by the Borrower in favor of Art Van in the original principal amount of Four Hundred Fifty Thousand and 00/100 Dollars ($450,000.00) (the "**Existing Note**"); provided, that this Note is given solely in substitution of the Existing Note and not in repayment or satisfaction thereof.

This Note is the Note referred to in that certain Security Agreement dated February 28, 2017, by and between the Borrower and Art Van, as may be further amended, restated supplemented or otherwise modified and in effect from time to time (the "Security Agreement").

**Interest Rate.** The principal sum outstanding shall bear interest at a rate of six (6%) percent per annum.

**Default Interest Rate.** On the Maturity Date or, if earlier, when an Event of Default (as hereafter defined) occurs, the interest rate shall be lesser of ten (10%) percent per annum or the maximum rate permitted by law. Any interest payment which would be deemed unlawful for any reason under applicable law shall be applied to the outstanding principal balance of this Note.

**Payment of Principal and Interest.** Payments in United States federal funds immediately available at the place designated for payment received by Art Van prior to 2:00 p.m. local time on a day on which Art Van is open for business at said place of payment (a "Business Day") shall be credited prior to close of business, while other payments, at the option of Art Van, may not be credited until immediately available to Art Van in federal funds at the place designated for payment prior to 2:00 p.m. local time on the next Business Day. Principal and Interest shall be payable in consecutive monthly installments as follows:

(i)     Beginning on July 28, 2017 and continuing on the twenty-eighth (28th) day of each and every calendar month thereafter (the "Payment Date"), through and including July 28,

1

2018, Borrower shall pay to Art Van interest only on the principal balance (One Thousand Eight Hundred Eighty-Two and 16/100 Dollars ($1,882.16)); and

(ii)     From August 28, 2018 and on the 28th day of each month thereafter until paid in full, Borrower shall pay to Art Van the sum of Sixteen Thousand Six Hundred Eighty-Three and 73/100 Dollars ($16,683.73).

Except as otherwise specifically provided for herein, on August 28, 2020 (the "Maturity Date"), the entire outstanding principal balance hereof, together with all accrued but unpaid interest thereon, shall be due and payable in full. In the event any Payment Date falls on a day which is not a Business Day, such payment will be made on the first Business Day succeeding such scheduled due date.

**Late Charge.** If any monthly installment of principal or interest is not paid within 15 days after it is due, Borrower shall pay to Art Van a late charge in an amount equal to three percent (3%) of the payment amount that was due as of the date the late charge is assessed. This is in addition to Art Van's other rights and remedies for default in payment of an installment of principal or interest when due.

**Expenses and Fees.** Borrower shall reimburse Art Van for all out-of-pocket expenses heretofore or hereafter incurred by Art Van in connection with making the loan evidenced by this Note and in connection with taking any security for the loan, including, without limitation, filing and recording fees, reasonable attorneys' fees, expenses, and costs, including all costs, expenses and attorneys' fees incurred by Art Van for collection of amounts due hereunder. Each reasonable out-of-pocket expense (if not reimbursed to Art Van on or before the date of this Note) shall be reimbursed to Art Van at the time of the first required payment under this Note after the expense is incurred.

ADDITIONAL PROVISIONS:

1.      **Prepayments.** Borrower may prepay all or part of the principal of this Note at any time without penalty. Any partial prepayment will be applied to the installment or installments last falling due under this Note, and a partial prepayment shall not affect the amount or time of payment of succeeding required installments.

2.      **Security.**

(a)     This Note and all obligations of Borrower hereunder are secured by any and all security agreements, mortgages, guaranties, assignments and all other agreements and instruments heretofore or hereafter given by Borrower or any third party to Art Van given in connection with this Note (the "**Security Documents**"). As additional security for the payment of Borrower's obligations under this Note, Borrower grants to Art Van a security interest in all tangible and intangible property of Borrower now or hereafter in the possession of Art Van.

3.      **Default.** The occurrence of any of the following events shall constitute, for purposes of this Note, an event of default (each, an "**Event of Default**"):

(a)     Failure by Borrower to pay any amount owing under this Note within ten (10) days of the date when due, whether by maturity, acceleration or otherwise.

(b)     Any failure by Borrower to comply with any of the terms, provisions, representations, warranties or covenants of this Note.

2

(c)     Any breach or failure by Borrower or any third party to comply with any of the terms, provisions, representations, warranties or covenants of any other Security Document which is not cured within any applicable cure period.

(d)     The insolvency of Borrower or any guarantor or the admission in writing of the Borrower's or the Guarantor's inability to pay debts as they mature.

(e)     If Borrower or any Guarantor is a natural person, the death or legal incompetence of Borrower or any Guarantor.

(f)     Any statement, representation or information made or furnished by or on behalf of Borrower or any Guarantor to Art Van in connection with or to induce Art Van to provide any of the indebtedness under this Note shall prove to be false in material respects or materially misleading when made or furnished.

(g)     Institution of bankruptcy, reorganization, insolvency or other similar proceedings by or against Borrower or any Guarantor, and if filed against Borrower or any Guarantor, not discharged within sixty (60) days of the institution thereof.

(h)     Any lien, attachment, garnishment, execution, levy or similar process shall at any time be placed upon any assets of Borrower or any Guarantor which is not discharged within thirty (30) of the placement thereof.

(i)     Any judgment or judgments for the payment of money shall be rendered against Borrower or any Guarantor, and any such judgment shall remain unsatisfied and in effect for more than thirty (30) days without a stay of execution.

(j)     Sale or other disposition by Borrower of a substantial portion of assets or property, or the death, dissolution, merger, consolidation, termination of existence, insolvency, or assignment for the benefit of creditors of or by Borrower or any Guarantor.

(k)     The revocation or attempted revocation by any Guarantor of its guaranty of the indebtedness evidenced by this Note.

(l)     Default by Borrower of any agreement or obligation to AVF Franchising, LLC.

Upon the occurrence of any Event of Default, all or any part of the indebtedness evidenced hereby, and all or any part of all other indebtedness and obligations then owing by Borrower to Art Van shall, at the option of Art Van, become immediately due and payable without notice or demand and Art Van shall have all rights and remedies under the Security Documents.

4.     **Representations.**  Borrower represents and warrants to Art Van, as long as the Note remains outstanding, as follows:

(a)     **Organization and Qualification.**  If Borrower is an entity, then Borrower is duly organized, validly existing and in good standing under the laws of the State of its incorporation or organization, has the power and authority to carry on its business and to enter into and perform all documents relating to this loan transaction, and is qualified and licensed to do business in each jurisdiction in

3

which such qualification or licensing is required. All information provided to Art Van with respect to Borrower and its operations is true and correct.

(b) **Authority**. The execution, delivery and performance of this Note and all documents executed in connection therewith by Borrower do not require the consent or approval of any other person, regulatory authority or governmental body; and do not conflict with, result in a violation of, or constitute a default under (i) any provision of any other agreement or instrument binding upon Borrower, or (ii) any law, governmental regulation, court decree or order applicable to Borrower.

(c) **Legal Effect**. This Note, and any instrument or agreement required hereunder to be given by Borrower, when delivered, will constitute, legal, valid and binding obligations of Borrower enforceable against Borrower in accordance with their respective terms.

(d) **No Litigation**. There are no pending or to Borrower's knowledge, threatened, suits or proceedings, before any court, governmental agency, regulatory body, or administrative tribunal, to which such Borrower is a party or by which its property may be affected and which may result in any material change in the financial condition of Borrower.

(e) **Financial Condition**. All financial information of Borrower delivered to Art Van and to AVF Franchising, LLC as of the date hereof is correct and complete in all material respects and accurately represents the financial condition of such Borrower on the dates thereof. There has been no material adverse change in the business, property or condition of the Borrower since the date of the most recent financial information delivered to Art Van. Borrower has no material contingent obligations except as disclosed in such financial information.

(f) **Business**. Borrower is not a party to or subject to any agreement or restriction that may have a material adverse effect on Borrower's business, properties or prospects.

(g) **Licenses**. Borrower has all licenses, permits, franchises, authorizations, patents, trademarks, copyrights and other rights necessary to advantageously conduct its business, all of which are in full force and effect and none of the foregoing are in known conflict with the rights of others.

