**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered)<br><br>**Objection Deadline: May 27, 2022 at 4:00 p.m. (ET)**<br>**Hearing Date: June 15, 2022 at 10:00 a.m. (ET)** |

**FIFTH MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR ORDER (A) ENLARGING THE PERIOD WITHIN WHICH THE CHAPTER 7 TRUSTEE MAY REMOVE ACTIONS AND (B) GRANTING RELATED RELIEF**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") hereby files this motion (the "Motion") for entry of an order, substantially in the form attached hereto as Exhibit A: (a) further enlarging the period within which the Trustee may remove actions pursuant to 28 U.S.C. § 1452 and Rule 9027 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") by one hundred eighty one (181) days, from May 31, 2022, through and including November 28, 2022, without prejudice to the Trustee's right to seek additional extensions; and (b) granting related relief. In support of this Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1.      The district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the*

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

*United States District Court for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

3. Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

4. The statutory bases for the relief requested herein are section 1452 of title 28 of the United States Code (the "Judicial Code"), Rules 9006 and 9027 of the Bankruptcy Rules, and Rule 9006-2 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules").

## Relief Requested

5. By way of this Motion, the Trustee requests the entry of an order, pursuant to Rule 9006(b) of the Bankruptcy Rules, extending the time by which he may file notices of removal with respect to civil actions pending as of the Petition Date for one hundred eighty one (181) days, from the current May 31, 2022 deadline through and including November 28, 2022 (the "Pre-Petition Removal Deadline"). Furthermore, the Trustee requests the entry of an order extending the time by which he may file notices of removal with respect to civil actions initiated after the Petition Date to the later of (i) November 28, 2022, and (ii) the time period specified in Bankruptcy Rule 9027(a)(3)(A) and (B) (*i.e.*, the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons) (the "Post-Petition Removal Deadline").

2

6. The Trustee requests that the Pre-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(2)(A), (B), and (C) and that the Post-Petition Removal Deadline apply to all matters specified in Rule 9027(a)(3) (collectively, the "Actions"). This Motion is without prejudice to the Trustee's right to seek further extensions of either or both of the Pre-Petition Removal Deadline and the Post-Petition Removal Deadline.

## Background

7. On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 263] effective April 7, 2020 (the "Conversion Date").

9. The Trustee has filed four previous motions to extend the removal deadline. *See* Docket Nos. 592, 1087, 1231, and 1307. The Court has granted those motions without prejudice to further extensions. *See* Docket Nos. 646, 1110, 1244, and 1311.

## The Actions

10. Before the Petition Date, the Debtors were involved in Actions in a number of jurisdictions, and the Actions involve a variety of types of cases. On July 6, 2020, as required by the Conversion Order, the Trustee filed the Debtors' Schedules of Assets and Liabilities and Statements of Financial Affairs (the "Schedules"). As part of the Schedules, certain Actions were listed based on information in the Debtors' books and records. The Trustee will analyze the Actions, as well as any filed proofs of claim that were filed by the June 16, 2020 general bar date to determine whether the Trustee will seek to remove any Actions. Consequently, the Trustee is not yet prepared to decide which, if any, Actions he will seek to remove.

3

**Basis for Relief**

11. Section 1452 and Rule 9027 of the Bankruptcy Rules govern the removal of pending civil actions. Specifically, Section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a). Bankruptcy Rule 9027(a)(2) further provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2). Bankruptcy Rule 9027(a)(3) provides, in pertinent part:

> If a claim or cause of action is asserted in another court after the commencement of a case under the Code, a notice of removal may be filed with the clerk only within the shorter of (A) 30 days after receipt, through service or otherwise, of a copy of the initial pleading setting forth the claim or cause of action sought to be removed, or (B) 30 days after receipt of the summons if the initial pleading has been filed with the court but not served with the summons.

Fed. R. Bankr. P. 9027(a)(3).

12. Bankruptcy Rule 9006(b) provides that the court may extend unexpired time periods, such as the removal period, without notice:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . .

Fed. R. Bankr. P. 9006(b)(l).

DOCS_DE:239213.1 05233/003

13.     Section 1452 of title 28 of the United States Code and Bankruptcy Rule 9027 govern the removal of pending civil actions related to chapter 11 cases. Specifically, section 1452(a) provides:

> A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.

28 U.S.C. § 1452(a).

14.     Bankruptcy Rule 9027 sets forth the time periods for filing notices to remove claims or causes of action. Specifically, Bankruptcy Rule 9027(a)(2) provides, in pertinent part:

> If the claim or cause of action in a civil action is pending when a case under the [Bankruptcy] Code is commenced, a notice of removal may be filed only within the longest of (A) 90 days after the order for relief in the case under the [Bankruptcy] Code, (B) 30 days after entry of an order terminating a stay, if the claim or cause of action in a civil action has been stayed under § 362 of the [Bankruptcy] Code, or (C) 30 days after a trustee qualifies in a chapter 11 reorganization case but not later than 180 days after the order for relief.

Fed. R. Bankr. P. 9027(a)(2).

15.     Bankruptcy Rule 9006 permits the Court to extend the period to remove actions provided by Bankruptcy Rule 9027. Specifically, Bankruptcy Rule 9006(b)(1) provides, in pertinent part:

> [W]hen an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by order of court, the court for cause shown may at any time in its discretion . . . with or without motion or notice order the period enlarged if the request therefor is made before the expiration of the period originally prescribed or as extended by a previous order . . . .

Fed. R. Bankr. P. 9006(b)(1).

