# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.*,<br><br>Plaintiff,<br>vs.<br><br>LMP WORLDWIDE, INC.,<br><br>Defendant. | Adv. Proc. No. 22-50181 (CTG) |
| MAJESTIC MIRROR & FRAMES, INC.,<br><br>Defendant. | Adv. Proc. No. 22-50199 (CTG) |
| NEW ENGEN, INC.,<br><br>Defendant. | Adv. Proc. No. 22-50205 (CTG) |
| LOLOI, INC.,<br><br>Defendant. | Adv. Proc. No. 22-50213 (CTG) |
| THE DISPLAY GROUP, LTD.,<br><br>Defendant. | Adv. Proc. No. 22-50221 (CTG) |
| TWO UNIQUE INCORPORATED,<br><br>Defendant. | Adv. Proc. No. 22-50222 (CTG) |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

DOCS_LA:343647.6 05233/004

| | |
|---|---|
| WHITEWOOD INDUSTRIES, INC. dba JOHN THOMAS FURNITURE,<br><br>                            Defendant. | Adv. Proc. No. 22-50225 (CTG) |

**ORDER GRANTING FOURTH OMNIBUS MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS**

Upon consideration of the *Fourth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements* (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, to approve the settlement agreements (the "Settlement Agreements") between the Trustee and (a) LMP Worldwide, Inc.; (b) Majestic Mirror & Frames, Inc.; (c) New Engen, Inc.; (d) Loloi, Inc.; (e) The Display Group, Ltd.; (f) Two Unique Incorporated (g) Whitewood Industries, Inc. d/b/a John Thomas Furniture; (h) H.M. Richards, Inc. and (i) Kreber Graphics, Inc. d/b/a Kreber (the above collectively referred to herein as the "Defendants"); copies of Settlement Agreements are attached hereto as Exhibits 1 through 9; the Court having reviewed the Motion and the Settlement Agreements and having considered the record with respect to the Motion; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement Agreements (i) are the product of good faith, arms' length negotiations among the Parties, without collusion, (ii) are fair, reasonable,

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

appropriate and in the best interests of the Debtors' estates and (iii) represent a sound exercise of the Trustee's business judgment and (e) each of the Parties to the Settlement Agreements provided sufficient consideration for the transactions contemplated by the Settlement Agreements; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The terms of the Settlement Agreements attached hereto as <u>Exhibits 1 through 9</u> are APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

3. The Parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement Agreements.

4. Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreements or this Order.

**Dated: July 14th, 2022**
**Wilmington, Delaware**

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE