**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC), *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>Jointly Administered<br><br>Hrg. Date: 9/6/22 at 10:00 a.m. (ET)<br>Obj. Deadline: 8/17/22 at 4:00 p.m. (ET) |

**JOINT MOTION OF VAN ELSLANDER DEFENDANTS AND
RICHARD KIM YOST FOR ENTRY OF ORDER MODIFYING AUTOMATIC
STAY TO ALLOW FOR REIMBURSEMENT AND PAYMENT OF COSTS AND
FEES UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES**

The Archie A. Van Elslander Trust dated November 26, 1982, the Estate of Archie A. Van Elslander, Gary A. Van Elslander, Gary A. Van Elslander Revocable Trust, David P. Van Elslander, Debra A. Van Elslander, Debra A. Van Elslander Revocable Trust, Kenneth A. Van Elslander, Kenneth A. Van Elslander Revocable Trust, Sandra L. Seroka, Karen B. Paglino, Karen B. Paglino Revocable Trust, Lori J. Webb, Kim M. Van Elslander a/k/a Kim M. Campau, Kris A. Scarfone, Beth M. Wood, AV Conner Holdings, Inc., and VEV Real Estate LLC (collectively, the "**Van Elslander Defendants**") and Richard Kim Yost[2] ("**Yost**" and, collectively with the Van Elslander Defendants, the "**Defendants**") hereby move (the "**Motion**"), pursuant to section 362(d)(l) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (the "**Bankruptcy Code**"), Rule 4001 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] The Van Elslander Defendants and Mr. Yost are represented by separate counsel.

Procedure (the "**Bankruptcy Rules**"), and Rule 4001-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**") for entry of an order substantially in the form attached hereto as **Exhibit A** (the "**Proposed Order**") modifying the automatic stay of Bankruptcy Code section 362(a) (the "**Automatic Stay**") to the extent applicable to permit National Union Fire Insurance Company of Pittsburgh, Pa., Ace American Insurance Company, and Beazley Insurance Company, Inc. (collectively, the "**Insurers**") to make payments under and in accordance with the terms of one or more directors and officers ("**D&O**") insurance policies to certain of the Van Elslander Defendants and Mr. Yost for the reimbursement and payment of their costs and fees incurred in defending the Adversary Proceeding (as defined below).  In support of the Motion, the Defendants respectfully represent as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction to consider the Motion under 28 U.S.C. §§ 157 and 1334.  This matter is a core proceeding under 28 U.S.C. § 157(b).  Venue is proper in this District under 28 U.S.C. §§ 1408 and 1409.

2. The statutory and legal predicates for the relief sought herein are Bankruptcy Code section 362(d)(1), Bankruptcy Rule 4001, and Local Rule 4001-1.

3. Pursuant to Local Rule 9013-l(f), the Defendants consent to the entry of a final judgment or order with respect to the Motion if it is determined that the Court would lack Article III jurisdiction to enter such final judgment or order absent the consent of the parties.

## BACKGROUND

**A.    The Bankruptcy Cases**

4.    On March 8, 2020 (the "**Petition Date**"), the Debtors each commenced a case by filing a petition for relief under chapter 11 of the Bankruptcy Code (collectively, the "**Bankruptcy Cases**").  The factual background regarding the Debtors, including their business operations, their capital and debt structure, and the events leading to the filing of the Bankruptcy Cases, is set forth in the *Declaration of David Ladd in Support of Chapter 11 Petitions and First Day Pleadings* [Docket No. 12].

5.    Soon after the Petition Date, on April 7, 2020, the Cases were voluntarily converted to cases under chapter 7 of the Bankruptcy Code [Docket No. 263].

6.    That same day, the Office of the United States Trustee for the District of Delaware appointed Alfred T. Giuliano as chapter 7 trustee of the Debtors' estates (the "**Trustee**") [Docket No. 264].

