## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),<br><br>                    Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al*.,<br><br>                    Plaintiff,<br><br>v.<br><br>DANIEL ROY MURPHY, KIMBERLY JEAN MURPHY,<br><br>                    Defendants. | Adv. Proc. No. 22-50318 (CTG) |

**Objection Deadline: August 17, 2022, at 4:00 p.m. (ET)**
**Hearing Date: September 6, 2022, at 10:00 a.m. (ET)**

### MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT WITH DEFENDANTS DANIEL ROY MURPHY AND KIMBERLY JEAN MURPHY

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-

captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for

entry of an order, substantially in the form attached hereto as **Exhibit A**, under sections 105 and

363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the

Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving a Settlement

Agreement and Mutual Release (the "Settlement Agreement")[1] between the Trustee and Daniel

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

1

Roy Murphy and Kimberly Jean Murphy ("Defendants," and together with the Trustee, the "Parties").  A copy of the Settlement Agreement is attached to the proposed form of order as Exhibit 1.  In support of this Motion, the Trustee respectfully states as follows:

### Jurisdiction

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

### Background

4.      On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 263] effective April 7, 2020 (the

"Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264]

6.      Prior to the Petition Date, Debtor AVF Franchising, LLC and Defendants were parties to a Franchise Agreement dated February 3, 2014 (the "Franchise Agreement"). Under the Franchise Agreement, the Defendants operated a furniture store using the Art Van name selling Art Van products using Art Van's Marks and franchise system.  The Defendants' store was located at 1819 East US 23, East Tawas, Michigan 48730.

7.      On May 4, 2022, the Trustee filed a complaint (the "Complaint") against Defendants asserting various causes of action, captioned Giuliano v. Murphy et al., Adv. Pro. No. 22-50318 (CTG) (the "Adversary Proceeding"); and

8.      The Trustee and Defendants have discussed the resolution of the Complaint and Adversary Proceeding and have engaged in good faith, arms' length negotiations and have agreed to the terms of the Settlement Agreement.

### Summary of the Settlement Agreement [2]

9.      As set forth in the attached the Settlement Agreement, the primary terms are as follows:

a.      Settlement Amount.  Defendants shall pay to the Trustee the sum of $30,000 (the "Settlement Payment").  The Settlement Payment made by made by check or wire.

b.      The Settlement Payment shall be paid in installments according to the following schedule:

$8,000 shall be paid within five (5) days of approval of the Settlement;

$6,000 shall be paid on or before December 31, 2022;

---

[2] The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

$8,000 shall be paid on or before June 30, 2023; and

The balance ($8,000) shall be paid on before December 31, 2023.

c.      <u>Claims Waiver</u>.  Upon Court approval of the Settlement Agreement, Defendants shall be deemed to have waived any and all claims that it filed or could have filed in the cases of the Debtors, including but not limited to any filed proof of claim or scheduled claim (the "<u>Waived Claims</u>").  All such Waived Claims shall also be deemed withdrawn from the claims register.

d.      The Parties will also exchange releases.

### Relief Requested

10.     By this Motion, the Trustee seeks entry of an order approving the Settlement Agreement, which, as stated above, is attached as <u>Exhibit 1</u> to the proposed form of order.

### Basis for Relief Requested

11.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

4

12.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates. *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

13.     In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393.  Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

14.     When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006).  Although approval of a compromise

5

is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

15.     The Trustee believes the Settlement Agreement is fair and reasonable and is in the best interests of the Debtors' estate and creditors, and should be approved pursuant to Bankruptcy Rule 9019. The Settlement Agreement is the product of good-faith discussions and arms' length bargaining among the Parties. For the reasons outlined below, the Trustee believes that the Settlement Agreement is in the best interests of the Debtors' estates.

16.     First, the Settlement Agreement resolves potential costly litigation against Defendants in their role as a franchisee. Instead, the matter is resolved and the estates will receive an aggregate settlement payment of $30,000 made in installment payments and in exchange for mutual releases between the Parties.

17.     Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or

6

compromise a controversy.").  Courts normally defer to the trustee's business judgment so long

as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v.*

*Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153

(Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate

property pursuant to section 363(b)).

18.     Here, the Trustee submits that approval under section 363(b) of the

Bankruptcy Court is required.  The Settlement Agreement provides for, among other terms, a

release and waiver of potential claims by the Trustee against Defendants, as set forth in the

Settlement Agreement.  *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third

party constitutes a sale of the claim under section 363 and subject to court approval).  For all the

reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that

the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this

Court.

## Notice

19.     Notice of this Motion has been given to the following parties or, in lieu

thereof, to their counsel, if known:  (a) the Office of the United States Trustee for the District of

Delaware; (b) Defendants; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002.

The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreement, enter the proposed order, and grant such other relief as is just and proper.

Dated:  August 3, 2022                    PACHULSKI STANG ZIEHL & JONES LLP

                                          */s/ Peter J. Keane*
                                          Bradford J. Sandler (DE Bar No. 4142)
                                          Colin R. Robinson (DE Bar No. 5524)
                                          Peter J. Keane (DE Bar No. 5503)
                                          919 N. Market Street, 17th Floor
                                          Wilmington, DE 19801
                                          Telephone:  (302) 652-4100
                                          Facsimile:   (302) 652-4400
                                          Email:      bsandler@pszjlaw.com
                                                      crobinson@pszjlaw.com
                                                      pkeane@pszjlaw.com

                                          *Counsel to Alfred T. Giuliano, Chapter 7 Trustee*