**Exhibit A**

**Proposed Order**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),<br><br><div align=center>Debtors.</div> | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.*,<br><br><div align=center>Plaintiff,</div><br>v.<br><br>DANIEL ROY MURPHY, KIMBERLY JEAN MURPHY,<br><br><div align=center>Defendants.</div> | Adv. Proc. No. 22-50318 (CTG)<br><br>**Re: Adv. Docket No. ___** |

**ORDER GRANTING MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT WITH DEFENDANTS DANIEL ROY MURPHY AND KIMBERLY JEAN MURPHY**

Upon consideration of the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreement with Defendants Daniel Roy Murphy and Kimberly Jean Murphy* (the "Motion") of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving a Settlement Agreement and Release (the "Settlement Agreement")[1] between the Trustee and Daniel Roy Murphy and Kimberly Jean Murphy ("Defendants," and together with the Trustee, the "Parties"), a copy of which Settlement Agreement is attached to this Order as Exhibit 1; the

---

[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

<div align=center>1</div>

Court having reviewed the Motion and the Settlement Agreement and having considered the

record with respect to the Motion; the Court having found that (a) the Court has jurisdiction over

this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of*

*Reference from the United States District Court for the District of Delaware*, dated February 29,

2012, and that this Court may enter a final order consistent with Article III of the United States

Constitution**,** (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the

Motion was sufficient under the circumstances and in full compliance with Bankruptcy Rule

2002 and the local rules of this Court, (d) the Settlement Agreement (i) is the product of good

faith, arms' length negotiations among the Parties, without collusion, (ii) is fair, reasonable,

appropriate and in the best interests of the Debtors' estates and (iii) represents a sound exercise

of the Trustee's business judgment and (e) each of the Parties to the Settlement Agreement

provided sufficient consideration for the transactions contemplated by the Settlement Agreement;

and the Court having determined that the legal and factual bases set forth in the Motion and at

the Hearing establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The terms of the Settlement Agreement attached hereto as <u>Exhibit 1</u> is

APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and

Bankruptcy Rule 9019.

3. The Parties are hereby authorized to take such additional actions or

execute such additional documents as are necessary or appropriate to implement the terms of the

Settlement Agreement.

4. Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of

the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and

enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

2

5.      The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement or this Order.

# EXHIBIT 1

**Settlement Agreement**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of Art Van Furniture, LLC, *et al.* (the "Debtors"),[1] and not in any individual capacity, on the one hand, and Daniel Roy Murphy and Kimberly Jean Murphy (together, "Defendants"), on the other hand. Defendants and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party."

### Background

WHEREAS, on March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

WHEREAS, on April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264]; and

WHEREAS, prior to the Petition Date, Debtor AVF Franchising, LLC and Defendants were parties to a Franchise Agreement dated February 3, 2014 (the "Franchise Agreement"). Under the Franchise Agreement, the Defendants operated a furniture store using the Art Van name selling Art Van products using Art Van's Marks and franchise system. The Defendants' store was located at 1819 East US 23, East Tawas, Michigan 48730; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Art Van Furniture, LLC (9205); AVF Holding Company, Inc. (0291); AVCE, LLC (2509); AVF Holdings I, LLC (2537); AVF Holdings II, LLC (7472); AVF Parent, LLC (3451); Levin Parent, LLC (8052); Art Van Furniture of Canada, LLC (9491); AV Pure Sleep Franchising, LLC (8968); AVF Franchising, LLC (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

WHEREAS, on May 4, 2022, the Trustee filed a complaint (the "Complaint") against Defendants asserting various causes of action, captioned Giuliano v. Murphy et al., Adv. Pro. No. 22-50318 (CTG) (the "Adversary Proceeding"); and

WHEREAS, the Trustee and Defendants have discussed the resolution of issues and have engaged in good faith, arms' length negotiations; and

NOW, THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1.    **Recitals.**  The recitals set forth above are incorporated herein by reference.

2.    **Settlement Amount.**  Defendants shall pay to the Trustee the total sum of $30,000 (the "Settlement Payment").  The Settlement Payment may be paid by wire or check.  If by check, the Settlement Payment shall be paid in accordance with following wire instructions:

| | |
|---|---|
| Bank: | TriState Capital Bank |
| | 301 Grant Street, Suite 2700 |
| | Pittsburgh, PA 15219 |
| ABA #: | 043019003 |
| Swift #: | TRTTUS33 |
| Acct #: | 8100023012 |
| Acct Name: | AVF Franchising, LLC |

If by check, payment shall be made to Alfred T. Giuliano, Chapter 7 Trustee of Art Van Furniture, LLC and sent to the following address:  Giuliano Miller & Company, LLC, 2301 E. Evesham Road, Pavilion 800 – Suite 210, Voorhees, NJ 08043.

