## Exhibit 1

## Stipulation

{01826460;V2 }
DOCS_DE:240319.1
05233/003

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| START MAN FURNITURE, LLC, et al.,[1] | Case No. 20-10553 (CTG) |
| Debtors. | (Jointly Administered) |

**AMENDED STIPULATION BETWEEN CHAPTER 7 TRUSTEE AND
KENNETH DEBLOCK REGARDING RELIEF FROM
AUTOMATIC STAY TO PURSUE INSURANCE PROCEEDS**

This Stipulation (the "Stipulation") by and between Alfred T. Giuliano, in his capacity as chapter 7 trustee (the "Trustee") of the above-captioned debtors (collectively, the "Debtors"), Kenneth Deblock ("Plaintiff") and The Travelers Indemnity Company and/or Certain of Its Property Casualty Affiliates ("Travelers", and together with the Trustee and Plaintiff, the "Parties") to modify the automatic stay and permit Plaintiff to pursue recovery of insurance proceeds only.

IT IS HEREBY STIPULATED by all parties to the above-captioned matter as follows:

WHEREAS, on March 8, 2020 (the "Petition Date"), each of the above-captioned debtors (the "Debtors") commenced a case under chapter 11 of the Bankruptcy Code. On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263], effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano (the "Trustee") was appointed as the chapter 7 trustee [Docket No. 264] to the estates of the Debtors.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

WHEREAS, on July 31, 2020, Plaintiff filed in the Circuit Court for the County of Macomb, Michigan, Case No. 20-2719-NI (the "Lawsuit") for alleged personal injuries suffered by Plaintiff on February 17, 2019.  The Lawsuit is captioned *Kenneth Deblock v. Art Van Flooring and Art Van Furniture*, Case No. 20-2719-NI (State of Michigan, Circuit Court for County of Macomb).

NOW, THEREFORE, the parties agree, subject to approval of the Court, as follows:

1. The foregoing recitals are hereby incorporated by reference into this Stipulation with the same force and effect as if set forth fully hereinafter.

2. The automatic stay under 11 U.S.C. § 362 is modified to permit Plaintiff to continue the Lawsuit solely for the purpose of pursuing, litigating and collecting from applicable insurance policies, if any, and not against the Trustee, the Debtors, or their estates.

3. Plaintiff agrees and acknowledges that (1) any recovery arising from the Lawsuit with respect to the Debtors or their estates is limited to funds made available from applicable insurance policies, if any, and not from the Debtors or their estates, and (2) to the extent that any applicable insurance policy(s), if any, do not satisfy any judgment or settlement from the Lawsuit, for any reason, neither the Trustee, the Debtors, their estates, or any of their successors shall satisfy nor be liable for any such unsatisfied portion, which might otherwise be considered a general unsecured claim in these chapter 7 cases, and Plaintiff shall not seek to collect on any such unsatisfied portion from the Trustee, the Debtors, their estates, or any of their successors.

4. Notwithstanding anything to the contrary herein, and for the avoidance of doubt, the Parties acknowledge and agree that Travelers is and shall be authorized to pay any claim asserted by Plaintiff in the Lawsuit pursuant to a duly negotiated and documented settlement; provided however, and for the further avoidance of doubt, Travelers shall and does expressly

preserve its right(s) to reimbursement for any deductible or other amounts that are or may come due under any insurance policy or program with the Debtors.

5. Plaintiff agrees that any proof of claim filed by Plaintiff or scheduled in favor of Plaintiff in connection with Lawsuit against the Debtors, their estates, or their successors in these chapter 7 cases, if any, are, by entry of this Stipulation, deemed disallowed and reflected as such on the Bankruptcy Court's official claims register.

6. Nothing in this Stipulation: (i) alters, modifies, or otherwise amends the terms and conditions of, or the coverage provided by, any insurance policies issued at any time to any of the Debtors, their affiliates or predecessors of any of the foregoing or of any agreements related thereto; (ii) alters or modifies the duty, if any, that any applicable insurer or third party administrator has to pay claims covered by any alleged applicable insurance policy; (iii); creates or permits a direct right of action by Plaintiff against any insurers; or (iv) precludes or limits, in any way, the rights of any insurer to contest and/or litigate the existence, primacy and/or scope of available coverage under any allegedly applicable insurance policy.

7. The Parties shall cooperate with one another to seek Bankruptcy Court approval of this Stipulation, which shall be effective upon the Bankruptcy Court's entry of an order approving this Stipulation.

8. By entering into this Stipulation, neither party is waiving nor will be deemed to have waived any available claims or defenses, including at law, equity, or otherwise with respect to the Lawsuit, except as otherwise provided in this Stipulation.

9. Neither the Stipulation nor any negotiations and writings in connection with this Stipulation will, in any way, be construed as or deemed to be evidence of or an

admission on behalf of any party regarding any claim or right that such party may have against the other party.

10. Each of the Parties hereto represents and warrants that it is duly authorized to enter into and be bound by this Stipulation.

11. This Stipulation may be executed in multiple counter parts, any of which may be transmitted by facsimile or electronic mail, and each of which will be deemed an original, but all of which together will constitute one instruments.

12. The terms and conditions of this Stipulation shall be immediately effective and enforceable upon its entry.

13. The Bankruptcy Court retains exclusive jurisdiction to resolve any dispute arising from or related to the interpretation or enforcement of this Stipulation.

ACCEPTED AND AGREED TO:

Dated: August 18, 2022      **ASHBY & GEDDES, P.A.**

*/s/ Ricardo Palacio*
Ricardo Palacio (DE Bar. No. 3765)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, Delaware 19899
Tel: 302-654-1888
Email: rpalacio@ashbygeddes.com

*Counsel to The Travelers Indemnity Company and/or Certain of Its Property Casualty Affiliates*

| | |
|---|---|
| Dated: August 18, 2022 | **PACHULSKI STANG ZIEHL & JONES LLP**<br><br>*/s/ Peter J. Keane*<br>Bradford J. Sandler (DE Bar No. 4142)<br>Colin R. Robinson (DE Bar No. 5524)<br>Peter J. Keane (DE Bar No. 5503)<br>919 N. Market Street, 17th Floor<br>Wilmington, DE 19801<br>Telephone:  (302) 652-4100<br>Facsimile:  (302) 652-4400<br>Email:     bsandler@pszjlaw.com<br>               crobinson@pszjlaw.com<br>               pkeane@pszjlaw.com<br><br>*Counsel to Alfred T. Giuliano, Chapter 7 Trustee* |
| Dated: August 18, 2022 | **SERAFINI, MICHALOWSKI, DERKACZ & ASSOCIATES, P.C.**<br><br>*/s/ Edward J. Shankin*<br>Phillip S. Serafini<br>Edward J. Shankin<br>44444 Mound Rd #100<br>Sterling Heights, MI 48314<br>Email:    phils@smdalaw.com<br>              edwards@smdalaw.com<br><br>*Counsel for Plaintiff* |