# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

|  |  |
|---|---|
| In re:<br><br>Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC), *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>Jointly Administered<br><br>**Related to Docket No. 1471** |

## ORDER MODIFYING AUTOMATIC STAY TO ALLOW FOR REIMBURSEMENT AND PAYMENT OF COSTS AND FEES UNDER DIRECTORS AND OFFICERS INSURANCE POLICIES

Upon the joint motion (the "**Motion**")[2] of the Van Elslander Defendants and Richard Kim Yost (collectively the "**Defendants**") pursuant to Bankruptcy Code section 362(d)(1), Bankruptcy Rule 4001, and Local Rule 4001-1 for entry of an order modifying the automatic stay of Bankruptcy Code section 362(a) (the "**Automatic Stay**") to the extent applicable to permit National Union Fire Insurance Company of Pittsburgh, Pa. ("**National Union**"), ACE American Insurance Company (together with each of its U.S.-based affiliates and successors, collectively, "**Chubb**"), and Beazley Insurance Company, Inc. ("**Beazley**," and together with National Union and Chubb, collectively, the "**Insurers**") to make payments under and in accordance with the Insurance Policies to the Insured Parties for the reimbursement and payment of their costs and fees incurred in defending the Adversary Proceeding, as set forth more fully in

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Motion.

the Motion; and the Court having jurisdiction to consider the Motion and the relief requested therein pursuant to 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b); and venue being proper before the Court pursuant to 28 U.S.C. §§ 1408 and 1409; and due and proper notice of the Motion having been provided, and it appearing that no other or further notice need be provided; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The Automatic Stay, if and to the extent applicable, is hereby modified and/or lifted solely to the extent necessary to permit the Insurers to, in accordance with and subject to the terms and conditions of the Insurance Policies:

   a. advance and/or reimburse the defense costs and fees of the Insured Parties in connection with the Adversary Proceeding, including expert costs and fees, up to an aggregate amount of $2,750,000 (the "**Current Cap**"); and

   b. reimburse or pay the fees and expenses of any mediator agreed to by the parties to mediate this matter (collectively, the "**Mediator's Fees**").

3. Absent a further order of the Court, no payment or reimbursement in excess of the Current Cap plus the Mediator's Fees shall be made from or under the Insurance Policies.

4. Counsel for the Insured Parties shall provide written notice to counsel to the Chapter 7 Trustee when such counsel for the Insured Parties first comes to expect that the aggregate amount of legal fees and expenses will more likely than not actually reach or exceed the Current Cap, which written notice can be made via email.

5. The Insured Parties shall have and retain the right to seek advancement and/or reimbursement of additional defense costs and fees in connection with the Adversary Proceeding under the Insurance Policies in excess of the Current Cap by a further order of the Court on

reasonable prior written notice to the Chapter 7 Trustee and other parties in interest, including, but not limited to, the Insurers, and all rights of the Chapter 7 Trustee and other parties in interest, including, but not limited to, the Insurers, to oppose any such request are expressly preserved.

6. For the avoidance of doubt, nothing contained in this Order shall authorize or permit the use of any proceeds of the Insurance Policies to pay any settlement, which shall be subject to a separate order of the Court.

7. Nothing in the Motion or this Order shall constitute or be deemed to constitute a finding, representation, admission, or determination as to the existence of coverage or the applicability of any insurance policies, including, without limitation, the Insurance Policies, with respect to the Insured Parties' claims, or that any of the Insured Parties or their defense costs and fees in connection with the Adversary Proceeding are covered under any insurance policies, including, without limitation, the Insurance Policies, and whether any of the Insured Parties are entitled to coverage under any of the Insurance Policies is subject in all respects to the terms and conditions of such Insurance Policies.

8. Nothing in the Motion or this Order shall (i) modify, alter, or amend the terms and conditions of any insurance policies issued or providing coverage to the Insured Parties and/or the Debtors or of any related agreements, including, without limitation, the rights and obligations provided under the terms and conditions of the Insurance Policies; (ii) relieve any obligations to pay any retentions or to pay (or reimburse an insurer for) any deductibles; (iii) relieve any obligations under any insurance policies and related agreements; or (iv) preclude or limit, in any way, the rights of any insurers, including, without limitation, the Insurers, to contest and/or litigate the existence, primacy, and/or scope of available coverage under any allegedly applicable

insurance policies, including, without limitation, the Insurance Policies, or to otherwise assert any defenses to coverage, and such insurers, any other parties to any such insurance policies, and the Chapter 7 Trustee shall retain and reserve all rights and defenses, if any, that they would otherwise have under and/or with respect to such insurance policies.

9. The parties are hereby authorized to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Order.

10. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. The Court shall retain exclusive jurisdiction to hear and determine all matters arising from or related to the implementation of and/or interpretation of this Order.

**Dated: August 31st, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**