# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),<br><br>                Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br>(Jointly Administered)<br><br>**Re: Docket No. 1473** |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.*,<br><br>                Plaintiff,<br><br>v.<br><br>DANIEL ROY MURPHY, KIMBERLY JEAN MURPHY,<br><br>                Defendants. | Adv. Proc. No. 22-50318 (CTG)<br><br>**Re: Adv. Docket No. 6** |

**ORDER GRANTING MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT WITH DEFENDANTS DANIEL ROY MURPHY AND KIMBERLY JEAN MURPHY**

Upon consideration of the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreement with Defendants Daniel Roy Murphy and Kimberly Jean Murphy* (the "Motion") of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, approving a Settlement Agreement and Release (the "Settlement Agreement")[1] between the Trustee and Daniel Roy Murphy and Kimberly Jean Murphy ("Defendants," and together with the Trustee,

---
[1] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

the "Parties"), a copy of which Settlement Agreement is attached to this Order as Exhibit 1; the Court having reviewed the Motion and the Settlement Agreement and having considered the record with respect to the Motion; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement Agreement (i) is the product of good faith, arms' length negotiations among the Parties, without collusion, (ii) is fair, reasonable, appropriate and in the best interests of the Debtors' estates and (iii) represents a sound exercise of the Trustee's business judgment and (e) each of the Parties to the Settlement Agreement provided sufficient consideration for the transactions contemplated by the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The terms of the Settlement Agreement attached hereto as Exhibit 1 is APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

3. The Parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement Agreement.

4. Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement or this Order.

**Dated: August 31st, 2022**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**