## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| START MAN FURNITURE, LLC, et al.,[1] | Case No. 20-10553 (CTG) |
| Debtors. | (Jointly Administered) |

**Objection Deadline: Oct. 13, 2022 at 4:00 p.m. (ET)**
**Hearing Date: Oct. 28, 2022 at 10:00 a.m. (ET)**

## SIXTH INTERIM (NON-CONTINGENT) APPLICATION
## FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
## OF PACHULSKI STANG ZIEHL & JONES LLP, AS
## COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
## THE PERIOD FROM APRIL 1, 2022 THROUGH AUGUST 31, 2022

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Chapter 7 Trustee |
| Date of Retention: | Effective as of April 7, 2020 by order signed on or about May 22, 2020 |
| Period for which Compensation and Reimbursement is Sought: | April 1, 2022 through August 31, 2022[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $657,661.50 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $ 24,644.14 |

This is an:    ☐ monthly    ☒ interim    ☐ final application.

The total time expended for preparation of this fee application is anticipated to be

approximately 3.0 hours and the corresponding compensation is anticipated to be approximately

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

$1,500. The actual fees and expenses incurred in preparation of this fee application will be reflected in subsequent fee applications.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 11/18/20 | 04/07/20 – 06/30/20 | $1,114,489.00 | $30,995.84 | $ 1,114,489.00 | $30,995.84 |
| 11/25/20 | 07/01/20 – 09/30/20 | $ 697,215.50 | $18,522.77 | $ 688,075.50[3] | $18,522.77 |
| 10/21/21 | 10/01/20 – 09/30/21 | $1,362,046.50 | $16,659.22 | $1,360,959.00[4] | $16,659.22 |
| 05/25/22 | 10/01/21 – 03/31/22 | $ 818,631.00 | $23,145.83 | $ 818,631.00 | $23,145.83 |
| 05/25/22 | 04/07/20 – 04/04/22 (Contingent) | $ 208,437.25 | $ 170.45 | $ 208,437.25 | $ 170.45 |

## PSZ&J PROFESSIONALS

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of NJ & PA Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,445.00 | 36.60 | $ 52,887.00 |
| Richard E. Mikels | Partner 2016; Member of MA Bar since 1972; Member of NY Bar since 2015 | $1,295.00 | 34.30 | $ 44,418.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,275.00 | 2.90 | $ 3,697.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $1,095.00 | 24.10 | $ 26,389.50 |
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $1,095.00 | 149.70 | $163,921.50 |
| Erin E. Gray | Of Counsel 1997; Member of CA Bar since 1992; Member of SC Bar since 2018 | $1,045.00 | 27.60 | $ 28,842.00 |

---

[3] This amount reflects a reduction of $9,140.00 in fees to the 2nd Interim Fee Application.
[4] This amount reflects a reduction of $1,087.50 in fees to the 3rd Interim Fee Application.

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $1,045.00 | 58.10 | $ 60,714.50 |
| Colin R. Robinson | Of Counsel 2012; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $1,025.00 | 11.40 | $ 11,685.00 |
| Jeffrey P. Nolan | Of Counsel 2001; Member of CA Bar since 1992 | $1,025.00 | 31.30 | $ 32,082.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 925.00 | 12.60 | $ 11,655.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE &NH Bars since 2010 | $ 925.00 | 182.20 | $168,535.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 675.00 | 33.90 | $ 22,882.50 |
| Leslie F. Forrester | Law Library Director 2003 | $ 495.00 | 2.10 | $    1,039.50 |
| Karina K. Yee | Paralegal | $ 495.00 | 0.90 | $       445.50 |
| Patricia E. Cuniff | Paralegal 2000 | $ 495.00 | 40.10 | $  19,849.50 |
| Ian D. Densmore | Paralegal | $ 495.00 | 2.20 | $    1,089.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 460.00 | 4.60 | $    2,116.00 |
| Karen S. Neil | Case Management Assistant | $ 395.00 | 3.60 | $    1,422.00 |
| Nancy H. Brown | Other | $ 395.00 | 1.50 | $       592.50 |
| Sophia L. Lee | Other | $ 395.00 | 2.00 | $       790.00 |
| Andrea R. Paul | Case Management Assistant | $ 395.00 | 2.00 | $       790.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 395.00 | 4.60 | $    1,817.00 |

