**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |

**Objection Deadline: June 13, 2023, at 4:00 p.m. (ET)**
**Hearing Date: July 11, 2023, at 10:00 a.m. (ET)**

# EIGHTH INTERIM (CONTINGENT) APPLICATION FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES OF PACHULSKI STANG ZIEHL & JONES LLP, AS COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR THE PERIOD FROM APRIL 5, 2022 THROUGH MARCH 31, 2023

| | |
|---|---|
| Name of Applicant: | Pachulski Stang Ziehl & Jones LLP |
| Authorized to Provide Professional Services to: | Chapter 7 Trustee |
| Date of Retention: | Effective as of April 7, 2020 by order signed on or about May 22, 2020 |
| Period for which Compensation and Reimbursement is Sought: | April 5, 2022 through March 31, 2023[2] |
| Amount of Compensation Sought as Actual, Reasonable and Necessary: | $340,250.00 |
| Amount of Expense Reimbursement Sought as Actual, Reasonable and Necessary: | $   5,971.59 |

This is an:    ☐ monthly    ☒ interim    ☐ final application.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] The applicant reserves the right to include any time expended in the time period indicated above in future application(s) if it is not included herein.

The total time expended for preparation of this fee application is anticipated to be approximately 3.0 hours and the corresponding compensation is anticipated to be approximately $1,500. The actual fees and expenses incurred in preparation of this fee application will be reflected in subsequent fee applications.

## PRIOR APPLICATIONS FILED

| Date Filed | Period Covered | Requested Fees | Requested Expenses | Approved Fees | Approved Expenses |
|---|---|---|---|---|---|
| 11/18/20 | 04/07/20 – 06/30/20 | $1,114,489.00 | $30,995.84 | $ 1,114,489.00 | $30,995.84 |
| 11/25/20 | 07/01/20 – 09/30/20 | $ 697,215.50 | $18,522.77 | $ 688,075.50[3] | $18,522.77 |
| 10/21/21 | 10/01/20 – 09/30/21 | $1,362,046.50 | $16,659.22 | $1,360,959.00[4] | $16,659.22 |
| 05/25/22 | 10/01/21 – 03/31/22 | $ 818,631.00 | $23,145.83 | $ 818,631.00 | $23,145.83 |
| 05/25/22 | 04/07/20 – 04/04/22 (Contingent) | $ 208,437.25 | $ 170.45 | $ 208,437.25 | $ 170.45 |
| 09/29/22 | 04/01/22 – 08/31/22 | $ 657,661.50 | $24,644.14 | $ 657,661.50 | $24,644.14 |
|  | 09/01/22 – 03/31/23 | $ 428,252.00 | $36,623.15 |  |  |

## SUMMARY OF RECOVERIES

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| **Fourth Omnibus Motion** | | |
| LMP Worldwide, Inc. | $ 10,000.00 | $ 2,500.00 |
| Majestic Mirror & Frames, Inc. | $ 12,000.00 | $ 3,000.00 |
| New Engen, Inc. | $ 37,000.00 | $ 9,250.00 |
| Loloi, Inc. | $ 27,250.00 | $ 6,812.50 |
| The Display Group, Ltd. | $ 15,000.00 | $ 3,750.00 |
| Two Unique Incorporation | $ 10,000.00 | $ 2,500.00 |
| Whitewood Industries, Inc. dba John Thomas Furniture | $ 53,000.00 | $13,250.00 |
| H.M. Richards, Inc. | $ 10,000.00 | $ 2,500.00 |
| Kreber Graphics, Inc. d/b/a/ Kreber | $ 13,000.00 | $ 3,250.00 |
| **Total Fourth Omnibus Motion:** | **$187,250.00** | **$46,812.50** |

---

[3] This amount reflects a reduction of $9,140.00 in fees to the 2nd Interim Fee Application.
[4] This amount reflects a reduction of $1,087.50 in fees to the 3rd Interim Fee Application.

