## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Start Man Furniture LLC (f/k/a Art Van Furniture, LLC), *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br>Jointly Administered |
| Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee of Start Man Furniture LLC (f/k/a Art Van Furniture, LLC), *et al.*,<br><br>Plaintiff,<br><br>-against-<br><br>Archie A. Van Elslander Trust dated November 26, 1982, as Amended, the Estate of Archie A. Van Elslander, Gary A. Van Elslander, Gary A. Van Elslander Revocable Trust, David P. Van Elslander, Debra A. Van Elslander, Debra A. Van Elslander Revocable Trust, Kenneth A. Van Elslander, Kenneth A. Van Elslander Revocable Trust, Sandra L. Seroka, Karen B. Paglino, Karen B. Paglino Revocable Trust, Lori J. Webb, Kim M. Van Elslander a/k/a Kim M. Campau, Kris A. Scarfone, Beth M. Wood, AV Conner Holdings, Inc., VEV Real Estate LLC, and Richard Kim Yost, and John Does 1-100,<br><br>Defendants. | Adv. Proc. No. 22-50229 (CTG)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Objection Deadline:**<br>**August 10, 2023 at 4:00 p.m. (ET)**<br><br>**Hearing Date:**<br>**August 17, 2023 at 1:00 p.m.** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

**MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER PURSUANT TO FED. R. BANKR. P. 9019 AUTHORIZING AND APPROVING THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN AND AMONG THE CHAPTER 7 TRUSTEE AND VARIOUS OTHER PARTIES RESOLVING CLAIMS AGAINST CERTAIN INSIDERS AND OTHERS**

Alfred T. Giuliano, solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estates of the above-captioned Debtors and plaintiff in the above-captioned adversary proceeding, by his undersigned counsel, hereby moves the Court (this "Motion") for entry of an order, substantially in the form attached hereto (the "Approval Order"), pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code) and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), authorizing and approving the Settlement Agreement and Mutual Release substantially in the form attached as **Exhibit 1** to the Approval Order (the "Settlement Agreement")[2] between and among (i) Alfred T. Giuliano, solely in his capacity as the Trustee for the bankruptcy estates (the "Estates") of the above-captioned debtors (the "Debtors"), (ii) Thomas H. Lee Partners, L.P., Thomas H. Lee Management Co., THL Managers VII LLC, Thomas H. Lee Parallel (Cayman) Fund VII, L.P., Thomas H. Lee Equity Fund VII, L.P., Thomas H. Lee Parallel Fund VII, L.P., Thomas H. Lee Fund VI Coinvestment Partners LP, and THL Executive Fund VII (collectively, the "THLee Entity Parties"), (iii) Todd M. Abbrecht, Jeff T. Swenson, Cliff Longley, Douglas A. Haber, Alex Smith, and David Alexander (collectively, the "THLee Director Parties" and together with the THLee Entity Parties, the "THLee Parties"); (iv) Gary A. Van Elslander (the "VE Director"); (v) Archie A. Van Elslander Trust dated November 26, 1982, as Amended, the Estate of Archie A. Van Elslander, Mary Ann Van Elslander, the Mary Ann Van Elslander Trust Agreement

---

[2] Capitalized terms used but not defined in this Motion have the meanings ascribed to such terms in the Settlement Agreement.

dated 9/26/1997, as amended, the Archie A. Van Elslander Marital Trust dated 11/26/1982, Gary A. Van Elslander Revocable Trust, David P. Van Elslander, Debra A. Van Elslander, Debra A. Van Elslander Revocable Trust, Kenneth A. Van Elslander, Kenneth A. Van Elslander Revocable Trust, Sandra L. Seroka, Karen B. Paglino, Karen B. Paglino Revocable Trust, Lori J. Webb, Kim M. Van Elslander a/k/a Kim M. Campau, Kris A. Scarfone, Beth M. Wood, AV Conner Holdings, Inc., and VEV Real Estate LLC (collectively, the "VE Entities" and together with the VE Director, the "VE Parties"); and (vi) Richard Kim Yost ("Yost").  Each of the foregoing may be referred to herein as a "Party" and collectively as the "Parties."  In support of this Motion, the Trustee respectfully states as follows:

