# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE LLC (f/k/a Art Van furniture, LLC), *et al.*,[1]<br><br>                      Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>Jointly Administered<br><br>**Re: Docket No. 1583** |
| In re:<br><br>Alfred T. Giuliano, solely in his capacity as Chapter 7 Trustee of START MAN FURNITURE LLC (f/k/a Art Van furniture, LLC), *et al.*,<br><br>                      Plaintiff,<br><br>  -against-<br><br>Archie A. Van Elslander Trust dated November 26, 1982, As Amended, the Estate of Archie A. Van Elslander, Gary A. Van Elslander, Gary A. Van Elslander Revocable Trust, David P. Van Elslander, Debra A. Van Elslander, Debra A. Van Elslander Revocable Trust, Kenneth A. Van Elslander, Kenneth A. Van Elslander Revocable Trust, Sandra L. Seroka, Karen B. Paglino, Karen B. Paglino Revocable Trust, Lori J. Webb, Kim M. Van Elslander a/k/a Kim M. Campau, Kris A. Scarfone, Beth M. Wood, AV Conner Holdings, Inc., VEV Real Estate LLC, and Richard Kim Yost, and John Does 1-100,<br><br>                      Defendants. | Adv. Proc. No. 22-50229 (CTG)<br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br><br>**Re: Docket No. 45** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

**HGB AVF LENDING, LLC'S RESERVATION OF RIGHTS CONCERNING MOTION OF THE CHAPTER 7 TRUSTEE FOR ENTRY OF AN ORDER, PURSUANT TO FED. R. BANKR. P. 9019, AUTHORIZING AND APPROVING A SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN AND AMONG THE CHAPTER 7 TRUSTEE AND VARIOUS OTHER PARTIES RESOLVING CLAIMS AGAINST CERTAIN INSIDERS AND OTHERS**

HGB AVF Lending, LLC (as successor to Virtus Group, LP), as administrative agent and collateral agent (in such capacity, the "Prepetition Term Loan Agent"), by its undersigned counsel, hereby submits this reservation of rights with regard to the motion, filed July 27, 2023 [ECF No. 1583] (the "Settlement Motion"), by Alfred T. Giuliano, solely in his capacity as the chapter 7 trustee (the "Trustee") for the bankruptcy estates of Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC), et al. (collectively, the "Debtors") and plaintiff in the above-captioned adversary proceeding for entry of an order, pursuant to sections 105(a) and 363 of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), inter alia, authorizing and approving a proposed Settlement Agreement and Mutual Release (the "Settlement Agreement") between and among: (i) Alfred T. Giuliano, solely in his capacity as the Trustee for the bankruptcy estates (the "Estates"), (ii) Thomas H. Lee Partners, L.P., Thomas H. Lee Management Co., THL Managers VII LLC, Thomas H. Lee Parallel (Cayman) Fund VII, L.P., Thomas H. Lee Equity Fund VII, L.P., Thomas H. Lee Parallel Fund VII, L.P., Thomas H. Lee Fund VI Coinvestment Partners LP, and THL Executive Fund VII (collectively, the "THLee Entity Parties"), (iii) Todd M. Abbrecht, Jeff T. Swenson, Cliff Longley, Douglas A. Haber, Alex Smith, and David Alexander (collectively, the "THLee Director Parties", and together with the THLee Entity Parties, the "THLee Parties"); (iv) Gary A. Van Elslander (the "VE Director"); (v) Archie A. Van Elslander Trust dated November 26, 1982, as Amended, the Estate of Archie A. Van Elslander, Mary Ann Van Elslander, the Mary Ann Van Elslander Trust Agreement dated 9/26/1997, as amended, the Archie A. Van Elslander Marital Trust dated

2

11/26/1982, Gary A. Van Elslander Revocable Trust, David P. Van Elslander, Debra A. Van Elslander, Debra A. Van Elslander Revocable Trust, Kenneth A. Van Elslander, Kenneth A. Van Elslander Revocable Trust, Sandra L. Seroka, Karen B. Paglino, Karen B. Paglino Revocable Trust, Lori J. Webb, Kim M. Van Elslander a/k/a Kim M. Campau, Kris A. Scarfone, Beth M. Wood, AV Conner Holdings, Inc., and VEV Real Estate LLC (collectively, the "VE Entities", and together with the VE Director, the "VE Parties"); and (vi) Richard Kim Yost ("Yost"). In response to the relief requested in the Motion, the Prepetition Term Loan Agent respectfully states as follows:

## BACKGROUND

1. On March 8, 2020 (the "Petition Date"), the Debtors filed voluntary petitions for relief under chapter 11 of the Bankruptcy Code with the Clerk of the Court.

