# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>Start Man Furniture LLC (f/k/a Art Van Furniture, LLC), *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br>Jointly Administered<br><br>**Re: Docket Nos. 1583 and 1584** |
| Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee of Start Man Furniture LLC (f/k/a Art Van Furniture, LLC), *et al.*,<br><br>Plaintiff,<br><br>-against-<br><br>Archie A. Van Elslander Trust dated November 26, 1982, as Amended, the Estate of Archie A. Van Elslander, Gary A. Van Elslander, Gary A. Van Elslander Revocable Trust, David P. Van Elslander, Debra A. Van Elslander, Debra A. Van Elslander Revocable Trust, Kenneth A. Van Elslander, Kenneth A. Van Elslander Revocable Trust, Sandra L. Seroka, Karen B. Paglino, Karen B. Paglino Revocable Trust, Lori J. Webb, Kim M. Van Elslander a/k/a Kim M. Campau, Kris A. Scarfone, Beth M. Wood, AV Conner Holdings, Inc., VEV Real Estate LLC, and Richard Kim Yost, and John Does 1-100,<br><br>Defendants. | Adv. Proc. No. 22-50229 (CTG)<br><br>**Re: Docket Nos. 45 and 46** |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

**ORDER APPROVING THE SETTLEMENT AGREEMENT AND MUTUAL RELEASE BETWEEN AND AMONG THE CHAPTER 7 TRUSTEE AND VARIOUS OTHER PARTIES RESOLVING CLAIMS AGAINST CERTAIN INSIDERS AND OTHERS**

Upon the Motion[2] of Alfred T. Giuliano, the Chapter 7 Trustee (the "Trustee") of the bankruptcy estates of the above-captioned Debtors, for entry of an order pursuant to sections 105(a) and 362(d) of the Bankruptcy Code and Rule 9019 of the Federal Rules of Bankruptcy Procedure authorizing and approving the *Settlement Agreement and Mutual Release* substantially in the same form as attached hereto as **Exhibit 1** (the "Settlement Agreement") between and among the Trustee, solely in his capacity as the Trustee for the bankruptcy estates of the Debtors, and the non-Debtor Parties,; and upon consideration of the Motion and all filings related thereto; and the Court finding that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, (b) this matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), (c) notice of the Motion was due and proper under the circumstances, and (d) the entry of this Order is in the best interests of the Estates, creditors, and other parties in interest; and any objections or responses to the Motion having been resolved, withdrawn, or overruled by the Court; and upon all of the proceedings had before the Court; and after due deliberation, and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.  The Motion is GRANTED as set forth herein.

2.  The Trustee is authorized to enter into the Settlement Agreement, the terms of which are hereby approved in their entirety. The Trustee is authorized to make any non-material changes to the Settlement Agreement as agreed to between the Parties.

---

[2] Unless otherwise defined herein, all capitalized terms shall have the meanings ascribed to them in the Motion.

3. The Trustee is hereby authorized to implement the terms of the Settlement Agreement.

4. The Trustee is hereby authorized to pay the Estates' share of the Mediator's fees and expenses.

5. To the extent necessary, relief is hereby granted from the automatic stay pursuant to 11 U.S.C. § 362(d) to enable National Union to make any payments required to be made by National Union under the Settlement Agreement or the Insurance Policies.

6. Upon the Trustee's consummation of the Settlement Agreement and receipt of the settlement proceeds, the Trustee shall reserve and segregate from such settlement proceeds the sum of $4,000,000 (the "Reserved Settlement Proceeds") pending resolution of the relative entitlements to such proceeds as between the Debtors' Estates and HGB AVF Lending, LLC, in its capacity as administrative agent and collateral agent (the "Prepetition Term Loan Agent") pursuant to the terms of that certain *Final Order (I) Authorizing the Debtors To Use Cash Collateral, (II) Granting Adequate Protection To The Prepetition Secured Parties, (III) Modifying The Automatic Stay, And (IV) Granting Related Relief*, entered August 13, 2020 [ECF No. 913] (the "Final Cash Collateral Order"). Pending such resolution, (a) the Trustee shall not be allowed to use any Reserved Settlement Proceeds for any purpose absent (i) prior written consent of the Prepetition Term Loan Agent (which consent may be withheld, denied, delayed and/or conditioned in the Prepetition Term Loan Agent's discretion) or (ii) order of the Court upon not less than seven (7) business days' notice to the Prepetition Term Loan Agent, and (b) each of the Prepetition Term Loan Agent and the Trustee reserve all of their respective rights and interests with respect to the Reserved Settlement Proceeds.

4

7. This Court shall retain jurisdiction over all matters arising from or relating to the Settlement Agreement and/or the interpretation, implementation, or enforcement of this Order.

**Dated: August 23rd, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**