# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 7 |
| START MAN FURNITURE, LLC, et al.[1] | Case No. 20-10553 (CTG) |
| Debtors. | (Jointly Administered) |
| | **Re: Docket No. 1594** |

### ORDER GRANTING APPLICATION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, FOR AN ORDER (I) PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A), BANKRUPTCY RULES 2014(A) AND 2016, AND LOCAL RULE 2014-1 FOR AUTHORITY TO EMPLOY AND RETAIN HIDDEN ASSETS LLC AS COLLECTION AGENT, EFFECTIVE AS OF AUGUST 25, 2023; AND (II) GRANTING WAIVER OF LOCAL RULE 2016-2

Upon consideration of the application (the "Application")[2] of Alfred T. Giuliano, the chapter 7 trustee (the "Trustee") for (a) authority to employ and retain Hidden Assets LLC ("HA") as collection agent to pursue collection of certain unclaimed funds and assets (the "Unclaimed Property"), effective as of August 25, 2023, pursuant to sections 327 and 328 of Title 11 of the United States Code (as amended, the "Bankruptcy Code"), Rule 2014 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), and Rule 2014-1 of the Local Rules for the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), and (b) a waiver of Local Rule 2016-2 with regard to time keeping requirements; the Court having reviewed the Application, and the Declaration of Kelly Thompson (the "Declaration");

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms not defined herein shall have the meanings ascribed to them in the Application.

the Court finding that: (a) the district court having jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and the Court has the power to enter a final order consistent with Article III of the United States Constitution; (b) notice of the Application and the hearing was sufficient under the circumstances; (c) the Court having determined that HA is a "disinterested person" pursuant to § 101(14) of the Bankruptcy Code; and (d) the Court having determined that the legal and factual bases set forth in the Application and the Declaration establish just cause for the relief granted herein; and it appearing to the Court that the said Application should be approved, it is HEREBY ORDERED THAT:

1. The Application is GRANTED as set forth herein.

2. The Trustee is hereby authorized to retain and employ HA as collection agent to pursue the Unclaimed Property behalf of the Debtors' estates, pursuant to sections 327 and 328 of the Bankruptcy Code, Bankruptcy Rules 2014 and 2016, and Local Rule 2014-1, effective as of August 25, 2023.

3. HA is authorized to render professional services to the Trustee as described in the Application and pursuant to the Agreement.

4. HA shall be compensated on a contingency fee basis as set forth in the Application and pursuant to the Agreement, without further order of the Court but subject to the terms of this Order.

5. HA shall not be required to maintain or submit to the Court records of detailed time entries in connection with professional services rendered in these cases.

6. The requirements of Local Rule 2016-2(d) are waived.

7. Prior to payment to HA, the Trustee shall file and serve a notice (the "<u>Fee Notice</u>") indicating the amount of the recovery by HA and the amount of the fee to be received by HA. The Fee Notice shall be served by email (if available, or first class mail if no email is available) on the Office of the United States Trustee and any parties that have filed requests for notice pursuant to Bankruptcy Rule 2002 (the "<u>Notice Parties</u>"). The Notice Parties shall have seven (7) days to file an objection to the Fee Notice. If no objections are filed by such seven-day objection deadline, the Trustee may pay HA its fee.

8. The Trustee and HA are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

9. The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

10. This Court shall retain jurisdiction with respect to all matters arising from or related to the implementation of this Order.

Dated: October 12th, 2023
Wilmington, Delaware

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**