**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| START MAN FURNITURE, LLC, *et al.*,[1] | ) | Case No. 20-10553 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**TRUSTEE'S MOTION FOR AUTHORIZATION TO**
**EXECUTE FAA TERMINATIONS AND DISCLAIMERS**
**PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND BANKRUPTCY RULE 9019**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), files this motion (this "Motion") for the entry of an order, substantially in the form attached hereto as **Exhibit A**, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code"), authorizing the Trustee to execute certain FAA Terminations and Disclaimers (as defined and more fully described below). Contemporaneously with this Motion, the Trustee is filing a motion to shorten notice seeking a hearing on the Motion on or before December 19, 2023. In support of the Motion, the Trustee respectfully states as follows:

**Jurisdiction and Venue**

1.     The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the United States Bankruptcy

---

[1]     The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

Court for the District of Delaware (the "Court") under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code.

### Background

4.      On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 263] effective April 7, 2020 (the "Conversion Date").

6.      The Trustee has been provided with two documents, each titled *FAA Termination and Disclaimer* (collectively, the "FAA Terminations and Disclaimers"), which relate to an expired lease, dated June 1, 2017 (the "Lease"), for a Raytheon Aircraft Company model B200 aircraft, bearing manufacturer's serial number BB-1728 and assigned U.S. registration

number N946CE, and two Pratt & Whitney Canada model PT6A-42 engines bearing manufacturer's serial numbers PCE-PJ0430 and PCE-PJ0431 (collectively, the "Aircraft").

7.      The Trustee understands that the Lease was originally from Corporate Eagle Capital LLC ("Corporate Eagle") as lessor to Debtor Art Van Furniture, LLC (now known as Start Man Furniture, LLC) ("Art Van") as lessee.

8.      On or about August 16, 2017, Corporate Eagle entered into a security agreement with Comerica Bank, which listed all then-current leases, including the Lease.

9.      On or about December 31, 2019, a refinancing was completed with Waterford Bank N.A.  In connection with that refinancing, the lessor position was assigned to Eagle Shares LLC ("Eagle Shares"), and the Lease was again listed in the security agreement.

10.      Eagle Shares is now prepared to sell the Aircraft (the "Sale").  The Lease, although now expired, appears in the title search in connection with the Sale.  Eagle Shares has requested that the Trustee execute the FAA Terminations and Disclaimers in order to clear title to the Aircraft so that the Sale can proceed, and the Trustee has determined that doing so would be in the best interests of the Debtors and their estates.

11.      Accordingly, the Trustee proposes to execute the FAA Terminations and Disclaimers on behalf of Art Van.  Pursuant to the FAA Terminations and Disclaimers, Art Van, Corporate Eagle, and Eagle Shares would certify that the Lease has been terminated and that the Aircraft have been released from all of the terms and conditions of the Lease.  Art Van and Corporate Eagle would also terminate and disclaim all right, title, and interest in and to the Aircraft. Copies of the FAA Terminations and Disclaimers are attached hereto as **Exhibit B**.

12.     Execution of the FAA Terminations and Disclaimers will benefit the Debtors' estates as it would preclude the need for any further involvement with the Sale, including any acts or proceedings that might be required to clear title to the Aircraft.

## Relief Requested

13.     By this Motion, the Trustee seeks entry of an order authorizing the Trustee to execute the FAA Terminations and Disclaimers.

## Basis for Relief

14.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). Section 105(a) has been interpreted expressly to empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).

15.     The Trustee believes that executing the FAA Terminations and Disclaimers is a sound exercise of his business judgment and in the best interests of the Debtors, their creditors, and their estates. Execution of the FAA Terminations and Disclaimers would allow for title to the Aircraft to be cleared and would preclude the possibility of the Debtors' estates becoming involved in any further issues or proceedings involving the Aircraft, the Lease, or the Sale.

16.     An act such as execution of the FAA Terminations and Disclaimers can constitute a use of property of the estate. *See Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350–51 (3d Cir. 1999). To the extent such acts are viewed as a settlement is outside of the ordinary course of business of the debtor, it requires approval of the Court pursuant to section 363(b) of the Bankruptcy Code. *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the

Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy."). Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (noting that the trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

17.     Here, to the extent that approval under section 363(b) of the Bankruptcy Court is required, execution of the FAA Terminations and Disclaimers will confirm that the Lease has been terminated and that Art Van has disclaimed all right, title, and interest in and to the Aircraft, avoiding any future issues that might arise in connection therewith  Accordingly, the Trustee, in the exercise of his business judgment, has determined that executing the FAA Terminations and Disclaimers is fair, reasonable, and appropriate and should be approved by the Court.

## Notice

18.     The Trustee has provided notice of this Motion to:  (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Eagle Shares; and (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

## No Prior Request

19.     No prior request for the relief sought in this Motion has been made to this Court or any other court.

WHEREFORE, the Trustee requests entry of an order, substantially in the form attached hereto, authorizing the Trustee to execute the FAA Terminations and Disclaimers and granting such other and further relief as the Court deems appropriate.

Dated:  December 6, 2023

**PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:      bsandler@pszjlaw.com
             crobinson@pszjlaw.com
             pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*