IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | ) | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| START MAN FURNITURE, LLC, *et al.*,[1] | ) | Case No. 20-10553 (CTG) |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |

**MOTION TO SHORTEN NOTICE PERIOD AND SCHEDULE
HEARING WITH RESPECT TO THE TRUSTEE'S MOTION FOR
AUTHORIZATION TO EXECUTE FAA TERMINATIONS AND DISCLAIMERS
PURSUANT TO 11 U.S.C. §§ 105(a) AND 363(b) AND BANKRUPTCY RULE 9019**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors") in the above-captioned chapter 11 cases (the "Chapter 11 Cases") files this motion to shorten time (the "Motion to Shorten"), requesting that the Court shorten the notice period and schedule a hearing regarding the *Trustee's Motion for Authorization to Execute FAA Terminations and Disclaimers Pursuant to 11 U.S.C. §§ 105(a) and 363(b) and Bankruptcy Rule 9019* (the "Motion"),[2] filed concurrently herewith. In support of the Motion to Shorten, the Trustee respectfully represents as follows:

**Relief Requested**

1.      By this Motion to Shorten, pursuant to section 105(a) of title 11 of the United States Code (the "Bankruptcy Code"), Rule 9006 of the Federal Rules of Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

Procedure (the "Bankruptcy Rules"), and Rule 9006-1(c) and (e) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules"), the Trustee respectfully requests entry of an order (the "Proposed Order"): (a) shortening notice on the Motion; (b) scheduling the Motion to be heard on or before **December 19, 2023 (Eastern Time)** (the "Hearing"); (c) setting a deadline for objections to the Motion for **December 14, 2023 at 12:00 p.m. (Eastern Time)**; (d) authorizing the Trustee to file a Certification of No Objection on or after **December 15, 2023 at 4:00 p.m. (Eastern Time)** in the event that no objections are filed to the Motion; and (e) granting such other and further relief as the Court deems just and proper.

2. The Trustee respectfully submits that the exigencies justify shortening notice of the Motion, which seeks authority for the Trustee to execute the FAA Terminations and Disclosures in order to clear title with respect to the Aircraft previously leased by Debtor Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC), as more fully described in the Motion. The Trustee has been informed that the parties to the Sale will be closing on the transaction within two weeks.

3. Under the circumstances, the Trustee respectfully submits that the relief requested in the Motion is of minimal interest to the Debtors' creditors and other parties in interest and that a hearing on shortened time is appropriate and necessary given the anticipated timeline for the Sale of the Aircraft and the need to clear title to the Aircraft.

**Jurisdiction and Venue**

4. The United States District Court for the District of Delaware has jurisdiction over this matter pursuant to 28 U.S.C. § 1334, which was referred to the Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court*

*for the District of Delaware*, dated February 29, 2012. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Local Rule 9013-1(f) to the entry of a final order by the Court in connection with this Motion to Shorten to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

5. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

6. The statutory bases for the relief requested herein are section 105(a) of the Bankruptcy Code, Bankruptcy Rule 9006, and Local Rule 9006-1(c) and (e).

## Background

7. On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

8. On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 263] effective April 7, 2020 (the "Conversion Date").

## Basis for Relief

9. Local Rule 9006-1 provides that, unless the Bankruptcy Rules or the Local Rules state otherwise, "all motion papers shall be filed and served in accordance with Local Rule 2002-1(b) at least fourteen (14) days prior to the hearing date." Del. Bankr. L.R. 9006-1(c)(i). Local Rule 9006-1 further provides, in pertinent part, that "[n]o motion will be scheduled on less notice than required by these Local Rules or the Fed. R. Bankr. P. except by order of the Court, on written motion . . . specifying the exigencies justifying shortened notice." Del. Bankr. L.R. 9006-

1(e).  Local Rule 9006-1 further requires that the deadline for objections shall be no later than seven (7) days before the hearing date.  Del. Bankr. L.R. 9006-1(c)(ii).

10. Bankruptcy Rule 9006(c)(1) authorizes the Court, for cause shown, to reduce notice periods for motions and to do so on an *ex parte* basis.  *See* Fed. R. Bankr. P. 9006(c)(1) ("[W]hen an act is required or allowed to be done at or within a specified time by these rules or by a notice given thereunder or by order of court, the court for cause shown may in its discretion with or without motion or notice order the period reduced."); *see also In re Chateaugay Corp.*, 111 B.R. 399, 407–08 (S.D.N.Y. 1990) (affirming the bankruptcy court's decision to shorten a notice period where there was no prejudice to the non-moving party and where cause was shown).

11. The exigencies justify shortening notice of the Motion, which is subject to the 14-day notice period in Local Rule 9006-1.  The Motion seeks authority for the Trustee to execute the FAA Terminations and Disclaimers, which will allow for title to the Aircraft to be cleared and will enable the Sale of the Aircraft to go forward on schedule, while at the same time avoiding the Debtors' needing to become involved in any potential future actions with respect to the Aircraft.  The closing on the Sale is time-sensitive, and without an order shortening time with respect to the Motion, the Sale would not be able to go forward on schedule, to the detriment of the Debtors and their estates.

12. For these reasons, the Trustee respectfully requests that the Court shorten notice of the Motion to have them heard on or before **December 19, 2023 (Eastern Time)**.

13. The Trustee also requests that the deadline for objections to the Motion be set for **December 14, 2023 at 12:00 p.m. (Eastern Time)**, and that the Trustee be authorized to

file a Certification of No Objection on or after **December 15, 2023 at 4:00 p.m. (Eastern Time)** in the event that no objections are filed to the Motion.

## Compliance with Local Rule 9006-1(e)

14. Before filing this Motion to Shorten, counsel to the Trustee notified the U.S. Trustee of the Trustee's intention to seek shortened notice with respect to the Motion. The U.S. Trustee takes no position on the request to shorten notice.

## Notice

15. Notice of this Motion to Shorten will be provided by electronic mail or overnight delivery to the following parties, or, in lieu thereof, their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) counsel to Eagle Shares; and (c) those persons who have requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

*[Remainder of Page Intentionally Left Blank]*

**No Prior Request**

16. No prior request for the relief sought in this Motion to Shorten has been made to this Court or any other court.

WHEREFORE, the Trustee respectfully requests entry of the Proposed Order granting the relief requested herein and granting such other and further relief as the Court deems appropriate.

Dated:  December 6, 2023    **PACHULSKI STANG ZIEHL & JONES LLP**

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Colin R. Robinson (DE Bar No. 5524)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:      bsandler@pszjlaw.com
            crobinson@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*