**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),[1] | Case No. 20-10553 (CTG) |
| Debtors. | Jointly Administered |

**Objection Deadline: March 27, 2026 at 4:00 p.m. (ET)**
**Hearing Date: April 6, 2026 at 10:00 a.m. (ET)**

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO
APPROVE SETTLEMENT AGREEMENT BETWEEN ALFRED T. GIULIANO,
CHAPTER 7 TRUSTEE, AND RETAIL MANAGEMENT PARTNERS, INC.,
AMIR MIRESKANDARI AND PRESTON YARNS**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), respectfully submits this motion (the "Motion") for entry of an order (the "Approval Order"), substantially in the form attached hereto as **Exhibit A**, under sections 105 and 363(b) of title 11 of the United States Code (the "Bankruptcy Code") and Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") approving the Settlement Agreement and Mutual Release (the "Settlement Agreement")[2] between the Trustee, on the one hand, and Retail Management Partners, Inc. ("RMP"), Amir Mireskandari ("Mireskandari") and Preston Yarns ("Preston") (collectively, the "RMP Parties"), on the other hand. (The RMP Parties and the Trustee may be referenced herein collectively as, the "Parties".)

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Settlement Agreement.

4908-0815-6053.3 05233.003                    1

A copy of the Settlement Agreement is attached to the Approval Order as <u>Exhibit 1</u>.  In support of this Motion, the Trustee respectfully states as follows:

<strong><u>Jurisdiction</u></strong>

1.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "<u>Local Rules</u>") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and rule bases for the relief sought herein are sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

<strong><u>General Background</u></strong>

4.      On March 8, 2020 (the "<u>Petition Date</u>"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "<u>Conversion Order</u>") [Docket No. 263] effective April 7, 2020 (the "<u>Conversion Date</u>"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

**Settlement Background**

6.       On or about December 19, 2018, prior to the filing of the chapter 11 cases, debtor Sam Levin, Inc. ("Levin") filed suit against RMP and Mireskandari in the United States District Court for the Western District of Pennsylvania (Case No. 2:18-cv-01682-NBF), for damages related to the sale and provision of certain furniture and inventory (the "Federal Court Action").

7.       On or about June 4, 2019, the parties to the Federal Court Action entered into a Confidential Settlement Agreement and General Release of All Claims (the "RMP Settlement Agreement") pursuant to which RMP and Mireskandari agreed to make certain payments to Levin (the "RMP Settlement Payments") in exchange for a general release.  The RMP Settlement Agreement includes a stipulated confession of judgment clause that permitted Levin to obtain a confession of judgment upon default (the "Stipulated Judgment").

8.       On or about January 15, 2020, after paying only a portion of the RMP Settlement Payments, RMP and Mireskandari ceased making payments and defaulted under the RMP Settlement Agreement.

9.       On or about March 6, 2020, Levin filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania (Case No. GD-20-003788) (the "State Court Action") to enforce the Stipulated Judgment, pursuant to which Levin sought $135,000.00 (consisting of $130,000 in principal and $5,000 in estimated attorneys' fees and costs), statutory interest at the rate of 6% per annum from the date of default (January 15, 2020), and ongoing attorneys' fees and costs.

10.      On the Petition Date, the State Court Action was stayed by Bankruptcy Code section 362.

11.      On or about April 1, 2020, Preston, an entity related to RMP and Mireskandari, filed proof of claim 674 in the amount of $477,434.00 as a secured claim (the "Preston Claim").

12.      Counsel to the Trustee and counsel to the RMP Parties have engaged in good faith, arms' length negotiations to resolve the State Court Action and the Preston Claim and have agreed to the terms of the Settlement Agreement.

