## Exhibit A

## Proposed Order

| | |
|---|---|
| In re: | Chapter 7 |
| START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),[1] | Case No. 20-10553 (CSS) |
| Debtors. | Jointly Administered |

**ORDER GRANTING MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENT BETWEEN ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, AND RETAIL MANAGEMENT PARTNERS, INC., AMIR MIRESKANDARI AND PRESTON YARNS**

Upon consideration of the *Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreement Between Alfred T. Giuliano, Chapter 7 Trustee and Retail Management Partners, Inc., Amir Mireskandari, and Preston Yarns* (the "Motion"); the Court having reviewed the Motion and the Settlement Agreement (a copy of which is attached to this Order as Exhibit 1) and having considered the record with respect to the Motion; the Court having found that (a) the Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement Agreement (i) is the product of good faith, arms' length negotiations among the Parties, without

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

collusion, (ii) is fair, reasonable, appropriate and in the best interests of the Debtors' estates and (iii) represents a sound exercise of the Trustee's business judgment, and (e) each of the Parties to the Settlement Agreement provided sufficient consideration for the transactions contemplated thereby; and the Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The terms of the Settlement Agreement attached hereto as Exhibit 1 are APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019, including but not limited to the following provision:

"Failure to ensure that the Settlement Amount is made no later than the Payment Deadline shall result in RMP and Mireskandari being held in contempt of Court and further obligated to remit payment for $135,000, plus statutory interest at the rate of 6% per annum from the date of default (January 15, 2020), and all attorneys' fees and costs incurred by the Trustee relating to the State Court Action."

3. The Parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement Agreement.

4. Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5. The Court shall retain exclusive jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreement or this Order.

# EXHIBIT 1

Settlement Agreement

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* (the "Settlement Agreement") is entered into by and between Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Start Man Furniture, LLC f/k/a Art Van Furniture, LLC, et al. (the "Debtors"),[1] on the one hand, and Retail Management Partners, Inc. ("RMP"), Amir Mireskandari ("Mireskandari") and Preston Yarns ("Preston") (collectively, the "RMP Parties"), on the other hand. The RMP Parties and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party."

### Background

WHEREAS, on or about March 8, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) under Case No. 20-10553 in the United States Bankruptcy Court for the District of Delaware (the "Court").

WHEREAS, on or about April 7, 2020 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

WHEREAS, on or about December 19, 2018, prior to the filing of the chapter 11 cases, debtor Sam Levin, Inc. ("Levin") filed suit against RMP and Mireskandari in the United States District Court for the Western District of Pennsylvania (Case No. 2:18-cv-01682-NBF), for

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

4920-6217-8163.2 05233.003

damages related to the sale and provision of certain furniture and inventory (the "Federal Court Action").

WHEREAS on or about June 4, 2019, the parties to the Federal Court Action entered into a Confidential Settlement Agreement and General Release of All Claims (the "RMP Settlement Agreement") pursuant to which RMP and Mireskandari agreed to make certain payments to Levin (the "RMP Settlement Payments") in exchange for a general release.

WHEREAS the RMP Settlement Agreement includes a stipulated confession of judgment clause that permitted Levin to obtain a confession of judgment upon default (the "Stipulated Judgment").

WHEREAS on or about January 15, 2020, after paying only a portion of the RMP Settlement Payments, RMP and Mireskandari ceased making payments and defaulted under the RMP Settlement Agreement.

WHEREAS on or about March 6, 2020, Levin filed suit in the Court of Common Pleas of Allegheny County, Pennsylvania (Case No. GD-20-003788) (the "State Court Action") to enforce the Stipulated Judgment, pursuant to which Levin sought $135,000.00 (consisting of $130,000 in principal and $5,000 in estimated attorneys' fees and costs), statutory interest at the rate of 6% per annum from the date of default (January 15, 2020), and ongoing attorneys' fees and costs.

WHEREAS on the Petition Date, the State Court Action was stayed by Bankruptcy Code section 362.

WHEREAS on or about April 1, 2020, Preston, an entity related to RMP and Mireskandari, filed proof of claim 674 in the amount of $477,434.00 as a secured claim (the "Preston Claim").

WHEREAS other than the Preston Claim, the RMP Parties have not filed any other claims against the Debtors in these chapter 7 cases or the chapter 11 cases.

WHEREAS the Parties have engaged in good faith, arms' length negotiations to resolve the State Court Action and the Preston Claim.

<u>Agreement</u>

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1.  **Recitals.** The recitals set forth above are incorporated herein by reference.

