**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

|  |  |
|---|---|
| In re: | Chapter 7 |
| START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),[1] | Case No. 20-10553 (CTG) |
| Debtors. | Jointly Administered |
|  | **Re: Docket No. 1744** |

**ORDER (I) APPROVING ASSET PURCHASE AGREEMENT
AND AUTHORIZING THE SALE OF RIGHTS IN VISA/MASTERCARD CLASS
ACTION INTERCHANGE LITIGATION; (II) AUTHORIZING THE SALE OF ASSET
FREE AND CLEAR OF ALL LIENS, CLAIMS, RIGHTS, ENCUMBRANCES AND
OTHER INTERESTS PURSUANT TO BANKRUPTCY CODE SECTIONS
105, 363(b), 363(f) AND 363(m); (III) GRANTING RELATED RELIEF**

Upon consideration of the motion (the "Sale Motion")[2]  filed by Alfred T. Giuliano,

chapter 7 trustee (the "Trustee" or "Seller") to the estates of the above-captioned debtors (the

"Debtors") for the entry of an order (this "Sale Order"), *inter alia*, (i) approving the sale of the

rights of the Debtors' estates may recover as a result of their potential involvement as putative

class members in the Class Action Interchange Litigation (as defined in the Sale Motion), free

and clear of all liens, claims, interests, and encumbrances (the "Asset"); (ii) approving the

Trustee's entry into the Asset Purchase Agreement ("APA") with SLFAQ, LLC (the

"Purchaser") and authorizing the Trustee to consummate the sale (the "Sale") contemplated

thereby; and all parties in interest having been heard, or having had the opportunity to be heard,

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

[2]  Capitalized terms used, but not defined, herein shall have the meaning ascribed to them in the Sale Motion or in the APA, as applicable.

regarding the APA; and the Court having reviewed and considered the Sale Motion; and upon all of the proceedings had before the Court, and after due deliberation and sufficient cause appearing therefor, and the Court having found that

(a) the Debtor's estate is the sole and lawful owner of, and has good, valid and marketable title to the Assigned Rights and the Trustee can sell the Assigned Rights free and clear of any mortgage, pledge, lien, security interest, claim, or encumbrance pursuant to the terms of the Sale Order;

(b) the Assigned Rights have not been previously sold, assigned, or transferred, and Debtor has not received, in whole or in part,  compensation for the Assigned Rights or any interest therein; and

(c) the transfer of the Assigned Rights to Buyer pursuant to the Sale Order will be a legal, valid, and effective transfer of the Assigned Rights and will vest Buyer with all right, title and interest to the Assigned Rights free and clear of all mortgages, pledges, liens, security interests, claims and encumbrances, including those that purport to give any party any right to terminate the Debtor's or the Buyer's rights to the Assigned Rights;

**IT IS HEREBY ORDERED THAT::**

1. The Sale Motion is GRANTED as set forth herein.

2. All objections and responses to the Sale Motion, including all reservations of rights included therein that have not been overruled, withdrawn, waived, settled, continued, or resolved, are hereby overruled and denied.

3. The form and manner of notice of the Sale Motion and the proposed Sale under the APA is hereby approved as providing good and sufficient notice to all creditors and parties in interest pursuant to the Bankruptcy Rules and the Local Rules.

1

4.      The Asset Purchase Agreement ("APA"), in substantially the form attached hereto as **Exhibit 1**, and all of the terms and conditions thereof, are approved.

5.      The relief requested in the Sale Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest.  The Trustee has demonstrated good, sufficient, and sound business purposes and justifications for the relief requested in the Sale Motion.  The Trustee's decision to enter into the APA and perform thereunder is a reasonable exercise of his business judgment.

6.      Pursuant to section 363(b) of the Bankruptcy Code, the Trustee, on behalf of the Debtors, is authorized to perform his obligations under and comply with the terms of the APA and consummate the Sale, pursuant to and in accordance with the terms and conditions of the APA.

7.      The Debtors' estates are the sole and lawful owner of, and have good, valid and marketable title to the Asset, and the Trustee is authorized to sell the Asset free and clear of any mortgage, pledge, lien, security interest, claim, or encumbrance pursuant to the terms of the Sale Order.

8.      The Asset has not been previously sold, assigned, or transferred, and Debtors have not received, in whole or in part, compensation for the Asset or any interest therein.

9.      The transfer of the Asset to the Purchaser pursuant to this Order is a legal, valid, and effective transfer of the Asset and vests the Purchaser with all right, title and interest to the Asset free and clear of all mortgages, pledges, liens, security interests, claims and encumbrances, including those that purport to give any party any right to terminate any Debtor's or the Purchaser's rights to the Asset.

10.     The Trustee, on behalf of the Debtors, is authorized to execute and deliver, and is empowered to perform under, consummate, and implement, the APA, together with all additional instruments and documents that may be reasonably necessary or desirable to implement the APA, and to take all further actions as may be reasonably required for the purpose of assigning, transferring, granting, conveying, and conferring the Asset to the Purchaser, or as may be necessary or appropriate to the performance of the obligations as contemplated by the APA.

