**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 7 |
| START MAN FURNITURE, LLC, et al. (f/k/a Art Van Furniture, LLC),[1] | Case No. 20-10553 (CTG) |
| Debtors. | Jointly Administered |

**Objection Deadline: June 9, 2026 at 4:00 p.m. (ET)**
**Hearing Date: June 16, 2026, at 10:00 a.m. (ET)**

**MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE,**
**FOR ORDER APPROVING ALLOCATION OF**
**ADMINISTRATIVE EXPENSES FOR PROFESSIONAL FEES AMONG DEBTORS**

Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), hereby respectfully submits this motion (the "Motion") for entry of an order, substantially in the form attached to this Motion as **Exhibit A**, pursuant to section 105 of title 11 of the United States Code (the "Bankruptcy Code") approving the allocation of remaining unpaid administrative expenses for professional fees of the Trustee among the jointly-administered Debtors. In support of this Motion, the Trustee respectfully states as follows:

**Jurisdiction**

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

2

*Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2), and the Trustee confirms his consent pursuant to Rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

2.      Venue of this proceeding and this Motion is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory basis for the relief sought herein is section 105(a) of the Bankruptcy Code.

**General Background**

4.      On March 8, 2020 (the "Petition Date"), each of the Debtors commenced a case under chapter 11 of the Bankruptcy Code.  The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b).

5.      On April 6, 2020, the Court entered an order converting the chapter 11 cases to chapter 7 (the "Conversion Order") [Docket No. 263] effective April 7, 2020 (the "Conversion Date"), and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264].

**Background Relevant to Allocation**

6.      On April 25, 2020, the Trustee filed the *Chapter 7 Trustee's Motion for Entry of Interim and Final Orders (I) Authorizing the Trustee to Use Cash Collateral, (II)*

3

*Granting Adequate Protection to the Prepetition Secured Parties, (III) Modifying the Automatic Stay, (IV) Scheduling a Final Hearing, and (V) Granting Related Relief* [Docket No. 348] (the "Cash Collateral Motion"). On April 27, 2020, the Court entered a second interim cash collateral order [Docket No. 372] (the "Second Cash Collateral Order"). On August 13, 2020, the Court entered a final cash collateral order [Docket No. 913] (the "Final Cash Collateral Order," and together with the Interim Order, the "Cash Collateral Orders")).

7.     Since the conversion of the cases, the Trustee has liquidated assets of the Debtors' estates and, where applicable, turned over certain assets to Wells Fargo that were subject to the liens of the Prepetition ABL Parties and/or the Prepetition Term Loan Parties as set forth in the Cash Collateral Orders. The Trustee has also liquidated other assets not subject to secured lender liens from various sources during this administration of the estates, including, but not limited to, recoveries from pursuit of chapter 5 causes of action and collection, recovery, or liquidation of other miscellaneous assets.

8.     On April 28, 2020, the Trustee filed an application to employ Giuliano, Miller & Company, LLC ("GMCO") as accountants and financial advisors and to compensate GMCO on an hourly basis and reimbursement of expenses [Docket No. 377]. On May 22, 2020, the Court approved the GMCO retention [Docket No. 536].

9.     On April 30, 2020, the Trustee filed an application to employ Pachulski Stang Ziehl & Jones LLP ("PSZJ") as general bankruptcy counsel and to compensate PSZJ on an hourly basis and reimbursement of expenses [Docket No. 399]. On May 22, 2020, the Court approved the PSZ&J retention [Docket No. 539].

4

DE:4899-4414-0155.6 05233.003

10.     GMCO and PSZJ have filed interim fee applications in these chapter 7 cases [*see* Docket Nos. 1080, 1085, 1099, 1292, 1448, 1449, 1502, 1504, 1572, 1573, 1620, 1649, 1680, 1693, 1714], and the Court has entered orders approving such applications [see Docket Nos. 1121, 1122, 1123, 1305, 1460, 1461, 1513, 1576, 1578, 1631, 1656, 1688, 1698, 1716].

