CTG

UNITED STATES BANKRUPTCY COURT RECEIVED
DISTRICT OF DELAWARE

2026 AUG -5  A 10: 49

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

| | |
|---|---|
| GAIL LEWIS HICKS and LARRY HICKS, | ) |
| | ) |
| *Plaintiffs,* | ) |
| | ) |
| v. | ) Case Number:  20-10553 |
| | ) |
| ART VAN FURNITURE, LLC, | ) |
| | ) |
| *Defendant.* | ) |

## VERIFIED NOTICE OF FRAUD

COME NOW, Plaintiffs – GAIL LEWIS HICKS and LARRY R. HICKS ("Plaintiffs"), by and

through the undersigned attorney, and files Plaintiff's Verified Notice of Fraud and, in support

thereof, set forth the following:

1.      That on or about January 5, 2017, Plaintiffs filed a Complaint against Defendant ART

VAN FURNITURE, LLC ("Art Van Furniture") for injury sustained on the premises of

Defendant Art Van Furniture's in the State of Indiana.   (**NOTE**:  This matter has been delayed

for prosecution by the frivolous filings of Defendant Art Van Furniture which included

fraudulently naming Plaintiff(s) as a creditor for the purpose of bankruptcy).

2.      That on January 18, 2017, the Complaint was served on the Defendant captioned above.

(**NOTE**:  Plaintiff has been denied the opportunity to prosecute the Complaint against Defendant

Art Van Furniture and in addition to the physical injury suffered by Plaintiff GAIL LEWIS

HICKS as set forth above Plaintiff has been forced to pay the accrued medical bills for the injury

in the approximate amount of thirty-five thousand [$35,000] dollars).

1

3.      That on or about February 10, 2017, Defendant Art Van Furniture entered an Appearance by Attorney Jane Callies.  (**NOTE**:  To this date, no verdict, judgment, settlement, or otherwise has changed the status of Plaintiff to that of a creditor).

4.      That on or about February 25, 2019, a motion was filed by Defendant Art Van Furniture – stipulation to successor special judge.  That on or about February 25, 2019, a motion was filed by Plaintiffs GAIL LEWIS HICKS and LARRY R. HICKS – stipulation to successor special judge.  (**NOTE**:  This resulted in Judge Sedia becoming the judge which did not change the status of Plaintiff to that of a creditor).

5.      On February 26, 2019, Successor Special Judge named - Special Judge Dianne Kavadis-Schneider signs Order naming Successory Judge John Sedia.  On March 12, 2019, the Case was transferred from 45D11-1701-CT-000003; On March 12, 2019, Order accepting transfer. (**NOTE**:  Again, this did not change the status of Plaintiff to that of a creditor).

6.      On or about May 31, 2019, Status Conference scheduled for August 5, 2019 at 2:30PM. (**NOTE**:  Again, this did not change the status of Plaintiff to that of a creditor).

7.      On August 5, 2019, Counsels appeared for status hearing.  Court issued Interim Case Management Order.  Status Conference scheduled for December 18, 2019 at 9:00AM. (**NOTE**:  This also did not change the status of Plaintiff to that of a creditor).

8.      On February 21, 2020, Parties' Second Agreed Motion to Extend Time for Discovery filed by Defendant Art Van Furniture.  (**NOTE**:  There was no change of status of Plaintiff to that of a creditor).

9.      On July 6, 2020, Defendant Art Van Furniture filed a motion for stay.  (**NOTE:** This motion was based upon Defendant Art Van Furniture's filing a petition for bankruptcy, again, where Plaintiff's status had not been changed to that of a creditor).

10.      On June 22, 2023, there was an Order Granting motion to stay.  (**NOTE:** There was no change of status of Plaintiff to that of a creditor).

11.      On January 8, 2025, LRH Appearance filed for Party Art Van Furniture.  (**NOTE:** There was no change of status of Plaintiff to that of a creditor).

12.      On January 8, 2025, Motion for Substitution filed by Defendant Art Van Furniture. (**NOTE:** There was no change of status of Plaintiff to that of a creditor).

13.      On January 9, 2025, there was an Order Granting Substitution of counsel. (**NOTE:** There was no change of status of Plaintiff to that of a creditor).

14.      On August 18, 2025, Appearance filed for Defendant Art Van Furniture and Motion for Substitution of Counsel by Defendant Art Van Furniture.  (**NOTE:** There was no change of status of Plaintiff to that of a creditor).

