# <u>Exhibit E</u>

# Final Approval Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered) |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>START MAN FURNITURE, LLC, et al.,<br><br>Defendants. | Adv. Proc. No. 20-50548 (CTG) |

**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT,**
**CLASS COUNSEL'S FEES AND EXPENSES AND RELATED RELIEF**

Upon the joint motion of Alfred T. Giuliano, Chapter 7 trustee (the "Trustee") for the estates of the above-captioned Debtors (the "Debtors" or "Defendants") and Plaintiffs Todd Stewart and Jennifer Sawle ("Plaintiffs"), pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Federal Rules") as made applicable by Rule 7023 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an Order (this "Final Order"):

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

certifying a class for settlement purposes, (ii) preliminarily approving settlement, (iii) approving the class notice, (iv) scheduling a fairness hearing to consider final approval of the Settlement, and (v) granting related relief (the "Joint Motion" (the "Joint Motion" [Adv. D.I. __ , Bankr. D.I ___ ] (the "Joint Motion")[2]; and the Court finding that: (A) the Court has jurisdiction over the Motion pursuant to 28 USC §§ 157 and 1334; (B) this is a core proceeding pursuant to 28 USC § 157(b)(2); (C) notice of the Joint Motion and the hearing on the Settlement Motion was due and adequate under the circumstances; (D) no other notice need be given; and (E) any objections to the Motion having been withdrawn, waived or overruled; and the Court having reviewed the terms of the Settlement Agreement; and the Court having determined that the legal and factual bases set forth in the Joint Motion establish just cause for the relief granted herein; and the Court having determined that the relief sought in the Joint Motion is in the best interest of the Debtors and Debtors' estates, the Class Representatives and the Class Members, and any other parties in interest; and after due deliberations and sufficient cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:**

1. The Joint Motion is GRANTED, on a final basis, as set forth herein.

2. All objections to the Motion or the relief requested in the Joint Motion, if any, that have not been withdrawn, waived, or settled, and all reservation of rights in such objections, if any, shall be and hereby are, OVERRULED in all respects on the merits and denied.

3. The Settlement Agreement is approved on a final basis and in all respects as being fair, reasonable, and adequate to the Class Members and other affected employees for the following reasons:

---

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Joint Motion or Settlement Agreement, as applicable.

a. If the Settlement is not approved, the Adversary Proceeding will likely be complicated, protracted, and expensive, thereby unnecessarily diminishing distributions to the Class Members if Plaintiffs prevail in this Action.

b. The Class Representatives support the Settlement, and the terms of the Settlement are favorable to Class Members.

c. The Settlement was reached after a thorough investigation, litigation, and negotiations by the Parties.

d. The Settlement is well within the range of reasonableness given the uncertainty of Plaintiffs' ability to establish liability and to recover against the Defendants.

e. The Settlement Agreement was negotiated at arm's length by experienced counsel and in good faith and is fair, equitable, and in the best interests of the Parties.

4. On the Effective Date, the terms of the Settlement Agreement shall become binding upon the Parties.

5. On the Effective Date, subject to and consistent with the terms of the Settlement Agreement, the releases set forth in the Settlement Agreement shall become effective.

6. The Parties are hereby authorized to make all distributions in accordance with the terms of the Settlement Agreement.

7. Class Counsel is awarded its fees of one-third (1/3) of the Distribution Payment, net of 1) the Class Representative Service Payments of $25,000 Dollars to each Class Representative, and 2) Class Counsel's expenses, all of which shall be paid exclusively from the Distribution Payment in accordance with the terms of the Settlement Agreement.

8. The Trustee is authorized and directed to disburse the Distribution Payment to the Administrator, as set forth in the Settlement Agreement.

9. The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052. To the extent that any of the findings

of fact constitute conclusions of law, they are adopted as such. To the extent that any of the conclusions of law constitute findings of fact, they are adopted as such.

10. The entry of this Final Order is without prejudice to the relief granted in the Preliminary Approval Order and entry of this Final Order shall not serve to extend or stay the time of filing any appeal regarding any of the relief granted in the Preliminary Approval Order.

11. The Parties are hereby authorized and empowered to take such steps and perform such acts as may be necessary to implement and effectuate the terms of this Final Order and the Settlement Agreement.

12. The terms and conditions of this Final Order shall be immediately effective and enforceable upon entry.

13. This Court shall retain jurisdiction over all matters arising from or related to the interpretation and/or implementation of the Settlement Agreement and this Final Order.