**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, *et al.*,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered)<br>**Re: Docket No. 1791** |
| ALFRED T. GIULIANO, in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, *et al.*,<br><br>Plaintiff,<br><br>v.<br><br>Coast To Coast Imports LLC; First-Citizens Bank & Trust Company d/b/a the CIT Group,<br><br>Defendants | Adv. Proc. No. 22-50158 (CTG)<br><br>**Re: Docket No. 53** |
| Monomoy Capital Partners LLC d/b/a or f/k/a Klaussner Home Furnishings; First-Citizens Bank & Trust Company d/b/a the CIT Group,<br><br>Defendants. | Adv. Proc. No. 22-50160 (CTG)<br><br>**Re: Docket No. 47** |
| Jonathan Louis International Ltd.; First-Citizens Bank & Trust Company d/b/a The CIT Group,<br><br>Defendants. | Adv. Proc. No. 22-50161 (CTG)<br><br>**Re: Docket No. 39** |
| Elements International Group, LLC; First-Citizens Bank & Trust Company dba The CIT Group,<br><br>Defendants. | Adv. Proc. No. 22-50163 (CTG)<br><br>**Re: Docket No. 28** |

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

| | |
|---|---|
| Sunny Designs, Inc.; First-Citizens Bank & Trust Company dba The CIT Group,<br><br>Defendants. | Adv. Proc. No. 22-50164 (CTG)<br><br>**Re: Docket No. 57** |
| Hillsdale Furniture, LLC; First-Citizens Bank & Trust Company dba The CIT Group<br><br>Defendants. | Adv. Proc. No. 22-50165 (CTG)<br><br>**Re: Docket No. 32** |
| Hooker Furniture fdba Home Meridian Holdings dba Samuel Lawrence Furniture,<br><br>Defendants. | Adv. Proc. No. 22-50166 (CTG)<br><br>**Re: Docket No. 61** |
| Life Style Enterprise, Inc., First-Citizens Bank & Trust Company dba The CIT Group,<br><br>Defendants. | Adv. Proc. No. 22-50170 (CTG)<br><br>**Re: Docket No. 58** |
| Jackson Furniture Industries, Inc. d/b/a Catnapper,<br><br>Defendants. | Adv. Proc. No. 22-50194 (CTG)<br><br>**Re: Docket No. 53** |
| LFN Services, Inc.,<br><br>Defendants. | Adv. Proc. No. 22-50198 (CTG)<br><br>**Re: Docket No. 57** |
| United Furniture Industries, Inc.; First-Citizens Bank & Trust Company dba The CIT Group,<br><br>Defendants | Adv. Proc. No. 22-50227 (CTG)<br><br>**Re: Docket No. 25** |

**ORDER GRANTING THIRTEENTH OMNIBUS MOTION OF ALFRED T. GIULIANO, CHAPTER 7 TRUSTEE, TO APPROVE SETTLEMENT AGREEMENTS**

Upon consideration of the *Thirteenth Omnibus Motion of Alfred T. Giuliano, Chapter 7 Trustee, to Approve Settlement Agreements* (the "Motion")[2] of Alfred T. Giuliano, chapter 7 trustee (the "Trustee") to the estates of the above-captioned debtors (the "Debtors"), for entry of an order (this "Order"), pursuant to sections 105(a) and 363(b) of the Bankruptcy

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Motion.

Code and Bankruptcy Rule 9019, to approve the settlement agreements (the "Settlement Agreements") between the Trustee and: (a) 1. Coast To Coast Imports LLC; First-Citizens Bank & Trust Company d/b/a the CIT Group; 2. Monomoy Capital Partners LLC d/b/a or f/k/a Klaussner Home Furnishings; First-Citizens Bank & Trust Company d/b/a the CIT Group, 3. Jonathan Louis International Ltd.; First-Citizens Bank & Trust Company d/b/a The CIT Group; 4. Elements International Group, LLC; First-Citizens Bank & Trust Company dba The CIT Group; 5. Sunny Designs, Inc.; First-Citizens Bank & Trust Company dba The CIT Group; 6. Hillsdale Furniture LLC, First-Citizens Bank & Trust Company dba The CIT Group 7. Hooker Furniture fda Home Meridian Holdings dba Samuel Lawrence Furniture; 8. Jackson Furniture Industries, Inc. d/b/a Catnapper; 9. Life Style Enterprise, Inc., First-Citizens Bank & Trust Company dba The CIT Group; 10. LFN Services, Inc.; and 11. United Furniture (collectively, "CIT Defendants") [Adv. Proc. Nos.22-50158; 22-50160; 22-50161; 22-50163; 22-50164; 22-50165; 22-50166; 22-50170; 22-50194; 22-50198; 22-50227]; and (b) Hooker Furniture fdba Home Meridian Holdings dba Samuel Lawrence Furniture ("Hooker Furniture") [Adv. Proc. No. 22-50166 ] (the above collectively referred to herein as the "Defendants"); copies of Settlement Agreements are attached hereto as Exhibits 1 and 2; the Court having reviewed the Motion and the Settlement Agreements and having considered the record with respect to the Motion; the Court having found that (a) the district court has jurisdiction under 28 U.S.C. § 1334, which was referred to this Court under 28 U.S.C. § 157 pursuant to the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012, and that this Court may enter a final order consistent with Article III of the United States Constitution, (b) this is a core proceeding pursuant to 28 U.S.C. § 157(b), (c) notice of the Motion was sufficient under the circumstances and in full compliance with Bankruptcy Rule 2002 and the local rules of this Court, (d) the Settlement Agreements (i) are the product of good faith, arms' length negotiations among the Parties, without collusion, (ii) are fair, reasonable,

appropriate and in the best interests of the Debtors' estates and (iii) represent a sound exercise of the Trustee's business judgment and (e) each of the Parties to the Settlement Agreements provided sufficient consideration for the transactions contemplated by the Settlement Agreements; and the Court having determined that the legal and factual bases set forth in the Motion establish just cause for the relief granted herein; IT IS HEREBY ORDERED THAT:

1. The Motion is granted as set forth herein.

2. The terms of the Settlement Agreements attached hereto as Exhibits 1 and 2 are APPROVED in their entirety pursuant to sections 105(a) and 363(b) of the Bankruptcy Code and Bankruptcy Rule 9019.

3. The Parties are hereby authorized to take such additional actions or execute such additional documents as are necessary or appropriate to implement the terms of the Settlement Agreements.

4. Notwithstanding the possible applicability of Rules 6004, 7062, or 9014 of the Bankruptcy Rules, any other Bankruptcy Rule, this Order shall be immediately effective and enforceable upon its entry and there shall be no stay of effectiveness or execution of this Order.

5. The Court shall retain jurisdiction over any and all matters arising from or related to the implementation, interpretation, or enforcement of the Settlement Agreements or this Order.

**Dated: November 10th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**