# EXHIBIT 2

## HOOKER FURNITURE

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

This *Settlement Agreement and Mutual Release* with exhibits (the "Settlement Agreement") is entered into by and between Alfred T. Giuliano, solely in his capacity as the Chapter 7 Trustee (the "Trustee") of Start Man Furniture, LLC f/k/a Art Van Furniture, LLC, et al. (the "Debtors"),[1] on the one hand, and Hooker Furnishings Corporation f/k/a Hooker Furniture Corporation f/k/a Home Meridian International, Inc. d/b/a Samuel Lawrence Furniture (the "Company or "Hooker"), on the other hand. The Company and the Trustee may be referenced herein collectively as the "Parties" and/or each as a "Party."

**Background**

WHEREAS, on or about March 8, 2020 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code. The cases are being jointly administered pursuant to Bankruptcy Rule 1015(b) under Case No. 20-10553 in the United States Bankruptcy Court for the District of Delaware (the "Court"); and

WHEREAS, on or about April 6, 2020 (the "Conversion Date"), the Court entered an order converting the chapter 11 cases to chapter 7 [Docket No. 263], and Alfred T. Giuliano was appointed as the chapter 7 trustee [Docket No. 264]; and

WHEREAS, the Debtors and Company had various business relationships prior to the Petition Date; and

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

WHEREAS, the Debtors' records reflect that Company received payments from the Debtors on account of outstanding indebtedness within the 90 days prior to the Petition Date from the Debtor Art Van Furniture, LLC in the total amount of $116,888.20 and from the Debtor Sam Levin in the amount of $168,528.88, as specifically identified in **Exhibit A** as attached hereto (collectively the "90 Day Transfers"), which the Trustee believes he can avoid and recover for the benefit of the respective Debtors' bankruptcy estates pursuant to Bankruptcy Code sections 547 and 550, and

WHEREAS, on February 24, 2022, the Trustee filed a *Complaint For Avoidance And Recovery Of Preferential Transfers Pursuant To 11 U.S.C. §§ 547 & 550* in the amount of $571,939.12, (the "Complaint"), against the Company and various other defendants in the United States Bankruptcy Court, District of Delaware, assigned Adversary Case Number 22-50166 (the "Adversary Action").

WHEREAS, the Parties entered into numerous extensions of time to file an answer to the Trustee's complaint in the Adversary Action such that the Parties could engage in informal settlement discussions.

WHEREAS, other defendant(s) (the "Other Defendants") filed an answer to the Complaint, and

WHEREAS, the Parties hereto have engaged in good faith and arms' length negotiations to resolve the litigation with respect to the Company's alleged receipt of the 90 Day Transfers included within the Complaint and reached a settlement as to the 90 Day Transfers pursuant to the terms of the Settlement Agreement and Mutual Release; and;

WHEREAS, the Trustee has reached a settlement with the Other Defendants to the Adversary Action as to the transfers they received which are separate and apart from the 90

Day Transfers, which are subject to a separate and independent settlement agreement (the "Other Defendants' Settlement Agreement").

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree that:

1. **Recitals.** The recitals set forth above are incorporated herein by reference.

2. **Settlement Amount**. Within fifteen (15) business days of Court approval of the Settlement Agreement, the Company shall pay to the Trustee the sum of Thirty Thousand Dollars (US $30,000.00) (the "Settlement Payment").

3. **Settlement Payment**. The Settlement Payment will be made by check, wire or ACH transfer. Twenty-Eight Thousand ($28,000) of the Settlement Payment will be made payable to "A. Giuliano, Ch. 7 Trustee of Art Van Furniture, LLC", and Two Thousand ($2,000) of the Settlement Payment will be made payable to "A. Giuliano, Ch. 7 Trustee of Sam Levin Inc.":

4. **Settlement Effective Date.** The effective date of this Settlement Agreement and all of its terms shall be the later of (i) execution by all Parties, (ii) payment of the Settlement Payment, and (iii) entry of a final order of the Bankruptcy Court approving the Settlement Agreement (the "Settlement Effective Date").

5. **Resolution of the Litigation**. Within ten days of the Settlement Effective Date, the Trustee shall cause to be filed whatever documents are necessary to ensure that the Company is dismissed from the Adversary Action. Each party will bear its own costs relating to the 90 Day Transfers included within the Adversary Action, including attorneys' fees.

