**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>START MAN FURNITURE, LLC, et al.,[1]<br><br>Debtors. | Chapter 7<br><br>Case No. 20-10553 (CTG)<br><br>(Jointly Administered)<br><br>**Re: Docket No. 1794** |
| TODD STEWART and JENNIFER SAWLE on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>START MAN FURNITURE, LLC, et al.,<br><br>Defendants. | Adv. Proc. No. 20-50548 (CTG)<br><br>**Re: Adv. Docket No. 100** |

**ORDER (I) CERTIFYING A CLASS FOR SETTLEMENT PURPOSES, (II) PRELIMINARILY APPROVING SETTLEMENT AGREEMENT, (III) APPROVING NOTICE TO CLASS MEMBERS, (IV) SCHEDULING A FINAL FAIRNESS HEARING, AND (V) GRANTING RELATED RELIEF**

The Court has considered the joint motion of Alfred T. Giuliano, Chapter 7 trustee (the "Trustee") for the estates of the above-captioned Debtors (the "Debtors" or "Defendants") and Plaintiffs Todd Stewart and Jennifer Sawle ("Plaintiffs"), pursuant to Rule 23 of the Federal Rules of Civil Procedure (the "Federal Rules") as made applicable by Rule 23 of the Federal Rules of

[1] The Debtors in these cases, along with the last four digits of each Debtors' federal tax identification number, include: Start Man Furniture, LLC (f/k/a Art Van Furniture, LLC) (9205); SVF Holding Company, Inc. (f/k/a AVF Holding Company, Inc.) (0291); SVCE, LLC (f/k/a AVCE, LLC) (2509); StartVF Holdings I, LLC (f/k/a AVF Holdings I, LLC) (2537); StartVF Holdings II, LLC (f/k/a AVF Holdings II, LLC) (7472); SVF Parent, LLC (f/k/a AVF Parent, LLC) (3451); Levin Parent, LLC (8052); Start Man Furniture of Canada, LLC (f/k/a Art Van Furniture of Canada, LLC) (9491); SV Sleep Franchising, LLC (f/k/a AV Pure Sleep Franchising, LLC) (8968); SVF Franchising, LLC (f/k/a AVF Franchising, LLC) (6325); LF Trucking, Inc. (1484); Sam Levin, Inc. (5198); and Comfort Mattress LLC (4463).

Bankruptcy Procedure (the "Bankruptcy Rules"), for entry of an order (this "Preliminary Approval Order"): (i) certifying a class for settlement purposes, (ii) preliminarily approving settlement, (iii) approving notice to class members, (iv) scheduling a fairness hearing to consider final approval of the Settlement, and (v) granting related relief (the "Joint Motion").[2]

THE COURT HEREBY FINDS THAT:

1. Based on the circumstances, including the range of possible outcomes, the cost, delay, and uncertainty associated with further litigation, the Settlement Agreement is sufficiently fair, reasonable, adequate and cost-effective, and preliminary approval of the Settlement Agreement and approval of the Class Notice is warranted.

2. Service of the Class Notice by first class mail to Class Members at the addresses listed in the Defendants' books and records is: (a) reasonably calculated, under the circumstances, to apprise the Class of their right to object to or to exclude themselves from the proposed Settlement; (b) reasonable and constitutes due, adequate and sufficient notice to all persons entitled to receive notice; and (c) meets all requirements of due process and applicable law.

3. The Class Notice meets the requirements of Fed. R. Civ. P. 23(c)(2)(B) as it: (a) describes the nature of the action and the issues and defenses relevant to the action; (b) states that the Settlement Agreement, if approved, will be binding on all Class Members; ( c) summarizes the terms of the Settlement Agreement, the right of each Class Member to opt-out of the Class or object to the Settlement Agreement either in person or through counsel at the Fairness Hearing; d) informs Class Members that the Settlement Agreement (i) provides for the release of their Released Claims (as that term is defined in the Settlement Agreement), (ii) the service payments to the Class Representatives, (iii) the payment of attorney's fees to Class Counsel in an amount not

[2] Capitalized terms not otherwise defined herein shall have the meaning given to them in the Joint Motion or Settlement Agreement, as applicable.

to exceed one-third of the Qualified Settlement Fund (as that term is defined in the Settlement Agreement), and (iv) the payment of reasonable and necessary costs, which fees and costs are subject to court approval. See Fed. R Civ. P. 23(h).