(h) **Laws**. Borrower is in material compliance with all laws, regulations, rulings, orders, injunctions, decrees, conditions or other requirements applicable to or imposed upon Borrower by any law or by any governmental authority, court or agency.

(i) **Taxes**. Borrower shall timely file all required tax returns and reports that are required to be filed by it in connection with any federal, state and local tax, duty or charge levied, assessed or imposed upon Borrower or its assets, including unemployment, social security, and real estate taxes, and Borrower has paid all taxes which are now due and payable; no taxing authority has asserted or assessed any additional tax liabilities against Borrower which are outstanding on this date.

4

(j)      **ERISA**. Borrower is not and shall not become a contributing employer with respect to a multi-employer benefit plan within the meaning of Section 3(37)(A) of ERISA (29 U.S.C. 1002), as amended, by Section 302 of the Multi-Employer Pension Plan Amendments Act of 1980; or establish for any of its employees any employee benefit plan that has, or may in the future, incur any unfunded past service liability.

(k)      **Solvency**. Borrower is Solvent and upon consummation of the transactions contemplated herein will be Solvent. "**Solvent**" means that: (i) the total amount of Borrower's assets is in excess of the total amount of its liabilities (including contingent liabilities), at a fair valuation; (ii) Borrower does not have unreasonably small capital for the business and transactions in which Borrower is engaged or is about to engage; and (iii) Borrower does not intend to or believe it will incur obligations beyond its ability to pay as they become due.

5.      **Covenants**. Borrower covenants and agrees with Art Van that, as long as the Note remains outstanding:

(a)      **Insurance**. At its own cost, Borrower shall obtain and maintain insurance against (a) loss, destruction or damage to its properties and business of the kinds and in the amounts customarily insured against by corporations with established reputations engaged in the same or similar business as Borrower and, in any event, sufficient to fully protect Art Van's interest in the collateral securing this Note, and (b) insurance against public liability and third party property damage of the kinds and in the amounts customarily insured against by corporations with established reputations engaged in the same or similar business as Borrower. All such policies shall (i) be issued by financially sound and reputable insurers, (ii) name Art Van as an additional insured and, where applicable, as loss payee under a Art Van loss payable endorsement satisfactory to Art Van, and (iii) shall provide for thirty (30) days written notice to Art Van before such policy is altered or canceled. All of the insurance policies required hereby shall be evidenced by one or more Certificates of Insurance delivered to Art Van by Borrower at such times as Art Van may request from time to time.

(b)      **Litigation; Event of Default**. Borrower shall promptly inform Art Van in writing of (i) all material adverse changes in Borrower's financial condition; and (ii) all existing and all threatened litigation, claims, investigations, administrative proceedings or similar actions affecting Borrower or any assets pledged as collateral to secure payment of this Note that could materially affect the financial condition of Borrower; and (iii) the occurrence of any Event of Default or the occurrence of any event which might mature into such an Event of Default.

(c)      **Financial Records**. Borrower shall maintain books and records in accordance with sound accounting principles consistently applied and permit Art Van to examine and audit Borrower's books and records at all reasonable times.

(d)      **Additional Information**. Furnish such financial reports, information and statements, list of assets and liabilities, tax returns and other reports with respect to the Borrower's financial condition as Art Van may reasonably request from time to time.

5

(e) **Merger; Disposition of Assets**.  Borrower shall not (a) change its capital structure, (b) merge  consolidate with any entity, (c) amend or change its entity documents (e.g., articles of organization, articles of incorporation, operating agreement, and bylaws), or (d) sell, lease, transfer or otherwise dispose of, or grant any person an option to acquire, or sell and leaseback, all or any substantial portion of its assets, whether now owned or hereafter acquired, except for bona fide sales of inventory in the ordinary course of business and dispositions of property which is obsolete and not used or useful in its business.

(f) **Name Change**.  Borrower shall not change its name, fiscal year, or method of accounting (except as required by sound accounting principles consistently applied), and except that Borrower may change its name so long as Borrower has given Art Van 60 days' prior written notice and taken such action as Art Van deems necessary to continue the perfection of Art Van's security interests and/or liens.

(g) **Extensions of Credit**.  Borrower will not make loans, advances or extensions of credit to any other entity.

(h) **Change of Control**.  There shall be no direct or indirect change in the composition or control or ownership of Borrower or any of its members without Art Van's prior written consent.

(i) **Existence**.  Borrower shall maintain the entity existence in good standing in the State of their incorporation, including any licenses which may be necessary in order for Borrower to conduct business operations.

(j) **Distributions**.  After the occurrence of any Event of Default, Borrower shall not make dividends or distributions with respect to (whether by reduction of capital or otherwise) any shares of its stock or membership interests (as the case may be) without the prior written consent of Art Van.  Borrower will not purchase, redeem, retire or otherwise acquire any of their stock or membership interests (as the case may be), or make any commitment to do so without the prior written consent of Art Van.

(k) **Indebtedness**.  Borrower shall not borrow money or act as guarantor of any loan or other obligation or make loans, advances or extensions of credit to any other person or entity without Art Van's prior written consent.

(l) **Advances**.  Borrower shall not make any intercompany advances or any advances or loans to any of its employees, officers, or directors without the prior written consent of Art Van.

(m) **Liens**.  Borrower shall not permit any lien to exist on its assets for a period in excess of thirty (30) days after written notice by Art Van without bonding or indemnification satisfactory to Art Van with respect to any such lien.

(n) **Subordination**.  All indebtedness owed by Borrower to any of the officers, directors, shareholders, employees, members, managers or partners of Borrower shall be fully subordinated to the loan under this Note.

6

(o)    **Payment of Taxes**. Borrower shall pay, prior to imposition of a penalty or late charge for nonpayment, all taxes, assessments and other governmental charges imposed upon its properties or its other assets, franchises, business, income or profits before any penalty or interest accrues thereon, and all claims (including, without limitation, claims for labor, services, materials and supplies) for sums which by law might be a lien or charge upon any of its assets, provided that (unless any material item or property would be lost, forfeited or materially damaged as a result thereof) no such charge or claim need be paid if it is being diligently contested in good faith, if Art Van is notified in advance of such contest and if Borrower establishes an adequate reserve or other appropriate provision required by generally accepted accounting principles and deposits with Art Van cash or bond in an amount acceptable to Art Van.

(p)    **Compliance**. Borrower shall comply with all federal, state and local laws, regulations and orders applicable to Borrower or its assets including but not limited to all environmental laws, in all respects material to Borrower's business, assets or prospects and shall immediately notify Art Van of any violation of any rule, regulations, statute, ordinance, order or law relating to the public health or the environment and of any complaint or notifications received by Borrower regarding to any environmental or safety and health rule, regulation, statute, ordinance or law.  Borrower shall obtain and maintain any and all licenses, permits, franchises, governmental authorizations, patents, trademarks, copyrights or other rights necessary for the ownership of its properties and the advantageous conduct of its business and as may be required from time to time by applicable law.

(q)    **Failure to Pay Taxes**.    If Borrower fails to pay any tax, assessment, governmental charge or levy or to maintain insurance within the time permitted or required by this Note or any other Security Document, or to discharge any lien prohibited hereby, or to comply with any other obligations hereunder, Art Van may, but shall not be obligated to, pay, satisfy, discharge or bond the same for the account of Borrower, and to the extent permitted by law and at the option of Art Van, all monies so paid by Art Van on behalf of Borrower shall be deemed obligations hereunder.

(r)    **Further Assurances**.   Borrower shall execute, acknowledge and deliver, or cause to be executed, acknowledged or delivered, any and all such further assurances and other agreements or instruments, and take or cause to be taken all such other action, as shall be reasonably necessary from time to time to give full effect to this Note and Security Documents and the transactions contemplated thereby.

6.    **Place and Application of Payments**. Each payment upon this Note shall be made at any of Art Van's offices or such other place as the holder hereof may direct in writing.  Any payment upon this Note shall be applied first to any accrued and unpaid interest, then to the unpaid principal balance, then to any expenses or loan processing fee then due and payable to Art Van and then to any unpaid late charges, except that after the Maturity Date of this Note or after the occurrence of an Event of Default, Art Van may apply any payment or collection to any such amounts owing under this Note in such manner as Art Van shall determine in its sole discretion.  The manner of application of any such payment, as between or among such indebtedness and obligations, shall be determined by Art Van in its sole discretion.