16.     It is well-settled that bankruptcy courts are authorized to enlarge the Removal Period. *See Pacor, Inc. v. Higgins*, 743 F.2d 984, 996 n.17 (3d Cir. 1984); *Caperton v. A.T. Massey Coal Co.*, 251 B.R. 322, 325 (S.D.W. Va. 2000); (Bankruptcy Rule 9006 provides

5

authority to enlarge time periods for removing actions under Bankruptcy Rule 9027); *In re Jandous Elec. Constr. Corp.*, 106 B.R. 48, 50 (Bankr. S.D.N.Y. 1989) (period in which to file motion to remove may be expanded pursuant to Bankruptcy Rule 9006); *In re World Fin. Servs. Ctr., Inc.*, 81 B.R. 33, 39 (Bankr. S.D. Cal. 1987) (United States Supreme Court intended to give bankruptcy judges the power to enlarge the filing periods under Bankruptcy Rule 9027(a) pursuant to Bankruptcy Rule 9006(b)); *Raff v. Gordon*, 58 B.R. 988, 990 (E.D. Pa. 1986) (an expansion of time to file notices of removal is authorized under the Bankruptcy Rules).

17. Absent the relief requested herein, the removal period deadline will otherwise expire after May 31, 2022.[2] The Trustee's decision regarding whether to seek removal of any particular Action depends on a number of factors, including: the importance of the Action to the expeditious resolution of these chapter 7 cases; the time required to complete the Action in its current venue; the presence of federal subject matter jurisdiction in the proceeding that may allow for one or more aspects thereof to be heard by a federal court; the relationship between the Action and matters to be considered in connection with the chapter 7 cases and the claims allowance process; and the progress made to date in the Action. To make the appropriate determination, the Trustee must analyze each Action in light of such factors.

18. Since the date of the last extension order, the Trustee has been focused on numerous critical matters, including, but not limited to: (a) responding to customer and creditor inquiries, (b) defending and negotiating with PNC Bank regarding its asserted administrative claim motion and a pending adversary filed at Adv. No. 21-50241; (c) defending the WARN

---

[2] The Trustee has filed this Motion before the expiration of the current removal period deadline. Pursuant to Local Rule 9006-2, "if a motion to extend the time to take any action is filed before the expiration of the period prescribed by the [Bankruptcy] Code, the [Bankruptcy Rules], these Local Rules or Court order, the time shall automatically be extended until the Court acts on the motion, without the necessity for the entry of a bridge order." Accordingly, Local Rule 9006-2 automatically extends the removal period deadline pending the Court's hearing to consider this Motion.

6

adversary proceeding filed against the estates at Adv. No. 20-50548, preparing and filing a motion for summary judgment in the WARN adversary proceeding, and defending the WARN plaintiffs' appeal of the Court's grant of summary judgment and filing a cross-appeal related to the decision; and (d) pursuing recovery of chapter 5 causes of action, including filing over 60 preference adversary complaints and resolving several other preference actions that were approved by the Court through three filed omnibus settlement motions.

19.    The Trustee has thus been focused on addressing these issues and has been unable to fully analyze each of the Actions, including any Actions that might be identified in claims filed by creditors once the general bar date expires, and he has been unable to make the appropriate determinations concerning their removal.

20.    The Trustee believes the extension requested in this Motion will provide the Trustee with sufficient time to make well informed decisions concerning the removal of the Actions and will ensure that the Trustee's rights provided by 28 U.S.C. § 1452 can be exercised in an appropriate manner.  Alternately, if such an extension is not granted, the Trustee believes they may not have sufficient time to properly evaluate removal of the Actions.  Moreover, the rights of parties to the Actions will not be unduly prejudiced by the Trustee's requested extension.  If the Trustee ultimately seeks to remove Actions pursuant to Bankruptcy Rule 9027, parties will retain their rights to have such Actions remanded pursuant to 28 U.S.C. § 1452(b).  Moreover, inasmuch as section 362(a) of the Bankruptcy Code automatically stays actions against the Debtors, the actions subject to removal will not be proceeding at this time in their respective courts with respect to the Debtors even absent the granting of the relief requested herein.  Accordingly, the Trustee submits that cause exists for the relief requested herein.

21.     Courts in this district have regularly granted similar relief in other chapter 11 and chapter 7 cases.  *See, e.g., In re Evergreen Int'l Aviation, Inc.*, Case No. 13-13364 (MFW) (Bankr. D. Del. Mar. 2, 2022) (chapter 7) (granting seventeenth extension of approximately 180 days without prejudice to trustee's ability to seek additional extensions); *In re Leading Edge Logistics LLC*, Case No. 14-11260 (MFW) (Bankr. D. Del. Aug. 20, 2018) (chapter 7) (granting fourteenth extension of approximately 120 days without prejudice to the trustee's ability to seek additional extensions); *In re Deb Stores Holding*, *LLC*, Case No. 14-12676 (KG) (Bankr. D. Del. May 2, 2018) (chapter 11) (granting tenth extension of approximately 120 days without prejudice to debtors' ability to seek additional extensions); *In re Evergreen Solar, Inc.*, Case No. 11-12590 (MFW) (Bankr. D. Del. Jan. 5, 2017) (chapter 11) (granting thirteenth extension of approximately 180 days without prejudice to debtor's ability to seek additional extensions).

22.     The extension requested herein is consistent with the extensions granted by this and other courts in this district under similar circumstances.  Accordingly, the Trustee submits that the requested extension is reasonable.

## Notice

23.     The Trustee has provided notice of this Motion to: (a) the Office of the United States Trustee for the District of Delaware; and (b) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, for the reasons set forth herein, the Trustee respectfully requests that the Court enter the proposed order, substantially in the form attached hereto as Exhibit A, granting the relief requested herein and such other and further relief as the Court deems appropriate.

Dated: May 13, 2022            PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone: (302) 652-4100
Facsimile: (302) 652-4400
Email:     bsandler@pszjlaw.com
             crobinson@pszjlaw.com
             pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*