**B.    The Insurance Policies**

7.    National Union Fire Insurance Company of Pittsburgh, Pa. (the "**Primary Carrier**") has acknowledged its coverage obligation for "Wrongful Acts" committed by "Insureds" under its Policy No. 01-248-40-21 (the "**Primary Policy**"), which has a policy period of March 1, 2017 to March 1, 2023.  The Primary Policy has one coverage section, the "D&O Coverage Section," which has an aggregate limit of liability of $10 million.  The D&O Coverage Section is subject to a retention of $75,000.  Under a separate endorsement, there is an additional Side A only limit of liability of $1 million.[3]

---

[3] The Insureds were issued (i) a first excess policy from Ace American Insurance Company under Policy No. DOX G29008875-002, which has a policy period of March 1, 2019 to March 1, 2020, and an aggregate limit of liability of $10 million; and (ii) a second excess policy from Beazley Insurance Company, Inc. under Policy No. V264A5190101, which has a policy period of March 1, 2019 to March 1, 2020, and an aggregate limit of

8. The "Insureds" under the Insurance Policies include Defendants Archie Van Elslander (and any successor thereto),[4] Gary Van Elslander, David Van Elslander, Debra Van Elslander, Kenneth Van Elslander, and Mr. Yost (collectively, the "**Insured Parties**"); the remaining Van Elslander Defendants were not directors, managers, officers, or employees of the Debtors, and therefore were not "Insureds" under the Insurance Policies.

### C. The Adversary Proceeding

9. On March 7, 2022, the Trustee filed a complaint (the "**Complaint**") against the Defendants in the adversary proceeding captioned *Alfred T. Giuliano, solely in his capacity as the Trustee of Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) v. Archie A. Van Elslander Trust dated November 26, 1982, as Amended*, Adv. Proc. No. 22-50229 (CTG) (Bankr. D. Del.) (the "**Adversary Proceeding**"). The Defendants' deadline to respond to the Complaint currently is September 15, 2022. *See* Adv. Docket Nos. 21, 23.

### **RELIEF REQUESTED**

10. By the Motion, the Defendants seek entry of an order substantially in the form attached hereto as **Exhibit A** modifying the Automatic Stay to the extent applicable to permit the Insurers to make payments under and in accordance with the terms of the Insurance Policies to the Insured Parties for the reimbursement and payment of their costs and fees incurred in defending the Adversary Proceeding.

11. Nothing in the Motion is intended to modify or alter the rights and obligations provided under the terms and conditions of the Insurance Policies, and all parties to the Insurance

---

liability of $10 million (together, the "**Excess Policies**" and, collectively with the Primary Policy, the "**Insurance Policies**").

[4] Archie Van Elslander passed away on February 12, 2018.

Policies retain and reserve all rights and defenses that they would otherwise have under such policies.

## BASIS FOR RELIEF

12.  Before the Petition Date, the Debtors purchased the Insurance Policies for the benefit of the Debtors and their directors, managers, and officers, including the Insured Parties. The Primary Carrier has agreed to reimburse the Insured Parties' defense costs incurred in connection with the Adversary Proceeding, subject to its reservation of rights, but requests the entry of a Court order authorizing it to do so to the extent the Automatic Stay may apply to any payment of such insurance proceeds. The Primary Carrier has indicated that it is unwilling to make payments to, or on behalf of, the Insured Parties in accordance with the terms and conditions of the Insurance Policies absent such an order. Thus, without such an order, the Insured Parties would be forced to fund their defense costs through the ultimate resolution of the Adversary Proceeding, which would hamper their ability to conduct a meaningful defense.

## APPLICABLE AUTHORITY

13.  Depending on the circumstances, a debtor's liability insurance policy may be property of the bankruptcy estate. *See In re Louisiana World Exposition. Inc.*, 832 F.2d 1391, 1399 (5th Cir. 1987). The determination of whether the proceeds of a liability insurance policy are property of the estate, however, requires a fact-based analysis of the language and scope of the policy at issue. *See In re Allied Digital Techs. Corp.*, 306 B.R. 505, 509 (Bankr. D. Del. 2004) (explaining that the outcome of such a determination usually hinges on who the named insured under the liability insurance policy is). In evaluating other D&O insurance policies, courts have held that "when there is coverage for the directors and officers and the debtor, the proceeds will be property of the estate if depletion of the proceeds would have an adverse effect

on the estate to the extent the policy actually protects the estate's other assets from diminution." *Id.* at 512 (finding D&O insurance proceeds were not property of the estate where a debtor had indemnification coverage, but indemnification had not occurred, was hypothetical or speculative); *see also Miller v. Mcdonald (In re World Health Alternatives. Inc.)*, 369 B.R. 805, 811 (Bankr. D. Del. 2007) (proceeds not property of the estate where only directors and officers, and not the debtor, had a right to recovery from the policy's Coverage A).