3.    **Settlement Payment Installment Schedule**.  The Settlement Payment shall be paid in installments according to the following schedule:

a.    $8,000 shall be paid within five (5) days of approval of the Settlement;

b.    $6,000 shall be paid on or before December 31, 2022;

c.    $8,000 shall be paid on or before June 30, 2023; and

2

d.  The balance ($8,000) shall be paid on before December 31, 2023.

4.      **Court Approval.**  Promptly after the execution of this Settlement Agreement, the Trustee shall file a motion seeking approval of the Settlement Agreement.

5.      **Claims Waiver.**  Upon Court approval of the Settlement Agreement, Defendants shall be deemed to have waived any and all claims that they filed or could have filed in the cases of the Debtors, including but not limited to any filed proof of claim or scheduled claim (the "Waived Claims").  All such Waived Claims shall also be deemed withdrawn from the claims register, and the Trustee may make any appropriate adjustments on the claims register as necessary.

6.      **Trustee's Release.**  Upon Court approval of the Settlement Agreement and payment of the entire Settlement Payment, and except as otherwise provided in this Settlement Agreement, the Trustee, solely in his capacity as chapter 7 trustee of the Debtors, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged Defendants and the successors and assigns of any of them (collectively, the "Defendant Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the Defendant Releasees relating to the Franchise Agreement or the Complaint.

7.      **Defendants' Release.**  Upon Court approval of the Settlement Agreement, the Defendant Releasees shall be deemed to have irrevocably and unconditionally, fully, finally

3

and forever waived, released, acquitted and discharged the Trustee, the Debtors and their

bankruptcy estates, their past or present attorneys, accountants, financial advisors, directors,

employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them

(collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of

action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings,

bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances,

trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature,

whether known or unknown, suspected or unsuspected, in law or equity, which the Defendant

Releasees has, had, may have, or may claim to have against any of the Trustee Releasees relating

to the Franchise Agreement and the Complaint.

       8.      **No Admissions.**  This Settlement Agreement is not and shall not in any

way be construed as an admission by the Parties of any allegations made in connection with the

Franchise Agreement or the Complaint.

       9.      **Expenses.**  The Parties shall bear their own costs, expenses, and attorneys'

fees incurred to date in connection with this Settlement Agreement.  In the event of any dispute

in connection with the enforcement of this Settlement Agreement, the prevailing Party shall be

entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket

expenses, whether statutorily approved or non-approved costs, incurred in connection with such

action or proceeding, as determined by the Court.

       10.      **Severability.**  The Parties agree that if any provision of this Settlement

Agreement is determined by a court of competent jurisdiction to be illegal, invalid or

unenforceable, that provision shall not be a part of this Settlement Agreement.  The legality,

4

validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

11.    **Miscellaneous.**

(a)    Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(b)    Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c)    No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(d)    Time is of the essence, and failure to pay the Settlement Payment as and when required herein shall return the parties to their respective position *status quo ante*.

(e)    This Settlement Agreement shall be governed by and construed in accordance with the law of the State of Delaware without regard to any choice of law provisions.

(f)    This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

5

(g)     The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(h)     Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement.  The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(i)     In executing the Settlement Agreement, each of the Parties represents and warrants, for himself or itself, that: (a) he or it does so with full knowledge of his or its available rights, (b) he or it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) he or it has had available to him or it such information as him or it or his or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) he or it has conducted such investigation as him or it or his or its counsel deemed appropriate regarding the settlement and his or its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(j)     The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(k)     This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Court.

(l)     This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(m)    The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

[Remainder of page intentionally left blank]

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

ALFRED T. GIULIANO, CHAPTER 7
TRUSTEE

By: _____                    Dated: 08/03, 2022
Alfred T. Giuliano, solely in his capacity
as Chapter 7 Trustee of Art Van Furniture, LLC, *et
al.*


Daniel Roy Murphy and Kimberly Jean Murphy     Dated: 08/02, 2022

By: _____
Name: Daniel Roy Murphy

By: _____

7

DOCS_DE:239869.1 05233/003