**Grand Total:**     $657,661.50
**Total Hours:**          668.30
**Blended Rate:**      $984.08

## COMPENSATION BY CATEGORY

| Project Categories | Total Hours | Total Fees |
|---|---|---|
| Employee/ERISA Issues | 0.40 | $ 370.00 |
| Asset Disposition | 1.60 | $ 2,104.00 |
| Appeals | 302.20 | $329,726.00 |
| Bankruptcy Litigation | 239.00 | $223,166.00 |
| Case Administration | 37.40 | $ 19,705.00 |
| Claims Admin./Objections | 28.30 | $ 30,036.50 |
| Compensation of Professional | 23.10 | $ 18,438.50 |
| Compensation of Prof./Others | 1.00 | $ 581.00 |
| Financing | 4.70 | $ 5,543.50 |
| Retention of Prof./Others | 16.40 | $ 15,512.00 |
| Stay Litigation | 6.20 | $ 5,593.00 |
| Tax Issues | 8.00 | $ 6,886.00 |

## EXPENSE SUMMARY

| Expense Category | Service Provider[5] (if applicable) | Total Expenses |
|---|---|---|
| Auto Travel Expense | Elite Limousine Plus Inc. | $ 94.49 |
| Bloomberg | | $ 80.20 |
| Working Meals | Peak Thai Restaurant | $ 35.53 |
| Conference Call | Loop Up; AT&T Conference Call | $ 44.27 |
| Delivery/Courier Service | Advita | $ 47.50 |
| Express Mail | Federal Express | $ 211.39 |
| Filing Fee | USBC | $12,223.00 |
| Legal Research | Lexis/Nexis | $ 2,606.05 |
| Outside Services | Everlaw | $ 2,133.36 |
| Court Research | Pacer | $ 633.90 |
| Postage | US Mail | $ 736.45 |
| Reproduction Expense | | $ 1,140.60 |
| Reproduction/ Scan Copy | | $ 2,434.40 |
| Research | Everlaw | $ 2,175.00 |
| Overtime | L. Lewis | $ 48.00 |

---

[5] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| START MAN FURNITURE, LLC, et al.,[1] | Case No. 20-10553 (CTG) |
| Debtors. | (Jointly Administered) |

**Objection Deadline: Oct. 13, 2022 at 4:00 p.m. (ET)
Hearing Date: Oct. 28, 2022 at 10:00 a.m. (ET)**

**SIXTH INTERIM (NON-CONTINGENT) APPLICATION
FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES
OF PACHULSKI STANG ZIEHL & JONES LLP, AS
COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR
THE PERIOD FROM APRIL 1, 2022 THROUGH AUGUST 31, 2022**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel for the Chapter 7 Trustee, hereby submits its Sixth Interim (Non-Contingent) Application for Compensation and for Reimbursement of Expenses for the Period from April 1, 2022 through August 31, 2022 (the "Application").

By this Application PSZ&J seeks an interim allowance of compensation in the amount of $657,661.50 and actual and necessary expenses in the amount of $24,644.14 for a total allowance of $682,305.64, and payment of the unpaid amount of such fees and expenses,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

for the period April 1, 2022 through August 31, 2022 (the "Interim Period").  In support of this

Application, PSZ&J respectfully represents as follows:

## Background

1.      On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a

case under Chapter 11 of the Bankruptcy Code.  The cases were converted to Chapter 7

proceedings by order entered April 6, 2020.  Alfred T. Giuliano ("Chapter 7 Trustee") was

appointed as the Chapter 7 Trustee in these cases.

2.      The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157

and 1334.  This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3.      The retention of PSZ&J, as counsel to the Chapter 7 Trustee, was

approved effective as of April 7, 2020 by this Court's "Order Granting Application of Alfred T.