| Matter | Recovery | 25% of Recovery |
|---|---|---|
| **Fifth Omnibus Motion** | | |
| Block | $ 9,000.00 | $ 2,250.00 |
| Crossmedia | $ 13,250.00 | $ 3,312.50 |
| E-B | $225,000.00 | $56,250.00 |
| Jaipur | $ 10,000.00 | $ 2,500.00 |
| Miscik | $ 7,500.00 | $ 1,875.00 |
| Q1 | $ 17,000.00 | $ 4,250.00 |
| Twin-Star | $ 13,000.00 | $ 3,250.00 |
| Stylecraft | $ 25,000.00 | $ 6,250.00 |
| **Total Fifth Omnibus Motion:** | **$319,750.00** | **$79,937.50** |
| **Sixth Omnibus Motion** | | |
| Hackney | $215,000.00 | $53,750.00 |
| Schindler | $ 20,000.00 | $ 5,000.00 |
| Robots | $ 50,000.00 | $12,500.00 |
| Kuehne | $100,000.00 | $25,000.00 |
| **Total Sixth Omnibus Motion:** | **$385,000.00** | **$96,250.00** |
| **Seventh Omnibus Motion** | | |
| Butler | $ 15,000.00 | $ 3,750.00 |
| Gathercraft | $ 90,000.00 | $22,500.00 |
| MSTS | $ 38,500.00 | $ 9,625.00 |
| PCMG | $ 85,000.00 | $21,250.00 |
| **Total Seventh Omnibus Motion:** | **$228,500.00** | **$57,125.00** |
| **Eighth Omnibus Motion** | | |
| New Classic | $ 10,000.00 | $ 2,500.00 |
| Abbyson | $ 50,000.00 | $12,500.00 |
| Bernhardt | $ 30,000.00 | $ 7,500.00 |
| Graphics | $ 95,000.00 | $23,750.00 |
| Netco | $ 18,000.00 | $ 4,500.00 |
| Universal | $ 37,500.00 | $ 9,375.00 |
| **Total Eighth Omnibus Motion:** | **$240,500.00** | **$60,125.00** |
| **Total:** | **$1,361,000.00** | **$340,250.00** |

**EXPENSE SUMMARY**

| Expense Category | Service Provider[5] (if applicable) | Total Expenses |
|---|---|---|
| Conference Call | AT&T Conference Call | $ 3.58 |
| Delivery/Courier Service | Advita | $ 139.75 |
| Express Mail | Federal Express | $ 457.58 |
| Legal Research | Lexis/Nexis | $ 707.08 |
| Outside Services | Everlaw | $ 522.00 |
| Court Research | Pacer | $ 565.00 |
| Reproduction Expense | | $ 438.10 |
| Reproduction/ Scan Copy | | $2,524.10 |
| Research | Everlaw | $ 261.00 |
| Overtime | L. Saunders; L. Lewis | $ 353.40 |

---

[5] PSZ&J may use one or more service providers. The service providers identified herein below are the primary service providers for the categories described.

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |

**Objection Deadline: June 13, 2023, at 4:00 p.m. (ET)**
**Hearing Date: July 11, 2023, at 10:00 a.m. (ET)**

**EIGHTH INTERIM (CONTINGENT) APPLICATION**
**FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES**
**OF PACHULSKI STANG ZIEHL & JONES LLP, AS**
**COUNSEL TO THE CHAPTER 7 TRUSTEE, FOR**
**THE PERIOD FROM APRIL 5, 2022 THROUGH MARCH 31, 2023**

Pursuant to sections 330 and 331 of Title 11 of the United States Code (the "Bankruptcy Code"), and Rule 2016 of the Federal Rules of Bankruptcy Procedure (collectively, the "Bankruptcy Rules"), Pachulski Stang Ziehl & Jones LLP ("PSZ&J" or the "Firm"), Counsel for the Chapter 7 Trustee, hereby submits its Eighth Interim (Contingent) Application for Compensation and for Reimbursement of Expenses for the Period from April 5, 2022 through March 31, 2023 (the "Application").