## PRELIMINARY STATEMENT

1.      The Trustee, acting through counsel, has asserted that the Estates have certain claims and causes of action against the non-Debtor Parties, for, among other things, certain alleged breaches of fiduciary duties, aiding and abetting breaches of fiduciary duty, and avoidable transfers, some of which are set forth more fully in the Complaint filed in the above-captioned Adversary Proceeding and others asserted in advance of or in connection with the Mediation referenced below (collectively, the "Claims"), all the allegations and Claims of which the non-Debtor Parties have denied.  Following the assertion of the foregoing Claims, the Parties agreed to participate in a mediation (the "Mediation") with JAMS, led by Jed Melnick.  The Mediation commenced on December 19, 2022, and continued for several months thereafter. Ultimately, the Parties agreed to resolve the Claims as set forth more fully in the Settlement Agreement, which provides for a payment to the Estates of $8 million and mutual, general releases.  For the reasons set forth more fully below, the Trustee submits the Settlement Agreement, including the release provisions contained therein, is in the best interests of the Estates and creditors, is well within the range of reasonableness, and should be approved.

## JURISDICTION AND VENUE

2.        This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This is a core proceeding pursuant to 28 U.S.C. §§ 157(b)(2).  Venue is proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409.  Pursuant to Local Bankruptcy Rule 9013-1(f), the Trustee consents to the entry of a final order by this Court with respect to the relief requested in this Motion.

3.        The predicates for the relief requested herein are Bankruptcy Code sections 105 and 363 and Bankruptcy Rule 9019.

## BACKGROUND

4.        On March 8, 2020, the above-captioned Debtors each filed with this Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.

5.        On April 3, 2020, the Debtors filed a motion to convert their chapter 11 cases to cases under chapter 7 of the Bankruptcy Code.

6.        On April 7, 2020, the Court entered an order converting the Debtors' cases to cases under chapter 7 of the Bankruptcy Code and the Trustee was appointed as the Chapter 7 Trustee of the Estates.

7.        On March 7, 2022, the Trustee commenced the above-captioned adversary proceeding against a number of individuals and entities affiliated with the Van Elslander family, among others, and Yost, entitled *Giuliano v. Archie A. Van Elslander Trust dated November 26, 1982, as Amended*, *et al.*, Adv. Pro. No. 22-50229 (CTG) (Bankr. D. Del.) (the "Adversary Proceeding"), asserting various claims, including fraudulent transfer and breach of fiduciary duty claims (collectively, the "Adversary Claims").

8.        The Trustee has asserted that the Debtors' estates have certain claims against the THLee Parties (collectively, the "THLee Claims").  The Trustee did not file a complaint against the THLee Parties, as they entered into certain tolling agreements with the Trustee.

9.      The VE Parties and Yost deny and vigorously dispute any claims asserted in the Adversary Proceeding and any liability for the claims or any wrongdoing associated therewith.

10.     The THLee Parties deny and vigorously dispute any claims asserted by the Trustee and any liability for the THLee Claims or any wrongdoing associated therewith, or otherwise arising from the THLee Parties' relationship with the Debtors.

11.     The VE Director, Yost, and the THLee Director Parties had certain insurance coverage provided by National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") under one or more of the following policies in connection with certain claims, including any breach of fiduciary duty claims: (i) Policy No. 01-248-40-21, and (ii) Policy No. 01-229-47-55 (collectively, the "Insurance Policies").

12.     The Parties agreed to participate in mediation with JAMS, led by Jed Melnick, which commenced on December 19, 2022, and continued for several months (the "Mediation").

13.     Prior to the Mediation, the Trustee and the THLee Parties negotiated a settlement regarding any claims not covered by the Insurance Policies (the "THLee Settled Claims").