2. Prior to the Petition Date, (a) StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC), a Delaware limited liability company, as holdings ("Holdings"), (b) SVF Parent, LLC (f/k/a AVF Parent, LLC), a Delaware limited liability company, as borrower ("Prepetition Term Loan Borrower" and, together with Holdings and their direct and indirect subsidiaries, the "Company"), (c) the subsidiary guarantors party thereto from time to time (collectively, the "Prepetition Term Loan Guarantors"), (d) the lenders party thereto from time to time (collectively, the "Prepetition Term Lenders"), and (e) the Prepetition Term Loan Agent, as administrative and collateral agent, entered into that certain Credit Agreement, dated as of March 1, 2017 (as amended, restated, amended and restated, supplemented, extended, refinanced or otherwise modified from time to time prior to the date hereof, the "Prepetition Term Credit Agreement"; and collectively with the Loan Documents (as defined in the Prepetition Term Credit Agreement) and any other agreements and documents executed or delivered in connection therewith, each as may be amended, restated,

3

supplemented, waived or otherwise modified from time to time, the "Prepetition Term Loan Documents"), the Prepetition Term Lenders provided term loans to the Prepetition Term Loan Borrower (the "Prepetition Term Loan Facility") in an aggregate principal amount of $100,000,000.

3.  In furtherance of the Prepetition Term Loan Facility, the Prepetition Term Loan Borrower and the Prepetition Term Loan Guarantors granted to the Prepetition Term Loan Agent, for the benefit of itself and the Prepetition Term Lenders, security interests in and continuing liens (the "Prepetition Term Loan Liens") on substantially all of their assets and property, including (a) a first priority security interest in and continuing lien on the Prepetition Term Priority Collateral (as defined in the Prepetition Term Loan Documents), and (b) a second priority security interest in and continuing lien on the Prepetition ABL Priority Collateral (as defined in the Prepetition Term Loan Documents.

4.  On March 11, 2020, the Court entered its *Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [ECF No. 93] (the "First Interim Order").

5.  Pursuant to the First Interim Order, the Debtors stipulated, among other things, that as of the Petition Date, the aggregate principal amount outstanding under the Prepetition Term Loan Facility was not less than approximately $175,000,000 (collectively, together with accrued and unpaid interest, any fees, expenses and disbursements (including attorneys' fees, accountants' fees, appraisers' fees, and financial advisors' fees and related expenses and disbursements reimbursable thereunder), indemnification obligations, and other charges, amounts, and costs of whatever nature owing, whether or not contingent, whenever arising, accrued, accruing, due,

owing, or chargeable in respect of any of the Prepetition Term Loan Borrower's and the Prepetition Term Loan Guarantors' obligations pursuant to, or secured by, the Prepetition Term Loan Documents, including all "Obligations" as defined in the Prepetition Term Credit Agreement, and all interest, fees, costs and other charges allowable under section 506(b) of the Bankruptcy Code, the "Prepetition Term Loan Obligations").

6. Pursuant to the First Interim Order, the Debtors further stipulated that the Prepetition Term Loan Liens constituted valid, duly perfected and continuing liens and security interests having (a) first priority on the Prepetition Term Priority Collateral (as defined in the Prepetition Term Loan Documents), and (b) second priority on the Prepetition ABL Priority Collateral (as defined in the Prepetition Term Loan Documents), subject only to certain other Permitted Prior Liens (as defined in the First Interim Order).

7. On April 6, 2020, the Court entered an order converting the Debtors' chapter 11 cases to chapter 7 [ECF No. 247], effective as of April 7, 2020 (the "Conversion Date"). Alfred T. Giuliano was thereupon appointed the chapter 7 trustee of the Estates effective as of the Conversion Date.

8. On April 27, 2020, the Court entered the *Second Interim Order (I) Authorizing the Debtors to Use Cash Collateral, (II) Granting Adequate Protection to the Prepetition Secured Parties; (III) Modifying the Automatic Stay; (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [ECF No. 372] (the "Second Interim Order").

9. On August 13, 2020, the Court entered the *Final Order (I) Authorizing the Debtors To Use Cash Collateral, (II) Granting Adequate Protection To The Prepetition Secured Parties, (III) Modifying The Automatic Stay, And (IV) Granting Related Relief* [ECF No. 913] (the "Final

161423656v1

Cash Collateral Order"; and together with the First Interim Order and Second Interim Order the "Cash Collateral Orders").