**Summary of the Settlement Agreement** [3]

13.      As set forth in the attached the Settlement Agreement, the primary terms are as follows:

a.      Within seven (7) days of this Settlement Agreement being fully executed by all Parties, RMP and Mireskandari shall remit payment of $50,000 (the "Settlement Amount") to Walker & Patterson, P.C. which shall hold that Settlement Amount in escrow pending entry of an Order pursuant to Fed. R. Bankr. P. 9019 approving this Settlement Agreement.  Once Walker & Patterson, P.C. confirms that it has received and deposited the Settlement Amount, and that the Settlement Amount has fully cleared, then the Trustee will promptly seek entry of an Order pursuant to Fed. R. Bankr. P. 9019 approving this Settlement Agreement.  Walker & Patterson, P.C. shall then pay to the Trustee the Settlement Amount within seven (7) days after entry of an Order pursuant to Fed. R. Bankr. P. 9019 approving this Settlement Agreement (the "Payment Deadline").  Failure to ensure that the Settlement Amount is made no later than the Payment Deadline shall result in RMP and Mireskandari being held in contempt of Court and further obligated to remit payment for $135,000, plus statutory interest at the rate of 6% per annum from the date of default (January 15, 2020), and all attorneys' fees and costs incurred by the Trustee relating to the State Court Action.

b.      The Preston Claim is disallowed.

c.      Within ten (10) business days after the entry of the Approval Order, the Trustee shall cause to be filed whatever documents are necessary to ensure that the State Court Action is dismissed,

---

[3] The summary set forth in the Motion is only a summary.  To the extent the summary conflicts with the actual terms of the Settlement Agreement, the actual terms of the Settlement Agreement shall control.

including a release and satisfaction of judgment in the State Court Action, providing a copy of the filing to Mireskandari through counsel.

d.    Except for the obligations set forth under the Settlement Agreement and upon the entry of the Approval Order, the Trustee, solely on behalf of the Debtors and the Debtors' estates in his capacity as chapter 7 trustee of the Debtors, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the RMP Parties from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the RMP Parties, in connection with the State Court Action and/or the Federal Court Action. For the avoidance of doubt, the release provided herein shall not impact the rights of the Trustee to enforce the terms of the Settlement Agreement.

e.    Except for the obligations set forth under the Settlement Agreement and upon the entry of the Approval Order, the RMP Parties (and their attorneys, accountants, directors, employees, officers, parents, agents, subsidiaries, shareholders and the successors and assigns of any of them) (the "RMP Releasors") shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee, the Debtors and their bankruptcy estates, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, shareholders and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the RMP Releasors has, had, may have, or may claim to have against any of the Trustee Releasees, including but not limited to those arising under the State Court Action, the Federal Court Action, the chapter 11 cases, the chapter 7 cases and the Preston Claim. For the avoidance of doubt, the release provided herein shall not

impact the rights of the Parties to enforce the terms of the Settlement Agreement.

## Relief Requested

14.     By this Motion, the Trustee seeks entry of the Approval Order.

## Basis for Relief Requested

15.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Bankruptcy Rule 9019 governs the procedural prerequisites to approve a settlement, providing that:

> On motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct.

Fed. R. Bankr. P. 9019(a).

16.     Settlements in bankruptcy are favored as a means of minimizing litigation, expediting the administration of the bankruptcy estate, and providing for the efficient resolution of bankruptcy cases.  *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996).  Bankruptcy Rule 9019 provides that on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement.  In deciding whether to approve a settlement pursuant to Bankruptcy Rule 9019, the court should determine whether the compromise is fair, reasonable, and in the interests of the estates.  *In re Marvel Entertainment Group, Inc.,* 222 B.R.

243, 249 (D. Del. 1998). The decision whether to accept or reject a compromise lies within the sound discretion of the court. *In re Neshaminy Office Bldg. Assocs.*, 62 B.R. 798, 803 (E.D. Pa. 1986).

17.     In making this determination, the United States Court of Appeals for the Third Circuit has provided four criteria that a bankruptcy court should consider: (a) the probability of success in litigation; (b) the likely difficulties in collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (d) the paramount interest of the creditors. *Martin*, 91 F.3d at 393. Courts generally defer to a trustee's business judgment when there is a legitimate business justification for the trustee's decision. *Id.* at 395.