2.  **Settlement Amount.** Within seven (7) days of this Settlement Agreement being fully executed by all Parties, RMP and Mireskandari shall remit payment of $50,000 (the "<u>Settlement Amount</u>") to Walker & Patterson, P.C. which shall hold that Settlement Amount in escrow pending entry of an Order pursuant to Fed. R. Bankr. P. 9019 approving this Settlement Agreement. Once Walker & Patterson, P.C. confirms that it has received and deposited the Settlement Amount, and that the Settlement Amount has fully cleared, then the Trustee will promptly seek entry of an Order pursuant to Fed. R. Bankr. P. 9019 approving this Settlement Agreement. Walker & Patterson, P.C. shall then pay to the Trustee the Settlement Amount within seven (7) days after entry of an Order pursuant to Fed. R. Bankr. P. 9019 approving this Settlement Agreement (the "<u>Payment Deadline</u>"). Failure to ensure that the Settlement Amount is made no later than the Payment Deadline shall result in RMP and Mireskandari being held in contempt of Court and further obligated to remit payment for $135,000, plus statutory interest at the rate of 6% per annum from the date of default (January 15, 2020), and all attorneys' fees and costs incurred by the Trustee relating to the State Court Action. All of the foregoing relief shall be sought in the Fed. R. Bankr. P. 9019 approval of this Settlement Agreement.

3

3. **Wire Instructions.** The Settlement Amount will be made on or before the Payment Deadline by wire transfer in accordance with the wire instructions previously provided to counsel to the RMP Parties.

4. **Preston Claim.** The Preston Claim is disallowed.

5. **Bankruptcy Court Approval.** Within ten (10) business days of the execution of this Settlement Agreement by the Parties and payment of the Settlement Amount, the Trustee shall move for approval of this Settlement Agreement by the Bankruptcy Court pursuant to Rule 9019 of the Federal Rules of Bankruptcy Procedure (the "Approval Order").

6. **Dismissal of State Court Action.** Within ten (10) business days after the entry of the Approval Order, the Trustee shall cause to be filed whatever documents are necessary to ensure that the State Court Action is dismissed, including a release and satisfaction of judgment in the State Court Action, providing a copy of the filing to Mireskandari through counsel.

7. **Trustee's Release.** Except for the obligations set forth under this Settlement Agreement and upon the entry of the Approval Order, the Trustee, solely on behalf of the Debtors and the Debtors' estates in his capacity as chapter 7 trustee of the Debtors, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the RMP Parties from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the RMP Parties, in connection with the State Court Action and/or the Federal Court Action. For the avoidance of

4

doubt, the release provided herein shall not impact the rights of the Trustee to enforce the terms of this Settlement Agreement.

8. **RMP Parties' Release.** Except for the obligations set forth under this Settlement Agreement and upon the entry of the Approval Order, the RMP Parties (and their attorneys, accountants, directors, employees, officers, parents, agents, subsidiaries, shareholders and the successors and assigns of any of them) (the "RMP Releasors") shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee, the Debtors and their bankruptcy estates, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, shareholders and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the RMP Releasors has, had, may have, or may claim to have against any of the Trustee Releasees, including but not limited to those arising under the State Court Action, the Federal Court Action, the chapter 11 cases, the chapter 7 cases and the Preston Claim. For the avoidance of doubt, the release provided herein shall not impact the rights of the Parties to enforce the terms of this Settlement Agreement.

9. **Notices.** Notices provided herein shall be sent by e-mail to Johnie Patterson, Esq. at Walker & Patterson, P.C. (jjp@walkerandpatterson.com) counsel for the RMP Parties..

10. **No Admissions.** This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the Federal Court Action, the State Court Action or the Preston Claim.

11. **Attorneys' Fees.** Each Party shall bear its own attorneys' fees and costs to date. In the event of any dispute in connection with the enforcement of this Settlement Agreement, the prevailing Party shall be entitled to its reasonable attorneys' fees, costs and all necessary disbursements and out-of-pocket expenses, whether statutorily approved or non-approved costs, incurred in connection with such action or proceedings, as determined by the Bankruptcy Court.

12. **Severability.** If any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable.

13. **Miscellaneous.**

(a) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and/or to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(b) Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things

reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c)     No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(d)     This Settlement Agreement shall be governed by and construed in accordance with the law of the State of Delaware without regard to any choice of law provisions.

(e)     This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email, which, when fully executed, shall constitute a single original.

(f)     The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of this Settlement Agreement.

(g)     Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(h)     In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein,

(c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(i) The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(j) This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of all parties hereto or order of the Court.

(k) This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(l) The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

Dated: October___, 2025

Alfred T. Giuliano, solely in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, et al.

By:_____
Alfred T. Giuliano, Trustee

December 10, 2025

Dated: ~~October___, 2025~~

RETAIL MANAGEMENT PARTNERS, INC.

By:_____
Name: Amir Mireskandari

Title: ~~President~~ _President_

Dated: ~~October~~ _December 10, 2025_

Amir Mireskandari

By:_____
Amir Mireskandari

WALKER & PATTERSON, P.C.
(relating to escrow obligations)

By:_____
Name:_____
Title:_____

Dated: ~~October~~ _December 10, 2025_

PRESTON YARNS

By:_____
Name: _Amir Mireskandari_
Title: _Authorized Signatory_

9