11.     Upon the closing of the Sale, the Sale of the Asset to the Purchaser shall vest the Purchaser with all right, title, and interest in the Asset, and, pursuant to section 363(f) of the Bankruptcy Code, the Sale shall be free and clear of any and all liens, claims, and encumbrances against the Asset, with such liens, claims (as defined in section 101(5) of the Bankruptcy Code), interests, and encumbrances attaching to the proceeds of the Sale with the same validity, extent, and priority as such liens, claims, and encumbrances had on the Asset immediately prior to the Sale, subject to any rights, claims, and defenses of the Debtors and other parties in interest.

12.     The transactions contemplated by the APA are undertaken by the Purchaser in good faith, as that term is used in section 363(m) of the Bankruptcy Code, and, accordingly, the reversal or modification on appeal of the authorization provided herein to consummate the Sale shall not affect the validity of the Sale of the Asset to the Purchaser.  The Purchaser, its affiliates, and their respective principals and advisors have proceeded in good faith and without collusion in all respects and are entitled to all of the protections afforded by section 363(m) of the Bankruptcy Code.

13.     The consideration provided by the Purchaser for the Asset under the APA is fair and reasonable and may not be avoided under section 363(n) of the Bankruptcy Code.

3

14.     No bulk sale law or any similar law of any state or other jurisdiction shall apply in any way to the Sale and the transactions contemplated by the APA.

15.     The Purchaser shall not have any liability for any obligation of the Debtors arising under or related to any of the Asset prior to the date of closing.  Without limiting the generality of the foregoing, the Purchaser shall not be liable for any claims against the Debtors or any of their predecessors or affiliates solely by virtue of its acquisition of the Asset.  By virtue of the Sale, the Purchaser and its affiliates, successors, and assigns shall not be deemed or considered to (a) be a legal successor, or otherwise be deemed a successor to any of the Debtors; (b) have, *de facto* or otherwise, merged with or into any or all Debtors; or (c) be a continuation or substantial continuation, or be holding itself out as a mere continuation, of any of the Debtors or their respective estates, businesses, or operations, or any enterprise of the Debtors, in each case by any law or equity, and the Purchaser has not assumed nor is it in any way responsible for any liability or obligation of the Debtors or the Debtors' estates.  The Purchaser shall have no successor or vicarious liabilities of any kind or character, including, but not limited to, any theory of antitrust, environmental, successor, or transferee liability, labor law, *de facto* merger, or substantial continuity, whether known or unknown as of the Closing Date, now existing or hereafter arising, whether fixed or contingent, with respect to the Debtors or any obligations of the Debtors arising prior to the Closing Date.

16.     All time periods set forth in this Order shall be calculated in accordance with Bankruptcy Rule 9006(a).

17.     If any person or entity that has filed statements (including UCC-1 financing statements) or other documents or agreements evidencing encumbrances on, or interests in, all or any portion of the Asset shall not have delivered to the Trustee, in proper form for filing and

executed by the appropriate parties, termination statements, instruments of satisfaction, releases of encumbrances, or any other documents necessary for the purpose of documenting the release of all encumbrances or interests that the person or entity has or may assert, the Trustee is hereby authorized, and the Purchaser is hereby authorized on behalf of the Debtors' estates and the Trustee, to execute and file such statements, instruments, releases, and other documents on behalf of such person or entity with respect to the Asset.

18.     This Order shall be binding upon and shall govern the acts of all entities, including, without limitation, all filing agents, filing officers, administrative agencies, governmental departments, secretaries of state, federal, state, and local officials, and all other persons and entities who may be required by operation of law, the duties of their office, or contract, to accept, file, register, or otherwise record or release any documents or instruments, or who may be required to report or insure any title to or interest in any of the Asset.

19.     The failure specifically to include any particular provision of the APA in this Order shall not diminish or impair the effectiveness of such provision, it being the intent of the Court that that APA be authorized and approved in its entirety; *provided, however*, that this Order shall govern if there is any inconsistency between the APA and this Order.

20.     The Purchaser is a party in interest and shall have standing to appear and be heard on all issues related to or otherwise connected with this Order, the Sale, or the APA.

21.     Notwithstanding any applicability of Bankruptcy Rules 6004, 6006, 7062, 9014, or otherwise, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

22.     The APA and any related agreements, documents, or other instruments may be modified, amended, or supplemented by the parties thereto and in accordance with the terms

thereof, without further order of the Court, provided that any such modification, amendment, or supplement does not have a material adverse effect on the Debtors' estates.

23.    The Court shall retain jurisdiction to hear and determine all matters arising from or related to the APA, the Sale, and the implementation, interpretation, and enforcement of this Order.

Dated: April 6th, 2026
Wilmington, Delaware

CRAIG T. GOLDBLATT
UNITED STATES BANKRUPTCY JUDGE

6