11.     As a result of his efforts in the chapter 7 cases, the Trustee has incurred various administrative expenses during his administration of the estates, including through consensual stipulations with chapter 7 administrative creditors and professional fees and expenses from PSZ&J, GMCO, and other professionals.  The Debtors' cases are not substantively consolidated, and, thus, payment of administrative expenses must be allocated among the Debtors' estates.  While stipulations and other orders in the Debtors' cases have allocated obligations for various third parties and creditors, including for chapter 7 and chapter 11 administrative expenses against particular Debtor estates according to the terms of such stipulations, the Trustee's professionals' fees and expenses have not been so allocated.

## Relief Requested

12.     By this Motion, the Trustee seeks entry of an order approving his proposed allocation of remaining unpaid administrative expenses of the Trustee's professionals' fees and expenses among the Debtors and the proposed allocation, as set forth in more detail below.

## Basis for Relief Requested

13.     Section 105(a) of the Bankruptcy Code provides in relevant part that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a).  Section 105(a) has been interpreted to

5

expressly empower bankruptcy courts with broad equitable powers to "craft flexible remedies that, while not expressly authorized by the Code, effect the result the Code was designed to obtain." *Official Comm. of Unsecured Creditors of Cybergenics Corp. ex rel. Cybergenics Corp. v. Chinery*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc).  Although not limitless, this section has also been construed to give bankruptcy courts authority to provide equitable relief appropriate to assure the orderly conduct of bankruptcy proceedings.  *See, e.g.*, *In re Combustion Engineering, Inc.*, 391 F.3d 190, 236 (3d Cir. 2004).

14.    The Trustee respectfully submits that granting the relief requested herein is appropriate to enable the Trustee to allocate the administrative expenses in the jointly administered cases pursuant to a "fair and principled" approach.  *See In re Tropicana Entertainment, LLC*, 2014 Bankr. LEXIS 5198 (Bankr. D. Del. Dec. 30, 2014) (court determined appropriate allocation of professional fees in jointly administered cases, reaching a "fair and principled result" after considering various factors).

15.    The administration of the Debtors' estates has included various legal and accounting tasks, and the Trustee has incurred fees for such services.  For legal fees, the Trustee's counsel at PSZ&J has rendered legal services and incurred expenses relating to various tasks, including the litigation related to chapter 5 causes of action and other litigation.  For accounting and financial advisor fees, GMCO has rendered services and incurred expenses relating to various tasks, including, but not limited to, performing analytical and preference analyses relating to chapter 5 causes of action and analyses in other matters.  PSZ&J and GMCO have avoided duplication of services with their respective retentions.

DE:4899-4414-0155.6 05233.003

16.     As the work by PSZ&J and GMCO benefited all of the Debtors, directly or indirectly, the Trustee respectfully submits that it is appropriate that each of the Debtors bear a certain share of the administrative expenses incurred in the chapter 7 cases, as set forth below. The Trustee respectfully submits that a "fair and principled approach" to allocating administrative expenses for professionals' fees and expenses in the chapter 7 cases would be to allocate the remaining unpaid administrative expenses for professionals' fees and expenses to each Debtor according to remaining gross cash on hand.

17.     For convenience of parties and the Court, below is a summary chart for each Debtor indicating the current net cash on hand, as of May 15, 2026, based on the Proposed Allocation of Professional Fee Administrative Expenses (defined below):

| Debtor: | Gross cash on hand: | Proposed percentage distribution for remaining chapter 7 administrative creditors for professionals' fees and expenses: |
|---|---|---|
| All Cases | $19,613,510.70 | |
| Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC)<br><br>Case No. 20-10553 | $15,135,294.48 | 77.17% |
| SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.)<br><br>Case No. 20-10554 | $1,152,096.26 | 5.88% |
| SVCE, LLC (f/k/a AVCE, LLC)<br><br>Case No. 20-10555<br>(Case closed) | $0 | 0% |
| StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) | $0 | 0% |