15.      On August 19, 2025, Order Granting Motion to Substitute Attorney for Defendant Art Van Furniture.  (**NOTE:** There was no change of status of Plaintiff to that of a creditor).

16.      All courts—both state and federal—will agree that the Civil Rules of Procedure should be construed, administered, and employed by the court and parties "to secure the just, speedy, and inexpensive determination of every action and proceeding." [1]

---

[1] Federal Rule of Civil Procedure 1

17.     Therefore, after numerous stays and motions by Defendant Art Van Furniture, the above-captioned Plaintiffs requested a trial date within a reasonable period of time as soon as Court's calendar will allow and requested the Court to set a hearing to establish a Rule 16 Scheduling Conference.  (**NOTE:**  This Court should be advised that Defendant's numerous motions to stay proceedings were predicated upon Defendant's filing a petition for bankruptcy.  The Bankruptcy Court did not Grant a bankruptcy discharging any proposed debts in that this matter *never* became a Judgment or a Settlement against the Defendant Art Van Furniture.  And, again, there was no change of status of Plaintiff to that of a creditor).

18.     The Indiana State Court Judge—Judge Sedia—did set an Indiana Rule 16 Status Conference which was held on July 9, 2026.  At that same hearing on July 9, 2026, Defendant's attorney stated to the Court that the petition for bankruptcy was still active however there was no change of status of Plaintiff to that of a creditor.

19.     The above machinations of Defendant as set forth above clearly indicate the obstruction and prevention of Plaintiff's ability to prosecute the personal injury Complaint against Defendant Art Van Furniture and their misuse and design to mislead the Bankruptcy Court as well as the Indiana State Court which clearly establishes the elements of fraud upon both the Bankruptcy Court as well as Indiana State Court.

20.     *Strang v. Bradner*, 114 U.S. 555(1885) is a United States Supreme Court decision holding that if one business partner commits fraud during business, the other partners cannot escape financial responsibility of debt discharge blocks in bankruptcy if they shared in the benefits of that fraud.  The Court held that the fraud of one partner should be imputed to the other partners who "received and appropriated the fruits of the fraudulent conduct."   The ruling

was a unanimous 9-0 decision affirming lower court judgments against the partners.   The relevance of the *Strang v. Bradner* decision set a long-standing baseline that debts tied to partner fraud are non-dischargeable.

*WHEREFORE*, Plaintiffs GAIL LEWIS HICKS and LARRY R. HICKS respectfully request this Bankruptcy Court to close the petition for bankruptcy, to instruct the Indiana State Court to charge the Defendant's with damages to wit sanctions in the amount of the medical damages as set forth above and punitive damages three (3) times the amount of medical damages, and to sanction the Defendant to discourage such frivolous and fraudulent filings in order to protect the integrity of the Courts, and add eight percent interest compounded quarterly until all appeals are exhausted, and for all other just and proper remedies in the premises.

Dated:  **August 3, 2026**

Respectfully Submitted,

*/s/ John H. Davis*
John H. Davis
Attorney for Plaintiff,
JOHN H. DAVIS

John H. Davis,
Attorney at Law
P.O. Box 43
Crown Point, Indiana 46308

### VERIFICATION

I, John H. Davis, being duly sworn upon my oath and subject to the penalties for perjury, do state that I have prepared and read the foregoing averments and that said averments are true and correct to the best of my information, knowledge, and belief.

Dated:  **August 3, 2026**

/s/   John H. Davis
John H. Davis
Attorney at Law

## CERTIFICATE OF SERVICE

RECEIVED

2026 AUG -5  A 10: 52

CLERK
US BANKRUPTCY COURT
DELAWARE

I certify that on **3rd** day of **August 2026**, I electronically filed the foregoing document

using the CM ECF Filing System.     I also certify that on **3rd** day of **August 2026** the foregoing

document was served electronically upon all counsel of record via CM ECF Filing System.

By:     */s/ John H. Davis*

John H. Davis

August 4, 2026

RECEIVED

2026 AUG -5   A 10: 49

CLERK
US BANKRUPTCY COURT
DISTRICT OF DELAWARE

Dear Clerk:

Enclosed are two (2) pleadings for case # 20-10553. Please file-stamp same and return one (1) file-stamped copy in the enclosed self-addressed stamped envelope. This mailing is due to technical problems with my PACER account.

This problem is being addressed.

Thank you for your assistance.

John H. Davis
Attorney-at-Law