6. **Trustee's Limited Release.** Effective on the Settlement Effective Date, the Trustee, solely on behalf of the Debtors and the Debtors' estates in his capacity as chapter 7 trustee of the Debtors, and not in any individual or other capacity, shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Company, its past or present affiliates, subsidiaries, attorneys, accountants, financial advisors, directors, employees, officers, and the successors and assigns of any of them (collectively, the "Company Releasees") from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Trustee has, had, may have, or may claim to have against the Company Releasees in connection with the 90 Day Transfers, the Complaint and the Adversary Action.

7. **Company's Limited Release.** Effective on the Settlement Effective Date, the Company Releasees shall be deemed to have irrevocably and unconditionally, fully, finally and forever waived, released, acquitted and discharged the Trustee, the Debtors and their bankruptcy estates, their past or present attorneys, accountants, financial advisors, directors, employees, officers, parents, agents, subsidiaries, and the successors and assigns of any of them (collectively, the "Trustee Releasees"), from any and all claims, manner of actions, causes of action, suits, costs, debts, liabilities, obligations, dues, sums of money, accounts, reckonings, bonds, bills, specialties, covenants, contracts, controversies, agreements, promises, variances, trespasses, damages, judgments, executions and demands whatsoever, of whatever kind or nature, whether known or unknown, suspected or unsuspected, in law or equity, which the Company

Releasees has, had, may have, or may claim to have against any of the Trustee Releasees in connection with the 90 Day Transfers, the Complaint, and the Adversary Action, but specifically excluding any rights with respect to filing a § 502(h) claim and any other claims asserted in the bankruptcy cases.

8. **Bankruptcy Court Approval.** Following the Parties' execution of this Agreement, the Trustee shall move for approval of this Agreement by the Bankruptcy Court pursuant to Federal Rules of Bankruptcy Procedure 9019. Until and unless the Bankruptcy Court enters an order of approval, this Agreement shall have no binding effect. In the event an order approving this Agreement does not become final, each of the Parties shall not be prejudiced but returned to their position status quo ante.

9. **No Admissions.** This Settlement Agreement is not and shall not in any way be construed as an admission by the Parties of any allegations made in connection with the 90 Day Transfers or the Adversary Action.

10. **Expenses.** The Parties shall bear their own costs, expenses, and attorneys' fees incurred to date in connection with the 90 Day Transfers, the Adversary Action and this Settlement Agreement.

11. **Severability.** The Parties agree that if any provision of this Settlement Agreement is determined by a court of competent jurisdiction to be illegal, invalid or unenforceable, that provision shall not be a part of this Settlement Agreement. The legality, validity and enforceability of the remaining provisions shall not be affected by a provision of this Settlement Agreement that is illegal, invalid, or unenforceable. To the extent possible, such illegal, invalid, or unenforceable provision shall be construed by the Court in a manner as close to the Parties' original intent, such that the provision is thereafter legal, valid and enforceable.

12. **Miscellaneous.**

(a) Neither this Settlement Agreement, nor any statement made or action taken in connection with the negotiation of this Settlement Agreement, shall be offered or received in evidence or in any way referred to in any legal action or administrative proceeding among or between the Parties hereto, other than as may be necessary (i) to obtain approval of and to enforce this Settlement Agreement (including the mutual releases contained herein) or (ii) to seek damages or injunctive relief in connection therewith.

(b) Each of the Parties hereto shall execute and deliver any and all additional papers, documents and other assurances, and shall do any and all acts and things reasonably necessary or appropriate in conjunction with the performance of each of the Parties' respective obligations hereunder.

(c) No provision of this Settlement Agreement is intended to confer any rights, benefits, remedies, obligations or liabilities hereunder upon any person other than the Parties hereto and their respective successors.

(d) This Settlement Agreement shall be governed by and construed in accordance with the law of the State of Delaware without regard to any choice of law provisions.

(e) This Settlement Agreement may be signed in counterpart originals and delivered by facsimile or email via PDF, which, when fully executed, shall constitute a single original.

(f) The United States Bankruptcy Court for the District of Delaware shall retain exclusive jurisdiction (and the Parties consent to such retention of jurisdiction) with respect to any disputes arising from or related to, or other actions to interpret, administer or enforce the terms and provisions of, this Settlement Agreement.