4. Other good and sufficient cause exists for granting the relief requested in the Joint Motion.

THEREFORE, IT IS HEREBY ORDERED THAT:

5. For purposes of the Settlement Agreement and related matters raised in the Joint Motion: (a) the Class is so numerous that joinder of all Class Members is impracticable; (b) there are questions of law or fact common to the Class; (c) the claims of the Class Representatives are typical of Class Members generally; (d) Class Counsel has fairly and adequately protected the interests of the Class; (e) questions of law or fact common to the Class Members predominate over any questions affecting only the individual Class Members; and (f) the class settlement mechanism is superior to other available methods of resolving the claims released and/or settled in the Settlement Agreement. Therefore, pursuant to Federal Rule 23 as made applicable by Bankruptcy Rule 7023, the Class is certified for settlement purposes only. The Class is defined as:

> Plaintiffs and all persons (i) who worked at, reported to, or received assignments from Defendants' Facilities, (ii) who were terminated without cause beginning on or about March 19, 2020, and within 90 days of that date, or were terminated without cause as the reasonably foreseeable consequence of the mass layoffs and/or plant closings ordered by Defendants on or about March 19, 2020, and (iii) who are "affected employees" within the meaning of 29 U.S.C. § 2101(a)(5), and (iv) who have not filed a timely request to opt-out of the class.

6. Raisner Roupinian LLP is appointed Class Counsel ("Class Counsel") and Plaintiffs Todd Stewart and Jennifer Sawle are appointed the Class Representatives for the Class created under this Preliminary Approval Order and the Settlement Agreement.

7. The Joint Motion is GRANTED as set forth herein.

8. The Settlement and the Settlement Agreement are preliminarily approved, subject to final approval at the Fairness Hearing.

9. The Trustee is authorized to take all action required to comply with the Settlement, the terms of which are preliminarily approved and incorporated in this Preliminary Approval Order.

10. The retention of American Legal Claim Services, LLC as the Administrator is hereby approved.

11. The Class Notice, substantially in the form attached to the Joint Motion, is approved.

12. Notice of the settlement to the Class Members by first class mail, postage prepaid, at their last known address is reasonable and the best notice practicable under the circumstances and constitutes due and sufficient notice to all Class Members in full compliance with the notice requirements of Fed. R. Civ. Pro. Rule 23 and Rule 7023 of the Federal Rules of Bankruptcy Procedure.

13. Class Counsel shall cause to be mailed the Class Notice to Class Members at their last known addresses as updated by Class Counsel no later than fifteen (15) days after entry of this Preliminary Approval Order. If a Class Notice is returned as undeliverable, the Administrator shall mail the Class Notice to the corrected address of the Class Member as may be determined by the Administrator or Class Counsel through a search of a national database or as may otherwise be obtained by the Parties.

14. Within ten (10) days of mailing the Class Notice, Class Counsel shall file and serve a statement under oath attesting to the mailing of the Class Notice to Class Members.

15. The deadline for any Class Member to opt-out of the Class shall be 30 days from the date of mailing of the Class Notice.

16. Any Class Member who does not submit a timely and valid opt-out shall be bound by the terms of the Settlement Agreement.

17. Any Class member may object to the Settlement Agreement by mailing timely written notice of such objection to Class Counsel and counsel to the Defendant and filing such objection with the Court, as set forth in the Class Notice, no later than 30 days from the date of mailing of the Class Notice.

18. At least ten (10) days before the Fairness Hearing, Class Counsel shall file and serve a statement under oath listing the names of any Class Members who objected to or opted out of the Settlement.

19. The Fairness Hearing to determine whether to approve the Settlement Agreement on a final basis shall be held on **January 12, 2027 at 10:00 a.m. prevailing Eastern Time**. The Fairness Hearing may be continued from time to time by the Court without further notice other than the announcement of the adjourned date(s) at the Fairness Hearing or any continued hearing. If no Class Member objects to the Settlement Agreement, the Court may enter a Final Order upon presentment.

20. The Court shall retain jurisdiction over all matters arising pursuant to or related to the relief granted by this Preliminary Approval Order.

**Dated: November 24th, 2026**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**