7

7.     **Maximum Interest Rate.** Notwithstanding any other provision of this Note, Art Van shall never be entitled to charge, take or receive as interest on this Note any amount in excess of the highest rate to which Borrower may lawfully agree in writing ("**Maximum Rate**"). If Art Van ever receives interest in excess of the Maximum Rate, the excess shall be considered a partial prepayment of the principal of this Note or, if the principal has been paid in full, shall be refunded to Borrower.

8.     **Remedies.** Art Van shall have all rights and remedies provided by law and by agreement of Borrower. The remedies of Art Van are cumulative and not exclusive. Any requirement of reasonable notice with respect to any sale or other disposition of collateral shall be met if Art Van sends the notice at least five (5) days before the date of sale or other disposition. Borrower agrees to pay any and all reasonable expenses, including reasonable attorneys' fees and legal expenses, paid or incurred by Art Van in protecting and enforcing the rights of and obligations to Art Van under any provision of this Note.

9.     **Waivers.** No delay by Art Van in the exercise of any right or remedy shall operate as a waiver thereof. No single or partial exercise by Art Van of any right or remedy shall preclude any other or future exercise thereof or the exercise of any other right or remedy. No waiver by Art Van of any default or of any provision hereof shall be effective unless in writing and signed by Art Van. No waiver of any right or remedy on one occasion shall be a waiver of that right or remedy on any future occasion. Borrower waives demand for payment, presentment, notice of dishonor and protest of this Note and consents to any extension or postponement of time of its payment, to any substitution, exchange or release of all or any part of any security given to secure this Note, to the addition of any party hereto, and to the release, discharge, waiver, modification, or suspension of any rights and remedies against any person who may be liable for the indebtedness evidenced by this Note.

10.     **Notice.** All notices, demands and requests required or permitted to be given to Borrower or Art Van hereunder or by law shall be in writing and shall be deemed delivered upon either: (1) personal delivery thereof; or (2) one day after mailing by nationally recognized overnight carrier; or (3) two days after mailing by certified mail, return receipt requested by United States mail, postage prepaid to the respective addresses set forth below:

If to Borrower:

Dale Emmert
3019 Neola Street
Cedar Falls, Iowa  50613

If to Art Van:

General Counsel and Vice President of Legal Affairs
6500 E. 14 Mile Road
Warren, MI  49092

11.     **Applicable Law and Jurisdiction.** This Note shall be governed by and interpreted according to the laws of the State of Michigan, without giving effect to principles of conflict of laws. Borrower irrevocably agrees and consents that any action against Borrower for collection or enforcement of this Note may be brought in any state or federal court within the State of Michigan that has subject matter jurisdiction and where venue is in compliance with Michigan law.

12.     **Partial Invalidity.** The invalidity or unenforceability of any provision of this Note shall not affect the validity or enforceability of the remaining provisions of this Note.

8

13. **Waiver of Jury Trial.** BORROWER AND ART VAN ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL ONE, BUT THAT IT MAY BE WAIVED. EACH PARTY, AFTER CONSULTING (OR HAVING HAD THE OPPORTUNITY TO CONSULT) WITH COUNSEL OF THEIR CHOICE, KNOWINGLY AND VOLUNTARILY, AND FOR THEIR MUTUAL BENEFIT, WAIVES ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION REGARDING THE PERFORMANCE OR ENFORCEMENT OF, OR IN ANY WAY RELATED TO THIS NOTE, THE LOAN DOCUMENTS EXECUTED IN CONNECTION HEREWITH OR THE INDEBTEDNESS.

14. **Entire Agreement.** Borrower acknowledges and confirms that this Note and the documents referred to herein constitute the entire agreement between Borrower and Art Van, and that there are no conditions or understanding between the parties that are not expressed therein.

15. **Severability.** The declaration of invalidity or unenforceability of any provision of this Note or the documents referred to herein shall not affect the validity or enforceability of the remaining provisions of any of the foregoing.

16. **Joint and Several Liability.** If Borrower is more than one person, firm or corporation, (a) each of them is primarily liable on this Note, (b) receipt of value by any one of them constitutes receipt of value by both or all of them, (c) their liability on this Note is joint and several, and (d) the term "Borrower" means each of them and all of them.

17. **Release of Claims against Art Van.** In consideration of Art Van's agreeing to the terms of this Note, Borrower waives, releases and affirmatively agrees not to allege or otherwise pursue any and all defenses, affirmative defenses, counterclaims, claims, causes of action, setoffs or other rights that it may have, or claim to have for any and all claims, harm, injury and damage of any and every kind, known or unknown, legal or equitable, which Borrower has, or may claim to have, against Art Van, its directors, officers, employees, attorneys, affiliates and agents from the date of the Borrower's first contact with Art Van up to the date of this Note.

This Second Amended and Restated Promissory Note (Term Loan) is executed as of the date first above written.

Borrower:

SIMPSON FURNITURE COMANY,

By: _____
Name: Doug Emmert
Its: President and Chief Executive Officer

9

**AMENDED AND RESTATED**
**PROMISSORY NOTE**
(Term Loan)

ART VAN:

Art Van Furniture, Inc.
6500 E. 14 Mile Road
Warren, MI  48092

$450,000.00                                                       February 28, 2017

     **Promise To Pay.**  FOR VALUE RECEIVED, on or before February 28, 2019 (the "**Maturity Date**"), SIMPSON FURNITURE COMPANY, an Iowa Company, (the "**Borrower**"), promises to pay to the order of ART VAN FURNITURE, INC., a Michigan corporation ("**Art Van**"), the principal amount of Four Hundred Fifty Thousand and 00/100 Dollars ($450,000.00) (the "**Borrowing**"), plus interest as provided herein, less such amounts as shall have been repaid in accordance with this Amended and Restated Promissory Note (this "**Note**").  Interest shall be calculated based on a 360-day year and charged for the actual number of days elapsed.

     This Note amends and restates in its entirety that certain Promissory Note (Term Loan) dated August 16, 2016, made by the Borrower in favor of Art Van in the original principal amount of Nine Hundred Sixty Thousand Two Hundred Fifteen and 91/100 Dollars ($960,215.91) (the "**Existing Note**"); provided, that this Note is given solely in substitution of the Existing Note and not in repayment or satisfaction thereof.  The Borrower hereby acknowledges and agrees that simultaneously with the Borrower's execution and delivery of this Note to Art Van, Art Van has agreed to deliver, and has in fact delivered, to the Borrower the Existing Note, marked "Cancelled".

     This Note is the Note referred to in that certain Security Agreement dated February 28, 2017, by and between the Borrower and Art Van, as may be further amended, restated supplemented or otherwise modified and in effect from time to time (the "Security Agreement").

     **Interest Rate.**  The principal sum outstanding shall bear interest at a rate of five (5%) percent per annum.

     **Default Interest Rate.**  On the Maturity Date or, if earlier, when an Event of Default (as hereafter defined) occurs, the interest rate shall be lesser of ten (10%) percent per annum or the maximum rate permitted by law.  Any interest payment which would be deemed unlawful for any reason under applicable law shall be applied to the outstanding principal balance of this Note.

     **Payment of Principal and Interest.**  Payments in federal funds immediately available at the place designated for payment received by Art Van prior to 2:00 p.m. local time on a day on which Art Van is open for business at said place of payment (a "Business Day") shall be credited prior to close of business, while other payments, at the option of Art Van, may not be credited until immediately available to Art Van in federal funds at the place designated for payment prior to 2:00 p.m. local time on the next Business Day. Principal and Interest shall be payable in twenty-four (24) consecutive monthly installments in the amount of Nineteen Thousand Seven Hundred Forty-Two and 13/100 Dollars ($19,742.13), beginning on March 28, 2017 (the "First Payment Date"), and continuing on the twenty-eighth (28th) day of each and every calendar month thereafter through and including February 28, 2019

1

(each, a "Payment Date"). Except as otherwise specifically provided for herein, on February 28, 2019 (the "Maturity Date"), the entire outstanding principal balance hereof, together with all accrued but unpaid interest thereon, shall be due and payable in full. In the event any Payment Date falls on a day which is not a Business Day, such payment will be made on the first Business Day succeeding such scheduled due date.