14. Here, the Defendants do not believe that diminution of the proceeds of the Insurance Policies would negatively impact the Debtors' estates. The Insurance Policies provide for direct coverage of the Insured Parties in their capacities as directors, managers, and officers of the Debtors. The Debtors are not party to the Adversary Proceeding, so the Debtors' estates will have no independent liability in connection with the Adversary Proceeding. Indeed, the Trustee brought the Complaint on behalf of the estates.

15. Even if the proceeds of the Insurance Policies are deemed property of the estates, cause exists to modify the Automatic Stay as requested herein. Bankruptcy Code section 362(d)(1) provides that "[o]n request of a party in interest and after notice and a hearing, the Court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying or conditioning such stay . . . for cause . . . ." 11 U.S.C. § 362(d)(1). "Cause" is not defined by section 362(d)(l). *See In re The SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007). Courts in the Third Circuit have stated that "cause is a flexible concept" often involving a "fact intensive, case-by-case balancing test." *Id.* (citing *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90 (3d Cir. 1997)).

16. In the context of defense costs to be provided to directors and officers pursuant to a debtor's insurance policy, "[i]t is not uncommon for courts to grant stay relief to allow

payment of defense costs or settlement costs to directors and officers, especially when there is no evidence that direct coverage of the debtor will be necessary." *Allied*, 306 B.R. at 513 (finding "cause" to lift the automatic stay, to the extent the insurance proceeds were property of the estate, to authorize an insurer to advance defense costs to directors and officers in accordance with the terms of a D&O policy); *see also In re Downey Financial Corp.*, 428 B.R. 595, 611 (Bankr. D. Del. 2010) (lifting automatic stay to allow insured directors and officers to access policy proceeds even if policy proceeds were property of the estate).

17. Here, cause exists to modify the Automatic Stay to permit the Insurers to make payments under and in accordance with the terms of the Insurance Policies to, or for the benefit of, the Insured Parties for the reimbursement and payment of their costs and fees incurred in defending the Adversary Proceeding. The Primary Carrier has indicated that it requires the certainty of a Court order before it will make such payments. Thus, absent such an order, the Insured Parties would be forced to fund their defense costs through the ultimate resolution of the Adversary Proceeding, which would hamper their ability to conduct a meaningful defense.

18. Accordingly, the Defendants submit that cause exists to justify the modification of the Automatic Stay requested herein.

## **NOTICE**

19. The Defendants will provide notice of the Motion to (i) the Office of the United States Trustee for the District of Delaware; (ii) counsel to the Trustee; (iii) counsel to the

Insurers; and (iv) all parties entitled to notice pursuant to Local Rule 2002-1(b). The Defendants submit that, under the circumstances, no other or further notice is required.

### **NO PRIOR REQUEST**

20. No prior request for the relief sought in the Motion has been made to this or any other Court.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, for the reasons set forth herein, the Defendants respectfully request that the Court enter an order, substantially in the form of the Proposed Order attached hereto as **Exhibit A**, granting the relief requested herein and such other and further relief as the Court deems just and proper.

Dated: Wilmington, Delaware
August 3, 2022

| **MCDERMOTT WILL & EMERY LLP** | **MACAULEY LLC** |
|---|---|
| */s/ David R. Hurst* | */s/ Thomas G. Macauley* |
| David R. Hurst (I.D. No. 3743) | Thomas G. Macauley (I.D. No. 3411) |
| The Nemours Building | 300 Delaware Avenue, Suite 1018 |
| 1007 North Orange Street, 10th Floor | Wilmington, DE 19801 |
| Wilmington, DE 19801 | (302) 656-0100 |
| (302) 485-3900 | tm@macdelaw.com |
| dhurst@mwe.com | |
| | - and - |
| - and - | |
| | Stephen E. Glazek |
| Jason D. Gerstein | **BARRIS, SOTT, DENN & DRIKER, P.L.L.C.** |
| One Vanderbilt Avenue | 333 W. Fort St., Suite 1200 |
| New York, NY 10017-3852 | Detroit, MI 48226 |
| (212) 547-5844 | (313) 965-9725 |
| jgerstein@mwe.com | sglazek@bsdd.com |
| *Counsel for the Van Elslander Defendants* | *Counsel for Richard Kim Yost* |

9