Giuliano, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a),

Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority to Employ and Retain

Pachulski Stang Ziehl & Jones LLP as Counsel to Chapter 7 Trustee Effective as of April 7,

2020," signed on or about May 22, 2020 (the "Retention Order").

## PSZ&J's APPLICATION FOR COMPENSATION AND
## FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

4.      All services for which PSZ&J requests compensation were performed for

or on behalf of the Chapter 7 Trustee.

5.       PSZ&J has received no payment and no promises for payment from any source other than the Chapter 7 Trustee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application.  There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.

### Fee Statements

6.       The fee statements for the Interim Period are attached hereto as Exhibit A. These statements contain daily time logs describing the time spent by each attorney and paraprofessional during the Interim Period.  To the best of PSZ&J's knowledge, this Application complies with sections 330 and 331 of the Bankruptcy Code, and the Bankruptcy Rules. PSZ&J's time reports are initially handwritten by the attorney or paralegal performing the described services.  The time reports are organized on a daily basis.  PSZ&J is particularly sensitive to issues of "lumping" and, unless time was spent in one time frame on a variety of different matters for a particular billing code, separate time entries are set forth in the time reports.  PSZ&J's charges for its professional services are based upon the time, nature, extent and value of such services and the cost of comparable services other than in a case under the Bankruptcy Code.  PSZ&J has reduced its charges related to any non-working "travel time" to fifty percent (50%) of PSZ&J's standard hourly rate.  To the extent it is feasible, PSZ&J professionals attempt to work during travel.

**Actual and Necessary Expenses**

7.      A summary of actual and necessary expenses incurred by PSZ&J for the

Interim Period is attached hereto as part of Exhibit A.  PSZ&J customarily charges $0.10 per

page for photocopying expenses related to cases, such as these, arising in Delaware.  PSZ&J's

photocopying machines automatically record the number of copies made when the person that is

doing the copying enters the client's account number into a device attached to the photocopier.

PSZ&J summarizes each client's photocopying charges on a daily basis.

8.      PSZ&J charges $0.25 per page for out-going facsimile transmissions.

There is no additional charge for long distance telephone calls on faxes.  The charge for outgoing

facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for

the machines, supplies and extra labor expenses associated with sending telecopies and is

reasonable in relation to the amount charged by outside vendors who provide similar services.

PSZ&J does not charge the Trustee for the receipt of faxes in these cases.

9.      With respect to providers of on-line legal research services (e.g., LEXIS

and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research.  PSZ&J bills its clients the actual amounts charged by such

services, with no premium.  Any volume discount received by PSZ&J is passed on to the client.

10.      PSZ&J believes the foregoing rates are the market rates that the majority

of law firms charge clients for such services.  In addition, PSZ&J believes that such charges are

in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the

ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and

other charges.

## Summary of Services Rendered

11.     The names of the partners and associates of PSZ&J who have rendered

professional services in these cases during the Interim Period, and the paralegals and case

management assistants of PSZ&J who provided services to these attorneys during the Interim

Period, are set forth in the attached Exhibit A.

12.     PSZ&J, by and through such persons, has prepared and assisted in the

preparation of various motions and orders submitted to the Court for consideration, advised the

Chapter 7 Trustee on a regular basis with respect to various matters in connection with the

Debtors' bankruptcy cases, and performed all necessary professional services which are

described and narrated in detail below.  PSZ&J's efforts have been extensive due to the size and

complexity of the Debtors' bankruptcy cases.

## Summary of Services by Project

13.     The services rendered by PSZ&J during the Interim Period can be grouped

into the categories set forth below.  PSZ&J attempted to place the services provided in the

category that best relates to such services.  However, because certain services may relate to one

or more categories, services pertaining to one category may in fact be included in another

category.  These services performed, by categories, are generally described below, with a more

detailed identification of the actual services provided set forth on the attached Exhibit A.  Exhibit

A identifies the attorneys and paraprofessionals who rendered services relating to each category,

along with the number of hours for each individual and the total compensation sought for each category.

### A.    Employee/ERISA Issues

14.    This category relates to ERISA issues.  During the Interim Period, the Firm, among other things, reviewed and analyzed issues regarding a DOL/ERISA letter.