By this Application PSZ&J seeks an interim allowance of compensation in the amount of $340,250.00 and actual and necessary expenses in the amount of $5,971.59 for a total allowance of $346,221.59, and payment of the unpaid amount of such fees and expenses, for the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

period April 5, 2022 through March 31, 2023 (the "Interim Period"). In support of this Application, PSZ&J respectfully represents as follows:

**Background**

1. On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under Chapter 11 of the Bankruptcy Code. The cases were converted to Chapter 7 proceedings by order entered April 6, 2020. Alfred T. Giuliano ("Chapter 7 Trustee") was appointed as the Chapter 7 Trustee in these cases.

2. The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2).

3. The retention of PSZ&J, as counsel to the Chapter 7 Trustee, was approved effective as of April 7, 2020 by this Court's "Order Granting Application of Alfred T. Giuliano, Chapter 7 Trustee, Pursuant to Bankruptcy Code Sections 327(a) and 328(a), Bankruptcy Rules 2014(a) and 2016, and Local Rule 2014-1 for Authority to Employ and Retain Pachulski Stang Ziehl & Jones LLP as Counsel to Chapter 7 Trustee Effective as of April 7, 2020," signed on or about May 22, 2020 (the "Retention Order"). The Retention Order granted the application to retain PSZ&J, and thereby authorized PSZ&J to be compensated for any work relating to the prosecution and collection of any chapter 5 causes of action (the "Preference Work") on a 25% contingency fee basis, plus reimbursement of actual, necessary expenses and other charges incurred by PSZ&J.

## PSZ&J's APPLICATION FOR COMPENSATION AND FOR REIMBURSEMENT OF EXPENSES

### Compensation Paid and Its Source

4. All services for which PSZ&J requests compensation were performed for or on behalf of the Chapter 7 Trustee.

5. PSZ&J has received no payment and no promises for payment from any source other than the Chapter 7 Trustee for services rendered or to be rendered in any capacity whatsoever in connection with the matters covered by this Application. There is no agreement or understanding between PSZ&J and any other person other than the partners of PSZ&J for the sharing of compensation to be received for services rendered in these cases.

### Recoveries

6. Attached hereto as Exhibit A is a copy of the "Fourth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements," (Docket No. 1459) ("Fourth Omnibus Settlement Motion"). Attached hereto as Exhibit B is a copy of the "Order Granting Fourth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements." (Docket No. 1467) ("Fourth Omnibus Settlement Order"). By virtue of the Fourth Omnibus Settlement Motion and Fourth Omnibus Settlement Order the estates recovered value of $187,250.00. Twenty-five per cent (25%) of such recovery is $46,812.50.

7. Attached hereto as Exhibit C is a copy of the "Fifth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements," (Docket No. 1495) ("Fifth Omnibus Settlement Motion"). Attached hereto as Exhibit D is a copy of the "Order Granting Fifth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement

Agreements." (Docket No. 1509) ("Fifth Omnibus Settlement Order"). By virtue of the Fifth Omnibus Settlement Motion and Fifth Omnibus Settlement Order the estates recovered value of $319,750.00. Twenty-five per cent (25%) of such recovery is $79,937.50.

8. Attached hereto as Exhibit E is a copy of the "Sixth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements," (Docket No. 1514) ("Sixth Omnibus Settlement Motion"). Attached hereto as Exhibit F is a copy of the "Order Granting Sixth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements." (Docket No. 1518) ("Sixth Omnibus Settlement Order"). By virtue of the Sixth Omnibus Settlement Motion and Sixth Omnibus Settlement Order the estates recovered value of $385,000.00. Twenty-five per cent (25%) of such recovery is $96,250.00.

9. Attached hereto as Exhibit G is a copy of the "Seventh Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements," (Docket No. 1536) ("Seventh Omnibus Settlement Motion"). Attached hereto as Exhibit H is a copy of the "Order Granting Seventh Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements." (Docket No. 1541) ("Seventh Omnibus Settlement Order"). By virtue of the Seventh Omnibus Settlement Motion and Seventh Omnibus Settlement Order the estates recovered value of $228,500.00. Twenty-five per cent (25%) of such recovery is $57,125.00.