14.     At the conclusion of the Mediation, the Parties reached an agreement on a settlement of the Adversary Proceeding and full and final resolution of all claims on the terms and conditions set forth in the Settlement Agreement.

### Summary of the Settlement Agreement[3]

15.     As set forth more fully in the attached Settlement Agreement, the primary terms of the Settlement Agreement are as follows:

>        a.      Approval Order.  Promptly following the execution of the Settlement Agreement by all parties, the Trustee shall file with the Court, on regular notice, a motion pursuant to Rule 9019(a) of the Federal Rules of

---

[3] The summary set forth in the Motion is provided for the convenience of the Court and parties only.  To the extent the summary conflicts with the terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

Bankruptcy Procedure, seeking entry of an unstayed order and conditions set forth therein.

b.    <u>Settlement Effective Date</u>.  (a) The "<u>Settlement Effective Date</u>" as it relates to the VE Parties, Yost and National Union shall be the date on which the last of the following occurs:  (i) this Settlement Agreement has been fully executed, (ii) the Trustee has received the Insurance Settlement Payment and the THLee Defense Cost Reimbursement in good funds, (iii) the VE Parties' designated payee has received the VE Defense Cost Reimbursement in good funds, (iv) Yost has received the Yost Defense Cost Reimbursement in good funds, and (v) the Approval Order has become a final and non-appealable order, (b) The "<u>Settlement Effective Date</u>" as it relates to the THLee Parties shall be the date on which the last of the following occurs: (i) this Settlement Agreement has been fully executed, (ii) the Trustee has received the Insurance Settlement Payment, the THLee Defense Cost Reimbursement, and the THLee Contribution in good funds, and (iii) the Approval Order has become a final and non-appealable order.

c.    <u>Settlement Payments</u>.  Within ten (10) days after the Approval Order becomes a final, non-appealable order, the VE Director, Yost and the THLee Director Parties shall cause National Union to pay: (a) to the Trustee, the sum of (i) **Seven Million Five Hundred Thousand And 00/100 Dollars (US $7,500,000.00)** (the "<u>Insurance Settlement Payment</u>") and (ii) **Four Hundred Thirty-Five Thousand And 00/100 Dollars (US $435,000.00)** (the "<u>THLee Defense Cost Reimbursement</u>"); (b) to such payee as designated by the VE Parties, the sum of **One Million Five Hundred Thousand And 00/100 Dollars (US $1,500,000.00)** (the "<u>VE Defense Cost Reimbursement</u>"); (c) to Yost the sum of **Eighteen Thousand Nine Hundred Forty Four And 99/100 Dollars (US $18,944.99)** (the "<u>Yost Defense Cost Reimbursement</u>"), and the THLee Parties shall pay to the Trustee the sum of **Sixty-Five Thousand And 00/100 Dollars (US $65,000.00)** (the "<u>THLee Contribution</u>").  The Insurance Settlement Payment, the THLee Defense Cost Reimbursement and the THLee Contribution shall be paid by wire transfer or electronic funds transfer (EFT) to the Trustee, pursuant to instructions to be provided by the Trustee.  The VE Defense Cost Reimbursement shall be paid by wire transfer or electronic funds transfer (EFT) to such payee as designated by the VE Parties, pursuant to instructions to be provided by the VE Parties.  The Yost Defense Cost Reimbursement shall be paid by wire transfer or electronic funds transfer (EFT) to Yost, pursuant to instructions to be provided by the Yost.

d.    <u>Dismissal of Lawsuit</u>.  Within five (5) days after the clearance of all payments to Plaintiff pursuant to paragraph 2, Plaintiff shall dismiss the Adversary Proceeding with prejudice as to all defendants therein and without costs to any of the Parties, and shall as promptly as practicable,

but in any event within three (3) days after such dismissal, provide notice of such dismissal to counsel for the defendants.