10. In addition to acknowledging the extent, validity and priority of the Prepetition Term Loan Liens, the Cash Collateral Orders also granted to the Prepetition Term Loan Agent, for the benefit of itself and the Prepetition Term Loan Parties, continuing, valid, binding, enforceable, and perfected post-petition security interests in and liens on the Postpetition Collateral (as defined in the Cash Collateral Orders; the "Prepetition Term Loan Adequate Protection Liens") and superpriority administrative expense claims as adequate protection of the interests of the in the Prepetition Collateral, pursuant to sections 361 and 363(e) of the Bankruptcy Code.

11. The Cash Collateral Orders further provide that Postpetition Collateral includes, among other things, the proceeds of any avoidance actions brought pursuant to Chapter 5 of the Bankruptcy Code or applicable state law equivalents, which for these purposes includes the proceeds to be realized by the Estates under the proposed Settlement Agreement[2].

12. The Final Cash Collateral Order further provides that proceeds of commercial tort claims and avoidance actions brought pursuant to Chapter 5 of the Bankruptcy Code – such as the proceeds realized from the Trustee's proposed settlement of the Estates' claims in the instant adversary proceeding – shall be applied equally to (x) repay the Prepetition Secured Obligations[3], and (y) the Debtors' estates to fund the reasonable and necessary costs of the Debtors' estates and for the account of and paid to whomever may be lawfully entitled thereto (other than the Prepetition Secured Obligations).

---

[2] *See* Final Cash Collateral Order, Footnote 4.

[3] The Prepetition ABL Obligations have been satisfied in accordance with the terms of the Final Cash Collateral Order, such that only the Prepetition Term Loan Obligations remain as a surviving component of the Prepetition Secured Obligations, and thus the Prepetition Term Lenders are the sole remaining beneficiaries of the Postpetition Collateral.

161423656v1

**RESERVATION OF RIGHTS**

13.     The Prepetition Term Loan Agent, for itself and the Prepetition Term Loan Parties, wholeheartedly supports the Trustee's request for approval of the Settlement Agreement, and urges this Court to grant the requested approval of same.

14.     At the same time, the Prepetition Term Loan Agent, for itself and the Prepetition Term Loan Parties, submits that the proceeds of the Trustee's proposed settlement, which represent the proceeds of an avoidance action brought pursuant to chapter 5 of the Bankruptcy Code, constitute Postpetition Collateral to which the Prepetition Term Loan Agent has a continuing interest in under the express terms of the Cash Collateral Orders.  The Prepetition Term Loan Agent therefore submits this reservation of rights to preserve its rights to recover and receive its allocable share of the settlement proceeds in accordance with the terms of the Cash Collateral Orders.  In furtherance of the foregoing, the Prepetition Term Loan Agent submits that any order approving the Settlement Agreement should provide that upon the Trustee's receipt of the proceeds provided for under the Settlement Agreement, an amount equal to fifty percent (50.0%) of such proceeds should be promptly tendered to the Prepetition Term Loan Agent, for the benefit of itself and the Prepetition Term Loan Parties, in partial satisfaction of the remaining Prepetition Term Loan Obligations, all as provided in the Cash Collateral Orders.

15.     This reservation of rights is submitted without prejudice to, and with a full reservation of, all of the Prepetition Term Loan Agent's rights, claims, defenses, and remedies, including the right to amend, modify, or supplement this reservation of rights, in writing or orally at the scheduled hearing on the Trustee's Settlement Motion, and to introduce evidence at any hearing relating to the Trustee's Settlement Motion, and without in any way limiting any other rights of the Prepetition Term Loan Agent and/or the Prepetition Term Loan Parties.

161423656v1

| | |
|---|---|
| Dated: August 10, 2023<br>Wilmington, DE | **TROUTMAN PEPPER HAMILTON SANDERS LLP**<br><br> /s/ *Marcy J. McLaughlin Smith*<br>Douglas D. Herrmann (DE No. 4872)<br>Marcy J. McLaughlin Smith (DE No. 6184)<br>Hercules Plaza, Suite 5100<br>1313 N. Market Street, P.O. Box 1709<br>Wilmington, Delaware  19899-1709<br>Telephone:  (302) 777-6500<br>Facsimile:  (302) 421-8390<br>Email:  douglas.herrmann@troutman.com<br>           marcy.smith@troutman.com<br><br>-and-<br><br>Steven E. Fox (*pro hac vice*)<br>**RIEMER & BRAUNSTEIN LLP**<br>Times Square Tower<br>Seven Times Square, Suite 2506<br>New York, NY 10036<br>Telephone: (212) 789-3150<br>Facsimile: (212) 719-0140<br>Email: sfox@riemerlaw.com<br><br>*Counsel for HGB AVF Lending, LLC, as administrative agent and collateral agent* |