18.     When applying the *Martin* factors to a particular motion, "the court is not supposed to have a 'mini-trial' on the merits, but should canvass the issues to see whether the settlement falls below the lowest point in the range of reasonableness." *Aetna Casualty & Surety Co. v. Jasmine, Ltd (In re Jasmine, Ltd)*, 258 B.R. 119, 123 (D.N.J. 2000) (internal quotations omitted); *see also In re TSIC, Inc.*, 393 B.R. 71, 79 (Bankr. D. Del. 2008); *In re World Health Alternatives, Inc.*, 344 B.R. 291, 296 (Bankr. D. Del. 2006). Although approval of a compromise is within the "sound discretion" of the bankruptcy court (*World Health*, 344 B.R. at 296), the court should not substitute its judgment for that of a trustee or debtor in possession. *In re Parkview Hosp.-Osteopathic Med. Ctr.*, 211 B.R. 603, 610 (Bankr. N.D. Ohio 1996). The ultimate inquiry is whether the compromise is "fair, reasonable, and in the interests of the estate." *TSIC*, 393 B.R. at 78. A court need not be convinced that a proposed settlement is the best possible settlement, but "must conclude that it is within the reasonable range of litigation possibilities." *World Health*, 344 B.R. at 296 (internal citations omitted).

19.     The Settlement Agreement is the product of good-faith discussions and arms' length bargaining among the Parties. For the reasons outlined below, the Trustee believes the Settlement Agreement is fair and reasonable and is in the best interests of the Debtors' estate and creditors, and should be approved pursuant to Bankruptcy Rule 9019.

20.     The Settlement Agreement: (a) brings $50,000 into the estate;[4] (b) resolves any issues over the collectability of the RMP Settlement Payments, (c) will result in the dismissal of the State Court Action, and (d) eliminates a significant claim against the estates, all without the need for any litigation or further administrative costs associated with such disputes.

21.     Aside from the standards under Rule 9019, a settlement of claims and causes of action by a trustee constitutes a use of property of the estate.  *See e.g. Northview Motors, Inc. v. Chrysler Motors Corp.*, 186 F.3d 346, 350-51 (3d Cir. 1999).  If a settlement is outside of the ordinary course of business of the debtor, it requires approval of the bankruptcy court pursuant to section 363(b) of the Bankruptcy Code.  *See id.*; *see also Martin*, 91 F.3d at 395 n.2 ("Section 363 of the Code is the substantive provision requiring a hearing and court approval; Bankruptcy Rule 9019 sets forth the procedure for approving an agreement to settle or compromise a controversy.").  Courts normally defer to the trustee's business judgment so long as there is a legitimate business justification.  *See id.*; *see also Dai-Ichi Kangyo Bank, Ltd. v. Montgomery Ward Holding Corp. (In re Montgomery Ward Holding Corp.)*, 242 B.R. 147, 153 (Bankr. D. Del. 1999) (trustee need only have a "sound business purpose" to justify use of estate property pursuant to section 363(b)).

22.     Here, the Trustee submits that approval under section 363(b) of the Bankruptcy Court is required.  The Settlement Agreement provides for, among other terms, a

---

[4] By email on March 2, 2026, counsel to the RMP Parties confirmed that the Settlement Amount had been received and had cleared.

release and waiver of potential claims by the Trustee against the RMP Parties. *See Northview Motors*, 186 F.3d at 350 (settling a claim against a third party constitutes a sale of the claim under section 363 and subject to court approval). For all the reasons set forth above, the Trustee, in an exercise of his sound business judgment, submits that the Settlement Agreement is fair, reasonable, and appropriate and should be approved by this Court.

### Notice

23. Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; (b) the RMP Parties; and (c) parties requesting notice pursuant to Bankruptcy Rule 2002. The Trustee submits that no other or further notice is necessary or required.

*[Remainder of Page Intentionally Left Blank]*

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, approve the Settlement Agreement, enter the Approval Order, and grant such other relief as is just and proper.

Dated:  March 13, 2026                    PACHULSKI STANG ZIEHL & JONES LLP

*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE 19801
Telephone:  (302) 652-4100
Facsimile:  (302) 652-4400
Email:      bsandler@pszjlaw.com
            pkeane@pszjlaw.com

*Counsel to Alfred T. Giuliano, Chapter 7 Trustee*