DE:4899-4414-0155.6 05233.003

| | | |
|---|---|---|
| Case No. 20-10556 (Case closed) | | |
| StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC)<br><br>Case No. 20-10557 (Case closed) | $0 | 0% |
| SVF Parent, LLC (f/k/a AVF Parent, LLC)<br><br>Case No. 20-10558 | $152,123.98 | 0.78% |
| Levin Parent, LLC<br><br>Case No. 20-10559 (Case closed) | $0 | 0% |
| Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC)<br><br>Case No. 20-10560 (Case closed) | $0 | 0% |
| SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC)<br><br>Case No. 20-10561 | $61.76 | 0% |
| SVF Franchising, LLC (f/k/a AVF Franchising, LLC)<br><br>Case No. 20-10562 | $74,104.93 | 0.39% |
| LF Trucking, Inc.<br><br>Case No. 20-10563 | $7,338.95 | 0% |
| Sam Levin, Inc.<br><br>Case No. 20-10564 | $3,092,490.34 | 15.78% |
| Comfort Mattress LLC<br><br>Case No. 20-10565 (Case closed) | $0 | 0% |

DE:4899-4414-0155.6 05233.003

18.     By way of example, under the Trustee's proposed allocation, a remaining unpaid $100,000.00 professional fee administrative expense would be paid $77,170 from the estate of Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (77.17% of $100,000), $15,780 from the estate of Sam Levin, Inc. (15.78% of $100,000), and so forth in accordance with the percentages in the table set forth above (the "Proposed Allocation of Professional Fee Administrative Expenses").[2]

19.     For the reasons set forth herein, the Trustee respectfully requests that the Court approve the Trustee's Proposed Allocation of Professional Fee Administrative Expenses as such allocation is a "fair and principled approach" based upon the facts and circumstances of these chapter 7 cases.  *See In re Tropicana Entertainment, LLC*, 2014 Bankr. LEXIS 5198 (Bankr. D. Del. Dec. 30, 2014).  Consistent with section 105(a) of the Bankruptcy Code, the Trustee respectfully submits that the relief requested herein is "necessary or appropriate to carry out the provisions of this title."  Courts in this District have granted similar relief in other cases. *See, e.g.*, *In re Evergreen International Aviation, Inc.*, Case No. 13-13364 (MFW) (Bankr. D. Del. Oct. 26, 2023); *In re Leading Edge Logistics LLC*, Case No. 14-11260 (MFW) (Bankr. D. Del. Sept. 17, 2017); *In re Global Aviation Holdings, Inc.*, Case No. 13-12945 (MFW) (Bankr. D. Del. Aug. 22, 2017); *In re Fire Sprinkler Group, Inc.*, Case No. 12-12117 (CSS) (Bankr. D. Del. Sept. 14, 2015).

---

[2] The Proposed Allocation of Professional Fee Administrative Expenses does not apply to any non-professional administrative expense claims allowed against the Debtors' estates. In addition, for professional fees based on contingency matters (i.e., pursuit of chapter 5 actions), the Trustee's Proposed Allocation of Professional Fee Administrative Expenses will not apply and instead the allocation will be based 100% on the receipt of settlement funds for preferences as to each particular Debtor and the 25% contingency fee earned by PSZ&J as well as the 15% contingency fee earned by GMCO on each such recovery pursuant to the approved retention applications.

DE:4899-4414-0155.6 05233.003

**Notice**

20.     Notice of this Motion has been given to the following parties or, in lieu thereof, to their counsel, if known: (a) the Office of the United States Trustee for the District of Delaware; and (b) parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits that no other or further notice is necessary or required.

WHEREFORE, the Trustee respectfully requests that the Court grant the Motion, enter the proposed order, substantially in the form attached hereto as **Exhibit A**, and grant such other relief as is just and proper.

Dated:  June 2, 2026                    PACHULSKI STANG ZIEHL & JONES LLP


*/s/ Peter J. Keane*
Bradford J. Sandler (DE Bar No. 4142)
Peter J. Keane (DE Bar No. 5503)
919 N. Market Street, 17th Floor
Wilmington, DE  19801
Telephone:  (302) 652-4100
Facsimile:   (302) 652-4400
Email:      bsandler@pszjlaw.com
                  pkeane@pszjlaw.com

Counsel to Alfred T. Giuliano, Chapter 7 Trustee

10

DE:4899-4414-0155.6 05233.003