(g) Any statute or period of limitations, statutes of repose, or other time-based limitations or defenses, whether at law, in equity, under statute, contract, or otherwise (including, but not limited to, the doctrine of laches or waiver), which might be asserted as a time bar and/or limitation in connection with the 90 Day Transfers is hereby tolled until the Settlement Effective Date. Nothing in this Settlement Agreement shall operate to revive or extend the time for filing any claim that is now time barred or barred by any applicable statute or period of limitations, statutes of repose, or other time-related defense as of the date this Settlement Agreement is executed as set forth below.

(h) Each person or entity who executes this Settlement Agreement on behalf of another person or entity represents and warrants that he, she, or it is duly authorized to execute this Settlement Agreement on behalf of such person or entity, has the requisite authority to bind such person or entity, and such person or entity has full knowledge of and has consented to this Settlement Agreement. The representations and warranties set forth in this paragraph shall survive execution of this Settlement Agreement.

(i) In executing the Settlement Agreement, each of the Parties represents and warrants, for itself, that: (a) it does so with full knowledge of its available rights, (b) it is not relying and has not relied upon any representations made by any person with regard to the Settlement Agreement, other than any written representations and agreements contained herein, (c) it has had available to it such information as it or its counsel considered necessary to making an informed judgment concerning the Settlement Agreement, and (d) it has conducted such investigation as it or its counsel deemed appropriate regarding the settlement and its rights and asserted rights in connection with the matters that are the subject of the Settlement Agreement.

(j) The Parties acknowledge that this Settlement Agreement constitutes the entire agreement between the Parties with respect to the subject matter hereof, and all prior agreements, negotiations and understandings with respect to the subject matter hereof are canceled and superseded by this Settlement Agreement.

(k) This Settlement Agreement shall not be modified, altered, amended or vacated without the written consent of the Parties hereto or order of the Court.

(l) This Settlement Agreement shall inure to the benefit of and be binding upon the successors and assigns of the Parties hereto.

(m) The headings of all sections of this Settlement Agreement are inserted solely for the convenience of reference and are not a part of and are not intended to govern, limit, or aid in the construction or interpretation of any term or provision hereof.

IN WITNESS WHEREOF, this Settlement Agreement is hereby executed as of the date(s) set forth below:

ACCEPTED AND AGREED TO BY:

Dated: ____________________

Alfred T. Giuliano, solely in his capacity as Chapter 7 Trustee of Start Man Furniture, LLC, et al

By: ____________________
Alfred T. Giuliano, Trustee

Dated: 10/10/26

Hooker Furnishings Corporation f/k/a Hooker Furniture Corporation f/k/a Home Meridian International, Inc. d/b/a Samuel Lawrence Furniture