**Late Charge**.  If any monthly installment of principal or interest is not paid within 15 days after it is due, Borrower shall pay to Art Van a late charge in an amount equal to three percent (3%) of the payment amount that was due as of the date the late charge is assessed.  This is in addition to Art Van's other rights and remedies for default in payment of an installment of principal or interest when due.

**Expenses and Fees**.  Borrower shall reimburse Art Van for all out-of-pocket expenses heretofore or hereafter incurred by Art Van in connection with making the loan evidenced by this Note and in connection with taking any security for the loan, including, without limitation, filing and recording fees, reasonable attorneys' fees and expenses, and costs.  Each reasonable out-of-pocket expense (if not reimbursed to Art Van on or before the date of this Note) shall be reimbursed to Art Van at the time of the first required payment under this Note after the expense is incurred.

ADDITIONAL PROVISIONS:

1.      **Prepayments**.  Borrower may prepay all or part of the principal of this Note at any time without penalty.  Any partial prepayment will be applied to the installment or installments last falling due under this Note, and a partial prepayment shall not affect the amount or time of payment of succeeding required installments.

2.      **Security.**

    (a)      This Note and all obligations of Borrower hereunder are secured by any and all security agreements, mortgages, guaranties, assignments and all other agreements and instruments heretofore or hereafter given by Borrower or any third party to Art Van given in connection with this Note (the "**Security Documents**").  As additional security for the payment of Borrower's obligations under this Note, Borrower grants to Art Van a security interest in all tangible and intangible property of Borrower now or hereafter in the possession of Art Van.

3.      **Default**.  The occurrence of any of the following events shall constitute, for purposes of this Note, an event of default (each, an "**Event of Default**"):

    (a)      Failure by Borrower to pay any amount owing under this Note within ten (10) days of the date when due, whether by maturity, acceleration or otherwise.

    (b)      Any failure by Borrower to comply with any of the terms, provisions, representations, warranties or covenants of this Note.

    (c)      Any breach or failure by Borrower or any third party to comply with any of the terms, provisions, representations, warranties or covenants of any other Security Document which is not cured within any applicable cure period.

    (d)      The insolvency of Borrower or any guarantor or the admission in writing of the Borrower's or the Guarantor's inability to pay debts as they mature.

(e)     If Borrower or any Guarantor is a natural person, the death or legal incompetence of Borrower or any Guarantor.

(f)     Any statement, representation or information made or furnished by or on behalf of Borrower or any Guarantor to Art Van in connection with or to induce Art Van to provide any of the indebtedness under this Note shall prove to be false in material respects or materially misleading when made or furnished.

(g)     Institution of bankruptcy, reorganization, insolvency or other similar proceedings by or against Borrower or any Guarantor, and if filed against Borrower or any Guarantor, not discharged within sixty (60) days of the institution thereof.

(h)     Any lien, attachment, garnishment, execution, levy or similar process shall at any time be placed upon any assets of Borrower or any Guarantor which is not discharged within thirty (30) of the placement thereof.

(i)     Any judgment or judgments for the payment of money shall be rendered against Borrower or any Guarantor, and any such judgment shall remain unsatisfied and in effect for more than thirty (30) days without a stay of execution.

(j)     Sale or other disposition by Borrower of a substantial portion of assets or property, or the death, dissolution, merger, consolidation, termination of existence, insolvency, or assignment for the benefit of creditors of or by Borrower or any Guarantor.

(k)     The revocation or attempted revocation by any Guarantor of its guaranty of the indebtedness evidenced by this Note.

(l)     Default by Borrower of any agreement or obligation to AVF Franchising, LLC.

Upon the occurrence of any Event of Default, all or any part of the indebtedness evidenced hereby, and all or any part of all other indebtedness and obligations then owing by Borrower to Art Van shall, at the option of Art Van, become immediately due and payable without notice or demand and Art Van shall have all rights and remedies under the Security Documents.

4.      **Representations**.  Borrower represents and warrants to Art Van, as long as the Note remains outstanding, as follows:

(a)     **Organization and Qualification**.  If Borrower is an entity, then Borrower is duly organized, validly existing and in good standing under the laws of the State of its incorporation or organization, has the power and authority to carry on its business and to enter into and perform all documents relating to this loan transaction, and is qualified and licensed to do business in each jurisdiction in which such qualification or licensing is required.  All information provided to Art Van with respect to Borrower and its operations is true and correct.

(b)     **Authority**.  The execution, delivery and performance of this Note and all documents executed in connection therewith by Borrower do not require the consent or approval of any other person, regulatory authority or governmental body; and do not conflict with, result in a violation of, or constitute a default under (i) any provision of any other agreement or instrument binding upon

3

Borrower, or (ii) any law, governmental regulation, court decree or order applicable to Borrower.

(c)     **Legal Effect**. This Note, and any instrument or agreement required hereunder to be given by Borrower, when delivered, will constitute, legal, valid and binding obligations of Borrower enforceable against Borrower in accordance with their respective terms.

(d)     **No Litigation**. There are no pending or to Borrower's knowledge, threatened, suits or proceedings, before any court, governmental agency, regulatory body, or administrative tribunal, to which such Borrower is a party or by which its property may be affected and which may result in any material change in the financial condition of Borrower.

(e)     **Financial Condition**. All financial information of Borrower delivered to Art Van and to AVF Franchising, LLC as of the date hereof is correct and complete in all material respects and accurately represents the financial condition of such Borrower on the dates thereof. There has been no material adverse change in the business, property or condition of the Borrower since the date of the most recent financial information delivered to Art Van. Borrower has no material contingent obligations except as disclosed in such financial information.

(f)     **Business**. Borrower is not a party to or subject to any agreement or restriction that may have a material adverse effect on Borrower's business, properties or prospects.

(g)     **Licenses**. Borrower has all licenses, permits, franchises, authorizations, patents, trademarks, copyrights and other rights necessary to advantageously conduct its business, all of which are in full force and effect and none of the foregoing are in known conflict with the rights of others.

(h)     **Laws**. Borrower is in material compliance with all laws, regulations, rulings, orders, injunctions, decrees, conditions or other requirements applicable to or imposed upon Borrower by any law or by any governmental authority, court or agency.

(i)     **Taxes**. Borrower shall timely file all required tax returns and reports that are required to be filed by it in connection with any federal, state and local tax, duty or charge levied, assessed or imposed upon Borrower or its assets, including unemployment, social security, and real estate taxes, and Borrower has paid all taxes which are now due and payable; no taxing authority has asserted or assessed any additional tax liabilities against Borrower which are outstanding on this date.

(j)     **ERISA**. Borrower is not and shall not become a contributing employer with respect to a multi-employer benefit plan within the meaning of Section 3(37)(A) of ERISA (29 U.S.C. 1002), as amended, by Section 302 of the Multi-Employer Pension Plan Amendments Act of 1980; or establish for any of its employees any employee benefit plan that has, or may in the future, incur any unfunded past service liability.

4

(k) **Solvency**. Borrower is Solvent and upon consummation of the transactions contemplated herein will be Solvent. "**Solvent**" means that: (i) the total amount of Borrower's assets is in excess of the total amount of its liabilities (including contingent liabilities), at a fair valuation; (ii) Borrower does not have unreasonably small capital for the business and transactions in which Borrower is engaged or is about to engage; and (iii) Borrower does not intend to or believe it will incur obligations beyond its ability to pay as they become due.

5.    **Covenants**. Borrower covenants and agrees with Art Van that, as long as the Note remains outstanding:

(a) **Insurance**. At its own cost, Borrower shall obtain and maintain insurance against (a) loss, destruction or damage to its properties and business of the kinds and in the amounts customarily insured against by corporations with established reputations engaged in the same or similar business as Borrower and, in any event, sufficient to fully protect Art Van's interest in the collateral securing this Note, and (b) insurance against public liability and third party property damage of the kinds and in the amounts customarily insured against by corporations with established reputations engaged in the same or similar business as Borrower. All such policies shall (i) be issued by financially sound and reputable insurers, (ii) name Art Van as an additional insured and, where applicable, as loss payee under a Art Van loss payable endorsement satisfactory to Art Van, and (iii) shall provide for thirty (30) days written notice to Art Van before such policy is altered or canceled. All of the insurance policies required hereby shall be evidenced by one or more Certificates of Insurance delivered to Art Van by Borrower at such times as Art Van may request from time to time.