Fees:  $370.00;        Hours:  0.40

### B.    Asset Disposition

15.    This category relates to the sale or other disposition of assets.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed sale issues relating to Master Card and Visa claims; (2) reviewed and analyzed break-up fee issues relating to a Master Card and Visa claims sale; and (3) corresponded regarding asset disposition issues.

Fees:  $2,104.00;        Hours:  1.60

### C.    Appeals

16.    This category relates to appellate issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed the Stewart Notice of Appeal; (2) reviewed and analyzed the requirements for filing of a cross-appeal; (3) reviewed and analyzed dockets in the WARN Act appeals; (4) performed work regarding a notice of cross appeal; (5) performed research; (6) attended to *pro hace vice* motion issues; (7) reviewed and analyzed timing and deadline issues; (8) reviewed and analyzed issues regarding the WARN Act plaintiffs' appeals, and performed work regarding a related memorandum; (9) performed work regarding proposed briefing schedule issues; (10) performed work regarding a letter to a

Magistrate; (11) reviewed and analyzed mediation issues; (12) performed work regarding

counter-designations of the record on appeal; (13) performed work regarding a statement of

issues on appeal; (14) reviewed and analyzed Magistrate recommendations regarding mediation

and briefing schedule issues; (15) reviewed and analyzed scheduling issues; (16) reviewed and

analyzed the Plaintiffs counter-designation of record on appeal; (17) performed work regarding

appellate opening and reply briefs, and related appendix and exhibit issues; (18) reviewed and

analyzed the WARN Plaintiffs' appellate briefs; (19) reviewed and analyzed briefing strategy

issues; (20) reviewed and analyzed issues regarding unforeseeable business circumstances and

natural disasters; (21) reviewed and analyzed Amicus brief issues; (22) reviewed and analyzed

issues regarding a motion to file Amicus brief; (23) reviewed and analyzed liquidating fiduciary

issues; (24) performed work regarding an opposition to motion for leave to file amicus brief;

(25) reviewed and analyzed issues regarding the WARN Act and Covid; (26) performed work

regarding a request for oral argument; and (27) corresponded and conferred regarding appellate

issues.

Fees:  $329,726.00;    Hours:  302.20

   **D.**  **Bankruptcy Litigation**

    17.  This category relates to work regarding motions or adversary proceedings

in the Bankruptcy Court.  During the Interim Period, the Firm, among other things:

(1) performed work regarding template complaints for franchisee litigation; (2) reviewed and

analyzed setoff issues; (3) reviewed and analyzed issues regarding foreclosure procedures;

(4) reviewed and analyzed critical date issues; (5) performed work regarding summons issues;

(6) reviewed and analyzed issues regarding counts for franchisee complaints; (7) performed work regarding name change issues; (8) reviewed and analyzed UCC issues; (9) reviewed and analyzed contract issues; (10) reviewed and analyzed documents in connection with actions to recover accounts receivable from franchisees; (11) reviewed and analyzed franchisee damage issues; (12) drafted separate franchisee complaints; (13) performed work regarding complaint exhibits; (14) performed work regarding orders; (15) reviewed and analyzed franchisee complaint issues relating to delivery and description of goods; (16) reviewed and analyzed issues regarding Michigan law; (17) reviewed and analyzed issues regarding Lynn's Furniture; (18) reviewed and revised franchisee complaints; (19) performed work regarding a scheduling order; (20) performed work regarding a Fifth motion to extend the removal deadline; (21) reviewed and analyzed issues regarding the PNC matter; (22) reviewed and analyzed issues regarding the Simpson matter; (23) reviewed and analyzed issues regarding motions to dismiss related to franchisee litigation; (24) performed work regarding a response to franchisee defendants' motions to dismiss; (25) reviewed and analyzed statute of limitations issues; (26) performed work regarding Agenda Notices and Hearing Binders; (27) reviewed and analyzed accounts receivable issues; (28) reviewed and analyzed the Lee motion to dismiss; (29) reviewed and analyzed the Samsen motion to dismiss; (30) reviewed and analyzed issues regarding Bankruptcy Code provisions extending limitations periods for Trustees and effect on contractual limitations periods; (31) reviewed and analyzed issues regarding an extension of time to respond to franchisee motions to dismiss; (32) reviewed and analyzed turnover of property issues; (33) reviewed and analyzed issues regarding the doctrine of laches; (34) performed work