10. Attached hereto as Exhibit I is a copy of the "Eighth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements," (Docket No. 1550) ("Eighth Omnibus Settlement Motion"). Attached hereto as Exhibit J is a copy of the "Order Granting Eighth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve

Settlement Agreements." (Docket No. 1552) ("Eighth Omnibus Settlement Order"). By virtue of the Eighth Omnibus Settlement Motion and Eighth Omnibus Settlement Order the estates recovered value of $240,500.00. Twenty-five per cent (25%) of such recovery is $50,125.00.

11. Pursuant to the above matters the estates recovered total value of $1,361,000.00. Twenty-five per cent (25%) of such total value is $340,250.00.

**Actual and Necessary Expenses**

12. A summary of actual and necessary expenses incurred by PSZ&J for the Interim Period is attached hereto as part of Exhibit K. PSZ&J customarily charges $0.10 per page for photocopying expenses related to cases, such as these, arising in Delaware. PSZ&J's photocopying machines automatically record the number of copies made when the person that is doing the copying enters the client's account number into a device attached to the photocopier. PSZ&J summarizes each client's photocopying charges on a daily basis.

13. PSZ&J charges $0.25 per page for out-going facsimile transmissions. There is no additional charge for long distance telephone calls on faxes. The charge for outgoing facsimile transmissions reflects PSZ&J's calculation of the actual costs incurred by PSZ&J for the machines, supplies and extra labor expenses associated with sending telecopies and is reasonable in relation to the amount charged by outside vendors who provide similar services. PSZ&J does not charge the Trustee for the receipt of faxes in these cases.

14. With respect to providers of on-line legal research services (e.g., LEXIS and WESTLAW), PSZ&J charges the standard usage rates these providers charge for

computerized legal research. PSZ&J bills its clients the actual amounts charged by such services, with no premium. Any volume discount received by PSZ&J is passed on to the client.

15. PSZ&J believes the foregoing rates are the market rates that the majority of law firms charge clients for such services. In addition, PSZ&J believes that such charges are in accordance with the American Bar Association's ("ABA") guidelines, as set forth in the ABA's Statement of Principles, dated January 12, 1995, regarding billing for disbursements and other charges.

16. The total amount of reasonable costs incurred and to be reimbursed to PSZ&J is $5,971.59.

### Summary of Services Rendered

17. PSZ&J has performed its work as counsel in assisting the Chapter 7 Trustee with the recovery of assets, and performed all necessary professional services pursuant to the terms of its retention.

18. The reasonable value of the services rendered by PSZ&J for the Chapter 7 Trustee during the Interim Period (comprising 25% of the amounts recovered) is $340,250.00.

19. In accordance with the factors enumerated in section 330 of the Bankruptcy Code, it is respectfully submitted that the amount requested by PSZ&J is fair and reasonable given (a) the complexity of the case, (b) the time expended, (c) the nature and extent of the services rendered, (d) the value of such services, and (e) the costs of comparable services other than in a case under the Bankruptcy Code. Moreover, PSZ&J has reviewed the

requirements of Del. Bankr. LR 2016-2 and believes that this Application complies with such Rule.

WHEREFORE, PSZ&J respectfully requests that, for the period April 5, 2022 through March 31, 2023, an interim allowance be made to PSZ&J for compensation in the amount of $340,250.00 and actual and necessary expenses in the amount of $5,971.59 for a total allowance of $346,221.59; that payment of such allowed amounts be authorized on an interim basis; and for such other and further relief as this Court may deem just and proper.

Dated: May 30, 2023

PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE 19899 (Courier 19801)
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:     bsandler@pszjlaw.com
           crobinson@pszjlaw.com
           pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*

# **CERTIFICATION**

Peter J. Keane certifies the following:

a) I am an attorney with the applicant law firm Pachulski Stang Ziehl & Jones LLP, and have been admitted to appear before this Court.

b) I am familiar with many of the legal services rendered by Pachulski Stang Ziehl & Jones LLP as counsel to the Chapter 7 Trustee.

c) I have reviewed the foregoing Application and the facts set forth therein are true and correct to the best of my knowledge, information and belief.  Moreover, I have reviewed Del. Bankr. LR 2016-2, and submit that the Application substantially complies with such rule.

Dated: May 30, 2023

*/s/ Peter J. Keane*
Peter J. Keane