     e.    <u>Release by the Trustee.</u>  Effective on the Settlement Effective Date, except for the obligations contained in or reserved by this Settlement Agreement, the Trustee, solely in his capacity as Trustee, and not in any individual or other capacity, on behalf of the Debtors and their estates (the "<u>Estate Releasors</u>") shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged each of the THLee Parties, the VE Parties, and Yost, and their respective Related Parties[4] and Transferees[5] (collectively, the "<u>Non-Debtor Parties</u>"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which any of the Estate Releasors has, has had, may have or may claim to have against each of the Non-Debtor Parties arising from or relating to the Adversary Proceeding, the Adversary Claims, the Insurance Policies, the THLee Claims, the THLee Parties' ownership or management of the Debtors, or which otherwise relate in any manner to the pre-petition and post-petition relationships among the Debtors and their estates and the Non-Debtor Parties, or arising under the Bankruptcy Code, or related to the Debtors' bankruptcy cases, whether asserted or not, without limitation.  For the avoidance of doubt, the tolling agreement dated as of January 19, 2023, by and among the Trustee and the THLee Parties shall be terminated as of the Settlement Effective Date.  Nothing in this paragraph releases (a) any Party from its obligations under this Settlement Agreement; or (b) any Party from its liability for breach of any term, warranty, or representation in this Settlement Agreement.

---

[4] "Related Parties" means, each of the following, in each case only in its capacity as such: heirs, predecessors, successors, affiliates, assigns, subsidiaries, direct and indirect equity holders, members (including managing members), directors, managers, officers, principals, employees, partners, trusts, trustees, independent contractors, agents, representatives, managed accounts or funds, agents, professionals, consultants, financial advisors, attorneys, accountants, investment bankers, and other professional advisors and any other Individual Insured as defined in the Insurance Policies.

[5] "Transferees" means the initial transferees of the Sale Proceeds, and any immediate or mediate transferees of any such initial transferee. For the avoidance of doubt, Transferees include the following persons, trusts and entities: The AV Family Office Trust Dated 11/26/1982, as amended; VEC, LLC, a Michigan limited liability company; all descendants of Archie A. Van Elslander and their spouses, and any trusts or limited liability companies for their benefit; limited liability companies owned all or in part by Mary Ann Van Elslander or trusts created by her or for her benefit; Fixed Income Fund 13, LLC, Global Equity Fund 13, LLC, Private Equity Fund 13, LLC, and Private Equity Fund 13-V2, LLC, each a Delaware limited liability company; the A. A. Van Elslander Foundation; the Van Elslander Family Foundation; MAV13, LLC, a Michigan limited liability company; and all of the trustees, officers, directors, employees, and consultants for any of the above-listed parties.

f.  <u>Release by the Non-Debtor Parties</u>.  Effective on the Settlement Effective Date, except for the obligations contained in or reserved by this Settlement Agreement, the Non-Debtor Parties shall be deemed to have irrevocably and unconditionally, fully, finally, and forever waived, released, acquitted and discharged each of the Estate Releasors, the THLee Parties, the VE Parties, and Yost from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which any of the Non-Debtor Parties has, has had, may have or may claim to have against each of the Estate Releasors arising from or relating to the Adversary Proceeding, the Adversary Proceeding, the Insurance Policies, the THLee Claims, or which otherwise relate in any manner to the pre-petition and post-petition relationships among the Debtors and their estates and the Non-Debtor Parties, or arising under the Bankruptcy Code, or related to the Debtors' bankruptcy cases, whether asserted or not, without limitation.  Nothing in this paragraph releases (a) any Party from its obligations under this Settlement Agreement; or (b) any Party from its liability for breach of any term, warranty, or representation in this Settlement Agreement.