By: ____________________
Name: Eric Chafetz
Title: Attorney for the Company



4923-9779-5870.3 05233.004

# EXHIBIT A

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | *Bankruptcy Case: 20-10564-CSS Sam Levin, Inc.* | | | | | | | |
| 2 | *Transfer Date Range: 12-09-2019 through 03-07-2020* | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | **HOME MERIDIAN/SAMUEL LAWRENCE FURNIT** | | | | | | |
| 6 | | | | | | | | |
| 7 | | | | | | | | |
| 8 | | | | | | | | |
| 9 | | | | | | | | |
| 10 | | | | | | | | |
| 11 | | | | | | | | |
| 12 | | | | | | | | |
| 13 | *TRANSFERS:* | | | | | | | |
| 14 | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] | [illegible] |
| 15 | | | | | | | | |
| 16 | 29265 | 12/17/2019 | 12/18/2019 | 68,966.07 | 92253058 | 10/17/2019 | 184.10 | 184.10 |
| 17 | 29265 | 12/17/2019 | 12/18/2019 | 68,966.07 | 92257931 PP | 10/22/2019 | 17,903.20 | 17,903.20 |
| 18 | 29265 | 12/17/2019 | 12/18/2019 | 68,966.07 | 92257932 PP | 10/22/2019 | 23,073.60 | 23,073.60 |
| 19 | 29265 | 12/17/2019 | 12/18/2019 | 68,966.07 | 92259224 PP | 10/22/2019 | 13,965.60 | 13,965.60 |
| 20 | 29265 | 12/17/2019 | 12/18/2019 | 68,966.07 | 92259225 PP | 10/22/2019 | 13,261.80 | 13,261.80 |
| 21 | 29265 | 12/17/2019 | 12/18/2019 | 68,966.07 | 92261870 | 10/25/2019 | 2,078.37 | 2,078.37 |
| 22 | 29265 | 12/17/2019 | 12/18/2019 | 68,966.07 | 92261871 | 10/25/2019 | 184.10 | 184.10 |
| 23 | 29265 | 12/17/2019 | 12/18/2019 | 68,966.07 | 92261872 | 10/25/2019 | 27.60 | 27.60 |
| 24 | 29470 | 12/23/2019 | 12/24/2019 | 14,904.00 | 92264777 PP | 10/28/2019 | 14,904.00 | 14,904.00 |
| 25 | 29906 | 01/14/2020 | 01/15/2020 | 38,144.74 | 92284726 | 11/14/2019 | 15,508.14 | 15,508.14 |
| 26 | 29906 | 01/14/2020 | 01/15/2020 | 38,144.74 | 92312065 PP | 12/04/2019 | 22,636.60 | 22,636.60 |
| 27 | 30080 | 01/22/2020 | 01/23/2020 | 20,203.63 | 123119 VR | 12/31/2019 | -2,661.87 | -2,661.87 |
| 28 | 30080 | 01/22/2020 | 01/23/2020 | 20,203.63 | 92293362 | 11/22/2019 | 207.00 | 207.00 |
| 29 | 30080 | 01/22/2020 | 01/23/2020 | 20,203.63 | 92295978 | 11/25/2019 | 22,658.50 | 22,658.50 |
| 30 | 30250 | 01/28/2020 | 01/29/2020 | 26,310.44 | 92325376 | 12/13/2019 | 27.60 | 27.60 |
| 31 | 30250 | 01/28/2020 | 01/29/2020 | 26,310.44 | 92326813 PP | 12/16/2019 | 26,282.84 | 26,282.84 |
| 32 | **TOTAL** | | | **$ 168,528.88** | | | | |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 1 | *Bankruptcy Case: 20-10553-CSS Art Van Furniture, LLC* | | | | | | | |
| 2 | *Transfer Date Range: 12-09-2019 through 03-07-2020* | | | | | | | |
| 3 | | | | | | | | |
| 4 | | | | | | | | |
| 5 | | HOOKER FURNITURE CORP. | | | | | | |
| 6 | | PO BOX 404535 | | | | | | |
| 7 | | ATLANTA GA 30384- | | | | | | |
| 8 | | | | | | | | |
| 9 | | | | | | | | |
| 10 | *TRANSFERS:* | | | | | | | |
| 11 | **Payment #** | **Payment Date** | **Clear Date** | **Payment Amount** | **Invoice #** | **Invoice Date** | **Invoice Amount** | **Amount Paid** |
| 12 | 2767955 | 12/05/2019 | 12/10/2019 | $ 19,148.40 | 1711613 | 08/29/2019 | $ 2,544.88 | $ 2,544.88 |
| 13 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1729569 | 09/30/2019 | 771.03 | 771.03 |
| 14 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1729573 | 09/30/2019 | 433.28 | 433.28 |
| 15 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1729576 | 09/30/2019 | 2,455.90 | 2,455.90 |
| 16 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1729589 | 09/30/2019 | 442.80 | 442.80 |
| 17 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1729621 | 09/30/2019 | 625.24 | 625.24 |
| 18 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1729651 | 09/30/2019 | 964.03 | 964.03 |
| 19 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1729937 | 10/01/2019 | 3,919.02 | 3,919.02 |