(b) **Litigation; Event of Default**. Borrower shall promptly inform Art Van in writing of (i) all material adverse changes in Borrower's financial condition; and (ii) all existing and all threatened litigation, claims, investigations, administrative proceedings or similar actions affecting Borrower or any assets pledged as collateral to secure payment of this Note that could materially affect the financial condition of Borrower; and (iii) the occurrence of any Event of Default or the occurrence of any event which might mature into such an Event of Default.

(c) **Financial Records**. Borrower shall maintain books and records in accordance with sound accounting principles consistently applied and permit Art Van to examine and audit Borrower's books and records at all reasonable times.

(d) **Additional Information**. Furnish such financial reports, information and statements, list of assets and liabilities, tax returns and other reports with respect to the Borrower's financial condition as Art Van may reasonably request from time to time.

(e) **Merger; Disposition of Assets**. Borrower shall not (a) change its capital structure, (b) merge  consolidate with any entity, (c) amend or change its entity documents (e.g., articles of organization, articles of incorporation, operating agreement, and bylaws), or (d) sell, lease, transfer or otherwise dispose of, or grant any person an option to acquire, or sell and leaseback, all or any substantial portion of its assets, whether now owned or hereafter acquired, except for bona

fide sales of inventory in the ordinary course of business and dispositions of property which is obsolete and not used or useful in its business.

(f)     **Name Change**.  Borrower shall not change its name, fiscal year, or method of accounting (except as required by sound accounting principles consistently applied), and except that Borrower may change its name so long as Borrower has given Art Van 60 days' prior written notice and taken such action as Art Van deems necessary to continue the perfection of Art Van's security interests and/or liens.

(g)     **Extensions of Credit**.  Borrower will not make loans, advances or extensions of credit to any other entity.

(h)     **Change of Control**.    There shall be no direct or indirect change in the composition or control or ownership of Borrower or any of its members without Art Van's prior written consent.

(i)     **Existence**.  Borrower shall maintain the entity existence in good standing in the State of their incorporation, including any licenses which may be necessary in order for Borrower to conduct business operations.

(j)     **Distributions**.  After the occurrence of any Event of Default, Borrower shall not make dividends or distributions with respect to (whether by reduction of capital or otherwise) any shares of its stock or membership interests (as the case may be) without the prior written consent of Art Van.   Borrower will not purchase, redeem, retire or otherwise acquire any of their stock or membership interests (as the case may be), or make any commitment to do so without the prior written consent of Art Van.

(k)     **Indebtedness**.  Borrower shall not borrow money or act as guarantor of any loan or other obligation or make loans, advances or extensions of credit to any other person or entity without Art Van's prior written consent.

(l)     **Advances**.    Borrower shall not make any intercompany advances or any advances or loans to any of its employees, officers, or directors without the prior written consent of Art Van.

(m)     **Liens**.  Borrower shall not permit any lien to exist on its assets for a period in excess of thirty (30) days after written notice by Art Van without bonding or indemnification satisfactory to Art Van with respect to any such lien.

(n)     **Subordination**.  All indebtedness owed by Borrower to any of the officers, directors, shareholders, employees, members, managers or partners of Borrower shall be fully subordinated to the loan under this Note.

(o)     **Payment of Taxes**.  Borrower shall pay, prior to imposition of a penalty or late charge for nonpayment, all taxes, assessments and other governmental charges imposed upon its properties or its other assets, franchises, business, income or profits before any penalty or interest accrues thereon, and all claims (including, without limitation, claims for labor, services, materials and supplies) for sums which by law might be a lien or charge upon any of its assets, provided that

(unless any material item or property would be lost, forfeited or materially damaged as a result thereof) no such charge or claim need be paid if it is being diligently contested in good faith, if Art Van is notified in advance of such contest and if Borrower establishes an adequate reserve or other appropriate provision required by generally accepted accounting principles and deposits with Art Van cash or bond in an amount acceptable to Art Van.

(p)    **Compliance**.  Borrower shall comply with all federal, state and local laws, regulations and orders applicable to Borrower or its assets including but not limited to all environmental laws, in all respects material to Borrower's business, assets or prospects and shall immediately notify Art Van of any violation of any rule, regulations, statute, ordinance, order or law relating to the public health or the environment and of any complaint or notifications received by Borrower regarding to any environmental or safety and health rule, regulation, statute, ordinance or law.  Borrower shall obtain and maintain any and all licenses, permits, franchises, governmental authorizations, patents, trademarks, copyrights or other rights necessary for the ownership of its properties and the advantageous conduct of its business and as may be required from time to time by applicable law.

(q)    **Failure to Pay Taxes**.  If Borrower fails to pay any tax, assessment, governmental charge or levy or to maintain insurance within the time permitted or required by this Note or any other Security Document, or to discharge any lien prohibited hereby, or to comply with any other obligations hereunder, Art Van may, but shall not be obligated to, pay, satisfy, discharge or bond the same for the account of Borrower, and to the extent permitted by law and at the option of Art Van, all monies so paid by Art Van on behalf of Borrower shall be deemed obligations hereunder.

(r)    **Further Assurances**.  Borrower shall execute, acknowledge and deliver, or cause to be executed, acknowledged or delivered, any and all such further assurances and other agreements or instruments, and take or cause to be taken all such other action, as shall be reasonably necessary from time to time to give full effect to this Note and Security Documents and the transactions contemplated thereby.

6.    **Place and Application of Payments**.  Each payment upon this Note shall be made at any of Art Van's offices or such other place as the holder hereof may direct in writing.  Any payment upon this Note shall be applied first to any accrued and unpaid interest, then to the unpaid principal balance, then to any expenses or loan processing fee then due and payable to Art Van and then to any unpaid late charges, except that after the Maturity Date of this Note or after the occurrence of an Event of Default, Art Van may apply any payment or collection to any such amounts owing under this Note in such manner as Art Van shall determine in its sole discretion.  The manner of application of any such payment, as between or among such indebtedness and obligations, shall be determined by Art Van in its sole discretion.

7.    **Maximum Interest Rate**.  Notwithstanding any other provision of this Note, Art Van shall never be entitled to charge, take or receive as interest on this Note any amount in excess of the highest rate to which Borrower may lawfully agree in writing ("**Maximum Rate**").  If Art Van ever receives interest in excess of the Maximum Rate, the excess shall be considered a partial prepayment of the principal of this Note or, if the principal has been paid in full, shall be refunded to Borrower.

8.     **Remedies**. Art Van shall have all rights and remedies provided by law and by agreement of Borrower. The remedies of Art Van are cumulative and not exclusive. Any requirement of reasonable notice with respect to any sale or other disposition of collateral shall be met if Art Van sends the notice at least five (5) days before the date of sale or other disposition. Borrower agrees to pay any and all reasonable expenses, including reasonable attorneys' fees and legal expenses, paid or incurred by Art Van in protecting and enforcing the rights of and obligations to Art Van under any provision of this Note.

9.     **Waivers**. No delay by Art Van in the exercise of any right or remedy shall operate as a waiver thereof. No single or partial exercise by Art Van of any right or remedy shall preclude any other or future exercise thereof or the exercise of any other right or remedy. No waiver by Art Van of any default or of any provision hereof shall be effective unless in writing and signed by Art Van. No waiver of any right or remedy on one occasion shall be a waiver of that right or remedy on any future occasion. Borrower waives demand for payment, presentment, notice of dishonor and protest of this Note and consents to any extension or postponement of time of its payment, to any substitution, exchange or release of all or any part of any security given to secure this Note, to the addition of any party hereto, and to the release, discharge, waiver, modification, or suspension of any rights and remedies against any person who may be liable for the indebtedness evidenced by this Note.