regarding a memorandum relating to legal issues concerning motions to dismiss; (35) performed work regarding a time extension stipulation; (36) performed work regarding an objection to franchisee motions to dismiss; (37) reviewed and analyzed dockets regarding franchisee complaints; (38) reviewed and analyzed limitations periods and integration clauses and effect on UCC foreclosure remedies; (39) reviewed and analyzed contract issues; (40) reviewed and analyzed issues regarding the Murphy adversary proceeding; (41) reviewed and analyzed issues regarding the Simpson Furniture matter; (42) reviewed and analyzed issues regarding time of breach of contract; (43) performed work regarding a supplemental research memorandum regarding UCC remedies and contract law; (44) reviewed and analyzed Directors and Officers insurance issues; (45) performed work regarding a notice of dismissal in the Soft Line matter; (46) performed work regarding a settlement in the Murphy matter; (47) performed work regarding an Omnibus reply brief; (48) performed work regarding an order approving stipulation to extend time to answer complaint; (49) performed work regarding a Bankruptcy Rule 9019 motion in the Murphy matter; (50) reviewed and analyzed default issues in the Dillman matter; (51) reviewed and analyzed issues regarding the Household Appliances matter; (52) maintained a tracking chart; (53) performed work regarding a stipulation to dismiss in the Dillman matter; and (54) conferred and corresponded regarding bankruptcy litigation matters.

Fees:  $223,166.00;    Hours:  239.00

### E.    Case Administration

18.    This category relates to work regarding administration of these cases. During the Interim Period, the Firm, among other things:  (1) maintained a memorandum of

critical dates; (2) maintained service lists; (3) maintained document control; (4) performed work regarding a status report; and (5) conferred regarding case administration issues.

Fees:  $19,705.00;      Hours:  37.40

**F.      Claims Administration and Objections**

19.      This category relates to work regarding claims administration and claims objections.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding the New Engen claim; (2) reviewed and analyzed utility issues; (3) reviewed and analyzed issues regarding Graphic East; (4) reviewed and analyzed issues regarding Soft Line; (5) reviewed and analyzed issues regarding Simmons Mattress; (6) attended to settlement issues regarding the Standard Furniture matter; (7) reviewed and analyzed issues regarding the Pittsburgh Gazette; (8) reviewed and analyzed issues regarding the Loloi Rugs matter; (9) reviewed and analyzed issues regarding Sealy Mattress claims; (10) reviewed and analyzed issues regarding the AIG stipulation; (11) reviewed and analyzed issues regarding the Paxton Sales claim; (12) reviewed and analyzed issues regarding Hillside Furniture; (13) reviewed and analyzed claims issues regarding Evercore Consulting; (14) reviewed and analyzed issues regarding the Schindler claim; (15) reviewed and analyzed issues regarding the CIT claim; (16) reviewed and analyzed claim issues regarding the Pittsburg Post; (17) reviewed and analyzed the Standard Furniture claim; (18) reviewed and analyzed issues regarding the Kuehne Nagel claim; (19) reviewed and analyzed the Clearsprism claim; (20) reviewed and analyzed issues regarding the Eslinger claim; (21) reviewed and analyzed bar date issues; (22) reviewed and analyzed issues regarding the Home Meridian claim; (23) reviewed and analyzed issues

regarding the Hooker Furniture claim; (24) reviewed and analyzed issues regarding the Sam

Levin matter; (25) reviewed and analyzed issues regarding the Serta Restokraft claim;

(26) reviewed and analyzed issues regarding the Misak Printing claim; (27) reviewed and

analyzed issues regarding Caremark claims; (28) reviewed and analyzed the Q Media claim;

(29) reviewed and analyzed issues regarding the Stylecraft claim; (30) reviewed and analyzed

issues regarding the claim of Eagle Capital; (31) reviewed and analyzed issues regarding the

MSTC claim; (32) reviewed and analyzed issues regarding the Butler Color Press claim;

(33) reviewed and analyzed issues regarding the Ashley Furniture claim; (34) reviewed and

analyzed claim issues regarding E-B Display; (35) reviewed and analyzed issues regarding the

Graphics East claim; and (36) corresponded and conferred regarding claim issues.