g.  <u>Estates' Release of National Union</u>.  Upon clearance of the Insurance Settlement Payment, the THLee Defense Cost Reimbursement, the VE Defense Cost Reimbursement, and the Yost Defense Cost Reimbursement, except for the obligations contained in or reserved by this Settlement Agreement, the Estate Releasors fully release and forever discharge National Union, together with its respective predecessors, successors, affiliates, and assigns, and all persons acting by, through or under them, from all known and unknown claims, liabilities, obligations, promises, agreements, controversies, damages, actions, causes of action, suits, rights, demands, costs, losses, debts, penalties, fees and expenses (including attorneys' fees and costs), of any nature whatsoever, whether or not apparent or yet to be discovered, arising from or relating to (a) the Insurance Policies; (b) the Adversary Proceeding, the Adversary Claims, the THLee Claims, the THLee Parties' ownership or management of the Debtors, or which otherwise relate in any manner to the pre-petition and post-petition relationships among the Debtors and their estates and the Non-Debtor Parties, or arising under the Bankruptcy Code, or related to the Debtors' bankruptcy cases, whether asserted or not, without limitation under the Insurance Policies or any other insurance policy which is a predecessor or successor of any Insurance Policy.  Notwithstanding the foregoing, the Estate Releasors reserve all rights, claims and defenses in connection with any proof of claim filed by National Union or its affiliates against any Debtor.

**RELIEF REQUESTED AND BASIS THEREFOR**

16.     By this Motion, the Trustee seeks entry of an order, substantially in the form of the Approval Order attached hereto, authorizing and approving the Settlement Agreement, which is attached as **Exhibit 1** to the Approval Order, and granting related relief.

17.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title."  11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (*en banc*).

18.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996). Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates.  *In re Marvel Entertainment Group, Inc.,* 222 B.R. 243, 249 (D. Del. 1998).  The decision whether to accept or reject a compromise lies within the sound discretion of the court.  *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

19.     In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of

success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

20.     When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996).

21.     The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

22.     In addition, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate. *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999). If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive

provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification. *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

23.    Here, the Settlement Agreement with the other parties falls well within the range of reasonableness and represents a sound exercise of the Trustee's business judgment.

24.    In the exercise of his statutory duties and powers, the Trustee has investigated the Debtors' prepetition operations and transactions and identified the Claims.  The Parties exchanged informal discovery and also received certain third-party discovery in connection with the Claims.  The Trustee also had the benefit of reviewing and analyzing the Mediation statements of the non-Debtor Parties, which outlined the various positions and defenses of the non-Debtor Parties, and the views of the Mediator and his team, which included a financial expert.  Additionally, the Trustee had the benefit of reviewing multiple expert reports, including his own expert's report, to assist with his analysis.

25.    The Settlement Agreement, among other things, resolves the Claims and provides for the sum of $8 million to be paid to the Trustee, for the benefit of the Estates.  It also avoids the expense of protracted litigation against well-funded and well-represented parties, the outcome of which is uncertain.  The Trustee believes the terms of the Settlement Agreement, including the release provisions, are appropriate.

26.    For the foregoing reasons, the Trustee respectfully submits the Settlement Agreement is in the best interest of the Estates and their creditors and should be approved.

## NOTICE

27.    Notice of this Motion has been given to the following parties or their counsel of record, if known: (a) the Office of the United States Trustee; (b) counsel to the non-Debtor Parties to the Settlement Agreement; (c) counsel to National Union; and (d) all parties that have requested to receive notices in these cases pursuant to Bankruptcy Rule 2002.  The Trustee submits that service of this Motion on the parties listed above is reasonable and appropriate in light of the circumstances of these cases.

28.    No prior request for the relief sought in this Motion has been made to this Court or to any other Court.

## CONCLUSION

WHEREFORE, for the reasons stated herein, the Trustee respectfully requests that the Court enter the Approval Order authorizing and approving the Settlement Agreement and granting the Trustee such other and further relief as the Court deems just and proper.

Dated:  July 27, 2023

*/s/ David W. Carickhoff*
David W. Carickhoff (No. 3715)
Bryan J. Hall (No. 6239)
ARCHER & GREINER, P.C.
300 Delaware Avenue, Suite 1100
Wilmington, Delaware 19801
Telephone: 302-777-4350
Facsimile:  302-777-4352
Email:  dcarickhoff@archerlaw.com
          bjhall@archerlaw.com

*Counsel for the Chapter 7 Trustee*