| 20 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1729938 | 10/01/2019 | 770.64 | 770.64 |
| 21 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1730021 | 10/01/2019 | 292.04 | 292.04 |
| 22 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1730354 | 10/01/2019 | 763.42 | 763.42 |
| 23 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1730479 | 10/01/2019 | 320.32 | 320.32 |
| 24 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1731054 | 10/02/2019 | 1,613.08 | 1,613.08 |
| 25 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1731251 | 10/02/2019 | 420.42 | 420.42 |
| 26 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1731633 | 10/02/2019 | 1,849.26 | 1,849.26 |
| 27 | 2767955 | 12/05/2019 | 12/10/2019 | 19,148.40 | 1741332 | 10/17/2019 | 963.04 | 963.04 |
| 28 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1712961 | 08/30/2019 | 16,784.82 | 16,784.82 |
| 29 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1731862 | 10/03/2019 | 783.02 | 783.02 |
| 30 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1731862A | 10/03/2019 | 147.00 | 147.00 |
| 31 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1731951 | 10/03/2019 | 587.02 | 587.02 |
| 32 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1732419 | 10/03/2019 | 136.22 | 136.22 |
| 33 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1732534 | 10/03/2019 | 6,563.44 | 6,563.44 |
| 34 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1732562 | 10/03/2019 | 2,032.16 | 2,032.16 |
| 35 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1733806 | 10/07/2019 | 663.52 | 663.52 |
| 36 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1733807 | 10/07/2019 | 4,472.00 | 4,472.00 |
| 37 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1733808 | 10/07/2019 | 1,177.28 | 1,177.28 |
| 38 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1734161 | 10/07/2019 | 604.66 | 604.66 |
| 39 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1734183 | 10/07/2019 | 440.02 | 440.02 |
| 40 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1737142 | 10/10/2019 | 489.02 | 489.02 |
| 41 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | 1737493 | 10/10/2019 | 512.54 | 512.54 |
| 42 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | DM0736829 | 12/05/2019 | -633.25 | -633.25 |
| 43 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | DM0737529 | 11/14/2019 | -30.00 | -30.00 |
| 44 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | DM0739754 | 12/04/2019 | -503.25 | -503.25 |
| 45 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | DM0740343 | 11/29/2019 | -1,016.34 | -1,016.34 |
| 46 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | DP0015696 | 11/14/2019 | -375.00 | -375.00 |
| 47 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | RS0737278 | 11/14/2019 | -50.00 | -50.00 |
| 48 | 2768067 | 12/11/2019 | 12/16/2019 | 32,709.88 | RS0737278A | 11/14/2019 | -75.00 | -75.00 |
| 49 | 2768169 | 12/18/2019 | 12/27/2019 | 2,832.28 | 1737055 | 10/10/2019 | 748.80 | 748.80 |
| 50 | 2768169 | 12/18/2019 | 12/27/2019 | 2,832.28 | 1737407 | 10/10/2019 | 352.80 | 352.80 |
| 51 | 2768169 | 12/18/2019 | 12/27/2019 | 2,832.28 | 1737453 | 10/10/2019 | 501.76 | 501.76 |
| 52 | 2768169 | 12/18/2019 | 12/27/2019 | 2,832.28 | 1737513 | 10/10/2019 | 301.84 | 301.84 |
| 53 | 2768169 | 12/18/2019 | 12/27/2019 | 2,832.28 | 1739457 | 10/15/2019 | 503.72 | 503.72 |
| 54 | 2768169 | 12/18/2019 | 12/27/2019 | 2,832.28 | 1739478 | 10/15/2019 | 423.36 | 423.36 |
| 55 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1736308 | 10/09/2019 | 433.16 | 433.16 |
| 56 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1740903 | 10/17/2019 | 688.94 | 688.94 |
| 57 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1741163 | 10/17/2019 | 4,282.60 | 4,282.60 |