10.     **Notice**. All notices, demands and requests required or permitted to be given to Borrower or Art Van hereunder or by law shall be in writing and shall be deemed delivered upon either: (1) personal delivery thereof; or (2) one day after mailing by nationally recognized overnight carrier; or (3) two days after mailing by certified mail, return receipt requested by United States mail, postage pre-paid to the respective addresses set forth below:

If to Borrower:

> Dale Emmert
> 3019 Neola Street
> Cedar Falls, Iowa 50613

If to Art Van:

> General Counsel and Vice President of Legal Affairs
> 6500 E. 14 Mile Road
> Warren, MI 49092

11.     **Applicable Law and Jurisdiction**. This Note shall be governed by and interpreted according to the laws of the State of Michigan, without giving effect to principles of conflict of laws. Borrower irrevocably agrees and consents that any action against Borrower for collection or enforcement of this Note may be brought in any state or federal court within the State of Michigan that has subject matter jurisdiction and where venue is in compliance with Michigan law.

12.     **Partial Invalidity**. The invalidity or unenforceability of any provision of this Note shall not affect the validity or enforceability of the remaining provisions of this Note.

13.     **Waiver of Jury Trial**. BORROWER AND ART VAN ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL ONE, BUT THAT IT MAY BE WAIVED. EACH PARTY, AFTER CONSULTING (OR HAVING HAD THE OPPORTUNITY TO CONSULT) WITH COUNSEL OF THEIR CHOICE, KNOWINGLY AND VOLUNTARILY, AND FOR THEIR MUTUAL BENEFIT, WAIVES ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION

8

REGARDING THE PERFORMANCE OR ENFORCEMENT OF, OR IN ANY WAY RELATED TO THIS NOTE, THE LOAN DOCUMENTS EXECUTED IN CONNECTION HEREWITH OR THE INDEBTEDNESS.

14.    **Entire Agreement**.    Borrower acknowledges and confirms that this Note and the documents referred to herein constitute the entire agreement between Borrower and Art Van, and that there are no conditions or understanding between the parties that are not expressed therein.

15.    **Severability**.    The declaration of invalidity or unenforceability of any provision of this Note or the documents referred to herein shall not affect the validity or enforceability of the remaining provisions of any of the foregoing.

16.    **Joint and Several Liability**.    If Borrower is more than one person, firm or corporation, (a) each of them is primarily liable on this Note, (b) receipt of value by any one of them constitutes receipt of value by both or all of them, (c) their liability on this Note is joint and several, and (d) the term "Borrower" means each of them and all of them.

17.    **Release of Claims against Art Van**.    In consideration of Art Van's agreeing to the terms of this Note, Borrower waives, releases and affirmatively agrees not to allege or otherwise pursue any and all defenses, affirmative defenses, counterclaims, claims, causes of action, setoffs or other rights that it may have, or claim to have for any and all claims, harm, injury and damage of any and every kind, known or unknown, legal or equitable, which Borrower has, or may claim to have, against Art Van, its directors, officers, employees, attorneys, affiliates and agents from the date of the Borrower's first contact with Art Van up to the date of this Note.

This Promissory Note (Term Loan) is executed as of the date first above written.

Borrower:

SIMPSON FURNITURE COMANY,

By: _____
Dale Emmert
Its: President and Chief Executive Officer

9

# PROMISSORY NOTE
(Term Loan)

LENDER:

Art Van Furniture, Inc.
6500 E. 14 Mile Road
Warren, MI  48092

Effective Date:  August 16, 2016

Maturity Date:  November 29, 2016

**Promise To Pay**.  For value  received, on or before November 29, 2016 (the "**Maturity Date**"), Simpson Furniture Company, an Iowa Company, (the "**Borrower**"), promise to pay to the order of Art Van Furniture, Inc., a Michigan corporation ("**Art Van**"), the principal amount of Nine Hundred Sixty Thousand Two Hundred Fifteen and 91/100 Dollars ($960,215.91) (the "**Borrowing**"), plus interest as provided herein, less such amounts as shall have been repaid in accordance with this Promissory Note (this "**Note**"). Interest shall be calculated based on a 360-day year and charged for the actual number of days elapsed.

**Interest Rate**.  The principal sum outstanding shall bear interest at a rate of five (5%) percent per annum.

**Default Interest Rate**.  On the Maturity Date or, if earlier, when an Event of Default (as hereafter defined) occurs, the interest rate shall be lesser of ten (10%) percent per annum or the maximum rate permitted by law. .  Any interest payment which would be deemed unlawful for any reason under applicable law shall be applied to the outstanding principal balance of this Note.

**Payment**.   Principal shall be paid as follows:

| | |
|---|---|
| On or before September 23, 2016: | Two hundred thousand dollars ($200,000.00) |
| On or before October 21, 2016: | Three hundred fifty thousand dollars ($350,000.00) |
| On or before November 29, 2016: | Four ten thousand two hundred fifteen and 91/100 dollars ($410,215.91) |

All interest accrued on the outstanding balance shall be paid on the first day of each month.

**Late Charge**.  If any monthly installment of principal or interest is not paid within 15 days after it is due, Borrower shall pay to Art Van a late charge in an amount equal to one percent (1%) of the payment amount that was due as of the date the late charge is assessed.  This is in addition to Art Van's other rights and remedies for default in payment of an installment of principal or interest when due.

**Expenses and Fees**.  Borrower shall reimburse Art Van for all out-of-pocket expenses heretofore or hereafter incurred by Art Van in connection with making the loan evidenced by this Note and in connection with taking any security for the loan, including, without limitation, filing and recording fees, reasonable attorneys' fees and expenses, and costs.  Each reasonable out-of-pocket expense (if not reimbursed to Art Van on or before the date of this Note) shall be reimbursed to Art Van at the time of the first required payment under this Note after the expense is incurred.

1

ADDITIONAL PROVISIONS:

1.      **Prepayments**.  Borrower may prepay all or part of the principal of this Note at any time without penalty.  Any partial prepayment will be applied to the installment or installments last falling due under this Note, and a partial prepayment shall not affect the amount or time of payment of succeeding required installments.

2.      **Security.**

(a)     This Note and all obligations of Borrower hereunder are secured by any and all security agreements, mortgages, guaranties, assignments and all other agreements and instruments heretofore or hereafter given by Borrower or any third party to Art Van given in connection with this Note (the "**Security Documents**").  As additional security for the payment of Borrower's obligations under this Note, Borrower grants to Art Van a security interest in all tangible and intangible property of Borrower now or hereafter in the possession of Art Van.

3.      **Default**.  The occurrence of any of the following events shall constitute, for purposes of this Note, an event of default (each, an "**Event of Default**"):

(a)     Failure by Borrower to pay any amount owing under this Note within ten (10) days of the date when due, whether by maturity, acceleration or otherwise.

(b)     Any failure by Borrower to comply with any of the terms, provisions, representations, warranties or covenants of this Note.

(c)     Any breach or failure by Borrower or any third party to comply with any of the terms, provisions, representations, warranties or covenants of any other Security Document which is not cured within any applicable cure period.

(d)     The insolvency of Borrower or any guarantor or the admission in writing of the Borrower's or the Guarantor's inability to pay debts as they mature.

(e)     If Borrower or any Guarantor is a natural person, the death or legal incompetence of Borrower or any Guarantor.

(f)     Any statement, representation or information made or furnished by or on behalf of Borrower or any Guarantor to Art Van in connection with or to induce Art Van to provide any of the indebtedness under this Note shall prove to be false in material respects or materially misleading when made or furnished.

(g)     Institution of bankruptcy, reorganization, insolvency or other similar proceedings by or against Borrower or any Guarantor, and if filed against Borrower or any Guarantor, not discharged within sixty (60) days of the institution thereof.

(h)     Any lien, attachment, garnishment, execution, levy or similar process shall at any time be placed upon any assets of Borrower or any Guarantor which is not discharged within thirty (30) of the placement thereof.

2

(i)     Any judgment or judgments for the payment of money shall be rendered against Borrower or any Guarantor, and any such judgment shall remain unsatisfied and in effect for more than thirty (30) days without a stay of execution.

(j)     Sale or other disposition by Borrower of a substantial portion of assets or property, or the death, dissolution, merger, consolidation, termination of existence, insolvency, or assignment for the benefit of creditors of or by Borrower or any Guarantor.