Fees:  $30,036.50;    Hours:  28.30

G.      **Compensation of Professionals**

20.     This category relates to work regarding the compensation of the Firm.

During the Interim Period, the Firm, among other things:  (1) performed work regarding the

Firm's Fourth and Fifth interim fee applications; (2) monitored the status and filing of fee

applications; and (3) corresponded regarding fee application issues.

Fees:  $18,438.50;    Hours:  23.10

H.      **Compensation of Professionals--Others**

21.     This category relates to work regarding the compensation of professionals,

other than the Firm.  During the Interim Period, the Firm, among other things, performed work

regarding fee application binders and reviewed and analyzed issues regarding the Archer fee application.

Fees: $581.00;        Hours: 1.00

**I.      Financing**

22.      This category relates to issues regarding financing and use of cash collateral.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding Wells Fargo; (2) reviewed and analyzed cash collateral issues; (3) performed work regarding a letter to Wells Fargo; and (4) corresponded and conferred regarding financing issues.

Fees: $5,543.50;        Hours: 4.70

**J.      Retention of Professionals--Others**

23.      This category relates to issues regarding retention of professionals, other than the Firm.  During the Interim Period, the Firm, among other things:  (1) performed work regarding the Clark Hill retention application; (2) performed work regarding a supplement to the Sarnoff retention application; (3) reviewed and analyzed issues regarding the HEA retention application; (4) attended to issues regarding mediators' fee structure; and (5) corresponded and conferred regarding retention issues.

Fees: $15,512.00;        Hours: 16.40

**K.      Stay Litigation**

24.      This category relates to the automatic stay and relief from stay motions. During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed issues regarding the Deblock stay relief matter; (2) performed work regarding a stipulation in the

Deblock matter; (3) performed work regarding orders; and (4) corresponded regarding stay litigation issues.

> Fees: $5,593.00;      Hours: 6.20

**L.    Tax Issues**

25.    This category relates to work regarding tax issues.  During the Interim Period, the Firm, among other things:  (1) reviewed and analyzed tax settlement and assessment issues; (2) performed work regarding a Bankruptcy Rule 9019 motion and order concerning settlement of a tax appeal; and (3) corresponded regarding tax issues.

> Fees: $6,886.00;      Hours: 8.00

### Valuation of Services

26.    Attorneys and paraprofessionals of PSZ&J expended a total 668.30 hours in connection with their representation of the Chapter 7 Trustee during the Interim Period, as follows:

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Bradford J. Sandler | Partner 2010; Member of NJ & PA Bars since 1996; Member of DE Bar since 2001; Member of NY Bar since 2008 | $1,445.00 | 36.60 | $  52,887.00 |
| Richard E. Mikels | Partner 2016; Member of MA Bar since 1972; Member of NY Bar since 2015 | $1,295.00 | 34.30 | $  44,418.50 |
| Maxim B. Litvak | Partner 2004; Member of TX Bar since 1997; Member of CA Bar since 2001 | $1,275.00 | 2.90 | $   3,697.50 |
| Jason S. Pomerantz | Partner 2019; Member of CA Bar since 1991 | $1,095.00 | 24.10 | $  26,389.50 |