| | A | B | C | D | E | F | G | H |
|---|---|---|---|---|---|---|---|---|
| 58 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1741166 | 10/17/2019 | 343.00 | 343.00 |
| 59 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1741174 | 10/17/2019 | 603.68 | 603.68 |
| 60 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1741184 | 10/17/2019 | 604.66 | 604.66 |
| 61 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1741187 | 10/17/2019 | 1,261.26 | 1,261.26 |
| 62 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1741192 | 10/17/2019 | 2,409.82 | 2,409.82 |
| 63 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1742058 | 10/18/2019 | 1,644.44 | 1,644.44 |
| 64 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1742058A | 10/18/2019 | 223.44 | 223.44 |
| 65 | 2768267 | 12/24/2019 | 12/30/2019 | 17,995.74 | 1742232 | 10/18/2019 | 5,500.74 | 5,500.74 |
| 66 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1744890 | 10/24/2019 | 8,153.60 | 8,153.60 |
| 67 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1744982 | 10/24/2019 | 1,070.16 | 1,070.16 |
| 68 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1745147 | 10/24/2019 | 385.14 | 385.14 |
| 69 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1745245 | 10/24/2019 | 587.02 | 587.02 |
| 70 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1745525 | 10/24/2019 | 556.40 | 556.40 |
| 71 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1745567 | 10/24/2019 | 1,070.16 | 1,070.16 |
| 72 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1745603 | 10/24/2019 | 756.56 | 756.56 |
| 73 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1745636 | 10/24/2019 | 2,814.56 | 2,814.56 |
| 74 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1745641 | 10/24/2019 | 470.40 | 470.40 |
| 75 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1745657 | 10/24/2019 | 1,219.12 | 1,219.12 |
| 76 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | 1745670 | 10/24/2019 | 3,904.32 | 3,904.32 |
| 77 | 2768363 | 01/03/2020 | 01/10/2020 | 20,053.03 | DM0745256 | 12/26/2019 | -934.41 | -934.41 |
| 78 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1750330 | 11/01/2019 | 716.38 | 716.38 |
| 79 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1750331 | 11/01/2019 | 1,228.92 | 1,228.92 |
| 80 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1750764 | 11/01/2019 | 1,144.64 | 1,144.64 |
| 81 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1751471 | 11/01/2019 | 433.16 | 433.16 |
| 82 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1751474 | 11/01/2019 | 474.32 | 474.32 |
| 83 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1751511 | 11/01/2019 | 150.92 | 150.92 |
| 84 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1751984 | 11/02/2019 | 801.64 | 801.64 |
| 85 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1752034 | 11/04/2019 | 251.86 | 251.86 |
| 86 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1752048 | 11/04/2019 | 786.94 | 786.94 |
| 87 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1752188 | 11/04/2019 | 2,568.58 | 2,568.58 |
| 88 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1752253 | 11/04/2019 | 1,189.72 | 1,189.72 |
| 89 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1752291 | 11/04/2019 | 503.72 | 503.72 |
| 90 | 2768468 | 01/08/2020 | 01/13/2020 | 11,127.90 | 1752441 | 11/04/2019 | 877.10 | 877.10 |
| 91 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1744858 | 10/24/2019 | 644.84 | 644.84 |
| 92 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1744876 | 10/24/2019 | 786.94 | 786.94 |
| 93 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1750777 | 11/01/2019 | 979.02 | 979.02 |
| 94 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1751255 | 11/01/2019 | 194.04 | 194.04 |
| 95 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1751510 | 11/01/2019 | 1,196.58 | 1,196.58 |
| 96 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1752287 | 11/04/2019 | 266.56 | 266.56 |
| 97 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1752288 | 11/04/2019 | 962.36 | 962.36 |
| 98 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1752289 | 11/04/2019 | 282.24 | 282.24 |
| 99 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1755482 | 11/07/2019 | 749.70 | 749.70 |
| 100 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1755499 | 11/07/2019 | 1,744.40 | 1,744.40 |
| 101 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1758049 | 11/12/2019 | 746.76 | 746.76 |
| 102 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1758356 | 11/12/2019 | 321.44 | 321.44 |
| 103 | 2768586 | 01/15/2020 | 01/21/2020 | 10,475.22 | 1758360 | 11/12/2019 | 1,600.34 | 1,600.34 |
| 104 | 2768796 | 01/31/2020 | 02/07/2020 | 2,545.75 | 1664547 | 06/11/2019 | 60.22 | 60.22 |
| 105 | 2768796 | 01/31/2020 | 02/07/2020 | 2,545.75 | 1691674 | 07/25/2019 | 37.81 | 37.81 |
| 106 | 2768796 | 01/31/2020 | 02/07/2020 | 2,545.75 | 1724908 | 09/23/2019 | 159.44 | 159.44 |
| 107 | 2768796 | 01/31/2020 | 02/07/2020 | 2,545.75 | 1765010 | 11/21/2019 | 1,351.42 | 1,351.42 |
| 108 | 2768796 | 01/31/2020 | 02/07/2020 | 2,545.75 | 1765047 | 11/21/2019 | 373.38 | 373.38 |
| 109 | 2768796 | 01/31/2020 | 02/07/2020 | 2,545.75 | 1765182 | 11/21/2019 | 2,501.94 | 2,501.94 |
| 110 | 2768796 | 01/31/2020 | 02/07/2020 | 2,545.75 | DM0734807 | 01/17/2020 | -1,105.96 | -1,105.96 |
| 111 | 2768796 | 01/31/2020 | 02/07/2020 | 2,545.75 | DM0749708 | 01/23/2020 | -832.50 | -832.50 |
| 112 | TOTAL | | | $ 116,888.20 | | | | |