(k)     The revocation or attempted revocation by any Guarantor of its guaranty of the indebtedness evidenced by this Note.

(l)     Default by Borrower of any agreement or obligation to AVF Franchising, LLC.

Upon the occurrence of any Event of Default, all or any part of the indebtedness evidenced hereby, and all or any part of all other indebtedness and obligations then owing by Borrower to Art Van shall, at the option of Art Van, become immediately due and payable without notice or demand and Art Van shall have all rights and remedies under the Security Documents.

4.    **Representations**.  Borrower represents and warrants to the Art Van, as long as the Note remains outstanding, as follows:

(a)     **Organization and Qualification**.  If Borrower is an entity, then Borrower is duly organized, validly existing and in good standing under the laws of the State of its incorporation or organization, has the power and authority to carry on its business and to enter into and perform all documents relating to this loan transaction, and is qualified and licensed to do business in each jurisdiction in which such qualification or licensing is required.  All information provided to Art Van with respect to Borrower and its operations is true and correct.

(b)     **Authority**.  The execution, delivery and performance of this Note and all documents executed in connection therewith by Borrower do not require the consent or approval of any other person, regulatory authority or governmental body; and do not conflict with, result in a violation of, or constitute a default under (i) any provision of any other agreement or instrument binding upon Borrower, or (ii) any law, governmental regulation, court decree or order applicable to Borrower.

(c)     **Legal Effect**.  This Note, and any instrument or agreement required hereunder to be given by Borrower, when delivered, will constitute, legal, valid and binding obligations of Borrower enforceable against Borrower in accordance with their respective terms.

(d)     **No Litigation**.  There are no pending or to Borrower's knowledge, threatened, suits or proceedings, before any court, governmental agency, regulatory body, or administrative tribunal, to which such Borrower is a party or by which its property may be affected and which may result in any material change in the financial condition of Borrower.

(e)     **Financial Condition**.  All financial information of Borrower delivered to Art Van and to AVF Franchising, LLC as of the date hereof is correct and complete in all

3

material respects and accurately represents the financial condition of such Borrower on the dates thereof. There has been no material adverse change in the business, property or condition of the Borrower since the date of the most recent financial information delivered to Art Van. Borrower has no material contingent obligations except as disclosed in such financial information.

(f)    **Business**. Borrower is not a party to or subject to any agreement or restriction that may have a material adverse effect on Borrower's business, properties or prospects.

(g)    **Licenses**. Borrower has all licenses, permits, franchises, authorizations, patents, trademarks, copyrights and other rights necessary to advantageously conduct its business, all of which are in full force and effect and none of the foregoing are in known conflict with the rights of others.

(h)    **Laws**. Borrower is in material compliance with all laws, regulations, rulings, orders, injunctions, decrees, conditions or other requirements applicable to or imposed upon Borrower by any law or by any governmental authority, court or agency.

(i)    **Taxes**. Borrower shall timely file all required tax returns and reports that are required to be filed by it in connection with any federal, state and local tax, duty or charge levied, assessed or imposed upon Borrower or its assets, including unemployment, social security, and real estate taxes, and Borrower has paid all taxes which are now due and payable; no taxing authority has asserted or assessed any additional tax liabilities against Borrower which are outstanding on this date.

(j)    **ERISA**. Borrower is not and shall not become a contributing employer with respect to a multi-employer benefit plan within the meaning of Section 3(37)(A) of ERISA (29 U.S.C. 1002), as amended, by Section 302 of the Multi-Employer Pension Plan Amendments Act of 1980; or establish for any of its employees any employee benefit plan that has, or may in the future, incur any unfunded past service liability.

(k)    **Solvency**. Borrower is Solvent and upon consummation of the transactions contemplated herein will be Solvent. "**Solvent**" means that: (i) the total amount of Borrower's assets is in excess of the total amount of its liabilities (including contingent liabilities), at a fair valuation; (ii) Borrower does not have unreasonably small capital for the business and transactions in which Borrower is engaged or is about to engage; and (iii) Borrower does not intend to or believe it will incur obligations beyond its ability to pay as they become due.

5.    **Covenants**. Borrower covenants and agrees with Art Van that, as long as the Note remains outstanding:

(a)    **Insurance**. At its own cost, Borrower shall obtain and maintain insurance against (a) loss, destruction or damage to its properties and business of the kinds and in the amounts customarily insured against by corporations with established reputations engaged in the same or similar business as Borrower and, in any event, sufficient to fully protect Art Van's interest in the collateral securing this Note, and (b) insurance against public liability and third party property damage of the

kinds and in the amounts customarily insured against by corporations with established reputations engaged in the same or similar business as Borrower. All such policies shall (i) be issued by financially sound and reputable insurers, (ii) name Art Van as an additional insured and, where applicable, as loss payee under a lender loss payable endorsement satisfactory to Art Van, and (iii) shall provide for thirty (30) days written notice to Art Van before such policy is altered or canceled. All of the insurance policies required hereby shall be evidenced by one or more Certificates of Insurance delivered to Art Van by Borrower at such times as Art Van may request from time to time.

(b)     **Litigation; Event of Default**. Borrower shall promptly inform Art Van in writing of (i) all material adverse changes in Borrower's financial condition; and (ii) all existing and all threatened litigation, claims, investigations, administrative proceedings or similar actions affecting Borrower or any assets pledged as collateral to secure payment of this Note that could materially affect the financial condition of Borrower; and (iii) the occurrence of any Event of Default or the occurrence of any event which might mature into such an Event of Default.

(c)     **Financial Records**. Borrower shall maintain books and records in accordance with sound accounting principles consistently applied and permit Art Van to examine and audit Borrower's books and records at all reasonable times.

(d)     **Additional Information**.    Furnish such financial reports, information and statements, list of assets and liabilities, tax returns and other reports with respect to the Borrower's financial condition as Art Van may reasonably request from time to time.

(e)     **Merger; Disposition of Assets**. Borrower shall not (a) change its capital structure, (b) merge  consolidate with any entity, (c) amend or change its entity documents (e.g., articles of organization, articles of incorporation, operating agreement, and bylaws), or (d) sell, lease, transfer or otherwise dispose of, or grant any person an option to acquire, or sell and leaseback, all or any substantial portion of its assets, whether now owned or hereafter acquired, except for bona fide sales of inventory in the ordinary course of business and dispositions of property which is obsolete and not used or useful in its business.

(f)     **Name Change**. Borrower shall not change its name, fiscal year, or method of accounting (except as required by sound accounting principles consistently applied), and except that Borrower may change its name so long as Borrower has given Art Van 60 days' prior written notice and taken such action as Art Van deems necessary to continue the perfection of Art Van's security interests and/or liens.

(g)     **Extensions of Credit**. Borrower will not make loans, advances or extensions of credit to any other entity.

(h)     **Change of Control**. There shall be no direct or indirect change in the composition or control or ownership of Borrower or any of its members without Art Van's prior written consent.

(i)  **Existence**. Borrower shall maintain the entity existence in good standing in the State of their incorporation, including any licenses which may be necessary in order for Borrower to conduct business operations.

(j)  **Distributions**. After the occurrence of any Event of Default, Borrower shall not make dividends or distributions with respect to (whether by reduction of capital or otherwise) any shares of its stock or membership interests (as the case may be) without the prior written consent of Art Van. Borrower will not purchase, redeem, retire or otherwise acquire any of their stock or membership interests (as the case may be), or make any commitment to do so without the prior written consent of Art Van.

(k)  **Indebtedness**. Borrower shall not borrow money or act as guarantor of any loan or other obligation or make loans, advances or extensions of credit to any other person or entity without Art Van's prior written consent.

(l)  **Advances**. Borrower shall not make any intercompany advances or any advances or loans to any of its employees, officers, or directors without the prior written consent of Art Van.

(m)  **Liens**. Borrower shall not permit any lien to exist on its assets for a period in excess of thirty (30) days after written notice by Art Van without bonding or indemnification satisfactory to Art Van with respect to any such lien.

(n)  **Subordination**. All indebtedness owed by Borrower to any of the officers, directors, shareholders, employees, members, managers or partners of Borrower shall be fully subordinated to the loan under this Note.