| Name of Professional Individual | Position of the Applicant, Number of Years in that Position, Prior Relevant Experience, Year of Obtaining License to Practice, Area of Expertise | Hourly Billing Rate (including Changes) | Total Hours Billed | Total Compensation |
|---|---|---|---|---|
| Jonathan J. Kim | Of Counsel 1999; Member of CA Bar since 1995 | $1,095.00 | 149.70 | $163,921.50 |
| Erin E. Gray | Of Counsel 1997; Member of CA Bar since 1992; Member of SC Bar since 2018 | $1,045.00 | 27.60 | $ 28,842.00 |
| Beth E. Levine | Of Counsel 2002; Member of NY Bar since 1992 | $1,045.00 | 58.10 | $ 60,714.50 |
| Colin R. Robinson | Of Counsel 2012; Member of NJ & PA Bars since 2001; Member of DE Bar since 2010 | $1,025.00 | 11.40 | $ 11,685.00 |
| Jeffrey P. Nolan | Of Counsel 2001; Member of CA Bar since 1992 | $1,025.00 | 31.30 | $ 32,082.50 |
| William L. Ramseyer | Of Counsel 1989; Member of CA Bar since 1980 | $ 925.00 | 12.60 | $ 11,655.00 |
| Peter J. Keane | Of Counsel 2018; Member of PA Bar since 2008; Member of DE &NH Bars since 2010 | $ 925.00 | 182.20 | $168,535.00 |
| Edward A. Corma | Associate 2022; Member of NJ Bar since 2018; Member of PA Bar since 2019; Member of DE Bar since 2020 | $ 675.00 | 33.90 | $ 22,882.50 |
| Leslie F. Forrester | Law Library Director 2003 | $ 495.00 | 2.10 | $ 1,039.50 |
| Karina K. Yee | Paralegal | $ 495.00 | 0.90 | $ 445.50 |
| Patricia E. Cuniff | Paralegal 2000 | $ 495.00 | 40.10 | $ 19,849.50 |
| Ian D. Densmore | Paralegal | $ 495.00 | 2.20 | $ 1,089.00 |
| Cheryl A. Knotts | Paralegal 2000 | $ 460.00 | 4.60 | $ 2,116.00 |
| Karen S. Neil | Case Management Assistant | $ 395.00 | 3.60 | $ 1,422.00 |
| Nancy H. Brown | Other | $ 395.00 | 1.50 | $ 592.50 |
| Sophia L. Lee | Other | $ 395.00 | 2.00 | $ 790.00 |
| Andrea R. Paul | Case Management Assistant | $ 395.00 | 2.00 | $ 790.00 |
| Charles J. Bouzoukis | Case Management Assistant | $ 395.00 | 4.60 | $ 1,817.00 |

**Grand Total:**  $657,661.50
**Total Hours:**      668.30
**Blended Rate:**    $984.08

27.     The nature of work performed by these persons is fully set forth in Exhibit A attached hereto.  These are PSZ&J's normal hourly rates for work of this character.  The reasonable value of the services rendered by PSZ&J for the Chapter 7 Trustee during the Interim Period is $657,661.50.

28.     In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code.  Moreover, PSZ&J has reviewed the requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

WHEREFORE, PSZ&J respectfully requests that, for the period April 1, 2022 through August 31, 2022, an interim allowance be made to PSZ&J for compensation in the amount of $657,661.50 and actual and necessary expenses in the amount of $24,644.14 for a

total allowance of $682,305.64; that payment of such allowed amounts be authorized on an

interim basis; and for such other and further relief as this Court may deem just and proper.

Dated:  September 29, 2022                PACHULSKI STANG ZIEHL & JONES LLP


                                          */s/ Peter J. Keane*
                                          Bradford J. Sandler (DE Bar No. 4142)
                                          Colin R. Robinson (DE Bar No. 5524)
                                          Peter J. Keane (DE Bar No. 5503)
                                          919 N. Market Street, 17th Floor
                                          P.O. Box 8705
                                          Wilmington, DE 19899 (Courier 19801)
                                          Telephone:  (302) 652-4100
                                          Facsimile:  (302) 652-4400
                                          Email:      bsandler@pszjlaw.com
                                                      crobinson@pszjlaw.com
                                                      pkeane@pszjlaw.com

                                          *Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

## <u>CERTIFICATION</u>

Peter J. Keane certifies the following:

a)      I am an attorney with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b)      I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Chapter 7 Trustee.

c)      I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, and submit that the Application substantially complies with such rule.

Dated: September 29, 2022

*/s/ Peter J. Keane*
Peter J. Keane