(o)  **Payment of Taxes**. Borrower shall pay, prior to imposition of a penalty or late charge for nonpayment, all taxes, assessments and other governmental charges imposed upon its properties or its other assets, franchises, business, income or profits before any penalty or interest accrues thereon, and all claims (including, without limitation, claims for labor, services, materials and supplies) for sums which by law might be a lien or charge upon any of its assets, provided that (unless any material item or property would be lost, forfeited or materially damaged as a result thereof) no such charge or claim need be paid if it is being diligently contested in good faith, if Art Van is notified in advance of such contest and if Borrower establishes an adequate reserve or other appropriate provision required by generally accepted accounting principles and deposits with Art Van cash or bond in an amount acceptable to Art Van.

(p)  **Compliance**. Borrower shall comply with all federal, state and local laws, regulations and orders applicable to Borrower or its assets including but not limited to all environmental laws, in all respects material to Borrower's business, assets or prospects and shall immediately notify Art Van of any violation of any rule, regulations, statute, ordinance, order or law relating to the public health or the environment and of any complaint or notifications received by Borrower regarding to any environmental or safety and health rule, regulation, statute, ordinance or law. Borrower shall obtain and maintain any and all licenses, permits, franchises, governmental authorizations, patents, trademarks, copyrights or other rights

6

necessary for the ownership of its properties and the advantageous conduct of its business and as may be required from time to time by applicable law.

(q)    **Failure to Pay Taxes**.  If Borrower fails to pay any tax, assessment, governmental charge or levy or to maintain insurance within the time permitted or required by this Note or any other Security Document, or to discharge any lien prohibited hereby, or to comply with any other obligations hereunder, Art Van may, but shall not be obligated to, pay, satisfy, discharge or bond the same for the account of Borrower, and to the extent permitted by law and at the option of Art Van, all monies so paid by Art Van on behalf of Borrower shall be deemed obligations hereunder.

(r)    **Further Assurances**.  Borrower shall execute, acknowledge and deliver, or cause to be executed, acknowledged or delivered, any and all such further assurances and other agreements or instruments, and take or cause to be taken all such other action, as shall be reasonably necessary from time to time to give full effect to this Note and Security Documents and the transactions contemplated thereby.

6.    **Place and Application of Payments**.  Each payment upon this Note shall be made at any of Art Van's offices or such other place as the holder hereof may direct in writing.  Any payment upon this Note shall be applied first to any accrued and unpaid interest, then to the unpaid principal balance, then to any expenses or loan processing fee then due and payable to Art Van and then to any unpaid late charges, except that after the Maturity Date of this Note or after the occurrence of an Event of Default, Art Van may apply any payment or collection to any such amounts owing under this Note in such manner as Art Van shall determine in its sole discretion.  The manner of application of any such payment, as between or among such indebtedness and obligations, shall be determined by Art Van in its sole discretion.

7.    **Maximum Interest Rate**.  Notwithstanding any other provision of this Note, Art Van shall never be entitled to charge, take or receive as interest on this Note any amount in excess of the highest rate to which Borrower may lawfully agree in writing ("**Maximum Rate**").  If Art Van ever receives interest in excess of the Maximum Rate, the excess shall be considered a partial prepayment of the principal of this Note or, if the principal has been paid in full, shall be refunded to Borrower.

8.    **Remedies**.  Art Van shall have all rights and remedies provided by law and by agreement of Borrower.  The remedies of the Art Van are cumulative and not exclusive.  Any requirement of reasonable notice with respect to any sale or other disposition of collateral shall be met if Art Van sends the notice at least five (5) days before the date of sale or other disposition.  Borrower agrees to pay any and all reasonable expenses, including reasonable attorneys' fees and legal expenses, paid or incurred by Art Van in protecting and enforcing the rights of and obligations to Art Van under any provision of this Note.

9.    **Waivers**.  No delay by Art Van in the exercise of any right or remedy shall operate as a waiver thereof.  No single or partial exercise by Art Van of any right or remedy shall preclude any other or future exercise thereof or the exercise of any other right or remedy.  No waiver by Art Van of any default or of any provision hereof shall be effective unless in writing and signed by Art Van.  No waiver of any right or remedy on one occasion shall be a waiver of that right or remedy on any future occasion.  Borrower waives demand for payment, presentment, notice of dishonor and protest of this Note and consents to any extension or postponement of time of its payment, to any substitution, exchange or release of all or any part of any security given to secure this Note, to the addition of any party hereto, and to the release, discharge, waiver, modification, or suspension of any rights and remedies against any person who may be liable for the indebtedness evidenced by this Note.

10.    **Notice**.  All notices, demands and requests required or permitted to be given to Borrower or Art Van hereunder or by law shall be in writing and shall be deemed delivered upon either: (1) personal delivery thereof; or (2) one day after mailing by nationally recognized overnight carrier; or (3) two days after mailing by certified mail, return receipt requested by United States mail, postage pre-paid to the respective addresses set forth below:

        If to Borrower:

                Dale Emmert
                3019 Neola Street
                Cedar Falls, Iowa  50613

        If to Art Van:

                General Counsel and Vice President of Legal Affairs
                6500 E. 14 Mile Road
                Warren, MI  49092

11.    **Applicable Law and Jurisdiction**.  This Note shall be governed by and interpreted according to the laws of the State of Michigan, without giving effect to principles of conflict of laws. Borrower irrevocably agrees and consents that any action against Borrower for collection or enforcement of this Note may be brought in any state or federal court within the State of Michigan that has subject matter jurisdiction and where venue is in compliance with Michigan law.

12.    **Partial Invalidity**.  The invalidity or unenforceability of any provision of this Note shall not affect the validity or enforceability of the remaining provisions of this Note.

13.    **Waiver of Jury Trial**.  BORROWER AND ART VAN ACKNOWLEDGE THAT THE RIGHT TO TRIAL BY JURY IS A CONSTITUTIONAL ONE, BUT THAT IT MAY BE WAIVED. EACH PARTY, AFTER CONSULTING (OR HAVING HAD THE OPPORTUNITY TO CONSULT) WITH COUNSEL OF THEIR CHOICE, KNOWINGLY AND VOLUNTARILY, AND FOR THEIR MUTUAL BENEFIT, WAIVES ANY RIGHT TO TRIAL BY JURY IN THE EVENT OF LITIGATION REGARDING THE PERFORMANCE OR ENFORCEMENT OF, OR IN ANY WAY RELATED TO THIS NOTE, THE LOAN DOCUMENTS EXECUTED IN CONNECTION HEREWITH OR THE INDEBTEDNESS.

14.    **Entire Agreement**.  Borrower acknowledges and confirms that this Note and the documents referred to herein constitute the entire agreement between Borrower and Art Van, and that there are no conditions or understanding between the parties that are not expressed therein.

15.    **Severability**.  The declaration of invalidity or unenforceability of any provision of this Note or the documents referred to herein shall not affect the validity or enforceability of the remaining provisions of any of the foregoing.

16.    **Joint and Several Liability**.  If Borrower is more than one person, firm or corporation, (a) each of them is primarily liable on this Note, (b) receipt of value by any one of them constitutes receipt of

\\avfdata\Production\corp\Franchise Agreements\Cedar Falls, Iowa-Simpson's\Promissory Note.docx

value by both or all of them, (c) their liability on this Note is joint and several, and (d) the term "Borrower" means each of them and all of them.

17.    **Release of Claims against Art Van**. In consideration of Art Van's agreeing to the terms of this Note, Borrower waives, releases and affirmatively agrees not to allege or otherwise pursue any and all defenses, affirmative defenses, counterclaims, claims, causes of action, setoffs or other rights that it may have, or claim to have for any and all claims, harm, injury and damage of any and every kind, known or unknown, legal or equitable, which Borrower has, or may claim to have, against Art Van, its directors, officers, employees, attorneys, affiliates and agents from the date of the Borrower's first contact with Art Van up to the date of this Note.

This Promissory Note (Term Loan) is executed as of the date first above written.

Borrower:

SIMPSON FURNITURE COMANY,

By: _____
        Dale Emmert
        Its: President and Chief Executive Officer